**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

Case No. 00-1980 DSD/JMM

---

**STIPULATED PROTECTIVE ORDER**
**REGARDING USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION**

Pursuant to Federal Rule of Civil Procedure 26, and it appearing that the exchange of documents and information in the above-referenced action is likely to involve disclosure of confidential information, the parties through their undersigned counsel hereby stipulate as follows:

**Materials Covered**

1. This Protective Order shall apply to all information and materials disclosed or used during the course of the above-captioned action, by any party or non-party, including information disclosed:

a. during any informal discovery or production of documents that may occur through cooperation/agreement of the parties;

FILED SEP 18 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

b. during formal discovery;

c. in any pleading, affidavit, brief, motion, transcript or other writing;

d. in testimony given in a deposition, and any copies, notes, abstracts or summaries of such information;

e. through any manner or means of discovery or disclosure, including entry onto land or premises and inspection of books, records, documents and tangible things; or

f. in connection with any processes established for purposes of accomplishing or executing a settlement of the action.

Such information and materials shall be referred to hereinafter as "Litigation Material."

**Definition of Confidentiality**

2. "Confidential" Litigation Material shall include all Litigation Materials reflecting, referring to or evidencing trade secrets, business plans and forecasts, financial plans and forecasts, operation plans and forecasts, and all sensitive commercial, financial or personal information. Confidential Litigation Materials shall also include documents or information deemed Confidential pursuant to the Stipulated Protective Order Regarding Use and Disclosure of Confidential Information entered on March 1, 2000 by the Minnesota State Court for the County of Hennepin in the action entitled *Benacquisto, et al. v. American Express Financial Corp., et al.*, No. 96-018477, including the actions consolidated therewith.

**Method of Designation**

3. Any party or non-party may designate as Confidential all or any portion of any Litigation Material as follows:

a. Documents or other tangible Litigation Material produced by a party or non-party

may be designated as Confidential by stamping or writing "Confidential Pursuant to Court Order" on the document or other Litigation Material at or before production. In order to provide the parties an adequate opportunity to designate Litigation Materials as "Confidential," all Litigation Materials produced in this case shall be deemed "Confidential," whether or not stamped with an appropriate legend, for a period of fifteen (15) days following production, unless the parties agree otherwise.

b. Deposition or other testimony may be designated as Confidential by any of the following means: (i) by stating orally on the record that the information is Confidential on the day the testimony is given; or (ii) by sending written notice designating information as Confidential within fifteen (15) days after receipt of the deposition transcript. All information disclosed during a deposition shall be deemed to have been designated Confidential until fifteen (15) days after the transcript has been received, whether or not portions of the transcript have been previously so designated.

c. Where only parts of Litigation Material are claimed to be confidential, counsel claiming confidentiality shall designate parts of said Material for which confidentiality is claimed, and only those parts shall be subject to this Protective Order.

d. Inadvertent failure to designate documents or testimony as Confidential at the time of production or disclosure shall not operate to waive a party's right to later designate such material or information as "Confidential," but no party shall be held in breach of this Protective Order if, in the interim, such material or information has been disclosed to any person(s) not authorized to receive Confidential Litigation Material under this Protective Order, or has been used in a matter inconsistent with this Protective Order. Once such a belated designation has been made, however, the relevant material shall be treated as Confidential in accordance with this Protective Order.

4. Insofar as Litigation Material is deemed Confidential pursuant to the terms of this Protective Order, it shall remain Confidential regardless of whether it is designated "Confidential" by a party or non-party.

**Treatment of Confidential Litigation Material**

5. Any person responsible for making copies of Confidential Litigation Material must ensure that the copies adequately reflect that such material is Confidential.

6. Confidential Litigation Material, including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the person to whom such materials are produced or disclosed, and shall not be disclosed to any person except:

a. the Court;

b. court reporters who record deposition or other testimony in this case;

c. counsel of record to the parties in the above-captioned litigation, co-counsel of record, and the legal associates, paralegal and clerical or other support staff who are employed by such counsel and are actually involved in assisting in the litigation;

d. parties, and those directors, officers and employees of the parties who are assisting in the litigation;

e. experts or consultants retained by the parties or their counsel to assist counsel to prepare this case for trial or to execute a settlement of the action;

f. deposition and trial witnesses; and

g. any other person upon the written agreement of the party or non-party who produced or disclosed the Confidential information (which written agreement may be recorded on a deposition or other transcript), or pursuant to court order.

