| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT** |

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD
THORESEN, ELIZABETH THORESEN, ARNOLD MORK,       :
ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT,
on behalf of themselves and all others similarly situated,   : Case No. 96-018477

                              Plaintiffs,       :
                    v.                    (Consolidated Cases: 96-018477,
                                               : 97-004742, 98-105681)

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN
EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION    :
LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE
INSURANCE COMPANY, AMERICAN PARTNERS LIFE         :
INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY,
and IDS LIFE INSURANCE COMPANY OF NEW YORK,       :

                              Defendants.       :

---

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD
THORESEN, ELIZABETH THORESEN, ARNOLD MORK,       :
ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT,
on behalf of themselves and all others similarly situated,   : Case No. 00-1980 DSD/JMM

                              Plaintiffs,       :
                    v.
                                    :

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN
EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION    :
LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE
INSURANCE COMPANY, AMERICAN PARTNERS LIFE         :
INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY,
and IDS LIFE INSURANCE COMPANY OF NEW YORK,       :

                              Defendants.       :

---

### FINDINGS AND ORDER CONDITIONALLY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, PRELIMINARILY APPROVING THE CLASS SETTLEMENT, DIRECTING THE ISSUANCE OF A CLASS NOTICE TO THE CLASS AND SCHEDULING A FAIRNESS HEARING

WHEREAS, a Consolidated Complaint was filed in the Minnesota State Court for

the County of Hennepin on behalf of representative plaintiffs Lesa Benacquisto, Daniel

Benacquisto, Arnold Mork, Isabella Mork, Ronald Melchert, Susan Melchert, Richard W.

Thoresen, and Elizabeth J. Thoresen, in the action entitled <u>Benacquisto, et al. v. American Express Financial Corporation, et al.</u>, No. 96-18477 (which was consolidated with the actions also filed in the Minnesota State Court for the County of Hennepin and entitled <u>Mork, et al. v. IDS Life Insurance Company, et al.</u>, No. 97-04742; and <u>Thoresen, et al. v. American Express Financial Corporation, et al.</u>, No. 98-015681); and

WHEREAS, a complaint was filed in the United States District Court for the District of Minnesota on behalf of representative plaintiffs Lesa Benacquisto, Daniel Benacquisto, Arnold Mork, Isabella Mork, Ronald Melchert, Susan Melchert, Richard W. Thoresen, and Elizabeth J. Thoresen, in the action entitled <u>Benacquisto, et al. v. American Express Financial Corporation, et al.</u>, No.00-1980 DSD/JMM (together with the above-referenced state court action, the "Actions"); and

WHEREAS, the parties in these Actions and their attorneys have entered into a Stipulation of Settlement, dated September 18, 2000, in which the parties have agreed upon a settlement of the Actions, subject to the approval and determination of the Courts as to the fairness, reasonableness, and adequacy of the settlement which, if approved, will result in dismissal of the Actions with prejudice;

NOW, THEREFORE, upon reviewing the Stipulation of Settlement, including the exhibits attached thereto (together, the "Settlement Agreement"), and upon reviewing all prior proceedings herein, and the matter having come before the Courts for hearing on September 18, 2000 and the plaintiffs having appeared by Brad N. Friedman, Esq., Janine L. Pollack, Esq., Richard A. Lockridge, Esq. and Karl Cambronne, Esq., and the defendants having appeared by Charles C. Platt, Esq., Randall M. Fox, Esq. and George F. McGunnigle, Esq., on application of the parties and based on the record,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows (all capitalized terms being defined as they are defined in the Settlement Agreement unless otherwise specified or defined herein):

1. The Minnesota State Court for the County of Hennepin has subject matter jurisdiction over the Actions pursuant to the common law and statutory law of the State of Minnesota and personal jurisdiction over the parties before it.

2. The United States District Court for the District of Minnesota has subject matter jurisdiction over the Actions pursuant to 28 U.S.C. §§ 1331 and 1367, and personal jurisdiction over the parties before it.

