**EXHIBIT B**

**IDS Life Insurance Company**

[date]

Dear Customer:

I am writing to inform you of benefits you may be eligible to receive as part of a proposed class action settlement. You are receiving this information because, according to our records, you may be a member of the proposed settlement class because you own or owned or had an interest in either (1) one or more life insurance policies that were issued between January 1, 1985 and February 29, 2000 by IDS Life Insurance Company or IDS Life Insurance Company of New York, or (2) one or more deferred annuity contracts that were in force during the period of January 1, 1985 and February 29, 2000 and that were issued by IDS Life Insurance Company, IDS Life Insurance Company of New York, American Centurion Life Assurance Company, American Enterprise Life Insurance Company or American Partners Life Insurance Company (collectively referred to, along with the related entities American Express Financial Corporation and American Express Financial Advisors, as the "Defendants"). The class of policy and annuity owners affected by the lawsuit is described in more detail at pages __ through __ of the enclosed Notice of Class Action. As a member of the class, you would be eligible to participate in the proposed settlement.

If you are or were acting on behalf of a tax-qualified retirement plan and its participants and beneficiaries (with respect to the plan), such as a trustee, plan administrator or plan sponsor, and the plan has an interest or its participants have or had an interest in a group annuity contract, please refer to the Fact Sheet for Qualified Plans for an explanation of particular issues that affect your rights and obligations in connection with the settlement. If you are a participant in a retirement plan and have an interest in a group annuity contract, please refer to the Plan Participant Information Sheet for an explanation of particular issues that affect your rights and obligations in connection with the settlement.

The parties to the lawsuit believe that the proposed settlement is in the best interest of all members of the class. As explained in the enclosed materials, the benefits and remedies available under the proposed settlement have been tailored to meet the circumstances of individuals like you.

Nevertheless, before the Defendants can make any settlement benefits available to customers, the proposed settlement must receive the final approval of the Courts involved in the litigation. A hearing on the settlement is scheduled for __________, 200_ at ___ a.m. The purpose of this mailing is to provide you with information about the proposed settlement and what actions, if any, you may want or need to take before the Courts make their rulings.

SCANNED
MAR 09 2006
U.S. DISTRICT COURT MPLS

B

***What Materials Are Included With This Letter?***

The materials included with this letter are:

- ❑ A Notice of Class Action, Proposed Settlement, and Fairness Hearing
- ❑ A Statement of Eligibility
- ❑ A Benefit Voucher
- ❑ An Election Form
- ❑ A Designation Form
- ❑ A Change of Address Form

Please read all of the enclosed materials carefully to understand your rights and the decisions you need to make. If you have further questions or need a large-print version of this Class Notice Package, please call a special toll-free number, 1-xxx-xxx-xxxx (or, if you use TDD/TTY, 1-xxx-xxx-xxxx). Specially trained personnel are available and best qualified to answer questions you may have about the proposed settlement. Please do not call the Courts or the Clerks of the Courts.

***American Express's Commitment To Its Customers***

Throughout its history, American Express has always strived to deal fairly with its customers. We are committed to providing the best possible service and products and to maintaining the highest possible standards of business conduct, ethics and integrity. We firmly believe that our life insurance policies and deferred annuity contracts have always delivered significant value to our customers. The substantial General Relief offered by the proposed settlement is further evidence of American Express's commitment to its customers. In addition, the proposed settlement provides a forum for redress for any of our customers who may feel that they have been treated unfairly.

Sincerely,

R. W. Kling
President and CEO
IDS Life Insurance Company

| | |
|---|---|
| STATE OF MINNESOTA<br>DISTRICT COURT, FOURTH DISTRICT<br>BENACQUISTO, ET AL. : Nos. 96-18477,<br>v. : 97-4742, 98-15681<br>AMERICAN EXPRESS :<br>FINANCIAL CORP., ET AL. : | UNITED STATES DISTRICT COURT<br>DISTRICT OF MINNESOTA<br>BENACQUISTO, ET AL. : No. 00-1980 DSD<br>v. :<br>AMERICAN EXPRESS :<br>FINANCIAL CORP., ET AL. : |

## NOTICE OF CLASS ACTION, PROPOSED SETTLEMENT, AND FAIRNESS HEARING

**THIS NOTICE HAS BEEN SENT TO YOU BY ORDER OF THE COURT. PLEASE READ THIS ENTIRE NOTICE CAREFULLY.** It discusses the proposed settlement of class action lawsuits involving certain life insurance policies and deferred annuity contracts. You have not been sued. Nevertheless, the proposed settlement may affect your rights as a member of the class.

**YOU MUST MAKE CERTAIN DECISIONS NOW:**

**First**, you must decide whether you want to be part of the proposed settlement as to each applicable life insurance policy or deferred annuity contract you own or owned. If you do, you must make other decisions before __________, 200_, about (1) certain settlement benefits that are described below and (2) whether you want to object to the proposed settlement or appear at the fairness hearing, following the procedures set forth in Part I of this Notice. The Courts will hold a hearing on _______, 200_, to evaluate the fairness of the proposed settlement.

**Second**, if you do not want to be part of the settlement with respect to a life insurance policy or deferred annuity contract, you must request exclusion from the settlement for that policy or annuity by _______, 2000, following the procedures set forth in Part H of this Notice. Otherwise, for each policy or annuity you do not exclude from the class, you will be bound by all of the terms of the proposed settlement if the Courts approve it.

If you do not exclude yourself from the class, the proposed settlement (if approved) may affect your right to start or continue any other lawsuit or proceeding involving your Policy or Annuity. In addition, you will give up any claims arising from the marketing, sale, servicing or administration of your Policy or Annuity. The Release of Claims, which addresses this issue, is reprinted in full as an appendix to this notice.

**TABLE OF CONTENTS**
**FOR THIS NOTICE**

Page No.

PART A: WHY YOU HAVE RECEIVED THIS NOTICE . . . . . . . . . . 1

PART B: DESCRIPTION OF THE CLASS . . . . . . . . . . 2

PART C: DECISIONS YOU MUST MAKE NOW . . . . . . . . . . 4
1. IF YOU DECIDE TO REMAIN IN THE CLASS . . . . . . . . . . 4
2. IF YOU DECIDE TO EXCLUDE YOURSELF FROM THE CLASS . . . . . . . . . . 5

PART D: DESCRIPTION OF THE LAWSUITS AND THE SETTLEMENT NEGOTIATIONS . . . . . . . . . . 5

PART E: THE BENEFITS OF THE PROPOSED SETTLEMENT . . . . . . . . . . 6
1. GENERAL RELIEF . . . . . . . . . . 7
2. INTERNAL REPLACEMENT RELIEF . . . . . . . . . . 8
3. THE CLAIM REVIEW PROCESS . . . . . . . . . . 10

PART F: INCOME TAX CONSEQUENCES . . . . . . . . . . 13

PART G: RELEASE OF CLASS MEMBERS' CLAIMS AND DISMISSAL OF LAWSUITS . . . . . . . . . . 14

PART H: INSTRUCTIONS FOR EXCLUDING YOURSELF FROM THE CLASS . . . . . . . . . . 14

PART I: FAIRNESS HEARING, RIGHT TO OBJECT TO PROPOSED SETTLEMENT, AND THE RIGHT TO APPEAR . . . . . . . . . . 16
1. THE FAIRNESS HEARING . . . . . . . . . . 16
2. YOUR RIGHT TO OBJECT, AND INSTRUCTIONS FOR OBJECTING . . . . . . . . . . 16
3. YOUR RIGHT TO APPEAR . . . . . . . . . . 17

PART J: ATTORNEYS REPRESENTING THE SETTLEMENT CLASS . . . . . . . . . . 18

PART K: ATTORNEYS' FEES AND EXPENSES . . . . . . . . . . 18

PART L: RIGHT TO TERMINATE THE PROPOSED SETTLEMENT . . . . . . . . . . 18

PART M: PRELIMINARY AND PERMANENT INJUNCTION, AND EFFECT ON PENDING AND FUTURE LAWSUITS, ARBITRATIONS AND OTHER PROCEEDINGS . . . . . 19

PART N: HOW TO GET ADDITIONAL INFORMATION . . . . . 19

APPENDIX A: RELEASE AND WAIVER

## PART A: WHY YOU HAVE RECEIVED THIS NOTICE

You received this Notice because records indicate that you:

(1) have or had ownership interest in a cash value life insurance policy issued by IDS Life Insurance Company ("IDS") or IDS Life Insurance Company of New York ("IDSNY") as a result of an individual sale in the United States, including its territories and commonwealths, issued at any time during the period of January 1, 1985 through and including February 29, 2000 (this Notice refers to such life insurance policies as "Policies");

(2) have or had an ownership interest in an individual deferred annuity contract or a participation or beneficial interest in a group deferred annuity contract, issued by IDS, IDSNY, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, or American Partners Life Insurance Company in the United States, including its territories and commonwealths, that was in force at any time during the period of January 1, 1985 through and including February 29, 2000 (this Notice refers to those companies, along with their related companies, American Express Financial Corporation and American Express Financial Advisors, collectively, as the "Defendants"); or

(3) are a tax-qualified retirement plan, or a person acting on behalf of such plan or its participants and beneficiaries (with respect to the plan), and the plan purchased, owned, held or had any interest with respect to a group deferred annuity contract issued in the United States, including its territories and commonwealths, by one of the Defendants and that was in force at any time during the period of January 1, 1985 through and including February 29, 2000 (this Notice refers to such group contracts as "Group Qualified Annuities," and it refers to the deferred annuity contracts and participation and beneficial interests described in this paragraph and the previous paragraph as "Annuities.").

