LEXSEE 2001 U.S. DIST. LEXIS 23914

**LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated, Plaintiffs, v. AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK, Defendants.**

**Case No. 00-1980 DSD/JMM**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA**

*2001 U.S. Dist. LEXIS 23914*

**May 15, 2001, Decided**
**May 15, 2001, Filed, Judgment Entered**

**DISPOSITION:** Settlement approved and complaint dismissed.

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1] For LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT, SUSAN MELCHERT, plaintiffs: Richard A Lockridge, Joseph F Henderson, Lockridge Grindal Nauen, Jack L Chestnut, Karl L Cambronne, Chestnut & Cambronne, Mpls, MN.

For LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT, SUSAN MELCHERT, plaintiffs: Barry A Weprin, Melvyn I Weiss, Regina L LaPolla, Janine L Pollack, Milberg Weiss Bershad Hynes & Lerach, New York, NY.

For LESA BENACQUISTO, plaintiffs: Brad N Friedman, Milberg Weiss Bershad Hynes & Lerach, New York, NY.

For LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT, SUSAN MELCHERT, plaintiffs: Ronald R Parry, Robert R Sparks, Arnzen Parry & Wentz, Covington, KY.

For LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT, SUSAN MELCHERT, plaintiffs: Andrew S Friedman, Steven Hubbard, David Grossman, John R Newcomer, Sheldon S Lustigman, Andrew Lustigman, David J Kessler, Ronald A Uitz, Stephen [*2] L Hubbard, Hubbard & Biederman, Dallas, TX.

For LESA BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT, SUSAN MELCHERT, plaintiffs: Brad N Friedman.

For STEVEN A CREATURO, plaintiff: Clair M Carlin, Carlin Law Office, Poland, OH.

For SUE WATERS PATRICK, ROOSEVELT JONES, MATTIE JONES, RICHARD E MORGAN, JR, Dr., intervenors: Katheryn A Andresen, Lockridge Grindal Nauen, Mpls, MN.

For SUE WATERS PATRICK, RICHARD E MORGAN, JR, Dr., intervenors: Patrick Michael Spott, Orman & Nord, Duluth, MN.

For SUE WATERS PATRICK, ROOSEVELT JONES, MATTIE JONES, RICHARD E MORGAN, JR, Dr., intervenors: Charles H Johnson, Griffis Law Office, Birmingham, AL.

For SUE WATERS PATRICK, ROOSEVELT JONES, MATTIE JONES, RICHARD E MORGAN, JR, Dr., intervenors: Lee A Weiss.

For SUE WATERS PATRICK, intervenor: R Stephen Griffis, Griffis Law Office, Birmingham, AL.

For ROOSEVELT JONES, MATTIE JONES, intervenors: Kearney Dee Hutsler, Hutsler Law Office, Birmingham, AL.

For RICHARD E MORGAN, JR, Dr., intervenor: John J Pentz, The Objectors Group, Sudbury, MA.

For SUSAN WINSOR, intervenor: Eric P Finamore.

For AMERICAN EXPRESS [*3] FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, INC., AMERICAN CENTURION LIFE ASSURANCE COMPANY OF NEW YORK, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY OF NEW YORK, defendants: George F McGunnigle, Jane F Godfrey, Leonard Street and Deinard, Mpls, MN.

For AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, INC., AMERICAN CENTURION LIFE ASSURANCE COMPANY OF NEW YORK, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY OF NEW YORK, defendants: Charles C Platt, Randall M Fox, LeBoeuf Lamb Greene & MacRae, New York, NY.

For AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, defendant: John Walter Getsinger, Leonard Street and Deinhard, Mpls, MN.

For MARION WASHBURN, objector: Joseph Stuart Friedberg, Friedberg Law Office, Mpls, MN.

For MARION WASHBURN, objector: Kenneth E Nelson, Nelson Law Office, Kansas City, MO.

For LEONARD OSBORNE, objector: Neil Osborne.

FRANK PACINELLI, objector, Pro se, Stillwell, KS.

For JACK A MILLER, objector: Katheryn [*4] A Andresen, Lockridge Grindal Nauen, Mpls, MN.

For JACK A MILLER, objector: Charles H Johnson, Charles M Thompson, Thompson Law Office, Birmingham, AL.

