* 2 3 1 6 9 4 0 1 *

23169401 - 
PETER COVERT SR
4730 CREST AVE
RIVERSIDE CA 92503-2919

# STATEMENT OF ELIGIBILITY

## IDS LIFE CLASS ACTION SETTLEMENT

**Policy/Annuity Ownership Information:**

Owner of Record/Participant: PETER COVERT SR
4730 CREST AVE
RIVERSIDE CA 92503-2919

Co-Owners:

Policy or Annuity No.: 93106497128
Product Type: Annuity
Policy/Annuity Status as of August 31, 2000: In Force

For purposes of the proposed settlement, if your policy is providing coverage under a reduced paid-up or extended term nonforfeiture option or if your annuity has been settled (i.e., annuitized), its status is shown as terminated.

**If the information printed here is incorrect, please send any corrections immediately to: IDS Life Class Action Information Center, P.O. Box 405, Minneapolis, Minnesota 55440-0405. For address changes, please use the enclosed Change of Address form.**

According to our records, you are a member of a class on whose behalf lawsuits have been brought against IDS Life Insurance Company, IDS Life Insurance Company of New York, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, American Express Financial Corporation and American Express Financial Advisors (collectively referred to as "Defendants"). The lawsuits, and the proposed settlement of the lawsuits, are described in detail in the accompanying Class Notice. **Please read the entire Notice carefully.**

This statement describes the relief that you will be eligible to receive if the proposed settlement is approved by the Courts and you remain a member of the class. Each of the forms of relief offered under the settlement is described in detail in the accompanying Notice at pages 8-14. There will be only one award of relief per Policy or Annuity. Where more than one person or entity has or had an ownership interest in a Policy or Annuity, all owners are presumed to be acting jointly. If one such person or entity requests that the Policy or Annuity be excluded from the Class, then all persons with an ownership interest in that particular Policy or Annuity shall be bound by that decision.

| Relief For Which You Will Be Eligible If The Proposed Settlement Is Approved |
|---|
| **GENERAL RELIEF**<br>**ACCIDENTAL DEATH BENEFIT**<br>**Default Payee: PETER COVERT SR**<br>**Default Measuring Life: PETER COVERT SR**<br>**OR**<br>**CLAIM REVIEW PROCESS** |

* You may name any other individual as the Payee under the accidental death benefit listed on this statement by using the enclosed Designation Form.

** If the person identified above as the Default Measuring Life is deceased, you **must** designate another person as the Measuring Life for purposes of the accidental death benefit identified on this statement. To make this change, please use the enclosed Designation Form **before the settlement is implemented**, or, if that is impossible due to the date of death of the Measuring Life, within 30 days of the date of death of the Measuring Life. You may change the Default Payee at any time before the death of the Measuring Life. You **should** change the Payee if he or she dies before the date the settlement is implemented or while the death benefit coverage is in effect.

# ELECTION FORM

## IDS LIFE CLASS ACTION SETTLEMENT

* 2 3 1 6 9 4 0 1 *

Sequence - 1

Policy/Annuity Ownership Information:

Owner of Record/Participant: PETER COVERT SR
4730 CREST AVE
RIVERSIDE CA 92503-2919

Policy or Annuity Number: 93106497128

**RETURN THIS FORM ONLY IF YOU WANT TO ELECT THE CLAIM REVIEW PROCESS.**

**IF YOU WANT GENERAL RELIEF, YOU SHOULD NOT RETURN THIS ELECTION FORM.**

**I/we want to participate in the Claim Review Process to pursue a claim that I was/we were misled, or that wrongdoing with economic consequences otherwise occurred, with respect to the marketing, sale, administration or servicing of the Policy or Annuity indicated by the number printed above. (If the number printed above is not the number for which you want to submit a claim, please call the toll-free number below). I/we understand that the claim, once submitted, will be evaluated by a Claim Evaluator chosen by counsel for plaintiffs and the class and that I/we may or may not receive an award through the Claim Review Process. The relief awarded in the Claim Review Process can range from none at all to relief designed to redress any loss that may have resulted from the alleged wrongdoing. I/we realize that this election will make me/us ineligible for the General Relief.**

________________________________________

Signature of PETER COVERT SR

(__ __ __) __ __ __ - __ __ __ __

Daytime Telephone Number

* You must return this Election Form if you want to elect to submit a claim to the Claim Review Process. If you elect to submit a claim to the Claim Review Process, then once the proposed settlement is final, you will receive a separate Claim Form with instructions on how to present your claim. DO NOT SUBMIT YOUR SPECIFIC CLAIM AT THIS TIME.

**If you want to elect to submit a claim to the Claim Review Process, you must complete this Election Form and mail it so that it is postmarked by January 29, 2001, to this address: IDS Life Class Action Information Center, P.O. Box 1276, Minneapolis, Minnesota 55440-1276, Re: Election Form.**

**Questions? Call 1-800-433-5314**

**(If you use TDD/TTY, see page 10 of the Notice.)**

# COMPLETE THIS SIDE OF THE FORM TO DESIGNATE AN ALTERNATE MEASURING LIFE

**YOU DO NOT NEED TO RETURN THIS DESIGNATION FORM TO TAKE ADVANTAGE OF THE ACCIDENTAL DEATH BENEFIT COVERAGE PROVIDED IN THIS SETTLEMENT, except as follows:** If the Default Measuring Life is deceased as of the date the settlement is implemented, then you ARE REQUIRED to change the Measuring Life. To do so, complete the Alternate Measuring Life Designation Form below and mail it to the address provided before the date the settlement is implemented or, if that is impossible because of the date of the Measuring Life's death, within 30 days of the death of the Measuring Life. You may not change the Measuring Life after those dates.

The Default Measuring Life is deceased. I am designating the below named Alternate Measuring Life. The person I am designating is currently living and is either my spouse, parent or child (including a stepchild residing with me) or is a person in whom I have an insurable interest.

Name: ______________________________

Social Security #: ___ ___ ___-___ ___-___ ___ ___ ___

Date of Birth: ___ ___ / ___ ___ / ___ ___ ___ ___

Relationship to you: ______________________________

**If you are not the Owner of Record/Participant, but are acting on behalf of the Owner of Record/Participant, you must provide proof of your authority to act on behalf of the Owner of Record/Participant.**

**If you are the personal representative of a deceased Owner of Record/Participant, you must provide:**

**(1) proof of the death of the Owner of Record/Participant (i.e., a death certificate) and**

**(2) proof of your authority to act on behalf of the deceased Owner of Record/Participant.**

**Signature of Owner of Record/Participant or person signing on behalf of Owner of Record/Participant:**

Signature: ______________________________

Printed Name: ______________________________

Date: ___ ___ / ___ ___ / ___ ___ ___ ___

Street Address: ______________________________

City: ______________________________

State: ___ ___ Zip: ___ ___ ___ ___ ___ - ___ ___ ___ ___

Daytime Phone: (___ ___ ___) ___ ___ ___ - ___ ___ ___ ___

**All completed and signed Designation Forms (including documents proving the death of the Measuring Life) should be mailed before the settlement is implemented, or if that is not possible because of the date of the Measuring Life's death, then within 30 days of the death of the Measuring Life, to:**

**IDS Life Class Action Information Center**
**P.O. Box 1595**
**Faribault, Minnesota 55021-1595**
**Re: Designation Form**

*Payment of the accidental death benefit described in this voucher is subject to the final settlement of the lawsuits captioned* Benacquisto v. American Express Financial Corp., State Court Docket No. 96-18477, Federal Court Docket No. 00-1980, *and the provisions found in the Stipulation of Settlement, including all of its exhibits.*

**Accidental Death Benefit (ADB).** The ADB provides a benefit to the Payee, payable upon Defendants' timely receipt of due proof of the Accidental Death of the Measuring Life during the ADB coverage period. The ADB coverage is as described in the Stipulation of Settlement and Class Notice. The term "Accidental Death" is defined below. The period of coverage is scheduled to begin on the date the settlement is implemented and lasts for the period of time shown on the front of this Benefit Voucher. The estimated ADB amount is shown on the front of this voucher, and the final amount, which will be no less, will be determined as described in the Stipulation of Settlement and Class Notice.

**General Provisions and Definitions.** The following general provisions and definitions apply to this voucher:

Accidental Death. Accidental Death means death occurring as a result, directly and independently of all other causes, of bodily injuries, effected solely through external, violent and accidental means within 90 days of the accident. The Accidental Death Benefit will not be paid for death resulting from suicide, while sane or insane; disease or infections, except for an infection resulting from an accidental cut or wound; physical or mental illnesses or the diagnosis or treatment of such illnesses; declared or undeclared war, or an act of war; any drug taken or absorbed, unless prescribed by a physician; committing or attempting to commit an assault or felony; or injuries received while operating, learning to operate or acting as a pilot or crew member of an aircraft.

Estimated Accidental Death Benefit. The amount of the accidental death benefit shown on the front of this voucher is an estimate, based upon the provisions in the Stipulation of Settlement and the Class Notice. The actual amount, which will be no less than the estimated amount, cannot be known before all of the settlement procedures are completed, which will not occur before the Courts approve the settlement, any appeals are exhausted, and the Claim Review Process has been administered. You may call the toll free number shown below after that date for information on the actual date on which the benefits will first be payable.

Measuring Life. The Measuring Life under the accidental death benefit described in this voucher will be the Default Measuring Life shown on the front of this voucher. However, if the Default Measuring Life is deceased, then the accompanying Designation Form must be used to identify an Alternate Measuring Life, which can be your spouse, parent or child (including a stepchild residing with you) or any other person in whom you have an insurable interest.

Payee. The Payee under the accidental death benefit described in this voucher will be the Default Payee shown on the front of this voucher, unless the Designation Form is used to identify an Alternate Payee applicable to the accidental death benefit provided in the settlement.

Reliance on Statements. We will rely on all statements in the application for coverage for any Alternate Measuring Life as being complete and true to the best of that person's knowledge and belief.

Filing Claims. Upon the Accidental Death of the Measuring Life while the accidental death benefit described in this voucher is in effect, you should submit this voucher, together with due proof of the Accidental Death of the Measuring Life, to:

IDS Life Settlement/ADB Claims
P.O. Box 1531
Minneapolis, Minnesota 55440-1531

Claim Deadline. Claims for the accidental death benefit must be submitted no later than the fourth anniversary of the date the settlement is implemented.

**Any Questions?**

**Call 1-877-657-8655**

**(If you use TDD/TTY, see page 20 of the Notice.)**

# BENEFIT VOUCHER

## IDS LIFE CLASS ACTION SETTLEMENT

Voucher # 23169401

*This document is evidence of valuable death benefit coverage. Please do not discard. Keep this document with your important papers.*

**Owner of Record/Participant:** ........................................ **PETER COVERT SR**

**Default Payee:** ........................................ **PETER COVERT SR**

**Default Measuring Life:** ........................................ **PETER COVERT SR**

**Estimated Accidental Death Benefit Amount:** ........................................ **$23,500.00**

**Accidental Death Benefit Coverage Period:** ........................................ **3 Years**

**Policy Face Amount or Annuity Account Value:** ........................................ **$536,345.33**

**Status of Policy or Annuity as of 8/31/00:** ........................................ **In Force**

**Policy or Annuity Number:** ........................................ **93106497128**

For purposes of the proposed settlement, if your policy is providing coverage under a reduced paid-up or extended term nonforfeiture option or if your annuity has been settled (i.e., annuitized), its status is shown as terminated.

