IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

**LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,**

Plaintiffs,

vs.

**AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,**

Defendants.

Civil No. 00-1980 DSD/JMM

AFFIDAVIT OF B. SCOTT WHIPPLE IN SUPPORT OF RESPONSE TO MOTION TO ENFORCE CLASS ACTION SETTLEMENT AS TO CLAIMS OF TRUDY A. KALAC AND RICHARD M. KALAC BEFORE THE NASD

STATE OF OREGON )<br>) ss.<br>County of Multnomah )

I, B. Scott Whipple, being first duly sworn, depose and say as follows:

1. I am one of the attorneys for Richard M. Kalac and Trudy Kalac ("Kalacs") and I make this affidavit based on my personal knowledge.

2. The Kalacs filed their Statement of Claim against American Express Financial Advisors ("AEFA") and Greg Hogue ("Hogue") in May, 2004. Mr. Hogue was a registered representative employed by AEFA. The Kalacs' Statement of Claim asserts that they are entitled



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503-222-9981

to recover losses from AEFA and Mr. Hogue as a result of unsuitable recommendations, breach of fiduciary duty, negligence, negligent misrepresentations, violations of Oregon securities laws, and AEFA's breach of its duty to supervise Mr. Hogue. On or about July 27, 2004, AEFA filed a Uniform Submission Agreement with the NASD. A true and correct copy of the Uniform Submission Agreement is attached to hereto as Exhibit 1/

3. AEFA's counsel subsequently filed a Motion to Enforce Class Action Settlement with the Federal District Court of Minnesota ("Court") dated December 15, 2004 ("December Motion"). Despite a certificate of service certifying that AEFA's counsel caused the December Motion to be mailed to me on December 15, 2004, it was sent by two-day delivery to arrive at my office on December 27, 2004. After leading the NASD Panel and me to believe that AEFA would abide by the Panel's ruling on whether a portion of the claims were precluded by the Final Order, counsel for AEFA obtained an order from this Court pursuant to the December Motion, on January 19, 2004 ("January Order"), without giving notice to me of the hearing date set on the matter.

4. I did not learn of this Court's January Order until April 3, 2005, during an initial review of a Motion to Dismiss submitted in the NASD arbitration by AEFA, which included the January Order as an attachment. Counsel for AEFA participated in a January 26, 2005 hearing in the NASD Arbitration and did not mention entry of the January Order. In February of 2005, Counsel for AEFA also requested rescheduling of an NASD hearing set to consider the issues surrounding the Final Order without mentioning entry of the January Order.

5. In spite of the lack of disclosure by counsel for AEFA about the proceedings before this Court, the Kalacs conceded to the Panel and AEFA that they would not pursue claims in connection with variable life insurance and variable annuities securities ("IDS Securities") covered by the May 15, 2000 Final Order and Judgment Approving Class Settlement and Dismissing Complaint ("Final Order"), to the extent those claims depend on facts or circumstances that occurred on or before February 29, 2000. The Kalacs explained to the Panel



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503-222-9981

that they agreed to limit the factual bases of their claims regarding the securities covered by the Court's Final Order and Judgment Approving Class Action Settlement and Dismissing Compliant ("IDS Securities"). Specifically, the Kalacs agreed to limit their claims with regard to the IDS Securities to recommendations by Mr. Hogue made after the end of the Class Period. The Kalacs assert that the first of these recommendations occurred at a March 2000 meeting between the Kalacs and Mr. Hogue. The NASD accepted this concession and issued its own order barring the Kalacs from recovering damages for claims dependent on facts and circumstances that occurred during the Class Period. A true and correct copy of the NASD order barring claims covered arising during the Class Period is attached hereto as Exhibit 2.

s/B. Scott Whipple
B. Scott Whipple

SUBSCRIBED AND SWORN to before me this 17th day of May, 2005.

s/Angela M. St. Martin
NOTARY PUBLIC FOR OREGON
My Commission Expires: 8/13/05



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503-222-9981