**demonstration rather than remote or speculative.** " NASD Code of Arbitration § 10312(d)(3)(Emphasis added). Respondents' letter to the Director does not set forth any admissible evidence that demonstrates direct and definite bias of any member of the panel, let alone the entire panel.

Respondents' primary argument is that the panel was automatically biased because counsel for the Claimants sent to the NASD, with a request to forward to the panel, Respondents' Motion to Enforce Class Action Settlement ("Motion to Enforce"), which Respondents filed with the U.S. District Court of Minnesota ("Court"). Counsel for Claimants admits that he forwarded, without comment, a copy of Respondents' Motion to Enforce to the NASD. (Whipple Aff., Exhibit 1). Evidence of the mere receipt of a publicly filed document can not lead to a reasonable determination of the panel's bias.

The panel previously heard argument on Respondents' Motion to Dismiss, which was similar to Respondents' Motion to Enforce. A copy of the panel's ruling is attached to this Response. (Whipple Aff., Exhibit 2). Respondents, apparently unsatisfied with the ruling, have now turned to the Court to achieve their desired ruling, while ignoring the Uniform Submission Agreement they filed with the NASD agreeing to the panel's authority to decide such issues. (Whipple Aff., Exhibit 3). Claimants' counsel forwarded the Motion to Enforce to the panel because if granted by the Court, the Motion to Enforce would have a significant impact on the pending NASD arbitration. (Whipple Aff., ¶ 5). Claimants' counsel believed that it was important to inform the panel of the progress of the litigation and the potential that the NASD arbitration may be upset by developments in other forums. (Whipple Aff., ¶ 6).

Claimants do not believe that it is appropriate to address the substance of the legal issues raised by Respondents. The panel has already made its ruling and presumably the Court will also make a ruling. However, Claimants believe that it is important to note that Respondents' reliance on NASD Code of Arbitration Section 10301(d)(2) is