UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1980(DSD/JMM)

Lesa Benacquisto, Daniel
Benacquisto, Richard Thoresen,
Elizabeth Thoresen, Arnold
Mork, Isabella Mork, Ronald
Melchert and Susan Melchert, on
behalf of themselves and all
others similarly situated,

   Plaintiffs,

v.                  **ORDER**

American Express Financial
Corporation, American Express
Financial Advisors, American
Centurion Life Assurance
Company, American Enterprise
Life Insurance Company,
American Partners Life
Insurance Company, IDS Life
Insurance Company and IDS Life
Insurance Company of New York,

   Defendants.

   This matter is before the court upon the motion of defendant "to enforce class action settlement as to claims of Peter G. Covert, IRA and Linda L. Covert, IRA before the NASD" and the motion of respondents to stay and compel arbitration. For the reasons that follow, the court denies defendant's motion and grants the Coverts' motion.

**BACKGROUND**

On May 15, 2001, the court issued an order entering final judgment, certifying the class, approving the proposed class settlement and dismissing the complaint in this consolidated class action.[1] (Order of May 15, 2001 at 3, 6, 13 & 17.) Peter and Linda Covert (the "Coverts") were unnamed class members in that action. Through the class settlement and in exchange for their release of all claims, the Coverts and other class members received general relief in the form of free accidental death benefit insurance.

On July 20, 2004, the Coverts submitted an arbitration claim to the National Association of Securities Dealers ("NASD"), seeking relief against American Express Financial Advisors ("AEFA"), a defendant in the underlying matter. (See Mueller Aff. Ex. 3.) On August 17, 2004, AEFA signed a "Uniform Submission Agreement" to arbitrate the Coverts' claims. (See MacDonald Aff. Ex. 1.) The Coverts had signed the same agreement on July 13, 2004. (See id. Ex. 2.) On January 14, 2005, AEFA moved for the arbitration panel

---

[1] The Hennepin County Minnesota District Court and this court had previously issued a joint order consolidating several related actions and preliminarily certifying a class of plaintiffs. The claims in those actions focused on the alleged unsuitability of certain life insurance policies and deferred annuity plans issued by defendants American Express Financial Advisors ("AEFA"), American Express Financial Corporation, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, IDS Life Insurance Company and IDS Life Insurance Company of New York.

to dismiss the Coverts' claims, arguing that the Benacquisto class settlement bars their claims.  (See id. Ex. 7.)  On February 28, 2005, the panel denied AEFA's motion.  (See id. Ex. 3.)

AEFA now moves that the court bar the Coverts' arbitration of any claims relating to annuities covered by the Benacquisto class settlement.  In response, the Coverts move for a stay of the proceedings and an order to compel arbitration pursuant to the Uniform Submission Agreement entered into by both parties.

**DISCUSSION**

In its final order, the court permanently enjoined class members who did not opt out of the settlement from bringing any subsequent action based on the policies and annuities that were the subject of the litigation.  (Order of May 15, 2001 ¶ 14.)  The court also expressly retained jurisdiction over "all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and [the] Order and Judgment."  (Id. ¶ 19.)  The court specifically reserved jurisdiction to determine whether subsequent claims were barred by the order.  (Id. ¶ 19(a).)  The court possesses the authority to issue injunctions to enforce its final orders. Thompson v. Edward D. Jones & Co., 992 F.2d 187, 189 (8th Cir. 1993).

However, the court must stay the proceedings before it and compel arbitration if the dispute falls within the scope of a valid

3

arbitration agreement. Houlihan v. Offerman & Co., 31 F.3d 692, 694-95 (8th Cir. 1994); see also 9 U.S.C. §§ 3 & 4. An agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. As such, a Uniform Submission Agreement to arbitrate is a valid and binding contract that effectively modifies earlier agreements. See Dean Witter Reynolds, Inc. v. Fleury, 138 F.3d 1339, 1342 (11th Cir. 1998). The court remains mindful that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983).

The Coverts argue that AEFA's agreement to arbitrate precludes it from seeking an order from this court relating to the issues presented to the arbitration panel. In the Uniform Submission Agreement, AEFA agreed to submit the "statement of claim, answers, cross claims and all related counterclaims and/or third party claims which may be asserted" to arbitration. (MacDonald Aff. Ex. 1.) The Coverts' statement of claim involves the alleged unsuitability of variable annuity plans recommended by AEFA. AEFA has made no showing that the agreement to arbitrate was invalid or that the dispute now before the court does not fall within the scope of that agreement. Rather, in moving to dismiss the Coverts' claims, AEFA made the same arguments before the arbitration panel

4

that it makes here concerning the underlying settlement agreement. For these reasons, the court finds that the present dispute falls within the scope of a valid arbitration agreement.

AEFA argues that the court should nonetheless address the merits of the dispute because NASD ignored the court's final order and judgment approving the settlement. AEFA's argument fails for two reasons. First, it has made no showing that NASD ignored its arguments or this court's prior order. Second, when parties agree to arbitrate claims that may be barred by a prior settlement agreement, the evaluation of any weight to be accorded the settlement agreement "is a determination committed to the arbitrators' discretion." DVC-JPW Investors v. Gershman, 5 F.3d 1172, 1174 (8th Cir. 1993). The court therefore declines the invitation to interfere with an issue that has been submitted to the discretion of NASD.[2] For all of the above reasons, a stay of the proceedings before this court and an order to compel arbitration are warranted.

## CONCLUSION

Accordingly, based upon a review of the file, record and proceedings herein, **IT IS HEREBY ORDERED** that:

---

[2] Similarly, the court will not address the Coverts' arguments concerning the scope of the settlement agreement and the sufficiency of notice.

5

1.   Defendant's motion to enforce class action settlement as to claims of Peter and Linda Covert before the NASD [Doc. No. 133] is denied.

2.   The motion of Peter and Linda Covert to stay the proceedings as to their claims and to compel arbitration [Doc. No. 147] is granted.

Dated:   June 13, 2005

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court