UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1980(DSD/JMM)

Lesa Benacquisto, Daniel Benacquisto, Richard Thoresen, Elizabeth Thoresen, Arnold Mork, Isabella Mork, Ronald Melchert and Susan Melchert, on behalf of themselves and all others similarly situated,

Plaintiffs,

v. **ORDER**

American Express Financial Corporation, American Express Financial Advisors, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, IDS Life Insurance Company and IDS Life Insurance Company of New York,

Defendants.

This matter is before the court upon the motion of defendant "to enforce class action settlement as to claims of Trudy A. Kalac and Richard M. Kalac before the NASD." For the reasons that follow, the court denies defendant's motion.

**BACKGROUND**

On May 15, 2001, the court issued an order entering final judgment, certifying the class, approving the proposed class

settlement and dismissing the complaint in this consolidated class action.[1] (Order of May 15, 2001 at 3, 6, 13 & 17.) Trudy and Richard Kalac (the "Kalacs") were unnamed class members in that action. Through the class settlement and in exchange for their release of all claims, the Kalacs and other class members received general relief in the form of free accidental death benefit insurance.

In May of 2004, the Kalacs submitted an arbitration claim to the National Association of Securities Dealers ("NASD") against American Express Financial Advisors ("AEFA"), a defendant in the underlying matter, and Greg Hogue, a registered representative employed by AEFA. (See Whipple Aff. ¶ 2.) On July 27, 2004, AEFA signed a "Uniform Submission Agreement" to arbitrate the Kalacs' claims. (See id. Ex. 1.) However, on December 17, 2004, AEFA moved this court to enforce the settlement agreement and to hold that the settlement barred the Kalacs' claims that involved certain life insurance policies or variable annuity products. (See Doc. No. 128.) Having received no response or argument from the Kalacs,

[1] The Hennepin County Minnesota District Court and this court had previously issued a joint order consolidating several related actions and preliminarily certifying a class of plaintiffs. The claims in those actions focused on the alleged unsuitability of certain life insurance policies and deferred annuity plans issued by defendants American Express Financial Advisors ("AEFA"), American Express Financial Corporation, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, IDS Life Insurance Company and IDS Life Insurance Company of New York.

the court relied upon only the submissions of AEFA and issued the requested order on January 19, 2005.

AEFA subsequently moved NASD to dismiss the Kalacs' claims, again arguing that the settlement agreement barred their claims. After receiving submissions and hearing arguments, NASD cited this court's January 19, 2005, order and stated that it would only consider damages arising after the last day of the class period in the Benaquisto class settlement. (See Whipple Aff. Ex. 2.) The Kalacs have also apparently agreed not to pursue claims that depend upon facts and circumstances arising before the end of the class period. (See id. ¶ 5.) NASD denied AEFA's motion to dismiss, but granted leave to renew the motion at the time of arbitration.

AEFA now moves that the court bar any arbitration of the Kalacs' claims relating to annuities listed in the January 19, 2005, order.

## DISCUSSION

In its final order, the court permanently enjoined class members who did not opt out of the settlement from bringing any subsequent action based on the policies and annuities that were the subject of the litigation. (Order of May 15, 2001 ¶ 14.) The court also expressly retained jurisdiction over "all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and [the] Order and

Judgment." (Id. ¶ 19.) The court specifically reserved jurisdiction to determine whether subsequent claims were barred by the order. (Id. ¶ 19(a).) The court possesses the authority to issue injunctions to enforce its final orders. Thompson v. Edward D. Jones & Co., 992 F.2d 187, 189 (8th Cir. 1993).

However, an agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. As such, a Uniform Submission Agreement to arbitrate is a valid and binding contract that effectively modifies earlier agreements. See Dean Witter Reynolds, Inc. v. Fleury, 138 F.3d 1339, 1342 (11th Cir. 1998). Furthermore, when parties agree to arbitrate claims that may be barred by a prior settlement agreement, the evaluation of any weight to be accorded the settlement agreement "is a determination committed to the arbitrators' discretion." DVC-JPW Investors v. Gershman, 5 F.3d 1172, 1174 (8th Cir. 1993).

The Kalacs have brought it to the court's attention that AEFA entered into a valid agreement to arbitrate. AEFA has not made any showing that the agreement is invalid or should otherwise be disregarded by the court. Nonetheless, AEFA asks the court to interfere with the arbitration procedure and effectively overturn NASD's preliminary decision with respect to the impact of the Benaquisto class settlement on the Kalacs' claims. However, "[t]he Arbitration Act contemplates that courts should not interfere with

arbitrations by making interlocutory rulings." LaPrade v. Kidder Peabody & Co., 146 F.3d 899, 903 (D.C. Cir. 1998) (citing Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 404 (1967)). Because a valid agreement to arbitrate exists, the court declines the invitation to interfere with an issue that has been submitted to the discretion of NASD.

## CONCLUSION

Accordingly, based upon a review of the file, record and proceedings herein, **IT IS HEREBY ORDERED** that defendant's motion to enforce class action settlement as to claims of Trudy and Richard Kalac before the NASD [Doc. No. 142] is denied.

Dated: June 13, 2005

s/David S. Doty
David S. Doty, Judge
United States District Court