UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1980(DSD/JMM)

Lesa Benacquisto, Daniel Benacquisto, Richard Thoresen, Elizabeth Thoresen, Arnold Mork, Isabella Mork, Ronald Melchert and Susan Melchert, on behalf of themselves and all others similarly situated,

Plaintiffs,

v. **ORDER**

American Express Financial Corporation, American Express Financial Advisors, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, IDS Life Insurance Company and IDS Life Insurance Company of New York,

Defendants.

This matter is before the court upon the motion of defendants American Express Financial Advisors, Inc. ("AEFA"), and IDS Life Insurance Company ("IDS") to reconsider the court's April 13, 2005, order denying AEFA and Greg Hogue's motion to enforce the settlement agreement as to the claims of Trudy and Richard Kalac. Pursuant to Local Rule 7.1(g), however, a motion to reconsider is "prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." The

court also refers defendants to the technical requirements of Rule 7.1 when requesting permission to make such a motion.

Even if the court overlooked the requirements of Rule 7.1 and construed defendants' motion as a request to file a motion to reconsider, defendants have not made a showing of compelling circumstances. First, defendants assert that IDS never agreed to arbitrate the Kalacs' claims. However, the Kalacs have not brought claims against IDS, and IDS did not move to enforce the settlement agreement. Second, defendants argue that they properly elected to petition the court instead of NASD to resolve the issue of whether the Kalacs' claims were encompassed by the Benacquisto class action, pursuant to NASD Rule 10302(d)(2). However, that rule also states that "[a]ny such petition to the court must be filed within ten business days of receipt of notice that the Director of Arbitration is referring the dispute to a panel of arbitrators." AEFA has made no showing that it complied with the filing deadline. Furthermore, AEFA has not shown that it submitted the disputes to the court instead of NASD. In its original motion to the court to enforce the Benaquisto class settlement agreement, AEFA did not raise or discuss the issues and disputes that came before NASD. Only after NASD resolved those issues did AEFA and Mr. Hogue again move the court to enforce the settlement agreement and effectively overrule the decision of the arbitration panel. For all of the above reasons, the court finds that defendants have failed to show

compelling circumstances. Accordingly, **IT IS HEREBY ORDERED** that defendants' motion to reconsider [Doc. No. 165] is denied.

Dated: June 16, 2005

s/David S. Doty
David S. Doty, Judge
United States District Court