**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Lesa Benacquisto, Daniel Benacquisto, Richard Thoresen, Elizabeth Thoresen, Arnold Mork, Isabella Mork, Ronald Melchert, and Susan Melchert, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>American Express Financial Corporation, American Express Financial Advisors, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners life Insurance Company, IDS Life Insurance Company, and IDS Life Insurance Company of New York,<br><br>Defendants. | **Civil No. 00-cv-01980 DSD/JMM**<br><br>**REPLY MEMORANDUM OF AMERIPRISE FINANCIAL SERVICES, INC. IN SUPPORT OF ITS MOTION TO ENFORCE CLASS-ACTION SETTLEMENT AS TO CLAIMS OF PAUL D. AND TYVA D. RUSSELL** |

## INTRODUCTION

Ameriprise Financial Services, Inc. f/k/a American Express Financial Advisors, Inc. ("Ameriprise"), submits this Reply Memorandum in support of its Motion to Enforce the Class-Action Settlement as to claims brought by Paul and Tyva Russell (the "Russells") for arbitration before the NASD. Certain claims raised by the Russells in their arbitration relate to annuity and insurance products are covered by the Stipulation of Settlement and accompanying exhibits ("Settlement Agreement") entered into by the parties to this class action. Thus, any attempt by the Russells to arbitrate these claims

violates the Court's May 15, 2001 Final Order and Judgment (the "Final Order"), which incorporated all of the terms of the Settlement Agreement. Ameriprise has already provided a benefit to the Russells in consideration for the settlement and release of their claims, and this Court is the proper body to enforce the class-action settlement. Accordingly, Ameriprise objects to the NASD's jurisdiction on the issue of whether these claims are barred by the Settlement Agreement and the Final Order. Instead, Ameriprise has expressly reserved the right to seek the relief it request from the Court.

Ameriprise respectfully requests that the Court exercise its continuing jurisdiction to enforce the Final Order and bar the Russells from arbitrating any claims before the NASD that were released under the terms of the Settlement Agreement and Final Order.

## I. Claims That Arose During the Class Period Were Released as of the Final Settlement Date.

The Court should preclude the Russells from arbitrating claims that are barred. This Court has continued to recognize the validity and binding effect of the Settlement Agreement and the Final Order. As recently clarified by the Court, the Final Order "permanently enjoined class members who did not opt out of the settlement from bringing any subsequent action based on the policies and annuities that were the subject of the litigation." *Benacquisto v. Am. Express Fin. Corp.*, 373 F. Supp.2d 966, 968 (D. Minn. 2005). Furthermore, the Russells "do not take exception with [Ameriprise's] assertion that 'any claims settled in this class action may not be asserted in [their] NASD claim.'" (Mem. of Paul D. & Tyva D. Russell in Resp. to Mot. to Enforce Class Action

Settlement at 1-2.) Ameriprise now seeks an order from this Court enjoining the Russells from proceeding in arbitration with respect to any settled claims.

The Russells correctly note that the Settlement Agreement and the Final Order define the "Class Period" as running from January 1, 1985 through February 29, 2000. (*See* Stip. of Settlement § II.26.) (Hoogs Decl. Ex. 1.) Nonetheless, pursuant to the Release set forth in the Settlement Agreement, and incorporated in the Final Order, the members of the class promised

> "as of the Final Settlement Date," to "release, acquit and forever discharge [Ameriprise] from any and all past or present Claims and Causes of Action . . . that are based upon, related to, or connected with, directly or indirectly, in whole or in party: (a) the allegations, facts, or subjects set forth or otherwise raised in [the consolidated state-court actions and the above-captioned federal action]; or (b) the Released Conduct."

(Final Order ¶ 13.A.1 (attached as Ex. 4 to Hoogs Aff. in Supp. of Mot. to Enforce Class Action Settlement as to Claims of Paul and Tyva D. Russell) (emphasis added).) The "Final Settlement Date" is last date on which the Final Order became final, i.e., the date of the final disposition of any appeal, which is September 24, 2001. (*See* Stip. of Settlement § II.45.)

