Counsel, Defendants, the Administrator or the Claim Evaluator, and whether by mail, the establishment or encouragement of Internet websites or other Internet communications, telephone scripts, or any other means — shall be made jointly with, or with the approval of, the other Party.

I. Media Communications

The form and content of any initial joint written statement, press release or other media notice to be issued in connection with the proposed settlement on or after the Execution Date shall be mutually agreed upon by the Parties. Any subsequent formal written statements, written press releases or other written media notices to be issued in connection with the proposed settlement shall be exchanged by the Parties sufficiently in advance of public release to provide the other Party with adequate time to prepare its own statement. Co-Class Counsel and Defendants shall ensure that any comments about or descriptions of the proposed settlement or its value or cost in the media or in any other public forum are balanced, fair and accurate.

J. Defendants' Dealings with Producers

Defendants are committed to treating their Producers fairly and will not retaliate or otherwise take adverse action against any Producer solely because of the Producer's cooperation or participation in the Claim Review Process pursuant to this Agreement or the disposition of Claims submitted in the Claim Review Process. Notwithstanding the preceding sentence, however, Defendants have the right and regulatory obligation to train, monitor, supervise and, where necessary, discipline their Producers and to take any remedial or other steps they deem appropriate to protect past, present and future policy owners and annuity owners and Defendants. In taking such steps, Defendants may take account of all relevant facts and circumstances of an individual case, including any facts and circumstances discovered during the Claim Review

Process. This subsection does not create any rights enforceable by Class Members or third parties, including Producers, under this Agreement or otherwise.

K. Co-Class Counsels' Communication with Producers

1. Where necessary, Co-Class Counsel may contact a Producer who is currently employed by or under contract with Defendants, or any of them, and who sold or serviced a Policy or Annuity that is the subject of a Claim, and Defendants shall cooperate in providing the Producer's current address and telephone number; provided, however, that any contact by Co-Class Counsel, or their designee, with any such Producer shall be made jointly with the Defendants.

2. Where necessary, Co-Class Counsel may contact a Producer who is no longer employed by or under contract with Defendants, or any of them, but who sold or serviced a Policy or Annuity that is the subject of a Claim. Where available, Defendants will provide Co-Class Counsel with the Producer's last known address and telephone number; provided, however, that any contact by Co-Class Counsel, or their designee, with any such Producer shall be made jointly with the Defendants.

L. Co-Class Counsels' Administrative Responsibilities

1. Co-Class Counsel shall be responsible for (i) retention of the Claim Evaluator; and (ii) upon receipt of the Claim Files by the Claim Evaluator, the implementation and conduct of the administration of the Claim Review Process. If it becomes necessary to replace the Claim Evaluator because of death, disability or otherwise, Co-Class Counsel shall be responsible for the retention of the replacement Claim Evaluator.

2. In completing the administrative tasks associated with the Claim Review Administration, Co-Class Counsel may, but are not required to, use the services of the

Administrator; provided, however, that the fees and expenses incurred in connection with the use of such services shall be the responsibility of Co-Class Counsel.

3. Defendants and Co-Class Counsel shall have reasonable access to files and/or other materials gathered, generated or utilized by the Claim Evaluator in the Claim Review Process, excluding privileged files or attorney work product; provided, however, that any request for such access shall: (i) be fulfilled at the expense of the party requesting such access; and (ii) not unduly disrupt the Claim Evaluator's administration of the Claim Review Process.

4. Co-Class Counsel and the Claim Evaluator shall promptly inform Defendants of any written complaints made against the Claim Evaluator or any of his or her agents in connection with the Claim Review Administration. Defendants shall not be obligated to take any action with respect to such complaints.

5. The Parties agree that the Claim Review Process shall be used as a forum for the fair resolution of Claims and not for the defamation or disparagement of the character or reputation of Defendants, their present or former employees, Producers, or representatives, Co-Class Counsel, Defendants' Counsel, or the Parties herein.

6. The form and content of the letter notifying Claimants of the relief, if any, awarded in the Claim Review Process shall be substantially as appears as part of the attached Exhibit J.

7. At the conclusion of the Claim Review Process, when all Claim Review relief has been determined, Co-Class Counsel and/or the Claim Evaluator shall provide Defendants with information indicating the Claim Categorization, Claim Designation and the amount of relief, if any, to be awarded on each Claim by Policy or Annuity identification number. In addition, during the Claim Review Process, the Claim Evaluator shall upon request, but in no

event more frequently than every 60 days, provide Defendants and Co-Class Counsel with information concerning the status of the claims to be evaluated.

