**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
Gurdeep Singh JOLLY, Plaintiff,
v.
Jesse A. PITTORE, Richard J. Westin, Stanley L. Seaman, Preferred Income Fund II Ltd. Partnership, and Westor Financial Group, Inc., Defendants.
Jyothi Sriram, and Varsha Tevar, as Custodian for Seema Tevar, Ami Tevar and Neel Tevar, Plaintiffs,
v.
Jesse A. Pittore, Richard J. Westin, Stanley L. Seaman, Preferred Income Fund III Ltd. Partnership, and Westor Financial Group, Inc., Defendants.
**Nos. 92 Civ. 3593 (JSM), 92 Civ. 5244 (JSM).**

Sept. 22, 1995.

Brad J. Brady, Crawford, Sullivan, Read, Roemerman & Brady, Cedar Rapids, IA James J. Moylan, James J. Moylan and Associates, Chicago, IL, Marvin E. Rooks, Marvin E. Rooks, P.A., Longwood, FL, for defendants.

Lawrence A. Sucharow, Goodkind, Labaton, Rudoff & Sucharow, New York City, Charles S. Bronitsky, Rubenstein & Perry, San Francisco, CA, Lisa E. Cleary, Kelley Drye & Warren, New York City, Richard G. Smolev, Sachnoff & Weaver, Ltd., Chicago, IL, for plaintiff.

MEMORANDUM ORDER

JOHN S. MARTIN, Jr., District Judge:

*1 In July, 1992, this class action was filed, alleging violation of federal securities and other laws in connection with the sale to plaintiffs of Preferred Income Fund (PIF) III limited partnership interests. The Court certified the class by Order dated November 16, 1992. Petitioner received a "Notice of Class Action," dated September 14, 1994, informing her of her right to elect whether or not to remain a member of the class. By failing to request exclusion by October 24, 1994 as provided in the Notice, Petitioner remained a member of the class.

On October 21, 1993, Petitioner filed a Statement of Claim for arbitration before NASD against Delta First Financial, Inc., Jack W. Dicks, Patrick Hanna, the Charles J. Givens Organization, and Charles J. Givens ("the NASD proceeding"). Although both the NASD proceeding and the class action concern Petitioner's interest in the PIF III, none of the Respondents in the NASD proceeding are parties to the class action. The NASD Respondents moved, in the NASD proceeding, to dismiss McGregor's Statement of Claim pursuant to NASD Code of Arbitration Procedure § 12(d)(2). [FN1] Petitioner then filed this petition requesting that the Court resolve the dispute by determining whether or not the pending class action encompasses Petitioner's claims against Respondents. This request requires the Court to interpret the scope of the "Notice of Class Action."

The Court has jurisdiction over this petition under Federal Rule of Civil Procedure 23(d). See *County of Suffolk v. Long Island Lighting Company,* 907 F.2d 1295, 1304 (2d Cir.1990) ("The purpose of Rule 23(d) is to provide the district court with the means for facilitating 'the fair and efficient conduct of the action' " (quoting Fed.R.Civ.P. 23(d), Advisory Committee's note)).

In *National Super Spuds v. N.Y. Mercantile Exchange,* 660 F.2d 9 (2d Cir.1981), the Second Circuit provided guidelines on the interpretation of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit 4

the scope of a class action notice. In that case, the Second Circuit reversed the district court's approval of the class action settlement on the grounds that it released claims that were not included in the complaint, the opinion certifying the class, or the notice to the class action plaintiffs. *Id.* at 17. Examining the notice, the court found that it "referred only to claims based on liquidated contracts; it gave no indication that the action would concern any other claims." *Id.* Because the plaintiffs were not on notice as to the effect of the class action on any claims they might have concerning unliquidated contracts, and thus did not have the opportunity to opt out of the class in order to preserve those claims, the attempt to release unliquidated claims in the settlement was void. This case stands for the proposition that a class action encompasses only those claims specifically mentioned in the notice provided to the class members. *See TBK Partners v. Western Union Corp.*, 675 F.2d 456, 462 (2d Cir.1982) (describing the *National Super Spuds* opinion as "declin[ing] to permit the uncompensated release of claims resting on a separate factual predicate from that settled in the class action").

***2** Here, the notice Petitioner received stated:

> If you remain a member of the class, any claims which you may have *against Defendants* for damages for violations of federal securities law and related claims arising out of the sale to you of your PIF III limited partnership interest will be determined in this action and cannot be presented by you in any other action.

(emphasis added). The language of the Notice is clear; the class action encompasses claims against the defendants in the class action only. The Notice did not serve to inform Petitioner that claims against the NASD proceeding Respondents would be determined in the class action, and in fact counsel for the class plaintiffs has informed Petitioner that he does not intend to represent Petitioners on claims against nonparties to the class action. *See* Petitioner's "Motion and Petition to Resolve Dispute Concerning Whether Claim Is Encompassed By Class Action," P. 8.

The Court finds that the class action does not encompass Petitioner's claims against the NASD proceeding Respondents. As Petitioner recognizes in her "Motion and Petition," any recovery in the class action will reflect a deduction for any amount recovered in the arbitration proceeding.

SO ORDERED.

FN1. § 12(d)(2) states that "[a]ny claim filed by a member or members of a putative or certified class action is also ineligible for arbitration at the Association if the claim is encompassed by a putative or certified class action filed in federal or state court."

Not Reported in F.Supp., 1995 WL 566002 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

- 1:92cv05244 (Docket) (Jul. 14, 1992)
- 1:92cv03593 (Docket) (May. 15, 1992)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.