**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

**Civil No. 00-1980 DSD/JMM**

**DECLARATION OF AMY L. LAKE IN SUPPORT OF MOTION TO ENFORCE CLASS-ACTION SETTLEMENT AS TO CLAIMS OF RICHARD VEHRING, SURVIVING SON OF VIVIAN A. VEHRING AND TRUSTEE OF THE VIVIAN VEHRING DECEDENT TRUST PRESENTED TO THE NASD**

---

I, Amy L. Lake, hereby declare as follows:

1. I am a Senior Project Administrator for Rust Consulting, Inc. ("RUST"). At the direction of this Court, Defendants appointed RUST to serve as the Class Action Administrator for the class-action settlement approved by the District Court of Minnesota in Benacquisto, et al., v American Express Financial Corporation, et al. Case No. 00-1980 DSD/JMM and by the Minnesota State Court for the County of Hennepin in Benacquisto,

et al. v. American Express Financial Corporation, et al., Case No. 96-18477 (together with the actions consolidated therewith, also filed in the Minnesota State Court for the County of Hennepin and entitled Mork, et al. v. IDS Life Insurance Company, et al., No. 97-04742 and Thoresen, et al. v. American Express Financial Corporation, et al., No 98-015681). I make this declaration based on my personal knowledge, including a review of records maintained by RUST in the ordinary course of its business administering the class-action settlement in this case. Specifically, I have reviewed materials submitted by and on behalf of Mr. Vehring as representative of Vivian A. Vehring and trustee of the Vivian Vehring Decedent Trust, and records relating to Mr. Vehring's claim in this matter.

2. As directed by the Court in its Final Judgment and Order, RUST sent a class-notice package via First Class Mail to VVV TRUST - DECEDENT'S TRUST, C/O RICHARD D VEHRING POA, 15327 E REDROCK DR, FOUNTAIN HILLS AZ 85268-5816, on or about November 13, 2000 with respect to variable annuity account number 93006395001. A copy of this Class Notice is submitted in support of the Motion as Exhibit 5.

3. Based on the procedures used for printing, mailing, and quality control review of these processes, along with the postal certificates verifying the mailing of all class-notice packages, I can confirm that the notice packages were mailed as indicated above.

4. As of this writing, RUST has not received notification from the Postal Service, either by return of the mailing or otherwise, that the notice package was undeliverable at the address noted in paragraph 2 above.

5. Notice of the settlement was published in the newspaper with the largest

circulation in each of the 50 states, as well as the national additions of the New York Times, The Wall Street Journal, the USA Today, and the Arizona Republic, Gazette.

6. No exclusion request, either timely or untimely, was submitted with respect to annuity account number 93006395001. The deadline to request exclusion from the settlement was January 29, 2001.

7. In October 2001, Richard Vehring elected to forego the General Relief under the Stipulation of Settlement, and instead submitted and Election Form for the Claim Review Process in accordance with the Stipulation of Settlement. Although the Election Form was received after the postmark deadline of January 29, 2001, it was ultimately accepted by the Claim Evaluator, and a Claim Form was mailed to Mr. Vehring on November 5, 2001. The completed Claim Form was received in our office on November 29, 2001, and was forwarded to the Claim Evaluator for review. A copy of the Claim Form for the IDS Life Class Action Settlement is submitted in support of the Motion as Exhibit 6.

8. After review and examination of Mr. Vehring's claims, the Claim Evaluator ordered payment in the amount of $6,497.10 to the VVV Trust c/o Richard D. Vehring POA.

9. A check for payment, no. 108216, was issued on December 10, 2002, in the amount of $6,497.10.

10. On December 13, 2002, Mr. Vehring called RUST regarding the relief received from the Claim Review Process.

11. On March 4, 2003, David Derickson, attorney for the Vivian Vehring Decedent Trust called RUST to inquire about how the amount of the claim was determined

and asked to speak with class counsel.

12. On March 24, 2003, RUST sent a reminder to Mr. Vehring that he had not yet cashed check #108216.

13. On June 5, 2003, check #108216 was cashed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 21st day of December, 2005, in Faribault, Minnesota.

s/Amy L. Lake