UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1980(DSD/JMM)

Lesa Benacquisto, Daniel Benacquisto, Richard Thoresen, Elizabeth Thoresen, Arnold Mork, Isabella Mork, Ronald Melchert and Susan Melchert, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**ORDER**

American Express Financial Corporation, American Express Financial Advisors, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, IDS Life Insurance Company and IDS Life Insurance Company of New York,

Defendants.

This matter is before the court upon the motion of defendant American Express Financial Advisors to enforce a class action settlement as to claims of Paul and Tyva Russell before the NASD. For the reasons that follow, the court denies defendant’s motion.

## BACKGROUND

On May 15, 2001, the court issued an order certifying the class, approving the proposed class settlement ("Benacquisto settlement"), dismissing the complaint and entering final judgment in this consolidated class action.[1] Paul and Tyva Russell (the "Russells") were unnamed class members in that action. Through the class settlement and in exchange for their release of all claims, the Russells and other class members received general relief in the form of free accidental death benefit insurance.

On May 16, 2005, the Russells submitted an arbitration claim to the National Association of Securities Dealers ("NASD"), seeking relief against American Express Financial Advisors ("AEFA"), a defendant in the underlying matter. (See Hoogs Aff. Ex. 3.) The Russells seek recovery of damages for losses involving policies and annuities issued to them by AEFA. AEFA signed a "Uniform Submission Agreement" to arbitrate the Russells' claims, but expressly did not agree to submit to arbitration any claims covered by the Benacquisto settlement. (See Hoogs Decl. Ex. 2.)

---

[1] The Hennepin County Minnesota District Court and this court had previously issued a joint order consolidating several related actions and preliminarily certifying a class of plaintiffs. The claims in those actions focused on the alleged unsuitability of certain life insurance policies and deferred annuity plans issued by defendants American Express Financial Advisors ("AEFA"), American Express Financial Corporation, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, IDS Life Insurance Company and IDS Life Insurance Company of New York.

AEFA now moves the court to bar arbitration of the Russells' claims, arguing that they relate to policies and annuities covered by the Benacquisto class settlement.

**DISCUSSION**

In its final order, the court permanently enjoined class members who did not opt out of the settlement from bringing any subsequent action based on the policies and annuities that were the subject of the litigation. (Order of May 15, 2001 ¶ 14.) The court also expressly retained jurisdiction over "all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and [the] Order and Judgment." (Id. ¶ 19.) The court specifically reserved jurisdiction to determine whether subsequent claims were barred by the order. (Id. ¶ 19(a).) To that aim, the court possesses the authority to issue injunctions to enforce its final orders.[2] Thompson v. Edward D. Jones & Co., 992 F.2d 187, 189 (8th Cir. 1993).

[2] The Russells contend that the weight to be afforded the settlement agreement is a matter for the arbitrator. However, the court must defer to an arbitrator's decision only if the dispute falls within the scope of an arbitration agreement. See DVC-JPW Investors v. Gershman, 5 F.3d 1172, 1174 (8th Cir. 1993). Here, AEFA explicitly stated in the arbitration agreement that it did not agree to submit to arbitration any claims within the Benacquisto settlement. Therefore, the Russells' contention is without merit.

The Benacquisto settlement is to be interpreted according to Minnesota law. (See Hoogs Decl. Ex. 1, § XVII.I.) A settlement agreement is a contract, subject to contractual rules of interpretation and enforcement. See Theis v. Theis, 135 N.W.2d 740, 744 (Minn. 1965). The primary purpose of construing a contract is to give effect to the parties' intention. River Valley Truck Ctr., Inc. v. Interstate Cos., 704 N.W.2d 154, 163 (Minn. 2005). The court construes the contract as a whole and attempts to harmonize all clauses. Id. Similarly, phrases and sentences are not to be read separately or "out of context" with the rest of the agreement. Id. (citing Metro Office Parks Co. v. Control Data Corp., 205 N.W.2d 121, 124 (Minn. 1973)). The court should avoid an interpretation that renders a provision within the contract meaningless. Id.

AEFA argues that the release of claims as set forth in the Benacquisto settlement precludes the Russells from pursuing their arbitration claims. Pursuant to the "Release and Waiver" provision of the settlement, class members agreed to release all past or present claims related to the Benacquisto action or the "released conduct." (See Hoogs Decl. Ex. 1, § XII.A.1.) The released conduct includes a variety of actions taken with respect to policies and annuities issued by AEFA that were in force at any time during the "class period," which is January 1, 1985, to February 29, 2000. (See id. §§ II.8, II.26. II.60, XII.B.2.)

However, the settlement explicitly reserves a class member's right to assert various claims including those that independently arise "from acts, facts or circumstances that occur for the first time after the last day of the Class Period." (Id. § XII.A.3(ii).) A class member also has the explicit right to assert claims "relating to the administration or servicing of a Policy or Annuity after its purchase," unless such administration or servicing arises out of or relates to the specific types of released conduct listed in sections XII.B.2(i)-(xiii) of the agreement. (See id. §§ XII.A.3(iv) & XII.B.2(xiv).)

AEFA argues that the Russells cannot bring their claims because the annuities and policies at issue were purchased within the class period. It is true that most of the policies and annuities at issue in the Russells' arbitration claims were purchased and in force during the class period.[3] However, if the Russells' claims fall within one or more of the explicit exceptions to the released conduct, then they may nonetheless go forward.

[3] AEFA contends that all of the policies and annuities at issue are covered by the release and waiver provision, arguing that the release extended beyond the end of the class period to the final settlement date. AEFA points to the fact that class members agreed to release their claims "as of the Final Settlement Date." (See Hoogs Decl. Ex. 1, § XII.A.1.) However, the plain interpretation of that language is that the release became effective upon the final settlement date. By contrast, AEFA's interpretation would openly conflict with (1) the reserved right to pursue claims that arise after the class period and (2) the definitions of "Class Period," "Annuity," and "Policy." (See id. §§ II.8, II.26. II.60, XII.A.3.) Therefore, AEFA's interpretation is rejected.

Neither party has described the nature of the Russells' claims, including whether they independently arise from facts that occurred for the first time after February 29, 2000. For that reason, the court is unable to determine whether the claims involve Released Conduct or are otherwise precluded by the Benacquisto settlement. Therefore, the court declines to issue an order barring the Russells from pursuing their present claims. AEFA's motion to enforce the settlement agreement is denied.

## CONCLUSION

Accordingly, based upon a review of the file, record and proceedings herein, **IT IS HEREBY ORDERED** that American Express Financial Advisors' motion to enforce class action settlement as to claims of Paul and Tyva Russell before the NASD [Doc. No. 169] is denied.

Dated: January 5, 2006

s/David S. Doty
David S. Doty, Judge
United States District Court