UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LISA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, AND IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

Civil No. 00-1980 DSD/JMM

**RESPONSE TO DEFENDANTS' MOTION TO ENFORCE CLASS-ACTION SETTLEMENT AS TO CLAIMS BY RICHARD VEHRING, SURVIVING SON OF VIVIAN A. VEHRING AND TRUSTEE OF THE VIVIAN VEHRING DECEDENT TRUST PRESENTED TO THE NASD**

---

## INTRODUCTION

Class Action Plaintiff Richard Vehring, surviving son of Vivian A. Vehring and Trustee of the Vivian Vehring Decedent Trust, hereby responds to Defendants' Motion to Enforce Class-action Settlement as to Claims by Richard Vehring, Surviving Son of

Vivian A. Vehring and Trustee of the Vivian Vehring Decedent Trust Presented to the NASD as follows:

Defendants IDS Life Insurance Company, Ameriprise Financial, Inc., formerly known as American Express Financial Corporation, and Ameriprise Financial Services, Inc., formerly known as American Express Financial Advisors, Inc. (collectively "Ameriprise"), have tried to misuse the class-action settlement in this case to avoid liability for contract, theft and RICO claims expressly exempt from the class-action settlement by bringing this motion. The filing of this Motion at this time with the allegations it contains brushes the line set by Rule 11 of the Federal Rules of Procedure against motions interposed for the purpose of "unnecessary delay" or to needlessly "increase in the cost of litigation...." This Court should deny the motion of the defendants. This Response is supported by the accompanying Memorandum of Points and Authorities incorporated herein.

## I. BACKGROUND

### A. The Settlement

This Court entered a class-action settlement in this case on May 15, 2001, which expressly stated:

> Nothing in this Release shall be deemed to alter
>
> (i) a Class Member's right to make a claim for contractual benefits that will become payable in the future pursuant to the express written terms of an In Force Policy or In Force Annuity issued by any of the Defendants;...
>
> (iii) a Class Member's right to make a claim for theft or embezzlement in connection with a Policy or Annuity... Paragraph 13(A)(3), Final Order and

> Judgment Approving Class Action, Defendants' Attachment, page 10. (Emphasis added.)

Final Order and Judgment Approving Class Action Settlement and Dismissing Complaint, page 10; Stipulation of Settlement, page 54; Defendants' Attachment page 89.

The claims filed by Richard Vehring as heir of Mrs. Vivian Vehring, beneficiary and trustee of the Vivian Vehring Decedent Trust are for liability caused by the defendants' breach of a written contract, theft and racketeering.

In addition, the breach of contract and theft that give rise to the claims filed by Richard Vehring arose on and after May 23, 2001. The class-action settlement expressly excludes claims arising after May 15, 2001:

> **II. DEFINITIONS**
>
> 26. "Class Period" means that period beginning on January 1, 1985 and ending on February 29, 2000, inclusive....
>
> 45. "Final Settlement Date" means the last date on which the Final Order and Judgment approving this Agreement becomes final. ...
>
> **XIL <u>RELEASE AND WAIVER AND ORDER OF DISMISSAL</u>**
>
> **A. <u>Release and Waiver</u>**
>
> 1. In consideration for the relief set forth in this Agreement, Plaintiffs and all other Releasors ... shall, as of the Final Settlement Date, release, acquit and forever discharge the Releasees ... from any and all past or present Claims and Causes of Action ... (Emphasis added.)

Stipulation of Settlement, pages. 9, 12 and 53. Defendants' Attachment, pages 44, 47 and 88.

**B. The Vehring Claims**

On June 24, 1999, Jason Knight, an agent of Defendant IDS sold Vivian Vehring an annuity for a lump sum single purchase payment of $450,000.00. He sold a similar annuity to her husband a few years before and both were told if they died before the ten year term of investment was completed, the original investment would be paid back. Knight's understanding of the terms of the agreement was based upon his training by IDS and his training of others for IDS. See, Defendants' Attachment, page 156. Knight has admitted he told Vivian Vehring her estate would get all of the $450,000.00 back if she died before the ten year term was over. See, Defendants' Attachment, page 156. Vivian Vehring died on April 9, 2001. A proper notice of death was provided to IDS. However, on May 23, 2001, IDS returned only $320,817.34.

## II. ARIZONA CONTRACT LAW

In Arizona, representations like those made by Knight are evidence of the reasonable expectations of a consumer to a contract of adhesion in a commercial setting and used to set the terms of a written contract. See, Darner Motor Sales, Inc. v. Universal Underwriters Insurance Co., 140 Ariz. 383, 682 P.2d 388 (1984). The annuity contract between the parties is a classic contract of adhesion under the law of Arizona. Philadelphia Indemnity Insurance Co. v. Barerra, 200 Ariz. 9, 14, P. 12, 21 P.3d 395, 400 (2001) citing Darner Motor Sales, Inc. v. Universal Underwriters Insurance Co., above. In Arizona:

> [L]imitations or exclusions that subtract from what would reasonably be expected "must be intended and agreed to, not merely imposed upon an unwitting customer." 21 P.3d at 402, P18.

In Barrera, the Arizona Supreme Court discussed Gordinier v. Aetna Casualty & Surety Co., 154 Ariz. 266, 742 P.2d 277 (1987) and spoke about the application of the doctrine of reasonable expectations to a liability insurance contract provision. The reasonable expectations of the consumer created contract provisions which took precedence over the written language of the contract:

...

