**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

**Civil No. 00-1980 DSD/JMM**

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE CLASS-ACTION SETTLEMENT AS TO CLAIMS OF RICHARD VEHRING, SURVIVING SON OF VIVIAN A. VEHRING AND TRUSTEE OF THE VIVIAN VEHRING DECEDENT TRUST PRESENTED TO THE NASD**

---

## Introduction

The class-action settlement released all claims associated with oral representations allegedly made in conjunction with the sale of various Ameriprise annuity and insurance products. As a Class Member, Mr. Vehring actively participated in the class settlement and received several thousand dollars in exchange for the release of these claims. Specifically, Mr. Vehring submitted his claim to the claims administrator alleging

damages from alleged misrepresentations made in connection with the sale of the Deferred Annuity. By accepting the settlement, Mr. Vehring promised Ameriprise and the Court that he would not—indeed, he acknowledged that he could not—seek additional relief for these alleged misrepresentations. By pursuing his claims both in Maricopa County, Arizona and before the NASD, Mr. Vehring is breaking this promise.

Mr. Vehring attempts to justify his broken promise and his improper end-run around this Court's Final Order and Judgment by suggesting that he only released tort claims. Mr. Vehring argues that his contract claim (and affiliated theft and racketeering claims), which he concedes is based on the same alleged misconduct as the tort claim, somehow survived the class-action settlement. Mr. Vehring is wrong. The express terms of the Settlement Agreement confirm that he has released all claims relating to alleged representations made in connection with the sale of the Deferred Annuity. The Court should therefore grant Ameriprise's motion to bar Mr. Vehring from proceeding with his claims in Arizona state court and before the NASD.

## I. Mr. Vehring Released the Claims He Now Seeks to Arbitrate.

Mr. Vehring seeks to arbitrate claims that he has already released under the express terms of the Court's Final Order and Judgment. Indeed, these "new" claims are based on the same alleged misconduct at issue in the class action. These claims are not based upon conduct occurring after the close of the Class Period. Nor are they of a type expressly preserved under the Settlement Agreement. Simply put, Mr. Vehring has released all of the claims he now seeks to arbitrate.

Mr. Vehring concedes that (1) he is a Class Member; (2) he received relief under the class-action settlement; and (3) his current claims are based upon the same alleged misconduct resolved in this class action. (*See* Ex. 2 ¶¶ 14, 16, 27 & 33.) Despite these concessions and the clear language of the Release, Mr. Vehring insists that he only released some of his misrepresentation-based claims. This is simply not true, and no language in the Release supports his theory. The Release is unambiguous. Mr. Vehring released "all past and present Claims and Causes of Action . . . that are based upon, related to, or connected with, directly or indirectly, in whole or in part . . .the ***Released Conduct***." (Ex. 1 ¶ 13.A.1(b) (emphasis added).) Because Mr. Vehring's current claims are predicated solely on the Released Conduct, they are barred.

One of the purposes of the class settlement was to prevent serial suits, like Mr. Vehring's, that seek double recovery for the same alleged misconduct. Therefore, the Release was aimed at <u>any and all</u> claims and causes of action that relate to the Released Conduct, regardless of the theory of relief under which they are pleaded.[1] Mr. Vehring's

---

[1] The Release explains that

> "Claims and Causes of Action" (as used in this Release) means any and all claims for relief (including any federal, exclusively federal, state, or other causes of action, suits, petitions, or demands in law or equity), any and all allegations of liability (including any allegations of . . . obligations, promises . . . or for any equitable, legal or administrative relief), and any and all demands for damages or equitable relief (including any claims for . . . reformation . . . or all damages of any kind, including those in excess of actual damages . . .), that have been, could have been, may be or could be asserted in any court action, whether federal, state or otherwise, or before any . . . arbitration panel . . . regardless of <u>whether based on federal, state or local law, statute, ordinance, regulation, contract, common law, or any</u>

(continued on next page)

current claims relate to the Released Conduct. Hence, he is barred from pursuing them in Arizona state court or arbitration.

