UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1980(DSD/JMM)

Lesa Benacquisto, Daniel Benacquisto, Richard Thoresen, Elizabeth Thoresen, Arnold Mork, Isabella Mork, Ronald Melchert and Susan Melchert, on behalf of themselves and all others similarly situated,

Plaintiffs,

v. **ORDER**

American Express Financial Corporation, American Express Financial Advisors, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, IDS Life Insurance Company and IDS Life Insurance Company of New York,

Defendants.

This matter is before the court upon the motion of defendants to enforce a class action settlement as to claims of Richard Vehring, surviving son of class member Vivian A. Vehring and trustee of the Vivian Vehring Decedent Trust, before the NASD. For the reasons that follow, the court grants defendant's motion.

## BACKGROUND

On May 15, 2001, the court issued an order certifying the class, approving the proposed class settlement ("Benacquisto

settlement”), dismissing the complaint and entering final judgment in this consolidated class action.[1] Vivian Vehring was an unnamed class member in that action. Mrs. Vehring died in April of 2001. In November 2001, Richard Vehring made a late election as trustee of the Vivian Vehring Decedent Trust to participate in the claim review process under the Benaquisto settlement. Mr. Vehring claimed that a financial advisor from defendant Ameriprise Financial Advisors (“Ameriprise”), formerly American Express Financial Advisors, recommended and sold to Mrs. Vehring a $450,000 annuity with the alleged oral representation that her estate would receive full payment of the $450,000 if she passed away. Mrs. Vehring was eighty-five years old when she purchased the annuity. After she passed away, Ameriprise paid only two-thirds of the amount, explaining that it pays the full amount only for those under seventy-five years of age. Mr. Vehring sought the remaining one-third of the annuity amount, $129,182.66, plus interest and “compensation for misrepresentation, lack of full disclosure and

---

[1] The Hennepin County Minnesota district court and this court had previously issued a joint order consolidating several related actions and preliminarily certifying a class of plaintiffs. The claims in those actions focused on the alleged unsuitability of certain life insurance policies and deferred annuity plans issued by defendants Ameriprise Financial, Inc., formerly known as American Express Financial Corporation, Ameriprise Financial Services, Inc., formerly known as American Express Financial Advisors, Inc. (collectively “Ameriprise”), American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, IDS Life Insurance Company, and IDS Life Insurance Company of New York.

unethical practices of [Ameriprise].” (Lake Decl. Ex. 5 at 2.)

The claim evaluator reviewed Mr. Vehring’s claim and awarded relief in the amount $6,497.10 on December 10, 2002. On June 5, 2003, Mr. Vehring cashed the award. Over two years later, on September 21, 2005, Mr. Vehring submitted an arbitration claim to the National Association of Securities Dealers (“NASD”), seeking relief against Ameriprise. (See Lake Decl. Ex. 2.) Ameriprise now moves the court to bar Mr. Vehring’s arbitration of any claims relating to annuities covered by the Benaquisto class settlement.

**DISCUSSION**

In its final order, the court permanently enjoined class members who did not opt out of the settlement from bringing any subsequent action based on the policies and annuities that were the subject of the litigation. (Order of May 15, 2001 ¶ 14.) The court also expressly retained jurisdiction over “all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and [the] Order and Judgment.” (Id. ¶ 19.) The court specifically reserved jurisdiction to determine whether subsequent claims were barred by the order. (Id. ¶ 19(a).) The court possesses the authority to issue injunctions to enforce its final orders. Thompson v. Edward D. Jones & Co., 992 F.2d 187, 189 (8th Cir. 1993).

The Benaquisto settlement is to be interpreted according to Minnesota law. (See Defs.' Mem. Supp. Mot. Enforce Class-Action Settlement Ex. 3, § XVII.I.) A settlement agreement is a contract, subject to contractual rules of interpretation and enforcement. See Theis v. Theis, 135 N.W.2d 740, 744 (Minn. 1965). The primary purpose of construing a contract is to give effect to the parties' intention. River Valley Truck Ctr., Inc. v. Interstate Cos., 704 N.W.2d 154, 163 (Minn. 2005). The court construes the contract as a whole and attempts to harmonize all clauses. Id. Similarly, phrases and sentences are not to be read separately or "out of context" with the rest of the agreement. Id. (citing Metro Office Parks Co. v. Control Data Corp., 205 N.W.2d 121, 124 (Minn. 1973)). The court should avoid an interpretation that renders a provision within the contract meaningless. Id.

