UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LISA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, AND IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

Civil No. 00-1980 DSD/JMM

**MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION OF THIS COURT'S ORDER OF FEBRUARY 23, 2006**

## INTRODUCTION

This Court entered an order on February 12, 2006, which appears to enjoin Richard Vehring from proceeding in the pending litigation in the Superior Court of Arizona in Maricopa County, No. CV 2004-023398 and NASD Arbitration No. 05-04997. See attached Order of February 23, 2006. The order is appears to

be based upon this Court's perception the claims of Vehring rely upon an oral "misrepresentation" of Jason Knight about the amount of money to be returned to the estate of Vivian Vehring should she die before the ten year term of an annuity contract. The Court is referred to the original pleadings and attachments for details of the arguments of counsel, the complaint in the Superior Court of Arizona and notice of claim in the NASD arbitration.

Judges within this District have entertained both motions to clarify orders and letters requesting clarification of prior orders. Compare Decade Indus. v. Wood Tech., Inc., 145 F. Supp. 1075, 1080 (D. Minn. 2001) (Doty, J.) (this Court granted motion to clarify prior order), Triple Five of Minnesota, Inc. v. Simon, 2003 WL 23018825, *2 (D. Minn. December 23, 2003) (court granted motion to clarify prior order), Coca-Cola Co. v. Purdy, 2003 WL 202582, *1 (D. Minn. January 28, 2003) (discussing successful motion for clarification of the scope of prior order), and Action Elec., Inc. v. Local Union No. 292, Int'l Bhd. of Elec. Workers, 1987 WL 49625, *1 (D. Minn. July 1, 1987) (court entertained motion to clarify prior order), with Anchor Wall Systems, Inc. v. Rockwood Retaining Walls, Inc., 2004 WL 2218382, *1 (court granted plaintiff's request for clarification submitted by letter), and Decade Indus., 145 F. Supp. at 1077 (this Court entertained request, which had first been made by letter and later by formal motion, for clarification of prior order). After searching and finding no express rule governing the procedure for requesting clarification of an order in this District, Plaintiff submits this formal motion out of an abundance of caution.

Richard Vehring and counsel respectfully disagree with the Court's interpretation of Arizona contract law and the language of the settlement agreement in this proceeding. However, we respect this Court's decision. What is not clear from the language of this Court's order is whether the Court meant to enjoin all contract, theft and RICO claims related to the annuity contract of Vivian Vehring IDS Variable Annuity Contract No. 93006395001, or only those based upon "released conduct" which the order finds to include the "alleged misrepresentations connected with the sale and servicing of an annuity issued by Ameriprise in June of 1999." Order of February 23, 2006, pp. 4, 5. The order finds "Mr. Vehring's claims are not based upon the express written terms of the annuity, but rather on oral misrepresentations made at the time of sale." Order of February 23, 2006, p. 6.

Simply put, Richard Vehring and counsel seek guidance from the Court as to whether this Court will object if we proceed with the pending litigation and arbitration with revised claims that do not refer to or ask for relief based upon the "oral misrepresentation" which this Court's order finds to be "released conduct." Our understanding of the reasoning of the Court is Richard Vehring should not be able to proceed with claims which are based upon what the Court found to be "released conduct." Contract, theft and RICO claims that do not rely upon the "misrepresentation" referred to in this Court's order or any similar conduct – conduct which would have given rise to the many claims which were filed against

the defendants that caused the class action to be filed in the first place – would not violate the spirit or intent of the original settlement and injunction.

**CONCLUSION**

This Court should limit its order in this case to preventing Richard Vehring from proceeding with the pending litigation and arbitration upon any theory of liability based upon the "misrepresentation" referred to in this Court's order of February 23, 2006, that this Court found to be "released conduct" as defined by the settlement agreement in this case. This Court should not enjoin Richard Vehring from amending his claims and proceeding upon contract, theft or RICO claims that do not rely upon the "misrepresentation" found by the Court to be "released conduct."

**ZIMMERMAN REED, P.L.L.P.**

Dated: March 31, 2006

By: s/David M. Cialkowski
David M. Cialkowski – MN # 0306526
651 Nicollet Mall, Suite 501
Minneapolis, Minnesota 55402
(612) 341-0400

DAVID G. DERICKSON, P.C.
David G. Derickson, Esq.
John Foreman, Esq.
3636 North Central Avenue, Suite 1050
Phoenix, Arizona 85012
Attorneys for Plaintiff Richard Vehring, Surviving Son of Vivian A. Vehring and Trustee of the Vivian Vehring Decedent Trust

**ATTORNEYS FOR RICHARD VEHRING, SURVIVING SON OF VIVIAN A. VEHRING AND TRUSTEE OF THE VIVIAN VEHRING DECEDENT TRUST**