**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Minnesota.
TRIPLE FIVE OF MINNESOTA, INC., a Minnesota corporation, Plaintiff,
v.
Melvin SIMON; Herbert Simon; Randolph Foxworthy; Melvin Simon & Associates, Inc., an Indiana corporation; Si-Minn Limited Partnership, an Indiana limited partnership; Si-Minn, Inc., an Indiana corporation; David Simon; Simon Property Group, Inc., a Delaware Corporation; Simon Property Group L.P., a Delaware limited partnership; MS Management Associates, Inc., an Indiana corporation; Simon Management Associates, Inc., an Indiana corporation; Mall of America Associates, a Minnesota general partnership; MOAC Limited Partnership, a Minnesota limited partnership; Mall of America Company, a Minnesota general partnership; Minntertainment Associates, a Minnesota general partnership; Minntertainment Company, a Minnesota general partnership; MOAC Mall Holdings LLC; MOA Land Holdings LLC, MOA Entertainment Company LLC; and Does 1 to 20; Defendants.
**No. Civ.99-1894 PAM/RLE.**
Dec. 23, 2003.

Roger James Magnuson, Christopher T. Shaheen, Mitchell Widell Granberg, Todd Robert Trumpold, Dorsey & Whitney, Mpls, MN, Creighton Reid Magid, Dorsey & Whitney, Washington, DC, for Plaintiff.

Thomas S. Fraser, James E. Dorsey, Gregory Elan Karpenko, Fredrikson & Byron, John M. Sheran, Lawrence Jeffrey Field, Monica L. Davies, Elizabeth Wiet Reutter, Leonard, Street and Deinard, Mpls, MN, Richard L. Posen, Steven H. Reisberg, Tariq Mundiya, Willkie, Farr & Gallagher LLP, New York, NY, for Defendants.

**ORDER**

MAGNUSON, J.

*1 This matter is before the Court on Defendants' **Motions** to Amend and/or to **Clarify** this Court's **Order** of September 10, 2003. By letter, Plaintiff also seeks several **clarifications** of the Court's **Order**.

At least one item is undisputed. On page 6 of the Court's **Order**, the Court mistakenly referred to "net" rather than "gross" in describing the reduction in Teachers' capital account. The **Order** will be amended to substitute "gross" for "net" on page 6.

The Court agrees with Defendants that, at page 28, paragraph 2 of the **Order** must be amended to reflect that SPG is required to disgorge its net profits only if Triple Five acquires SPG's interest in the Mall. Similarly, Triple Five will become the managing general partner of Mall of America Associates ("MOAA"), with the right to 80% of MOAA's income, only after Triple Five acquires SPG's interest in the Mall.

Next, Defendants contend that Triple Five should be required to convey its interest in the Met Center site to Si-Minn should Triple Five acquire SPG's interest in the Mall. According to Defendants, as part of the 1999 transaction, Si-Minn conveyed its interest in the Met Center property to Teachers. In order to put the parties in the same position they would have been in had Triple Five been allowed to participate in the 1999 transaction, Defendants assert that the Court must require Triple Five to convey its interest in the Met Center site to Si-Minn. The Court disagrees, and will not require Triple Five to convey its interest in the Met Center site to Si-Minn.

The Court **clarifies** its **Order** as Defendants' request in the following ways. Should Triple Five wish to acquire SPG's interest in the Mall, it must tender the required payment to SPG on or before June 10, 2004. Further, Triple Five is required to keep Defendants informed as to the progress of financing, as well as to the timing of Triple Five's intended acquisition of SPG's interest in the Mall. It was not the Court's intent in the Order to require any changes in the day-to-day management of the Mall. Thus, it is the Court's expectation that the current managers of the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Mall will remain in place. Those managers may continue to make ordinary business decisions on behalf of the Mall. The injunction requires that the managers receive written permission from Triple Five only for decisions outside the ordinary course of business. The Court expects that the parties will cooperate to ensure that the operation of the Mall continues smoothly.

