**H**

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
D. Minnesota.
THE COCA-COLA COMPANY, McDonald's Corporation, Pepsico, Inc., The Washington Post Company, and WashingtonPost.Newsweek Interactive Company, LLC, Plaintiffs,
v.
William S. PURDY, Sr., Please Don't Kill Your Baby, and Does 1-10, Defendants.
**No. Civ.02-1782ADM/AJB.**

Jan. 28, 2003.

Thomas P. Olson, and Maya Alexandri, Wilmer, Cutler and Pickering, Washington, D.C., and Kara L. Benson, Faegre and Benson, Minneapolis, MN, on behalf of Plaintiffs.

Douglas B. Altman, on behalf of Defendant William S. Purdy, Sr.

AMENDED CONTEMPT **ORDER**

MONTGOMERY, J.

*1 On January 23, 2003, the **Motion** for **Order** to Show Cause [Docket No. 28] of Plaintiffs The Coca-Cola Company, McDonald's Corporation, PepsiCo, Inc., The Washington Post Company, and Washingtonpost.Newsweek Interactive Company, LLC (collectively, "Plaintiffs"), was argued before the undersigned United States District Judge. On July 23, 2002, this Court issued an Order for Emergency Temporary Restraining Order and Preliminary Injunction [Docket No. 12]. An Emergency Appeal was filed by Defendant William S. Purdy, Sr., ("Purdy") [Docket No. 13], which was denied by the Eighth Circuit [Docket No. 15]. Plaintiffs believed Purdy continued to violate the July 23 **Order**, and on August 15, 2002, Plaintiffs filed a **Motion** for **Clarification** [Docket No. 17]. On September 5, 2002, this **Motion** was granted, and the July 23 **Order** was amended [Docket No. 19] to include additional language **clarifying** the Court's original intention as to the scope and effect of the July 23 **Order**. On October 1, 2002, believing Purdy was still engaged in actions violative of the Court's July 23 and September 5 **Orders**, Plaintiffs filed a **Motion** for **Order** to Show Cause [Docket No. 28] why Purdy should not be held in contempt of court. Subsequently, Purdy filed a **Motion** for **Clarification** of Preliminary Injunction [Docket No. 38] relating to the September 5 **Order**.

For reasons stated on the record, and based on all the files, records and proceedings herein, IT IS HEREBY **ORDERED** that:

1. Plaintiffs' **Motion** for **Order** to Show Cause [Docket No. 28] is GRANTED.
2. Defendant William S. Purdy, Sr., is found to be in CONTEMPT OF COURT. This Contempt **Order** expressly applies to any action by Purdy, whether as an individual, or purportedly in the name of any other entity, including but not limited to the entity "Please Don't Kill Your Baby."
3. Plaintiffs make no request that individual Defendant Purdy be taken into custody.
4. Purdy has registered and/or used or is using the following Internet domain names: *washingtonpost-editorialpage.com, washingtonpostedits.com, washingtonpost-federalcourt.com, washingtonpost-eighthcircuit.com, washingtonpost-supremecourt.com, thewashingtonpostappeal.com, washingtonpost-constitution.com, washingtonpostcourt.com, thewashingtonpostjury.com, washingtonpostjudges.com, washingtonpoststates.com, washingtonpostproclaims.com, thewashingtonpostchoice.com, washingtonpostcitizen.com, washingtonpostfreedom.com, washingtonpostspeech.com, washingtonpost-freespeech.com, thewashingtonpostchristian.com, washingtonposthardass.com, washingtonpostcandidates.com, thewashingtonpostbaby.com, thewashingtonpost-mybook.com, washingtonpost-oreilly.com, thewashingtonpostfactor.com, thewashingtonpost-nospinzone.com, washingtonpost-plannedparenthood.com, thewashingtonpostconfession.com, thewashingtonpostvirus.com, thewashingtonpostwatch.com, thewashingtonpostnews.com, washingtonpostcyberspace.com,*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*washingtonpostinternet.com, thewashingtonpostbirth.com, thewashingtonposteffect.com, thewashingtonpostfame.com, thewashingtonpostfetus.com, thewashingtonpostframe.com, thewashingtonpostillness.com, thewashingtonpostliberal.com, thewashingtonpostlife.com, thewashingtonpostmission.com, thewashingtonpostreign.com, thewashingtonpostreligion.com, thewashingtonpostrescue.com, thewashingtonpostsorrows.com, thewashingtonpostspin.com, thewashingtonpostsyndrome.com, thewashingtonpostwalk.com, thewashingtonpostwomb.com, washingtonpostconfusion.com, washingtonposthealth.com, washingtonpostsuffering.com, thewashingtonpostoccassion.com, thewashingtonpostunderstanding .com, thewashingtonpostshareholder.com, yourwashingtonpost.com, nocoke-pepsi.com, pepsihell.com, gopepsi.org, pepsi-ludacris.com, pepsi-oreilly.com, pepsiheaven.com, pepsiright.com, thepepsichallenge.org, lovemcdonalds.com, ilovethewashingtonpost.com, satanlovesthewashingtonpost.com,* and *jesuslovesthewashingtonpost.com.*

