**H**

United States District Court, D. Minnesota.
ACTION ELECTRIC, INC., Petitioner,
v.
LOCAL UNION NO. 292, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS et al.,
Respondent.
**No. 3-85-580.**

July 1, 1987.

[*Statement of Case*]

MAGNUSON, District Judge.

*1 This matter comes before the court on the **motion** of respondent Local Union No. 292, International Brotherhood of Electrical Workers (Local 292) for an **order clarifying** the court's previous **order** dated September 10, 1985 and for the entry of judgment. The court considers this **motion** on the materials submitted by the parties and without oral argument.

The controversy underlying this lawsuit involves a labor dispute between Local 292 and petitioner Action Electric, Inc. (Action), wherein Local 292 alleges that Action diverted work which was contractually guaranteed to Union members to ARC Electric, a non-union shop. On October 2, 1984, Local 292 filed a grievance against Action and demanded that Action arbitrate the grievance pursuant to the collective bargaining agreement. Action objected, asserting that it had effectively terminated its letter of assent and consequently was no longer bound by the collective bargaining agreement. The Labor-Management Committee (Committee), the designated arbitration panel, met on November 27, 1984 to hear the merits of the grievance. The Minneapolis Chapter of the National Electrical Contractors Association (NECA) represented Action's interests at the arbitration hearing. In a decision dated December 14, 1984 the Committee found Action to be in violation of the collective bargaining agreement and directed Action to pay compensatory damages according to a prescribed formula. [FN1] The Committee further ordered Action to provide the Committee with payroll records so that the Committee could calculate the damage award.

Action refused to abide by the arbitration award and subsequently brought this action against Local 292 and NECA to vacate the award. Local 292 responded by filing a claim to compel enforcement of the arbitration. Shortly thereafter, Local 292 moved for summary judgment to confirm the arbitration award. Action vigorously opposed the **motion**, contending primarily that the Committee had no authority to consider the grievance. The central issue presented by the summary judgment **motion** was whether Action was bound by the collective bargaining agreement and the resulting arbitration award. In an **Order** dated September 10, 1985, the court granted Local 292's summary judgment **motion** confirming the arbitration award and **ordered** Action to abide by the terms of the award.

Action attempted to appeal the court's **order** on two seperate occasions. The Court of Appeals for the Eighth Circuit, however, dismissed the appeals for want of a final **order** or judgment. During the interim, Local 292 utilized discovery procedures and obtained Action's payroll records as provided in the arbitration award. The Committee then reviewed the payroll records, calculated damages according to the previously prescribed formula and, in a decision dated February 2, 1987, **ordered** Action to pay compensatory damages in the total amount of $191,769.94.

[***Motion** for **Clarification***]

Local 292 now brings a **motion** which it has styled as a **motion** for **clarification** of the court's September 10, 1985 **order**. By its **motion**, Local 292 essentially seeks to reduce the Committee's arbitration award, as confirmed by the court, to a judgment against Action in the amount of $191,769.94. Action opposes such **motion** on various grounds. Action's principal argument in opposition is that the Committee's calculations are inaccurate and inconsistent with the formula set forth in the arbitration award. To support its position, Action relies upon the affidavit of its president, Marshall Bernstein. Mr. Bernstein states that his review of the payroll records reveals that the amount of damages awarded "is not consistent with any calculation which could be made on the basis of records provided of hours worked by non-IBEW wiremen." Action argues that its position is further strengthened by the fact that the Committee has failed to explain or **clarify** the basis of its award. Action offers no legal

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

authority to support its arguments.

***2** In considering the present **motion** to confirm the Committee's damage award and to enter judgment accordingly, the court is necessarily constrained by a narrow standard of review. *See McGraw Edison, Wagner Division v. Local 1104, International Union of Electrical, RAdio and Machine Workers,* [103 LC ¶ 11,607] 767 F.2d 485, 487 (8th Cir.1985). The court's review is limited to determining whether the collective bargaining agreement gave the Committee authority to make its award as it did. *International Association of Heat and Frost Insulators v. General Pipe Covering, Inc.,* [104 LC ¶ 11,963] 792 F.2d 96, 100 (8th Cir.1986); *Zeviar v. Local No. 2747, Airline, Aerospace and Allied Employees, IBT,* [101 LC ¶ 11,022] 733 F.2d 556, 559 (8th Cir.1984). If the Committee's award draws its essence from the collective bargaining agreement, the court may not review the merits of the award or refuse to enforce the award. *Zeviar,* 733 F.2d at 559, *citing W.R. Grace & Co. v. Local 759, International Union of the United Rubber, Cork, Linoleum & Plastic Workers,* [97 LC ¶ 10,131] 461 U.S. 757 (1983).

In its initial Order of September 10, 1985, the court specifically determined that the Committee had authority to resolve the grievance as to "double-breasting" by Action. The damage formula and resulting award similarly draw their essence from the collective bargaining agreement. Given this conclusion, the court's review must end; the court may not review the merits of the award. The attack presently made by Action upon the award would require the court to impermissibly review its merits and must thus be rejected.

The court also rejects Action's argument to the extent it challenges the Committee's failure to explain or **clarify** its calculations. Arbitrators are not required to elaborate their reasoning supporting an award. *United Steelworkers of America v. Enterprise Wheel & Car Corp.* [40 LC ¶ 66,630] 363 U.S. 593, 598 (1960). Moreover, a mere ambiguity in the opinion accompanying an award does not warrant a refusal to enforce the award. *Id.*

Accordingly, It Is Ordered that:

1. The motion of respondent Local Union No. 292, International Brotherhood of Electrical Workers, for entry of judgment in accordance with the arbitrators' award is granted.

2. The December 14, 1984 arbitration award, as amended by the decision of the Labor-Management Committee on February 2, 1987, is confirmed and petitioner Action Electric, Inc. shall abide by the terms of the award.

3. Judgment is hereby entered in favor of respondent Local Union No. 292, International Brotherhood of Electrical Workers, and against petitioner Action Electric, Inc. in the amount of $191,769.94 pursuant to the terms of the arbitration award.

Let Judgment Be Entered Accordingly.

FN1. The damage formula directed Action to pay compensatory damages "in the total amount equalling the gross wages and fringes paid to or on the account of all non-IBEW wireman employees of All Areas Electric, Inc., Ark Electric, Inc., Action Lighting and Supply or Electric Supply House, Inc. and Action Electric, Inc." The damages awarded covered the period from May 1, 1982 through December 14, the date of the Committee's decision.

Not Reported in F.Supp., 1987 WL 49625 (D.Minn.), 109 Lab.Cas. P 10,739

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.