H

Motions, Pleadings and Filings

United States District Court,
D. Minnesota.
DECADE INDUSTRIES, d/b/a Sanus Systems,
Plaintiff,
v.
WOOD TECHNOLOGY, INC., Defendant.
Wood Technology, Inc., Plaintiff,
v.
Decade Industries, Inc. d/b/a Sanus Systems,
Defendant.
**No. CIV. 99-1652DSDSRN, CIV. 00-2309DSDSRN.**

June 25, 2001.

Patentee brought infringement action against competitor, alleging competitor infringed upon its patented stereo stand design. After the District Court, 2001 WL 523396, determined that competitor had infringed patent and violated preliminary injunction prohibiting it from making, selling, or using any product that infringed patent, patentee moved for **clarification order** explicitly stating that its patent was infringed or for permanent injunction, and competitor moved to vacate judgment or **clarify** the injunction **order**. The District Court, Doty, J., held that: (1) competitor was not entitled to jury trial in infringement action on grounds its redesigned product was a colorable change from patented design; (2) competitor was not deprived of opportunity to argue against a ruling of summary judgment of infringement; (3) judgment of infringement was final; and (4) patentee was entitled to permanent injunction prohibiting competitor from making, selling, or offering for sale any product which infringed upon patent.

Motions granted in part and denied in part.

West Headnotes

**[1] Patents 326(4)**
291k326(4) Most Cited Cases
Initial question that a court must ask in a preliminary injunction contempt proceeding is whether substantial disputed issues exist on the fundamental issue of patent infringement.

**[2] Patents 326(4)**
291k326(4) Most Cited Cases
Where a court finds that the accused device represents more than a colorable change from the patented design, the issue of infringement may not be decided in a summary contempt proceeding for violation of preliminary injunction.

**[3] Jury 14(1.1)**
230k14(1.1) Most Cited Cases
Competitor was not entitled to jury trial in patentee's infringement action based on fact that court previously determined that competitor's redesigned product was a colorable change from patented design, where court's previous determination was merely for purposes of determining whether sanctions were warranted for competitor's violation of preliminary injunction order.

**[4] Patents 323.2(1)**
291k323.2(1) Most Cited Cases
Competitor was not deprived of opportunity to argue against a ruling of summary judgment of infringement based on fact that patentee never explicitly moved for summary judgment of infringement on its counterclaim, where parties submitted 66 pages of briefing primarily on issue of whether competitor's product represented a mere colorable change from patented design or whether it was so different from patented design as to merit a declaratory judgment of non-infringement, and ordinary observer could have reached no other conclusion.

**[5] Patents 324.2**
291k324.2 Most Cited Cases
Judgment of infringement of patentee's original design was final in infringement action against competitor, although patentee's infringement claim with respect to assigned patent was still pending, where patentee provided no indication of its intention as to remaining claim, since parties had not briefed and court had not considered any claim construction or infringement analysis; parties could easily conduct a separate analysis of assigned patent, and thus there was no reason to delay competitor's appeal of judgment against it regarding original patent.

**[6] Patents 317**

291k317 Most Cited Cases
Patentee was entitled to permanent injunction prohibiting competitor from making, selling, or offering for sale any product which infringed patented stereo stand design, where court had determined that competitor's product infringed upon patent as a matter of law.

**Patents 328(1)**
291k328(1) Most Cited Cases
405,988. Infringed.

**Patents 328(1)**
291k328(1) Most Cited Cases
429,581. Cited.
***1076** David R. Fairbairn, Michael J. Pape, and Kinney & Lange, Minneapolis, MN, for Decade Industries, Inc. d/b/a Sanus Systems.

David J.F. Gross, Lisa Converse, Amy M. Gernon and Faegre & Benson, LLP, Minneapolis, MN, for Wood Technology, Inc.

**ORDER**

DOTY, District Judge.

This matter is before the court on the **motion** of Sanus Systems to modify this court's **order** of May 15, 2001 and the **motion** of Wood Technology, Inc. for an **order** vacating the May 15, 2001, judgment or in the alternative for **clarification** and express entry of final judgment pursuant to Rule 54(b). Based on a review of the file, record, and proceedings herein, and for the reasons stated, the court grants both **motions** in part.

**BACKGROUND**

In October 1999, plaintiff Sanus Systems ("Sanus") brought suit in federal court alleging that defendant Wood Technology, Inc. ("Wood Tech") was producing and marketing a miniature stereo system stand, the "MS2-ns," which infringed Sanus's patented stereo stand design, U.S. Patent No. Des. 405,988 (the "D'988" patent). In an order dated June 21, 2000, this court granted Sanus's motion for a preliminary injunction and ordered that Wood Tech was preliminarily enjoined from "making, using, selling, or offering for sale any product" which infringes the D'988 patent, including the MS2-ns stand. (Doc. No. 37.)

