**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

**Civil No. 00-1980 DSD/JMM**

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR CLARIFICATION OF THE COURT'S ORDER OF FEBRUARY 23, 2006**

---

## INTRODUCTION

Notwithstanding its characterization as such, Richard Vehring's ("Vehring") current motion is not really a motion to clarify the Court's Order of February 23, 2006 (the "Order"). Fairly read, Mr. Vehring's motion (1) seeks to limit the scope of the released claims in the class-action settlement and (2) asks the Court for an impermissible advisory opinion on how he might plead around the class-action settlement's release in

the future. As the Court made clear in its Order, class members who did not opt out of the settlement are permanently enjoined from bringing any subsequent action based on the policies and annuities that were the subject of the litigation.

Because the Order expressly bars Vehring from pursuing <u>any</u> of the claims that he has raised before the NASD, there is no need for the Court to clarify the Order. Indeed, the Order is clear as entered: Vehring cannot proceed with the claims he raised before the NASD because he has already released them. The Court should deny Vehring's motion.

## <u>ARGUMENT</u>

Vehring fully participated in the class-action settlement's claim-review process. Nonetheless, he has repeatedly brought successive claims in different fora against Ameriprise raising the very claims that he already released in the class-action settlement. Vehring's current motion is yet another attempt to avoid the judgments and orders issued by the Court. The Court should reject Vehring's attempt.

### I. Mr. Vehring's Proposed Order Impermissibly Seeks to Narrow the Scope of the Release Incorporated in the Final Order and Judgment.

In conjunction with his motion to clarify the Order, Vehring submitted a proposed order to the Court. Rather than clarifying the Order, however, his proposed order would simply narrow the scope of the class-action settlement's Release. (*See* Order of May 15, 2001 at ¶ 13(A)(2), (B)(2).) This transparent attempt to seek new and substantive relief belies any claim that Vehring's motion is one for clarification rather than reconsideration. Vehring already agreed to the Release as drafted. He cannot now attempt to modify its

scope—especially on a supposed motion for clarification. The Court should refuse to enter the proposed order as drafted because it does not comport with the terms and conditions included within the Court's Final Order and Judgment of May 15, 2001 (the "Final Order and Judgment").

As the Court explained in the Final Order and Judgment, class members like Vehring, who received relief in accordance with the terms of the class-action settlement, are subject to a Release whereby they agreed and acknowledged that they:

> shall not now or hereafter initiate, participate in, maintain a right to or assert against the Releasees, or any of them, either directly or indirectly, derivatively, on their own behalf, or on behalf of the Class or the general public or any other person or entity, any Claims and Causes of Actions (defined below) that are based upon, related to, or connected with, directly or indirectly, in whole or in part:
>
> > (a) the allegations, facts or subjects set forth or otherwise raised in Benacquisto, et al. v. American Express Financial Corporation, et al., No. 96-18477, pending before the Minnesota State Court for the County of Hennepin (together with the actions consolidated therewith, also filed in the Minnesota State Court for the County of Hennepin and entitled Monk, et al. v. IDS Life Insurance Company, et al., No. 97-04742, and Thoresen, et al. v. American Express Financial Corporation, et al., No. 98-015681) and/or Benacquisto, et al. v. American Express Financial Corporation, et al., No. 00-1980 DSD/JMM, pending before the United States District Court for the District of Minnesota; or
> >
> > (b) that relate in any way to the Released Conduct.

(Order of May 15, 2001, at ¶ 13(A)(2).)

The "Released Conduct" includes:

> any and all direct or indirect acts, representations, omissions, suggestions, or communications that are related to or connected in any way with the

design, development, marketing, sale, administration, servicing, underwriting, or performance of the Policies or the Annuities, including, without limitation, acts, representations, omissions, suggestions or communications in connection with

(i) the explanation, description, marketing, sale, solicitation, illustration or replacement of any Policy or Annuity;

(ii) the application for or purchase of any Policy or Annuity;

(iii) the suitability of any purchases, sales, or replacements of any Policy or Annuity . . .

* * * *

(vi) the setting, charging or reducing of any cost of insurance, commissions, incentives, premiums, taxes, fees, mortality and expense fees, charges, contract charges, surrender charges, or expenses on any Policy or Annuity;

(vii) the investment choices made with respect to assets held in any Policy or Annuity . . .

* * * *

(x) the costs, commission, terms, or benefits or disadvantages of any Policy or Annuity compared to any other life insurance policy, annuity contract, or investment;

(xi) the comparison or lack of comparison of any Policy or Annuity to any other product;

(xii) the preparation by any financial advisor acting for the Company of any financial plan or the provision of financial or investment advice insofar as it resulted in the sale, modification or maintenance of any Policy or Annuity . . . and . . .

* * * *

(xiv) the administration or servicing of any Policy or Annuity after its purchase.

(*Id.* at ¶ 13(B)(2) (reformatted from original).)

Even though he participated actively in the class-settlement process and the time to appeal the Final Order and Judgment has long since passed, Vehring now seeks to dramatically limit the scope of the Release. The Court should reject Vehring's belated attempt to extricate himself from the class-action settlement. The Final Order and Judgment are clear: class members like Vehring have released all clams "based upon, related to, or connected with, directly, or indirectly, in whole or in part" to (1) "the allegations, facts, or subjects set forth or otherwise raised" in the consolidated actions before this Court and the Minnesota State Court for the County of Hennepin or (2) "that relate in any way to the Released Conduct." Both types of claims are specifically released. The Final Order and Judgment's Release is far broader than that referenced in Vehring's proposed order, which specifically limits the scope of his release to claims based upon oral representations made during the class period. (*See* Pl.'s Proposed Order at ¶ 3.) Vehring cannot rewrite the Release and Settlement Agreement at this late date. The scope of the Release was clearly defined in the Final Order and Judgment, and should be enforced by the Court.

