**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK

Defendants.

**Civil No. 00-1980 DSD/JMM**

**RESPONSE OF DR. G. ALLEN WEST And BARBARA WEST ("Claimants") TO MOTION TO ENFORCE CLASS-ACTION SETTLEMENT AS TO CLAIMS OF CLAIMANTS PRESENTED TO THE NASD**

---

## INTRODUCTION

Dr. G. Allen West and Barbara West ("the Wests"), by counsel, respectfully submit this Response Memorandum, and attached Exhibits, in opposition to the pending motion of Defendant, Ameriprise Financial Services, Inc. ("Ameriprise"), which seeks, *inter alia*, to permanently bar and enjoin the Wests from maintaining and prosecuting their pending claim, *In*

*the Matter of the Arbitration Between: Dr. G. Allen West and Barbara West, Claimants v. Ameriprise Financial Services, Inc. and IDS Life Insurance Co.,* National Association of Securities Dealers, Inc. Arbitration, NASD Case No. 06-00952 (hereafter, "NASD claim").

The Wests respectfully assert that the above-referenced arbitration claim was filed on their behalf on or about February 24, 2006, with the National Association of Securities Dealers, Inc. ("NASD"). The Wests do not believe that they have heretofore received relief for this claim, or that their claim seeks any double recovery. The Wests received a document relating to a Class Action in November, 2000. They contacted their American Express (hereafter, "Ameriprise") office about this notice, and were simply advised that they did not need to do anything with these papers unless, for some reason, they wanted to make a claim against IDS Life Insurance Company (hereafter, "IDS"). At this time, the Wests had no knowledge of any loss or injury in connection with Ameriprise or IDS, and therefore did not act upon this notice.

The notice of Class Action provided by Ameriprise and Defendants was inadequate as a matter of law. The Wests had not experienced any cognizable injury or loss either (a) on the date they received a notice of the Class Action, or (b) as of the date of Class Action Settlement on September 18, 2000. In fact, the Wests did not discover any injury or loss until July 26, 2003.

## FACTS

The preliminary facts regarding this present motion can be found in the Memorandum filed in support of Ameriprise's motion, Ameriprise's Exhibit List, and in the Exhibit List being filed on behalf of the Wests, and attached hereto. Many of the facts are simply a matter of record for this Court, and the documents speak for themselves. However, the Wests do take issue with Ameriprise's statement that the Wests were members of the class who settled their claims, and

are subject to the Final Order and Judgment approved by this Court in 2001, or that this Final Order and Judgment bars them from asserting their pending claims before the NASD. Further, neither Dr. West nor Mrs. West is aware of receipt of a notice of grant of relief, which was allegedly mailed to Mrs. West on or about November 10, 2001 (*See,* Ameriprise's Memorandum of Law, p. 6). In fact, the Wests are not aware of any relief allegedly afforded them as a result of the class-action settlement that was approved in 2001.

Ameriprise has filed a motion to stay arbitration in the NASD claim, pending this Court's ruling on the subject motion. The Wests have filed their response to this motion, and have included the attached affidavits of Dr. and Mrs. West in support of same (*See* Exhibits A & B). The affidavits of the Wests, coupled with the facts and exhibits referenced by Ameriprise, establish certain key facts which are central to the arguments and analysis advanced by the Wests herein, namely:

- Barbara West is presently 80 years old, and her husband, G. Allen West (a retired minister) is presently 91 years old.
- In September, 1998, the Wests met with an agent and employee of American Express Financial (now, Ameriprise) regarding Mrs. West' IRA account, and this agent volunteered advice on the conversion of an insurance policy owned by the West, with a death benefit of $178,872.00, and represented to them that he could obtain a policy for them which would provide a death benefit of $300,000.00.
- Based on the advice of Ameriprise's agent, Mrs. West purchased a Variable Universal Life Insurance policy (IDS Life Insurance Co.) from Ameriprise, in January, 1999.
- On August 21, 2000, the underlying class-action was filed by Plaintiffs, Lesa Benacquisto, et al., and on or about November 24, 2000, Ameriprise sent Notice of Class Action to Mrs. West.
- The Wests, upon receiving this notice, contacted the Ameriprise office, and were advised that they did not need to act on the notice, unless, for some reason, they wanted to make a claim against IDS.
- As of the date of Ameriprise's notice, the Wests had no knowledge of any loss, damage or injury in connection with the IDS life insurance policy, which had been marketed and sold to them by Ameriprise.

