**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK

Defendants.

**Civil No. 00-1980 DSD/JMM**

**SUPPLEMENTAL RESPONSE OF DR. G. ALLEN WEST and BARBARA WEST ("Claimants") TO MOTION TO ENFORCE CLASS-ACTION SETTLEMENT AS TO CLAIMS OF CLAIMANTS PRESENTED TO THE NASD**

---

## SUPPLEMENTAL RESPONSE - INTRODUCTION

Dr. G. Allen West and Barbara West, by counsel, respectfully submit this Supplemental Response in further opposition to the pending motion of Defendant, Ameriprise Financial Services, Inc. ("Ameriprise"), which seeks, *inter alia*, to permanently bar and enjoin the Wests from maintaining and prosecuting their pending claim, *In the Matter of the Arbitration Between:*

*Dr. G. Allen West and Barbara West, Claimants v. Ameriprise Financial Services, Inc. and IDS Life Insurance Co.,* National Association of Securities Dealers, Inc. Arbitration, NASD Case No. 06-00952 (hereafter, "NASD claim").

On May 30, 2006, Ameriprise filed its underlying *Motion to Enforce Class Action Settlement As To Claims of Dr. G. Allen and Barbara West Presented to the NASD*, with Notice of Hearing for July 14, 2006. On July 12, 2006, the Wests filed their Response in Opposition to Ameriprise's motion. On July 11, 2006, the Court entered its Order herein which, among other things, cancelled the hearing, and provided the Wests until July 25, 2006, within which to file a Response to the pending motion. Counsel for the Wests did not learn of the Court's Order until after his filing of the Wests' original Response. In view of the deadline provided by the Court, the Wests hereby tender this Supplemental Response in opposition to Ameriprise's pending motion. Counsel for the Wests respectfully tenders this brief Supplemental Response to (a.) address one additional issue, and (b.) clarify and/or correct one factual statement made on behalf of the Wests in the original Response.

## <u>ARGUMENT</u>

### I. THE UNDERLYING DISPUTE FALLS WITHIN THE SCOPE OF A VALID ARBITRATION AGREEMENT, IN ACCORDANCE WITH THE *NASD CODE OF ARBITRATION PROCEDURE*, AND THE COURT SHOULD STAY THESE PROCEEDINGS AND COMPEL ARBITRATION

In *Lesa Benacquisto et al. v. American Express Financial Corporation, et al.*, 373 F.Supp2d 966; 2005 U. S. Dist. LEXIS 17282, this Court addressed an apparently identical motion filed by Ameriprise to dismiss the arbitration claims of unnamed class members, Peter and Linda Covert. The Court found that the Coverts had entered into a "Uniform Submission

Agreement" with Ameriprise (f/k/a American Express Financial Advisors) to arbitrate the Coverts' claims some three (3) years after entry of the Class-Action Settlement. This Court concluded and held that it had to stay the proceedings before it, and compel arbitration because the dispute fell within the scope of a valid arbitration agreement under 9 U.S.C.S. § 2.

The Wests are currently unaware of the existence of any Uniform Submission Agreement which they might have signed with Ameriprise or its agents. However, the Wests seek the opportunity to take discovery on the possible existence of any such agreement. Their claim before the NASD has not moved forward since the filing of Ameriprise's motion in this matter. If the Wests are allowed to proceed with their claim before the NASD, any and all agreements between them and Ameriprise, and/or its agents, will have to be produced.

Additionally, the Wests submit that a contractual obligation to arbitrate any dispute does not arise solely from a written contract. In this instance, a contractual obligation to arbitrate arises from Ameriprises' membership in the National Association of Securities Dealers (NASD). The NASD *Code of Arbitration Procedure* provides that claims against members, and associated persons, must be arbitrated at the demand of the customer, or another member firm (*See*, Exhibit D, attached hereto). Here, an ongoing contractual obligation automatically came into being at the time the Wests entered into their customer relationship with Ameriprise in September, 1998 and/or January, 1999, which was over two years prior to the Class-Action Settlement herein. The Wests respectfully submit that this automatic agreement to arbitrate, between themselves and Ameriprise, warrants a stay of the proceeding now before this Court, and an order authorizing the arbitration which the Wests have filed before the NASD.

