**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | | |
|---|---|---|
| **Lesa Benacquisto, Daniel Benacquisto, Richard Thoresen, Elizabeth Thoresen, Arnold Mork, Isabella Mork, Ronald Melchert, and Susan Melchert, on behalf of themselves and all others similarly situated,** | ) | **Civil No. 00-cv-01980 DSD/JMM** |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **EXHIBIT LIST FOR SUPPLEMENTAL RESPONSE OF DR. G. ALLEN WEST AND BARBARA WEST TO MOTION TO ENFORCE CLASS-ACTION SETTLEMENT AS TO CLAIMS PRESENTED TO THE NASD** |
| **American Express Financial Corporation, American Express Financial Advisors, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, IDS Life Insurance Company, and IDS Life Insurance Company of New York,** | ) | |
| **Defendants,** | ) | |

---

| Exhibit | Description |
|---|---|
| D | NASD Code of Arbitration Procedure, Rules IM-10100 and 10301 |
| E | Envelope from IDS Life Class Action Information Center, mailed Aug 10, 2005 |
| F | Counsel's letter of representation, dated March 10, 2005 |

# Exhibit D

## IM-10100. Failure to Act Under Provisions of Code of Arbitration Procedure

NASD Notices to Members (2 links)

It may be deemed conduct inconsistent with just and equitable principles of trade and a violation of Rule 2110 for a member or a person associated with a member to:

(a) fail to submit a dispute for arbitration under the NASD Code of Arbitration Procedure as required by that Code;

(b) fail to comply with any injunctive order issued pursuant to Rule 10335;

(c) fail to appear or to produce any document in his possession or control as directed pursuant to provisions of the NASD Code of Arbitration Procedure;

(d) fail to honor an award, or comply with a written and executed settlement agreement, obtained in connection with an arbitration submitted for disposition pursuant to the procedures specified by the National Association of Securities Dealers, Inc., the New York, American, Boston, Cincinnati, Chicago, or Philadelphia Stock Exchanges, the Pacific Exchange, Inc., the Chicago Board Options Exchange, the Municipal Securities Rulemaking Board, or pursuant to the rules applicable to the arbitration of disputes before the American Arbitration Association or other dispute resolution forum selected by the parties where timely motion has not been made to vacate or modify such award pursuant to applicable law; or

(e) fail to comply with a written and executed settlement agreement, obtained in connection with a mediation submitted for disposition pursuant to the procedures specified by the National Association of Securities Dealers, Inc.

All awards shall be honored by a cash payment to the prevailing party of the exact dollar amount stated in the award. Awards may not be honored by crediting the prevailing party's account with the dollar amount of the award, unless authorized by the express terms of the award or consented to in writing by the parties. Awards shall be honored upon receipt thereof, or within such other time period as may be prescribed by the award.

Action by members requiring associated persons to waive the arbitration of disputes contrary to the provisions of the Code of Arbitration Procedure shall constitute conduct that is inconsistent with just and equitable principles of trade and a violation of Rule 2110.

Amended by SR-NASD-2005-070 eff. June 13, 2005.
Amended by SR-NASD-2004-126 eff. September 30, 2004 (extending the effectiveness of paragraph (f) to March 31, 2005).
Amended by SR-NASD-2004-40 eff. March 31, 2004.
Amended by SR-NASD-2003-153 eff. Oct. 6, 2003.
Amended by SR-NASD-2003-106 eff. July 14, 2003.
Amended by SR-NASD-2003-64 eff. March 31, 2003.
Amended by SR-NASD-2002-126 eff. September 30, 2002.
Amended by SR-NASD-99-19 eff. May 17, 1999.
Amended by SR-NASD-93-38 eff. Jan. 3, 1996.
Amended by SR-NASD-95-20 eff. Oct. 2, 1995.
Amended by SR-NASD-90-62 eff. May 7, 1991.
Amended by SR-NASD-90-03 eff. June 18, 1990.
Amended July 1, 1987.
Adopted eff. May 1, 1973.

**Selected Notices to Members:** 95-76, 02-68.



© 2006 NASD. All rights reserved.

