**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | | |
|---|---|---|
| **Lesa Benacquisto, Daniel Benacquisto, Richard Thoresen, Elizabeth Thoresen, Arnold Mork, Isabella Mork, Ronald Melchert, and Susan Melchert, on behalf of themselves and all others similarly situated,** | ) | **Civil No. 00-cv-01980 DSD/JMM** |
| **Plaintiffs,** | ) | *** * AMENDED * *** |
| **vs.** | ) | **EXHIBIT LIST FOR SUPPLEMENTAL RESPONSE OF DR. G. ALLEN WEST AND BARBARA WEST TO MOTION TO ENFORCE CLASS-ACTION SETTLEMENT AS TO CLAIMS PRESENTED TO THE NASD** |
| **American Express Financial Corporation, American Express Financial Advisors, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, IDS Life Insurance Company, and IDS Life Insurance Company of New York,** | ) | |
| **Defendants,** | ) | |

---

| Exhibit | Description |
|---|---|
| D | NASD Code of Arbitration Procedure, Rules IM-10100 and 10301 |
| E | Envelope from IDS Life Class Action Information Center, mailed Aug 10, 2005 |
| F | Counsel's letter of representation, dated March 10, 2005 |

# Exhibit D

NASD



## IM-10100. Failure to Act Under Provisions of Code of Arbitration Procedure

**NASD Notices to Members**
(2 links)

It may be deemed conduct inconsistent with just and equitable principles of trade and a violation of Rule 2110 for a member or a person associated with a member to:

(a) fail to submit a dispute for arbitration under the NASD Code of Arbitration Procedure as required by that Code;

(b) fail to comply with any injunctive order issued pursuant to Rule 10335;

(c) fail to appear or to produce any document in his possession or control as directed pursuant to provisions of the NASD Code of Arbitration Procedure;

(d) fail to honor an award, or comply with a written and executed settlement agreement, obtained in connection with an arbitration submitted for disposition pursuant to the procedures specified by the National Association of Securities Dealers, Inc., the New York, American, Boston, Cincinnati, Chicago, or Philadelphia Stock Exchanges, the Pacific Exchange, Inc., the Chicago Board Options Exchange, the Municipal Securities Rulemaking Board, or pursuant to the rules applicable to the arbitration of disputes before the American Arbitration Association or other dispute resolution forum selected by the parties where timely motion has not been made to vacate or modify such award pursuant to applicable law; or

(e) fail to comply with a written and executed settlement agreement, obtained in connection with a mediation submitted for disposition pursuant to the procedures specified by the National Association of Securities Dealers, Inc.

All awards shall be honored by a cash payment to the prevailing party of the exact dollar amount stated in the award. Awards may not be honored by crediting the prevailing party's account with the dollar amount of the award, unless authorized by the express terms of the award or consented to in writing by the parties. Awards shall be honored upon receipt thereof, or within such other time period as may be prescribed by the award.

Action by members requiring associated persons to waive the arbitration of disputes contrary to the provisions of the Code of Arbitration Procedure shall constitute conduct that is inconsistent with just and equitable principles of trade and a violation of Rule 2110.

Amended by SR-NASD-2005-070 eff. June 13, 2005.
Amended by SR-NASD-2004-126 eff. September 30, 2004 (extending the effectiveness of paragraph (f) to March 31, 2005).
Amended by SR-NASD-2004-40 eff. March 31, 2004.
Amended by SR-NASD-2003-153 eff. Oct. 6, 2003.
Amended by SR-NASD-2003-106 eff. July 14, 2003.
Amended by SR-NASD-2003-64 eff. March 31, 2003.
Amended by SR-NASD-2002-126 eff. September 30, 2002.
Amended by SR-NASD-99-19 eff. May 17, 1999.
Amended by SR-NASD-93-38 eff. Jan. 3, 1996.
Amended by SR-NASD-95-20 eff. Oct. 2, 1995.
Amended by SR-NASD-90-62 eff. May 7, 1991.
Amended by SR-NASD-90-03 eff. June 18, 1990.
Amended July 1, 1987.
Adopted eff. May 1, 1973.

**Selected Notices to Members:** 95-76, 02-68.



© 2006 NASD. All rights reserved.

NASD



## 10301. Required Submission

**NASD Notices to Members** (3 links)

(a) Any dispute, claim, or controversy eligible for submission under the Rule 10100 Series between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons shall be arbitrated under this Code, as provided by any duly executed and enforceable written agreement or upon the demand of the customer. A claim involving a member in the following categories shall be ineligible for submission to arbitration under the Code unless the customer agrees in writing to arbitrate the claim after it has arisen:

1. A member whose membership is terminated, suspended, canceled, or revoked;
2. A member that has been expelled from the NASD; or
3. A member that is otherwise defunct.

