**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

Benacquisto, et al. v. American Express Financial Corporation, et al.

Civil No. 00-1980 DSD/JMM

* * *CONTINUATION OF EXHIBIT E* * *

(Supplemental Response of Dr. G. Allen West and Barbara West
To Motion to Enforce Class-Action Settlement as to Claims
Presented to the NASD)

# Exhibit E - part 4

# Exhibit F

ll as the documents and information that the Defendants will our Policy or Annuity.

in the Claim Review Process will come from a fund, called ' Relief Fund," established by the Defendants with an initial ion. Under the Claim Review Process, a Claim Evaluator attorneys for the Class (referred to in this notice as "Class view the claims and award relief from the Claim Review on criteria agreed upon by the parties and approved by the dants shall pay an amount, in addition to the above Claim 1, of at least $2 million and up to $3 million (depending on icies and Annuities for which claims are filed) for the fees ie Claim Evaluator. Any additional fees and expenses of the hall be paid from accrued interest on the Claim Review

from the Claim Review Relief Fund have been determined, unds in the Claim Review Relief Fund of $2 million or less, ls shall be used to increase proportionally awards in the :ess. If there are unused funds in excess of $2 million, ls shall be used to increase the settlement benefits to all f the value of the relief to be awarded through the Claim uld exceed the value of the Claim Review Relief Fund (the ailable interest), each award in the Claim Review Process a pro rata basis.

**m Review Process, you must properly fill out and osed Election Form electing the Claim Review it is <u>postmarked no later than January 29, 2001</u>. annot participate in the Claim Review Process.**

ly need to elect whether or not to participate in the Claim : you timely submit an Election Form electing the Claim 1 will be sent a Claim Form later — after the Courts have settlement and all appeals have been exhausted. When m form, you must fill it out completely by, among other le details of your claim, and attach all documents you have licy or Annuity and your claim. You may also, but need tatements or other information to support your claim.

m is sent to you, you will have 60 days to return your m along with supporting documents. If you fail to file the e, you no longer will be eligible for the Claim Review l receive the General Relief.

amples of the types of claims that might be submitted in ocess:

aims: Any claim that, at the time you bought your Policy Defendants or their sales representatives misrepresented tages, disadvantages or financial impact of using the cash le or interest from an existing policy or annuity — by one of the Defendants or by any other company — to Policy or Annuity issued by one of the Defendants.



2. <u>Performance Misrepresentation Claims</u>: Any claim that the Defendants or their sales representatives misrepresented to you the manner in which a Policy or Annuity would accumulate value. Valid performance claims are not simply claims that the earnings on a Policy or Annuity did not meet your hopes or expectations, but rather, must be based on a claim that it was misrepresented to you by the Defendants or one of their sales representatives that the Policy or Annuity would perform in a certain way that ultimately did not happen. For example, one might seek to base a performance claim on a misrepresentation (1) that the cash or account value in a Policy would not be less than shown to you in an illustration created by the Defendants or one of their sales agents or would be maintained at a certain level over the life of the Policy; (2) that the interest crediting rate on a Policy or Annuity would not vary over the life of the Policy or Annuity or would be maintained at a certain level over the life of the Policy or Annuity; (3) that a Policy's mortality and expense charges, cost of insurance, administrative or other charges would stay lower than the maximum levels guaranteed in the Policy form; (4) that for a fixed number of payments a Policy was guaranteed to produce certain cash values; (5) that a Policy's surrender value would always exceed the amount of premiums paid or that the Policy would always show a positive rate of return; (6) that the account value of an Annuity would be maintained at a certain level over the life of the Annuity; or (7) that a variable Annuity's account value would, at the time of death, always exceed the purchase payments (or where applicable, the Annuity's cash value on the most recent six year anniversary of the Issue Date).

