**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

**Civil No. 00-1980 DSD/JMM**

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE CLASS-ACTION SETTLEMENT AS TO CLAIMS OF DR. G. ALLEN AND BARBARA WEST PRESENTED TO THE NASD**

---

## INTRODUCTION

Mr. and Ms. West have no legal or factual basis for opposing Ameriprise's motion to enforce the class-action settlement and enjoin them from arbitrating claims they have already settled. The Wests have no factual basis because they candidly admit that they received class notice, failed to opt out, and received class relief. The Wests have no legal basis because their sole legal support is a "widely cited holding" from a Pennsylvania

state court, which is at odds with controlling Eighth Circuit law and, in any event, has been reversed by the Pennsylvania Supreme Court. Because the Wests can offer no reason to deny it, the Court should grant Ameriprise's motion to Enforce Class-Action Settlement as to Claims of Dr. G. Allen and Barbara West Presented to the NASD.

## I. Claimants Admit that they Received the Class Notice and Class Relief; and Are Therefore Bound by the Court's Final Order and Judgment.

The Wests have no factual basis for opposing Ameriprise's motion. They admit that they received the class notice and class relief. By failing to opt out of the class, the Wests became bound by the terms of the class settlement. *See, e.g., Berardinelli v. Gen. Am. Life Ins. Co. (In re Gen. Am. Life Ins. Co. Sales Practices Litig.*), 357 F.3d 800, 804-05 (8th Cir. 2004). Notwithstanding their arguments to the contrary, the Wests received notice of potential claims and class relief and released all claims, known and unknown, that they had against Ameriprise. Accordingly, they have released the right to bring their current arbitration claims. (*See* Def.'s Mem. in Supp. of Mot. at 7-16.)

Under the clear and unambiguous language of the Final Order and Judgment, the Wests released all claims and causes of action "that have been, could have been, may be or could be asserted . . . regardless of whether foreseen or unforeseen, suspected or unsuspected" in any action. (Ex. 1 to Def.'s Mem. in Supp. of Mot. at ¶ 13.B.1.) Indeed, the Release provided that the Wests might "discover claims presently unknown or unsuspected," but they nonetheless intended to fully release all such claims. (*Id.* at ¶ 13.A.6.) As a matter of law, the Wests' contention that they did not know of their claims until 2003 is of no moment. Equally unpersuasive is their contention that their

Ameriprise advisor misrepresented the amount of guaranteed death benefit available under their Variable Universal Life Policy. (*See* Ex. 2 to Def.'s Mem. in Supp. of Mot. at ¶¶ 12-20.) The Class Notice specifically notified the Wests that such claims were resolved by the class-action settlement. (*See* Ex. 4 to Def.'s Mem. in Supp. of Mot. at 23 (advising the Wests that under the terms of the settlement they were releasing all claims relating to misrepresentations relating to the purchase of the VUL policy).) As noted by the Eighth Circuit Court of Appeals, "[t]here is no doubt that a person, as a matter of contract, may release, in exchange for consideration she deems adequate, claims existing at the time but not known to her." *Berardinelli*, 357 F.3d at 804. Claimants' current arbitration claims have been released.

## II. The Wests' Sole Legal Support Contradicts Eighth Circuit Law and has been Reversed by the Pennsylvania Supreme Court.

The Wests have no legal basis for opposing Ameriprise's motion. In both of their response briefs, the Wests extol the virtues of the "widely cited holding" of *Wilkes v. Phoenix Home Life Mutual Insurance Co.*, 851 A.2d 204 (Pa. Super. Ct. 2004).[1] (*See* West Resp. at 6-7; West Supplemental Resp. at 5.) The Wests advance the case for the proposition

