UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1980(DSD/JMM)

Lesa Benacquisto, Daniel Benacquisto, Richard Thoresen, Elizabeth Thoresen, Arnold Mork, Isabella Mork, Ronald Melchert and Susan Melchert, on behalf of themselves and all others similarly situated,

Plaintiffs,

v. **ORDER**

American Express Financial Corporation, American Express Financial Advisors, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, IDS Life Insurance Company and IDS Life Insurance Company of New York,

Defendants.

This matter is before the court upon the motion of defendant Ameriprise Financial Services, Inc., to enforce a class action settlement as to claims of Dr. G. Allen and Barbara West. For the reasons that follow, the court grants defendant's motion.

**BACKGROUND**

On May 15, 2001, the court issued an order certifying the class, approving the proposed class settlement ("Benacquisto

settlement"), dismissing the complaint and entering final judgment in this consolidated class action.[1] Barbara West was an unnamed class member in that action. Claimant Dr. G. Allen West is her husband. Through the class settlement and in exchange for the release of all claims, Mrs. West and other class members received general relief in the form of free accidental death benefit insurance.

On April 24, 2006, the Wests submitted an arbitration claim to the National Association of Securities Dealers ("NASD"), seeking relief from Ameriprise Financial Services, Inc. ("Ameriprise"), and IDS Life Insurance Company, defendants in the underlying matter. (See Lake Decl. Ex. 2.) The Wests seek recovery of damages for losses sustained as a result of alleged misrepresentations made to them when they purchased an insurance policy from Ameriprise in January of 1999.

[1] The Fourth Judicial District Court of the State of Minnesota and this court had previously issued a joint order consolidating several related actions and preliminarily certifying a class of plaintiffs. The claims in those actions focused on the alleged unsuitability of certain life insurance policies and deferred annuity plans issued by defendants Ameriprise Financial, Inc., formerly known as American Express Financial Corporation, Ameriprise Financial Services, Inc., formerly known as American Express Financial Advisors, Inc., American Centurion Life Insurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, IDS Life Insurance Company, and IDS Life Insurance Company of New York.

Ameriprise now moves the court to bar arbitration of the Wests' claims, arguing that they relate to policies and annuities covered by the Benaquisto class settlement.

**DISCUSSION**

In its final order, the court permanently enjoined class members who did not opt out of the settlement from bringing any subsequent action based on the policies and annuities that were the subject of the litigation. (Order of May 15, 2001 ¶ 14.) The court also expressly retained jurisdiction over "all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and [the] Order and Judgment." (Id. ¶ 19.) The court specifically reserved jurisdiction to determine whether subsequent claims were barred by the order. (Id. ¶ 19(a).) The court possesses the authority to issue injunctions to enforce its final orders. Thompson v. Edward D. Jones & Co., 992 F.2d 187, 189 (8th Cir. 1993).

It is undisputed that the Wests' claims are covered by the underlying settlement agreement in this case. However, the Wests challenge the adequacy of the notice of settlement. They argue that the notice they received in November of 2000 was inadequate because they had no knowledge or understanding of any loss associated with their policy at the time. Ameriprise responds that the Wests had adequate notice that the settlement resolved all

known and unknown claims relating to the purchase of their policy. The court agrees. The notice to class members described the released conduct, which included claims unknown or unsuspected at that time. (See Lake Decl. Ex. 2, App. to Notice of Class Action, ¶ 6.) Moreover, it is entirely appropriate to include in a class action settlement a waiver of claims existing at the time but not yet known to all class members. See In re Gen. Am. Life Ins. Co. Sales Practices Litig., 357 F.3d 800, 804 (8th Cir. 2004).

The Wests also argue that Ameriprise may be bound to an agreement to arbitrate their claims, but they have not identified or produced any such agreement. Finally, the Wests request that the court refrain from ruling on defendant's motion until discovery for their arbitration claims is complete. However, the Wests fail to explain how discovery would resolve the instant issues, and the court finds that such a delay is not warranted.

For these reasons, the court rejects the Wests' arguments in opposition to Ameriprise's motion and finds that the Benacquisto settlement bars the Wests' claims before the NASD.

## CONCLUSION

Accordingly, based upon a review of the file, record and proceedings herein, **IT IS HEREBY ORDERED** that:

1. For good cause shown, claimants' motion for extension of time to file response [Doc. No. 253] is granted.

2. Defendant's motion to enforce the class action settlement as to claims of Dr. G. Allen and Barbara West before the NASD [Doc. No. 228] is granted.

3. In accordance with the court's final order and permanent injunction dated May 15, 2001, Dr. G. Allen and Barbara West are permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding based on or relating to the claims and causes of action, or the facts and circumstances relating to the claims and causes of action, or the facts and circumstances relating thereto in Benacquisto et al. v. American Express Financial Corp. et al., Civil No. 00-1980 (DSD/JMM), or in the actions consolidated in Benacquisto, et al. v. American Express Financial Corp., et al., No. 96-18477, presented to the Fourth Judicial District Court of the State of Minnesota; and claims relating to any life insurance policy or variable annuity products covered therein.

Dated: August 9, 2006

s/David S. Doty
David S. Doty, Judge
United States District Court