**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK

Defendants.

**Civil No. 00-1980 DSD/JMM**

**MEMORANDUM IN SUPPORT OF DR. G. ALLEN WEST and BARBARA WEST (“Claimants”) MOTION TO ALTER, AMEND OR VACATE THE COURT’S ORDER OF AUGUST 9, 2006**

---

The Claimants, Dr. G. Allen West and Barbara West (“the Wests”), by counsel, respectfully tender this Memorandum of law and facts in support of their Motion to Alter, Amend or Vacate the Court’s Order of August 9, 2006 (“Order”), herein, whereby the Court granted the Defendant, Ameriprise Financial Services, Inc.’s (“Ameriprise”) motion to enforce class action settlement as to the claims of the Wests. The Court’s Order also permanently barred

and enjoined the Wests from filing, commencing, prosecuting, maintaining, intervening in, participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding based on or relating to the claims and causes of action in Benacquisto et al. v. American Express Financial Corp., et al., Civil No. 00-1980 (DSD/JMM), presented to the Fourth Judicial District Court of the State of Minnesota.

The Court's Order, as it stands, would clearly require the Wests to abandon and dismiss the claim for arbitration they have filed before the National Association of Securities Dealers, Inc. (NASD Case No. 06-00952). The Wests, by counsel, respectfully request this Court to reconsider, and alter, amend or vacate its Order, on the grounds that the Order and its supporting opinion have failed to consider and account for a key issue of fact which has been raised and established by the Wests, namely, that the Wests had no existing claim on the date that the Class Action Settlement Agreement was entered into, or on the date that they received notice of the filing of the subject Class Action. The Wests respectfully submit that this key fact, and all relevant case law, requires the reconsideration and vacating of the Court's Order, and entry of an order allowing the Wests to proceed with their arbitration filed before the NASD.

**FACTS**

On May 30, 2006, the Defendant, Ameriprise, filed its Motion to Enforce Class Action Settlement as to the Wests, which sought, *inter alia*, to enjoin them from proceeding with their arbitration claim against Ameriprise and IDS Life Insurance Company. The Wests, who reside in Louisville, Kentucky, had filed their arbitration claim before the NASD on or about February 24, 2006. Ameriprise's Motion broadly referenced the Class Action Settlement Agreement herein, and referenced a number of attached exhibits, including an original Notice of Class Action served

on the Wests. Reference was also made to a Notice of General Relief (*See*, Declaration of Amy L. Lake) that was ostensibly mailed to the Wests; however, no copy of any such notice was attached as an exhibit.

On July 12, 2006, the Wests filed their Response in opposition to Ameriprise's motion. In this Response, the Wests argued that they had no cognizable injury or loss in connection with the services provided to them by Ameriprise, or the IDS Life Insurance Company policy, on either (a.) the date they received notice of the Class Action (November, 2000), or (b.) the date of the Class Action Settlement on September 18, 2000. Attached to this Response were the affidavits of Dr. G. Allen West and Barbara West. Both affidavits established that they never had any knowledge or understanding of any loss until July 26, 2003, when they received an IDS statement which first advised that the death benefit of their policy had suddenly plummeted from $235,000.00 to $93,000.00.

The affidavits filed by the Wests did not simply establish their lack of *awareness* of any loss, damage or injury prior to September 18, 2000. These affidavits established that there *had been no underlying loss, damage or injury* prior to September 18, 2000. The IDS statement received on July 26, 2003 established the date on which their loss came into being (minimally, between the date of that statement and the prior statement). There are no facts before this Court which would establish or indicate that the Wests ever had an *actual loss* on or before September 18, 2000. Ameriprise has never filed or tendered any document, statement, accounting or evidence to refute this claim.

On July 25, 2006, the Wests filed their Supplemental Response in opposition to Ameriprise's motion. Attached to this Supplemental Response were exhibits, including an

envelope and its contents, which had been mailed to the Wests on August 10, 2005, from "IDS Life Class Action Information Center" in Faribault, Minnesota. The Wests had actually reminded their counsel of this envelope following their review of the original Response filed on their behalf. The contents of the envelope referenced a "benefit" which had been conferred on the Wests, in connection with the Class Action, and which had expired two (2) years prior to its receipt by the Wests. The Supplemental Response also argued that Ameriprise is a member of the NASD, and that the NASD *Code of Arbitration Procedure* provides that claims against members, and associated persons, must be arbitrated at the demand of the customer, or another member firm, and that this "client agreement for arbitration" between Ameriprise and the Wests (of September, 1998 and/or January, 1999) predated the Class Action Settlement.

