**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

**Civil No. 00-1980 DSD/JMM**

**MEMORANDUM OF LAW IN OPPOSITION TO DR. G. ALLEN WEST AND BARBARA WEST'S MOTION TO ALTER, AMEND OR VACATE THE COURT'S ORDER OF AUGUST 9, 2006**

---

## INTRODUCTION

On May 30, 2006, Defendant Ameriprise Financial Services, Inc. f/k/a American Express Financial Advisors, Inc. ("Ameriprise") filed a motion in this Court seeking an Order enforcing the class-action settlement in this case and barring class members Dr. G. Allen and Barbara West ("Claimants") from proceeding with the arbitration of any claims released in accordance with the settlement. On August 9, 2006, the Court granted

Ameriprise's motion and enjoined Claimants from proceeding with the arbitration of their released claims. Ten days later, Claimants filed what amounts to a motion for reconsideration of the Court's August 9 Order. Claimants seek reconsideration of the August 9 Order pursuant to Rules 59 and 60(b) of the Federal Rules of Civil Procedure. (*See* Pls.' Mot. to Alter, Amend, or Vacate the Court's Order of August 9, 2006 at 1-2, Docket # 263.) Neither Rule, however, allows the relief that Claimants currently seek because they have failed to show manifest error sufficient to justify any amendment of the Order.

## ARGUMENT

### I. Claimants Failed to Follow the Local Rules in Seeking Relief from the Court's August 9 Order.

Local Rule 7.1(g) provides that "[m]otions to reconsider are <u>prohibited</u> except by express permission of the Court, which may be granted only upon a showing of compelling circumstances." D. Minn. R. Civ. P. 7.1(g). To request permission, a party must submit a letter to the Court requesting leave to file such a motion. *Id.* Here, Claimants did not follow this procedure. Accordingly, their motion to reconsider should be denied.

### II. Claimants Have Failed to Show Compelling Circumstances Justifying Leave to File a Motion for Reconsideration.

Even if the Court were to forgive Claimants' failure to adhere to the Local Rules, Claimants' motion should be denied for the simple reason that Claimants have not shown

any valid basis for reconsideration of the Order.[1] As the Eighth Circuit has recognized, "Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care v. P.T.-O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quotations omitted). Claimants do not contend that they have any newly discovered evidence to present to the Court. (Pl.'s Mem. at 2.) Claimants have made no showing that the August 9 Order contains any "manifest error of law" that would justify any alteration or amendment nor have they presented newly discovered evidence. Mere disagreement with a result is not sufficient to show a "manifest error" in the context of a motion for reconsideration. *Oto v. Metro. Life Ins. Co.*, 224F.3d 601, 606 (7th Cir. 2000) (defining manifest error as the "'wholesale disregard, misapplication, or failure to recognize controlling precedent'") (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 2000)). As this Court has recognized, motions for reconsideration are "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in <u>extraordinary circumstances</u>." *Dale & Selby Superette & Deli v. United States Dep.'t of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993) (emphasis added). There are no such extraordinary

---

[1] Claimants also seek relief under Rule 60(b). The Eighth Circuit has held that Rule 59(e), rather than Rule 60(b), applies when a motion for reconsideration is made in response to a final order. *Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000). Because Claimants have failed to make any new arguments, raise any new facts, or new law, any motion under Rule 60(b) would necessarily fail. *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980) ("The Rule 60(b) motion failed to present reasons not previously presented and considered by the court in its decision to dismiss. This alone is a controlling factor against granting relief.").

circumstances here. Claimants' motion to amend is nothing more than a reiteration of the arguments that they presented in their oppositions to Ameriprise's motion to enforce the class-action settlement. As such, it should be denied.