7. All persons authorized by this Protective Order to receive information from material considered Confidential under this Protective Order shall maintain such information as confidential in accordance with this Protective Order. All such Confidential Litigation Material shall be used solely for the purpose of preparing for and conducting or settling the above-captioned action and the action pending before the Minnesota State Court for the County of Hennepin entitled *Benacquisto, et al. v. American Express Financial Corp., et al.*, No. 96-

018477, and no other litigation or potential litigation, and neither Confidential Litigation Material nor the contents thereof shall be used for any business, commercial or competitive purposes.

8. All Confidential Litigation Material shall be kept in secure facilities, and access to those facilities shall be permitted only to those persons set forth in Paragraph 6 above as persons properly having access thereto.

9. All persons authorized to receive Confidential information under this Protective Order (other than the Court and court reporters) shall be shown a copy of this Protective Order, and, if not a lawyer acting as counsel to a party or an employee of such counsel, shall, in a written and signed Certificate such as that annexed hereto as Appendix A, state that he or she has read this Protective Order and agrees to be bound by the terms thereof. Counsel of record for the party disclosing such information to such authorized person shall then retain the Certificate until the conclusion of the litigation, and shall make such certificate available to counsel for the producing party or non-party if so ordered by the Court upon a showing of good cause.

**Unauthorized Disclosure**

10. In the event that information from Confidential Litigation Material is, either advertently or inadvertently, disclosed to someone not authorized to receive such information under this Protective Order, or if a person so authorized breaches any of his or her obligations under this Protective Order, counsel of record for the party involved shall immediately give notice of such unauthorized disclosure or breach, including a full description of all pertinent facts, to the Court and to counsel of record for the party who initially produced the Confidential Litigation Material. Without prejudice to other rights and remedies of the designating party, counsel for the

party making the unauthorized disclosure shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

**Use in Court**

11. If Confidential Litigation Material, or quotes from or references to such materials, are to be included in pretrial papers filed with or otherwise disclosed to the Court, such papers shall be labeled "Confidential -- Subject to Court Order" and, unless otherwise agreed by counsel, shall be delivered sealed to the Clerk of the Court and shall not be available for public inspection. Envelopes used to seal such documents shall bear the notation: "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBMITTED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER."

12. Prior to any trial in this action, the Court shall order an appropriate procedure for the use at or during the course of the trial of Confidential Litigation Material pursuant to this Protective Order.

**Use in Depositions**

13. If any Confidential Litigation Material is used during the course of a deposition, the portion of the deposition record reflecting such information shall be stamped "Confidential," and access thereto shall be limited to the other terms of this Protective Order.

14. A deposition witness may be shown Confidential Litigation Materials by an attorney then conducting the examination of that witness under the following conditions without any waiver of its Confidential status:

a. any witness may be shown a document in which the witness is identified as a signatory, author, addressee or recipient of a copy;

b. a current officer, director or employee of a party may be shown any document designated as Confidential by that party; or

c. an officer, director or employee of a party or other witness designated by a party pursuant to Rule 30 of the Federal Rules of Civil Procedure may be shown any document designated as confidential by that party.

15. The parties retain the right to apply to the Court for relief from the provisions of Paragraph 14 above in the event that (i) a deposition witness refuses to certify that he or she will abide by the terms of this Protective Order and (ii) the use of Confidential Litigation Material is necessary for the proper examination of such witness.

**Subpoena by Third-Party**

16. If a party in possession of Confidential Litigation Material receives a subpoena from a non-party to this Protective Order seeking production or other disclosure of Confidential Litigation Material, he or she shall immediately give written notice to counsel for the party or non-party who designated the material as "Confidential," identifying the material sought and enclosing a copy of the subpoena. Where possible, at least ten (10) days notice before production or other disclosure shall be given. In no event shall production or disclosure be made before notice is given and received.

**Conclusion Of Litigation**

17. Within forty-five (45) days of the conclusion of this litigation by settlement or final judgment, including exhaustion of all appeals, or as the Court may otherwise order, counsel of record for the parties shall use all best efforts to secure the return of all Confidential Litigation Material (and all copies thereof and notes, abstracts or summaries made therefrom) from all persons to whom such materials were disclosed under the terms of this Protective Order, and shall

either destroy all such materials or return them to counsel for the party or non-party who initially produced the Confidential Litigation Material (at that party's or non-party's option and expense), except that counsel may retain their work product, copies of court filings and official transcripts and exhibits, provided said retained documents are kept confidential and will along with the information contained therein, continue to be treated as provided herein. The provisions of this Protective Order shall not terminate upon the conclusion of this action, and the Court will retain jurisdiction to enforce it.

**Amendment Of This Agreement**

18. The provisions of this Protective Order may be modified at any time by stipulation of the parties approved by order of the Court. In addition, a party may at any time apply to the Court for modification of this Protective Order pursuant to motion brought on in accordance with the rules of the Court. The parties consent to an expedited hearing upon any such application.