3. The Action is preliminarily certified as a Class Action for settlement purposes only pursuant to Minn. R. Civ. P. 23(a), 23(b)(3), and 23(c)(2) and Fed. R. Civ. P. 23(a), 23(b)(3), and 23(c)(2). Defendants retain all rights to assert that this Action may not be certified as a class action except for settlement purposes. The Class consists of (A) all persons or entities who, as of the Eligibility Date, have or had (i) an ownership interest in a cash value life insurance policy issued by IDS Life Insurance Company ("IDS") or IDS Life Insurance Company of New York ("IDSNY") pursuant to an individual sale in the United States, including its territories and commonwealths, issued at any time during the Class Period; or (ii) an ownership interest in an individual deferred annuity contract or a participation or beneficial interest in a Group Qualified Annuity issued by IDS, IDSNY, American Centurion Life Assurance Company, American Enterprise Life Insurance Company or American Partners Life Insurance Company in the United States, including its territories and commonwealths, that was In Force at any time during the Class Period; and (B) all Qualified Plans and Qualified Plan Representatives that purchased, owned, held or had any interest with respect to any Group Qualified Annuity. The

Class does not include (i) any present officer, any former officer of grade 50 and above, or equivalent, or any financial advisor of Defendants; or (ii) any insurance company that owns or owned a Policy or Annuity pursuant to an absolute assignment effected as part of an exchange under Section 1035 of the Internal Revenue Code. Notwithstanding the foregoing, the Class shall not include (unless and to the extent such persons or entities are Class Members by virtue of their ownership interest in another Policy or Annuity) the following: (i) any persons or entities who make a timely election to be excluded from the proposed Class with respect to a particular Policy or Annuity otherwise included within the Class; (ii) any persons or entities who have an ownership interest in (a) a Policy that was terminated prior to the Eligibility Date due to the death of the insured and on which death benefits were paid; (b) an Annuity that was terminated prior to the Eligibility Date by reason of the death of the annuitant; (c) a Policy or Annuity that was issued, but not accepted or funded, or was returned to the issuer, as part of the exercise of a free look provision in the Policy or Annuity; (d) a Policy or Annuity that was rescinded as part of a reissue of a new life insurance policy or annuity contract, or because of a material misrepresentation on a Policy or Annuity application, or where the Policy or Annuity was rescinded and the premiums or other monies paid were returned to the Policy or Annuity owner; (e) a Policy or Annuity that is the subject of a release signed by any person or entity while represented by counsel settling a claim or dispute and releasing the issuer from any further liability concerning such Policy or Annuity; (f) a life insurance policy that was a term life insurance policy or graded premium whole life insurance policy; (g) an annuity contract that was settled (*i.e.*, annuitized) prior to the inception of the Class Period; or (h) an annuity contract that was issued as an immediate annuity.

    4. Lesa Benacquisto, Daniel Benacquisto, Arnold Mork, Isabella Mork, Ronald Melchert, Susan Melchert, Richard W. Thoresen, and Elizabeth J. Thoresen are hereby

4

designated as representatives of the conditionally certified Class. The law firms of Milberg Weiss Bershad Hynes & Lerach LLP and Lockridge Grindal Nauen, P.L.L.P. are hereby appointed as Co-Class Counsel. The law firm of Milberg Weiss Bershad Hynes & Lerach LLP is hereby appointed as Lead Counsel.

5. The Settlement Agreement falls within the range of possible approval, and therefore is preliminarily approved and sufficient to warrant sending notice to the Class.