You may be eligible for certain benefits through the proposed settlement of these class action lawsuits, which were brought on behalf of a class of such Policy and Annuity owners against the Defendants. Although the Courts have not yet approved the proposed settlement, they have directed that this Notice be sent to you as a potential class member.

**You should read this Notice carefully, because it explains decisions you must make and actions you must take *now*. Those decisions and actions will affect your legal rights and any relief you may be eligible to receive under the proposed settlement.**

In return for resolving all claims involving the Policies and Annuities in the class, the proposed settlement offers class members a choice of relief: General Relief, Internal Replacement Relief (where eligibility criteria are met), and the Claim Review Process.

1. <u>General Relief</u>. General Relief is automatic and is available to all class members without requiring any showing that they were harmed in any way or that the Defendants did anything wrong. Class members who do not elect to participate in another form of relief will automatically receive free accidental death benefit coverage for a period of up to three years as described below. **You need not do anything now if you want the General Relief.**

The General Relief is discussed at pages __-__ below.

2. **Internal Replacement Relief**. Class members who purchased Policies from Defendants in order to replace earlier-purchased life insurance policies may be eligible, in certain circumstances described at pages ___ - ___ of this Notice, to receive relief directed to the costs or other consequences of that transaction. The enclosed Statement of Eligibility shows whether you may be eligible to participate in the Internal Replacement Relief. **If you are eligible and wish to participate in the Internal Replacement Relief, you must properly fill out the enclosed Election Form by electing the Internal Replacement Relief, and return it so that it is postmarked no later than ___________, 200_.** Your Election Form will only refer to the Internal Replacement Relief if, according to the Defendants' records, you may be eligible for this form of relief.

The Internal Replacement Relief is discussed at pages __-__ below.

3. **The Claim Review Process**. In contrast with General Relief and the Internal Replacement Relief, the Claim Review Process requires participants to support a claim that they were misled, or that wrongdoing with economic consequences otherwise occurred, with respect to the marketing, sale, administration or servicing of their Policies or Annuities. If you believe you were misled, or that wrongdoing with economic consequences otherwise occurred with respect to your Policy or Annuity, you may elect to participate in the Claim Review Process. A claim evaluator will review the strength or weakness of your claim, and the relief awarded, if any, will be based upon that review. **To participate in the Claim Review Process you must properly fill out the enclosed Election Form by electing the Claim Review Process, and return it so that it is postmarked no later than _________, 200_.**

The Claim Review Process is discussed at pages __-__ below.

The total value of the settlement relief is estimated to be $215 million.

## PART B: DESCRIPTION OF THE CLASS

In Orders dated ________, 2000, the Courts preliminarily certified a Class for purposes of a settlement.

The Class includes (a) all persons or entities who have or had an ownership interest in a cash value life insurance policy issued by IDS Life Insurance Company or IDS Life Insurance Company of New York as a result of an individual sale in the United States, including its territories and commonwealths, issued at any time during period of January 1, 1985 through February 29, 2000; (b) all persons or entities who have or had an ownership interest in an individual deferred annuity contract or a participation or beneficial interest in a tax-qualified group deferred annuity contract issued by any of the Defendants in the United States, including its territories and commonwealths, that was in force at any time during the period of January 1, 1985 through February 29, 2000; and (c) all tax-qualified retirement plans and persons or entities acting on behalf of such a plan and its participants and

beneficiaries (with respect to the plan), including but not limited to trustees, plan administrators and plan sponsors, that purchased, owned, held or had any interest with respect to a group deferred annuity contract issued in the United States, including its territories and commonwealths, by one of the Defendants and that was in force at any time during the period of January 1985 through February 29, 2000. You can be a member of this Class even if your Policy or Annuity is no longer in force.

Notwithstanding the description above, the following persons and entities are not included in the proposed Class:

- any present officer, any former officer of grade 50 and above, or equivalent, or any financial advisor of Defendants;
- any insurance company that owns or owned a Policy or Annuity pursuant to an absolute assignment effected as part of an exchange under section 1035 of the Internal Revenue Code.

In addition, the proposed Class does not include persons or entities (unless such persons or entities are Class members by virtue of their ownership interest in another Policy or Annuity) who have or had an ownership interest in Policies or Annuities that:

- were timely excluded from the Class in accordance with the steps described in Part H (pp. __-__) of this Notice; or
- were terminated by reason of death, and, in the case of a Policy, death benefits were paid; or
- were not accepted or funded, or were returned to the issuer, as part of the exercise of a free look provision in the Policy or Annuity; or
- were rescinded as part of a reissue of a new policy or annuity contract, or because of a material misrepresentation on a Policy or Annuity application, or where the Policy or Annuity was rescinded and the premiums or other monies paid were returned to the Policy or Annuity owner; or
- were the subject of a release signed by any person or entity while represented by counsel settling a claim or dispute and releasing the issuer from any further liability concerning such Policy or Annuity; or
- were term life insurance policies, graded premium whole life insurance policies, immediate annuities, or deferred annuities that were settled (that is, annuitized) prior to January 1, 1985.

If you satisfy the criteria described in this Part B, you are a Class Member.

## PART C: DECISIONS YOU MUST MAKE NOW

**You must decide *now* whether you want to remain in the Class or to exclude yourself from the Class.**

If you remain in the Class, you have two additional choices to make now, as described below in Parts E and I (pp. __-__ and __-__).

If you want to be excluded from the Class, you must notify the Courts as described below in Part H (pp. __-__).

If you have or had an ownership interest in more than one Policy or Annuity covered by the definition of the Class, you must make a separate decision for each Policy or Annuity.

Where more than one person has or had an ownership interest in a Policy or Annuity, all owners will be presumed to be acting jointly with the person or entity whose Social Security number or taxpayer identification number appears in Defendants' records as the identifying owner of the Policy or Annuity. If one owner excludes a particular Policy or Annuity from the Class, then all co-owners will be presumed to be acting jointly, and all persons with an ownership interest in that Policy or Annuity are bound by that decision. Separate rules may apply if you have or had an interest in a Group Qualified Annuity -- consult the Plan Participant Information Sheet, which should be enclosed with this Notice if you have a participation interest in a Group Qualified Annuity, or the Fact Sheet for Qualified Plans, which should be enclosed with this Notice if you are acting on behalf of a tax-qualified retirement plan and its participants and beneficiaries (with respect to the plan), which plan purchased, owned, held or had any interest in a Group Qualified Annuity. If you did not receive the Plan Participant Information Sheet or the Fact Sheet for Qualified Plans, and you believe you should have, call the IDS Life Class Action Information Center at 1-800-xxx-xxxx.

### 1. IF YOU DECIDE TO REMAIN IN THE CLASS:

- You may receive one of three types of settlement relief available if the proposed settlement is approved. Unless you choose otherwise, you will automatically receive the General Relief. Alternatively, you may be eligible for and elect the Internal Replacement Relief, or you may apply for relief through the Claim Review Process. You must decide *now* which settlement benefit you want to receive. These three options are described in greater detail in Part E below.

- You also may object to any aspect of the proposed settlement by filing a written objection. Your written objection must be mailed to the Courts and separately to the parties

postmarked no later than _______, 200_. If you want to speak at the Fairness Hearing, you also must file and serve a Notice of Intention to Appear at the Fairness Hearing by that same date.. The procedures for objecting and speaking at the Fairness Hearing are described in Part I (pp. __-__) below.

- You will be bound by the Courts' rulings. If you remain in the Class, you will be bound by all orders and judgments in these cases, whether favorable or unfavorable. As set forth in the Release annexed as Appendix A to this Notice, you will not be able to start, continue or otherwise participate in certain other claims, lawsuits or other proceedings relating to any Policy or Annuity for which you choose to remain in the Class.

### 2. IF YOU DECIDE TO EXCLUDE YOURSELF FROM THE CLASS:

- You must submit a written request to exclude yourself from the Class with respect to a particular Policy or Annuity, which must be postmarked no later than _______, 200_. The procedure for doing so is described at pages __-__ below.

- If you exclude yourself from the Class with respect to a particular Policy or Annuity: (1) you will not be eligible for General Relief, the Internal Replacement Relief or the Claim Review Process for that Policy or Annuity; (2) you will not be able to object to the proposed settlement; and (3) you will not be bound, for the purposes of the Policy or Annuity you exclude from the proposed settlement, by any orders or judgments entered in these cases if the proposed settlement is approved.

## PART D: DESCRIPTION OF THE LAWSUITS AND THE SETTLEMENT NEGOTIATIONS

This litigation involves four lawsuits against Defendants. Three cases were filed in the Minnesota State Court for the County of Hennepin and were later consolidated. A fourth case was filed in the United States District Court for the District of Minnesota. The cases are referred to collectively in this Notice as the "Actions."

All of the Plaintiffs styled their cases as class actions, seeking relief not only for themselves, but for all similarly-situated persons.

In the Actions, Plaintiffs allege that the Defendants made certain misrepresentations, failed to disclose certain facts and engaged in other wrongdoing in connection with the marketing, sale, administration, and servicing of their life insurance and deferred annuity products. The Defendants vigorously dispute these allegations.

The parties negotiated the proposed settlement with an understanding of the factual and legal issues that would affect the outcome of these Actions. During the course of the lawsuits, Plaintiffs, through their attorneys, thoroughly examined and investigated the facts and

law relating to the issues in these cases. Plaintiffs' factual investigation included review of approximately 350,000 pages of documents from the Defendants' files, interviews and sworn depositions of Defendants' officers, employees and sales representatives, and consultations with various experts.