For JACK A MILLER, objector: Lee A Weiss.

For FRANK PACINELLI, objector: Mitchell L Burgess, M Tony Patton, David M Peterson, Peterson & Assoc, Kansas City, MO.

For FRANK PACINELLI, objector: Jason L Bush.

For FRANK PACINELLI, objector: Thomas Edward Jamison, Fruth Jamison & Elsass, Mpls, MN.

For LISA KIRBY, R GUSKY, CARL MARGOLIS, objectors: Robert Gerard Malone, Malone Law Office, St Paul, MN.

For LISA KIRBY, R GUSKY, CARL MARGOLIS, objectors: Edward W Cochran.

For LISA KIRBY, R GUSKY, CARL MARGOLIS, objectors: Paul S Rothstein, Rothstein Law Office, Gainesville, FL.

For LISA KIRBY, R GUSKY, CARL MARGOLIS, objectors: Frank H Tomlinson, Pritchard McCall & Jones, Birmingham, AL.

**JUDGES:** Honorable David S. Doty, United States District Judge.

**OPINIONBY:** David S. Doty

**OPINION: FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND DISMISSING COMPLAINT**

WHEREAS plaintiffs and defendants entered into a Stipulation of Settlement, with exhibits (collectively, the "Settlement Agreement"), [*5] dated September 18, 2000, to settle this class action litigation; and

WHEREAS on October 2, 2000, this Court and the Minnesota State Court for the County of Hennepin jointly entered an Order (the "Hearing Order") preliminarily certifying the putative class in this Action for settlement purposes under Minn. R. Civ. P. 23.01, 23.02(c), and 23.03(b) and *Fed. R. Civ. P. 23(a), 23(b)(3)*, and *23(c)(2)*, ordering individual and publication notice to potential class members, scheduling a Fairness Hearing for March 6, 2001, and providing those persons with an opportunity either to exclude themselves from the settlement class or object to the proposed settlement; and

WHEREAS this Court and the Minnesota State Court for the County of Hennepin jointly held a Fairness Hearing on March 6, 2001 to determine whether to give final approval to the proposed settlement; and

WHEREAS this Court has issued Findings of Fact and Conclusions of Law Concerning Class Action Settlement, dated MAY 15, 2001, granting final certification of the settlement class, approving the proposed settlement, and dismissing the settlement class members' claims (among other things); now, therefore,

Based on the submissions [*6] of the Parties and Class Members, on the evidence adduced at the Fairness Hearing, and on this Court's Findings of Fact and Conclusions of Law dated MAY 15, 2001, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. **Incorporation of Other Documents.** This Order and Judgment Approving Class Action Settlement incorporates and makes a part hereof:

> (a) the Stipulation of Settlement dated September 18, 2000, and filed with the Courts on September 18, 2000 (the "Stipulation of Settlement").
>
> (b) the following exhibits to the Stipulation of Settlement: (i) Exhibit A (Guidelines for Determining, Scoring and Awarding Relief in the Claim Review Process); (ii) Exhibit B (Class Notice Package); (iii) Exhibit C (Publication Notice); (iv) Exhibit D (Proposed Hearing Order); (v) Exhibit E (Confidentiality Agreement); (vi) Exhibit G (Statement to Accompany Post-Execution Date Responses to Customer Complaints); (vii) Exhibit H (Post-Settlement Claim Form Mailing); (viii) Exhibit I (Post-Mailing Reminder); and (ix) Exhibit J (Claim Review Administrative Forms and Letters); and
>
> (c) the Affidavit of Jeffrey D. Dahl, sworn to February 23, 2001, Exhibit [*7] to this Order and Judgment (describing the Class Notice Package, its distribution to Class Members, and the Publication Notice).

2. **Jurisdiction.** This Court has personal jurisdiction over all Class Members (as defined below) and has subject matter jurisdiction over this Action and all claims and causes of action resolved by this settlement, including all the Claims and Causes of Action referred to in the Release. Accordingly, this Court has jurisdiction to approve the proposed settlement, grant final certification of the Class, release Claims and Causes of Action as set forth in the Release, and dismiss this Action on the merits and with prejudice.