*As part of a proposed class action settlement, the Defendants will provide free Accidental Death Benefit coverage to all Class Members receiving General Relief.*

The Accidental Death Benefit will take effect only if the proposed settlement is implemented and the above Owner or Participant receives General Relief. The settlement cannot be implemented until it has been approved by the Courts and any appeals are resolved in favor of the settlement. You may call the toll free number shown on the back of this voucher after that date for information on the actual effective date of this coverage.

* 2 3 1 6 9 4 0 1 *

# DESIGNATION FORM

## IDS LIFE CLASS ACTION SETTLEMENT

**Owner of Record/ Participant:** PETER COVERT SR

**Policy or Annuity Number:** 93106497128
**Default Payee:** PETER COVERT SR
**Default Measuring Life:** PETER COVERT SR

Use the Designation Form below to designate an Alternate Payee. Unless you state otherwise, the Payee will be the Default Payee shown above. Use the Designation Form on the back of this page to designate an Alternate Measuring Life if the person shown above as the Default Measuring Life is deceased as of the date the settlement is implemented. Otherwise, the Measuring Life will be the Default Measuring Life shown above.

## COMPLETE THIS SIDE OF THE FORM TO DESIGNATE AN ALTERNATE PAYEE

**YOU DO NOT NEED TO RETURN THIS DESIGNATION FORM TO TAKE ADVANTAGE OF THE ACCIDENTAL DEATH BENEFIT COVERAGE PROVIDED IN THIS SETTLEMENT, except as follows:** If the Default Measuring Life is deceased as of the date the settlement is implemented, then you ARE REQUIRED to change the Measuring Life. To do so, complete the Alternate Measuring Life Designation Form on the next page and mail it to the address provided before the date the settlement is implemented or, if that is impossible because of the date of the Measuring Life's death, within 30 days of the death of the Measuring Life. You may not change the Measuring Life after those dates. You SHOULD change the Payee if the Payee dies before the date the settlement is implemented or during the period your death benefits are in effect. You may change the Payee at any time before payment of a claim for the accidental death benefit.

**If you are not the Owner of Record/Participant, but are acting on behalf of the Owner of Record/Participant, you must provide proof of your authority to act on behalf of the Owner of Record/Participant.**

**If you are the personal representative of a deceased Owner of Record/Participant, you must provide:**

**(1) proof of the death of the Owner of Record/Participant (i.e., a death certificate) and**
**(2) proof of your authority to act on behalf of the deceased Owner of Record/Participant.**

I designate and understand that the Default Payee will be changed to the person named below as Alternate Payee.

**Alternate Payee:**

Name: ______________________________

Social Security #: ___ ___ ___-___ ___-___ ___ ___ ___

Street Address: ______________________________

City: ______________________________

State: ___ ___ Zip: ___ ___ ___ ___ ___-___ ___ ___ ___

**Signature of Owner of Record/Participant or person signing on behalf of Owner of Record/Participant:**

Signature: ______________________________

Printed Name: ______________________________

Date: ___ ___ / ___ ___ / ___ ___ ___ ___

Street Address: ______________________________

City: ______________________________

State: ___ ___ Zip: ___ ___ ___ ___ ___-___ ___ ___ ___

Daytime Phone: (___ ___ ___) ___ ___ ___-___ ___ ___ ___

* 2 3 1 6 9 4 0 1 *

# CHANGE OF ADDRESS FORM

## IDS LIFE CLASS ACTION SETTLEMENT

Sequence 1

Owner of Record/Participant: PETER COVERT SR
4730 CREST AVE
RIVERSIDE CA 92503-2919

Policy or Annuity No.: 93106497128

**USE THIS FORM ONLY TO CHANGE YOUR ADDRESS. YOU MAY COMPLETE AND RETURN THIS FORM AT ANY TIME TO:**

IDS LIFE CLASS ACTION INFORMATION CENTER
P.O. Box 405
Minneapolis, MN 55440-0405

POLICY OR ANNUITY OWNER

Name: ______________________________

Address: ______________________________

______________________________

City: ______________________ State: __ __

Zip Code: __ __ __ __ __ - __ __ __ __

Your signature is required to update our files. Please sign below.

______________________________
Signature of PETER COVERT SR

* 2 3 1 6 9 4 0 1 *

*23168282*

23168282 - 2
LINDA COVERT
4730 CREST AVE
RIVERSIDE CA 92503-2919

# STATEMENT OF ELIGIBILITY

## IDS LIFE CLASS ACTION SETTLEMENT

**Policy/Annuity Ownership Information:**

Owner of Record/Participant: LINDA COVERT
4730 CREST AVE
RIVERSIDE CA 92503-2919

Co-Owners:

Policy or Annuity No.: 93106496538
Product Type: Annuity
Policy/Annuity Status as of August 31, 2000: In Force

For purposes of the proposed settlement, if your policy is providing coverage under a reduced paid-up or extended term nonforfeiture option or if your annuity has been settled (i.e., annuitized), its status is shown as terminated.

**If the information printed here is incorrect, please send any corrections immediately to: IDS Life Class Action Information Center, P.O. Box 405, Minneapolis, Minnesota 55440-0405. For address changes, please use the enclosed Change of Address form.**

According to our records, you are a member of a class on whose behalf lawsuits have been brought against IDS Life Insurance Company, IDS Life Insurance Company of New York, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, American Express Financial Corporation and American Express Financial Advisors (collectively referred to as "Defendants"). The lawsuits, and the proposed settlement of the lawsuits, are described in detail in the accompanying Class Notice. **Please read the entire Notice carefully.**

This statement describes the relief that you will be eligible to receive if the proposed settlement is approved by the Courts and you remain a member of the class. Each of the forms of relief offered under the settlement is described in detail in the accompanying Notice at pages 8-14. There will be only one award of relief per Policy or Annuity. Where more than one person or entity has or had an ownership interest in a Policy or Annuity, all owners are presumed to be acting jointly. If one such person or entity requests that the Policy or Annuity be excluded from the Class, then all persons with an ownership interest in that particular Policy or Annuity shall be bound by that decision.

| Relief For Which You Will Be Eligible If The Proposed Settlement Is Approved |
|---|
| GENERAL RELIEF<br>ACCIDENTAL DEATH BENEFIT<br>Default Payee: LINDA COVERT<br>Default Measuring Life: LINDA COVERT<br>OR<br>CLAIM REVIEW PROCESS |

* You may name any other individual as the Payee under the accidental death benefit listed on this statement by using the enclosed Designation Form.

** If the person identified above as the Default Measuring Life is deceased, you **must** designate another person as the Measuring Life for purposes of the accidental death benefit identified on this statement. To make this change, please use the enclosed Designation Form **before the settlement is implemented**, or, if that is impossible due to the date of death of the Measuring Life, within 30 days of the date of death of the Measuring Life. You may change the Default Payee at any time before the death of the Measuring Life. You **should** change the Payee if he or she dies before the date the settlement is implemented or while the death benefit coverage is in effect.

# ELECTION FORM

## IDS LIFE CLASS ACTION SETTLEMENT

* 2 3 1 6 8 2 8 2 *

Sequence - 2

**Policy/Annuity Ownership Information:**

Owner of Record/Participant: LINDA COVERT
4730 CREST AVE
RIVERSIDE CA 92503-2919

Policy or Annuity Number: 93106496538

**RETURN THIS FORM ONLY IF YOU WANT TO ELECT THE CLAIM REVIEW PROCESS.**

**IF YOU WANT GENERAL RELIEF, YOU SHOULD NOT RETURN THIS ELECTION FORM.**

**I/we want to participate in the Claim Review Process to pursue a claim that I was/we were misled, or that wrongdoing with economic consequences otherwise occurred, with respect to the marketing, sale, administration or servicing of the Policy or Annuity indicated by the number printed above. (If the number printed above is not the number for which you want to submit a claim, please call the toll-free number below). I/we understand that the claim, once submitted, will be evaluated by a Claim Evaluator chosen by counsel for plaintiffs and the class and that I/we may or may not receive an award through the Claim Review Process. The relief awarded in the Claim Review Process can range from none at all to relief designed to redress any loss that may have resulted from the alleged wrongdoing. I/we realize that this election will make me/us ineligible for the General Relief.**

________________________________________
Signature of LINDA COVERT

(__ __ __) __ __ __ - __ __ __ __
Daytime Telephone Number

* You must return this Election Form if you want to elect to submit a claim to the Claim Review Process. If you elect to submit a claim to the Claim Review Process, then once the proposed settlement is final, you will receive a separate Claim Form with instructions on how to present your claim. DO NOT SUBMIT YOUR SPECIFIC CLAIM AT THIS TIME.

**If you want to elect to submit a claim to the Claim Review Process, you must complete this Election Form and mail it so that it is postmarked by January 29, 2001, to this address: IDS Life Class Action Information Center, P.O. Box 1276, Minneapolis, Minnesota 55440-1276, Re: Election Form.**

**Questions? Call 1-800-433-5314**

**(If you use TDD/TTY, see page 20 of the Notice.)**

Place
Correct
Postage
Here

IDS Life Class Action Information Center
PO Box 405
Minneapolis MN 55440-0405

# CHANGE OF ADDRESS FORM

## IDS LIFE CLASS ACTION SETTLEMENT

Sequence 2

Owner of Record/Participant: LINDA COVERT
4730 CREST AVE
RIVERSIDE CA 92503-2919

Policy or Annuity No.: 93106496538

**USE THIS FORM ONLY TO CHANGE YOUR ADDRESS. YOU MAY COMPLETE AND RETURN THIS FORM AT ANY TIME TO:**

IDS LIFE CLASS ACTION INFORMATION CENTER
P.O. Box 405
Minneapolis, MN 55440-0405

POLICY OR ANNUITY OWNER

Name: ______________________________

Address: ______________________________

______________________________

City: ______________________ State: __ __

Zip Code: __ __ __ __ __ - __ __ __ __

Your signature is required to update our files. Please sign below.

______________________________
Signature of LINDA COVERT

* 2 3 1 6 8 2 8 2 *

# DESIGNATION FORM

## IDS LIFE CLASS ACTION SETTLEMENT

| | |
|---|---|
| **Owner of Record/ Participant:** | LINDA COVERT |
| **Policy or Annuity Number:** | 93106496538 |
| **Default Payee:** | LINDA COVERT |
| **Default Measuring Life:** | LINDA COVERT |

Use the Designation Form below to designate an Alternate Payee. Unless you state otherwise, the Payee will be the Default Payee shown above. Use the Designation Form on the back of this page to designate an Alternate Measuring Life if the person shown above as the Default Measuring Life is deceased as of the date the settlement is implemented. Otherwise, the Measuring Life will be the Default Measuring Life shown above.

## COMPLETE THIS SIDE OF THE FORM TO DESIGNATE AN ALTERNATE PAYEE

**YOU DO NOT NEED TO RETURN THIS DESIGNATION FORM TO TAKE ADVANTAGE OF THE ACCIDENTAL DEATH BENEFIT COVERAGE PROVIDED IN THIS SETTLEMENT, except as follows:** If the Default Measuring Life is deceased as of the date the settlement is implemented, then you ARE REQUIRED to change the Measuring Life. To do so, complete the Alternate Measuring Life Designation Form on the next page and mail it to the address provided before the date the settlement is implemented or, if that is impossible because of the date of the Measuring Life's death, within 30 days of the death of the Measuring Life. You may not change the Measuring Life after those dates. You SHOULD change the Payee if the Payee dies before the date the settlement is implemented or during the period your death benefits are in effect. You may change the Payee at any time before payment of a claim for the accidental death benefit.