The Settlement Agreement provides further that

> it is the intention of . . . the Class Members in executing this Release fully, finally and forever to settle and release all such matters that exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to their Policies and Annuities.[1]

---

[1] As explained in greater detail in Ameriprise's opening memorandum, the Russells' Statement of Claim refers to accounts that contain Policies and Annuities that are subject

(continued on next page)

(Stip. of Settlement § XII.A.6.) Under the Settlement Agreement, all claims that accrued prior to the Final Settlement Date, including, but not limited to, all claims related to investment suitability, fee structure, tax benefits, or compensation for sale of Annuities or Policies, were released by class members. (Stip. of Settlement § XII.A.1.) Because certain insurance- or annuity- based claims that the Russells seek to raise in their NASD arbitration are necessarily barred by the Settlement Agreement and the Final Order, the Court should issue an order barring them from pursuing such claims.[2] *See Ewart v. Y & A Group (In re Y & A Group Sec. Litig.)*, 38 F.3d 380, 381 (8th Cir. 1994) (upholding injunction barring arbitration of claims as precluded under class-action settlement

---

(continued from previous page)

to the terms of the Settlement Agreement and Final Order. (*See* Stipulation of Settlement §§ II.8 & .60 (defining which annuities and insurance policies are subject to the terms of the Settlement Agreement).) The Russells purchased these Policies and Annuities during the relevant Class Period. (*See* Mem. in Supp. of Mot. to Enforce Class Action Settlement at 3.)

[2] Under the Final Order, class members like the Russells have released "any Claims and Causes of Actions . . . that are based upon, related to, or connected with, directly or indirectly, in whole or in part . . . the Released Conduct." (Final Order ¶ 13.A.2.) By its terms, the Final Order does not bar any class member from "assert[ing] a claim that independently arises from acts, facts or circumstances that occur for the first time after the last day of the Class Period." (*Id.* at ¶ 13.A.3(ii).) This clause does not permit the Russells to raise claims with respect to the Annuities and Policies purchased within the Class Period merely by alleging claims relating to the later administration or servicing of these investment products. Indeed, under the Final Order, the release encompasses claims relating to "the administration or servicing of any Policy or Annuity after its purchase." (*Id.* at ¶ 13.B.2.(xiv).) Furthermore, the release itself expressly limits class members' rights to assert claims "based on facts arising out of or relating to the administration or servicing of a Policy or Annuity after its purchase" to those claims that do <u>not</u> arise out of or relate to any matters expressly released by class members. (*Id.* at ¶ 13.A.3(iv).)

agreement even when the "arbitration claims in no way concerned the . . . charges that were settled in the federal litigation"). Indeed, the Final Order, expressly holds that

> The terms of the Settlement Agreement and of this Order and Judgment shall be forever binding on Plaintiffs and all other Class Members . . . and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in the Action or are otherwise encompassed by the Release.

(Final Order at ¶ 12.)

## II. Ameriprise Did Not Submit the Question of Arbitrability of Settlement-Barred Claims to the NASD.

Despite the Russells' assertions to the contrary, the instant action is not governed by this Court's earlier order that Ameriprise may waive its right to judicial enforcement of the class-action settlement through its agreement to submit certain disputes to NASD arbitration pursuant to a Uniform Submission Agreement. *See Benacquisto*, 323 F. Supp.2d at 969. Here, Ameriprise did not submit a Uniform Submission Agreement to the NASD and did not "agree to submit the 'statement of claim, answers, cross claims and all related counterclaims and/or third party claims which may be asserted' to arbitration." *Cf. id.* at 968. Ameriprise instead submitted a modified submission agreement that expressly preserved Ameriprise's right to judicial enforcement of preclusive effect of the Settlement Agreement and Final Order on future claims. Hence, Ameriprise has never agreed to arbitrate these issues before the NASD and has not waived any right for this Court to enforce the class settlement. This Court has sole and continuing jurisdiction to determine the preclusive effect of the class-action settlement on

the Russells' attempt to arbitrate claims that they released under the Settlement Agreement and Final Order.