## X. REQUESTS FOR EXCLUSION

A. Consistent with section IV.C herein, any potential Class Member who wishes to be excluded from the Class with respect to a particular Policy or Annuity must mail a written request for exclusion to the Administrator specifying the applicable Policy or Annuity by its policy or annuity number (and in the case of a participation interest in a Group Qualified Annuity, providing sufficient information to identify the participation interest), to the address provided in the Class Notice, with a postmark no later than 30 days before the Fairness Hearing, or as the Courts otherwise may direct. A list reflecting all requests for exclusion shall be filed with the Courts by Defendants at or before the Fairness Hearing.

B. Any potential Class Member who is not excluded by the filing of a timely written request for exclusion with respect to a particular Policy or Annuity as provided in the preceding subsection and in section IV.C shall be bound with respect to that Policy or Annuity by all subsequent proceedings, orders and judgments in the Actions, even if he or she has pending, or subsequently initiates, litigation, arbitration or any other proceeding against Defendants, or any of them, relating to the claims released in these Actions.

## XI. OBJECTIONS TO SETTLEMENT

A. Any Class Member who has not filed a timely written request for exclusion and who wishes to object to the fairness, reasonableness or adequacy of this Agreement or the proposed settlement, to the certification of the class, or to the award of Attorneys' Fees and Expenses, must deliver to Co-Class Counsel and Defendants' Counsel and file with the Courts, with a postmark no later than 30 days before the Fairness Hearing or as the Courts otherwise may

direct, a statement of his or her objection, as well as the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Courts' attention and any evidence the Class Member wishes to introduce in support of the objection. Class Members may so object either on their own or through an attorney hired at their own expense.

B. Class Members and their personal attorneys may obtain access, at their own expense, to review the documents the Defendants produced to Co-Class Counsel during the course of discovery in these Actions, and the deposition transcripts (and exhibits thereto) generated in these Actions; provided, however, that they first agree in writing to be bound by the Confidentiality Agreement attached as Exhibit E, as well as all orders, including protective orders, entered and to be entered in these Actions. These discovery documents shall be made available only by appointment during regular business hours at the offices of Lockridge Grindal Nauen, P.L.L.P. at 100 Washington Avenue South, Minneapolis, MN 55041. Co-Class Counsel shall inform Defendants' Counsel promptly of any requests by Class Members or their attorneys or other persons or entities for access to such documents.

C. If a Class Member hires an attorney to represent him or her, the attorney must (i) file a notice of appearance with the Clerks of the Courts no later than 30 days before the Fairness Hearing, or as the Courts otherwise may direct; and (ii) deliver to Co-Class Counsel and Defendants' Counsel with a postmark no later than 30 days before the Fairness Hearing a copy of the same.

D. Any Class Member who files and serves a written objection, as described in section XI.A, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's own expense, to object to the fairness, reasonableness or adequacy of this Agreement or the proposed settlement, or to the award of Attorneys' Fees and Expenses. Class

Members or their attorneys intending to make an appearance at the Fairness Hearing must deliver a notice of intention to appear to Co-Class Counsel and Defendants' Counsel and file it with the Courts, with a postmark no later than 30 days before the Fairness Hearing, or as the Courts otherwise may direct.

E. Any Class Member who fails to comply with the provisions of this section shall waive and forfeit any and all rights he or she may have to appear separately, object, and/or appeal, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in these Actions.

## XII. RELEASE AND WAIVER AND ORDER OF DISMISSAL

### A. Release and Waiver

1. In consideration for the relief set forth in this Agreement, Plaintiffs and all other Releasors (defined below) shall, as of the Final Settlement Date, release, acquit and forever discharge the Releasees (defined below) from any and all past or present Claims and Causes of Action (defined below) that are based upon, related to, or connected with, directly or indirectly, in whole or in part: (a) the allegations, facts or subjects set forth or otherwise raised in Benacquisto, et al. v. American Express Financial Corporation, et al., No. 96-18477, pending before the Minnesota State Court for the County of Hennepin (together with the actions consolidated therewith, also filed in the Minnesota State Court for the County of Hennepin and entitled Mork, et al. v. IDS Life Insurance Company, et al., No. 97-04742, and Thoresen, et al. v. American Express Financial Corporation, et al., No. 98-015681), and/or Benacquisto, et al. v. American Express Financial Corporation, et al., No. 00-1980 DSD/JMM, pending before the United States District Court for the District of Minnesota; or (b) the Released Conduct (defined below).