> (3) Where some activity which can be reasonably attributed to the insurer would create an objective impression of coverage in the mind of a reasonable insured;
>
> (4) Where some activity reasonably attributable to the insurer has induced a particular insured reasonably to believe that he has coverage, although such coverage is expressly and unambiguously denied by the policy. 21 P.3d at 403.

The representations of Knight were reasonably attributed to the company for which he was an agent and created a reasonable expectation in the mind of the Vehrings about the meaning of the written contract. In addition, the actions of IDS in returning the entire initial premium of her deceased husband was an activity reasonably attributable to IDS supporting the Vehrings' understanding of the contract that the $450,000.00 premium would be returned to Vivian Vehring's beneficiaries if she died before the ten year period elapsed. Failing to return the $450,000.00 premium on May 23, 2001, breached the contract.

## III. ARIZONA CRIMINAL LAW

No explanation has ever been provided to the Vehrings, counsel or any court of what legal right Defendants have to keep the $129,182.66 difference. Keeping other peoples' money without lawful authority is theft in Arizona. See, A.R.S. § 13-1802(A)(2)(3) and (5). Committing this kind of theft on two or more occasions constitutes a pattern of racketeering activity in Arizona. See, A.R.S. § 13-2301(D). The annuity contract makes clear the "contract is governed by the law of the state in which it is delivered." Deferred Annuity Contract, dated June 24, 1999, Defendants' Attachment, page 113. Arizona is the state in which the contract was negotiated, contract performance was made by Mrs. Vehring, and the contract was delivered. Arizona law governs the application of the deferred annuity contract to the parties in this case.

## IV. CLASS ACTION SETTLEMENT

The argument of the Defendants seems to be that because some evidence alleged by Richard Vehring in the claims might be relevant to tort claims, any other claims based upon the evidence must also be barred by the settlement. See

Defendants' Memorandum of Law in Support of Motion, page 9. Giving counsel for the Defendants the benefit of the doubt, the fact that some of the evidence that would support the barred tort claims might also support the exempt contract claim seems not to have occurred to the Defendants. The settlement order bars legal claims C not the use of evidence. Knight's misrepresentation to the Vehrings would support tort liability which is barred. In Arizona, it also supports liability for breach of a written contract which is exempt, especially where the breach occurred after the class period and Final Settlement

Date. The Defendants chose the language in the contract C including the language which fixes Arizona as the state whose law governs. The Defendants trained their salesmen to tell prospective customers their money would be returned regardless of their age in Arizona where those representations become part of the written contract. The Defendants breached the contract by failing to repay Mrs. Vehring's beneficiaries in Arizona after the Final Settlement Date. The Defendants certainly had more of a choice about whether contract claims and theft claims should be exempt from the settlement order than Richard Vehring. Contract and theft claims are exempt according to the language of the settlement. The settlement says absolutely nothing about limiting the evidence which can be used to support exempt claims. Nor does the settlement say anything about limiting claims or causes of action which arise after the Final Settlement Date which may be based upon evidence of actions before the Final Settlement Date.

Like the other members of the class, Vivian Vehring and her son, Richard Vehring, were victims of a number of torts like fraud which were perpetrated upon them and many others. Their ability to obtain relief for those torts was lost as a result of the settlement of the class action. They made their choice of remedies under the settlement for the torts that the Defendants committed against them and received $6,497.00. They now seek what is exempt from the settlement – damages for violation of the contract and theft that occurred after the settlement.

The Court should note the Motion filed by Defendants has absolutely no reference to Arizona contract law. Counsel for Richard Vehring have explained and provided citations to the relevant Arizona cases to an attorney for the Defendants. The Defendants

understand they will lose in Arizona so they are trying to use this Court to help them apply the settlement to a situation it expressly was not meant to cover.

The Motion does not contain a legal theory based upon any construction of the annuity contract which would justify withholding $129,182.66. To this day, the Defendants still are unable to articulate a legal basis for withholding the $129,182.66. Nor did the Defendants decide to seek the protection of this Court until over a year after these claims were filed in Arizona courts and over two months after the NASD arbitration was filed. Instead the Defendants have alternated threats and questions about whether Richard Vehring would be willing to settle. In fact, the time for filing a response to the NASD arbitration claim was extended by counsel for Richard Vehring for an additional three weeks based upon a representation by the Defendants' previous attorney they were "finally willing to consider making a serious settlement offer." Instead representation of the Defendants was transferred to present counsel who filed this Motion on the last day of the extension. The Defendants have just stolen $129, 182.66 and are delaying, obfuscating, and trying to mislead this Court into helping them keep it.

## CONCLUSION

This Court should not allow itself to be used by the Defendants to aid them in their misuse of the settlement agreement, violation of the deferred annuity contract and theft of the Vehring's money. The Motion of the Defendants should be denied.

Respectfully submitted,

**ZIMMERMAN REED, P.L.L.P.**

Dated: February 7, 2006

By: s/David M. Cialkowski
David M. Cialkowski MN # 0306526
651 Nicollet Mall, Suite 501
Minneapolis, Minnesota 55402
(612) 341-0400

**DAVID G. DERICKSON, P.C.**
David G. Derickson, Esq. (*pro hac* pending)
John Foreman, Esq. (*pro hac* pending)
3636 North Central Avenue, Suite 1050
Phoenix, Arizona 85012

**ATTORNEYS FOR RICHARD VEHRING, INDIVIDUALLY AND AS TRUSTEE OF THE VIVIAN VEHRING DECEDENT TRUST**