The clear and unambiguous language of the Release encompasses the claims Mr. Vehring seeks to arbitrate. The sole predicate for Mr. Vehring's current claims is that his mother's financial advisor made oral misrepresentations at the time she purchased her Annuity. (Ex. 2 ¶¶ 14, 16, 27 &33.) Yet such misrepresentations are expressly incorporated within the definition of Released Conduct under the Release. (¶ 13.B.2.(i), (ii) & (iii).) Mr. Vehring does not allege any other misconduct on the part of Ameriprise. Accordingly, Mr. Vehring has released Ameriprise from all liability for his current claims.

## II. Mr. Vehring's Claims Are Not Preserved Under the Release.

Mr. Vehring seeks to save his claims by trying to shoehorn them into one of the categories of claims excluded from the Release. Although creative, his argument fails. The Release simply does not permit Mr. Vehring to receive the double recovery he seeks.

### A. Mr. Vehring's "Contract" Claim is not Preserved Under the Release.

Mr. Vehring unsuccessfully attempts to distinguish his current claims from his released claims by calling them "contract" claims. Mr. Vehring cannot escape the preclusive effect of his release by simply denominating his current claims as arising

---

(continued from previous page)

> <u>other source</u>, and regardless of whether foreseen or unforeseen, suspected or unsuspected, or fixed or contingent at the time of this Settlement.

(Ex. 1 ¶ 13.B.1 (emphasis added).)

under contract theories. Although the Release did preserve the right of Class Members to bring certain contract claims, it only preserved "claim[s] for contractual benefits that will become payable in the future pursuant to the express written terms of an . . . Annuity." (Ex. 1 ¶ 13.A.3 (emphasis added).) And this makes sense. When the parties settled their claims based on alleged oral misrepresentations made in connection with the sale of the annuities, the parties sought to nullify the effects of the alleged misrepresentations—not the underlying written contract. Therefore, Class Members retained the underlying written contractual rights and obligations and any claims related to the four corners of their written contracts. (*Id.*)

Mr. Vehring's "contract" claim is, by his own admission, not limited to the written terms of the contract. (*See* Pl.'s Resp. at 5.) Rather, Mr. Vehring seeks to enforce oral representations allegedly made at the sale of the Deferred Annuity. This is simply not a type of contract claim that was preserved under the Release.

Mr. Vehring's very theory of recovery confirms that his claim is barred. In the arbitration, Mr. Vehring seeks to bring a contract claim against Ameriprise under Arizona's reasonable-expectations doctrine. By doing so, Mr. Vehring necessarily concedes that his "contract" claim is not based on the express written terms of the Annuity. The reasonable expectations doctrine is used to avoid the written terms of an insurance policy, not to enforce them. *See Darner Motor Sales v. Univ. Underwriters Ins. Co.*, 682 P.2d 388, 392-99 (Ariz. 1984). Accordingly, Mr. Vehring's "contract" claim is not preserved under the Release. (*See* Ex. 1 ¶ 13.A.3.) Indeed, because the relevant "reasonable expectations" are predicated upon Released Conduct, i.e.,

representations made prior to the purchase of the Annuity, this “contract” claim is barred by the Release. (*See* Ex. 1 ¶ 13.B.2.(i).)

### B. Mr. Vehring’s Theft and Racketeering Claims Are Not Preserved Under the Release.

Because Mr. Vehring’s theft and racketeering claims are predicated on his “contract” claim, they are likewise barred under the Release. The theory underlying these theft and racketeering claims is that Ameriprise kept funds, which belonged to Mr. Vehring by virtue of the alleged oral contract. Because Mr. Vehring released such representation-based claims, these claims necessarily fail. Under the express written terms of the Annuity, Mr. Vehring had no right to the funds he now seeks. Ameriprise’s failure to provide these funds to Mr. Vehring cannot form the basis of a claim for theft or racketeering.

## Conclusion

For the reasons set forth above and in its opening Memorandum of Law, Ameriprise respectfully requests that the Court enjoin Mr. Vehring from proceeding with any arbitration of claims that are barred by the Settlement Agreement and the Final Order and Judgment.

Respectfully submitted,

Dated: February 14, 2006

FAEGRE & BENSON LLP

s/ Fiona B. Ruthven

Michael F. Cockson, # 280549
Fiona B. Ruthven, #333761
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

**Attorneys for Defendants IDS Life Insurance Company, American Express Financial Corporation n/k/a Ameriprise Financial Inc., and American Express Financial Advisors, Inc. n/k/a Ameriprise Financial Advisors, Inc.**

M2:20773358.05