Ameriprise argues that the release of claims as set forth in the Benaquisto settlement precludes Vehring from pursuing his arbitration claims. Pursuant to the "Release and Waiver" provision of the settlement, class members agreed to release all past or present claims "that are based upon, related to, or connected with, directly or indirectly, in whole or in part" the Benaquisto action or the "released conduct." (Defs.' Mem. Supp. Mot. Enforce Class-Action Settlement Ex. 3, § XII.A.1.) The released conduct includes representations, omissions and communications related to or connected with the sale, administration, servicing or performance

of policies and annuities issued by Ameriprise between January 1, 1985, and February 29, 2000. (See id. §§ II.8, II.26, II.60, XII.B.2.) In this case, Mr. Vehring seeks to arbitrate claims based upon alleged misrepresentations connected with the sale and servicing of an annuity issued by Ameriprise in June of 1999. Such a claim falls under the released conduct of the Benacquisto settlement.

Mr. Vehring contends that he should be permitted to proceed with his NASD claims for two reasons. First, Mr. Vehring argues that his claim did not arise until after the class period expired because Ameriprise did not refuse to tender the entire amount paid for the annuity until May 15, 2001. However, the basis of Mr. Vehring's claims rests on alleged misrepresentations made in June 1999. At the very least, his claims are "based upon, related to, or connected with, directly or indirectly, in whole or in part" the alleged misrepresentations. (Id. § XII.A.1.) Moreover, the court notes that Mr. Vehring availed himself of the late claims process as set forth in the settlement agreement and received monetary relief. For all of the above reasons, the court rejects Mr. Vehring's first argument.

Mr. Vehring's second argument is that his claim falls under an exception to the released conduct for contract claims. He points to language in the Benaquisto settlement that preserves the right of class members "to make a claim for contractual benefits that

will become payable in the future pursuant to the express written terms of an [annuity] issued by [Ameriprise]." (Id. § XII.A.3(i).) However, Mr. Vehring's claims are not based upon the express written terms of the annuity, but rather on oral misrepresentations made at the time of sale. As a result, the claim does not fall under the plain language of the contract claim exception. Therefore, the court also rejects Mr. Vehring's second argument.[2] For all of the above reasons, the court finds that the Benacquisto settlement bars Mr. Vehring's claims before the NASD.

## CONCLUSION

Accordingly, based upon a review of the file, record and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to enforce the class action settlement as to claims of Richard Vehring before the NASD [Doc. No. 184] is granted.

2. In accordance with the court's final order and permanent injunction dated May 15, 2001, Richard Vehring is permanently barred and enjoined from filing, commencing, prosecuting,

---

[2] Mr. Vehring also asserts that his theft and racketeering claim falls under a released conduct exception for theft or embezzlement claims. (See Defs.' Mem. Supp. Mot. Enforce Class-Action Settlement Ex. 3, § XII.A.3(iii).) However, Mr. Vehring again refers only to the alleged oral misrepresentations as the basis for his theft and racketeering claim. As discussed above, such a claim is based on released conduct and is therefore barred by the settlement.

maintaining, intervening in, participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding based on or relating to the claims and causes of action, or the facts and circumstances relating to the claims and causes of action, or the facts and circumstances relating thereto in Benacquisto et al. v. American Express Financial Corp. et al., Civil No. 00-1980 (DSD/JMM), or in the actions consolidated in Benacquisto, et al. v. American Express Financial Corp., et al., No. 96-18477, presented to the Fourth Judicial District Court of the State of Minnesota; and claims relating to any life insurance policy or variable annuity products covered therein, including but not limited to deferred annuity contract no. 93006395001.

Dated: February 23, 2006

s/David S. Doty
David S. Doty, Judge
United States District Court