As noted above, Triple Five has also requested **clarification** of the Court's **Order**. The parties dispute whether the term "net profits" as used in the **Order** includes any so-called "cost of capital." After consideration of the matter, the Court determines that the net profits SPG must disgorge include deductions for costs of capital. The Court refers to the Special Master the issue of what costs of capital are reasonable in this matter.

The Court rejects Triple Five's suggestion that the Court should allow Triple Five to claim a lodestar for attorneys' fees. Triple Five will be reimbursed for the reasonable, actual attorneys' fees and costs it incurred in preparing for and litigating this matter.

*2 Finally, Triple Five contends that the Court erred in requiring Defendants to reimburse Mall partnerships only one-half of the amount withdrawn for attorneys' fees and costs. This was an inadvertent error and the Court will amend the Order to provide that Defendants must reimburse the Mall partnerships the entire amount of any litigation fees and costs withdrawn. Triple Five further argues that Defendants should be required to reimburse the partnerships not only for litigation fees and costs, but also for any fees and costs incurred in carrying out the 1999 transaction and for fees and costs incurred in anticipation of litigation. The Court does not agree that Defendants should be required to reimburse the Mall partnerships for attorneys' fees and costs incurred in carrying out the 1999 transaction, but will require Defendants to reimburse the Mall partnerships for any fees and costs that were incurred in direct anticipation of litigation. The Court leaves the specific determination as to what fees and costs are reimbursable to the Special Master.

In all other respects, the **Motions** to Amend and/or **Clarify** and the request for **clarification** are denied.

Accordingly, IT IS HEREBY **ORDERED** that:

1. Defendants' **Motions** to Amend and/or **Clarify** (Clerk Doc. Nos. 385, 386, and 397) are GRANTED in part and DENIED in part as more fully set forth above; and

2. This Court's **Order** of September 10, 2003 (Clerk Doc. No. 358) is AMENDED as follows:

a. On page 6, the word "net" in the seventh line should read "gross."

b. On page 28, paragraph 2 is amended to include the following: "The requirement that SPG disgorge its net profits to Triple Five is contingent on Triple Five's acquisition of SPG's interest in the Mall pursuant to this Order. The term 'net profits' includes a deduction for SPG's reasonable cost of capital."

c. On pages 28-29, paragraph 5 is amended to include the following: "Triple Five shall not assume the managing general partner status nor shall Triple Five receive 80% of the partnership distributions unless and until Triple Five acquires SPG's interest in the Mall pursuant to this **Order**."

3. The **Order** shall in all other respects remain unchanged; and

4. Pursuant to Fed.R.Civ.P. 53(b)(2)(A), the Court REFERS to the Special Master the issue of what costs of capital shall reasonably be allowed SPG in this matter.

Not Reported in F.Supp.2d, 2003 WL 23018825 (D.Minn.)

**Motions, Pleadings and Filings** (Back to top)

• 2005 WL 2917761 (Trial Motion, Memorandum and Affidavit) Simon Property Group Defendants' Memorandum Opposing Triple Five's Request for Post-Remand Relief (Sep. 27, 2005)

• 2005 WL 2917762 (Trial Motion, Memorandum and Affidavit) Simon Family Defendants' Memorandum Opposing Triple Five's Request for Post-Remand Relief (Sep. 27, 2005)

• 2005 WL 2917763 (Trial Motion, Memorandum and Affidavit) Plaintiff Triple Five's Reply Memorandum in Support of its Request for Post-Remand Relief (Sep. 27, 2005)

• 2005 WL 2917758 (Trial Motion, Memorandum and Affidavit) Simon Property Group Defendants' Memorandum Regarding Unresolved Issues (Sep. 20, 2005)

• 2005 WL 2917759 (Trial Motion, Memorandum and Affidavit) Simon Family Defendants' Memorandum Regarding Implementation of Eighth Circuit's Mandate and Unavailability of Further Relief (Sep. 20, 2005)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

- 2005 WL 2917760 (Trial Motion, Memorandum and Affidavit) Plaintiff Triple Five's Memorandum in Support of its Request for Post-Remand Relief (Sep. 20, 2005)

- 0:99cv01894 (Docket) (Nov. 26, 1999)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.