***2** 5. The domain names listed in paragraph 4 each incorporate, and are identical or confusingly similar to, the Plaintiffs' famous or distinctive trademarks Coca-Cola®, Coke®, McDonalds®, McDonalds.com®, Pepsi-Cola®, Pepsi®, The Washington Post®, and WashingtonPost.com®. None of the domain names listed in paragraph 4 "alert[s] the unwary Internet user to the protest or critical commentary nature of the attached website within the language of the domain name itself." July 23 and September 5 **Orders** ¶ ¶ 11.

6. Maintenance of registration and/or continued use of each of the domain names listed in paragraph 4 violates paragraph 11 of the Court's July 23 **Order**, as **clarified** by the September 5 **Order**.

7. Without authorization from any of the Plaintiffs, Purdy has been using the domain names listed in paragraph 4 to display content that is selected by Purdy.

8. Purdy has refused to comply with the Plaintiffs' repeated requests that he bring himself into compliance with the Court's Order by ceasing use of the domain names listed in paragraph 4 and cooperating in transferring ownership of those domain names to the appropriate Plaintiff.

9. Though Purdy need not have acted willfully to be in contempt of this Court's **Order**, based on a review of the record and oral arguments, the Court finds that Purdy has willfully violated this Court's **Order**.

10. Accordingly, Purdy shall immediately refrain from any conduct whatsoever that violates the July 23 **Order**, as **clarified** by the September 5 **Order**.

11. Without limiting the generality of the foregoing, Purdy shall immediately cease maintaining all registrations and all use of the domain names listed in paragraph 4.

12. The ownership of all of the domain names listed in paragraph 4 shall be transferred to the appropriate Plaintiff within three (3) days of the date of this **Order**. Any domain name registrar that receives notice of this **Order** shall forthwith transfer any prohibited domain name to the appropriate Plaintiff, without regard to whether Purdy has requested or opposed the transfer. Purdy is **ordered** to take whatever steps necessary to cooperate with and facilitate this transference of ownership.

13. Purdy shall pay to Plaintiffs $500 per day from the date of this **Order** until he completes the steps described in paragraphs 10, 11, and 12 above.

14. Purdy shall provide a written report to this Court and counsel for the Plaintiffs setting forth in detail his compliance with this **Order** within five (5) days from the date of this **Order**.

15. Purdy shall pay to the Plaintiffs, through their counsel, their attorneys' fees, costs, and expenses related to the bringing of this contempt **motion**. The Plaintiffs shall serve on Purdy and file with the Court, within fourteen (14) days of the date of this **Order**, a declaration setting forth the amount of such attorneys' fees and expenses. Within five (5) days of service of such declaration, Purdy shall file and serve any objections he has to such declaration. Unless this Court otherwise **orders** based on such objections and any response thereto, Purdy shall pay such amount to the appropriate Plaintiff within fourteen (14) days of the date on which the Plaintiffs file and serve their declaration.

***3** 16. Purdy's **Motion** for **Clarification** of Preliminary Injunction [Docket No. 38] is DENIED.

17. The Court intended to set a clear standard in its July 23 **Order**, and has indulged Purdy's claimed uncertainty by issuing the September 5 Amended **Order** to **clarify** the intended scope and effect of the original injunction. Now, by way of further analysis, the Court applies the announced standard to a plethora of proposed domain names as an

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

additional attempt to allow Purdy to purge his contemptuous conduct, and in hopes of avoiding future contemptuous actions by Purdy. Given this last attempt to allow Purdy to act in accordance with the Court's Orders, the Court may be forced to impose more severe sanctions upon continued non-compliance.

18. A hearing will be held on Tuesday, February 4, 2003, at 9:00 a.m. All parties must be present in person to notify the Court of the current status of compliance with its Orders.

Not Reported in F.Supp.2d, 2003 WL 202582 (D.Minn.)

**Motions, Pleadings and Filings** (Back to top)

• 0:02CV01782 (Docket) (Jul. 18, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.