Following entry of the order, Wood Tech shipped approximately 125 MS2-ns stereo stands which had been ordered prior to the issuance of the preliminary injunction. Wood Tech then advised Sanus of a proposed redesigned stand called the "MS4.1." On September 1, 2000, Sanus informed Wood Tech of its opinion that the MS4.1 also infringed the D'988 patent and as such, any production or distribution of the stand would be deemed by Sanus to be a violation of the court's preliminary injunction order.

On October 13, 2001, Wood Tech filed a declaratory judgment action requesting a determination of whether or not its redesigned MS4.1 stand infringes the D '988 patent. Sanus filed a counterclaim affirmatively alleging that the MS4.1 infringes the D'988 patent. Sanus also claimed that the redesigned stand infringes U.S. Patent No. Des. 429,581, which it also owns by assignment. The declaratory judgment action and counterclaims were subsequently consolidated with Sanus's original infringement action. Sanus then filed a motion for contempt in its infringement case, arguing that the continued shipment of the MS2-ns after entry of the injunction and ***1077** the production and marketing of the MS4.1 violated the court's June 21, 2000 preliminary injunction. In response, Wood Tech filed a motion in its declaratory judgment action for summary judgment of non-infringement of the D '988 patent.

After conducting a hearing on the contempt and summary judgment motions, the court issued an order dated May 15, 2001, in which it concluded that: (1) the MS4.1 stand infringed the D'988 patent; (2) the continued marketing of the MS2-ns stand after entry of the preliminary injunction in June 2000 constituted contempt of that order; and (3) although the MS4.1 stand infringed the D '988 patent, the redesign was a legitimate attempt to test the boundaries of the court's prior construction of the patent and therefore sanctions were not warranted. Having affirmatively concluded that the MS4.1 stand infringed the D '988 patent, the court issued judgment against Wood Tech in its declaratory judgment action. (Doc. No. 21.)

Following entry of the **order** and judgment, Wood Tech sent the court a letter asking the court to **clarify** whether the June 2000 preliminary injunction **order** issued in the original infringement action encompassed the MS4.1 stand. In response to Wood Tech's request, Sanus filed a **motion** to modify the court's May 15, 2001, **order** to explicitly state in the **order** that the MS4.1 stand infringes the D'988 patent and is thus subject to the June 2000 preliminary injunction **order**. In the alternative, Sanus asked the court to enter a permanent injunction in the

declaratory judgment action against Wood Tech enjoining further production and marketing of the MS4.1 stand. Wood Tech responded with a **motion** to vacate the May 15, 2001 judgment pursuant to Fed.R.Civ.P. 60(b)(1), or in the alternative for an **order clarifying** the **order** and judgment and certifying the judgment for appeal pursuant to Fed.R.Civ.P. 54(b). [FN1]

FN1. The court notes that Wood Tech since has filed a notice of appeal to the Federal Circuit of the May 15, 2001, **order** in the declaratory judgment action. (Doc. No. 34.)

## DISCUSSION

### I. Wood Tech's Motion to Vacate or Clarify

Wood Tech contends that because Sanus never affirmatively moved for summary judgment on Count I of its infringement counterclaim, the entry of judgment against Wood Tech in the declaratory judgment action was improper and the claim of infringement should be preserved for jury trial. Wood Tech also argues that the summary finding of infringement and the entry of judgment against it is inconsistent with the court's ruling on contempt. Specifically, Wood Tech contends that because the court found that the MS4.1 represented more than a just colorable change from Sanus's patented design, there necessarily were substantial issues to be litigated with respect to whether the MS4.1 infringes the D'988 patent, thereby precluding summary judgment in the declaratory judgment action. In support of its position, Wood Tech relies on the Federal Circuit's extensive analysis of contempt proceedings in *KSM Fastening Sys., Inc. v. H.A. Jones Co.,* 776 F.2d 1522 (Fed.Cir.1985).

In *KSM,* the Federal Circuit addressed the issue of whether summary contempt proceedings are an appropriate procedural device for resolving an infringement claim against a previously enjoined party. Quoting the Eighth Circuit with approval, the Federal Circuit observed that:

> all subsequent constructions by a convicted infringer are not triable in contempt proceedings. Only where such constructions are merely "colorably" different from the enjoined device or from ***1078** the patent is the issue so triable. Such constructions may turn out to be infringements, but if they are more than "colorably" different, the issue of infringement must be otherwise determined than by a contempt proceeding .... Where the alteration in the device is "merely colorable" and obviously was made for the purpose of evading the decree without essential change in the nature of the device, the courts will try the question of infringement by the new device in proceedings for contempt for violation of the injunction. But where infringement by the new device is not clear on the face of the matter, and there are substantial issues for the determination of the court, the plaintiff may not have them determined in contempt proceedings, but must bring a supplemental bill for an injunction covering the new device, or institute a wholly new suit for such an injunction.