## II. The Order Does Not Require Any Clarification; Mr. Vehring Previously Released All of the Claims That He Now Seeks to Raise in the Arbitration and State-Court Proceedings.

Notwithstanding Vehring's claims to the contrary, the Order requires no further clarification. The plain terms of the Order enforce the Final Order and Judgment and bar Vehring from proceeding with <u>all</u> of the claims he has raised in his arbitration and state-court proceedings. (Order, Feb. 23, 2006 (hereinafter "Order") at 5, 6 n.2.) This is not a case in which the Court entered an order permitting a class member to proceed with

certain claims in arbitration or other proceedings. In such a case, clarification might help to determine which claims have, or have not, been released. Here, the Court barred Vehring from proceeding with all of his currently pending arbitration claims because they are released under the class-action settlement. (*See* Order at 6 ("For all the above reasons, the court finds that the Benacquisto settlement bars Mr. Vehring's claims before the NASD.") (emphasis added).) Accordingly, the Order requires no further clarification.

**III. The Court Lacks Jurisdiction to Issue the Advisory Opinion Mr. Vehring Seeks.**

Having failed in his attempt to recover twice for the same alleged misconduct, Vehring asks the Court to show him how he could plead other claims against Ameriprise in the future. Without providing any alleged facts supporting new or different claims, Vehring asks the Court to indicate how it would rule on claims he might bring against Ameriprise in the future. (*See* Pl.'s Mem. in Supp. of Mot. for Clarification of this Court's Order of Feb. 23, 2006 at 3 ("Simply put, Richard Vehring and counsel seek guidance from the Court as to whether this Court will object if we proceed with the pending litigation and arbitration with revised claims that do not refer to or ask for relief based upon the 'oral misrepresentation' which this Court's order finds to be 'released conduct.'") Article III's case and controversy requirement preclude the Court from issuing such an order.

Vehring has already released all claims that he has actually brought against Ameriprise in the arbitration and state-court proceedings. (*See* Order at 6 ("[T]he Benacquisto settlement bars Mr. Vehring's claims before the NASD.") (emphasis

added).) Since the issuance of the Order, Vehring has not brought any additional claims against Ameriprise or provided the Court with any factual basis therefor. In a recent filing with NASD arbitration, Vehring indicated his intent to amend his claims only after he receives an advisory opinion from the Court: "If the court rules the Claimant is enjoined only from proceeding with claims based upon what the court found to be released conduct, the Claimant <u>will seek leave to amend his Claim</u> and proceed upon contract, theft or RICO claims that do not rely upon the 'misrepresentation' found by the court to be 'released conduct.'" (Ex. A at 2 (emphasis added).) Vehring is not asking the Court to clarify his ability to proceed with claims currently before the NASD but is instead asking how to raise other claims in the future. (*Id.*) Article III bars the Court from issuing such an order. *See Pub. Water Supply Dist. No. 8 v. City of Kearney*, 401 F.3d 930, 932 (8th Cir. 2005) (recognizing that Article III bars courts from issuing advisory opinions, including opinions "'advising what the law would be upon a hypothetical state of facts'") (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).

Vehring asks the Court to put the cart before the horse. The Court can only rule on claims that are pleaded. Only after Vehring pleads additional claims against Ameriprise can the Court determine whether such claims have been released in accordance with the Final Order and Judgment. Until then, there is no justiciable controversy upon which the Court to rule. *See DF&R Corp. v. Am. Int'l Pac. Indus. Corp.*, 830 F. Supp. 500, 509-10 (D. Minn. 1993) (denying request for patent infringer's motion for summary judgment with respect to validity of proposed alternative design because such a request constitutes "a request for an advisory opinion because there is no

actual controversy, and, as such, does not present a justiciable case or controversy on which the court can pass judgment"). Here, the Court has already ruled that all of the claims Vehring presented to the NASD were released in accordance with the Final Order and Judgment. (Order at 6.) Only if Vehring does in fact amend the Statement of Claim in his NASD arbitration to raise new claims, would the Court have the authority to enter an Order like the one Vehring currently seeks.[1] *See KCCP Trust v. City of N. Kansas City*, 432 F.3d 897, 899 (8th Cir. 2005) ("'A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'") (quoting *Texas v. United States*, 523 U.S. 296, 3000 (1998)). The order Vehring seeks, i.e., one that guides him in drafting other claims against Ameriprise, is not an order that this Court can, or should, issue. Vehring's motion for clarification of the Order should be denied because it seeks an advisory opinion from this Court.

## CONCLUSION

For all of the reasons set forth above, Ameriprise respectfully requests that the Court deny Vehring's request for clarification of the Court's Order of February 23, 2006.

[1] In the event that Vehring attempts to bring other claims against Ameriprise in the future that have already been expressly released under the clear terms of the Final Order and Judgment, Ameriprise intends to seek sanctions for Vehring's repeated actions taken in contempt of this Court's orders.

Dated: April 10, 2006

FAEGRE & BENSON LLP

s/

Michael F. Cockson (#280549)
Fiona B. Ruthven (#333761)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone No. (612) 766-7000
Facsimile No. (612) 766-1600

**ATTORNEYS FOR DEFENDANTS**

M2:20787716.04