- On or about July 26, 2003, the Wests received an IDS statement which showed that their death benefit had plummeted to $93,000.00.
- On or about July 28, 2003, the Wests met with the Ameriprise agent to discuss the substantial drop in death benefit on this policy, and he reiterated that he had projected the death benefit to increase to $300,000.00, and attributed the substantial loss to fluctuations in the stock market.
- As of November 17, 2005, the Wests were advised by another Ameriprise agent that the IDS policy would likely expire within five (5) years, and that it has a cash surrender value of approximately $34,000.00.
- The Wests are not aware of any benefit due them in connection with the class-action involving their IDS policy.
- In February, 2006, the West filed their NASD arbitration claim against both Ameriprise and IDS, alleging *inter alia* breach of duty and negligence on behalf of Ameriprise and IDS.

The Wests had no knowledge, notice or understanding of any loss, damage or injury in connection with the IDS policy marketed and sold to them by Ameriprise, as of the date of filing of the underlying class-action (August 21, 2000) or on the date of the notice received by them regarding opt-out provisions for this class (November 24, 2000). The Wests were verbally advised that nothing needed to be done in connection with this notice unless they wished to file an action against IDS, and they were unaware of any loss, damage or injury in connection with their IDS policy until July 26, 2003.

The Wests admit receipt of the original notice of class action in November, 2000. They are not aware of any notice of relief awarded pursuant to the class action. The Declaration of Amy L. Lake in support of Ameriprise's present motion references the original notice mailed to the Wests on November 24, 2000, and notes that it is attached as "Exhibit 4" in support of the Motion (*See* Lake Decl. ¶ 2). Ms. Lake's Declaration also references a Notice of General Relief being mailed to Mrs. West (*See* Lake Decl. ¶ 7); however, it does <u>not</u> reference a date of mailing, and does not reference this notice being attached as an Exhibit in support of the present motion.

## ARGUMENT

**I. The Wests are not bound by the terms of the Settlement Agreement and Order and Judgment in the underlying Class Action**

Due process requires that class members receive adequate notice of a class action or of the class settlement. A final judgment will not be binding on a class that has not received adequate notice. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985). The underlying facts demonstrate a significant issue regarding both the adequacy of the notice of class action received by the Wests in November, 2000, as well as the notice of class settlement and general relief which is represented to have been mailed at some undetermined point in time.

The Wests have absolutely no intent or desire to contravene or violate any standing order of this Court, or any other Court. They are dismayed and quite disturbed by even a suggestion that they are doing so. Ameriprise now argues, with some vigor, that allowing the Wests to proceed with their arbitration claim before the NASD some five years after entry of the Final Order and Judgment will undermine the finality of class-action settlements (Ameriprise Memorandum, p. 14). The Wests respectfully respond that attempts to bind individuals who have received inadequate notice of a class action and settlement would undermine the fundamental protections of due process.

As outlined above, the Wests had no knowledge or understanding of any loss or injury associated with the death benefit of the policy sold to Mrs. West by Ameriprise on the date of this notice, or the date of the settlement, or the opt out deadline. This was in spite of the fact that they had contacted Ameriprise's office to inquire about the notice. As to Dr. and Mrs. West (who, in the year 2000, were ages 85 and 74, respectively), the notice of class action was

inadequate as a matter of law.

Amerisure also argues that allowing the Wests' to proceed with their claim before the NASD will "eviscerate the binding Settlement Agreement into which Claimants voluntarily entered and under which they received relief" (Ameriprise Memorandum, p. 14). The underlying facts will establish that the Wests have not voluntarily entered into the subject Settlement Agreement, and they are not aware of having received any relief thereunder.

## II. The original Notice of Class Action received by the Wests in November, 2000, was inadequate as a matter of law

In November, 2000, the Wests did not have any known loss, damage or injury, or apparent claim or cause of action, against Ameriprise or IDS. At this point, they were not aware of any substantial decrease or loss in death benefit for the subject policy. In *Amchem Products, Inc. v. Windsor*, 521 U. S. 591 (1997), the U. S. Supreme Court cautioned against class actions dealing with class members who do not have a cognizable injury. In *Amchem*, the Court held that a "sprawling" class was too diverse to be properly certified as a class. That class settlement attempted to resolve all claims of persons exposed to asbestos, including persons who did not have manifest injury at the time of the settlement. The Court overturned certification on predominance grounds, but also cautioned that there may be serious constitutional concerns over whether an "exposure only" claimant can ever receive adequate notice, particularly when they have no reason to believe they are injured.

A fact setting very analogous to the present was recently addressed by the Pennsylvania Supreme Court in *Wilkes v. Phoenix Home Life Mutual Ins. Co.*, 851 A.2d 204 (Pa. 2004). In *Wilkes*, the Court held that a policy holder that is a member of a class without a current injury is

the equivalent of an exposure only claimant. The Court held that the appellants in that case did not know they were being defrauded and, therefore, could not intelligently decide whether or not to opt out of the class. The Wests found themselves in a similar situation. At no time during the class settlement, nor before the class opt out deadline, was an injury under the West policy manifest. They had no way of knowing that they were placed in a suspect policy, because their death benefit remained stable until approximately two years after the deadline to opt out.