## II. COUNSEL FOR THE WESTS SEEKS TO MAKE A CORRECTION AND CLARIFICATION TO FACTUAL ASSERTIONS CONTAINED IN THE WESTS' ORIGINAL RESPONSE IN OPPOSITION TO AMERIPRISE'S PENDING MOTION

In their original Response in Opposition to Ameriprise's motion filed herein, counsel for the Wests stated that the Wests are not aware of any benefit due them in connection with the class-action involving their IDS policy. Counsel is still quite certain that Dr. G. Allen West and Barbara West were *not* aware of any benefit that was ever due them in connection with the subject Class-Action Settlement. However, counsel has located an envelope that was addressed to Barbara West, and mailed to her on **August 10, 2005**, which contains information relating to a proposed, and expired, benefit from the Class-Action settlement. A copy of this envelope, and its contents, are attached hereto as "Exhibit E" to this Supplemental Response. It is clear that this envelope was delivered to the Wests' counsel (James M. Gary), along with other materials, at some point after its receipt, and was simply overlooked at that point when the Wests' original Response was being prepared.

As noted, the contents of the envelope (Exhibit E) reference relief being awarded under the terms of the Class-Action settlement. The envelope was mailed on August 10, 2005, apparently from the "IDS Life Class Action Information Center" in Faribault, Minnesota, and the hand-writing on the face of the envelope indicates that it was received on August 13, 2005. This envelope contains a second envelope (with no postage), also addressed to Barbara West, which contains a letter dated December 2002, referencing an "Accidental Death Benefit Amount" of $12,125.00, which expired two (2) years *after* the coverage became effective on October 15, 2001. In short, the envelope mailed on August 10, 2005 references a "benefit" which had

expired approximately two years earlier. Counsel for the Wests respectfully submits that the mailing of a notice for an *expired benefit* does not constitute receipt of any relief under the terms of the Class-Action settlement.

Neither undersigned counsel, nor the Wests, are aware of any other notice of relief to the Wests at any point in time. In their original Response, the Wests noted that the Declaration of Amy L. Lake in support of Ameriprise's present motion made reference to a Notice of General Relief being mailed to Mrs. West (*See* Lake Decl. § 7), without referencing the date of its mailing, or including a copy of same as an Exhibit. Finally, it should be noted that on March 10, 2005, the undersigned counsel (James M. Gary) for the Wests mailed a letter of representation to American Express Financial Advisors, Inc. regarding the claim which is now the subject of the arbitration before the NASD. This letter, which is attached as Exhibit F, specifically sought copies of "any notice or communication which was arguably sent to the Wests regarding notification of any class action that would conceivably impact their claims". The envelope and its contents, marked Exhibit E, were clearly mailed to Barbara West five (5) months later.

In their original Response, the Wests make reference to the case of *Wilkes v. Phoenix Home Life Mutual Insurance Company*, 851 A.2d 204 (Pa. 2004). That case references the widely-cited holding that, in the absence of adequate notice, a class action settlement cannot fix the rights of class members who do not opt out, and cannot bar them from seeking further relief. The Wests again assert that any and all notice of the subject Class-Action settlement received by them was inadequate, and violated the constitutional mandate of due process.

## CONCLUSION

The Wests, by counsel, would incorporate herein by reference all authorities, exhibits and

arguments contained in their original Response to Ameriprise's pending motion, subject to the corrections and clarifications made herein.

For all of the foregoing reasons, Dr. G. Allen West and Barbara West, by counsel, respectfully request that the Court deny Ameriprise's Motion to Enforce Class-Action Settlement as to Claims of Dr. G. Allen and Barbara West Presented to the NASD, and likewise deny its request for an injunction against the Wests. In the alternative, the Wests would request the Court to hold the present motion in abeyance, and allow discovery to go forward in the NASD Claim filed by the Wests, and to further allow the parties the opportunity to supplement their respective Memorandums and positions on the pending motion at the conclusion of that discovery.

Respectfully submitted,

Dated: July 25, 2006

s/James M. Gary
James M. Gary, Esq.
Weber & Rose, P.S.C.
2400 Aegon Center
400 W. Market Street
Louisville, Kentucky 40202
Telephone No. (502) 589-2200
Facsimile No. (502) 589-3400

Robert S. Halagan, Esq. (# 0136402)
Halagan Law Firm, Ltd.
101 Courthouse Square
15 Second Street NW
Buffalo, MN 55313
Telephone No. (763) 682-8975
Facsimile No. (763) 682-6793

**ATTORNEYS FOR CLAIMANTS**