NASD



## 10301. Required Submission

**NASD Notices to Members** (3 links)

(a) Any dispute, claim, or controversy eligible for submission under the Rule 10100 Series between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons shall be arbitrated under this Code, as provided by any duly executed and enforceable written agreement or upon the demand of the customer. A claim involving a member in the following categories shall be ineligible for submission to arbitration under the Code unless the customer agrees in writing to arbitrate the claim after it has arisen:

1. A member whose membership is terminated, suspended, canceled, or revoked;
2. A member that has been expelled from the NASD; or
3. A member that is otherwise defunct.

(b) Under this Code, the Director of Arbitration, upon approval of the Executive Committee of the National Arbitration and Mediation Committee, or the National Arbitration and Mediation Committee, shall have the right to decline the use of its arbitration facilities in any dispute, claim, or controversy, where, having due regard for the purposes of the Association and the intent of this Code, such dispute, claim, or controversy is not a proper subject matter for arbitration.

(c) Claims which arise out of transactions in a readily identifiable market may, with the consent of the Claimant, be referred to the arbitration forum for that market by the Association.

(d) Class Action Claims

(1) A claim submitted as a class action shall not be eligible for arbitration under this Code at the Association.

(2) Any claim filed by a member or members of a putative or certified class action is also ineligible for arbitration at the Association if the claim is encompassed by a putative or certified class action filed in federal or state court, or is ordered by a court to an arbitral forum not sponsored by a self-regulatory organization for classwide arbitration. However, such claims shall be eligible for arbitration in accordance with paragraph (a) or pursuant to the parties' contractual agreement, if any, if a claimant demonstrates that it has elected not to participate in the putative or certified class action or, if applicable, has complied with any conditions for withdrawing from the class prescribed by the court.

Disputes concerning whether a particular claim is encompassed by a putative or certified class action shall be referred by the Director of Arbitration to a panel of arbitrators in accordance with Rule 10302 or Rule 10308, as applicable. Either party may elect instead to petition the court with jurisdiction over the putative or certified class action to resolve such disputes. Any such petition to the court must be filed within ten business days of receipt of notice that the Director of Arbitration is referring the dispute to a panel of arbitrators.

(3) No member or associated person shall seek to enforce any agreement to arbitrate against a customer, other member or person associated with a member who has initiated in court a putative class action or is a member of a putative or certified class with respect to any claims encompassed by the class action unless and until: (A) the class certification is denied; (B) the class is decertified; (C) the customer, other member or person associated with a member is excluded from the class by the court; or (D) the customer, other member or person associated with a member elects not to participate in the putative or certified class action or, if applicable, has complied with any conditions for withdrawing from the class prescribed by the court.

(4) No member or associated person shall be deemed to have waived any of its rights under this Code or under any agreement to arbitrate to which it is party except to the extent stated in this paragraph.

Amended by SR-NASD-2001-08 eff. June 11, 2001.
Amended by SR-NASD-98-48 eff. Nov. 17, 1998.
Amended by SR-NASD-93-65 eff. Apr. 20, 1994.
Amended by SR-NASD-92-28 eff. Oct. 28, 1992.
Amended by SR-NASD-91-49 eff. Jan. 2, 1992.

# Exhibit E

IDS Life Class Action Informtion Center
PO Box 1531
Faribault MN 55021-1531

FARIBAULT MN AUG 10'05

PB METER 7119491 $0.83 U.S. POSTAGE

*6917906*

**IMPORTANT**

**LEGAL NOTICE ENCLOSED**

6917906 - 1
BARBARA WEST
902 BROADFIELDS DR
LOUISVILLE KY 40207-4342

Received 8/13/05

40207+4342 36

IDS Life Accidental Death Benefit Administrator
PO Box 1531
Minneapolis MN 55440-1531

-1
BARBARA WEST
902 BROADFIELDS DR
LOUISVILLE KY 40207-4342

In accordance with the settlement approved by the Courts in the

**IDS Life Insurance Company**

December 2002

- 1
BARBARA WEST
902 BROADFIELDS DR
LOUISVILLE KY 40207-4342

In accordance with the settlement approved by the Courts in the class action Benacquisto, et al. v. American Express Financial Corporation, et al., it has been determined that you will receive free Accidental Death Benefit coverage.