(b) Under this Code, the Director of Arbitration, upon approval of the Executive Committee of the National Arbitration and Mediation Committee, or the National Arbitration and Mediation Committee, shall have the right to decline the use of its arbitration facilities in any dispute, claim, or controversy, where, having due regard for the purposes of the Association and the intent of this Code, such dispute, claim, or controversy is not a proper subject matter for arbitration.

(c) Claims which arise out of transactions in a readily identifiable market may, with the consent of the Claimant, be referred to the arbitration forum for that market by the Association.

(d) Class Action Claims

(1) A claim submitted as a class action shall not be eligible for arbitration under this Code at the Association.

(2) Any claim filed by a member or members of a putative or certified class action is also ineligible for arbitration at the Association if the claim is encompassed by a putative or certified class action filed in federal or state court, or is ordered by a court to an arbitral forum not sponsored by a self-regulatory organization for classwide arbitration. However, such claims shall be eligible for arbitration in accordance with paragraph (a) or pursuant to the parties' contractual agreement, if any, if a claimant demonstrates that it has elected not to participate in the putative or certified class action or, if applicable, has complied with any conditions for withdrawing from the class prescribed by the court.

Disputes concerning whether a particular claim is encompassed by a putative or certified class action shall be referred by the Director of Arbitration to a panel of arbitrators in accordance with Rule 10302 or Rule 10308, as applicable. Either party may elect instead to petition the court with jurisdiction over the putative or certified class action to resolve such disputes. Any such petition to the court must be filed within ten business days of receipt of notice that the Director of Arbitration is referring the dispute to a panel of arbitrators.

(3) No member or associated person shall seek to enforce any agreement to arbitrate against a customer, other member or person associated with a member who has initiated in court a putative class action or is a member of a putative or certified class with respect to any claims encompassed by the class action unless and until: (A) the class certification is denied; (B) the class is decertified; (C) the customer, other member or person associated with a member is excluded from the class by the court; or (D) the customer, other member or person associated with a member elects not to participate in the putative or certified class action or, if applicable, has complied with any conditions for withdrawing from the class prescribed by the court.

(4) No member or associated person shall be deemed to have waived any of its rights under this Code or under any agreement to arbitrate to which it is party except to the extent stated in this paragraph.

Amended by SR-NASD-2001-08 eff. June 11, 2001.
Amended by SR-NASD-98-48 eff. Nov. 17, 1998.
Amended by SR-NASD-93-65 eff. Apr. 20, 1994.
Amended by SR-NASD-92-28 eff. Oct. 28, 1992.
Amended by SR-NASD-91-49 eff. Jan. 2, 1992.

# Exhibit E

IDS Life Class Action Informtion Center
PO Box 1531
Faribault MN 55021-1531

FARIBAULT MN AUG 10'05
PB METER 7119491
0.83
U.S. POSTAGE

*6917906*

**IMPORTANT**
**LEGAL NOTICE ENCLOSED**

6917906 - 1
BARBARA WEST
902 BROADFIELDS DR
LOUISVILLE KY 40207-4342

Received 8/13/05

40207+4342 36

IDS Life Accidental Death Benefit Administrator
PO Box 1531
Minneapolis MN 55440-1531

- 1

BARBARA WEST
902 BROADFIELDS DR
LOUISVILLE KY 40207-4342

In accordance with the settlement

**IDS Life Insurance Company**

December 2002

- 1

BARBARA WEST
902 BROADFIELDS DR
LOUISVILLE KY 40207-4342

In accordance with the settlement approved by the Courts in the class action Benacquisto, et al. v. American Express Financial Corporation, et al., it has been determined that you will receive free Accidental Death Benefit coverage.

This coverage became effective October 15, 2001, for the Accidental Death Benefit Amount and Coverage Period shown below. You do not need to do anything to receive this free Accidental Death Benefit coverage. It is provided free of charge to you, and no premium or other payment by you is required.

| | |
|---|---|
| Policy or Annuity Number: | 90906301502 |
| Owner of Record/Participant: | BARBARA WEST |
| Default Payee or Alternate Payee: | BARBARA WEST |
| Default Measuring Life or Alternate Measuring Life: | G WEST JR |
| Accidental Death Benefit Amount: | $12,125.00 |
| Accidental Death Benefit Coverage ends: | 2 Years |

**Enclosed is a Certificate of Insurance.** Please keep the Certificate and this letter with your other important insurance papers.

Filing Claims: Upon the Accidental Death of the Measuring Life while the Accidental Death Benefit coverage is in effect, you should submit a copy of this letter, along with due proof of the accidental death of the Measuring Life, to:

IDS Life Settlement/ADB Claims
P.O. Box 1531
Minneapolis, MN 55440-1531

Claims should be submitted within 90 days of the date of accidental death of the Measuring Life, or as soon as reasonably possible, but no later than October 15, 2005. Please keep a copy for your files.