3. <u>Life Insurance Accelerated Payment or "Vanishing Premium" Claims</u>: Any claim that the Defendants or their sales representatives misrepresented to you at the time of purchase that they would issue a "fully paid up" or "paid up" Policy for the originally illustrated face amount of insurance without any further premium payments; or that, in return for a fixed number or amount of premium payments or for premiums paid until a specified age, the Defendants would issue a Policy for the illustrated death benefit without ever requiring any further out-of-pocket premiums; or that the Policy was a "single pay," "x-pay" (where x equals a number of years), "zero-pay" or "no-pay" policy.

4. <u>Life Insurance Savings and Retirement Misrepresentation Claims</u>: Any claim that the Defendants or their sales representatives made misrepresentations at the time of purchase (1) that a Policy was primarily a vehicle for investment, savings, capital, money accumulation, pension or a retirement plan, while not meaningfully disclosing that the product was a life insurance policy or the fact that the product was a life insurance policy was misleadingly disguised, de-emphasized or minimized; or (2) that life insurance was suitable solely to meet the applicant's savings and retirement goals; or (3) that the premiums were "deposits," "contributions" or "outlays" and this characterization was misleading.

5. <u>Qualified Annuity Misrepresentation Claims</u>: Any claim that the Defendants or their sales representatives made misrepresentations that misled you into purchasing an Annuity to fund a tax-qualified retirement plan or arrangement (under the Internal Revenue Code), such as an IRA or 401(k) plan, through misrepresentations regarding the tax-deferral benefits of that Annuity or the plan or arrangement, or that such an

' was unconditionally appropriate for such plans or :ments.

Tax Consequences Misrepresentation Claims: Any claim that the ınts or their sales representatives misrepresented to you at the purchase the tax treatment of withdrawals from a variable Annuity ıing the application of ordinary income tax rates rather than ʒains tax rates. These claims will not apply to Annuities that were ›ed to fund tax-qualified retirement plans or arrangements the Internal Revenue Code). You will only recover under these f you purchased your Annuity after August 5, 1997 as a result of presentation.

Age Misrepresentation Claims: Any claim that the Defendants or ɩes representatives misrepresented to you at the time of purchase: liquidity of the Annuity, including the length of the surrender ɔeriod, and you were at least 85 years old on the issue date of the ; (2) the availability of the minimum death benefit guarantee of a Annuity, and you were at least 75 years old on the issue date of uity; or (3) the estate tax consequences of an Annuity, and you least 75 years old on the issue date of the Annuity.

ɪarketing, Sales, Administration and Servicing Claims: Any claims ) the Defendants or their sales representatives made esentations or otherwise misled you in connection with the ng, sale, administration or servicing of your Policy or Annuity; marketing, sale, administration or servicing of your Policy or violated any applicable statutes or regulations respecting advertising or retail sales practices or the administration or ʒ of Policies or Annuities; (iii) the administration or servicing of ɪcy or Annuity violated the contractual provisions of the Policy or (iv) you were the victim of forgery in connection with your r Annuity; or (v) wrongdoing other than those set forth above in agraph occurred and had adverse economic consequences for licant or the Claimant, and such wrongdoing related to the ıg, sale, administration or servicing of the Policy or Annuity, g the application for or purchase of any Policy or Annuity; the y of any Policy or Annuity; the setting of any interest rates, e rates or renewal rates on any Policy or Annuity; the setting of of insurance, commissions, taxes, fees or surrender charges, or s on any Policy or Annuity or Annuity subaccount; the investment made with respect to assets held in any Policy or Annuity; the or disadvantages of any Policy or Annuity compared to any other :ance policy, annuity contract or investment; and the provision of or investment advice or the preparation of a financial plan ıs either resulted in the sale, modification or maintenance of any : Annuity.

## INCOME TAX CONSEQUENCES

of benefits under the proposed settlement could have tax s for you. Those tax consequences may vary, depending on your cumstances. Accordingly, Class Counsel, the Defendants and the es at the toll-free telephone numbers listed in this Notice



*CANNOT* advise you about the tax consequences of receiving settlement relief in your particular circumstances.