---

[1] In their responses, the Wests misidentify the court as being the Pennsylvania Supreme Court. (Resp. at 6; Supplemental Resp. at 5.) The proper court is the Pennsylvania Superior Court, an intermediate appellate court. This misidentification is notable because, as shown below, the Pennsylvania Supreme Court reversed the case, which is the Wests' sole support for invalidating their class release. Ameriprise assumes that the misidentification was inadvertent because the Pennsylvania Supreme Court had not reversed the intermediate appellate court when the first response was filed. Ameriprise can offer no explanation, however, for why the Wests continued to rely on *Wilkes* when they submitted their supplemental response, which was a week after the case was reversed.

that a class member cannot release unknown claims if the underlying claims are unknown at the time of the class settlement. Although Ameriprise disputes that any claims the Wests may have were unknown or in any way analogous to those present in *Wilkes*, the Wests cannot avoid the simple fact that Pennsylvania's intermediate appellate court does not invalidate clear controlling law from the Eighth Circuit. Indeed, the Wests acknowledge the controlling nature of *Berardinelli* and offer no real basis for it to be overruled. (Resp. at 7.) The Eighth Circuit law must therefore be applied to this case. As noted above, the Eighth Circuit has already held that a class member may release allegedly unknown claims in a class settlement. *Berardinelli*, 357 F.3d at 804. Therefore, even if the Wests can be deemed to have had unknown claims at the time of the class settlement, they validly released them when they chose to remain class members.

Even if the Court chooses to ignore the Eighth Circuit, the sole case relied on by the Wests was recently reversed by the Pennsylvania Supreme Court. *See Wilkes v. Phoenix Home Life Mut. Ins. Co.*, Nos. 11 & 12 WAP 2005, 2006 WL 1994824 (Pa. July 18, 2006). The Pennsylvania Supreme Court roundly rejected the logic advanced by the Wests and confirmed that class members are put on notice that their rights (including allegedly unknown claims) may be affected and class members must perform their own inquiry into whether opting out of the class is in their best interests:

> The proverbial ball was then in appellees' court, to make an assessment of their own individual circumstance, *i.e.*, to determine whether the class action adequately protected their interest. Notice is only the first step: the follow-up is generally a matter of individual responsibility.

*Wilkes*, 2006 WL 1994824 at *15. The Pennsylvania Supreme Court (and controlling Eighth Circuit law) has invalidated the sole legal basis advanced by the Wests for avoiding their obligations under the class settlement. The Court should grant Ameriprise's motion to enforce the class settlement and bar the Wests' claims before the NASD.

**III. There is No Basis for Discovery.**

As a final and misguided attempt to avoid—or at least delay—enforcement of the class-action settlement, the Wests suggest that they be allowed discovery to determine whether there is a signed Uniform Submission Agreement between the parties. There is no such document and discovery would be a waste of time. The Wests submitted a Uniform Submission Agreement along with their statement of claim to the NASD. (Ex. A.) Ameriprise did not sign the agreement. Instead, Ameriprise filed a motion to stay NASD proceedings pending the outcome of the current motion to enforce the class settlement. (Ex. B.) To be clear, Ameriprise in no way consented to NASD jurisdiction as discussed by the Court in *Covert*. *See Benacquisto v. Am. Express Fin. Corp.*, 373 F. Supp. 2d 966, 969 (D. Minn. 2005). Indeed, Ameriprise submitted a motion to stay the NASD proceedings in lieu of a Uniform Submission Agreement. Ameriprise has not consented to the jurisdiction of the NASD and there is no basis to allow any discovery or delay these proceedings any further.

## CONCLUSION

For all of the reasons set forth above, Ameriprise respectfully requests that the Court grant its motion to enforce the class-action settlement.

Respectfully submitted,

Dated: August 2, 2006

FAEGRE & BENSON LLP

s/Michael F. Cockson
Michael F. Cockson (#280549)
Fiona B. Ruthven (#333761)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone No. (612) 766-7000
Facsimile No. (612) 766-1600
**ATTORNEYS FOR DEFENDANTS**

M2:20809847.03