On August 2, 2006, Ameriprise filed its Reply Memorandum, which argued that (a.) the Wests had admitted that they had received *both* the Class Notice and Class Relief, (b.) that the fact that the Wests did not know of any claim until 2003 is of no moment, and (c.) that the legal authority they had cited and relied upon contradicts Eighth Circuit law and has been reversed by the Pennsylvania Supreme Court. As outlined below, the Wests strenuously argue that each of these arguments is either misleading, unsupported, inaccurate, and/or without merit.

On August 9, 2006, the Court entered its Order herein which granted Ameriprise's motion to enforce Class Action Settlement. In so ruling, the Court noted that "the notice to class members described the released conduct, which included claims known or unsuspected at that time. (See Lake Decl. Ex. 2, App. to Notice of Class Action, ¶ 6). Moreover, it is entirely appropriate to include in a class action settlement a waiver of claims existing at the time but not yet known to all class members. See, *In Re Gen. Am. Life Ins. Co. Sales Practices Litig.*, 357

F.3d 800, 804 (8th Cir. 2004)" (*See, Court's Order, p. 4)*. As outlined below, the Wests respectfully assert that the key distinction in the authority cited by the Court in its Order, and the underlying facts involving the Wests, is that the Wests did not have a claim "existing at the time" of the class action notice (and simply unknown to them). To the contrary, the Wests had no claim at the time of notice (to be distinguished from ignorance of an existing claim), and therefore should not be bound by the terms of the Class Action Settlement.

## ARGUMENT

In its Reply Memorandum, Ameriprise heavily relied and focused on the holding in *Berardinelli v. Gen. Am. Life Ins. Co. (In re Gen. Am. Life Ins. Co. Sale Practices Litig.)*, 357 F.3d 800 (8th Cir. 2004). The Court has also referenced and cited this case in its Order.

In its arguments, Ameriprise has failed to examine the rule of contract law which *Berardinelli* relies upon. In that case, the court found that the plaintiff had received proper notice of the class action and the related claims, could have opted out upon researching its claim(s), and simply failed to do so. The plaintiff had argued that she had not discovered the injury at the time of settlement, and the court rejected this argument. In so doing, the court noted:

> "This is the kind of argument designed to be encompassed by the provisions of the settlement agreement releasing claims unknown as well as those known to her. There is no doubt that a person, as a matter of contract, may release, in exchange for consideration she deems adequate, **claims existing at the time** but not known to her. This is simply part of the bargain." Id. at p. 804 (emphasis added).

This analysis of contract law completely distinguishes the facts underlying the Wests claim from those of the plaintiff in *Berardinelli*. In the present claim, there was no injury or claim in existence at the time the Class Action was certified, or at the time of the Class Action Settlement. Rather, the Wests' injury and claim arose some two years after the Class Action

Settlement. In short, the Wests could not release something which did not exist. The Wests should therefore not be enjoined from proceeding with their present claim before the NASD.

In their original Response, the Wests argued the holding in the case of *Wilkes v. Phoenix Home Life Mutual Ins. Co.*, 851 A2d. 204 (Pa. Supre. Ct. 2004). In its Reply, Ameriprise attacked this case and its holding, noting that "Pennsylvania's intermediate appellate court does not invalidate clear controlling law from the Eighth Circuit" (*Reply Brief, p. 4)*. Ameriprise also noted that the Pennsylvania Supreme Court had reversed the *Wilkes* decision, and in so doing had "roundly rejected the logic advanced by the Wests" (*Reply Brief, p. 4*). This argument is misleading and inaccurate.

The Wests acknowledge that the Pennsylvania Supreme Court just recently reversed the *Wilkes* decision (on or about July 18, 2006, or about a week after the Wests filed their Response) in an unpublished, unreported opinion available through Westlaw at 2006 WL 1994824, or through 2006 Pa. LEXIS 1275. However, the former (reversed) opinion found that plaintiffs did not have necessary information at the time of the class opt out to decide whether to stay in or opt out of the class action and, therefore, were not bound by the class action settlement. *See, Wilkes, Id.* at 2006 Pa LEXIS 1275, pg. 20. The latter, reversing opinion by the state supreme court found that the plaintiff actually did have the necessary information to determine whether to opt out and chose not to do so. Therefore, the reversal was premised on the underlying facts in the case, and held that even though plaintiffs were unaware of the extent to which they would be defrauded, there was "ample evidence" in front of them that the fraud was already occurring at the time they could opt out. In so ruling, the Pennsylvania Supreme Court stated:

"While it is true at the time the [plaintiffs] had to decide whether or not to opt out of the

> class action they were unaware of the extent to which they might be defrauded in the future, they had ample evidence that their policy was not operating as advertised at the time the class action notice arrived. Thus, even assuming that *Amchem Products* would support a holding that class notice is deficient where it does not provide class members with sufficient information to determine whether they share in the injury alleged to have been caused by the defendant, it is of no avail to appellees here because they were given multiple indications that they had suffered the type of injury that was covered by the class action". *Id*. at p. 20 (emphasis added).