Claimants' core argument is that the Court "failed to consider and account for a key issue of fact" that Claimants fully and clearly raised in their prior submissions to this Court. In their current motion, Claimants reiterate the argument that they had no claim at the time of the class-settlement, so they could not have released it. (*Compare* Pls.' Mem. at 5 ("[Claimants] respectfully assert that the key distinction in the authority cited by the Court in its Order, and the underlying facts involving [Claimants], is that [Claimants] did not have a claim 'existing at the time' of the class action notice (and simply unknown to them).") *with* Pls.'s Resp. to Defs.' Mot. at 5-7 (setting forth Claimants' argument that they did not have an injury or claim at the time of the class notice and, accordingly, did not release their current claims against Ameriprise).) More specifically, Claimants argue that they "had absolutely no evidence of any fraud, breach, negligence or wrongdoing at the time of the class action notice" and, accordingly, did not know they should opt out in order to preserve their claims. (Pls.' Mem. at 5.) This is simply not true. The very receipt of class notice put Claimants on notice that they had claims against Ameriprise. *See In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 521 (D.N.J. 1997) ("Even if a policyholder was not aware prior to receiving the Class Notice that he or she had been injured, the policyholder now knows about his or her injuries by virtue of the Class Notice."). Accordingly, upon receipt of the class notice, Claimants needed to confirm that they were content with the terms of the class settlement and were otherwise

content with the terms of their Policy. The notice expressly informed Claimants that they could not rely upon certain oral representations made contemporaneously with the contract (i.e., that the Policy would have a guaranteed death benefit).[2] (*See* Ex. 4 § E.3.2 (describing claims encompassed by settlement and including claims "that a variable Annuity's account value would, at the time of death, always exceed the purchase payments . . . . ").). Claimants were on notice of their current claims no later than the day they received the Class Notice.

Contrary to Claimants' contention, this is not a case in which Claimants were injured by conduct that occurred after the Class Period. *Cf. Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 628 (1997) (recognizing limits on ability of class-action settlement to release claims related to future personal injuries). Unlike the unnamed class members in *Amchem*, who could not know at the time of the settlement whether they were injured, Claimants here knew at the time of the settlement whether they had been injured. The injury as alleged in the class action was the purchase of an insurance policy that that may not have been as it was represented to Claimants. *See In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 512 n. 45 (D.N.J. 1997) ("[T]he class members . . . have already suffered injury by the purchase of a product that was misrepresented.") *aff'd by* 148 F.3d 283 (3d. Cir. 1998). Claimants knew of any injury and potential claim when they received the Class Notice. If they did not want to be bound by the class-action settlement, then they should have opted out. Because they did

---

[2] Claimants admit receipt of the class notice. (*See* Pls.' Mem. at 8.)

not opt out, they are bound to the terms of the settlement and have expressly released the claims they seek to raise in their arbitration. *Berardinelli v. Gen. Am. Life Ins. Co. (In re Gen. Am. Life Ins. Co. Sales Practices Litig.*), 357 F.3d 800, 804-05 (8th Cir. 2004).

In a case involving nearly identical facts (and interpreting a nearly identical release), the United States District Court for the Middle District of Georgia held that class members in a previously settled class-action do not retain the right to raise misrepresentation-based claims related to their payment of higher insurance premiums even when the premium increase took place only after the settlement of the class action. *Adams v. S. Farm Bureau Life Ins. Co.*, 417 F. Supp.2d 1373, 1381 (M.D. Ga. 2006). The court held that such claims had been extinguished by the class-action settlement because "[a]ll of the allegedly tortious conduct giving rise to those claims, including claims of misrepresentations and omissions regarding the sale, terms, operation and future performance of the policies, occurred prior to the class action settlement, at or about the time the . . . policies were purchased . . . ." *Id.* Here, as in *Adams*, Claimants' purported post-settlement claims rest squarely upon allegations that their Ameriprise advisor made misrepresentations that induced them to purchase the Policy. Accordingly, they were released under the terms of the Court's Final Order and Judgment. (*See* Ex. 1 to Def.'s Opening Mem. ¶ 13.A.2, .B.2 (whereby class members released all claims and causes of action relating to "Released Conduct," which included representations and omissions "in connection with (i) the explanation, description . . . sale, solicitation, illustration . . . of any Policy"). Claimants may not relitigate these claims before the NASD.

## Conclusion

For the reasons set forth above, Ameriprise respectfully requests that the Court deny Claimants' Motion to Alter, Amend, or Vacate the Court's Order of August 9, 2006.

Respectfully submitted,

Dated: August 29, 2006

FAEGRE & BENSON LLP

s/Fiona B. Ruthven

Michael F. Cockson (#280549)
Fiona B. Ruthven (#333761)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone No. (612) 766-7000
Facsimile No. (612) 766-1600

**ATTORNEYS FOR DEFENDANTS**

M2:20820785.03