**Privileged And Protected Documents**

19. It is the intent of the parties to assert and preserve all information within the attorney-client privilege or entitled to work product protection. If privileged or protected material is inadvertently disclosed, such disclosure shall not be deemed a waiver of the privilege or protection and shall in no way prejudice assertion of the privilege or protection. If a recipient is notified in writing by a designating party that discovery material was inadvertently produced containing privileged or protected information, the recipient shall, at the earliest possible moment but no later than forty-eight (48) hours after the written notice, return that discovery material to the designating party, together with all copies or reproductions thereof. The recipient shall also either return to the designating party, or destroy any privileged or protected

work product material derived from the inadvertently produced material. The return of claimed privileged or protected material shall not in any way waive the recipient's right to challenge the claim of privilege or protection, but such challenge shall not (i) be based, in any way, on the fact of the inadvertent production or disclosure of such material or (ii) divulge the contents of the material except to the Court under seal as provided herein.

**Reservation Of Rights**

20. Nothing in this Protective Order shall prevent any party from disclosing its own confidential information to any person as it deems appropriate, and any such disclosure shall not be deemed a waiver of any party's rights or obligations under this Protective Order.

21. Nothing in this Protective Order shall constitute: (i) an agreement by the parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by court order; (ii) a waiver by any person or party of any right to object to or seek a further protective order with respect to any discovery request in this or any other action; or (iii) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information.

22. Evidence of the existence or non-existence of a designation under this Protective Order shall not be admissible for any purpose.

Dated: 9/18/00

Jack L. Chestnut, #16378
Karl L. Cambronne, #14321
CHESTNUT & CAMBRONNE, P.A.
3700 Piper Jaffray Tower

222 South Ninth Street
Minneapolis, Minnesota 5540:
(612) 339-7300

Melvyn I. Weiss
Barry A. Weprin
Brad N. Friedman
Janine L. Pollack
Regina L. LaPolla
MILBERG WEISS BERSHAD HYNES
& LERACH LLP
One Pennsylvania Plaza
New York, New York 10119-0165
(212) 594-5300

Richard A. Lockridge #64117
LOCKRIDGE GRINDAL NAUEN, P.L.L.P.
100 Washington Avenue South
Suite 2200
Minneapolis, Minnesota 55401
(612) 339-6900

David Kessler
SCHIFFRIN & BARROWAY LLP
3 Bala Plaza East, Suite 400
Bala Cynwyd, Pennsylvania 19004
Ronald Perry
ARNZEN, PARRY & WENTZ, P.S.C.
128 East Second Street
Covington, Kentucky 41012

Andrew Friedman
BONNETT FAIRBOURN FRIEDMAN
& BALINT, P.C.
4041 N. Central Avenue, Suite 1100
Phoenix, Arizona 85012-3311

Steven Hubbard
HUBBARD & BIEDERMAN, LLP
1717 Main Street, Suite 4700
Dallas, Texas 75201

John Newcomer

JAMES HOYER NEWCOMER FORIZS &
SMILJANICH, P.A.
One Urban Center, Suite 147
4830 West Kennedy Boulevard
Tampa, Florida 33609

Sheldon S. Lustigman
Andrew B. Lustigman
THE LUSTIGMAN FIRM PC
Empire State Building, 60th Floor
New York, New York 10118
(212) 268-0797

Ronald A. Uitz
UITZ & ASSOCIATES
1730 K Street N.W.
Suite 304
Washington, D.C. 20006
(202) 296-5280

**Attorneys for Plaintiffs**

Dated: September 18, 2000

George F. McGunnigle, #7070
Jane F. Godfrey, #219551
LEONARD, STREET AND DEINARD
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
(612) 335-1500

Charles C. Platt
Randall M. Fox
LeBOEUF LAMB GREENE & MacRAE, LLP
125 West 55th Street
New York, New York 10019-5389
(212) 424-8000

**Attorneys for Defendants**

IT IS SO ORDERED.

Dated: Sept. 18, 2000

The Honorable David S. Doty
United States District Judge

**APPENDIX A**

The undersigned, _______________________, (print or type name), under oath, hereby acknowledges that s/he received a copy of the Stipulated Protective Order Regarding the Use and Disclosure of Confidential Information, dated September __, 2000 in the matter filed in the United State District Court for the District of Minnesota entitled Benacquisto v. American Express Financial Corporation, No. 00-1980 DSD/JMM, and has read and understands fully, and agrees to be bound by, the provisions thereof.

_______________________________________

Sworn to before me this ____
day of ______________, 200_

_________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.