6. A Fairness Hearing shall be held on March 6, 2001, at 9:00 a.m., or at such later date as the Courts may direct without further written notice, at the Courthouse for the Minnesota State Court for the County of Hennepin located at the Hennepin County Government Center, 300 South Sixth Street, Minneapolis, Minnesota 55487, to consider whether the Class meets the requirements for final certification under Minn. R. Civ. P. 23(a), (b)(3), (c)(2) and Fed. R. Civ. P. 23(a), b(3), and (c)(2), the Minnesota Constitution and the United States Constitution, to evaluate the fairness, reasonableness and adequacy of the proposed settlement and whether it should be finally approved by the Courts pursuant to Minn. R. Civ. P. 23(e) and Fed. R. Civ. P. 23(e), and to consider whether the application of Co-Class Counsel for an award of attorneys' fees and expenses should be approved.

7. The Class Notice Package (Exhibit B of the Settlement Agreement), Publication Notice (Exhibit C of the Settlement Agreement) and the notice methodology described in the Settlement Agreement are hereby approved.

8. The Class Notice Package, together with the Publication Notice, (i) is the best practicable notice, (ii) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Actions and of their right to object to or exclude themselves from the proposed settlement, (iii) is reasonable and constitutes due, adequate and sufficient

notice to all persons entitled to receive notice, and (iv) meets all applicable requirements of law, including, but not limited to Minn. R. Civ. P. 23(c) and Fed. R. Civ. P. 23(c) and the due process requirements of the Minnesota Constitution and the United States Constitution.

9. Subject to the terms of the Settlement Agreement, Defendants are authorized to retain one or more third-party administrators to implement the terms of the Settlement Agreement. Subject to the terms of the Settlement Agreement, Co-Class Counsel are authorized to retain the Claim Evaluator.

10. Defendants or their designee(s) shall cause the Class Notice Package to be sent by first-class mail, postage prepaid, to the last known address of the Policy and Annuity Owners and, in the case of a Group Qualified Annuity, to persons or entities who hold or held a participation interest in the Group Qualified Annuity, all as reflected by Defendants' records as maintained at the Corporate Office or by the results of any searches performed by a vendor hired by Defendants to update addresses of such persons or entities. Defendants shall use their best efforts to begin sending the Class Notice Package within 10 days after entry of this Order by the Courts, and the mailing program shall end no later than December 15, 2000. Where Defendants are aware that the Class Member has pending litigation against Defendants, or any of them, relating to any matter proposed to be released by the Settlement Agreement the Class Notice Package also shall be sent to any legal counsel known to represent the Class Member.

11. Defendants or their designee(s) shall publish the Publication Notice as provided in the Settlement Agreement no later than December 15, 2000.

12. Defendants or their designee(s) shall, at their cost, (i) remail any Class Notice Package returned by the United States Postal Service with a forwarding address that is received by the Defendants; (ii) attempt to find an address for any returned Class Notice Package

that does not include a forwarding address, or retain an address research firm for this purpose; and (iii) if an address research firm is retained, provide a copy of any returned notice to the address research firm as soon as practicable following receipt; provided, however, that Defendants shall not be obligated to duplicate the efforts of an address research firm that undertakes a search for the Class Member's address prior to the initial mailing. Except as provided in the next sentence, (a) any retained address research firm shall provide to Defendants in connection with each returned notice, as soon as is practicable, either an updated address or a statement that, following due research, it has been unable to obtain an updated address; and (b) Defendants shall remail the Class Notice Package to any Class Member for whom the address research firm provides an updated address. Defendants shall not be required to remail the Class Notice Package to any Class Member whose name and address is reviewed for accuracy and correction by an address research firm prior to the original mailing of the Class Notice Package, except that they shall in any event comply with subparagraph (i), above.

13. Defendants shall file proof of the mailing of the Class Notice Package and Publication Notice at or before the Fairness Hearing.

14. Defendants, including their agents or other representatives and any other retained personnel, are authorized to communicate with potential Class Members, Class Members and other present or former Policy and Annuity owners about the Actions and the terms of the proposed settlement, subject to the terms of subsection IX.H. of the Settlement Agreement, and to engage in any other communications within the normal course of Defendants' business.