The Plaintiffs and the Defendants believe the final outcome of the lawsuit, if it were to proceed through trial and appeals, is uncertain. Based on their evaluation of the facts and law, the Plaintiffs, the Defendants and their attorneys have determined that this proposed settlement is fair, reasonable and adequate. They have reached this conclusion based on the substantial benefits the proposed settlement provides Class Members, the risks, uncertainties and costs inherent in this litigation, and the desirability of providing benefits to Class Members promptly, rather than continuing this protracted litigation.

The Courts have not determined the merits of the claims or defenses in these Actions, and they will not do so if they approve the proposed settlement. The proposed settlement does not suggest that the Defendants have or have not done anything wrong, or that Plaintiffs and the Class would or would not win their cases if they were to go to trial.

## PART E: THE BENEFITS OF THE PROPOSED SETTLEMENT

If you decide to remain in the Class, and if the Courts approve the proposed settlement, you may receive one form of settlement benefits for each of your Policies or Annuities. The specific benefits for which you are eligible depend on several factors, which are explained further below. You do not have to give up your Policy or Annuity to receive benefits under the proposed settlement.

**Enclosed with this Notice is a Statement of Eligibility for each of your Policies and Annuities, which identifies the benefits you are eligible to receive. Please consult your Statement of Eligibility as you review the benefits described below.**

There are three categories of benefits available under the proposed settlement: General Relief, the Internal Replacement Relief, and the Claim Review Process. Each of these categories is described below. **If you decide to remain in the Class, you must, for each Policy or Annuity you decide to keep in the Class, choose now among General Relief, Internal Replacement Relief (if you are eligible), and the Claim Review Process.**

If you choose General Relief, you do not need to do anything now. You will receive the General Relief automatically if the Courts approve the proposed settlement.

If you are eligible to participate in the Internal Replacement Relief and you wish to receive this benefit instead of General Relief or the Claim Review Process, you must make this choice now, and submit an Election Form electing the Internal Replacement Relief so that it is postmarked no later than ________, 200_.

If, instead of General Relief or the Internal Replacement Relief, you want to participate in the Claim Review Process, you must make this choice now, and submit an Election Form electing the Claim Review Process so that it is postmarked no later than ________, 200__.

There will be only one award of relief per Policy or Annuity.

Benefits will become available under the proposed settlement only if and when two things happen. First, the Courts must approve the proposed settlement. The Courts will grant approval if they find that the proposed settlement is fair, reasonable and adequate and that these Actions meet all of the legal requirements of a class action. Second, the Courts' approval of the settlement must become final and no longer be subject to appeal. No one can say with certainty if or when these events will occur.

Please note: You will not be eligible for any relief under this settlement, nor will you release any claims, if the Courts do not approve the proposed settlement, or if one of the parties terminates the settlement.

## 1. GENERAL RELIEF

If you do not elect the Internal Replacement Relief (if you are eligible) or the Claim Review Process and do not exclude yourself from the Class with respect to a Policy or Annuity, you automatically will receive the General Relief. The General Relief consists of the Accidental Death Benefit (referred to in this Notice as the "ADB"), described below. The value of the General Relief will be $100 million, based on comparable insurance rates in the open market.

The ADB provides death benefit coverage as described below. This benefit will be provided free of charge to all Class Members who are to receive General Relief.

- *Payment of Benefit*. The ADB provides for payment of the death benefit when the Defendants receive due and timely proof of the accidental death of the "Measuring Life" (defined below) within the time period described below. The payment of the benefit will be made to the "Payee" (defined below).

- *Amount of Benefit*. The amount of the death benefit available under the ADB will be based on whether it relates to a Policy, Annuity, or tax-qualified Annuity, and the account value of or premiums paid on the Annuity, or the face amount of the Policy, as set forth in the Stipulation of Settlement. Please see the Benefit Voucher for the estimated amount. The estimated amount may be adjusted upward, depending upon the elections made by all Class Members.

- *Duration of the Benefit*. The duration of the benefit available under the ADB will depend

on the attained age of the Measuring Life. The ADB will have the duration indicated on the Benefit Voucher.

- *"Measuring Life" and "Payee"*. The "Measuring Life," for purposes of the ADB, is the person upon whose accidental death the ADB will be paid, subject to the terms set forth in the enclosed Benefit Voucher. The person who will be paid the ADB is the "Payee." Unless changed, the Measuring Life and the Payee will be the persons listed on the Benefit Voucher.

- *Changing the Measuring Life or Payee*. If the person shown on your Benefit Voucher as your Default Measuring Life is deceased as of the date the settlement is implemented, before the date the settlement is implemented (or, if that is impossible due to the date of death of your Default Measuring Life, within 30 days of the death of the Default Measuring Life), you *must* choose an alternate Measuring Life from among your spouse, parent, child or any other person in whom you have an insurable interest. You also may change the Payee at any time before the payment of a claim for the accidental death benefit. You should change the Payee if the person designated as Payee dies before the date the settlement is implemented or during the coverage period. To change the Measuring Life or the Payee, you must fill out the enclosed Designation Form following its instructions and return it to:

  IDS Life Class Action Information Center
  P.O. Box ______
  Faribault, Minnesota 55021-____
  Re: Designation Form

2. **INTERNAL REPLACEMENT RELIEF**

You may be eligible for the Internal Replacement Relief if you owned a Policy issued by one of the Defendants, and you replaced it with another Policy issued by one of the Defendants, and if you meet the other criteria (described below) for this Relief.

The enclosed Statement of Eligibility indicates whether you may have a Policy that makes you eligible for the Internal Replacement Relief. Even if the Statement of Eligibility indicates that you may be eligible for the Internal Replacement Relief, the Defendants may, based on their records, determine that you are not eligible for the Internal Replacement Relief. If you are found to be ineligible, you will be given notice of your ineligibility and an opportunity to receive either the General Relief or the Claim Review Process.

If you believe you are entitled to the Internal Replacement Relief and the Statement of Eligibility does not indicate that you may be eligible for that form of relief, you may call 1-800-xxx-xxxx to determine whether you are eligible for the Internal Replacement Relief.

The following describes the criteria for and the remedies available (if the Internal Replacement Relief is properly elected) through the Internal Replacement Relief:

- if you paid a surrender charge on a policy issued by one of the Defendants because you used the value of that policy to purchase the new Policy, you will receive an addition to the Policy's cash value equal to 50% of the surrender charge you actually paid (if the new Policy is still in force) or a cash payment of the same amount (if the new Policy is terminated).

- if you used the value of a policy issued by one of the Defendants to purchase a new Policy and the Underwriting Rate Class on the new Policy is higher than the one on the policy you replaced, then the original Underwriting Rate Class will be reinstated going forward, beginning within 120 days after the settlement is implemented, on the portion of your Policy equal to the original face amount of your original policy (if the new Policy is still in force), or you will have the opportunity to apply for an enhanced policy as provided below (if your Policy is terminated).

- if you used the value of a policy issued by one of the Defendants to purchase a new Policy and the new Policy was in a lower Cost of Insurance Rate Band (as a result of having a lower face amount than the original policy), meaning that the new Policy's cost of insurance deduction was higher per $1000 of coverage, then the original Cost of Insurance Rate Band will be reinstated going forward, beginning within 120 days after the settlement is implemented (if the new Policy is still in force), or you will have the opportunity to apply for an enhanced policy as provided below (if your Policy is terminated).

- if you used the value of a policy issued by one of the Defendants to purchase a new Policy that was identical to the original policy, then you will receive a one time bonus of 75 basis points credited to the new Policy's cash value as of the time of the replacement (if the new Policy is still in force) or you will have the opportunity to apply for an enhanced policy as provided below (if your Policy is terminated).

If you are entitled to apply for an enhanced policy as provided above, you will be given the opportunity for 120 days after the settlement is implemented to apply for a new individual universal life or variable universal life insurance policy on the life of the person designated as the insured under the now terminated Policy that was purchased using the value of an earlier policy issued by one of the Defendants. The enhanced policy must have a face amount that is no less than the minimum policy issue amount and that is equal to (or less than) the face amount of the now terminated Policy. Defendants will (after the first year) apply a policy credit of 100 basis points on premium payments received during the first year of the enhanced policy (up to the amount of premiums equal to the target premium for the enhanced policy). Favorable underwriting terms will apply and, if they are not met, you may choose an alternative insured for the enhanced policy from among your spouse, parents, children or others in whom you have an insurable interest.

If there is more than $2 million in unused funds in the Claim Review Process (described below), those unused funds will be distributed to all Class Members who will receive relief. If you are to receive the Internal Replacement Relief and there are such unused funds, you will receive that distribution in the form of accidental death benefits. Accordingly, you may need to change the Measuring Life or want to change the Payee listed on the enclosed Statement of Eligibility. You may use the enclosed Designation Form to make such changes.

**To elect the Internal Replacement Relief, you must properly fill out and return the enclosed Election Form electing the Internal Replacement Relief so that it is postmarked no later than ______, 200_. Otherwise, you cannot participate in the Internal Replacement Relief.**

## 3. THE CLAIM REVIEW PROCESS

If you believe that you were misled, or that wrongdoing with economic consequences otherwise occurred, with respect to the marketing, sale, administration or servicing of your Policy or Annuity, you may elect to submit your claim to the Claim Review Process under the proposed settlement instead of receiving General Relief or the Internal Replacement Relief (if eligible). The Claim Review Process is provided at no cost to you.

In the Claim Review Process, the relief awarded can range from none at all to relief designed to redress any loss that may have resulted from the alleged wrongdoing, based on the particular facts of your claim as evidenced by your written description of your claim and any other documents or other materials you submit, as well as the documents and information that the Defendants will assemble about your Policy or Annuity.