3. **Final Class Certification.** The Class that was previously certified preliminarily is hereby finally certified for settlement purposes under *Fed. R. Civ. P. 23(a), 23(b)(3)*, and *23(c)(2)*. The Class consists of (A) All persons or entities who, as of the Eligibility Date, have or had (i) an ownership interest in a cash value life insurance policy issued by IDS Life Insurance Company ("IDS") or IDS Life Insurance Company of New York ("IDSNY") pursuant to an individual sale in the United States, including its territories [*8] and commonwealths, issued at any time during the Class Period, or (ii) an ownership interest in an individual deferred annuity contract or a participation interest in a Group Qualified Annuity issued by IDS, IDSNY, American Centurion Life Assurance Company, American Enterprise Life Insurance Company or American Partners Life Insurance Company in the United States, including its territories and commonwealths, that was in force at any time during the Class Period; and (B) all Qualified Plans and Qualified Plan Representatives that purchased, owned, held or had any interest with respect to any Group Qualified Annuity. The Class does not include (i) any present officer, any former officer of grade 50 and above, or equivalent, or any financial advisor of Defendants; or (ii) any insurance company that owns or owned a Policy or Annuity pursuant to an absolute assignment effected as part of an exchange under *Section 1035 of the Internal Revenue Code*. Notwithstanding the foregoing, the Class shall not include (unless and to the extent such persons or entities are Class Members by virtue of their ownership interest in another Policy or Annuity) the following: (i) any [*9] persons or entities who make a timely election to be excluded from the proposed Class with respect to a particular Policy or Annuity otherwise included within the Class; (ii) any persons or entities who have an ownership interest in (a) a Policy that was terminated prior to the Eligibility Date due to the death

of the insured and on which death benefits were paid; (b) an Annuity that was terminated prior to the Eligibility Date by reason of the death of the annuitant; (c) a Policy or Annuity that was issued, but not accepted or funded, or was returned to the issuer, as part of the exercise of a free look provision in the Policy or Annuity; (d) a Policy or Annuity that was rescinded as part of a reissue of a new life insurance policy or annuity contract, or because of a material misrepresentation on a Policy or Annuity application, or where the Policy or Annuity was rescinded and the premiums or other monies paid were returned to the Policy or Annuity owner; (e) a Policy or Annuity that is the subject of a release signed by any person or entity while represented by counsel settling a claim or dispute and releasing the issuer from any further liability concerning such Policy or Annuity; [*10] (f) a life insurance policy that was a term life insurance policy or graded premium whole life insurance policy; (g) an annuity contract that was settled (*i.e.*, annuitized) prior to the inception of the Class Period; or (h) an annuity contract that was issued as an immediate annuity. A list of those persons who have validly excluded themselves from the Class, and who therefore are not bound by this Order and Judgment, is on file with this Court as Plaintiffs' and Defendants' Joint Submission of Exclusions From Class, dated March 21, 2001, and is incorporated herein and made a part hereof. A small number of requests for exclusion were deficient and subject to "cure" letters. The Parties will supplement their submission once those outstanding issues are resolved.

4. **Appointment of Co-Class Counsel and Lead Counsel and Adequacy of Representation.** The law firms of Milberg Weiss Bershad Hynes & Lerach LLP and Lockridge Grindal Nauen, P.L.L.P. are hereby appointed Co-Class Counsel; the law firm of Milberg Weiss Bershad Hynes & Lerach LLP is hereby appointed Lead Counsel; and the Class representatives have fully and adequately represented the Class for purposes of entering [*11] into and implementing the settlement and have satisfied the requirements of *Fed. R. Civ. P. 23(a)(4)*.

5. **Class Notice.** Notice was provided to the Class in accordance with the Hearing Order. Individual notice was sent by first-class mail, postage prepaid, to the last known address of the Policy and Annuity Owners and, in the case of a Group Qualified Annuity, to persons or entities who hold or held a participation interest in the Group Qualified Annuity, all as reflected by Defendants' records as maintained at the Corporate Office or by the results of any searches performed by a vendor hired by Defendants to update addresses of such persons or entities. In cases of pending litigation against the Defendants, notice was also mailed to any legal counsel known to represent the Class Member. Also in accordance with the Hearing Order, publication notice was published and notice was posted on the internet at the web sites for Defendants and Co-Class Counsel. This Court finds that the notice outlined above:

> (a) constituted the best practicable notice to Class Members under the circumstances of this Action;
>
> (b) was reasonably calculated, under the circumstances, to apprise [*12] Class Members of (i) the pendency of this class action; (ii) their right to exclude themselves from the Class and the proposed settlement; (iii) their right to object to any aspect of the proposed settlement (including final certification of the settlement class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Class' representation by Plaintiffs or Plaintiffs' counsel, and/or the award of attorneys' fees); (iv) their right to appear at the Fairness Hearing -- either on their own or through counsel hired at their own expense -- if they did not exclude themselves from the Class; and (v) the binding effect of the Order and Judgment in this Action, whether favorable or unfavorable, on all persons who do not request exclusion from the Class;
>
> (c) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and
>
> (d) fully satisfied the requirements of the Federal Rules of Civil Procedure (including *Fed. R. Civ. P. 23(c)(2)* and (e)), the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

6. **Final Settlement Approval** [*13] . The terms and provisions of the Settlement Agreement, including all exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. The Parties and Class Members are

hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

7. **Early Implementation.** The Defendants are hereby authorized, in their sole discretion but in consultation with Co-Class Counsel, and without requiring further approval of this Court, to implement the settlement before the Final Settlement Date (as defined in the Settlement Agreement), in which case all provisions in the Settlement Agreement specifying actions to be taken on or after the Final Settlement Date shall, to the extent necessary, be deemed to provide that those actions shall be taken on or after the date the Defendants elect to implement the settlement.

8. [*14] **Appeal After Early Implementation.** If the Defendants choose to exercise their discretion to implement the settlement before the Final Settlement Date, anyone seeking to appeal from this Court's rulings must first (i) request to intervene upon a representation of inadequacy of counsel; (ii) request a stay of implementation of the settlement; and (iii) post an appropriate bond. Unless a would-be appellant satisfies all three of these requirements, the Defendants are authorized to implement the settlement before the Final Settlement Date even if such implementation would moot any appeal.

9. **Post-Settlement Mailing.** The Parties are hereby directed to mail the Post-Settlement Mailing materials substantially in the form attached as Exhibit H to the Settlement Agreement, as provided by the Stipulation of Settlement.

10. **Securities Registration Not Required.** This Court hereby confirms that, to the extent that any rights provided under this settlement (including but not limited to the right to designate another person as eligible to receive the ADB under the Settlement Agreement) might be deemed to be a security under section 3(a)(10) of the Securities Act of 1933 [*15] , as amended, registration of any such right would not be required by virtue of this Court's approval of the settlement.

11. **No Tax Advice Being Given.** This Court hereby confirms that the Parties and their counsel are not making any representations or providing any opinions or advice concerning the tax consequences of the proposed settlement or the election of any remedies under the settlement to individual Class Members, and the Parties and their counsel shall not be held liable for any tax consequences or elections.

12. **Binding Effect.** The terms of the Settlement Agreement and of this Order and Judgment shall be forever binding on Plaintiffs and all other Class Members, as well as their heirs, executors and administrators, successors, assigns, guardians, attorneys, trustees, and representatives, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in the Action or are otherwise encompassed by the Release.

13. **Release** [*16] . The following Release, which is also set forth in Section XII of the Stipulation of Settlement, is expressly incorporated herein in all respects, is effective as of the Final Settlement Date, and forever discharges the Releasees from any Claims or Causes of Action that arise from or relate to the Released Conduct:

A. Release and Waiver

> 1. In consideration for the relief set forth in this Agreement, Plaintiffs and all other Releasors (defined below) shall, as of the Final Settlement Date, release, acquit and forever discharge the Releases (defined below) from any and all past or present Claims and Causes of Action (defined below) that are based upon, related to, or connected with, directly or indirectly, in whole or in part: (a) the allegations, facts or subjects set forth or otherwise raised in Benacquisto, et al. v. American Express Financial Corporation, et al., No. 96-18477, pending before the Minnesota State Court for the County for the County of Hennepin (together with the actions consolidated therewith, also filed in the Minnesota State Court for the County of Hennepin and entitled Mork, et al. v. IDS Life Insurance Company, et al., No. 97-04742, and [*17] Thoresen, et al. v. American Express Financial Corporation, et al., No. 98-015681) and/or Benacquisto, et al. v. American Express Financial Corporation, et al., No. 00-1980 DSD/JMM, pending before the United States District Court for the District of Minnesota; or (b) the Released Conduct (defined below).
>
> 2. Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors also hereby contractually agree and acknowledge that, unless this settlement is ultimately disapproved, they shall not now or hereafter initiate, participate in, maintain, maintain a right to or assert against the