**If you are not the Owner of Record/Participant, but are acting on behalf of the Owner of Record/Participant, you must provide proof of your authority to act on behalf of the Owner of Record/Participant.**

**If you are the personal representative of a deceased Owner of Record/Participant, you must provide:**

**(1) proof of the death of the Owner of Record/Participant (i.e., a death certificate) and**
**(2) proof of your authority to act on behalf of the deceased Owner of Record/Participant.**

I designate and understand that the Default Payee will be changed to the person named below as Alternate Payee.

**Alternate Payee:**

Name: ______________________________

Social Security #: ___ ___ ___-___ ___-___ ___ ___ ___

Street Address: ______________________________

City: ______________________________

State: ___ ___ Zip: ___ ___ ___ ___ ___ - ___ ___ ___ ___

**Signature of Owner of Record/Participant or person signing on behalf of Owner of Record/Participant:**

Signature: ______________________________

Printed Name: ______________________________

Date: ___ ___ / ___ ___ / ___ ___ ___ ___

Street Address: ______________________________

City: ______________________________

State: ___ ___ Zip: ___ ___ ___ ___ ___ - ___ ___ ___ ___

Daytime Phone: (___ ___ ___) ___ ___ ___ - ___ ___ ___ ___

* 2 3 1 6 8 2 8 2 *

# BENEFIT VOUCHER

## IDS LIFE CLASS ACTION SETTLEMENT

Voucher # 23168282

*This document is evidence of valuable death benefit coverage. Please do not discard. Keep this document with your important papers.*

**Owner of Record/Participant:** ........ **LINDA COVERT**

**Default Payee:** ........ **LINDA COVERT**

**Default Measuring Life:** ........ **LINDA COVERT**

**Estimated Accidental Death Benefit Amount:** ........ **$20,500.00**

**Accidental Death Benefit Coverage Period:** ........ **3 Years**

**Policy Face Amount or Annuity Account Value:** ........ **$69,336.48**

**Status of Policy or Annuity as of 8/31/00:** ........ **In Force**

**Policy or Annuity Number:** ........ **93106496538**

For purposes of the proposed settlement, if your policy is providing coverage under a reduced paid-up or extended term nonforfeiture option or if your annuity has been settled (i.e., annuitized), its status is shown as terminated.

*As part of a proposed class action settlement, the Defendants will provide free Accidental Death Benefit coverage to all Class Members receiving General Relief.*

The Accidental Death Benefit will take effect only if the proposed settlement is implemented and the above Owner or Participant receives General Relief. The settlement cannot be implemented until it has been approved by the Courts and any appeals are resolved in favor of the settlement. You may call the toll free number shown on the back of this voucher after that date for information on the actual effective date of this coverage.

* 2 3 1 6 8 2 8 2 *

# COMPLETE THIS SIDE OF THE FORM TO DESIGNATE AN ALTERNATE MEASURING LIFE

**YOU DO NOT NEED TO RETURN THIS DESIGNATION FORM TO TAKE ADVANTAGE OF THE ACCIDENTAL DEATH BENEFIT COVERAGE PROVIDED IN THIS SETTLEMENT, except as follows:** If the Default Measuring Life is deceased as of the date the settlement is implemented, then you ARE REQUIRED to change the Measuring Life. To do so, complete the Alternate Measuring Life Designation Form below and mail it to the address provided before the date the settlement is implemented or, if that is impossible because of the date of the Measuring Life's death, within 30 days of the death of the Measuring Life. You may not change the Measuring Life after those dates.

The Default Measuring Life is deceased. I am designating the below named Alternate Measuring Life. The person I am designating is currently living and is either my spouse, parent or child (including a stepchild residing with me) or is a person in whom I have an insurable interest.

Name: ____________________

Social Security #: ___ ___ ___-___ ___-___ ___ ___ ___

Date of Birth: ___ ___ / ___ ___ / ___ ___ ___ ___

Relationship to you: ____________________

**If you are not the Owner of Record/Participant, but are acting on behalf of the Owner of Record/Participant, you must provide proof of your authority to act on behalf of the Owner of Record/Participant.**

**If you are the personal representative of a deceased Owner of Record/Participant, you must provide:**

**(1) proof of the death of the Owner of Record/Participant (i.e., a death certificate) and**

**(2) proof of your authority to act on behalf of the deceased Owner of Record/Participant.**

**Signature of Owner of Record/Participant or person signing on behalf of Owner of Record/Participant:**

Signature: ____________________

Printed Name: ____________________

Date: ___ ___ / ___ ___ / ___ ___ ___ ___

Street Address: ____________________

City: ____________________

State: ___ ___ Zip: ___ ___ ___ ___ ___ - ___ ___ ___ ___

Daytime Phone: (___ ___ ___) ___ ___ ___ - ___ ___ ___ ___

**All completed and signed Designation Forms (including documents proving the death of the Measuring Life) should be mailed before the settlement is implemented, or if that is not possible because of the date of the Measuring Life's death, then within 30 days of the death of the Measuring Life, to:**

**IDS Life Class Action Information Center**
**P.O. Box 1595**
**Faribault, Minnesota 55021-1595**
**Re: Designation Form**

*Payment of the accidental death benefit described in this voucher is subject to the final settlement of the lawsuits captioned* Benacquisto v. American Express Financial Corp., State Court Docket No. 96-18477, Federal Court Docket No. 00-1980, *and the provisions found in the Stipulation of Settlement, including all of its exhibits.*

**Accidental Death Benefit (ADB)**. The ADB provides a benefit to the Payee, payable upon Defendants' timely receipt of due proof of the Accidental Death of the Measuring Life during the ADB coverage period. The ADB coverage is as described in the Stipulation of Settlement and Class Notice. The term "Accidental Death" is defined below. The period of coverage is scheduled to begin on the date the settlement is implemented and lasts for the period of time shown on the front of this Benefit Voucher. The estimated ADB amount is shown on the front of this voucher, and the final amount, which will be no less, will be determined as described in the Stipulation of Settlement and Class Notice.

**General Provisions and Definitions**. The following general provisions and definitions apply to this voucher:

Accidental Death. Accidental Death means death occurring as a result, directly and independently of all other causes, of bodily injuries, effected solely through external, violent and accidental means within 90 days of the accident. The Accidental Death Benefit will not be paid for death resulting from suicide, while sane or insane; disease or infections, except for an infection resulting from an accidental cut or wound; physical or mental illnesses or the diagnosis or treatment of such illnesses; declared or undeclared war, or an act of war; any drug taken or absorbed, unless prescribed by a physician; committing or attempting to commit an assault or felony; or injuries received while operating, learning to operate or acting as a pilot or crew member of an aircraft.

Estimated Accidental Death Benefit. The amount of the accidental death benefit shown on the front of this voucher is an estimate, based upon the provisions in the Stipulation of Settlement and the Class Notice. The actual amount, which will be no less than the estimated amount, cannot be known before all of the settlement procedures are completed, which will not occur before the Courts approve the settlement, any appeals are exhausted, and the Claim Review Process has been administered. You may call the toll free number shown below after that date for information on the actual date on which the benefits will first be payable.

Measuring Life. The Measuring Life under the accidental death benefit described in this voucher will be the Default Measuring Life shown on the front of this voucher. However, if the Default Measuring Life is deceased, then the accompanying Designation Form must be used to identify an Alternate Measuring Life, which can be your spouse, parent or child (including a stepchild residing with you) or any other person in whom you have an insurable interest.

Payee. The Payee under the accidental death benefit described in this voucher will be the Default Payee shown on the front of this voucher, unless the Designation Form is used to identify an Alternate Payee applicable to the accidental death benefit provided in the settlement.

Reliance on Statements. We will rely on all statements in the application for coverage for any Alternate Measuring Life as being complete and true to the best of that person's knowledge and belief.

Filing Claims. Upon the Accidental Death of the Measuring Life while the accidental death benefit described in this voucher is in effect, you should submit this voucher, together with due proof of the Accidental Death of the Measuring Life, to:

IDS Life Settlement/ADB Claims
P.O. Box 1531
Minneapolis, Minnesota 55440-1531

Claim Deadline. Claims for the accidental death benefit must be submitted no later than the fourth anniversary of the date the settlement is implemented.

**Any Questions?**

**Call 1-877-657-8655**

**(If you use TDD/TTY, see page 20 of the Notice.)**

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 2615 Pacific Coast Highway, Suite 300, Hermosa Beach, California 90254.

On February 18, 2005, I served the following document described as:

**AMERICAN EXPRESS FINANCIAL ADVISORS, INC.'S REPLY TO CLAIMANTS' RESPONSE TO THE MOTION TO DISMISS CLAIMANTS' STATEMENT OF CLAIM**

on the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes as follows:

Laura D. McNamire, Esq.
Staff Attorney
NASD Dispute Resolution
300 S. Grand Avenue, Suite 900
Los Angeles, CA 90071
Fax: (213) 613-2677

Arthur S. Leider
Investors Arbitration Specialists, Inc.
8880 Rio San Diego Drive, Suite 800
San Diego, California 92108
Fax: (619) 615-2024

(X) I deposited such envelopes in the mail at Hermosa Beach, California. The envelopes were mailed with postage thereon fully prepaid.

( ) By Personal Service, I caused such envelope to be delivered by hand to the individuals at the addresses listed.

( ) By overnight courier (DHL), I caused the above-referenced document(s) to be delivered via DHL using a 2 day service, for delivery to the above addressee(s).

(X) By facsimile machine I caused the above-referenced document(s) to be transmitted to the above-named person at the following telephone number above.

(X) (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( ) (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

EXECUTED this 18th day of February 2005, at Hermosa Beach, California.

Ivana Maiorano

Place
Correct
Postage
Here

IDS Life Class Action Information Center
PO Box 405
Minneapolis MN 55440-0405

IDS Life Insurance Company

October 12, 2000

Dear Customer:

I am writing to inform you of benefits you may be eligible to receive as part of a proposed class action settlement. You are receiving this information because, according to our records, you may be a member of the proposed settlement class because you own or owned or had an interest in either (1) one or more life insurance policies that were issued between January 1, 1985 and February 29, 2000 by IDS Life Insurance Company or IDS Life Insurance Company of New York, or (2) one or more deferred annuity contracts that were in force during the period of January 1, 1985 and February 29, 2000 and that were issued by IDS Life Insurance Company, IDS Life Insurance Company of New York, American Centurion Life Assurance Company, American Enterprise Life Insurance Company or American Partners Life Insurance Company (collectively referred to, along with the related entities American Express Financial Corporation and American Express Financial Advisors, as the "Defendants"). The class of policy and annuity owners affected by the lawsuit is described in more detail at pages 4 through 5 of the enclosed Notice of Class Action. As a member of the class, you would be eligible to participate in the proposed settlement.

If you are or were acting on behalf of a tax-qualified retirement plan and its participants and beneficiaries (with respect to the plan), such as a trustee, plan administrator or plan sponsor, and the plan has an interest or its participants have or had an interest in a group annuity contract, please refer to the Fact Sheet for Qualified Plans for an explanation of particular issues that affect your rights and obligations in connection with the settlement. If you are a participant in a retirement plan and have an interest in a group annuity contract, please refer to the Plan Participant Information Sheet for an explanation of particular issues that affect your rights and obligations in connection with the settlement.