### A. Ameriprise's Modified Submission Agreement that Expressly Reserved Ameriprise's Right to Enforce the Class-Action Settlement Bar in this Court.

Ameriprise has not signed a Uniform Submission Agreement with the Russells and has not agreed to arbitrate any issues relating to the scope of the class-action settlement and its preclusive effect on the Russells' claims before the NASD. Instead, Ameriprise submitted a modified Submission Agreement to the NASD wherein it expressly reserved the right to seek a determination of the scope of the class-action settlement's bar on the Russells' claims from this Court. (Hoogs Decl. Ex. 2.) Thus, Ameriprise has not modified or waived its rights under the earlier class-action Settlement Agreement.

In this modified submission agreement, Ameriprise expressly reserved the right to seek judicial determination of the scope of the class-action-settlement bar imposed by the Settlement Agreement and Final Order. The modified agreement provides in relevant part:

> 2. The undersigned parties hereby state that to the extent that any claim, counterclaim and/or third-party claim purports to raise claims that are barred by Paragraph 14 of the May 15, 2001 Orders ("Orders") entered by the United States District Court for the District of Minnesota in *Benacquisto v. American Express Financial Corporation*, Civil No. 00-1980 (DSD/JMM) and the Minnesota State Court for the County of Hennepin, in *Benacquisto v. American Express Financial Corporation*, Case No. 96-018477 (collectively the "Class Actions") such claims, counterclaims and/or third-party claims remain within the jurisdiction of the United States District Court for the District of Minnesota and the Minnesota State Court for the County of Hennepin and are not submitted to

> arbitration under this Submission Agreement. The undersigned parties further state that they understand that Paragraph 14 of the Orders provides, in part, that
>
> > All Class Members who have not been timely excluded from the Class with respect to a Policy or Annuity are hereby permanently barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the Claims and Causes of Action, or the facts and circumstances relating thereto, in the Action and/or the Released Conduct (as that term is defined in the Settlement Agreement) as to that Policy or Annuity . . .
>
> 3. The undersigned parties state that pursuant to Paragraph 19 of the Orders the determination of whether any claim, counterclaim and/or third-party claim, arises out of, or relates to, in whole or in part, claims settled by the Settlement Agreement in the Class Actions, remains within the jurisdiction of the United States District Court for the District of Minnesota and the Minnesota State Court for the County of Hennepin and is not submitted to arbitration under this Submission Agreement.

(Hoogs Decl. Ex. 2) (emphasis added).

Because Ameriprise has not submitted the determination of the preclusive effect of the class-action settlement bar to the arbitration panel, the issue remains properly before this Court.

### B. The Modified Submission Agreement is Valid and Enforceable.

The modified submission agreement's reservation of the right to a court determination of the preclusive effect of the class-action settlement is valid and enforceable. As recognized by the United States Supreme Court, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574,

582 (1960). "The question whether the parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability,' is 'an issue for judicial determination unless the parties clearly and unmistakably provide otherwise.'" *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 83 (2002) (quoting *AT&T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 649 (1986)). Here, Ameriprise "clearly and unmistakably" provided that the issue of the scope of the class-action settlement bar was not being submitted to arbitration. (Hoogs Decl. Ex. 2 ¶¶ 2 & 3.)

Ameriprise has expressly reserved the right to seek judicial determination of the class-action settlement bar on the Russells' claims. Such a reservation of rights is proper and should be enforced by this Court. *See Smith v. Bartolini*, No. 01 C 4311, 2003 WL 21148940, at *8 (N.D. Ill. May 14, 2003) (recognizing possibility that a party may reserve the right to contest the arbitrator's jurisdiction within a Uniform Submission Agreement) (Hoogs Decl. Ex. 3); *Schlenkerman v. Goldbronn (In re Goldbronn)*, 263 B.R. 347, 355 (Bankr. M.D. Fla. 2001) (recognizing that party could reserve jurisdictional or procedural defenses in a uniform arbitration submission agreement); *see also Cassedy v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 751 So.2d 143, 149 (Fla. Dist. Ct. App. 2000) (referencing possible reservation of right to judicial determination of a particular issue in a Uniform Submission Agreement). Furthermore, the Court's earlier orders have compelled Ameriprise to make such a reservation of rights or risk losing the right to judicial enforcement of the class-action bar that was expressly included in the Settlement Agreement and Final Order. *See Benacquisto*, 323 F. Supp.2d at 968.