2. **Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors also hereby contractually agree and acknowledge that, unless this settlement is ultimately disapproved, they shall not now or hereafter initiate, participate in, maintain, maintain a right to or assert against the Releasees, or any of them, either directly or indirectly, derivatively, on their own behalf, or on behalf of the Class or the general public or any other person or entity, any Claims and Causes of Actions (defined below) that are based upon, related to, or connected with, directly or indirectly, in whole or in part: (a) the allegations, facts or subjects set forth or otherwise raised in Benacquisto, et al. v. American Express Financial Corporation, et al., No. 96-18477, pending before the Minnesota State Court for the County of Hennepin (together with the actions consolidated therewith, also filed in the Minnesota State Court for the County of Hennepin and entitled Mork, et al. v. IDS Life Insurance Company, et al., No. 97-04742, and Thoresen, et al. v. American Express Financial Corporation, et al., No. 98-015681), and/or Benacquisto, et al. v. American Express Financial Corporation, et al., No. 00-1980 DSD/JMM, pending before the United States District Court for the District of Minnesota; or (b) that relate in any way to the Released Conduct.**

3. Nothing in this Release shall be deemed to alter (i) a Class Member's right to make a claim for contractual benefits that will become payable in the future pursuant to the express written terms of an In Force Policy or In Force Annuity issued by any of Defendants; (ii) a Class Member's right to assert any claim that independently arises from acts, facts or circumstances that occur for the first time after the last day of the Class Period; (iii) a Class Member's right to make a claim for theft or embezzlement in connection with a Policy or Annuity; (iv) a Class Member's right to assert any claim based on facts arising out of or relating to the administration or servicing of a Policy or Annuity after its purchase unless they arise out of or

relate to any of the matters described in sections XII.B.2.(i)-(xiii) herein; or (v) a Class Member's right to assert any claim peculiar to the Class Member that falls outside the general categories of claims or conduct described in the complaints in the Actions or the Release in this settlement and is based on facts that were not discovered and could not with reasonable care have been discovered by the Class Member before the deadline to submit an Election Form set forth in this Agreement.

4. Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors, expressly agree that this Release will be, and may be raised as, a complete defense to, and will preclude any action or proceeding that relates in any way to, the Released Conduct.

5. Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors, expressly understand that certain principles of law, such as Section 1542 of the Civil Code of the State of California, provide that a "general" release does not extend to claims that a creditor does not know or suspect to exist in his favor at the time of executing the release and which, if known by him, must have materially affected his settlement with the debtor. To the extent that these principles of law arguably may be applicable — notwithstanding that the parties have chosen Minnesota law to govern this Agreement — Plaintiffs and the Class Members hereby agree that these principles (including Cal. Civ. Code Section 1542 and all similar federal or state laws, rights, rules, or legal principles of any jurisdiction that may be applicable herein) are hereby knowingly and voluntarily waived and relinquished by Plaintiffs and the Class Members, and Plaintiffs and the Class Members hereby agree and acknowledge that this is an essential term of both the Settlement Agreement and this Release.

6. In connection with this Release, Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors, acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those that they now know or believe to be true with respect to the matters released herein that occurred prior to the last day of the Class Period. Nevertheless, subject to paragraph 3 above, it is the intention of Plaintiffs and the Class Members in executing this Release fully, finally and forever to settle and release all such matters that exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to their Policies and Annuities.

7. Nothing in this Release shall preclude any action to enforce any of the terms of the Settlement Agreement, provided that such action shall be brought in the Minnesota State Court for the County of Hennepin or the United States District Court for the District of Minnesota.

8. Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors, hereby agree and acknowledge that the provisions of this Release, individually and collectively, constitute an essential and material term of the Settlement Agreement.

9. This Release is the result of a compromise of a disputed claim and shall never at any time be used as evidence of any admission of liability, wrongdoing or damages by the Company.

B. Release and Waiver -- Definitions

1. "Claims and Causes of Action" (as used in this section XII) means any and all claims for relief (including any federal, exclusively federal, state, or other causes of action, suits, petitions, or demands in law or equity), any and all allegations of liability (including any

allegations of debts, obligations, promises, guarantees, damages, awards, or for any equitable, legal and administrative relief), and any and all demands for damages or equitable relief (including any claims for rescission, reformation, restitution or all damages of any kind, including those in excess of actual damages and claims for mental anguish), that have been, could have been, may be or could be asserted in any court action, whether federal, state or otherwise, or before any administrative body (including any brought by or on behalf of any state or local insurance, prosecutorial or other organization), tribunal, arbitration panel, or other adjudicatory body, regardless of whether based on federal, state or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether foreseen or unforeseen, suspected or unsuspected, or fixed or contingent at the time of this Settlement.