*KSM,* 776 F.2d at 1530-31 (quoting *American Foundry & Mfg. Co. v. Josam Mfg. Co.,* 79 F.2d 116, 117 (8th Cir.1935)).

[1][2] Thus, according to *KSM,* the initial question that a court must ask in a contempt proceeding is whether "substantial disputed issues" exist on the fundamental issue of infringement. *Id.* at 1532. Otherwise stated, where a court finds that the accused device represents more than a colorable change from the patented design, the issue of infringement may not be decided in a summary contempt proceeding.

This court neither disputes the general standard established in *KSM,* nor ignores Wood Tech's insistence on it. However, under Wood Tech's logic, *KSM* effectively restricts district courts to only two choices when adjudicating a contempt motion: impose sanctions or conduct a trial. To the contrary, it is this court's view that the *KSM* decision represents the Federal Circuit's well-tempered response to its due process concerns about the summary nature and harsh consequences of contempt proceedings and its concurrent desire to establish a uniform standard which balances the right of the patent owner to enforce an injunction against the right of an enjoined party to design around patent claims without the threat of contempt sanctions at every turn. *See, e.g., id.* at 1526. The Federal Circuit reflected,

> The question is presented as to how a patentee should be allowed to proceed when following a successful infringement suit the infringer modifies the infringing structure and continues as before. Allowing the patentee to proceed by a summary contempt proceeding in all cases would unnecessarily deter parties from marketing new devices that are legitimately outside the scope of the patent in question. On the other hand, to require in each instance the patentee to institute a new infringement suit diminishes the significance of the patent and the order of the court holding the patent to be valid and infringed. Obviously there must be a dividing point between those cases

which should be handled by a summary contempt proceeding and those cases which should be more fully viewed in an infringement proceeding. Courts have uniformly held that the standard to be applied in determining the dividing point is whether the alleged offending device is "merely 'colorably' different from the enjoined device or from the patent."

*Id.* at 1530 (quoting *McCullough Tool Co. v. Well Surveys, Inc.,* 395 F.2d 230, 233 (10th Cir.), *cert. denied,* 393 U.S. 925, 89 S.Ct. 257, 21 L.Ed.2d 261 (1968) (citations omitted)).

[3] The important considerations which underlie the *KSM* holding are more than satisfied in this case because the question of infringement has, in fact, been fully addressed in the context of the motion for ***1079** summary judgment of non-infringement filed by Wood Tech in the declaratory judgment action. In retrospect, the court could have reversed the order of its analysis, first denying Sanus's motion for a summary finding of contempt based on the conclusion that the MS4.1 stereo stand represented more than a mere colorable change from the D'988 design, then finding in the declaratory judgment action that a reasonable juror would certainly conclude that the MS4.1 stand is substantially similar to the D'988 patented design and therefore infringes the patent. However, under either approach, the question of infringement would be fully adjudicated and the court's conclusions would be the same: the MS4.1 stereo stand infringes the D'988 patent as a matter of law, but the stand reflects enough change from the D'988 design that the heavy hand of contempt sanctions is simply not warranted. *See Sure Plus Mfg. Co. v. Kobrin,* 719 F.2d 1114, 1118 (11th Cir.1983) ("Even if [defendant's] modified mirror assembly infringes the Sure Plus patent, as long as it is more than colorably different the infringement should not amount to a contempt.")

[4] Wood Tech contends that because Sanus never explicitly moved for summary judgment of infringement on its counterclaim, it (Wood Tech) was deprived of the opportunity to argue against a ruling of summary judgment of infringement. The court respectfully suggests that where the parties submitted 66 pages of briefing primarily on the issue of whether Wood Tech's MS4.1 stand represented a mere colorable change from the D'988 design or whether it was so different from the Sanus design as to merit a declaratory judgment of non-infringement, Wood Tech has had more than adequate opportunity to present its case against infringement.

As Wood Tech itself concluded in its final reply memorandum, "[t]he only issue relevant to this motion is whether a reasonable juror could find that Wood Tech's new two-shelf stereo stand infringes the three-shelf design claimed in the D'988 patent." (Doc. No. 13, Wood Tech's Reply Mem. at 1.) Because the court found that an ordinary observer could reach no other conclusion, judgment against Wood Tech in the declaratory judgment action was warranted. *See* Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure 3d,* § 2720 (observing that summary judgment *against* a moving party is appropriate even where a formal cross motion has not been filed because "the judge already is engaged in determining whether a genuine issue of material fact exists and the parties have been given an opportunity to present evidence designed either to support or refute the request for the entry of judgment.")