The Wests' contact with the Ameriprise office on November 27, 2000 is remarkable in that no detailed advice was offered in connection with the notice Mrs. West had received regarding the class action. The Wests acted very responsibly upon receipt of this notice, and this was clearly a very opportune occasion for Ameriprise to explain the nature of the class action, and any issues related to the subject policy. No such information was provided, and the Wests were only advised that they need do nothing with the papers unless, for some reason, they wanted to make a claim against IDS (*See* Exh. B, Affidavit of Barbara West, ¶ 5). As noted in their respective affidavits, the Wests had no knowledge or appreciation of any basis or grounds for a claim against IDS at that point in time.

Ameriprise has made reference to *Bernardinelli v. General American Life Ins. Co.*, 357 F.3d 800 (2004). The Wests acknowledge that this case from the U. S. Court of Appeals for the Eighth Circuit held that the notice of a settlement was adequate to release claims that were unknown at the time of notice. In *Beradinelli*, it is important to note that ongoing, undisclosed premium charges were the subject of the class action. In its analysis, the Court also noted that appellants had purchased their policy before the commencement and settlement of the class action. However, the "injury" associated with ongoing payment of undisclosed premiums was

manifest both prior to and during the pendency of the class action. Even though there was a claim that the injury was unknown, or undetected, this did not change the fact that each time an undisclosed premium was charged, there was a manifest new injury. Such was not the case with the death benefit in the West insurance policy. It had stayed very constant, both before notice of the class action, and until over two years after the opt out deadline. There are simply no facts before this Court which would demonstrate a cognizable, understandable and manifest injury in connection with the West insurance policy at the time of the notice, or the opt out deadline. In short, the factual situation before this Court is quite distinct from the facts in *Bernardinelli*. The *Bernardinelli* Court simply had no reason to consider or engage in an *Amchem* analysis.

## CONCLUSION

The Wests sincerely do not believe that they have voluntarily entered into a binding Settlement Agreement in this Class Action. They are not aware of having ever received any actual relief in connection with this Class Action, or notice regarding same. They respectfully assert that they received inadequate notice of the Class Action, as a matter of law, and therefore cannot be bound by the terms of the Settlement Agreement.

The positions argued and maintained by the respective sides to this issue are very fact dependant, and raise several key questions of fact. The materials submitted by the parties in support of their respective positions do not, in and of themself, resolve all factual issues. Questions of fact remain, and the Wests would respectfully submit that it is premature to rule on Amerisure's pending motion until appropriate discovery is conducted. The Wests' claim now pending before the NASD is an appropriate and available forum for that discovery. The needed discovery is neither complex nor substantial, and could be accomplished in a short time. Because

of the advanced ages of the Wests, counsel will seek an expedited procedure before the NASD.

The Wests have had no opportunity up to this point to conduct any discovery in their NASD claim. Ameriprise and IDS have yet to even file an Answer. In fact, it is possible that the automatic disclosure deadlines provided by the NASD rules will be extended pending a ruling by this Court. Ameriprise has moved to hold the NASD claim in abeyance until a ruling is rendered by this Court (which motion contains a copy of Ameriprise's subject motion). The Wests would argue that it is more appropriate to hold Ameriprise's pending motion before this Court in abeyance, for a well-defined period, until sufficient discovery can be conducted within the NASD claim.

For all of the foregoing reasons, Dr. G. Allen West and Barbara West, by counsel, respectfully request that the Court deny Ameriprise's Motion to Enforce Class-Action Settlement as to Claims of Dr. G. Allen and Barbara West Presented to the NASD, and likewise deny its request for an injunction against the Wests. In the alternative, the Wests would request the Court to hold the present motion in abeyance, and allow discovery to go forward in the NASD Claim filed by the Wests, and to further allow the parties the opportunity to supplement their respective Memorandums and positions on the pending motion at the conclusion of that discovery.

Respectfully submitted,

Dated: July 12, 2006

s/James M. Gary

James M. Gary, Esq.
Weber & Rose, P.S.C.
2400 Aegon Center
400 W. Market Street
Louisville, Kentucky 40202
Telephone No. (502) 589-2200
Facsimile No. (502) 589-3400

Robert S. Halagan, Esq. (# 0136402)
Halagan Law Firm, Ltd.
101 Courthouse Square
15 Second Street NW
Buffalo, MN 55313
Telephone No. (763) 682-8975
Facsimile No. (763) 682-6793

**ATTORNEYS FOR CLAIMANTS**