This coverage became effective October 15, 2001, for the Accidental Death Benefit Amount and Coverage Period shown below. You do not need to do anything to receive this free Accidental Death Benefit coverage. It is provided free of charge to you, and no premium or other payment by you is required.

| | |
|---|---|
| Policy or Annuity Number: | 90906301502 |
| Owner of Record/Participant: | BARBARA WEST |
| Default Payee or Alternate Payee: | BARBARA WEST |
| Default Measuring Life or Alternate Measuring Life: | G WEST JR |
| Accidental Death Benefit Amount: | $12,125.00 |
| Accidental Death Benefit Coverage ends: | 2 Years |

**Enclosed is a Certificate of Insurance.** Please keep the Certificate and this letter with your other important insurance papers.

Filing Claims: Upon the Accidental Death of the Measuring Life while the Accidental Death Benefit coverage is in effect, you should submit a copy of this letter, along with due proof of the accidental death of the Measuring Life, to:

IDS Life Settlement/ADB Claims
P.O. Box 1531
Minneapolis, MN 55440-1531

Claims should be submitted within 90 days of the date of accidental death of the Measuring Life, or as soon as reasonably possible, but no later than October 15, 2005. Please keep a copy for your files.

Enclosed are "Frequently Asked Questions and Answers" about the Accidental Death Benefit coverage. If you have additional questions after reading the "Frequently Asked Questions and Answers," please call 1-877-657-8655. If you use a TDD/TTY terminal for the hearing impaired, please call 1-877-657-8808.

# Certificate of Insurance

## Accidental Death Benefit Coverage

Provided to

American Express Company, et al.

*Blanket Accident Insurance*
*Declarations*

***Chubb Group of Insurance Companies***
***15 Mountain View Road***
***Warren, NJ 07059***

*Policyholder's Name and Mailing Address*

AMERICAN EXPRESS COMPANY
C/O IDS LIFE INSURANCE COMPANY OF NEW YORK
20 MADISON AVENUE EXTENSION
ALBANY, NY 12203

*Policy Number* 6476-39-06
*Effective Date* OCTOBER 15, 2001
*Issued by the stock insurance company indicated below.*
FEDERAL INSURANCE COMPANY
*Incorporated under the laws of INDIANA*

*Producer No.* 0013413-999

*Producer* AON RISK CONSULTING, INC.
685 THIRD AVENUE
NEW YORK, NY 10017

***Section I - Policy Period***

From: OCTOBER 15, 2001 To: OCTOBER 15, 2004

12:01 A.M. standard time at the **Policyholder's** mailing address shown above.

***Section II - Persons Insured***

The following are the Persons Insured under this policy:

***Class*** ***Description***

1 THERE IS ONLY ONE (1) CLASS OF PERSONS INSURED UNDER THIS POLICY, AND THAT CLASS CONSISTS OF THOSE MEMBERS OF THE PLAINTIFF CLASS, ENTITLED TO RECEIVE GENERAL RELIEF, PURSUANT TO THE TERMS AND CONDITIONS SET FORTH IN THE STIPULATION OF SETTLEMENT FOR THE FOLLOWING CLASS ACTION LITIGATION:

(1) LESA BENACQUISTO, ET AL. V. AMERICAN EXPRESS FINANCIAL CORPORATION, ET AL., CASE NO. 96-018477 (CONSOLIDATED CASE NOS. 96-018477, 97-004742, 98-105681) (MINNESOTA DISTRICT COURT, HENNEPIN COUNTY, 4TH JUDICIAL DISTRICT)

(2) LESA BENACQUISTO, ET AL. V. AMERICAN EXPRESS FINANCIAL CORPORATION, ET AL., CASE NO. 00-1980 DSD/JMM (UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA)

All other terms and conditions remain unchanged.



If an **Insured Person** is included in more than one **Class**, the **Insured Person** will be covered for only the **Benefit Amount** applicable to one **Class**. The **Insured Person** will be considered a member of the applicable **Class** that provides the **Insured Person** the largest **Benefit Amount** for the particular **Accident** and **Loss** that has occurred.

An **Insured Person** is added for coverage as a **Class** member at any time during the policy period that the **Insured Person** fits the **Class** description. An **Insured Person** will be deleted from a **Class** and coverage ends at any time the **Insured Person** no longer fits the **Class** description. All premium adjustments will be made according to the terms of this policy.