Enclosed are "Frequently Asked Questions and Answers" about the Accidental Death Benefit coverage. If you have additional questions after reading the "Frequently Asked Questions and Answers," please call 1-877-657-8655. If you use a TDD/TTY terminal for the hearing impaired, please call 1-877-657-8808.

# Certificate of Insurance

## Accidental Death
## Benefit Coverage

**Provided to**

**American Express**
**Company, et al.**

*Blanket Accident Insurance*
*Declarations*

***Chubb Group of Insurance Companies***
***15 Mountain View Road***
***Warren, NJ 07059***

*Policyholder's Name and Mailing Address*

AMERICAN EXPRESS COMPANY
C/O IDS LIFE INSURANCE COMPANY OF NEW YORK
20 MADISON AVENUE EXTENSION
ALBANY, NY 12203

*Policy Number* 6476-39-06
*Effective Date* OCTOBER 15, 2001
*Issued by the stock insurance company indicated below.*
FEDERAL INSURANCE COMPANY
*Incorporated under the laws of INDIANA*

*Producer No.* 0013413-999

*Producer* AON RISK CONSULTING, INC.
685 THIRD AVENUE
NEW YORK, NY 10017

***Section I - Policy Period***

From: OCTOBER 15, 2001 To: OCTOBER 15, 2004

12:01 A.M. standard time at the **Policyholder's** mailing address shown above.

***Section II - Persons Insured***

The following are the Persons Insured under this policy:

***Class*** ***Description***

1 THERE IS ONLY ONE (1) CLASS OF PERSONS INSURED UNDER THIS POLICY, AND THAT CLASS CONSISTS OF THOSE MEMBERS OF THE PLAINTIFF CLASS, ENTITLED TO RECEIVE GENERAL RELIEF, PURSUANT TO THE TERMS AND CONDITIONS SET FORTH IN THE STIPULATION OF SETTLEMENT FOR THE FOLLOWING CLASS ACTION LITIGATION:

(1) LESA BENACQUISTO, ET AL. V. AMERICAN EXPRESS FINANCIAL CORPORATION, ET AL., CASE NO. 96-018477 (CONSOLIDATED CASE NOS. 96-018477, 97-004742, 98-105681) (MINNESOTA DISTRICT COURT, HENNEPIN COUNTY, 4TH JUDICIAL DISTRICT)

(2) LESA BENACQUISTO, ET AL. V. AMERICAN EXPRESS FINANCIAL CORPORATION, ET AL., CASE NO. 00-1980 DSD/JMM (UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA)

All other terms and conditions remain unchanged.



If an **Insured Person** is included in more than one **Class**, the **Insured Person** will be covered for only the **Benefit Amount** applicable to one **Class**. The **Insured Person** will be considered a member of the applicable **Class** that provides the **Insured Person** the largest **Benefit Amount** for the particular **Accident** and **Loss** that has occurred.

An **Insured Person** is added for coverage as a **Class** member at any time during the policy period that the **Insured Person** fits the **Class** description. An **Insured Person** will be deleted from a **Class** and coverage ends at any time the **Insured Person** no longer fits the **Class** description. All premium adjustments will be made according to the terms of this policy.

***Section III - Hazards***

The following are the **Hazards** during which coverage applies:

| ***Hazards*** | ***Form Number*** |
|---|---|
| 24 HOUR BUSINESS AND PLEASURE | 44-02-0896(01/95) |

24 Hour Business and **Pleasure Hazard** means all circumstances, subject to the terms and conditions of this policy, to which the Insured Person may be exposed.

***Section IV - Benefits***

BENEFIT AMOUNTS

Accidental Loss of Life and Scheduled Benefits

The following are **Loss of Life Benefit Amounts** for each **Class** and corresponding **Hazards**:

***Class*** ***Benefit Amounts***

*24 HOUR BUSINESS AND PLEASURE*

1 AS DETERMINED PER THE STIPULATION OF SETTLEMENT FOR THE FOLLOWING CLASS ACTION LITIGATION:

(1) LESA BENACQUISTO, ET AL. V. AMERICAN EXPRESS FINANCIAL CORPORATION, ET AL., CASE NO. 96-018477 (CONSOLIDATED CASE NOS. 96-018477, 97-004742, 98-105681) (MINNESOTA DISTRICT COURT, HENNEPIN COUNTY, 4TH JUDICIAL DISTRICT)

(2) LESA BENACQUISTO, ET AL. V. AMERICAN EXPRESS FINANCIAL CORPORATION, ET AL., CASE NO. 00-1980 DSD/JMM (UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA)

All other terms and conditions remain unchanged.

❐ Multiple of salary/compensation applies, refer to the Supplemental Benefit Amounts Declarations (Not Applicable).