You should consult your own tax advisor to determine any federal, state, local or foreign tax consequences that could result from accepting or pursuing any form of relief under the proposed settlement. Where appropriate, the Defendants will report any taxable amount on an IRS Form 1099 that will be sent to you and the IRS.

## PART G: RELEASE OF CLASS MEMBERS' CLAIMS AND DISMISSAL OF LAWSUITS

If the Courts approve the proposed settlement, you must release (give up) all claims that have been or could have been asserted, as set forth in the Release attached as the Appendix, and the lawsuits will be dismissed on the merits and with prejudice. If you remain in the Class with respect to a Policy or Annuity, you may not assert any of those claims in any other lawsuit or proceeding with respect to that Policy or Annuity, including any other lawsuit or proceeding already in progress.

In addition, in exchange for the benefits provided under the proposed settlement, you must release the Defendants, their parents, affiliates, predecessors and subsidiaries, and others (including their sales representatives, agents and brokers) from liability for most claims relating to the Policies or Annuities involved in the settlement, including any claims for compensatory, exemplary or punitive damages.

The Release is a critical element of the proposed settlement. For that reason, it has been reprinted word-for-word in the Appendix to this Notice. You should READ THE RELEASE CAREFULLY, because it will affect your rights if you remain in the Class.

The settlement of these lawsuits does not change any of your contractual rights under the express terms of your existing Policy or Annuity. You will still be able to make a claim for any benefits that may be payable under the express terms of your Policy or Annuity.

## PART H: INSTRUCTIONS FOR EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in the settlement for any particular Policy or Annuity, you must ask for that Policy or Annuity to be excluded from the Class to avoid being bound by the settlement and any order and judgment in these Actions. To request exclusion from the Class, you must mail a written request so that it is postmarked no later than January 29, 2001, to the following address:

IDS Life Class Action Information Center
P.O. Box 1602
Faribault, Minnesota 55021-1602
Re: Exclusion from the Class

· exclusion must state the following information:

ıme, address and telephone number;

licy or Annuity number(s) for which you are requesting on (which you can find on the Statement(s) of Eligibility :d with this Notice);

nent that you want to be excluded from the Class as to each ɔr Annuity listed;

gnature; and

ɜe name and number (*Benacquisto v. American Express* *ial Corporation*, State Court No. 96-18477, Federal Court ·1980).

o write the words "EXCLUSION REQUEST" on the lower left- :he <u>front</u> of the envelope.

owned more than one Policy or Annuity affected by the nent, you may choose to remain a Class Member as to some ıities and exclude yourself from the Class as to other Policies

er excludes himself or herself from the Class with respect to cy or Annuity, then all other Class Members who have or had terest in that particular Policy or Annuity (other than separate terests in a Group Qualified Annuity) are automatically he Class as well. The identity of any additional owners, as Defendants' records, is shown on the enclosed Statement of

**exclusion from the Class:**

**ill not be eligible for any of the settlement benefits;**

**ill not be allowed to object to the terms of the nent; and**

**ll not be bound by any subsequent rulings entered in \ctions.**

**ur request for exclusion must be postmarked no later ɛ9, 2001. Otherwise, your request will be late and**

**on request is postmarked after January 29, 2001:**

**ill remain a member of the Class, and you will be by the settlement and by all orders and judgments in lawsuits; and**

**ll not be able to file, participate in or continue any lawsuit or proceedings based on or relating to the ed Conduct, facts or circumstances set forth in the e (see Appendix).**



***Even if you already have a pending claim, lawsuit or other proceeding against any of the Defendants relating to one or more Policies or Annuities, you still must submit a written request for exclusion for that Policy or Annuity — so that it is postmarked no later than January 29, 2001 — if you want to exclude yourself from the Class. Otherwise, you will be bound by all orders and judgments in these cases, and your other proceeding(s) may be barred. If you have a pending claim, lawsuit or proceeding against any of the Defendants or their related persons or entities, be sure to show this Notice to your attorney.***