Contrary to Ameriprise's argument, it is respectfully submitted that the Pennsylvania Supreme Court has not "roundly rejected the logic advanced by the Wests". In fact, the opinion of the reversing court does not even address the Wests' situation. The *Wilkes* plaintiffs are distinguished from the Wests in that they had plenty of information, or "ample evidence", in front of them to determine that something was wrong with their policy at the point when they received notice of the class action. The Wests had absolutely no evidence of any fraud, breach, negligence or wrongdoing at the time of the class action notice, since their injury and loss had yet to occur. It simply was not there to discover. They had invested in a policy with a death benefit, and there had been no loss or diminution in that benefit on the date of notice of the class action, or on the date of the class action settlement. Their respective affidavits are very straightforward on this issue, and are uncontroverted.

The Pennsylvania Supreme Court also made reference to *Amchem Products, Inc. v. Windsor*, 521 U. S. 591 (1997). In *Amchem Products*, the United States Supreme Court cautioned against class actions dealing with class members who do not have a cognizable injury. In *Amchem*, the Court held that a "sprawling" class was too diverse to be properly certified as a class. That class settlement attempted to resolve all claims of persons exposed to asbestos, including persons who did not have manifest injury at the time of the settlement. The Court

overturned certification on predominance grounds, but also cautioned that there may be serious constitutional concerns over whether an "exposure only" claimant can ever receive adequate notice, particularly when they have no reason to believe they are injured. The *Amchem Products* case was referenced by the Wests in their Response Memorandum.

Finally, Ameriprise has claimed that the Wests have admitted "that they received the class notice and the class relief". This is not accurate. The West clearly stated that they did in fact receive the original class notice. They also stated in their respective affidavits that there was no injury or claim in existence on the date that they received their class notice, and that they therefore had no notice of same. They even contacted their local American Express office to inquire about the notice (due diligence). The Wests have also stated (in their Supplemental Response) that they did not receive any writing or notice of any class relief until August 10, 2005. This envelope was obviously mailed in response to their counsel's letters to Ameriprise in connection with their underlying claim. The contents of this envelope were copied and submitted as exhibits to their Supplemental Response filed herein. As noted in the Supplemental Response, that mailing contained references to an accidental death policy which had expired approximately two (2) years prior to their receipt of same. Once again, the Wests submit that this cannot somehow constitute "class relief".

## CONCLUSION

For all of the foregoing reasons, the claimants, Dr. G. Allen West and Barbara West, by counsel, respectfully request the Court to reconsider its Order of August 9, 2006, and to alter, amend or vacate said Order, and to deny the motion of Ameriprise to enforce class action settlement, thereby allowing the Wests to proceed with their arbitration claim before the NASD

against both Ameriprise, IDS Life Insurance Company and their agent(s). The Wests, by their counsel, would incorporate by reference all facts, arguments, legal authorities and exhibits previously filed on their behalf herein in their Response, and Supplemental Response, to the Ameriprise motion.

The above-referenced evidence tendered by the Wests herein establishes that they had suffered no injury, and had no claim, on the date of notice of class action, or the date of the Class Action Settlement. No controverting evidence has been tendered by Ameriprise. Should the Court vacate its Order, discovery could proceed in the arbitration filed before the NASD. The parties would then have ample opportunity to examine any and all evidence that could conceivably refute the Wests' claim and sincere belief that no injury existed on the critical dates.

Respectfully submitted,

Dated: August 19, 2006

s/James M. Gary
James M. Gary, Esq.
Weber & Rose, P.S.C.
2400 Aegon Center
400 W. Market Street
Louisville, Kentucky 40202
Telephone No. (502) 589-2200
Facsimile No. (502) 589-3400

Robert S. Halagan, Esq. (# 0136402)
Halagan Law Firm, Ltd.
101 Courthouse Square
15 Second Street NW
Buffalo, MN 55313
Telephone No. (763) 682-8975
Facsimile No. (763) 682-6793

*Counsel for Dr. G. Allen West and Barbara West*