15. Subject to the terms of sections IV.C and X of the Settlement Agreement, each Class Member who wishes to exclude himself or herself from the Class shall submit an appropriate, timely written request for exclusion, with a postmark no later than

7

January 29, 2001, to the address listed in the Class Notice.

16. All Class Members who have not been timely excluded from the Class with respect to a Policy or Annuity are preliminarily barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as Class Members or otherwise), or receiving any benefits or other relief from, any other claim, lawsuit, arbitration or administrative, regulatory or other proceeding or order in any jurisdiction based on, arising out of, or relating to the Claims and Causes of Action, or the facts and circumstances relating thereto, in these Actions and/or the Released Conduct as to that Policy or Annuity (as those terms are defined in the Release), and (ii) organizing or soliciting the participation of any Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any claim, lawsuit or other proceeding based on, arising out of, or relating to the Claims and Causes of Action, or the facts and circumstances relating thereto, in the Actions and/or the Released Conduct as to that Policy or Annuity (as those terms are defined in the Release). The Courts find that issuance of this preliminary injunction is necessary and appropriate in aid of the Courts' jurisdiction over the Actions and to protect and effectuate the Courts' preliminary approval of the Settlement.

17. Any Class Member who does not submit a timely, written request for exclusion from the Class with respect to a Policy or Annuity within the Class shall be bound by the Settlement Agreement, and all proceedings, orders and judgments in the Actions, even if such Class Member has previously initiated or subsequently initiates individual litigation against Defendants or other proceedings encompassed by the Release. Any Class Member who submits a

timely written request for exclusion from the Class with respect to a Policy or Annuity within the Class may only pursue a claim with respect to that particular Policy or Annuity.

18. Each Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed settlement, or to the award of Attorneys' Fees and Expenses, shall deliver to Co-Class Counsel and Defendants' Counsel and file with the Courts, with a postmark no later than January 29, 2001, at the addresses listed in the Class Notice, a statement of the objection, as well as the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Courts' attention and any evidence the Class Member wishes to introduce in support of his or her objection, or be forever barred from objecting.

19. All written objections must include (1) the Class Member's name, address and telephone number; (2) the number of the Policy or Annuity; (3) a statement of the objection(s) and any supporting evidence the Class Member wishes to introduce; and (4) the case name and numbers of the Actions.

20. Any attorney hired by a Class Member at the Class Member's expense for the purpose of objecting to the Agreement, the proposed settlement, or to the award of Attorneys' Fees and Expenses, shall file with the Clerks of Courts and deliver to Co-Class Counsel and Defendants' Counsel a notice of appearance, with a postmark no later than January 29, 2001.

21. Any Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, shall deliver to Co-Class Counsel and Defendants' Counsel and file with the Courts, with a postmark no later than January 29, 2001, a notice of intention to appear.

22. Defendants' Counsel or Co-Class Counsel, and any other counsel for Plaintiffs or the Class, shall promptly furnish each other with copies of any and all objections or written requests for exclusion that come into their possession.

23. During the pendency of the Courts' consideration of the Parties' proposed settlement, Class Members (or their attorneys) shall be allowed access to the discovery record in the Actions for the sole purpose of evaluating the fairness, reasonableness, and adequacy of the proposed settlement, provided that such persons shall not be allowed access to the discovery record except upon their execution of the attached Confidentiality Agreement for Discovery Materials Made Available to Settlement Class Members (the "Confidentiality Agreement"). The terms and conditions of the Confidentiality Agreement shall remain in effect even if the Class Member is excluded from the Class. The terms and conditions of the Confidentiality Agreement attached to this Order are incorporated herein by reference, and, if breached, may be the basis for a finding of contempt of court.

24. The Courts may waive any of the time limits herein for good cause shown.

IT IS SO ORDERED.

_____
The Honorable Myron S. Greenberg
Hennepin County District Court Judge

Dated: Sept. 26, 2000

_____
The Honorable David S. Doty
United States District Judge

Dated: Oct. 2, 2000