All relief awarded in the Claim Review Process will come from a fund, called the "Claim Review Relief Fund," established by the Defendants with an initial value of $85 million. Under the Claim Review Process, a Claim Evaluator appointed by the attorneys for the Class (referred to in this notice as "Class Counsel") will review the claims and award relief from the Claim Review Relief Fund based on criteria agreed upon by the parties and approved by the Court. The Defendants shall pay an amount, in addition to the above Claim Review Relief Fund, of at least $2 million and up to $3 million (depending on the number of Policies and Annuities for which claims are filed) for the fees and expenses of the Claim Evaluator. Any additional fees and expenses of the Claim Evaluator shall be paid from accrued interest on the Claim Review Relief Fund.

If, after all awards from the Claim Review Relief Fund have been determined, there are unused funds in the Claim Review Relief Fund of $2 million or less, those unused funds shall be used to increase proportionally awards in the Claim Review Process. If there are unused funds in excess of $2 million, those unused funds shall be used to increase the settlement benefits to all Class Members. If the value of the relief to be awarded through the Claim Review Process would *exceed* the value of the Claim Review Relief Fund (the $85 million plus available interest), each award in the Claim Review Process will be reduced on a pro rata basis.

**To elect the Claim Review Process, you must properly fill out and return the enclosed Election Form electing the Claim Review Process <u>so that it is postmarked no later than ______, 200_</u>. Otherwise, you cannot participate in the Claim Review Process.**

At this point, you only need to elect whether or not to participate in the Claim Review Process. If you timely submit an Election Form electing the Claim Review Process, you will be sent a Claim Form later -- after the Courts have finally approved the settlement and all appeals have been exhausted. When you receive the claim form, you must fill it out completely by, among other things, explaining the details of your claim, and attach all documents you have that relate to the Policy or Annuity and your claim. You may also, but need not, submit sworn statements or other information to support your claim.

After the Claim Form is sent to you, you will have 60 days to return your completed claim form along with supporting documents. If you fail to file the Claim Form on time, you no longer will be eligible for the Claim Review Process and you will receive the General Relief.

Listed below are examples of the types of claims that might be submitted in the Claim Review Process:

1. <u>Replacement Claims</u>: Any claim that, at the time you bought your Policy or Annuity, the Defendants or their sales representatives misrepresented to you the advantages, disadvantages or financial impact of using the cash or account value or interest from an existing policy or annuity -- whether issued by one of the Defendants or by any other company -- to purchase a new Policy or Annuity issued by one of the Defendants.

2. <u>Performance Misrepresentation Claims</u>: Any claim that the Defendants or their sales representatives misrepresented to you the manner in which a Policy or Annuity would accumulate value. Valid performance claims are not simply claims that the earnings on a Policy or Annuity did not meet your hopes or expectations, but rather, must be based on a claim that it was misrepresented to you by the Defendants or one of their sales representatives that the Policy or Annuity would perform in a certain way that ultimately did not happen. For example, one might seek to base a performance claim on a misrepresentation (1) that the cash or account value in a Policy would not be less than shown to you in an illustration created by the Defendants or one of their sales agents or would be maintained at a certain level over the life of the Policy; (2) that the interest crediting rate on a Policy or Annuity would not vary over the life of the Policy or Annuity or would be maintained at a certain level over the life of the Policy or Annuity; (3) that a Policy's mortality and expense charges, cost of insurance, administrative or other charges would stay lower than the maximum levels guaranteed in the Policy form; (4) that for a fixed number of payments a Policy was guaranteed to produce certain cash values; (5) that a Policy's surrender value would always exceed the amount of premiums paid or that the Policy would always show a positive rate of return; (6) that the account value of an Annuity would be maintained at a certain level over the life of the Annuity; or (7) that a

variable Annuity's account value would, at the time of death, always exceed the purchase payments (or where applicable, the Annuity's cash value on the most recent six year anniversary of the Issue Date).

3. Life Insurance Accelerated Payment or "Vanishing Premium" Claims: Any claim that the Defendants or their sales representatives misrepresented to you at the time of purchase that they would issue a "fully paid up" or "paid up" Policy for the originally illustrated face amount of insurance without any further premium payments; or that, in return for a fixed number or amount of premium payments or for premiums paid until a specified age, the Defendants would issue a Policy for the illustrated death benefit without ever requiring any further out-of-pocket premiums; or that the Policy was a "single pay," "x-pay" (where x equals a number of years), "zero-pay" or "no-pay" policy.

4. Life Insurance Savings and Retirement Misrepresentation Claims: Any claim that the Defendants or their sales representatives made misrepresentations at the time of purchase (1) that a Policy was primarily a vehicle for investment, savings, capital, money accumulation, pension or a retirement plan, while not meaningfully disclosing that the product was a life insurance policy or the fact that the product was a life insurance policy was misleadingly disguised, de-emphasized or minimized; or (2) that life insurance was suitable solely to meet the applicant's savings and retirement goals; or (3) that the premiums were "deposits," "contributions" or "outlays" and this characterization was misleading.

5. Qualified Annuity Misrepresentation Claims: Any claim that the Defendants or their sales representatives made misrepresentations that misled you into purchasing an Annuity to fund a tax-qualified retirement plan or arrangement (under the Internal Revenue Code), such as an IRA or 401(k) plan, through misrepresentations regarding the tax-deferral benefits of that Annuity or the plan or arrangement, or that such an Annuity was unconditionally appropriate for such plans or arrangements.

6. Annuity Tax Consequences Misrepresentation Claims: Any claim that the Defendants or their sales representatives misrepresented to you at the time of purchase the tax treatment of withdrawals from a variable Annuity concerning the application of ordinary income tax rates rather than capital gains tax rates. These claims will not apply to Annuities that were purchased to fund tax-qualified retirement plans or arrangements (under the Internal Revenue Code). You will only recover under these claims if you purchased your Annuity after August 5, 1997 as a result of a misrepresentation.

7. Annuity Age Misrepresentation Claims: Any claim that the Defendants or their sales representatives misrepresented to you at the time of purchase: (1) the liquidity of the Annuity, including the length of the surrender charge period, and you were at least 85 years old on the issue date of the Annuity; (2) the availability of the minimum death benefit guarantee of a variable Annuity, and you were at least 75 years old on the issue date of the

Annuity; or (3) the estate tax consequences of an Annuity, and you were at least 75 years old on the issue date of the Annuity.

8. <u>Other Marketing, Sales, Administration and Servicing Claims</u>. Any claims that (i) the Defendants or their sales representatives made misrepresentations or otherwise misled you in connection with the marketing, sale, administration or servicing of your Policy or Annuity; (ii) the marketing, sale, administration or servicing of your Policy or Annuity violated any applicable statutes or regulations respecting product advertising or retail sales practices or the administration or servicing of Policies or Annuities; (iii) the administration or servicing of your Policy or Annuity violated the contractual provisions of the Policy or Annuity; (iv) you were the victim of forgery in connection with your Policy or Annuity; or (v) wrongdoing other than those set forth above in this paragraph occurred and had adverse economic consequences for the Applicant or the Claimant, and such wrongdoing related to the marketing, sale, administration or servicing of the Policy or Annuity, including the application for or purchase of any Policy or Annuity; the suitability of any Policy or Annuity; the setting of any interest rates, purchase rates or renewal rates on any Policy or Annuity; the setting of any cost of insurance, commissions, taxes, fees or surrender charges, or expenses on any Policy or Annuity or Annuity subaccount; the investment choices made with respect to assets held in any Policy or Annuity; the benefits or disadvantages of any Policy or Annuity compared to any other life insurance policy, annuity contract or investment; and the provision of financial or investment advice or the preparation of a financial plan insofar as either resulted in the sale, modification or maintenance of any Policy or Annuity.

## PART F: INCOME TAX CONSEQUENCES

Your receipt of benefits under the proposed settlement could have tax consequences for you. Those tax consequences may vary, depending on your individual circumstances. Accordingly, Class Counsel, the Defendants and the representatives at the toll-free telephone numbers listed in this Notice *CANNOT* advise you about the tax consequences of receiving settlement relief in your particular circumstances.

You should consult your own tax advisor to determine any federal, state, local or foreign tax consequences that could result from accepting or pursuing any form of relief under the proposed settlement. Where appropriate, the Defendants will report any taxable amount on an IRS Form 1099 that will be sent to you and the IRS.

## PART G: RELEASE OF CLASS MEMBERS' CLAIMS AND DISMISSAL OF LAWSUITS

If the Courts approve the proposed settlement, you must release (give up) all claims that have been or could have been asserted, as set forth in the Release attached as

Appendix A, and the lawsuits will be dismissed on the merits and with prejudice. If you remain in the Class with respect to a Policy or Annuity, you may not assert any of those claims in any other lawsuit or proceeding with respect to that Policy or Annuity, including any other lawsuit or proceeding already in progress.

In addition, in exchange for the benefits provided under the proposed settlement, you must release the Defendants, their parents, affiliates, predecessors and subsidiaries, and others (including their sales representatives, agents and brokers) from liability for most claims relating to the Policies or Annuities involved in the settlement, including any claims for compensatory, exemplary or punitive damages.

The Release is a critical element of the proposed settlement. For that reason, it has been reprinted word-for-word in Appendix A to this Notice. You should READ THE RELEASE CAREFULLY, because it will affect your rights if you remain in the Class.

The settlement of these lawsuits does not change any of your contractual rights under the express terms of your existing Policy or Annuity. You will still be able to make a claim for any benefits that may be payable under the express terms of your Policy or Annuity.