Releasees, or any of them, either directly or indirectly, derivatively, on their own behalf, or on behalf of the Class or the general public or any other person or entity, any Claims and Causes of Actions (defined below) that are based upon, related to, or connected with, directly or indirectly, in whole or in part: (a) the allegations, facts or subjects set forth or otherwise raised in Benacquisto, et al. v. American Express Financial Corporation, et al., No. 96-18477, pending before the Minnesota State Court for the County of Hennepin (together with the actions consolidated [*18] therewith, also filed in the Minnesota State Court for the County of Hennepin and entitled Mork, et al. v. IDS Life Insurance Company, et al., No. 97-04742, and Thoresen, et al. v. American Express Financial Corporation, et al., No. 98-015681) and Benacquisto, et al. v. American Express Financial Corporation, et al., No. 00-1980 DSD/JMM, pending before the United States District Court for the District of Minnesota; or (b) that relate in any way to the Released Conduct.

3. Nothing in this Release shall be deemed to alter (i) a Class Member's right to make a claim for contractual benefits that will become payable in the future pursuant to the express written terms of an In Force Policy or In Force Annuity issued by any of Defendants; (ii) a Class Member's right to assert any claim that independently arises from acts, facts or circumstances that occur for the first time after the last day of the Class Period; (iii) a Class Member's right to make a claim for theft or embezzlement in connection with a Policy or Annuity; (iv) a Class Member's right to assert any claim based on facts arising out of or relating to the administration or servicing of a Policy or Annuity after its [*19] purchase unless they arise out of or relate to any of the matters described in sections XII.B.2.(i)-(xiii) of the Stipulation of Settlement; or (v) a Class Member's right to assert any claim peculiar to the Class Member that falls outside the general categories of claims or conduct described in the complaints in the Actions or the Release in this settlement and is based on facts that were not discovered and could not with reasonable care have been discovered by the Class Member before the deadline to submit an Election Form set forth in the Stipulation of Settlement.

4. Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors, expressly agree that this Release will be, and may be raised as, a complete defense to, and will preclude any action or proceeding that relates in any way to, the Released Conduct.

5. Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors, expressly understand that certain principles of law, such as Section 1542 of the Civil Code of the State of California, provide that a "general" release does not extend to claims that a creditor does not know or suspect to exist in his favor [*20] at the time of executing the release and which, if known by him, must have materially affected his settlement with the debtor. To the extent that these principles of law arguably may be applicable -- notwithstanding that the parties have chosen Minnesota law to govern the Stipulation of Settlement -- Plaintiffs and the Class Members hereby agree that these principles (including *Cal. Civ. Code Section 1542* and all similar federal or state laws, rights, rules, or legal principles of any jurisdiction that may be applicable herein) are hereby knowingly and voluntarily waived and relinquished by Plaintiffs and the Class Members, and Plaintiffs and the Class Members hereby agree and acknowledge that this is an essential term of both the Settlement Agreement and this Release.

6. In connection with this Release, Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors, acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those that they now know or believe to be true with respect to the matters released herein that occurred prior to the last day of the Class [*21] Period. Nevertheless, subject to paragraph 3 above, it is the intention of Plaintiffs and the Class

Members in executing this Release fully, finally and forever to settle and release all such matters that exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to their Policies and Annuities.

7. Nothing in this Release shall preclude any action to enforce any of the terms of the Settlement Agreement, provided that such action shall be brought in the Minnesota State Court for the County of Hennepin or the United States District Court for the District of Minnesota.

8. Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors, hereby agree and acknowledge that the provisions of this Release, individually and collectively, constitute an essential and material term of the Settlement Agreement.

9. This Release is the result of a compromise of a disputed claim and shall never at any time be used as evidence of any admission of liability, wrongdoing or damages by the Company.