The parties to the lawsuit believe that the proposed settlement is in the best interest of all members of the class. As explained in the enclosed materials, the benefits and remedies available under the proposed settlement have been tailored to meet the circumstances of individuals like you.

Nevertheless, before the Defendants can make any settlement benefits available to customers, the proposed settlement must receive the final approval of the Courts involved in the litigation. A hearing on the settlement is scheduled for March 6, 2001 at 9:00 a.m. The purpose of this mailing is to provide you with information about the proposed settlement and what actions, if any, you may want or need to take before the Courts make their rulings.

## What Materials Are Included With This Letter?

The materials included with this letter are:

- A Notice of Class Action, Proposed Settlement, and Fairness Hearing
- A Statement of Eligibility
- A Benefit Voucher
- An Election Form
- A Designation Form
- A Change of Address Form

Please read all of the enclosed materials carefully to understand your rights and the decisions you need to make. If you have further questions or need a large-print version of this Class Notice Package, please call a special toll-free number, 1-800-433-5314 (or, if you use TDD/TTY, 1-877-657-8808). Specially trained personnel are available and best qualified to answer questions you may have about the proposed settlement. Please do not call the Courts or the Clerks of the Courts.

## American Express' Commitment To Its Customers

Throughout its history, American Express has always strived to deal fairly with its customers. We are committed to providing the best possible service and products and to maintaining the highest possible standards of business conduct, ethics and integrity. We firmly believe that our life insurance policies and deferred annuity contracts have always delivered significant value to our customers. The substantial General Relief offered by the proposed settlement is further evidence of American Express' commitment to its customers. In addition, the proposed settlement provides a forum for redress for any of our customers who may feel that they have been treated unfairly.

Sincerely,

Richard W Kling

R. W. Kling
President and CEO
IDS Life Insurance Company

| STATE OF MINNESOTA<br>DISTRICT COURT, FOURTH DISTRICT | | UNITED STATES DISTRICT COURT<br>DISTRICT OF MINNESOTA | |
|---|---|---|---|
| BENACQUISTO, ET AL.<br>v.<br>AMERICAN EXPRESS<br>FINANCIAL CORP., ET AL. | : Nos. 96-18477,<br>: 97-4742, 98-15681 | BENACQUISTO, ET AL.<br>v.<br>AMERICAN EXPRESS<br>FINANCIAL CORP., ET AL. | : No. 00-1980 DSD |

# NOTICE OF CLASS ACTION, PROPOSED SETTLEMENT, AND FAIRNESS HEARING

**THIS NOTICE HAS BEEN SENT TO YOU BY ORDER OF THE COURT. PLEASE READ THIS ENTIRE NOTICE CAREFULLY.** It discusses the proposed settlement of class action lawsuits involving certain life insurance policies and deferred annuity contracts. **You have not been sued.** Nevertheless, the proposed settlement may affect your rights as a member of the class.

**YOU MUST MAKE CERTAIN DECISIONS NOW:**

**First**, you must decide whether you want to be part of the proposed settlement as to each applicable life insurance policy or deferred annuity contract you own or owned. If you do, you must make other decisions before January 29, 2001, about (1) certain settlement benefits that are described below and (2) whether you want to object to the proposed settlement or appear at the fairness hearing, following the procedures set forth in Part I of this Notice. The Courts will hold a hearing on March 6, 2001, to evaluate the fairness of the proposed settlement.

**Second**, if you do not want to be part of the settlement with respect to a life insurance policy or deferred annuity contract, you must request exclusion from the settlement for that policy or annuity by January 29, 2001, following the procedures set forth in Part H of this Notice. Otherwise, for each policy or annuity you do not exclude from the class, you will be bound by all of the terms of the proposed settlement if the Courts approve it.

If you do not exclude yourself from the class, the proposed settlement (if approved) may affect your right to start or continue any other lawsuit or proceeding involving your Policy or Annuity. In addition, you will give up any claims arising from the marketing, sale, servicing or administration of your Policy or Annuity. The Release of Claims, which addresses this issue, is reprinted in full as an appendix to this notice.

# TABLE OF CONTENTS FOR THIS NOTICE

PAGE NO.


PART A: WHY YOU HAVE RECEIVED THIS NOTICE . . . . . . . . . . . . . . . . . . 3

PART B: DESCRIPTION OF THE CLASS . . . . . . . . . . . . . . . . . . . . . . . . 4

PART C: DECISIONS YOU MUST MAKE NOW . . . . . . . . . . . . . . . . . . . . . 5

1. IF YOU DECIDE TO REMAIN IN THE CLASS . . . . . . . . . . . . . 6
2. IF YOU DECIDE TO EXCLUDE YOURSELF FROM THE CLASS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

PART D: DESCRIPTION OF THE LAWSUITS AND THE SETTLEMENT NEGOTIATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

PART E: THE BENEFITS OF THE PROPOSED SETTLEMENT . . . . . . . . . . . 8

1. GENERAL RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
2. INTERNAL REPLACEMENT RELIEF . . . . . . . . . . . . . . . . . . . 10
3. THE CLAIM REVIEW PROCESS . . . . . . . . . . . . . . . . . . . . . . 11

PART F: INCOME TAX CONSEQUENCES . . . . . . . . . . . . . . . . . . . . . . . . 14

PART G: RELEASE OF CLASS MEMBERS' CLAIMS AND DISMISSAL OF LAWSUITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

PART H: INSTRUCTIONS FOR EXCLUDING YOURSELF FROM THE CLASS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

PART I: FAIRNESS HEARING, RIGHT TO OBJECT TO PROPOSED SETTLEMENT, AND THE RIGHT TO APPEAR . . . . . . . . . . . . . . . . 17

1. THE FAIRNESS HEARING . . . . . . . . . . . . . . . . . . . . . . . . . 17
2. YOUR RIGHT TO OBJECT, AND INSTRUCTIONS FOR OBJECTING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
3. YOUR RIGHT TO APPEAR . . . . . . . . . . . . . . . . . . . . . . . . . 18

PART J: ATTORNEYS REPRESENTING THE SETTLEMENT CLASS . . . . . . . . 19

PART K: ATTORNEYS' FEES AND EXPENSES . . . . . . . . . . . . . . . . . . . . . 19

PART L: RIGHT TO TERMINATE THE PROPOSED SETTLEMENT . . . . . . . . 19

PART M: PRELIMINARY AND PERMANENT INJUNCTION, AND EFFECT ON PENDING AND FUTURE LAWSUITS, ARBITRATIONS AND OTHER PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . 19

PART N: HOW TO GET ADDITIONAL INFORMATION . . . . . . . . . . . . . . . . 20

APPENDIX: RELEASE AND WAIVER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

## PART A: WHY YOU HAVE RECEIVED THIS NOTICE

You received this Notice because records indicate that you:

(1) have or had ownership interest in a cash value life insurance policy issued by IDS Life Insurance Company ("IDS") or IDS Life Insurance Company of New York ("IDSNY") as a result of an individual sale in the United States, including its territories and commonwealths, issued at any time during the period of January 1, 1985 through and including February 29, 2000 (this Notice refers to such life insurance policies as "Policies");

(2) have or had an ownership interest in an individual deferred annuity contract or a participation or beneficial interest in a group deferred annuity contract, issued by IDS, IDSNY, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, or American Partners Life Insurance Company in the United States, including its territories and commonwealths, that was in force at any time during the period of January 1, 1985 through and including February 29, 2000 (this Notice refers to those companies, along with their related companies, American Express Financial Corporation and American Express Financial Advisors, collectively, as the "Defendants"); or

(3) are a tax-qualified retirement plan, or a person acting on behalf of such plan or its participants and beneficiaries (with respect to the plan), and the plan purchased, owned, held or had any interest with respect to a group deferred annuity contract issued in the United States, including its territories and commonwealths, by one of the Defendants and that was in force at any time during the period of January 1, 1985 through and including February 29, 2000 (this Notice refers to such group contracts as "Group Qualified Annuities," and it refers to the deferred annuity contracts and participation and beneficial interests described in this paragraph and the previous paragraph as "Annuities.").

You may be eligible for certain benefits through the proposed settlement of these class action lawsuits, which were brought on behalf of a class of such Policy and Annuity owners against the Defendants. Although the Courts have not yet approved the proposed settlement, they have directed that this Notice be sent to you as a potential class member.

**You should read this Notice carefully, because it explains decisions you must make and actions you must take *now*. Those decisions and actions will affect your legal rights and any relief you may be eligible to receive under the proposed settlement.**

In return for resolving all claims involving the Policies and Annuities in the class, the proposed settlement offers class members a choice of relief: General Relief, Internal Replacement Relief (where eligibility criteria are met), and the Claim Review Process.

1. **General Relief**. General Relief is automatic and is available to all class members without requiring any showing that they were harmed in any way or that the Defendants did anything wrong. Class members who do not elect to participate in another form of relief will automatically receive free accidental death benefit coverage for a period of up to three years

as described below. **You need not do anything now if you want the General Relief.**

The General Relief is discussed at pages 9-10 below.

2. **Internal Replacement Relief**. Class members who purchased Policies from Defendants in order to replace earlier-purchased life insurance policies may be eligible, in certain circumstances described at pages 10-11 of this Notice, to receive relief directed to the costs or other consequences of that transaction. The enclosed Statement of Eligibility shows whether you may be eligible to participate in the Internal Replacement Relief. **If you are eligible and wish to participate in the Internal Replacement Relief, you must properly fill out the enclosed Election Form by electing the Internal Replacement Relief, and return it so that it is postmarked no later than January 29, 2001.** Your Election Form will only refer to the Internal Replacement Relief if, according to the Defendants' records, you may be eligible for this form of relief.

   The Internal Replacement Relief is discussed at pages 10-11 below.

3. **The Claim Review Process**. In contrast with General Relief and the Internal Replacement Relief, the Claim Review Process requires participants to support a claim that they were misled, or that wrongdoing with economic consequences otherwise occurred, with respect to the marketing, sale, administration or servicing of their Policies or Annuities. If you believe you were misled, or that wrongdoing with economic consequences otherwise occurred with respect to your Policy or Annuity, you may elect to participate in the Claim Review Process. A claim evaluator will review the strength or weakness of your claim, and the relief awarded, if any, will be based upon that review. **To participate in the Claim Review Process you must properly fill out the enclosed Election Form by electing the Claim Review Process, and return it so that it is postmarked no later than January 29, 2001.**

   The Claim Review Process is discussed at pages 11-14 below.

The total value of the settlement relief is estimated to be $215 million.

## PART B: DESCRIPTION OF THE CLASS

In Orders dated October 2, 2000, the Courts preliminarily certified a Class for purposes of a settlement.

The Class includes (a) all persons or entities who have or had an ownership interest in a cash value life insurance policy issued by IDS Life Insurance Company or IDS Life Insurance Company of New York as a result of an individual sale in the United States, including its territories and commonwealths, issued at any time during the period of January 1, 1985 through February 29, 2000; (b) all persons or entities who have or had an ownership interest in an individual deferred annuity contract or a participation or beneficial interest in a tax-qualified group deferred annuity contract issued by any of the Defendants in the United States, including its territories and commonwealths, that was in force at any time during the period of January 1, 1985 through February 29, 2000; and (c) all tax-

qualified retirement plans and persons or entities acting on behalf of such a plan and its participants and beneficiaries (with respect to the plan), including but not limited to trustees, plan administrators and plan sponsors, that purchased, owned, held or had any interest with respect to a group deferred annuity contract issued in the United States, including its territories and commonwealths, by one of the Defendants and that was in force at any time during the period of January 1, 1985 through February 29, 2000. You can be a member of this Class even if your Policy or Annuity is no longer in force.