Because Ameriprise has not submitted the Russells' Insurance- and Annuity-based claims to arbitration before the NASD, the Court should exercise the jurisdiction reserved under the Final Order, enforce the release contained therein, and bar arbitration of the Russells' Insurance and Annuity-based claims.

## III. Ameriprise Has the Right To Seek Enforcement of the Class Action Settlement in this Court.

### A. The Court Retained Jurisdiction to Enforce The Settlement Agreement and the Final Order.

The Court retained jurisdiction to enforce the Settlement Agreement and Final Order. (Final Order at ¶ 19.) This Court properly has jurisdiction to rule on Ameriprise's current motion. *See Ewart v. Y & A Group, Inc. (In re Y & A Group Secus. Litig.)*, 38 F.3d 380, 383 (8th Cir. 1994) (holding that a District Court has authority to enjoin an arbitration that is barred by an earlier class-action settlement).

### B. The NASD Code of Arbitration Procedure Recognizes That Resolution of Class-Action Bar Issues Are Properly Submitted to Courts With Jurisdiction Over the Class.

As noted above, the issue of the class-action bar has <u>not</u> been submitted to arbitration. Furthermore, this is not an instance in which the Court should be wary of overstepping and reaching into matters that <u>should</u> be submitted to arbitration. The NASD Code of Arbitration Procedure (the "Code") expressly recognizes that parties to an arbitration have the right to seek a judicial determination of whether an issue or claim submitted to the NASD is subject to arbitration. Section 10301(d)(2) of the Code, provides in relevant part,

> Any claim filed by a member or members of a putative or certified class action is . . . ineligible for arbitration at the [NASD] if the claim is encompassed by a putative or certified class action filed in federal or state court . . . However, such claims shall be eligible for arbitration . . . pursuant to the parties' contractual agreement, if any, if a claimant demonstrates that it has elected not to participate in the putative or certified class action, or, if applicable, has complied with any conditions for withdrawing from the class prescribed by the court.
>
> Disputes concerning whether a particular claim is encompassed by a putative or certified class action shall be referred by the Director of Arbitration to a panel of arbitrators . . . Either party may elect instead to petition the court with jurisdiction over the putative or certified class action to resolve such disputes.

Here, Ameriprise has elected to petition this Court, which clearly has jurisdiction over the issue, to determine the scope of the preclusive effect of the class-action settlement. Such an action is proper under the Code. *Jolly v. Pittore*, Nos. 92 Civ. 3593 (JSM), 92 Civ. 5244 (JSM), 1995 WL 566002, at *1 (S.D.N.Y. Sept. 22, 1995) (determining scope of class-action bar in pending NASD arbitration under NASD Code of Arbitration Procedure § 12(d)(2), which is identical in all respects to current § 10301(d)(2)) (Hoogs Decl. Ex. 4); *In re Union Square Assocs. Secus. Litig.*, No. 11028, 1993 WL 220528, at *2 (Del. Ch. June 16, 1993) (granting injunction, enforcing class-action settlement agreement, and barring arbitration of claims brought by class members under New York Stock Exchange Rule 600(d)(ii), which parallels § 10301(d)(2)) (Hoogs Decl. Ex. 5); *see also Hartley v. Stamford Towers Ltd. P'ship*, Nos. 92-16802, 92-56528, 36 F.3d 1102, 1994 WL 463497, at * 3 (9th Cir. Aug. 26, 1994) (enjoining NASD arbitration as barred by previous class-action settlement) (Hoogs Decl. Ex. 6).