2. "Released Conduct" means any and all direct or indirect acts, representations, omissions, suggestions, or communications that are related to or connected in any way with the design, development, marketing, sale, administration, servicing, underwriting, or performance of the Policies or the Annuities, including, without limitation, acts, representations, omissions, suggestions or communications in connection with (i) the explanation, description, marketing, sale, solicitation, illustration or replacement of any Policy or Annuity; (ii) the application for or purchase of any Policy or Annuity; (iii) the suitability of any purchases, sales or replacements of any Policy or Annuity; (iv) the taking of any loans, or the accumulation of any interest or cash values on any Policy or Annuity; (v) the setting, reduction, adjustment, payment, or lack of payment of any interest rates, purchase rates or renewal rates on any Policy or Annuity; (vi) the setting, charging or reducing of any cost of insurance, commissions, incentives, premiums, taxes, fees, mortality and expense fees, charges, contract charges, surrender charges, or expenses on any Policy or Annuity; (vii) the investment choices made with respect to assets held in any

Policy or Annuity; (viii) the surrender, lapse, or termination of any Policy or Annuity; (ix) the tax status, tax impact or tax consequences of any Policy or Annuity or any actions or inaction taken with respect thereto; (x) the costs, commissions, terms, or benefits or disadvantages of any Policy or Annuity compared to any other life insurance policy, annuity contract or investment; (xi) the comparison or lack of comparison of any Policy or Annuity to any other product; (xii) the preparation by any financial advisor acting for the Company of any financial plan or the provision of financial or investment advice insofar as it resulted in the sale, modification or maintenance of any Policy or Annuity; (xiii) the effect that a Class Member's election and award of benefits in this Settlement Agreement may have on the value of any Policy or Annuity; and (xiv) the administration or servicing of any Policy or Annuity after its purchase.

3. "Releasees" means the Company and its past, present and future parents, subsidiaries, affiliates, partners, predecessors, successors and assigns, and each of their respective past, present and future officers, directors, shareholders, employees, general agents, agents, advisors, branch managers, producers, sales representatives, brokers, solicitors, representatives, attorneys, heirs, administrators, executors, insurers, predecessors, successors and assigns, or any of them, including any person or entity acting on behalf of, or at the direction of, any of them.

4. "Releasors" means, to the extent they are not excluded from the Class with respect to a Policy or Annuity, the Plaintiffs and all Class Members, on behalf of themselves and their respective heirs, executors, administrators, successors, assigns, guardians, attorneys, trustees, qualified plans, fiduciaries, plan fiduciaries, plan trustees, plan sponsors, plan participants, plan beneficiaries, and representatives, and on behalf of the Policies' insureds and beneficiaries, the Annuities' annuitants and beneficiaries, and the Policies' and Annuities' nominal and beneficial owners.

C. Order of Dismissal. The Parties shall seek and obtain from the Courts the Final Order and Judgment (for which, as a condition of settlement, unless waived, the time for appeal has expired without any modifications in the Final Order and Judgment) as further described below in section XIV. The Final Order and Judgment shall, among other things, (i) approve this Settlement Agreement as fair, reasonable and adequate; (ii) dismiss the Actions with prejudice and on the merits; and (iii) set forth the terms of the Release.

## XIII. ATTORNEYS' FEES AND EXPENSES

A. Co-Class Counsel agree to make, and Defendants agree not to oppose, an application for an award of Attorneys' Fees and Expenses in the Actions not to exceed $28 million, which shall be the sole aggregate compensation for all attorneys representing the Class.

B. Subject to the provisions of section XVI.D herein, Defendants shall pay the Court-awarded amount of Attorneys' Fees and Expenses — whatever it may be — from their own funds, and not from any monies set aside pursuant to this Agreement for compensation of Class Members. Lead Counsel, in its sole discretion, shall allocate and distribute this award of Attorneys' Fees and Expenses among all of the counsel who have acted on behalf of the Class herein.

C. If Defendants elect not to exercise a right to terminate the Agreement under section XVI below, Defendants shall pay to Lead Counsel the entire Attorneys' Fees and Expenses awarded by the Courts within 10 days after the last date of entry of the Final Order and Judgment. Lead Counsel shall hold that sum until the Final Settlement Date in a joint signatory fiduciary account, which in turn will be maintained at a major financial institution to be agreed upon between Defendants and Lead Counsel. If the Final Order and Judgment is reversed, vacated, modified, and/or remanded for further proceedings or otherwise disposed of in any

manner other than one resulting in an affirmance of the Final Order and Judgment (other than on the issue of attorneys' fees), or if Defendants or Class Counsel properly and timely terminate the Settlement Agreement in accordance with section XVI of this Agreement, then Lead Counsel shall, within 10 days thereafter, return to Defendants the full amount of Attorneys' Fees and Expenses paid by Defendants in connection with the settlement plus the interest earned thereon. If the award of Attorneys' Fees and Expenses is reduced after payment is made, then Lead Counsel shall, within 10 days, return to Defendants the amount by which the Attorneys' Fees and Expenses have been reduced plus interest earned on the returned amount.