[5] Wood Tech correctly points out that the court did not explicitly enter summary judgment in favor of Sanus on its counterclaim. To remedy this error and clear any confusion, the court now expressly grants summary judgment to Sanus on its counterclaim of infringement of the D'988 patent in the declaratory judgment action (Count I). The order now clearly represents a final determination on the issue of whether the MS4.1 stand infringes the D '988 patent. The only claim remaining in the declaratory judgment action is Sanus's assertion in Count II of its counterclaim that the MS4.1 stand also infringes U.S. Patent No. Des. 429,581 ("D'581"). Sanus has provided no indication of its intention with respect to this claim, however, as Wood Tech properly argues, the parties have not briefed and the court has not considered any claim construction or infringement analysis with respect to the D'581 patent. The parties could easily conduct a separate analysis of the D'581 patent, therefore the court sees no reason to delay Wood Tech's appeal of ***1080** the judgment against it in the declaratory judgment action regarding the D'988 patent.

The court also agrees with Wood Tech that with respect to Sanus's original infringement action, the court can continue to consider the matter separately. The action involves a different product (the MS2-ns) and the court notes that a settlement conference is scheduled for later next month. (Doc. No. 68.) Based on these facts, and on Wood Tech's understandable desire for final resolution of the question of whether the MS4.1 infringes the D'988 patent, the court determines that there is no just reason to delay the entry of final judgment in the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

declaratory judgment action against Wood Tech and in favor of Sanus on its counterclaim (Count I) and pursuant to Fed.R.Civ.P. 54(b), it is so **ordered**.

**II. Sanus's Motion** to Modify the May 15, 2001 **Order**

Finally, Sanus asks the court to state explicitly in its May 15, 2001, **order** that the MS4.1 stand infringes the D'988 patent and that the MS4.1 is preliminarily enjoined under the court's June 21, 2000 **order**. Alternatively, Sanus asks the court to issue a permanent injunction in the declaratory judgment action.

[6] Sanus's **motion** was filed in response to Wood Tech's letter to the court seeking **clarification** of the effect of the May 15, 2001 **order**. By virtue of the court's ruling here that judgment shall be entered on Sanus's counterclaim of infringement (Count I), it should now be clear to the parties that the court has determined that the MS4.1 stand infringes U.S. Patent Des. No. 405,988 as a matter of law. Moreover, based on that explicit conclusion and the court's unequivocal direction in the June 21, 2000, preliminary injunction order that Wood Tech is preliminary enjoined from making, using, selling, or offering for sale "*any product which infringes U.S. Patent No. 405,988* " (Doc. No. 37) (emphasis added), the effect of the May 15, 2001, order on Wood Tech's promotion of the MS4.1 stand should be also be clear. However, because Sanus's prayer for relief on its counterclaim included a request for injunctive relief, (Doc. No. 7, p. 6, ¶ a), the court sees no reason to delay entry of an **order** permanently enjoining Wood Tech from making, selling or offering for sale any product which infringes U.S. Patent Des. No. 405,988. Sanus's **motion** is therefore granted in part.

**CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The **motion** of Wood Technology Inc. to vacate this court's **order** of May 15, 2001 (Doc. No. 26) is denied.

2. The **motion** of Wood Technology Inc. for **clarification** of the court's **order** of May 15, 2001, and for entry of judgment pursuant to Fed.R.Civ.P. 54(b) (Doc. No. 26) is granted.

3. The court's **order** of May 15, 2001, shall be modified to expressly include entry of summary judgment in favor of Sanus Systems, Inc. on Count I of its counterclaim of infringement in the declaratory judgment action, Civil No. 00-2309. Pursuant to Fed.R.Civ.P. 54(b), this judgment in favor of Sanus, together with the judgment previously entered against Wood Tech, shall constitute the final judgment of the court on the claim of infringement related to the MS4.1 stereo stand and the D'988 patent.

4. The motion of Sanus to modify the May 15, 2001, order (Doc. No. 22) is granted in part.

5. Wood Tech is permanently enjoined from making, using, shipping, selling, or offering for sale the MS4.1 miniature stereo ***1081** stand, which the court has determined infringes U.S. Patent No. Des. 405,988.

145 F.Supp.2d 1075

**Motions, Pleadings and Filings (Back to top)**

• 0:00CV02309 (Docket) (Oct. 13, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.