***Section III - Hazards***

The following are the **Hazards** during which coverage applies:

| ***Hazards*** | ***Form Number*** |
| --- | --- |
| 24 HOUR BUSINESS AND PLEASURE | 44-02-0896(01/95) |

24 Hour Business and Pleasure Hazard means all circumstances, subject to the terms and conditions of this policy, to which the Insured Person may be exposed.

***Section IV - Benefits***

BENEFIT AMOUNTS

Accidental Loss of Life and Scheduled Benefits

The following are **Loss of Life Benefit Amounts** for each **Class** and corresponding **Hazards**:

***Class*** ***Benefit Amounts***

*24 HOUR BUSINESS AND PLEASURE*

1 AS DETERMINED PER THE STIPULATION OF SETTLEMENT FOR THE FOLLOWING CLASS ACTION LITIGATION:

(1) LESA BENACQUISTO, ET AL. V. AMERICAN EXPRESS FINANCIAL CORPORATION, ET AL., CASE NO. 96-018477 (CONSOLIDATED CASE NOS. 96-018477, 97-004742, 98-105681) (MINNESOTA DISTRICT COURT, HENNEPIN COUNTY, 4TH JUDICIAL DISTRICT)

(2) LESA BENACQUISTO, ET AL. V. AMERICAN EXPRESS FINANCIAL CORPORATION, ET AL., CASE NO. 00-1980 DSD/JMM (UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA)

All other terms and conditions remain unchanged.

☐ Multiple of salary/compensation applies, refer to the Supplemental Benefit Amounts Declarations (Not Applicable).

# STATEMENT OF ELIGIBILITY

## IDS LIFE CLASS ACTION SETTLEMENT

**Policy/Annuity Ownership Information:**

Owner of Record/Participant: BARBARA WEST
902 BROADFIELDS DR
LOUISVILLE KY 40207-4342

Co-Owners:

Policy or Annuity No.: 90906301502
Product Type: Insurance
Policy/Annuity Status as of August 31, 2000: In Force

For purposes of the proposed settlement, if your policy is providing coverage under a reduced paid-up or extended term nonforfeiture option or if your annuity has been settled (i.e., annuitized), its status is shown as terminated.

**If the information printed here is incorrect, please send any corrections immediately to: IDS Life Class Action Information Center, P.O. Box 405, Minneapolis, Minnesota 55440-0405. For address changes, please use the enclosed Change of Address form.**

According to our records, you are a member of a class on whose behalf lawsuits have been brought against IDS Life Insurance Company, IDS Life Insurance Company of New York, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, American Express Financial Corporation and American Express Financial Advisors (collectively referred to as "Defendants"). The lawsuits, and the proposed settlement of the lawsuits, are described in detail in the accompanying Class Notice. **Please read the entire Notice carefully.**

This statement describes the relief that you will be eligible to receive if the proposed settlement is approved by the Courts and you remain a member of the class. Each of the forms of relief offered under the settlement is described in detail in the accompanying Notice at pages 8-14. There will be only one award of relief per Policy or Annuity. Where more than one person or entity has or had an ownership interest in a Policy or Annuity, all owners are presumed to be acting jointly. If one such person or entity requests that the Policy or Annuity be excluded from the Class, then all persons with an ownership interest in that particular Policy or Annuity shall be bound by that decision.

**Relief For Which You Will Be Eligible If The Proposed Settlement Is Approved**

**<u>GENERAL RELIEF</u>**
**ACCIDENTAL DEATH BENEFIT**
**Default Payee: BARBARA WEST**
**Default Measuring Life: G WEST JR**
**OR**
**<u>CLAIM REVIEW PROCESS</u>**

# ELECTION FORM

## IDS LIFE CLASS ACTION SETTLEMENT

* 6 9 1 7 9 0 6 *

**Policy/Annuity Ownership Information:** Sequence - 1

Owner of Record/Participant: BARBARA WEST
902 BROADFIELDS DR
LOUISVILLE KY 40207-4342