## PART I: FAIRNESS HEARING, RIGHT TO OBJECT TO PROPOSED SETTLEMENT, AND THE RIGHT TO APPEAR

### 1. THE FAIRNESS HEARING

On March 6, 2001, at 9:00 a.m., the Courts will hold a hearing, called the Fairness Hearing, to consider whether to grant final certification to the Class for settlement purposes and whether to approve the proposed settlement as fair, reasonable and adequate. The Courts also will determine the amount of attorneys' fees and expenses to be awarded to Class Counsel. The hearing will be held at the Hennepin County Government Center, 300 South Sixth Street, Minneapolis, Minnesota 55487, in Courtroom 1759.

If you have not asked to be excluded from the Class, you may object to any aspect of the proposed settlement, as discussed below. You also may appear at the Fairness Hearing to present your objections, although you are not required to do so. Please note that the Courts have the right to change the hearing date, time or location without further notice. If you are planning to attend the hearing, you should confirm the date, time and location before appearing.

### 2. YOUR RIGHT TO OBJECT, AND INSTRUCTIONS FOR OBJECTING

You must remain a member of the Class in order to object to any aspect of the proposed settlement, including final certification of a settlement class, the fairness of the proposed settlement, the adequacy of the Class representation by Plaintiffs and Class Counsel and the award of attorneys' fees and expenses to Class Counsel. Any objection must be presented in writing to the Courts and the parties at the addresses indicated below so that it is <u>postmarked no later than January 29, 2001</u>.

Your written objection must include:

(1) your name, address and telephone number;

(2) your Policy or Annuity number(s) (which you can find on the Statement(s) of Eligibility enclosed with this Notice);

(3) a statement of your objection(s), and any supporting evidence you wish to introduce; and

(4) the case name and number (*Benacquisto v. American Express Financial Corporation*, State Court No. 96-18477, Federal Court No. 00-1980).

r written objection with the Clerks of the Courts at the
:s so that it is postmarked no later than January 29, 2001:

| | |
|---|---|
| | Clerk of the Court |
| t for Hennepin County | United States District Court |
| ernment Center | District of Minnesota |
| :t | 300 South Fourth Street |
| ota 55487 | Minneapolis, Minnesota 55415 |
| *American Express* | Re: *Benacquisto v. American Express* |
| *on*, No. 96-18477 | *Financial Corporation*, No. 00-1980 |

il copies of your written objection to Class Counsel and
efendants' counsel at the addresses listed below so that it
later than January 29, 2001:

| | |
|---|---|
| | **Defendants' Counsel:** |
| | Charles C. Platt, Esq. |
| sq | Randall M. Fox, Esq. |
| ]. | LeBoeuf, Lamb, Greene & MacRae, L.L.P. |
| id Hynes & Lerach LLP | 125 West 55th Street |
| za | New York, New York 10019 |
| 10119 | |
| sq. | George F. McGunnigle, Esq. |
| uen, P.L.L.P. | Leonard, Street & Deinard, P.A. |
| ue South | 150 South Fifth Street |
| ota 55401 | Minneapolis, Minnesota 55402 |

ot consider any objections postmarked after January 29,
ions will be deemed to have been given up or waived.

our objection and the Courts overrule it, you still will be
inder the settlement.

**T TO APPEAR**

nd serve a written objection as described above, you may
juired to — attend the Fairness Hearing, either in person
rney paid by you. You or your attorney may appear at the
to any aspect of the proposed settlement, including final
ettlement class, the fairness of the proposed settlement, the
ass's representation by Plaintiffs and Class Counsel, and the
' fees and expenses.

rney intend to appear at the Fairness Hearing, you or your
ı Notice of Intention to Appear with the Clerks of the Courts,
ice on Class Counsel and the Defendants' counsel, at the
above. Your Notice of Intention to Appear must be
er than January 29, 2001.

attorney) may, at your own expense, review the discovery
d in this case. Those documents will be made available by
ng regular business hours at the offices of Lockridge
L.L.P., 100 Washington Avenue South, Minneapolis, MN
n access, you (and/or your attorney) first must sign a
eement, which Class Counsel will provide, in which you



(and/or your attorney) agree to abide by all orders, including protective orders, entered by the Courts in the Actions.