## PART H: INSTRUCTIONS FOR EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in the settlement for any particular Policy or Annuity, you must ask for that Policy or Annuity to be excluded from the Class to avoid being bound by the settlement and any order and judgment in these Actions. To request exclusion from the Class, you must mail a written request so that it is postmarked no later than __________, 200_, to the following address:

IDS Life Class Action Information Center
P.O. Box 1602
Faribault, Minnesota 55021-1602
Re: Exclusion from the Class

Your request for exclusion must state the following information:

(1) your name, address and telephone number;
(2) the Policy or Annuity number(s) for which you are requesting exclusion (which you can find on Statement(s) of Eligibility included with this Notice);
(3) a statement that you want to be excluded from the Class as to each Policy or Annuity listed;
(4) your signature; and
(5) the case name and number (*Benacquisto v. American Express Financial Corporation*, State Court No. 96-18477, Federal Court No. 00-1980).

Please be sure to write the words "EXCLUSION REQUEST" on the lower left-hand corner of the front of the envelope.

If you own or owned more than one Policy or Annuity affected by the proposed settlement, you may choose to remain a Class Member as to some Policies or Annuities and exclude yourself from the Class as to other Policies or Annuities.

If a Class Member excludes himself or herself from the Class with respect to a particular Policy or Annuity, then all other Class Members who have or had an ownership interest in that particular Policy or Annuity (other than separate participation interests in a Group Qualified Annuity) are automatically excluded from the Class as well. The identity of any additional owners, as reflected in the Defendants' records, is shown on the enclosed Statement of Eligibility.

If you request exclusion from the Class:

- you will not be eligible for any of the settlement benefits; and
- you will not be allowed to object to the terms of the settlement; and
- you will not be bound by any subsequent rulings entered in these Actions.

**Remember, your request for exclusion must be postmarked no later than _________, 200_. Otherwise, your request will be late and invalid.**

If your exclusion request is postmarked after __________, 200_:

- you will remain a member of the Class, and you will be bound by the settlement and by all orders and judgments in these lawsuits; and
- you will not be able to file, participate in or continue any other lawsuit or proceedings based on or relating to the Released Conduct, facts or circumstances set forth in the Release (see Appendix A).

Even if you already have a pending claim, lawsuit or other proceeding against any of the Defendants relating to one or more Policies or Annuities, you still must submit a written request for exclusion for that Policy or Annuity -- so that it is postmarked no later than ________, 200_ -- if you want to exclude yourself from the Class. Otherwise, you will be bound by all orders and judgments in these cases, and your other proceeding(s) may be barred. If you have a pending claim, lawsuit or proceeding against any of the Defendants or their related persons or entities, be sure to show this Notice to your attorney.

## PART I: FAIRNESS HEARING, RIGHT TO OBJECT TO PROPOSED SETTLEMENT, AND THE RIGHT TO APPEAR

### 1. THE FAIRNESS HEARING

On _____, 200_, at ___ a.m., the Courts will hold a hearing, called the Fairness Hearing, to consider whether to grant final certification to the Class for settlement purposes and whether to approve the proposed settlement as fair, reasonable and adequate. The Courts also will determine the amount of attorneys' fees and expenses to be awarded to Class Counsel. The hearing will be held at the Courthouse, _________________________.

If you have not asked to be excluded from the Class, you may object to any aspect of the proposed settlement, as discussed below. You also may appear at the Fairness Hearing to present your objections, although you are not required to do so. Please note that the Courts have the right to change the hearing date, time or location without further notice. If you are planning to attend the hearing, you should confirm the date, time and location before appearing.

### 2. YOUR RIGHT TO OBJECT, AND INSTRUCTIONS FOR OBJECTING

You must remain a member of the Class in order to object to any aspect of the proposed settlement, including final certification of a settlement class, the fairness of the proposed settlement, the adequacy of the Class representation by Plaintiffs and Class Counsel and the award of attorneys' fees and expenses to Class Counsel. Any objection must be presented in writing to the Courts and the parties at the addresses indicated below so that it is postmarked no later than ________, 200_.

Your written objection must include:

(1) your name, address and telephone number;
(2) your Policy or Annuity number(s) (which you can find on the Statement(s) of Eligibility enclosed with this Notice);
(3) a statement of your objection(s), and any supporting evidence you wish to introduce; and
(4) the case name and number (*Benacquisto v. American Express Financial Corporation*, State Court No. 96-18477, Federal Court No. 00-1980).

You must file your written objection with the Clerks of the Courts at the following addresses so that it is postmarked no later than ____________, 200_:

Clerk of the Court
Minnesota State Court for Hennepin County
Hennepin County Government Center
300 South Sixth Street
Minneapolis, Minnesota 55487
Re: *Benacquisto v. American Express Financial Corporation*, No. 96-18477

Clerk of the Court
United States District Court
District of Minnesota
300 South Fourth Street
Minneapolis, Minnesota 55415
Re: *Benacquisto v. American Express Financial Corporation*, No. 00-1980

You also must mail copies of your written objection to Class Counsel and separately to the Defendants' counsel at the addresses listed below so that it is postmarked no later than __________, 200_:

Class Counsel:
Melvyn I. Weiss, Esq.
Brad N. Friedman, Esq
Janine L. Pollack, Esq.
Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza
New York, New York 10119

Richard Lockridge, Esq.
Lockridge Grindal Nauen, P.L.L.P.
100 Washington Avenue South
Minneapolis, Minnesota 55401

Defendants' Counsel:
Charles C. Platt, Esq.
Randall M. Fox, Esq.
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
125 West 55th Street
New York, New York 10019

George F. McGunnigle, Esq.
Leonard, Street & Deinard, P.A.
150 South Fifth Street
Minneapolis, Minnesota 55402

The Courts will not consider any objections postmarked after _________, 200_. Late objections will be deemed to have been given up or waived.

If you timely file your objection and the Courts overrule it, you still will be eligible for relief under the settlement.

### 3. YOUR RIGHT TO APPEAR

If you timely file and serve a written objection as described above, you may -- but are not required to -- attend the Fairness Hearing, either in person or through an attorney paid by you. You or your attorney may appear at the hearing to object to any aspect of the proposed settlement, including final certification of a settlement class, the fairness of the proposed settlement, the adequacy of the Class's representation by Plaintiffs and Class Counsel, and the award of attorneys' fees and expenses.

If you or your attorney intend to appear at the Fairness Hearing, you or your attorney must file a Notice of Intention to Appear with the Clerks of the Courts, and serve that Notice on Class Counsel and the Defendants' counsel, at the addresses listed above. Your Notice of Intention to Appear must be postmarked no later than __________, 200_.

You (and/or your attorney) may, at your own expense, review the discovery materials produced in this case. Those documents will be made available by appointment during regular business hours at the offices of Lockridge Grindal Nauen, P.L.L.P., 100 Washington Avenue South, Minneapolis, MN 55401. To obtain access, you (and/or your attorney) first must sign a Confidentiality Agreement, which Class Counsel will provide, in which you (and/or your attorney) agree to abide by all orders, including protective orders, entered by the Courts in the Actions.

## PART J: ATTORNEYS REPRESENTING THE SETTLEMENT CLASS

The Courts have designated Milberg Weiss Bershad Hynes & Lerach LLP and Lockridge Grindal Nauen, P.L.L.P. as Class Counsel in the Actions and as counsel for the Class for purposes of the settlement of this lawsuit. A number of other attorneys from different parts of the country also have participated in this case on behalf of the Class. You will not be charged for the services of the law firms representing the Class.

You have the right to retain your own attorney to represent you in these cases, but you are not obligated to do so. If you do hire your own attorney, or if you already have done so in connection with a lawsuit you previously have filed against any of the Defendants, you will have to pay his or her attorneys' fees and expenses yourself. You also have the right to represent yourself before the Court without an attorney.

## PART K: ATTORNEYS' FEES AND EXPENSES

At the Fairness Hearing, Class Counsel will ask the Courts for an award of attorneys' fees and expenses not to exceed $28 million, to be paid by the Defendants. The Defendants will not oppose Class Counsels' application for an award of fees and expenses up to these amounts. Payment of attorneys' fees and expenses to Class Counsel will *not* reduce any funds or benefits being made available to you.

## PART L: RIGHT TO TERMINATE THE PROPOSED SETTLEMENT

Under limited circumstances, each of the parties to this lawsuit has the right to terminate the proposed settlement. Such circumstances include the decision of the Courts or any appellate court to reject, modify, or deny approval of any portion of the proposed settlement; or if the number of Class Members who elect to exclude themselves from the Class exceeds a certain defined threshold. If the proposed settlement is terminated, you will not receive any of the settlement benefits, and you will not be affected in any way by the parties' actions in connection with the proposed settlement.

## PART M: PRELIMINARY AND PERMANENT INJUNCTION, AND EFFECT ON PENDING AND FUTURE LAWSUITS, ARBITRATIONS AND OTHER PROCEEDINGS

The Courts have preliminarily enjoined all Class Members from starting, continuing or participating in, or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order based on or relating to the claims, facts or circumstances in this case and/or the Released Conduct (as that term is defined in the Release, which is reprinted in Appendix A). If you do not ask to be excluded from the Class, you will be bound by this preliminary injunction.

The Courts also have preliminarily enjoined all persons from starting or continuing any other lawsuit or proceeding as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in any pending action) on behalf of Class Members, if that other suit is based on or relates to the claims, facts or circumstances in the Actions and/or the Released Conduct.

Upon final approval of the settlement, Plaintiffs and the Defendants will ask the Courts to enter permanent injunctions enjoining all Class Members from engaging in the activities described above. All Class Members will be bound by the permanent injunction.