B. Release and Waiver -- Definitions

1. "Claims and Causes of Action" (as used [*22] in this Release) means any and all claims for relief (including any federal, exclusively federal, state, or other causes of action, suits, petitions, or demands in law or equity), any and all allegations of liability (including any allegations of debts, obligations, promises, guarantees, damages, awards, or for any equitable, legal and administrative relief), and any and all demands for damages or equitable relief (including any claims for rescission, reformation, restitution or all damages of any kind, including those in excess of actual damages and claims for mental anguish), that have been, could have been, may be or could be asserted in any court action, whether federal, state or otherwise, or before any administrative body (including any brought by or on behalf of any state or local insurance, prosecutorial or other organization), tribunal, arbitration panel, or other adjudicatory body, regardless of whether based on federal, state or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether foreseen or unforeseen, suspected or unsuspected, or fixed or contingent at the time of this Settlement.

2. "Released Conduct" means [*23] any and all direct or indirect acts, representations, omissions, suggestions, or communications that are related to or connected in any way with the design, development, marketing, sale, administration, servicing, underwriting, or performance of the Policies or the Annuities, including, without limitation, acts, representations, omissions, suggestions or communications in connection with (i) the explanation, description, marketing, sale, solicitation, illustration or replacement of any Policy or Annuity; (ii) the application for or purchase of any Policy or Annuity; (iii) the suitability of any purchases, sales or replacements of any Policy or Annuity; (iv) the taking of any loans, or the accumulation of any interest or cash values on any Policy or Annuity; (v) the setting, reduction, adjustment, payment, or lack of payment of any interest rates, purchase rates or renewal rates on any Policy or Annuity; (iv) the setting, charging or reducing of any cost of insurance, commissions, incentives, premiums, taxes, fees, mortality and expense fees, charges, contract charges, surrender charges, or expenses on any Policy or Annuity; (vii) the investment choices made with respect to assets held [*24] in any Policy or Annuity; (viii) the surrender, lapse, or termination of any Policy or Annuity; (ix) the tax status, tax impact or tax consequences of any Policy or Annuity or any actions or inaction taken with respect thereto; (x) the costs, commissions, terms, or benefits or disadvantages of any Policy or Annuity compared to any other life insurance policy, annuity contract or investment; (xi) the comparison or lack of comparison of any Policy or Annuity to any other product; (xii) the preparation by any financial advisor acting for the Company of any financial plan or the provision of financial or investment advice insofar as it resulted in the sale, modification or

maintenance of any Policy or Annuity; (xiii) the effect that a Class Member's election and award of benefits in this Settlement Agreement may have on the value of any Policy or Annuity; and (xiv) the administration or servicing of any Policy or Annuity after its purchase.

3. "Releasees" means the Company n1 and its past, present and future parents, subsidiaries, affiliates, partners, predecessors, successors and assigns, and each of their respective past, present and future officers, directors, shareholders, employees, [*25] general agents, agents, advisors, branch managers, producers, sales representatives, brokers, solicitors, representatives, attorneys, heirs, administrators, executors, insurers, predecessors, successors and assigns, or any of them, including any person or entity acting on behalf of, or at the direction of, any of them.

4. "Releasors" means, to the extent they are not excluded from the Class with respect to a Policy or Annuity, the Plaintiffs and all Class Members, on behalf of themselves and their respective heirs, executors, administrators, successors, assigns, guardians, attorneys, trustees, qualified plans, fiduciaries, plan fiduciaries, plan trustees, plan sponsors, plan participants, plan beneficiaries, and representatives, and on behalf of the Policies' insureds and beneficiaries, the Annuities' annuitants and beneficiaries, and the Policies' and Annuities' nominal and beneficial owners.

n1 "Company" means IDS Life Insurance Company, IDS Life Insurance Company of New York, the American Express Company, American Express Financial Corporation, American Express Financial Advisors, American Express Service Corporation, American Express Trust Company, American Centurion Life Assurance Company, American Enterprise Life Insurance Company and American Partners Life Insurance Company, collectively.

[*26]

14. **Permanent Injunction.** All Class Members who have not been timely excluded from the Class with respect to a Policy or Annuity are hereby permanently barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the Claims and Causes of Action, or the facts and circumstances relating thereto, in the Action and/or the Released Conduct (as that term is defined in the Settlement Agreement) as to that Policy or Annuity, and (ii) organizing or soliciting the participation of any Class Members in a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit or other proceeding based on or relating to the Claims and Causes of Action, or the facts and circumstances relating thereto, in the Action and/or the Released Conduct as to that Policy or Annuity. This Court finds [*27] that issuance of this permanent injunction is necessary and appropriate in aid of this Court's jurisdiction over the Action and to protect and effectuate this Order and Judgment.