Notwithstanding the description above, the following persons and entities are not included in the proposed Class:

- any present officer, any former officer of grade 50 and above, or equivalent, or any financial advisor of Defendants;
- any insurance company that owns or owned a Policy or Annuity pursuant to an absolute assignment effected as part of an exchange under section 1035 of the Internal Revenue Code.

In addition, the proposed Class does not include persons or entities (unless such persons or entities are Class members by virtue of their ownership interest in another Policy or Annuity) who have or had an ownership interest in Policies or Annuities that:

- were timely excluded from the Class in accordance with the steps described in Part H (pp. 15-17) of this Notice; or
- were terminated by reason of death, and, in the case of a Policy, death benefits were paid; or
- were not accepted or funded, or were returned to the issuer, as part of the exercise of a free look provision in the Policy or Annuity; or
- were rescinded as part of a reissue of a new policy or annuity contract, or because of a material misrepresentation on a Policy or Annuity application, or where the Policy or Annuity was rescinded and the premiums or other monies paid were returned to the Policy or Annuity owner; or
- were the subject of a release signed by any person or entity while represented by counsel settling a claim or dispute and releasing the issuer from any further liability concerning such Policy or Annuity; or
- were term life insurance policies, graded premium whole life insurance policies, immediate annuities, or deferred annuities that were settled (that is, annuitized) prior to January 1, 1985.

If you satisfy the criteria described in this Part B, you are a Class Member.

## PART C: DECISIONS YOU MUST MAKE NOW

**You must decide *now* whether you want to remain in the Class or to exclude yourself from the Class.**

If you remain in the Class, you have two additional choices to make now, as described below in Parts E and I (pp. 8-9 and 17-19).

If you want to be excluded from the Class, you must notify the Courts as described below in Part H (pp. 15-17).

If you have or had an ownership interest in more than one Policy or Annuity covered by the definition of the Class, you must make a separate decision for each Policy or Annuity.

Where more than one person has or had an ownership interest in a Policy or Annuity, all owners will be presumed to be acting jointly with the person or entity whose Social Security number or taxpayer identification number appears in Defendants' records as the identifying owner of the Policy or Annuity. If one owner excludes a particular Policy or Annuity from the Class, then all co-owners will be presumed to be acting jointly, and all persons with an ownership interest in that Policy or Annuity are bound by that decision. Separate rules may apply if you have or had an interest in a Group Qualified Annuity — consult the Plan Participant Information Sheet, which should be enclosed with this Notice if you have a participation interest in a Group Qualified Annuity, or the Fact Sheet for Qualified Plans, which should be enclosed with this Notice if you are acting on behalf of a tax-qualified retirement plan and its participants and beneficiaries (with respect to the plan), which plan purchased, owned, held or had any interest in a Group Qualified Annuity. If you did not receive the Plan Participant Information Sheet or the Fact Sheet for Qualified Plans, and you believe you should have, call the IDS Life Class Action Information Center at 1-800-433-5314.

1. **IF YOU DECIDE TO REMAIN IN THE CLASS:**

- You may receive one of three types of settlement relief available if the proposed settlement is approved. Unless you choose otherwise, you will automatically receive the General Relief. Alternatively, you may be eligible for and elect the Internal Replacement Relief, or you may apply for relief through the Claim Review Process. You must decide now which settlement benefit you want to receive. These three options are described in greater detail in Part E below.

- You also may object to any aspect of the proposed settlement by filing a written objection. Your written objection must be mailed to the Courts and separately to the parties postmarked no later than January 29, 2001. If you want to speak at the Fairness Hearing, you also must file and serve a Notice of Intention to Appear at the Fairness Hearing by that same date. The procedures for objecting and speaking at the Fairness Hearing are described in Part I (pp. 17-18) below.

- You will be bound by the Courts' rulings. If you remain in the Class, you will be bound by all orders and judgments in these cases, whether favorable or unfavorable. As set forth in the Release annexed as the Appendix to this Notice, you will not be able to start, continue or otherwise participate in certain other claims, lawsuits or other proceedings relating to any Policy or Annuity for which you choose to remain in the Class.

2. **IF YOU DECIDE TO EXCLUDE YOURSELF FROM THE CLASS:**

- You must submit a written request to exclude yourself from the Class with respect to a particular Policy or Annuity, which must be postmarked no later than January 29, 2001. The procedure for doing so is described at pages 15-17 below.
- If you exclude yourself from the Class with respect to a particular Policy or Annuity: (1) you will not be eligible for General Relief, the Internal Replacement Relief or the Claim Review Process for that Policy or Annuity; (2) you will not be able to object to the proposed settlement; and (3) you will not be bound, for the purposes of the Policy or Annuity you exclude from the proposed settlement, by any orders or judgments entered in these cases if the proposed settlement is approved.

## PART D: DESCRIPTION OF THE LAWSUITS AND THE SETTLEMENT NEGOTIATIONS

This litigation involves four lawsuits against the Defendants. Three cases were filed in the Minnesota State Court for the County of Hennepin and were later consolidated. A fourth case was filed in the United States District Court for the District of Minnesota. The cases are referred to collectively in this Notice as the "Actions."

All of the Plaintiffs styled their cases as class actions, seeking relief not only for themselves, but for all similarly-situated persons.

In the Actions, Plaintiffs allege that the Defendants made certain misrepresentations, failed to disclose certain facts and engaged in other wrongdoing in connection with the marketing, sale, administration, and servicing of their life insurance and deferred annuity products. The Defendants vigorously dispute these allegations.

The parties negotiated the proposed settlement with an understanding of the factual and legal issues that would affect the outcome of these Actions. During the course of the lawsuits, Plaintiffs, through their attorneys, thoroughly examined and investigated the facts and law relating to the issues in these cases. Plaintiffs' factual investigation included review of approximately 350,000 pages of documents from the Defendants' files, interviews and sworn depositions of Defendants' officers, employees and sales representatives, and consultations with various experts.

The Plaintiffs and the Defendants believe the final outcome of the lawsuit, if it were to proceed through trial and appeals, is uncertain. Based on their evaluation of the facts and law, the Plaintiffs, the Defendants and their attorneys have determined that this proposed settlement is fair, reasonable and adequate. They have reached this conclusion based on the substantial benefits the proposed settlement provides Class Members, the risks, uncertainties and costs inherent in this litigation, and the desirability of providing benefits to Class Members promptly, rather than continuing this protracted litigation.

The Courts have not determined the merits of the claims or defenses in these Actions, and they will not do so if they approve the proposed settlement. The proposed settlement does not suggest that the Defendants have or have not done anything wrong, or that Plaintiffs and the Class would or would not win their cases if they were to go to trial.

## PART E: THE BENEFITS OF THE PROPOSED SETTLEMENT

If you decide to remain in the Class, and if the Courts approve the proposed settlement, you may receive one form of settlement benefits for each of your Policies or Annuities. The specific benefits for which you are eligible depend on several factors, which are explained further below. You do not have to give up your Policy or Annuity to receive benefits under the proposed settlement.

**Enclosed with this Notice is a Statement of Eligibility for each of your Policies and Annuities, which identifies the benefits you are eligible to receive. Please consult your Statement of Eligibility as you review the benefits described below. If you have any questions about your Statement of Eligibility, please call 1-800-433-5314.**

There are three categories of benefits available under the proposed settlement: General Relief, the Internal Replacement Relief, and the Claim Review Process. Each of these categories is described below. **If you decide to remain in the Class, you must, for each Policy or Annuity you decide to keep in the Class, choose now among General Relief, Internal Replacement Relief (if you are eligible), and the Claim Review Process. You may only choose one form of settlement benefits for each Policy or Annuity.**

If you choose General Relief, you do not need to do anything now. You will receive the General Relief automatically if the Courts approve the proposed settlement.

If you are eligible to participate in the Internal Replacement Relief and you wish to receive this benefit instead of General Relief or the Claim Review Process, you must make this choice now, and submit an Election Form electing the Internal Replacement Relief so that it is postmarked no later than January 29, 2001.

If, instead of General Relief or the Internal Replacement Relief, you want to participate in the Claim Review Process, you must make this choice now, and submit an Election Form electing the Claim Review Process so that it is postmarked no later than January 29, 2001.

There will be only one award of relief per Policy or Annuity.

Benefits will become available under the proposed settlement only if and when two things happen. First, the Courts must approve the proposed settlement. The Courts will grant approval if they find that the proposed settlement is fair, reasonable and adequate and that these Actions meet all of the legal requirements of a class action. Second, the Courts' approval of the settlement must become final and no longer be subject to appeal. No one can say with certainty if or when these events will occur.

Please note: You will not be eligible for any relief under this settlement, nor will you release any claims, if the Courts do not approve the proposed settlement, or if one of the parties terminates the settlement.

## 1. GENERAL RELIEF

If you do not elect the Internal Replacement Relief (if you are eligible) or the Claim Review Process and do not exclude yourself from the Class with respect to a Policy or Annuity, you automatically will receive the General Relief. The General Relief consists of the Accidental Death Benefit (referred to in this Notice as the "ADB"), described below. The value of the General Relief will be $100 million, based on comparable insurance rates in the open market.

The ADB provides death benefit coverage as described below. This benefit will be provided free of charge to all Class Members who are to receive General Relief.

- *Payment of Benefit*. The ADB provides for payment of the death benefit when the Defendants receive due and timely proof of the accidental death of the "Measuring Life" (defined below) within the time period described below. The payment of the benefit will be made to the "Payee" (defined below).
- *Amount of Benefit*. The amount of the death benefit available under the ADB will be based on whether it relates to a Policy, Annuity, or tax-qualified Annuity, and the account value of or premiums paid on the Annuity, or the face amount of the Policy, as set forth in the Stipulation of Settlement. Please see the Benefit Voucher for the estimated amount. The estimated amount may be adjusted upward, depending upon the elections made by all Class Members.
- *Duration of the Benefit*. The duration of the benefit available under the ADB will depend on the attained age of the Measuring Life. The ADB will have the duration indicated on the Benefit Voucher.
- *"Measuring Life" and "Payee"*. The "Measuring Life," for purposes of the ADB, is the person upon whose accidental death the ADB will be paid, subject to the terms set forth in the enclosed Benefit Voucher. The person who will be paid the ADB is the "Payee." Unless changed, the Measuring Life and the Payee will be the persons listed on the Benefit Voucher.
- *Changing the Measuring Life or Payee*. If the person shown on your Benefit Voucher as your Default Measuring Life is deceased as of the date the settlement is implemented, before the date the settlement is implemented (or, if that is impossible due to the date of death of your Default Measuring Life, within 30 days of the death of the Default Measuring Life), you must choose an Alternate Measuring Life from among your spouse, parent, child or any other person in whom you have an insurable interest. You also may change the Payee at any time before the payment of a claim for the accidental death benefit. You should change the Payee if the person designated as Payee dies before the date the settlement is implemented or during the coverage period. To change the Measuring Life or the Payee, you must fill out the enclosed

Designation Form following its instructions and return it to:

IDS Life Class Action Information Center
P.O. Box 1595
Faribault, Minnesota 55021-1595
Re: Designation Form

## 2. INTERNAL REPLACEMENT RELIEF

You may be eligible for the Internal Replacement Relief if you owned a Policy issued by one of the Defendants, and you replaced it with another Policy issued by one of the Defendants, and if you meet the other criteria (described below) for this Relief.