In fact, the Code's adoption of a bar on class-action claims in NASD arbitrations "reflect[s] a preference for judicial resolution of class action claims." *Nielsen v. Greenwood*, 873 F. Supp. 138, 146 (N.D. Ill. 1995); *see also* Order Approving Proposed Rule Change Relating to the Exclusion of Class Actions from Arbitration Proceedings, Securities and Exchange Commission Release No. 34-31371, 57 Fed. Reg. 42659 (Oct. 28, 1992) ("[T]he judicial system has already developed the procedures to manage class action claims. Entertaining such claims through arbitration at the NASD would be difficult, duplicative and wasteful."). The Eighth Circuit Court of appeals has confirmed that a court, and not an arbitration panel, "is the best interpreter of its own judgment[s]." *In re Y & A Group Secus. Litig.*, 38 F.3d at 383. Accordingly, the Court should preclude the arbitration of any claims raised by the Russells that relate to claims released under the Settlement Agreement or the Final Order.

## IV. The Russells Have Expressly Waived Any Right to Arbitrate Claims Related to Annuities and Policies.

As recognized by the Eighth Circuit Court of Appeals, "even when arbitration is involved, federal '[c]ourts should not have to stand by while parties re-assert claims that have already been resolved.'" *In re Y & A Group Secus. Litig.*, 38 F.3d at 382 (quoting *Kelly v. Merrill, Lynch, Pierce, Fenner & Smith*, 985 F.2d 1067, 1069 (11th Cir. 1993)); *see also Hartley*, 1994 WL 463497, at * 3 ("[W]here the parties have agreed to arbitrate an issue, the arbitration clauses in the [brokerage] agreements and the NASD Submission Agreements have no effect on a District Court's ability to enforce its judgment to prevent relitigation of claims, even in arbitration."). Here, the Russells have already released any

claims related to their Annuities and Policies and waived their right to assert such claims in arbitration, and this Court should not permit them to reassert such claims in the NASD arbitration. (Final Order at ¶¶ 13 & 14.) As members of the class action who did not opt out of the class, the Russells agreed to the settlement terms and released these claims. They cannot now undo the Court's Order. *Thompson v. Edward D. Jones & Co.*, 992 F.2d 187, 190 n.5 (8th Cir. 1993) ("To the extent that the preclusion of 'all claims of any nature whatsoever' is an integral part of the settlement bargain entered into for Jones and the class representatives, this Court cannot now modify the terms of that bargain at the insistence of one class member."); *see also In re VMS Ltd. P'ship Secus. Litig.*, 26 F.3d 50, 51 (7th Cir. 1994) ("The plaintiff class not only released other claims but also surrendered any entitlement to arbitration its members formerly possessed."). Furthermore, the Russells' attempt to arbitrate released claims is in direct violation of the Final Order. *Cf. In re Y & A Group Secus. Litig.*, 38 F.3d at 384-85 (Richard S. Arnold concurring) (recognizing that institution of arbitration after entry of order that approved class-action settlement and barred future claims encompassed therein violated the District Court's injunction, and noting that "[a]mong other things, violation of an injunction is . . . contempt of court, and the Federal Arbitration Act should not be construed to divest courts of their traditional powers to punish for contempt.").

## CONCLUSION

Based on the foregoing, Ameriprise respectfully requests that Court enforce the terms of its Final Order and Judgment issued on May 15, 2001 and issue an order barring

Paul and Tyva Russell from proceeding with arbitrating their settlement-barred claims before the NASD.

Dated: November 10, 2005

Edgerton, Weaver & Irwin, L.L.C.

**s/ Gary R. Irwin**

By: Gary R. Irwin
(License #0179991)
5050 Lincoln Drive, Ste. 480
Interlachen Corp. Center
Minneapolis, MN 55436
(952) 345-4444
girwin@neilaw.com

ATTORNEY FOR AMERICAN EXPRESS FINANCIAL ADVISORS, INC.

M2:20751466.04