D. Defendants' past, present and future parents (including intermediate and ultimate parents), subsidiaries, affiliates, predecessors, successors and assigns, and any of their respective past, present and future officers, directors, employees, advisors, general agents, agents, branch managers, producers, sales representatives, brokers, solicitors, representatives, attorneys, heirs, administrators, executors, insurers, predecessors, successors and assigns, shall not be responsible for paying any attorneys' fees, expenses, costs or disbursements in connection with this settlement, nor will they be liable for any such expense in connection with the Actions. Defendants shall only be liable or obligated to pay attorneys' fees, expenses, costs or disbursements provided for by the Courts, and shall not be obligated to pay or be liable for any other such expense on behalf of any person, either directly or indirectly, in connection with these Actions, this Settlement Agreement, or the proposed settlement.

## XIV. ORDER OF NOTICE, SETTLEMENT HEARING AND ADMINISTRATION

A. The Parties have negotiated, drafted and agreed to the content and form of the following documents: the Guidelines for Determining, Scoring and Awarding Relief in the Claim Review Process (Exhibit A); the Class Notice Package (including the accompanying cover letter,

Notice of Class Action, Proposed Settlement and Fairness Hearing, Release and Waiver, Benefit Voucher, Statement of Eligibility, Election Form, Designation Form, Fact Sheet for Qualified Plans, Plan Participant Information Sheet, Change of Address Form, and Foreign Language Statement) (Exhibit B); the Publication Notice (Exhibit C); the Proposed Hearing Order (Exhibit D); the Confidentiality Agreement (Exhibit E); the Proposed Final Order and Judgment (Exhibit F); the Statement to Accompany Post-Execution Date Responses to Customer Complaints (Exhibit G); the Post-Settlement Claim Form Mailing (Exhibit H); the Post-Mailing Reminder (Exhibit I); and Claim Review Administrative Forms and Letters (Exhibit J). These documents are incorporated into, are an integral part of, and are material terms of this Agreement.

B. No later than September 18, 2000, the Parties shall submit this Agreement, including all attached exhibits, to the Courts and seek preliminary approval thereof. If the Courts preliminarily approve the settlement, the Parties shall move the Courts to set a Fairness Hearing, and shall proffer the proposed Hearing Order (Exhibit D).

C. No named Plaintiff (including Lesa Benacquisto, Daniel Benacquisto, Arnold Mork, Isabella Mork, Ronald Melchert, Susan Melchert, Richard Thoresen or Elizabeth Thoresen) shall request exclusion from the Class, object to the proposed settlement, or file an appeal from or otherwise seek review of any order approving the proposed settlement.

## XV. FINAL APPROVAL AND FINAL ORDERS AND JUDGMENTS

The Parties shall petition the Courts for the Final Order and Judgment, substantially in the form attached hereto as Exhibit F.

## XVI. MODIFICATION OR TERMINATION OF THIS AGREEMENT

A. The terms and provisions of this Agreement may be amended, modified or expanded only by agreement of the Parties and approval of the Courts; provided, however, that

after entry of the Final Order and Judgment the Parties may, by written agreement, effect such amendments, modifications or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Class or notice to or approval by the Courts if such changes are consistent with the Courts' Final Order and Judgment and do not limit the rights of Class Members under the Settlement Agreement.

B. Defendants, in consultation with Co-Class Counsel and without approval of the Courts, may implement the terms of the settlement after the last date on which the Final Order and Judgment is entered but before the Final Settlement Date, in which case all provisions in this Agreement that specify actions to be taken on or after the Final Settlement Date shall, to the extent necessary, be deemed to provide that those actions shall be taken on or after the date on which Defendants elect to implement the settlement.