Policy or Annuity Number: 90906301502

**RETURN THIS FORM ONLY IF YOU WANT TO ELECT THE CLAIM REVIEW PROCESS.**

**IF YOU WANT GENERAL RELIEF, YOU SHOULD NOT RETURN THIS ELECTION FORM.**

**I/we want to participate in the Claim Review Process to pursue a claim that I was/we were misled, or that wrongdoing with economic consequences otherwise occurred, with respect to the marketing, sale, administration or servicing of the Policy or Annuity indicated by the number printed above. (If the number printed above is not the number for which you want to submit a claim, please call the toll-free number below). I/we understand that the claim, once submitted, will be evaluated by a Claim Evaluator chosen by counsel for plaintiffs and the class and that I/we may or may not receive an award through the Claim Review Process. The relief awarded in the Claim Review Process can range from none at all to relief designed to redress any loss that may have resulted from the alleged wrongdoing. I/we realize that this election will make me/us ineligible for the General Relief.**

____________________________
Signature of BARBARA WEST

(___) ___ - ____
Daytime Telephone Number

* You <u>must</u> return this Election Form if you want to elect to submit a claim to the Claim Review Process. If you elect to submit a claim to the Claim Review Process, then once the proposed settlement is final, you will receive a separate Claim Form with instructions on how to present your claim. DO NOT SUBMIT YOUR SPECIFIC CLAIM AT THIS TIME.

**If you want to elect to submit a claim to the Claim Review Process, you must complete this Election Form and mail it so that it is postmarked by**

# BENEFIT VOUCHER

## IDS LIFE CLASS ACTION SETTLEMENT

Voucher # 6917906

*This document is evidence of valuable death benefit coverage. Please do not discard. Keep this document with your important papers.*

**Owner of Record/Participant:** ....................BARBARA WEST

**Default Payee:** ....................BARBARA WEST

**Default Measuring Life:** ....................G WEST JR

**Estimated Accidental Death Benefit Amount:** ....................$4,500.00

**Accidental Death Benefit Coverage Period:** ....................2 Years

**Policy Face Amount or Annuity Account Value:** ....................$235,000.00

**Status of Policy or Annuity as of 8/31/00:** .................... In Force

**Policy or Annuity Number:** ....................90906301502

For purposes of the proposed settlement, if your policy is providing coverage under a reduced paid-up or extended term nonforfeiture option or if your annuity has been settled (i.e., annuitized), its status is shown as terminated.

*As part of a proposed class action settlement, the Defendants will provide free Accidental Death Benefit coverage to all Class Members receiving General Relief.*

The Accidental Death Benefit will take effect only if the proposed settlement is implemented and the above Owner or Participant receives General Relief. The

# DESIGNATION FORM

## IDS LIFE CLASS ACTION SETTLEMENT

| | |
|---|---|
| **Owner of Record/ Participant:** | BARBARA WEST |
| **Policy or Annuity Number:** | 90906301502 |
| **Default Payee:** | BARBARA WEST |
| **Default Measuring Life:** | G WEST JR |

Use the Designation Form below to designate an Alternate Payee. Unless you state otherwise, the Payee will be the Default Payee shown above. Use the Designation Form on the back of this page to designate an Alternate Measuring Life if the person shown above as the Default Measuring Life is deceased as of the date the settlement is implemented. Otherwise, the Measuring Life will be the Default Measuring Life shown above.

## COMPLETE THIS SIDE OF THE FORM TO DESIGNATE AN ALTERNATE PAYEE

**YOU DO NOT NEED TO RETURN THIS DESIGNATION FORM TO TAKE ADVANTAGE OF THE ACCIDENTAL DEATH BENEFIT COVERAGE PROVIDED IN THIS SETTLEMENT, except as follows:** If the Default Measuring Life is deceased as of the date the settlement is implemented, then you ARE REQUIRED to change the Measuring Life. To do so, complete the Alternate Measuring Life Designation Form on the next page and mail it to the address provided before the date the settlement is implemented or, if that is impossible because of the date of the Measuring Life's death, within 30 days of the death of the Measuring Life. You may not change the Measuring Life after those dates. You SHOULD change the Payee if the Payee dies before the date the settlement is implemented or during the period your death benefits are in effect. You may change the Payee at any time before payment of a claim for the accidental death benefit.

**If you are not the Owner of Record/Participant, but are acting on behalf of the Owner of Record/Participant, you must provide proof of your authority to act on behalf of the Owner of Record/Participant.**

**If you are the personal representative of a deceased Owner of Record/Participant, you must provide:**

**(1) proof of the death of the Owner of Record/Participant (i.e., a death certificate) and**
**(2) proof of your authority to act on behalf of the deceased Owner of Record/Participant.**

I designate and understand that the Default Payee will be changed to the person named below as Alternate Payee.