## PART J: ATTORNEYS REPRESENTING THE SETTLEMENT CLASS

The Courts have designated Milberg Weiss Bershad Hynes & Lerach LLP and Lockridge Grindal Nauen, P.L.L.P. as Class Counsel in the Actions and as counsel for the Class for purposes of the settlement of this lawsuit. A number of other attorneys from different parts of the country also have participated in this case on behalf of the Class. **You will not be charged for the services of the law firms representing the Class.**

You have the right to retain your own attorney to represent you in these cases, but you are not obligated to do so. If you do hire your own attorney, or if you already have done so in connection with a lawsuit you previously have filed against any of the Defendants, you will have to pay his or her attorneys' fees and expenses yourself. You also have the right to represent yourself before the Court without an attorney.

## PART K: ATTORNEYS' FEES AND EXPENSES

At the Fairness Hearing, Class Counsel will ask the Courts for an award of attorneys' fees and expenses not to exceed $28 million, to be paid by the Defendants. The Defendants will not oppose Class Counsels' application for an award of fees and expenses up to these amounts.

**Payment of attorneys' fees and expenses to Class Counsel will not reduce any funds or benefits being made available to you.**

## PART L: RIGHT TO TERMINATE THE PROPOSED SETTLEMENT

Under limited circumstances, each of the parties to this lawsuit has the right to terminate the proposed settlement. Such circumstances include the decision of the Courts or any appellate court to reject, modify, or deny approval of any portion of the proposed settlement; or if the number of Class Members who elect to exclude themselves from the Class exceeds a certain defined threshold. If the proposed settlement is terminated, you will not receive any of the settlement benefits, and you will not be affected in any way by the parties' actions in connection with the proposed settlement.

## PART M: PRELIMINARY AND PERMANENT INJUNCTION, AND EFFECT ON PENDING AND FUTURE LAWSUITS, ARBITRATIONS AND OTHER PROCEEDINGS

The Courts have preliminarily enjoined all Class Members from starting, continuing or participating in, or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order based on or relating to the claims, facts or circumstances in this case and/or the Released Conduct (as that term is

Release, which is reprinted in the Appendix). If you do not ask
:d from the Class, you will be bound by this preliminary

so have preliminarily enjoined all persons from starting or
other lawsuit or proceeding as a class action (including by
end a pending complaint to include class allegations, or by
ertification in any pending action) on behalf of Class Members,
it is based on or relates to the claims, facts or circumstances
and/or the Released Conduct.

roval of the settlement, Plaintiffs and the Defendants will ask
nter permanent injunctions enjoining all Class Members from
e activities described above. All Class Members will be bound
ent injunction.

ubmit a written request to be excluded from the Class, so that
ed no later than January 29, 2001, you will be bound by all
orders and judgments in the Actions, even if you previously
begin litigation or other proceedings against the Defendants
tities relating to your Policies or Annuities. The Courts may
injunctions through contempt orders or other judicial

**OW TO GET ADDITIONAL INFORMATION**

d the accompanying documents are only a summary of the
ement, which is set forth in a more detailed legal document
ulation of Settlement." The full Stipulation of Settlement is on
rks of the Courts. For a more detailed statement of the matters
is case, Plaintiffs and the Defendants also refer you to the
d amended complaints in the Actions and to the other papers
ers on file in the Offices of the Clerks of the Courts. You may
locuments at the Offices of the Clerks of the Courts at any time
business hours.

mber has been established, and trained personnel who are
e independent, Court-approved Administrator are available to
estions you might have about the proposed settlement. If you
after reading this Notice, or if you need a large-print version
otice Package, please call **1-800-433-5314.** If you use a
inal for the hearing impaired, please call 1-877-657-8808.