If you do not submit a written request to be excluded from the Class, so that it is postmarked no later than _________, 200_, you will be bound by all proceedings, orders and judgments in the Actions, even if you previously began or later begin litigation or other proceedings against the Defendants and related entities relating to your Policies or Annuities. The Courts may enforce their injunctions through contempt orders or other judicial proceedings.

## PART N: HOW TO GET ADDITIONAL INFORMATION

This Notice and the accompanying documents are only a summary of the proposed settlement, which is set forth in a more detailed legal document called the "Stipulation of Settlement." The full Stipulation of Settlement is on file with the Clerks of the Courts. For a more detailed statement of the matters involved in this case, Plaintiffs and the Defendants also refer you to the complaints and amended complaints in the Actions and to the other papers and Court orders on file in the Offices of the Clerks of the Courts. You may inspect these documents at the Offices of the Clerks of the Courts at any time during normal business hours.

A toll-free number has been established, and trained personnel who are employed by the independent, Court-approved Administrator are available to answer any questions you might have about the proposed settlement. If you have questions after reading this Notice, or if you need a large-print version of the Class Notice Package, please call 1-800-XXX-XXXX. If you use a TDD/TTY terminal for the hearing impaired, please call 1-800-XXX-XXXX.

**PLEASE DO NOT CALL THE COURTS OR THE CLERKS OF THE COURTS.**

Dated: ___________, 2000

Clerks of the Courts

**EXHIBIT C**

| STATE OF MINNESOTA DISTRICT COURT, FOURTH DISTRICT | | UNITED STATES DISTRICT COURT DISTRICT OF MINNESOTA | |
|---|---|---|---|
| BENACQUISTO, ET AL. | : Nos. 96-18477, | BENACQUISTO, ET AL. | : No. 00-1980 DSD |
| v. | : 97-4742, 98-15681 | v. | : |
| AMERICAN EXPRESS | : | AMERICAN EXPRESS | : |
| FINANCIAL CORP., ET AL. | : | FINANCIAL CORP., ET AL. | : |

**TO: ALL PERSONS OR ENTITIES WHO HAVE OR HAD AN INTEREST IN A CASH VALUE LIFE INSURANCE POLICY OR DEFERRED ANNUITY CONTRACT ISSUED BY IDS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY OF NEW YORK, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY OR AMERICAN PARTNERS LIFE INSURANCE COMPANY THAT WAS ISSUED OR IN FORCE AT ANY TIME FROM JANUARY 1, 1985 THROUGH FEBRUARY 29, 2000 (THE "CLASS PERIOD").**

The above-captioned class action lawsuits (the "Actions") have been pending against the above-listed companies and their related entities American Express Financial Corporation and American Express Financial Advisors (collectively, the "Defendants") in the Minnesota State Court for Hennepin County and the United States District Court for the District of Minnesota (the "Courts"). The parties to the Actions have reached a proposed settlement pursuant to a Stipulation of Settlement and exhibits thereto (the "Settlement Agreement"). The Courts have conditionally certified a Class for settlement purposes and have authorized the publication of this notice.

**PLEASE TAKE NOTICE** that a hearing (the "Fairness Hearing") will be held on ____________, 2001 at ___ _.m., at the Courthouse, _____________, to determine: (1) whether the Class should be finally certified for settlement purposes; (2) whether the proposed settlement of the Actions should be approved as fair, reasonable and adequate; (3) whether the Actions should be dismissed with prejudice pursuant to the terms of the proposed settlement; (4) whether Class Members should be bound by the release set forth in the proposed settlement; (5) whether Class Members should be permanently enjoined from, among other things, starting, continuing, intervening in, participating in, or receiving any benefits (as Class Members or otherwise) from any lawsuit, arbitration, administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the claims, facts or circumstances set forth in the Actions and/or the Released Conduct (as defined in the Settlement Agreement); and (6) whether Class Counsel's application for an award of attorneys' fees and expenses should be approved.

A detailed Notice of Class Action, Proposed Settlement and Fairness Hearing (the "Class Notice") has been mailed to the last known address, as reflected by the Defendants' records, of the current or last owner(s) of record of affected life insurance policies and deferred annuity contracts and participants in group annuities. The Class Notice describes in detail the proposed

C

the current or last owner(s) of record of affected life insurance policies and deferred annuity contracts and participants in group annuities. The Class Notice describes in detail the proposed settlement and Class Members' rights. The proposed settlement and the scheduled court hearing may affect those rights.

If you believe you are a member of the Class and have not received a copy of the Class Notice, you should obtain one immediately, either by (i) calling 1-800-XXX-XXXX (or if you use TDD/TTY, 1-800-XXX-XXXX) or (ii) writing to the IDS Life Class Action Information Center at P.O. Box 1602, Faribault, MN 55021-1602.

(1) **The Settlement Class.** The Court has preliminarily certified a Class for settlement purposes only. The Class includes (a) all persons or entities who have or had an ownership interest in a cash value life insurance policy issued by IDS Life Insurance Company or IDS Life Insurance Company of New York as a result of an individual sale at any time during the Class Period ("Policies"); (b) all persons or entities who have or had an ownership interest in an individual deferred annuity contract or participation interest in a tax-qualified group deferred annuity contract issued by any of the Defendants, that was in force at any time during the Class Period; and (c) all tax-qualified retirement plans and persons or entities acting on behalf of such a plan and its participants and beneficiaries (with respect to the plan), including but not limited to trustees, plan administrators and plan sponsors, that purchased, owned, held or had any interest with respect to a group deferred annuity contract issued by one of the Defendants that was purchased to fund or constitute all or part of a retirement plan and that was in force at any time during the Class Period. (As used in this notice, the term "Annuities" refers to any deferred annuity contract, including participation interests in group annuities, covered by the Class.)

The Class does not include the following persons or entities: (a) any present officer, any former officer (of grade 50 and above, or equivalent), or any financial advisor of the Defendants; and (b) an insurance company that owns or owned a Policy or Annuity pursuant to an absolute assignment effected as part of an exchange under section 1035 of the Internal Revenue Code. The Class also does not include certain other persons or entities (unless and to the extent such persons or entities are Class Members by virtue of their ownership interest in another Policy or Annuity that otherwise falls within the Class definition) who have or had an ownership interest in Policies or Annuities that: (a) are timely excluded from the Class in accordance with the steps described below and in Part H of the Class Notice; (b) were terminated by reason of death, and, in the case of a Policy, death benefits were paid; (c) were not accepted or paid for by the customer, or were returned to the issuer as part of the exercise of a free look provision in the Policy or Annuity; (d) were rescinded as part of a reissue of a new policy or annuity, or because of a material misrepresentation on a Policy or Annuity application, or where the Policy or Annuity was rescinded and the premiums and other monies paid were returned to the Policy or Annuity owner; (e) were the subject of a release signed by any person or entity while represented by counsel settling a claim or dispute and releasing the issuer from any further liability concerning such Policy or Annuity; (f) were term life

insurance policies, graded premium whole life insurance policies, immediate annuities, or deferred annuities that were settled (that is, annuitized) prior to January 1, 1985.

(2) **Choices and Deadlines for Class Members.** If you are a Class Member, you have the following choices for each Policy or Annuity issued during the Class Period in which you have (or had) an ownership interest:

- You may remain in the Class and participate in the benefits under the proposed settlement if it is approved. Your interests will be represented without cost to you by Class Counsel. If you remain in the Class, you will be bound by all orders and judgments entered in these cases, whether favorable or unfavorable. You will not be able to start or continue any other claim, lawsuit or other proceeding against the Defendants relating to the Policies or Annuities that are encompassed by the Release, which is reprinted in full as Appendix A to the Class Notice.

- If you remain in the Class, you must decide now on the type of relief you want for each Policy or Annuity you decide to keep in the Class from among the types of relief offered under the proposed settlement (described below). To receive the General Relief, you need not do anything now. To receive either the Internal Replacement Relief (if you are eligible) or the Claim Review Process, you must submit an Election Form (included with the Class Notice), following the instructions in the Class Notice, so that it is postmarked no later than _______.

- If you remain in the Class, you may object to any aspect of the proposed settlement. To do so, you must file a written objection in accordance with Part I.2 of the Class Notice. Your written objection must be postmarked no later than __________ and sent to each of the following addresses: Clerk of the Court, State of Minnesota District Court, Hennepin County Government Center, 300 South Sixth Street, Minneapolis, MN 55487; Clerk of the Court, United States District Court for the District of Minnesota, 300 South Fourth Street, Minneapolis, MN, 55415; Milberg Weiss Bershad Hynes & Lerach LLP, One Pennsylvania Plaza, NY, NY 10119, Attention: Brad N. Friedman; Lockridge Grindal Nauen, P.L.L.P., 100 Washington Ave. South, Minneapolis, MN 55401, Attention: Richard Lockridge; LeBoeuf, Lamb, Greene & MacRae, LLP, 125 West 55th Street, NY, NY 10019, Attention: Charles C. Platt; and Leonard, Street and Deinard, P.A., 150 South Fifth Street, Minneapolis, MN 55402, Attention: George F. McGunnigle. If you submit a written objection, you (or an attorney acting for you at your own expense) may appear at the Court hearing to make your objection. If the Court does not agree with your objection, you nevertheless will be bound by the orders and judgment in the Actions, but will still be eligible for relief under the settlement.

- You may exclude yourself from the Class by submitting a formal, written request for exclusion for *each Policy or Annuity* that you wish to exclude. The exclusion request must comply with Part H of the Class Notice and must be mailed to the following address with a postmark no later than ____________: IDS Life Class Action

Information Center, P.O. Box 1602, Faribault, Minnesota 55021-1602, Re: Exclusion from the Class. Please write the words "EXCLUSION REQUEST" on the lower left-hand corner of the front of the envelope. If you are excluded from the Class (i) you will not be eligible for any benefits under the proposed settlement; (ii) you will not be allowed to object to the proposed settlement, and (iii) you will not be bound by any orders or judgments entered in these cases.