15. **Enforcement of Settlement.** Nothing in this Order and Judgment shall preclude any action to enforce the terms of the Settlement Agreement; nor shall anything in this Order and Judgment preclude Plaintiffs or Class Members from participating in the Claim Review Process described in the Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

16. **Attorneys' Fees and Expenses.** The Court hereby grants Co-Class Counsels' application for an award of attorneys' fees and reimbursement of their disbursements and expenses for their past and future work on the Actions in the amount of $ 28 million, to be paid by Defendants to Lead Counsel. The $ 28 million consists of approximately $ 27,380,000 in fees and $ 620,000 in reimbursement of expenses. Such fees and expenses are to be paid by Defendants within 10 days after the last date of entry of the Order and Judgment in the Actions, subject to the conditions set forth in the Stipulation of Settlement. Plaintiffs' [*28] counsel shall set aside in a Qualified Settlement Fund ten percent, or $ 2,738,000, of the fee award pending substantial completion of the administration of the Claim Review Process. Plaintiffs' counsel shall advise this Court when payments are made to Class Members in the Claim Review Process, and may draw down this final ten percent (plus any accumulated interest) at that time without further order of this Court. Lead Counsel, in its

sole discretion, shall allocate and distribute this award of attorneys' fees and expenses among counsel for the Class.

17. **No Other Payments.** The preceding paragraph of this Order and Judgment covers, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Co-Class Counsel or any other counsel representing Plaintiffs or Class Members, or incurred by Plaintiffs or the Class Members, or any of them, in connection with or related in any manner to the Actions, the settlement of the Actions, the administration of such settlement, and/or the Released Conduct except to the extent otherwise specified in this Order and Judgment and the Stipulation of Settlement.

18. **Modification of Settlement [*29] Agreement.** The Parties are hereby authorized, without needing further approval from this Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement -- including without limitation, the Post-Settlement Mailing materials and the forms to be used in the Claim Review Process -- as are consistent with this Order and Judgment and do not limit the rights of Class Members under the Settlement Agreement.

19. **Retention of Jurisdiction.** This Court has jurisdiction to enter this Order and Judgment. Without in any way affecting the finality of this Order and Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Order and Judgment, and for any other necessary purpose, including, without limitation,

(a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Order and Judgment (including, without limitation, whether a person or entity is or is [*30] not a Class Member, whether claims or causes of action allegedly related to this case are or are not barred by this Order and Judgment, etc.);

(b) entering such additional Orders as may be necessary or appropriate to protect or effectuate this Order and Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement, and

(c) entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction;

*provided, however*, that nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights under paragraphs 7 and 18 above.

20. **No Admissions.** This Order and Judgment, and the Settlement Agreement (and any other document referred to here, or any action taken to carry out this Order and Judgment) shall not be used or construed as an admission or concession by the Defendants of any actual or potential fault, wrongdoing, liability or damages whatsoever, and shall not be used as any [*31] evidence or inference of any fault, wrongdoing, liability or damage against the Defendants. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or concession by Defendants as to any actual or potential fault, wrongdoing, liability or damages and shall not be offered or received in evidence or used for impeachment in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Order and Judgment and the Settlement Agreement; *provided, however*, that this Order and Judgment and the Settlement Agreement may be filed in any action against or by the Defendants or Releases (as defined in the Stipulation of Settlement) to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

21. **Dismissal of Action.** The Action, including all individual [*32] and Class claims resolved in them, are hereby dismissed on the merits and with prejudice against Plaintiffs and all other Class Members, without fees or costs to any party except as otherwise provided in this Order and Judgment.

22. **Bond Requirement.** Any appeal of the orders and judgment of this Court in this action shall be conditioned upon the posting of a bond by the proposed appellant of $ 500,000.

SO ORDERED this 15th day of MAY, 2001. LET THE JUDGMENT BE ENTERED ACCORDINGLY.

The Honorable David S. Doty

United States District Judge