The enclosed Statement of Eligibility indicates whether you may have a Policy that makes you eligible for the Internal Replacement Relief. Even if the Statement of Eligibility indicates that you may be eligible for the Internal Replacement Relief, the Defendants may, based on their records, determine that you are not eligible for the Internal Replacement Relief. If you are found to be ineligible, you will be given notice of your ineligibility and an opportunity to receive either the General Relief or the Claim Review Process.

If you believe you are entitled to the Internal Replacement Relief and the Statement of Eligibility does not indicate that you may be eligible for that form of relief, you may call 1-800-433-5314 to determine whether you are eligible for the Internal Replacement Relief.

The following describes the criteria for and the remedies available (if the Internal Replacement Relief is properly elected) through the Internal Replacement Relief:

- if you paid a surrender charge on a policy issued by one of the Defendants because you used the value of that policy to purchase the new Policy, you will receive an addition to the Policy's cash value equal to 50% of the surrender charge you actually paid (if the new Policy is still in force) or a cash payment of the same amount (if the new Policy is terminated).
- if you used the value of a policy issued by one of the Defendants to purchase a new Policy and the Underwriting Rate Class on the new Policy is higher than the one on the policy you replaced, then the original Underwriting Rate Class will be reinstated going forward, beginning within 120 days after the settlement is implemented, on the portion of your Policy equal to the original face amount of your original policy (if the new Policy is still in force), or you will have the opportunity to apply for an enhanced policy as provided below (if your Policy is terminated).
- if you used the value of a policy issued by one of the Defendants to purchase a new Policy and the new Policy was in a lower Cost of Insurance Rate Band (as a result of having a lower face amount than the original policy), meaning that the new Policy's cost of insurance deduction was higher per $1000 of coverage, then the original Cost of Insurance Rate Band will be reinstated going forward, beginning within 120 days after the settlement is implemented (if the new

Policy is still in force), or you will have the opportunity to apply for an enhanced policy as provided below (if your Policy is terminated).

- if you used the value of a policy issued by one of the Defendants to purchase a new Policy that was identical to the original policy, then you will receive (within 90 days after the settlement is implemented) a one time 75 basis point bonus applicable to the new Policy's cash value at the time of the replacement, which will be credited to the Policy (if the new Policy is still in force) or you will have the opportunity to apply for an enhanced policy as provided below (if your Policy is terminated).

If you are entitled to apply for an enhanced policy as provided above, you will be given the opportunity for 120 days after the settlement is implemented to apply for a new individual universal life or variable universal life insurance policy on the life of the person designated as the insured under the now terminated Policy that was purchased using the value of an earlier policy issued by one of the Defendants. The enhanced policy must have a face amount that is no less than the minimum policy issue amount and that is equal to (or less than) the face amount of the now terminated Policy. Defendants will (after the first year) apply a policy credit of 100 basis points on premium payments received during the first year of the enhanced policy (up to the amount of premiums equal to the target premium for the enhanced policy). Favorable underwriting terms will apply and, if they are not met, you may choose an alternative insured for the enhanced policy from among your spouse, parents, children or others in whom you have an insurable interest.

If there is more than $2 million in unused funds in the Claim Review Process (described below), those unused funds will be distributed to all Class Members who will receive relief. If you are to receive the Internal Replacement Relief and there are such unused funds, you will receive that distribution in the form of accidental death benefits. Accordingly, you may need to change the Measuring Life or want to change the Payee listed on the enclosed Statement of Eligibility. You may use the enclosed Designation Form to make such changes.

**To elect the Internal Replacement Relief, you must properly fill out and return the enclosed Election Form electing the Internal Replacement Relief so that it is <u>postmarked no later than January 29, 2001</u>. Otherwise, you cannot participate in the Internal Replacement Relief.**

## 3. THE CLAIM REVIEW PROCESS

If you believe that you were misled, or that wrongdoing with economic consequences otherwise occurred, with respect to the marketing, sale, administration or servicing of your Policy or Annuity, you may elect to submit your claim to the Claim Review Process under the proposed settlement instead of receiving General Relief or the Internal Replacement Relief (if eligible). The Claim Review Process is provided at no cost to you.

In the Claim Review Process, the relief awarded can range from none at all to relief designed to redress any loss that may have resulted from the alleged wrongdoing, based on the particular facts of your claim as evidenced by your written description of your claim and any other documents or other materials

you submit, as well as the documents and information that the Defendants will assemble about your Policy or Annuity.

All relief awarded in the Claim Review Process will come from a fund, called the "Claim Review Relief Fund," established by the Defendants with an initial value of $85 million. Under the Claim Review Process, a Claim Evaluator appointed by the attorneys for the Class (referred to in this notice as "Class Counsel") will review the claims and award relief from the Claim Review Relief Fund based on criteria agreed upon by the parties and approved by the Court. The Defendants shall pay an amount, in addition to the above Claim Review Relief Fund, of at least $2 million and up to $3 million (depending on the number of Policies and Annuities for which claims are filed) for the fees and expenses of the Claim Evaluator. Any additional fees and expenses of the Claim Evaluator shall be paid from accrued interest on the Claim Review Relief Fund.

If, after all awards from the Claim Review Relief Fund have been determined, there are unused funds in the Claim Review Relief Fund of $2 million or less, those unused funds shall be used to increase proportionally awards in the Claim Review Process. If there are unused funds in excess of $2 million, those unused funds shall be used to increase the settlement benefits to all Class Members. If the value of the relief to be awarded through the Claim Review Process would exceed the value of the Claim Review Relief Fund (the $85 million plus available interest), each award in the Claim Review Process will be reduced on a pro rata basis.

**To elect the Claim Review Process, you must properly fill out and return the enclosed Election Form electing the Claim Review Process so that it is postmarked no later than January 29, 2001. Otherwise, you cannot participate in the Claim Review Process.**

At this point, you only need to elect whether or not to participate in the Claim Review Process. If you timely submit an Election Form electing the Claim Review Process, you will be sent a Claim Form later — after the Courts have finally approved the settlement and all appeals have been exhausted. When you receive the claim form, you must fill it out completely by, among other things, explaining the details of your claim, and attach all documents you have that relate to the Policy or Annuity and your claim. You may also, but need not, submit sworn statements or other information to support your claim.

After the Claim Form is sent to you, you will have 60 days to return your completed claim form along with supporting documents. If you fail to file the Claim Form on time, you no longer will be eligible for the Claim Review Process and you will receive the General Relief.

Listed below are examples of the types of claims that might be submitted in the Claim Review Process:

1. Replacement Claims: Any claim that, at the time you bought your Policy or Annuity, the Defendants or their sales representatives misrepresented to you the advantages, disadvantages or financial impact of using the cash or account value or interest from an existing policy or annuity — whether issued by one of the Defendants or by any other company — to purchase a new Policy or Annuity issued by one of the Defendants.

2. Performance Misrepresentation Claims: Any claim that the Defendants or their sales representatives misrepresented to you the manner in which a Policy or Annuity would accumulate value. Valid performance claims are not simply claims that the earnings on a Policy or Annuity did not meet your hopes or expectations, but rather, must be based on a claim that it was misrepresented to you by the Defendants or one of their sales representatives that the Policy or Annuity would perform in a certain way that ultimately did not happen. For example, one might seek to base a performance claim on a misrepresentation (1) that the cash or account value in a Policy would not be less than shown to you in an illustration created by the Defendants or one of their sales agents or would be maintained at a certain level over the life of the Policy; (2) that the interest crediting rate on a Policy or Annuity would not vary over the life of the Policy or Annuity or would be maintained at a certain level over the life of the Policy or Annuity; (3) that a Policy's mortality and expense charges, cost of insurance, administrative or other charges would stay lower than the maximum levels guaranteed in the Policy form; (4) that for a fixed number of payments a Policy was guaranteed to produce certain cash values; (5) that a Policy's surrender value would always exceed the amount of premiums paid or that the Policy would always show a positive rate of return; (6) that the account value of an Annuity would be maintained at a certain level over the life of the Annuity; or (7) that a variable Annuity's account value would, at the time of death, always exceed the purchase payments (or where applicable, the Annuity's cash value on the most recent six year anniversary of the Issue Date).

3. Life Insurance Accelerated Payment or "Vanishing Premium" Claims: Any claim that the Defendants or ~~their~~ sales representatives misrepresented to you at the time of purchase that they would issue a "fully paid up" or "paid up" Policy for the originally illustrated face amount of insurance without any further premium payments; or that, in return for a fixed number or amount of premium payments or for premiums paid until a specified age, the Defendants would issue a Policy for the illustrated death benefit without ever requiring any further out-of-pocket premiums; or that the Policy was a "single pay," "x-pay" (where x equals a number of years), "zero-pay" or "no-pay" policy.

4. Life Insurance Savings and Retirement Misrepresentation Claims: Any claim that the Defendants or their sales representatives made misrepresentations at the time of purchase (1) that a Policy was primarily a vehicle for investment, savings, capital, money accumulation, pension or a retirement plan, while not meaningfully disclosing that the product was a life insurance policy or the fact that the product was a life insurance policy was misleadingly disguised, de-emphasized or minimized; or (2) that life insurance was suitable solely to meet the applicant's savings and retirement goals; or (3) that the premiums were "deposits," "contributions" or "outlays" and this characterization was misleading.

5. Qualified Annuity Misrepresentation Claims: Any claim that the Defendants or their sales representatives made misrepresentations that misled you into purchasing an Annuity to fund a tax-qualified retirement plan or arrangement (under the Internal Revenue Code), such as an IRA or 401(k) plan, through misrepresentations regarding the tax-deferral benefits of that Annuity or the plan or arrangement, or that such an

Annuity was unconditionally appropriate for such plans or arrangements.

6. Annuity Tax Consequences Misrepresentation Claims: Any claim that the Defendants or their sales representatives misrepresented to you at the time of purchase the tax treatment of withdrawals from a variable Annuity concerning the application of ordinary income tax rates rather than capital gains tax rates. These claims will not apply to Annuities that were purchased to fund tax-qualified retirement plans or arrangements (under the Internal Revenue Code). You will only recover under these claims if you purchased your Annuity after August 5, 1997 as a result of a misrepresentation.

7. Annuity Age Misrepresentation Claims: Any claim that the Defendants or their sales representatives misrepresented to you at the time of purchase: (1) the liquidity of the Annuity, including the length of the surrender charge period, and you were at least 85 years old on the issue date of the Annuity; (2) the availability of the minimum death benefit guarantee of a variable Annuity, and you were at least 75 years old on the issue date of the Annuity; or (3) the estate tax consequences of an Annuity, and you were at least 75 years old on the issue date of the Annuity.