C. This Agreement shall terminate at the sole option and discretion of Defendants or Plaintiffs if (i) the Courts, or either of them, or any appellate court(s), rejects, modifies or denies approval of any portion of this Agreement or the proposed settlement that the terminating Party in its (or their) sole judgment and discretion reasonably determine(s) is material, including, without limitation, the terms of relief, the findings of the Courts, the provisions relating to notice, the definition of the Class and/or the terms of the Release; or (ii) the Courts, or either of them, or any appellate court(s), do not enter or completely affirm, or alter or expand, any portion of the Final Order and Judgment, or any of the Courts' findings of fact or conclusions of law as proposed by Defendants' Counsel and Co-Class Counsel, that the terminating Party in its (or their) sole judgment and discretion believe(s) is material. The terminating Party must exercise the option to withdraw from and terminate this Agreement, as provided in this subsection, no later than 20 days after receiving notice of the event prompting the termination.

D. Notwithstanding the preceding subsection, Plaintiffs may not terminate this Agreement solely because of the amount or distribution of Attorneys' Fees and Expenses awarded by the Courts or any appellate court(s). Defendants, however, may elect to terminate this Agreement if the amount of Attorneys' Fees and Expenses awarded by the Courts exceeds the maximum amount agreed upon by the Parties.

E. Defendants also may unilaterally withdraw from and terminate this Agreement within 20 days of receiving notice of either of the following two triggering events:

1. The number of persons who have elected to exclude themselves from the Class together own or owned more than 1% of the number of Policies or, alternatively, 1% of the number of Annuities (counting each participation interest in a Group Qualified Annuity separately); or

2. Any state attorney general or regulatory or administrative authority institutes a Proceeding against Defendants, or any of them, arising out of or otherwise related to the Released Conduct.

F. If Class Members timely elect the Claim Review Process on the Election Form for more than 7.5% of the number of Policies or, alternatively, 7.5% of the number of Annuities (counting each participation interest in a Group Qualified Annuity separately), then either Defendants or Plaintiffs may argue to the Courts that the settlement is unreasonable or unfair.

G. If an option to withdraw from and terminate this Agreement arises under any of the subsections to this section XVI, (i) neither Defendants nor Plaintiffs will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith.

H. If this Agreement is terminated pursuant to any of the subsections above, then:

1. This Agreement shall be null and void and shall have no force or effect, and no Party to this Agreement shall be bound by any of its terms, except for the terms of section XIII.C and this section XVI, which include the obligation of Lead Counsel to return any funds paid by the Defendants for Attorneys' Fees and Expenses,

2. This Agreement, all of its provisions, and all negotiations, statements and proceedings relating to it shall be without prejudice to the rights of Defendants, Plaintiffs or any other Class Member, all of whom shall be restored to their respective positions existing immediately before the execution of this Agreement;

3. Defendants and their current and former directors, officers, producers, employees, advisors, agents, attorneys and representatives expressly and affirmatively reserve all defenses, arguments and motions as to all claims that have been or might later be asserted in the Actions, including, without limitation, any applicable statutes of limitation, statutes of repose, or other prescription period and the argument that the Actions may not be litigated as class actions;

4. Plaintiffs and their current and former predecessors, successors, heirs, agents or assigns expressly and affirmatively reserve all motions as to, and arguments in support of, all claims that have been or might later be asserted in the Actions, including (without limitation) any argument concerning class certification and/or punitive damages;

5. Neither this Agreement, nor the fact of its having been made, shall be admissible or entered into evidence for any purpose whatsoever; and

6. Any order or judgment entered after the Execution Date shall be deemed vacated and will be without any force or effect.

## XVII. <u>GENERAL MATTERS AND RESERVATIONS</u>

A. The obligation of the Parties to conclude the proposed settlement is contingent upon each of the following:

1. Acceptance of this Agreement by the Company's Board of Directors;

2. The absence of any other Policy or Annuity owner demands or actions that arise out of or relate to the matters described in the Release and that would materially impair the benefits to the Releasees, or any of them, otherwise provided for by the Release but that would not be terminated or otherwise resolved by this Agreement;

3. The resolution of any Proceedings arising out of, or relating to the relief to be provided under, the proposed settlement, as described above in subsection XVI.E.2; and

4. Entry by the Courts of the Final Order and Judgment approving the settlement, as to which the time to appeal has expired or which has remained unmodified after any appeal(s).

B. The Parties and their counsel agree to keep the contents of this Agreement and all related negotiations confidential until the date of the first public announcement by Defendants; <u>provided</u>, <u>however</u>, that this subsection shall not prevent earlier disclosure of such information to regulators, rating agencies, financial analysts, Producers, or any other person or entity (such as experts, courts, and/or Administrators) to whom disclosure must be made to effectuate the terms and conditions of this Agreement.