**Alternate Payee:**

Name: ____________________

Social Security #: ___ ___ ___-___ ___-___ ___ ___ ___

Street Address: ____________________

City: ____________________

State: ___ ___ Zip: ___ ___ ___ ___ ___ - ___ ___ ___ ___

**Signature of Owner of Record/Participant or person signing on behalf of Owner of Record/Participant:**

Signature: ____________________

Printed Name: ____________________

Date: ___ ___ / ___ ___ / ___ ___ ___ ___

IDS Life Insurance Company

October 12, 2000

Dear Customer:

I am writing to inform you of benefits you may be eligible to receive as part of a proposed class action settlement. You are receiving this information because, according to our records, you may be a member of the proposed settlement class because you own or owned or had an interest in either (1) one or more life insurance policies that were issued between January 1, 1985 and February 29, 2000 by IDS Life Insurance Company or IDS Life Insurance Company of New York, or (2) one or more deferred annuity contracts that were in force during the period of January 1, 1985 and February 29, 2000 and that were issued by IDS Life Insurance Company, IDS Life Insurance Company of New York, American Centurion Life Assurance Company, American Enterprise Life Insurance Company or American Partners Life Insurance Company (collectively referred to, along with the related entities American Express Financial Corporation and American Express Financial Advisors, as the "Defendants"). The class of policy and annuity owners affected by the lawsuit is described in more detail at pages 4 through 5 of the enclosed Notice of Class Action. As a member of the class, you would be eligible to participate in the proposed settlement.

If you are or were acting on behalf of a tax-qualified retirement plan and its participants and beneficiaries (with respect to the plan), such as a trustee, plan administrator or plan sponsor, and the plan has an interest or its participants have or had an interest in a group annuity contract, please refer to the Fact Sheet for Qualified Plans for an explanation of particular issues that affect your rights and obligations in connection with the settlement. If you are a participant in a retirement plan and have an interest in a group annuity contract, please refer to the Plan Participant Information Sheet for an explanation of particular issues that affect your rights and obligations in connection with the settlement.

The parties to the lawsuit believe that the proposed settlement is in the best interest of all members of the class. As explained in the enclosed materials, the benefits and remedies available under the proposed settlement have been tailored to meet the circumstances of individuals like you.

Nevertheless, before the Defendants can make any settlement benefits available to customers, the proposed settlement must receive the final approval of the Courts involved in the litigation. A hearing on the settlement is scheduled for March 6, 2001 at 9:00 a.m. The purpose of this mailing is to provide you with information about the proposed settlement and what actions, if any, you may want or need to take before the Courts make their rulings.

## What Materials Are Included With This Letter?

The materials included with this letter are:

- A Notice of Class Action, Proposed Settlement, and Fairness Hearing
- A Statement of Eligibility
- A Benefit Voucher
- An Election Form
- A Designation Form
- A Change of Address Form

Please read all of the enclosed materials carefully to understand your rights and the decisions you need to make. If you have further questions or need a large-print version of this Class Notice Package, please call a special toll-free number, 1-800-433-5314 (or, if you use TDD/TTY, 1-877-657-8808). Specially trained personnel are available and best qualified to answer questions you may have about the proposed settlement. Please do not call the Courts or the Clerks of the Courts.

## American Express' Commitment To Its Customers

Throughout its history, American Express has always strived to deal fairly with its customers. We are committed to providing the best possible service and products and to maintaining the highest possible standards of business conduct, ethics and integrity. We firmly believe that our life insurance policies and deferred annuity contracts have always delivered significant value to our customers. The substantial General Relief offered by the proposed settlement is further evidence of American Express' commitment to its customers. In addition, the proposed settlement provides a forum for redress for any of our customers who may feel that they have been treated unfairly.