**NOT CALL THE COURTS OR THE CLERKS OF THE**

r 12, 2000

Clerks of the Courts



# APPENDIX

## RELEASE AND WAIVER

(Section XII of the Stipulation of Settlement)

A. Release and Waiver

1. In consideration for the relief set forth in this Agreement, Plaintiffs and all other Releasors (defined below) shall, as of the Final Settlement Date, release, acquit and forever discharge the Releasees (defined below) from any and all past or present Claims and Causes of Action (defined below) that are based upon, related to, or connected with, directly or indirectly, in whole or in part: (a) the allegations, facts or subjects set forth or otherwise raised in *Benacquisto, et al. v. American Express Financial Corporation, et al.*, No. 96-18477, pending before the Minnesota State Court for the County of Hennepin (together with the actions consolidated therewith, also filed in the Minnesota State Court for the County of Hennepin and entitled *Mork, et al. v. IDS Life Insurance Company, et al.*, No. 97-04742, and *Thoresen, et al. v. American Express Financial Corporation, et al.*, No. 98-015681) and/or *Benacquisto, et al. v. American Express Financial Corporation, et al.*, No. 00-1980 DSD/JMM, pending before the United States District Court for the District of Minnesota; or (b) the Released Conduct (defined below).

2. Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors also hereby contractually agree and acknowledge that, unless this settlement is ultimately disapproved, they shall not now or hereafter initiate, participate in, maintain, maintain a right to or assert against the Releasees, or any of them, either directly or indirectly, derivatively, on their own behalf, or on behalf of the Class or the general public or any other person or entity, any Claims and Causes of Actions (defined below) that are based upon, related to, or connected with, directly or indirectly, in whole or in part: (a) the allegations, facts or subjects set forth or otherwise raised in *Benacquisto, et al. v. American Express Financial Corporation, et al.*, No. 96-18477, pending before the Minnesota State Court for the County of Hennepin (together with the actions consolidated therewith, also filed in the Minnesota State Court for the County of Hennepin and entitled *Mork, et al. v. IDS Life Insurance Company, et al.*, No. 97-04742, and *Thoresen, et al. v. American Express Financial Corporation, et al.*, No. 98-015681) and *Benacquisto, et al. v. American Express Financial Corporation, et al.*, No. 00-1980 DSD/JMM, pending before the United States District Court for the District of Minnesota; or (b) that relate in any way to the Released Conduct.

3. Nothing in this Release shall be deemed to alter (i) a Class Member's right to make a claim for contractual benefits that will become payable in the future pursuant to the express written terms of an In Force Policy or In Force Annuity issued by any of Defendants; (ii) a Class Member's right to assert any claim that independently arises from acts, facts or circumstances that occur for the first time after the last day of the Class Period; (iii) a Class Member's right to make a claim for theft or

ement in connection with a Policy or Annuity; (iv) a Class :'s right to assert any claim based on facts arising out of or to the administration or servicing of a Policy or Annuity after its e unless they arise out of or relate to any of the matters described ons XII.B.2.(i)-(xiii) of the Stipulation of Settlement; or (v) a ember's right to assert any claim peculiar to the Class Member ; outside the general categories of claims or conduct described omplaints in the Actions or the Release in this settlement and is n facts that were not discovered and could not with reasonable e been discovered by the Class Member before the deadline to n Election Form set forth in the Stipulation of Settlement.

and all other Class Members, on their own behalf and on behalf ner Releasors, expressly agree that this Release will be, and may d as, a complete defense to, and will preclude any action or ng that relates in any way to, the Released Conduct.