(3) **Settlement Relief**. There are three types of benefits available under the proposed settlement. Only one type of benefit will be provided for each Policy and Annuity.

- **General Relief**. Simply by remaining in the Class and not electing another remedy for a particular Policy or Annuity, you automatically will receive the General Relief for which you are eligible. The General Relief consists of an accidental death benefit coverage which provides for payment of a benefit upon due proof of the accidental death within the prescribed coverage period of the person designated as the "measuring life." The amount of the accidental death benefit will be based on whether it relates to a Policy, Annuity, or tax-qualified Annuity, and the account value of or premiums paid on the Annuity, or the face amount of the Policy. The prescribed period will depend on the age of the measuring life.

- **Internal Replacement Relief.** If you owned a policy issued by one of the Defendants and you replaced it with another Policy issued by one of the Defendants and you satisfy the other criteria described in the Class Notice, you may elect to receive the Internal Replacement Relief with respect to the Policy instead of another form of relief. The Statement of Eligibility, which is enclosed with the Class Notice, will indicate whether, according to the Defendants' records, you are eligible for the Internal Replacement Relief. Depending on the facts relating to you, the Internal Replacement Relief will consist of a repayment of certain transaction costs incurred as a result of the replacement, an adjustment to the cost of insurance charges applicable to your Policy, a one-time bonus to the cash value of your Policy, or the opportunity to purchase an enhanced value policy.

- **The Claim Review Process.** If you believe that you were misled, or that wrongdoing with economic consequences otherwise occurred, with respect to the marketing, sale, administration or servicing of your Policy or Annuity, you may elect to submit your claim to the Claim Review Process under the proposed settlement instead of receiving another form of relief. Once submitted, your claim will be evaluated by a Claim Evaluator chosen by Class Counsel. In the Claim Review Process, the relief awarded can range from none at all to relief designed to redress any loss that may have resulted from the alleged wrongdoing, based on the particular facts of your claim as evidenced by your written description of your claim and any other documents or other materials you submit, as well as the documents and information that the Defendants will assemble about your Policy or Annuity. Do not submit your claim at this time. The Claim Review Process is provided at no cost to you.

Each of the forms of settlement relief is described in greater detail at Part E of the Class Notice. Receipt of relief under the proposed settlement may have tax consequences for you. You should consult your own tax advisor about possible tax consequences.

(4) **Preliminary Injunction**. The Courts, in their orders of ___________, preliminarily barred and enjoined all Class Members who have not been timely excluded with respect to a Policy or Annuity from filing, commencing, prosecuting, maintaining, intervening in, participating in (as Class Members or otherwise), or receiving any benefits or other relief from, any other claim, lawsuit, arbitration or administrative, regulatory or other proceeding or order in any jurisdiction based on, arising out of, or relating to the Claims and Causes of Action, or the facts and circumstances relating thereto, in these Actions and/or the Released Conduct as to that Policy or Annuity (as those terms are defined in the Release, which is attached to the Class Notice). The Courts also preliminarily barred and enjoined all persons from organizing or soliciting the participation of any Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any claim, lawsuit or other proceeding based on, arising out of, or relating to the Claims and Causes of Action, or the facts and circumstances relating thereto, in these Actions and/or the Released Conduct as to that Policy or Annuity. The parties will ask the Courts to make the preliminary injunction permanent as to all Class Members upon final approval of the settlement. *All Class Members who do not timely exclude themselves from the Class with respect to a particular Policy or Annuity will be bound by the permanent injunction with respect to that Policy or Annuity.*

(5) **Release**. In exchange for the benefits to be provided under the proposed settlement, Class Members will release the Defendants from liability for certain claims relating to Policies and Annuities. This Release is reprinted in full in Appendix A to the Class Notice. *The Release may affect your rights if you decide to stay in the Class. You should read it carefully.*

(6) **Attorneys' Fees and Expenses**. At the Fairness Hearing, Class Counsel will ask the Courts for an award of attorneys' fees and expenses not to exceed $28 million, to be paid by the Defendants. The Defendants will not oppose Class Counsel's application for an award of fees and expenses up to these amounts. The Defendants' payment of any such fees and expenses will not reduce or affect any benefits to be provided to the Class under the proposed settlement.

(7) **Further Information**. This is only a short summary of the proposed settlement. Further details are contained in the Class Notice mentioned above. If you need further information about the terms of the settlement, or if you need a large-print version of the Class Notice, please call the IDS Life Class Action Information Center at 1-800-xxx-xxxx, or if you use TDD/TTY, 1-800-xxx-xxxx. Telephone calls may be monitored by counsel for Plaintiffs.

**PLEASE DO NOT TELEPHONE THE COURTS OR THE CLERKS OF THE COURTS.**

**EXHIBIT D**

| | |
|---|---|
| **STATE OF MINNESOTA**<br>**COUNTY OF HENNEPIN** | **DISTRICT COURT**<br>**FOURTH JUDICIAL DISTRICT** |

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

Case No. 96-018477

(Consolidated Cases: 96-018477, 97-004742, 98-105681)

---

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

Case No. 00-1980 DSD/JMM

---

**FINDINGS AND ORDER CONDITIONALLY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, PRELIMINARILY APPROVING THE CLASS SETTLEMENT, DIRECTING THE ISSUANCE OF A CLASS NOTICE TO THE CLASS AND SCHEDULING A FAIRNESS HEARING**

D

WHEREAS, a Consolidated Complaint was filed in the Minnesota State Court for the County of Hennepin on behalf of representative plaintiffs Lesa Benacquisto, Daniel Benacquisto, Arnold Mork, Isabella Mork, Ronald Melchert, Susan Melchert, Richard W. Thoresen, and Elizabeth J. Thoresen, in the action entitled Benacquisto, et al. v. American Express Financial Corporation, et al., No. 96-18477 (which was consolidated with the actions also filed in the Minnesota State Court for the County of Hennepin and entitled Mork, et al. v. IDS Life Insurance Company, et al., No. 97-04742; and Thoresen, et al. v. American Express Financial Corporation, et al., No. 98-015681); and

WHEREAS, a complaint was filed in the United States District Court for the District of Minnesota on behalf of representative plaintiffs Lesa Benacquisto, Daniel Benacquisto, Arnold Mork, Isabella Mork, Ronald Melchert, Susan Melchert, Richard W. Thoresen, and Elizabeth J. Thoresen, in the action entitled Benacquisto, et al. v. American Express Financial Corporation, et al., No.00-1980 DSD/JMM (together with the above-referenced state court action, the "Actions"); and

WHEREAS, the parties in these Actions and their attorneys have entered into a Stipulation of Settlement, dated [__________], 2000, in which the parties have agreed upon a settlement of the Actions, subject to the approval and determination of the Courts as to the fairness, reasonableness, and adequacy of the settlement which, if approved, will result in dismissal of the Actions with prejudice;

NOW, THEREFORE, upon reviewing the Stipulation of Settlement, including the exhibits attached thereto (together, the "Settlement Agreement"), and upon reviewing all prior proceedings herein, and the matter having come before the Courts for hearing on

September 18, 2000 and the plaintiffs having appeared by Brad N. Friedman, Esq., Janine L. Pollack, Esq., Richard A. Lockridge, Esq. and Karl Cambronne, Esq., and the defendants having appeared by Charles C. Platt, Esq. and George F. McGunnigle, Esq., on application of the parties and based on the record,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows (all capitalized terms being defined as they are defined in the Settlement Agreement unless otherwise specified or defined herein):

1. The Minnesota State Court for the County of Hennepin has subject matter jurisdiction over the Actions pursuant to the common law and statutory law of the State of Minnesota and personal jurisdiction over the parties before it.

2. The United States District Court for the District of Minnesota has subject matter jurisdiction over the Actions pursuant to 28 U.S.C. §§ 1331 and 1367, and personal jurisdiction over the parties before it.

3. The Action is preliminarily certified as a Class Action for settlement purposes only pursuant to Minn. R. Civ. P. 23(a), 23(b)(3), and 23(c)(2) and Fed. R. Civ. P. 23(a), 23(b)(3), and 23(c)(2). Defendants retain all rights to assert that this Action may not be certified as a class action except for settlement purposes. The Class consists of (A) all persons or entities who, as of the Eligibility Date, have or had (i) an ownership interest in a cash value life insurance policy issued by IDS Life Insurance Company ("IDS") or IDS Life Insurance Company of New York ("IDSNY") pursuant to an individual sale in the United States, including its territories and commonwealths, issued at any time during the Class Period; or (ii) an ownership interest in an individual deferred annuity contract or a participation or beneficial interest in a Group Qualified Annuity issued by IDS, IDSNY, American Centurion

Life Assurance Company, American Enterprise Life Insurance Company or American Partners Life Insurance Company in the United States, including its territories and commonwealths, that was In Force at any time during the Class Period; and (B) all Qualified Plans and Qualified Plan Representatives that purchased, owned, held or had any interest with respect to any Group Qualified Annuity. The Class does not include (i) any present officer, any former officer of grade 50 and above, or equivalent, or any financial advisor of Defendants; or (ii) any insurance company that owns or owned a Policy or Annuity pursuant to an absolute assignment effected as part of an exchange under Section 1035 of the Internal Revenue Code. Notwithstanding the foregoing, the Class shall not include (unless and to the extent such persons or entities are Class Members by virtue of their ownership interest in another Policy or Annuity) the following: (i) any persons or entities who make a timely election to be excluded from the proposed Class with respect to a particular Policy or Annuity otherwise included within the Class; (ii) any persons or entities who have an ownership interest in (a) a Policy that was terminated prior to the Eligibility Date due to the death of the insured and on which death benefits were paid; (b) an Annuity that was terminated prior to the Eligibility Date by reason of the death of the annuitant; (c) a Policy or Annuity that was issued, but not accepted or funded, or was returned to the issuer, as part of the exercise of a free look provision in the Policy or Annuity; (d) a Policy or Annuity that was rescinded as part of a reissue of a new life insurance policy or annuity contract, or because of a material misrepresentation on a Policy or Annuity application, or where the Policy or Annuity was rescinded and the premiums or other monies paid were returned to the Policy or Annuity owner; (e) a Policy or Annuity that is the subject of a release signed by any person or entity while represented by counsel settling a claim or dispute and releasing the issuer from any further liability concerning such Policy or

Annuity; (f) a life insurance policy that was a term life insurance policy or graded premium whole life insurance policy; (g) an annuity contract that was settled (*i.e.*, annuitized) prior to the inception of the Class Period; or (h) an annuity contract that was issued as an immediate annuity.