8. Other Marketing, Sales, Administration and Servicing Claims: Any claims that (i) the Defendants or their sales representatives made misrepresentations or otherwise misled you in connection with the marketing, sale, administration or servicing of your Policy or Annuity; (ii) the marketing, sale, administration or servicing of your Policy or Annuity violated any applicable statutes or regulations respecting product advertising or retail sales practices or the administration or servicing of Policies or Annuities; (iii) the administration or servicing of your Policy or Annuity violated the contractual provisions of the Policy or Annuity; (iv) you were the victim of forgery in connection with your Policy or Annuity; or (v) wrongdoing other than those set forth above in this paragraph occurred and had adverse economic consequences for the Applicant or the Claimant, and such wrongdoing related to the marketing, sale, administration or servicing of the Policy or Annuity, including the application for or purchase of any Policy or Annuity; the suitability of any Policy or Annuity; the setting of any interest rates, purchase rates or renewal rates on any Policy or Annuity; the setting of any cost of insurance, commissions, taxes, fees or surrender charges, or expenses on any Policy or Annuity or Annuity subaccount; the investment choices made with respect to assets held in any Policy or Annuity; the benefits or disadvantages of any Policy or Annuity compared to any other life insurance policy, annuity contract or investment; and the provision of financial or investment advice or the preparation of a financial plan insofar as either resulted in the sale, modification or maintenance of any Policy or Annuity.

## PART F: INCOME TAX CONSEQUENCES

Your receipt of benefits under the proposed settlement could have tax consequences for you. Those tax consequences may vary, depending on your individual circumstances. Accordingly, Class Counsel, the Defendants and the representatives at the toll-free telephone numbers listed in this Notice

*CANNOT* advise you about the tax consequences of receiving settlement relief in your particular circumstances.

You should consult your own tax advisor to determine any federal, state, local or foreign tax consequences that could result from accepting or pursuing any form of relief under the proposed settlement. Where appropriate, the Defendants will report any taxable amount on an IRS Form 1099 that will be sent to you and the IRS.

## PART G: RELEASE OF CLASS MEMBERS' CLAIMS AND DISMISSAL OF LAWSUITS

If the Courts approve the proposed settlement, you must release (give up) all claims that have been or could have been asserted, as set forth in the Release attached as the Appendix, and the lawsuits will be dismissed on the merits and with prejudice. If you remain in the Class with respect to a Policy or Annuity, you may not assert any of those claims in any other lawsuit or proceeding with respect to that Policy or Annuity, including any other lawsuit or proceeding already in progress.

In addition, in exchange for the benefits provided under the proposed settlement, you must release the Defendants, their parents, affiliates, predecessors and subsidiaries, and others (including their sales representatives, agents and brokers) from liability for most claims relating to the Policies or Annuities involved in the settlement, including any claims for compensatory, exemplary or punitive damages.

The Release is a critical element of the proposed settlement. For that reason, it has been reprinted word-for-word in the Appendix to this Notice. You should READ THE RELEASE CAREFULLY, because it will affect your rights if you remain in the Class.

The settlement of these lawsuits does not change any of your contractual rights under the express terms of your existing Policy or Annuity. You will still be able to make a claim for any benefits that may be payable under the express terms of your Policy or Annuity.

## PART H: INSTRUCTIONS FOR EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in the settlement for any particular Policy or Annuity, you must ask for that Policy or Annuity to be excluded from the Class to avoid being bound by the settlement and any order and judgment in these Actions. To request exclusion from the Class, you must mail a written request so that it is postmarked no later than January 29, 2001, to the following address:

IDS Life Class Action Information Center
P.O. Box 1602
Faribault, Minnesota 55021-1602
Re: Exclusion from the Class

Your request for exclusion must state the following information:

(1) your name, address and telephone number;

(2) the Policy or Annuity number(s) for which you are requesting exclusion (which you can find on the Statement(s) of Eligibility included with this Notice);

(3) a statement that you want to be excluded from the Class as to each Policy or Annuity listed;

(4) your signature; and

(5) the case name and number (*Benacquisto v. American Express Financial Corporation*, State Court No. 96-18477, Federal Court No. 00-1980).

Please be sure to write the words "EXCLUSION REQUEST" on the lower left-hand corner of the front of the envelope.

If you own or owned more than one Policy or Annuity affected by the proposed settlement, you may choose to remain a Class Member as to some Policies or Annuities and exclude yourself from the Class as to other Policies or Annuities.

If a Class Member excludes himself or herself from the Class with respect to a particular Policy or Annuity, then all other Class Members who have or had an ownership interest in that particular Policy or Annuity (other than separate participation interests in a Group Qualified Annuity) are automatically excluded from the Class as well. The identity of any additional owners, as reflected in the Defendants' records, is shown on the enclosed Statement of Eligibility.

**If you request exclusion from the Class:**

- **you will not be eligible for any of the settlement benefits; and**
- **you will not be allowed to object to the terms of the settlement; and**
- **you will not be bound by any subsequent rulings entered in these Actions.**

**Remember, your request for exclusion must be postmarked no later than January 29, 2001. Otherwise, your request will be late and invalid.**

**If your exclusion request is postmarked after January 29, 2001:**

- **you will remain a member of the Class, and you will be bound by the settlement and by all orders and judgments in these lawsuits; and**
- **you will not be able to file, participate in or continue any other lawsuit or proceedings based on or relating to the Released Conduct, facts or circumstances set forth in the Release (see Appendix).**

*Even if you already have a pending claim, lawsuit or other proceeding against any of the Defendants relating to one or more Policies or Annuities, you still must submit a written request for exclusion for that Policy or Annuity — so that it is postmarked no later than January 29, 2001 — if you want to exclude yourself from the Class. Otherwise, you will be bound by all orders and judgments in these cases, and your other proceeding(s) may be barred. If you have a pending claim, lawsuit or proceeding against any of the Defendants or their related persons or entities, be sure to show this Notice to your attorney.*

## PART I: FAIRNESS HEARING, RIGHT TO OBJECT TO PROPOSED SETTLEMENT, AND THE RIGHT TO APPEAR

### 1. THE FAIRNESS HEARING

On March 6, 2001, at 9:00 a.m., the Courts will hold a hearing, called the Fairness Hearing, to consider whether to grant final certification to the Class for settlement purposes and whether to approve the proposed settlement as fair, reasonable and adequate. The Courts also will determine the amount of attorneys' fees and expenses to be awarded to Class Counsel. The hearing will be held at the Hennepin County Government Center, 300 South Sixth Street, Minneapolis, Minnesota 55487, in Courtroom 1759.

If you have not asked to be excluded from the Class, you may object to any aspect of the proposed settlement, as discussed below. You also may appear at the Fairness Hearing to present your objections, although you are not required to do so. Please note that the Courts have the right to change the hearing date, time or location without further notice. If you are planning to attend the hearing, you should confirm the date, time and location before appearing.

### 2. YOUR RIGHT TO OBJECT, AND INSTRUCTIONS FOR OBJECTING

You must remain a member of the Class in order to object to any aspect of the proposed settlement, including final certification of a settlement class, the fairness of the proposed settlement, the adequacy of the Class representation by Plaintiffs and Class Counsel and the award of attorneys' fees and expenses to Class Counsel. Any objection must be presented in writing to the Courts and the parties at the addresses indicated below so that it is <u>postmarked no later than January 29, 2001</u>.

Your written objection must include:

(1) your name, address and telephone number;

(2) your Policy or Annuity number(s) (which you can find on the Statement(s) of Eligibility enclosed with this Notice);

(3) a statement of your objection(s), and any supporting evidence you wish to introduce; and

(4) the case name and number (*Benacquisto v. American Express Financial Corporation*, State Court No. 96-18477, Federal Court No. 00-1980).

You must file your written objection with the Clerks of the Courts at the following addresses so that it is postmarked no later than January 29, 2001:

Clerk of the Court
Minnesota State Court for Hennepin County
Hennepin County Government Center
300 South Sixth Street
Minneapolis, Minnesota 55487
Re: *Benacquisto v. American Express Financial Corporation*, No. 96-18477

Clerk of the Court
United States District Court
District of Minnesota
300 South Fourth Street
Minneapolis, Minnesota 55415
Re: *Benacquisto v. American Express Financial Corporation*, No. 00-1980

You also must mail copies of your written objection to Class Counsel and separately to the Defendants' counsel at the addresses listed below so that it is postmarked no later than January 29, 2001:

**Class Counsel:**
Melvyn I. Weiss, Esq.
Brad N. Friedman, Esq
Janine L. Pollack, Esq.
Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza
New York, New York 10119

Richard Lockridge, Esq.
Lockridge Grindal Nauen, P.L.L.P.
100 Washington Avenue South
Minneapolis, Minnesota 55401

**Defendants' Counsel:**
Charles C. Platt, Esq.
Randall M. Fox, Esq.
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
125 West 55th Street
New York, New York 10019

George F. McGunnigle, Esq.
Leonard, Street & Deinard, P.A.
150 South Fifth Street
Minneapolis, Minnesota 55402

The Courts will not consider any objections postmarked after January 29, 2001. Late objections will be deemed to have been given up or waived.

If you timely file your objection and the Courts overrule it, you still will be eligible for relief under the settlement.

## 3. YOUR RIGHT TO APPEAR

If you timely file and serve a written objection as described above, you may — but are not required to — attend the Fairness Hearing, either in person or through an attorney paid by you. You or your attorney may appear at the hearing to object to any aspect of the proposed settlement, including final certification of a settlement class, the fairness of the proposed settlement, the adequacy of the Class's representation by Plaintiffs and Class Counsel, and the award of attorneys' fees and expenses.

If you or your attorney intend to appear at the Fairness Hearing, you or your attorney must file a Notice of Intention to Appear with the Clerks of the Courts, and serve that Notice on Class Counsel and the Defendants' counsel, at the addresses listed above. Your Notice of Intention to Appear must be postmarked no later than January 29, 2001.

You (and/or your attorney) may, at your own expense, review the discovery materials produced in this case. Those documents will be made available by appointment during regular business hours at the offices of Lockridge Grindal Nauen, P.L.L.P., 100 Washington Avenue South, Minneapolis, MN 55401. To obtain access, you (and/or your attorney) first must sign a Confidentiality Agreement, which Class Counsel will provide, in which you

(and/or your attorney) agree to abide by all orders, including protective orders, entered by the Courts in the Actions.

## PART J: ATTORNEYS REPRESENTING THE SETTLEMENT CLASS

The Courts have designated Milberg Weiss Bershad Hynes & Lerach LLP and Lockridge Grindal Nauen, P.L.L.P. as Class Counsel in the Actions and as counsel for the Class for purposes of the settlement of this lawsuit. A number of other attorneys from different parts of the country also have participated in this case on behalf of the Class. **You will not be charged for the services of the law firms representing the Class.**

You have the right to retain your own attorney to represent you in these cases, but you are not obligated to do so. If you do hire your own attorney, or if you already have done so in connection with a lawsuit you previously have filed against any of the Defendants, you will have to pay his or her attorneys' fees and expenses yourself. You also have the right to represent yourself before the Court without an attorney.

## PART K: ATTORNEYS' FEES AND EXPENSES

At the Fairness Hearing, Class Counsel will ask the Courts for an award of attorneys' fees and expenses not to exceed $28 million, to be paid by the Defendants. The Defendants will not oppose Class Counsels' application for an award of fees and expenses up to these amounts.