C. One year after scoring has been completed as part of the Claim Review Process (unless the time is extended by agreement of the Parties), Plaintiffs and their counsel shall return to Defendants' Counsel all documents (and all copies of such documents in whatever form made or maintained) produced by Defendants in these Actions, as well as all transcripts of and exhibits

to any deposition testimony provided by Defendants or their current or former officers, employees or Producers (and all copies of such documents in whatever form made or maintained); provided, however, that this subsection shall not apply to any documents made part of the record in connection with a Claim made in the Claim Review Process, or to any documents made part of a Court filing, or to Co-Class Counsels' work product. Defendants agree to store and preserve all materials returned by Plaintiffs and their counsel pursuant to this subsection for at least one year after the awarding of relief in the Claim Review Process is finally concluded.

D. The Defendants' execution of this Agreement shall not be construed to release — and the Defendants expressly do not intend to release — any claim the Defendants may make against any insurer for any cost or expense incurred in connection with this settlement, including attorneys' fees and costs.

E. Melvyn I. Weiss, Brad N. Friedman, Janine L. Pollack, and Richard A. Lockridge represent that (i) they are authorized by each of the Plaintiffs to enter into this Agreement on behalf of Plaintiffs and any other attorneys who have represented or who now represent Plaintiffs in the Actions with respect to the claims in the Actions; and (ii) they are seeking to protect the interests of the entire Class.

F. Plaintiffs represent and certify that (i) they have agreed to serve as representatives of the Class proposed to be certified herein; (ii) they are willing, able and ready to perform all of the duties and obligations of a representative of the Class, including, but not limited to, being available for, and involved in, discovery and fact finding; (iii) they have read the pleadings in the Actions or have had the contents of such pleadings described to them; (iv) they are familiar with the results of the fact-finding undertaken by Co-Class Counsel; (v) they have been kept appraised of settlement negotiations among the Parties, and have either read this Agreement, including the

exhibits annexed hereto, or have received a detailed description of it from Co-Class Counsel, and they have agreed to its terms; (vi) they have consulted with Co-Class Counsel and/or other plaintiffs' counsel of record about the Actions, this Agreement and the obligations imposed on a representative of the Class, (vii) they have authorized Co-Class Counsel to execute this Agreement on their behalf; and (viii) they shall remain and serve as representatives of the Class until the terms of this Agreement are effectuated, this Agreement is terminated in accordance with its terms, or the Courts at any time determine that said Plaintiffs cannot represent the Class.

G. Teresa Rasmussen represents that she is authorized, upon approval of the Board of the Company, to enter into this Agreement on behalf of Defendants.

H. This Agreement, complete with the exhibits attached hereto, sets forth the sole and entire agreement among the Parties with respect to its subject matter, and may not be altered, amended, or modified except by written instrument executed by Co-Class Counsel and Defendants' Counsel. This Agreement, including its exhibits, supersedes any prior agreement, understanding, or undertaking (written or oral) by and between the Parties regarding the subject matter of this Agreement.

I This Agreement and any ancillary agreements shall be governed by and interpreted according to the law of the State of Minnesota, excluding its conflict of laws provisions.

J Any action to enforce this Agreement shall be commenced and maintained only in the Courts. The Courts shall retain jurisdiction over the implementation, administration and conduct of the settlement and the interpretation, construction and enforcement of this Agreement.

K. Whenever this Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided by facsimile and/or next business day express delivery service as follows:

If to Defendants, then to:

Charles C. Platt, Esq.
Randall M. Fox, Esq.
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
125 West 55th Street
New York, New York 10019
Telephone: (212) 428-8000
Facsimile: (212) 424-8500

and

George F. McGunnigle, Esq.
Leonard, Street and Deinard, P.A.
150 South Fifth Street
Minneapolis, Minnesota 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657

If to Plaintiffs, then to:

Melvyn I. Weiss, Esq.
Brad N. Friedman, Esq.
Janine L. Pollack, Esq.
Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza
New York, New York 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

and

Richard A. Lockridge, Esq.
Lockridge Grindal Nauen, P.L.L.P.
100 Washington Avenue South
Suite 2200
Minneapolis, Minnesota 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

L. All time periods set forth in this Agreement shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Agreement or by order of court, the day of the act, event, or default from which the

designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the offices of the Clerks of the Courts inaccessible, in which event the period shall run until the end of the next day that is not one of the aforementioned days. As used in this subsection, "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Presidents' Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day and any other day appointed as a holiday by the President or the Congress of the United States, or by the State of Minnesota, where the Courts are located.

M. Where any deadlines provided for in this Agreement are measured by postmarks, the timeliness of submissions governed by such deadlines will be measured by the postmark on the envelope containing such submission or, if there is no postmark or the postmark is illegible, by receipt of such submission within seven days after the postmark deadline.