Sincerely,

Richard W Kling

R. W. Kling
President and CEO
IDS Life Insurance Company

STATE OF MINNESOTA
DISTRICT COURT, FOURTH DISTRICT

| | |
|---|---|
| BENACQUISTO, ET AL. | : Nos. 96-18477, |
| v. | : 97-4742, 98-15681 |
| AMERICAN EXPRESS | : |
| FINANCIAL CORP., ET AL. | : |

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BENACQUISTO, ET AL. | : No. 00-1980 DSD |
| v. | : |
| AMERICAN EXPRESS | : |
| FINANCIAL CORP., ET AL. | : |

# NOTICE OF CLASS ACTION, PROPOSED SETTLEMENT, AND FAIRNESS HEARING

**THIS NOTICE HAS BEEN SENT TO YOU BY ORDER OF THE COURT. PLEASE READ THIS ENTIRE NOTICE CAREFULLY.** It discusses the proposed settlement of class action lawsuits involving certain life insurance policies and deferred annuity contracts. **You have not been sued.** Nevertheless, the proposed settlement may affect your rights as a member of the class.

**YOU MUST MAKE CERTAIN DECISIONS NOW:**

**First**, you must decide whether you want to be part of the proposed settlement as to each applicable life insurance policy or deferred annuity contract you own or owned. If you do, you must make other decisions before January 29, 2001, about (1) certain settlement benefits that are described below and (2) whether you want to object to the proposed settlement or appear at the fairness hearing, following the procedures set forth in Part I of this Notice. The Courts will hold a hearing on March 6, 2001, to evaluate the fairness of the proposed settlement.

**Second**, if you do not want to be part of the settlement with respect to a life insurance policy or deferred annuity contract, you must request exclusion from the settlement for that policy or annuity by January 29, 2001, following the procedures set forth in Part H of this Notice. Otherwise, for each policy or annuity you do not exclude from the class, you will be bound by all of the terms of the proposed settlement if the Courts approve it.

If you do not exclude yourself from the class, the proposed settlement (if approved) may affect your right to start or continue any other lawsuit or proceeding involving your Policy or Annuity. In addition, you will give up any claims arising from the marketing, sale, servicing or administration of your Policy or Annuity. The Release of Claims, which addresses this issue, is reprinted in full as an appendix to this notice.

# Exhibit F

WEBER & ROSE A Professional Service Corporation

James M. Gary
jgary@weberandrose.com

March 10, 2005

Mr. Philip F. Chromy
Compliance Department
American Express Financial Advisors, Inc.
IDS Life Insurance Company
50031 AXP Financial Center
Minneapolis, MN 55474

RE: Dr. G. Allen West and Barbara Jean West
Policy #: 90906301502 004
IDS Life NAIC #: 65005

Dear Mr. Chromy:

Please be advised that I have been contacted and retained by Dr. and Mrs. G. Allen West concerning the transactions and matters which they, and the Kentucky Office of Insurance, have previously been in contact with you about.

Our review of the transactions indicates that in September of 1998, the Wests (ages 84 and 73 at the time) met with Mr. Steve Pippen, an American Express agent, who advised them to convert an insurance policy with Aegon Insurance Company, and invest its cash surrender value (and other cash) into an IDS Variable Universal Life Insurance policy, with a represented death benefit of over $300,000.00. The Wests had made it clear to Mr. Pippen that they could not afford any significant risks with their investment, in view of their advanced ages. They have now been advised that their death benefit has radically declined to approximately $93,000.00.

The Wests received a letter, dated July 22, 2004, from Jackie Herzog of your office, which advised that their "complaint was subject to a court-approved release of claims as part of the settlement of class action litigation against the company." The Wests have no record of any notification of the referenced class action, or any options that they may have had in connection with the referenced litigation.

Our research reveals that the case of *Thoresen v. American Express Financial Corporation et al* was filed in Hennepin County, Minnesota on October 14, 1998. The Wests were actually advised by Mr. Pippen to invest their life insurance cash value into a life insurance policy with IDS Variable Universal Life (VUL) on December 19, 1999.

The Wests have now spent several months in an attempt to amicably resolve their issues with American Express. They are still intent on trying to resolve this matter

in an informal and amicable fashion, if at all possible. Please refer this letter to your legal counsel, and request that they contact me at their earliest convenience for purposes of discussing a resolution of the Wests claims. Additionally, I would specifically request that you provide a copy of any notice or communication which was arguably sent to the Wests regarding notification of any class action that would conceivably impact their claims.

I look forward to discussing this matter with you or your counsel.

Yours sincerely,

James M. Gary

cc. Dr. and Mrs. G. Allen West