and all other Class Members, on their own behalf and on behalf ner Releasors, expressly understand that certain principles of n as Section 1542 of the Civil Code of the State of California, hat a "general" release does not extend to claims that a creditor know or suspect to exist in his favor at the time of executing the nd which, if known by him, must have materially affected his nt with the debtor. To the extent that these principles of law may be applicable – notwithstanding that the parties have linnesota law to govern the Stipulation of Settlement – Plaintiffs lass Members hereby agree that these principles (including Cal. Section 1542 and all similar federal or state laws, rights, rules, rinciples of any jurisdiction that may be applicable herein) are nowingly and voluntarily waived and relinquished by Plaintiffs Class Members, and Plaintiffs and the Class Members hereby d acknowledge that this is an essential term of both the t Agreement and this Release.

ction with this Release, Plaintiffs and all other Class Members, own behalf and on behalf of all other Releasors, acknowledge are aware that they may hereafter discover claims presently or unsuspected, or facts in addition to or different from those now know or believe to be true with respect to the matters nerein that occurred prior to the last day of the Class Period. ess, subject to paragraph 3 above, it is the intention of Plaintiffs ass Members in executing this Release fully, finally and forever nd release all such matters that exist, hereafter may exist, or e existed (whether or not previously or currently asserted in or proceeding) with respect to their Policies and Annuities.

this Release shall preclude any action to enforce any of the he Settlement Agreement, provided that such action shall be the Minnesota State Court for the County of Hennepin or the es District Court for the District of Minnesota.

nd all other Class Members, on their own behalf and on behalf Releasors, hereby agree and acknowledge that the provisions ease, individually and collectively, constitute an essential and rm of the Settlement Agreement.



9. This Release is the result of a compromise of a disputed claim and shall never at any time be used as evidence of any admission of liability, wrongdoing or damages by the Company.

B. Release and Waiver — Definitions

1. "Claims and Causes of Action" (as used in this Release) means any and all claims for relief (including any federal, exclusively federal, state, or other causes of action, suits, petitions, or demands in law or equity), any and all allegations of liability (including any allegations of debts, obligations, promises, guarantees, damages, awards, or for any equitable, legal and administrative relief), and any and all demands for damages or equitable relief (including any claims for rescission, reformation, restitution or all damages of any kind, including those in excess of actual damages and claims for mental anguish), that have been, could have been, may be or could be asserted in any court action, whether federal, state or otherwise, or before any administrative body (including any brought by or on behalf of any state or local insurance, prosecutorial or other organization), tribunal, arbitration panel, or other adjudicatory body, regardless of whether based on federal, state or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether foreseen or unforeseen, suspected or unsuspected, or fixed or contingent at the time of this Settlement.

2. "Released Conduct" means any and all direct or indirect acts, representations, omissions, suggestions, or communications that are related to or connected in any way with the design, development, marketing, sale, administration, servicing, underwriting, or performance of the Policies or the Annuities, including, without limitation, acts, representations, omissions, suggestions or communications in connection with (i) the explanation, description, marketing, sale, solicitation, illustration or replacement of any Policy or Annuity; (ii) the application for or purchase of any Policy or Annuity; (iii) the suitability of any purchases, sales or replacements of any Policy or Annuity; (iv) the taking of any loans, or the accumulation of any interest or cash values on any Policy or Annuity; (v) the setting, reduction, adjustment, payment, or lack of payment of any interest rates, purchase rates or renewal rates on any Policy or Annuity; (vi) the setting, charging or reducing of any cost of insurance, commissions, incentives, premiums, taxes, fees, mortality and expense fees, charges, contract charges, surrender charges, or expenses on any Policy or Annuity; (vii) the investment choices made with respect to assets held in any Policy or Annuity; (viii) the surrender, lapse, or termination of any Policy or Annuity; (ix) the tax status, tax impact or tax consequences of any Policy or Annuity or any actions or inaction taken with respect thereto; (x) the costs, commissions, terms, or benefits or disadvantages of any Policy or Annuity compared to any other life insurance policy, annuity contract or investment; (xi) the comparison or lack of comparison of any Policy or Annuity to any other product; (xii) the preparation by any financial advisor acting for the Company of any financial plan or the provision of financial or investment advice insofar as it resulted in the sale, modification or maintenance of any Policy or Annuity; (xiii) the effect that a Class Member's election and award of benefits in this Settlement Agreement may have on the value of

any Policy or Annuity; and (xiv) the administration or servicing of any Policy or Annuity after its purchase.