4. Lesa Benacquisto, Daniel Benacquisto, Arnold Mork, Isabella Mork, Ronald Melchert, Susan Melchert, Richard W. Thoresen, and Elizabeth J. Thoresen are hereby designated as representatives of the conditionally certified Class. The law firms of Milberg Weiss Bershad Hynes & Lerach LLP and Lockridge Grindal Nauen, P.L.L.P. are hereby appointed as Co-Class Counsel. The law firm of Milberg Weiss Bershad Hynes & Lerach LLP is hereby appointed as Lead Counsel.

5. The Settlement Agreement falls within the range of possible approval, and therefore is preliminarily approved and sufficient to warrant sending notice to the Class.

6. A Fairness Hearing shall be held on ____________, 200_, at _____ a.m., or at such later date as the Courts may direct without further written notice, at _____________, to consider whether the Class meets the requirements for final certification under Minn. R. Civ. P. 23(a), (b)(3), (c)(2) and Fed. R. Civ. P. 23(a), b(3), and (c)(2), the Minnesota Constitution and the United States Constitution, to evaluate the fairness, reasonableness and adequacy of the proposed settlement and whether it should be finally approved by the Courts pursuant to Minn. R. Civ. P. 23(e) and Fed. R. Civ. P. 23(e), and to consider whether the application of Co-Class Counsel for an award of attorneys' fees and expenses should be approved.

7. The Class Notice Package (Exhibit B of the Settlement Agreement), Publication Notice (Exhibit C of the Settlement Agreement) and the notice methodology described in the Settlement Agreement are hereby approved.

8. The Class Notice Package, together with the Publication Notice, (i) is the best practicable notice, (ii) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Actions and of their right to object to or exclude themselves from the proposed settlement, (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and (iv) meets all applicable requirements of law, including, but not limited to Minn. R. Civ. P. 23(c) and Fed. R. Civ. P. 23(c), and the due process requirements of the Minnesota Constitution and the United States Constitution.

9. Subject to the terms of the Settlement Agreement, Defendants are authorized to retain one or more third-party administrators to implement the terms of the Settlement Agreement. Subject to the terms of the Settlement Agreement, Co-Class Counsel are authorized to retain the Claim Evaluator.

10. Defendants or their designee(s) shall cause the Class Notice Package to be sent by first-class mail, postage prepaid, to the last known address of the Policy and Annuity Owners and, in the case of a Group Qualified Annuity, to persons or entities who hold or held a participation interest in the Group Qualified Annuity, all as reflected by Defendants' records as maintained at the Corporate Office or by the results of any searches performed by a vendor hired by Defendants to update addresses of such persons or entities. Defendants shall use their best efforts to begin sending the Class Notice Package within 10 days after entry of this Order by the Courts, and the mailing program shall end no later than

__________, 200_. Where Defendants are aware that the Class Member has pending litigation against Defendants, or any of them, relating to any matter proposed to be released by the Settlement Agreement, the Class Notice Package also shall be sent to any legal counsel known to represent the Class Member.

11. Defendants or their designee(s) shall publish the Publication Notice as provided in the Settlement Agreement no later than __________, 200_.

12. Defendants or their designee(s) shall, at their cost, (i) remail any Class Notice Package returned by the United States Postal Service with a forwarding address that is received by the Defendants; (ii) attempt to find an address for any returned Class Notice Package that does not include a forwarding address, or retain an address research firm for this purpose; and (iii) if an address research firm is retained, provide a copy of any returned notice to the address research firm as soon as practicable following receipt; provided, however, that Defendants shall not be obligated to duplicate the efforts of an address research firm that undertakes a search for the Class Member's address prior to the initial mailing. Except as provided in the next sentence, (a) any retained address research firm shall provide to Defendants in connection with each returned notice, as soon as is practicable, either an updated address or a statement that, following due research, it has been unable to obtain an updated address; and (b) Defendants shall remail the Class Notice Package to any Class Member for whom the address research firm provides an updated address. Defendants shall not be required to remail the Class Notice Package to any Class Member whose name and address is reviewed for accuracy and correction by an address research firm prior to the original mailing of the Class Notice Package, except that they shall in any event comply with subparagraph (i), above.

13. Defendants shall file proof of the mailing of the Class Notice Package and Publication Notice at or before the Fairness Hearing.

14. Defendants, including their agents or other representatives and any other retained personnel, are authorized to communicate with potential Class Members, Class Members and other present or former Policy and Annuity owners about the Actions and the terms of the proposed settlement, subject to the terms of subsection IX.H. of the Settlement Agreement, and to engage in any other communications within the normal course of Defendants' business.

15. Subject to the terms of sections IV.C and X of the Settlement Agreement, each Class Member who wishes to exclude himself or herself from the Class shall submit an appropriate, timely written request for exclusion, with a postmark no later than ___________, 200_, to the IDS Life Class Action Information Center, P.O. Box 1602, Faribault, MN 55021-1602.

16. All Class Members who have not been timely excluded from the Class with respect to a Policy or Annuity are preliminarily barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as Class Members or otherwise), or receiving any benefits or other relief from, any other claim, lawsuit, arbitration or administrative, regulatory or other proceeding or order in any jurisdiction based on, arising out of, or relating to the Claims and Causes of Action, or the facts and circumstances relating thereto, in these Actions and/or the Released Conduct as to that Policy or Annuity (as those terms are defined in the Release), and (ii) organizing or soliciting the participation of any Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking

class certification in a pending action) any claim, lawsuit or other proceeding based on, arising out of, or relating to the Claims and Causes of Action, or the facts and circumstances relating thereto, in the Actions and/or the Released Conduct as to that Policy or Annuity (as those terms are defined in the Release). The Courts find that issuance of this preliminary injunction is necessary and appropriate in aid of the Courts' jurisdiction over the Actions and to protect and effectuate the Courts' preliminary approval of the Settlement.

17. Any Class Member who does not submit a timely, written request for exclusion from the Class with respect to a Policy or Annuity within the Class shall be bound by the Settlement Agreement, and all proceedings, orders and judgments in the Actions, even if such Class Member has previously initiated or subsequently initiates individual litigation against Defendants or other proceedings encompassed by the Release. Any Class Member who submits a timely written request for exclusion from the Class with respect to a Policy or Annuity within the Class may only pursue a claim with respect to that particular Policy or Annuity.

18. Each Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed settlement, or to the award of Attorneys' Fees and Expenses, shall deliver to Co-Class Counsel and Defendants' Counsel and file with the Courts, with a postmark no later than ____________, 200_, at the addresses listed in the Class Notice, a statement of the objection, as well as the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Courts' attention and any evidence the Class Member wishes to introduce in support of his or her objection, or be forever barred from objecting.

19. All written objections must include (1) the Class Member's name, address and telephone number; (2) the number of the Policy or Annuity; (3) a statement of the objection(s) and any supporting evidence the Class Member wishes to introduce; and (4) the case name and numbers of the Actions.

20. Any attorney hired by a Class Member at the Class Member's expense for the purpose of objecting to the Agreement, the proposed settlement, or to the award of Attorneys' Fees and Expenses, shall file with the Clerks of Courts and deliver to Co-Class Counsel and Defendants' Counsel a notice of appearance, with a postmark no later than ___________, 200_.

21. Any Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, shall deliver to Co-Class Counsel and Defendants' Counsel and file with the Courts, with a postmark no later than ________, 200_, a notice of intention to appear.

22. Defendants' Counsel or Co-Class Counsel, and any other counsel for Plaintiffs or the Class, shall promptly furnish each other with copies of any and all objections or written requests for exclusion that come into their possession.

23. During the pendency of the Courts' consideration of the Parties' proposed settlement, Class Members (or their attorneys) shall be allowed access to the discovery record in the Actions for the sole purpose of evaluating the fairness, reasonableness, and adequacy of the proposed settlement, provided that such persons shall not be allowed access to the discovery record except upon their execution of the attached Confidentiality Agreement for Discovery Materials Made Available to Settlement Class Members (the

"Confidentiality Agreement"). The terms and conditions of the Confidentiality Agreement shall remain in effect even if the Class Member is excluded from the Class. The terms and conditions of the Confidentiality Agreement attached to this Order are incorporated herein by reference, and, if breached, may be the basis for a finding of contempt of court.

24. The Courts may waive any of the time limits herein for good cause shown.

IT IS SO ORDERED.

______________________________
The Honorable Myron S. Greenberg
Hennepin County District Court Judge

Dated:______________, 2000

______________________________
The Honorable David S. Doty
United States District Judge

Dated:________________, 2000

350896.1