**Payment of attorneys' fees and expenses to Class Counsel will not reduce any funds or benefits being made available to you.**

## PART L: RIGHT TO TERMINATE THE PROPOSED SETTLEMENT

Under limited circumstances, each of the parties to this lawsuit has the right to terminate the proposed settlement. Such circumstances include the decision of the Courts or any appellate court to reject, modify, or deny approval of any portion of the proposed settlement; or if the number of Class Members who elect to exclude themselves from the Class exceeds a certain defined threshold. If the proposed settlement is terminated, you will not receive any of the settlement benefits, and you will not be affected in any way by the parties' actions in connection with the proposed settlement.

## PART M: PRELIMINARY AND PERMANENT INJUNCTION, AND EFFECT ON PENDING AND FUTURE LAWSUITS, ARBITRATIONS AND OTHER PROCEEDINGS

The Courts have preliminarily enjoined all Class Members from starting, continuing or participating in, or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order based on or relating to the claims, facts or circumstances in this case and/or the Released Conduct (as that term is

defined in the Release, which is reprinted in the Appendix). If you do not ask to be excluded from the Class, you will be bound by this preliminary injunction.

The Courts also have preliminarily enjoined all persons from starting or continuing any other lawsuit or proceeding as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in any pending action) on behalf of Class Members, if that other suit is based on or relates to the claims, facts or circumstances in the Actions and/or the Released Conduct.

Upon final approval of the settlement, Plaintiffs and the Defendants will ask the Courts to enter permanent injunctions enjoining all Class Members from engaging in the activities described above. All Class Members will be bound by the permanent injunction.

If you do not submit a written request to be excluded from the Class, so that it is postmarked no later than January 29, 2001, you will be bound by all proceedings, orders and judgments in the Actions, even if you previously began or later begin litigation or other proceedings against the Defendants and related entities relating to your Policies or Annuities. The Courts may enforce their injunctions through contempt orders or other judicial proceedings.

## PART N: HOW TO GET ADDITIONAL INFORMATION

This Notice and the accompanying documents are only a summary of the proposed settlement, which is set forth in a more detailed legal document called the "Stipulation of Settlement." The full Stipulation of Settlement is on file with the Clerks of the Courts. For a more detailed statement of the matters involved in this case, Plaintiffs and the Defendants also refer you to the complaints and amended complaints in the Actions and to the other papers and Court orders on file in the Offices of the Clerks of the Courts. You may inspect these documents at the Offices of the Clerks of the Courts at any time during normal business hours.

A toll-free number has been established, and trained personnel who are employed by the independent, Court-approved Administrator are available to answer any questions you might have about the proposed settlement. If you have questions after reading this Notice, or if you need a large-print version of the Class Notice Package, please call **1-800-433-5314.** If you use a TDD/TTY terminal for the hearing impaired, please call 1-877-657-8808.

**PLEASE DO NOT CALL THE COURTS OR THE CLERKS OF THE COURTS.**

Dated: October 12, 2000

Clerks of the Courts

# APPENDIX

## RELEASE AND WAIVER

(Section XII of the Stipulation of Settlement)

A. Release and Waiver

1. In consideration for the relief set forth in this Agreement, Plaintiffs and all other Releasors (defined below) shall, as of the Final Settlement Date, release, acquit and forever discharge the Releasees (defined below) from any and all past or present Claims and Causes of Action (defined below) that are based upon, related to, or connected with, directly or indirectly, in whole or in part: (a) the allegations, facts or subjects set forth or otherwise raised in *Benacquisto, et al. v. American Express Financial Corporation, et al.*, No. 96-18477, pending before the Minnesota State Court for the County of Hennepin (together with the actions consolidated therewith, also filed in the Minnesota State Court for the County of Hennepin and entitled *Mork, et al. v. IDS Life Insurance Company, et al.*, No. 97-04742, and *Thoresen, et al. v. American Express Financial Corporation, et al.*, No. 98-015681) and/or *Benacquisto, et al. v. American Express Financial Corporation, et al.*, No. 00-1980 DSD/JMM, pending before the United States District Court for the District of Minnesota; or (b) the Released Conduct (defined below).

2. Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors also hereby contractually agree and acknowledge that, unless this settlement is ultimately disapproved, they shall not now or hereafter initiate, participate in, maintain, maintain a right to or assert against the Releasees, or any of them, either directly or indirectly, derivatively, on their own behalf, or on behalf of the Class or the general public or any other person or entity, any Claims and Causes of Actions (defined below) that are based upon, related to, or connected with, directly or indirectly, in whole or in part: (a) the allegations, facts or subjects set forth or otherwise raised in *Benacquisto, et al. v. American Express Financial Corporation, et al.*, No. 96-18477, pending before the Minnesota State Court for the County of Hennepin (together with the actions consolidated therewith, also filed in the Minnesota State Court for the County of Hennepin and entitled *Mork, et al. v. IDS Life Insurance Company, et al.*, No. 97-04742, and *Thoresen, et al. v. American Express Financial Corporation, et al.*, No. 98-015681) and *Benacquisto, et al. v. American Express Financial Corporation, et al.*, No. 00-1980 DSD/JMM, pending before the United States District Court for the District of Minnesota; or (b) that relate in any way to the Released Conduct.

3. Nothing in this Release shall be deemed to alter (i) a Class Member's right to make a claim for contractual benefits that will become payable in the future pursuant to the express written terms of an In Force Policy or In Force Annuity issued by any of Defendants; (ii) a Class Member's right to assert any claim that independently arises from acts, facts or circumstances that occur for the first time after the last day of the Class Period; (iii) a Class Member's right to make a claim for theft or

embezzlement in connection with a Policy or Annuity; (iv) a Class Member's right to assert any claim based on facts arising out of or relating to the administration or servicing of a Policy or Annuity after its purchase unless they arise out of or relate to any of the matters described in sections XII.B.2.(i)-(xiii) of the Stipulation of Settlement; or (v) a Class Member's right to assert any claim peculiar to the Class Member that falls outside the general categories of claims or conduct described in the complaints in the Actions or the Release in this settlement and is based on facts that were not discovered and could not with reasonable care have been discovered by the Class Member before the deadline to submit an Election Form set forth in the Stipulation of Settlement.

4. Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors, expressly agree that this Release will be, and may be raised as, a complete defense to, and will preclude any action or proceeding that relates in any way to, the Released Conduct.

5. Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors, expressly understand that certain principles of law, such as Section 1542 of the Civil Code of the State of California, provide that a "general" release does not extend to claims that a creditor does not know or suspect to exist in his favor at the time of executing the release and which, if known by him, must have materially affected his settlement with the debtor. To the extent that these principles of law arguably may be applicable – notwithstanding that the parties have chosen Minnesota law to govern the Stipulation of Settlement – Plaintiffs and the Class Members hereby agree that these principles (including Cal. Civ. Code Section 1542 and all similar federal or state laws, rights, rules, or legal principles of any jurisdiction that may be applicable herein) are hereby knowingly and voluntarily waived and relinquished by Plaintiffs and the Class Members, and Plaintiffs and the Class Members hereby agree and acknowledge that this is an essential term of both the Settlement Agreement and this Release.

6. In connection with this Release, Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors, acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those that they now know or believe to be true with respect to the matters released herein that occurred prior to the last day of the Class Period. Nevertheless, subject to paragraph 3 above, it is the intention of Plaintiffs and the Class Members in executing this Release fully, finally and forever to settle and release all such matters that exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to their Policies and Annuities.

7. Nothing in this Release shall preclude any action to enforce any of the terms of the Settlement Agreement, provided that such action shall be brought in the Minnesota State Court for the County of Hennepin or the United States District Court for the District of Minnesota.

8. Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors, hereby agree and acknowledge that the provisions of this Release, individually and collectively, constitute an essential and material term of the Settlement Agreement.

9. This Release is the result of a compromise of a disputed claim and shall never at any time be used as evidence of any admission of liability, wrongdoing or damages by the Company.

B. Release and Waiver — Definitions

1. "Claims and Causes of Action" (as used in this Release) means any and all claims for relief (including any federal, exclusively federal, state, or other causes of action, suits, petitions, or demands in law or equity), any and all allegations of liability (including any allegations of debts, obligations, promises, guarantees, damages, awards, or for any equitable, legal and administrative relief), and any and all demands for damages or equitable relief (including any claims for rescission, reformation, restitution or all damages of any kind, including those in excess of actual damages and claims for mental anguish), that have been, could have been, may be or could be asserted in any court action, whether federal, state or otherwise, or before any administrative body (including any brought by or on behalf of any state or local insurance, prosecutorial or other organization), tribunal, arbitration panel, or other adjudicatory body, regardless of whether based on federal, state or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether foreseen or unforeseen, suspected or unsuspected, or fixed or contingent at the time of this Settlement.

2. "Released Conduct" means any and all direct or indirect acts, representations, omissions, suggestions, or communications that are related to or connected in any way with the design, development, marketing, sale, administration, servicing, underwriting, or performance of the Policies or the Annuities, including, without limitation, acts, representations, omissions, suggestions or communications in connection with (i) the explanation, description, marketing, sale, solicitation, illustration or replacement of any Policy or Annuity; (ii) the application for or purchase of any Policy or Annuity; (iii) the suitability of any purchases, sales or replacements of any Policy or Annuity; (iv) the taking of any loans, or the accumulation of any interest or cash values on any Policy or Annuity; (v) the setting, reduction, adjustment, payment, or lack of payment of any interest rates, purchase rates or renewal rates on any Policy or Annuity; (vi) the setting, charging or reducing of any cost of insurance, commissions, incentives, premiums, taxes, fees, mortality and expense fees, charges, contract charges, surrender charges, or expenses on any Policy or Annuity; (vii) the investment choices made with respect to assets held in any Policy or Annuity; (viii) the surrender, lapse, or termination of any Policy or Annuity; (ix) the tax status, tax impact or tax consequences of any Policy or Annuity or any actions or inaction taken with respect thereto; (x) the costs, commissions, terms, or benefits or disadvantages of any Policy or Annuity compared to any other life insurance policy, annuity contract or investment; (xi) the comparison or lack of comparison of any Policy or Annuity to any other product; (xii) the preparation by any financial advisor acting for the Company of any financial plan or the provision of financial or investment advice insofar as it resulted in the sale, modification or maintenance of any Policy or Annuity; (xiii) the effect that a Class Member's election and award of benefits in this Settlement Agreement may have on the value of

Place Correct Postage Here

IDS Life Class Action Information Center
Re: Election Form
PO Box 1276
Minneapolis MN 55440-1276

any Policy or Annuity; and (xiv) the administration or servicing of any Policy or Annuity after its purchase.

3. "Releasees" means the Company and its past, present and future parents, subsidiaries, affiliates, partners, predecessors, successors and assigns, and each of their respective past, present and future officers, directors, shareholders, employees, general agents, agents, advisors, branch managers, producers, sales representatives, brokers, solicitors, representatives, attorneys, heirs, administrators, executors, insurers, predecessors, successors and assigns, or any of them, including any person or entity acting on behalf of, or at the direction of, any of them.

4. "Releasors" means, to the extent they are not excluded from the Class with respect to a Policy or Annuity, the Plaintiffs and all Class Members, on behalf of themselves and their respective heirs, executors, administrators, successors, assigns, guardians, attorneys, trustees, qualified plans, fiduciaries, plan fiduciaries, plan trustees, plan sponsors, plan participants, plan beneficiaries, and representatives, and on behalf of the Policies' insureds and beneficiaries, the Annuities' annuitants and beneficiaries, and the Policies' and Annuities' nominal and beneficial owners.