N. The Parties reserve the right, subject to the Courts' approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

O. All Parties agree that this Agreement was drafted by counsel for the Parties during extensive arm's length negotiations. No parol or other evidence shall be offered to explain, construe, contradict or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which the Agreement was made or executed.

P. In no event shall the Agreement, any of its provisions or any negotiations, statements or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in these Actions, any other action, or

any judicial, administrative, regulatory or other proceeding, except a proceeding to enforce this Agreement. Without limiting the foregoing, neither this Agreement, nor any related negotiations, statements or court proceedings, shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including but not limited to Defendants, or as a waiver by Defendants of any applicable defense, including without limitation any applicable statute of limitations or statute of frauds, or as a waiver by Plaintiffs or the Class of any claims, causes of action or remedies, including punitive damages.

Q. Defendants expressly deny any wrongdoing alleged in the pleadings and do not admit or concede any actual or potential fault, wrongdoing or liability in connection with any facts or claims that have been or could have been alleged against them in the Actions, but consider it desirable for the Actions to be settled and dismissed because this settlement will (i) provide substantial benefits to Defendants' present and former Policy and Annuity owners; and (ii) avoid the substantial expense and the further disruption of the management and operation of Defendants' business due to the pendency and defense of the Actions.

R. Plaintiffs expressly affirm that the allegations asserted in the Actions were made in good faith and have a basis in fact, but consider it desirable for the Actions to be settled and dismissed because of the substantial benefits that the proposed settlement will provide to Class Members and the risk inherent in complex litigation such as the Actions.

S. Except as expressly provided in this Agreement, neither this Agreement nor any of the relief to be offered under the proposed settlement shall be interpreted to alter in any way the contractual terms of any Policy or Annuity, or to constitute a novation of any Policy or Annuity.

T. No opinion concerning the tax consequences of the proposed settlement to individual Class Members is being given or will be given by Defendants, Defendants' Counsel or Co-Class Counsel, nor is any representation or warranty made by virtue of this Agreement with respect to the tax consequences of any election or award of remedies under this settlement. The Class Notice shall direct Class Members to consult their own tax advisors regarding the tax consequences of the proposed settlement, including any payments, contributions or credits provided hereunder, and any tax reporting obligations they may have with respect thereto. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

U. The Parties, their successors and assigns, and their attorneys undertake to implement the terms of this Agreement in good faith, and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Agreement.

V. The Parties, their successors and assigns, and their attorneys agree to cooperate fully with one another in seeking court approval of this Agreement and to use their best efforts to effect the prompt consummation of this Agreement and the proposed settlement.

W. This Agreement may be signed in counterparts, each of which shall constitute a duplicate original.

Agreed to this 18th day of September, 2000.

APPROVED AND AGREED TO BY AND ON BEHALF OF LESA BENACQUISTO, DANIEL BENACQUISTO, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT, SUSAN MELCHERT, RICHARD THORESEN, AND ELIZABETH THORESEN, IN THEIR INDIVIDUAL AND REPRESENTATIVE CAPACITIES.

By: ______________________
MELVYN I. WEISS
BRAD N. FRIEDMAN
JANINE L. POLLACK

______________________
RICHARD A. LOCKRIDGE

COUNSEL FOR PLAINTIFFS

APPROVED AND AGREED TO BY AND ON BEHALF OF IDS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY OF NEW YORK, AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY AND AMERICAN EXPRESS FINANCIAL ADVISORS.

By: ______________________
TERESA J. RASMUSSEN

VICE PRESIDENT & MANAGING COUNSEL
AMERICAN EXPRESS FINANCIAL CORPORATION
FOR DEFENDANTS

# EXHIBITS TO STIPULATION OF SETTLEMENT

Exhibit A: Guidelines for Determining, Scoring and Awarding Relief in Claim Review

Exhibit B: Class Notice Package

Cover Letter
Notice of Class Action, Proposed Settlement and Fairness Hearing
Release and Waiver (Appendix A to Notice)
Benefit Voucher
Statement of Eligibility
Designation Form
Election Form
Fact Sheet for Qualified Plans
Plan Participant Information Sheet
Change of Address Form
Foreign Language Statement

Exhibit C: Publication Notice

Exhibit D: Proposed Hearing Orders

Exhibit E: Confidentiality Agreement

Exhibit F: Proposed Final Orders and Judgments

Exhibit G: Statement to Accompany Post-Execution Date Responses to Customer Complaints

Exhibit H: Post-Settlement Claim Form Mailing

Exhibit I: Post-Mailing Reminder

Exhibit J: Claim Review Administrative Forms and Letters

350825.1