3. "Releasees" means the Company and its past, present and future parents, subsidiaries, affiliates, partners, predecessors, successors and assigns, and each of their respective past, present and future officers, directors, shareholders, employees, general agents, agents, advisors, branch managers, producers, sales representatives, brokers, solicitors, representatives, attorneys, heirs, administrators, executors, insurers, predecessors, successors and assigns, or any of them, including any person or entity acting on behalf of, or at the direction of, any of them.

4. "Releasors" means, to the extent they are not excluded from the Class with respect to a Policy or Annuity, the Plaintiffs and all Class Members, on behalf of themselves and their respective heirs, executors, administrators, successors, assigns, guardians, attorneys, trustees, qualified plans, fiduciaries, plan fiduciaries, plan trustees, plan sponsors, plan participants, plan beneficiaries, and representatives, and on behalf of the Policies' insureds and beneficiaries, the Annuities' annuitants and beneficiaries, and the Policies' and Annuities' nominal and beneficial owners.

# Exhibit F

WEBER & ROSE A Professional Service Corporation

James M. Gary
jgary@weberandrose.com

March 10, 2005

Mr. Philip F. Chromy
Compliance Department
American Express Financial Advisors, Inc.
IDS Life Insurance Company
50031 AXP Financial Center
Minneapolis, MN 55474

RE: Dr. G. Allen West and Barbara Jean West
Policy #: 90906301502 004
IDS Life NAIC #: 65005

Dear Mr. Chromy:

Please be advised that I have been contacted and retained by Dr. and Mrs. G. Allen West concerning the transactions and matters which they, and the Kentucky Office of Insurance, have previously been in contact with you about.

Our review of the transactions indicates that in September of 1998, the Wests (ages 84 and 73 at the time) met with Mr. Steve Pippen, an American Express agent, who advised them to convert an insurance policy with Aegon Insurance Company, and invest its cash surrender value (and other cash) into an IDS Variable Universal Life Insurance policy, with a represented death benefit of over $300,000.00. The Wests had made it clear to Mr. Pippen that they could not afford any significant risks with their investment, in view of their advanced ages. They have now been advised that their death benefit has radically declined to approximately $93,000.00.

The Wests received a letter, dated July 22, 2004, from Jackie Herzog of your office, which advised that their "complaint was subject to a court-approved release of claims as part of the settlement of class action litigation against the company." The Wests have no record of any notification of the referenced class action, or any options that they may have had in connection with the referenced litigation.

Our research reveals that the case of *Thoresen v. American Express Financial Corporation et al* was filed in Hennepin County, Minnesota on October 14, 1998. The Wests were actually advised by Mr. Pippen to invest their life insurance cash value into a life insurance policy with IDS Variable Universal Life (VUL) on December 19, 1999.

The Wests have now spent several months in an attempt to amicably resolve their issues with American Express. They are still intent on trying to resolve this matter

in an informal and amicable fashion, if at all possible. Please refer this letter to your legal counsel, and request that they contact me at their earliest convenience for purposes of discussing a resolution of the Wests claims. Additionally, I would specifically request that you provide a copy of any notice or communication which was arguably sent to the Wests regarding notification of any class action that would conceivably impact their claims.

I look forward to discussing this matter with you or your counsel.

Yours sincerely,

James M. Gary

cc. Dr. and Mrs. G. Allen West