**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

**Civil No. 00-1980 DSD/JMM**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE CLASS-ACTION SETTLEMENT AS TO CLAIMS OF LEO J. HERZING RAISED IN THE COURT OF COMMON PLEAS, MCKEAN COUNTY, PENNSYLVANIA**

---

## INTRODUCTION

Leo J. Herzing ("Mr. Herzing") filed suit in the Court of Common Pleas in McKean County, Pennsylvania (the "Court of Common Pleas") and seeks to litigate claims that he already released under the class-action settlement in this case. Indeed, under the settlement, Mr. Herzing already received relief for these claims. Because the Court has specifically barred the double recovery that Mr. Herzing now seeks, the Court

should enjoin Mr. Herzing from litigating his current claims, which were previously resolved and released pursuant to the terms of the class-action settlement agreement approved and ordered by this Court.

## FACTS

### The Final Judgment and Order Included a Broad Release of Claims Relating to the Policy.

By way of its current motion, Defendant Ameriprise Financial Services, Inc., formerly known as American Express Financial Advisors, Inc., IDS Life Insurance Company and Jeffrey L. Davis (collectively "Ameriprise") seek to enforce the terms of a class-action settlement that were approved by this Court in 2001 (Ex. 1 (hereinafter "Final Order and Judgment").) Mr. Herzing was a member of the class that settled their claims and are subject to the Final Order and Judgment. Nonetheless, he has submitted a Statement of Claim to the NASD and seeks to litigate claims against Ameriprise that are barred by the Court's Order. (Ex. 2.) Because the Final Order and Judgment forbids Mr. Herzing from raising the claims asserted in his Complaint, Ameriprise respectfully requests that the Court enter an order enforcing the class-action settlement and barring Mr. Herzing from proceeding in any court with any and all claims against Ameriprise that were previously released.

In 2000, Plaintiffs filed the Complaint in this federal-court action, asserting numerous claims related to the marketing, sale, servicing and administration of certain cash-value insurance policies sold and serviced by numerous Defendants, including

Ameriprise.[1] (Docket # 1.) Less than a month later, the parties submitted a Stipulation of Settlement with exhibits to the Court. (Ex. 3 (hereinafter "Settlement Agreement").) After notifying the class, the Court entered the Final Order and Judgment, which certified the class, approved the settlement terms proposed by the parties in the Settlement Agreement, and dismissed with prejudice the claims of the class members. (*Id.*)

The Final Order and Judgment permanently barred and enjoined Class Members like Mr. Herzing from commencing any other lawsuit, arbitration, or administrative, regulatory or other proceeding in any jurisdiction relating to any claims released pursuant to the terms of the Settlement Agreement. (*See id.* at ¶ 14.) The Court "expressly retain[ed] jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Order and Judgment . . . ." (*Id.* at ¶ 15.) Pursuant to the Final Order and Judgment, all class members who failed to opt out of the class thereby agreed to a broad release wherein they released a wide variety of claims related to the Policies that were at issue in the class action.

The Final Order and Judgment provides that Plaintiffs and all other members of the certified class agree and acknowledge that they:

> shall not now or hereafter initiate, participate in, maintain a right to or assert against the Releasees, or any of them, either directly or indirectly,

---

[1] Under the terms of the Settlement Agreement "'Policy' or 'Policies' means a cash value life insurance policy or policies issued by any of the Defendants pursuant to an individual sale in the United States, including its territories and commonwealths, during the Class Period." (Ex. 3 § II.60.)

derivatively, on their own behalf, or on behalf of the Class or the general public or any other person or entity, any Claims and Causes of Actions (defined below) that are based upon, related to, or connected with, directly or indirectly, in whole or in part:

> (a) the allegations, facts or subjects set forth or otherwise raised in Benacquisto, et al. v. American Express Financial Corporation, et al., No. 96-18477, pending before the Minnesota State Court for the County of Hennepin (together with the actions consolidated therewith, also filed in the Minnesota State Court for the County of Hennepin and entitled Monk, et al. v. IDS Life Insurance Company, et al., No. 97-04742, and Thoresen, et al. v. American Express Financial Corporation, et al., No. 98-015681) and/or Benacquisto, et al. v. American Express Financial Corporation, et al., No. 00-1980 DSD/JMM, pending before the United States District Court for the District of Minnesota; or
>
> (b) that relate in any way to the Released Conduct.

(*Id.* at ¶ 13(A)(2)(emphasis added).)

The "Released Conduct" includes:

any and all direct or indirect acts, representations, omissions, suggestions, or communications that are related to or connected in any way with the design, development, marketing, sale, administration, servicing, underwriting, or performance of the Policies . . . including, without limitation, acts, representations, omissions, suggestions or communications in connection with

(i) the explanation, description, marketing, sale, solicitation, illustration or replacement of any Policy . . .

(ii) the application for or purchase of any Policy . . .

(iii) the suitability of any purchases, sales, or replacements of any Policy . . .

(iv) the taking of any loans, or the accumulation of any interest or cash values on any Policy . . .

* * * *

(vi) the setting, charging or reducing of any cost of insurance, commissions, incentives, premiums, taxes, fees, mortality and expense fees, charges, contract charges, surrender charges, or expenses on any Policy . . . ;

(vii) the investment choices made with respect to assets held in any Policy. . . ;

* * * *

(x) the costs, commission, terms, or benefits or disadvantages of any Policy . . . compared to any other life insurance policy, annuity contract, or investment;

(xi) the comparison or lack of comparison of any Policy . . . to any other product;

(xii) the preparation by any financial advisor acting for the Company of any financial plan or the provision of financial or investment advice insofar as it resulted in the sale, modification or maintenance of any Policy . . . and . . .

* * * *

(xiv) the administration or servicing of any Policy . . . after its purchase.

(*Id.* at ¶ 13(B)(2) (reformatted from original).)

**Mr. Herzing Chooses to Receive Relief as Class Members Under the Final Order and Judgment.**

In September 1992, Mr. Herzing purchased a Variable Universal Life Insurance policy from Ameriprise (the "Policy"). (*See* Ex. 2 ¶ 4.) Six years later, in September 1998, Mr. Herzing purchased a deferred annuity from Ameriprise. In November 2000, Ameriprise sent Notice of Class Action, Proposed Settlement and Fairness Hearing ("Class Notice") to Mr. Herzing. (Declaration of Amy L. Lake dated August 29, 2006 (hereinafter "Lake Decl.") ¶ 2, 3 & Ex. 4.) Mr. Herzing did not opt out of the class by the January 29, 2001 deadline set by the Court. (Lake Decl. ¶ 6.) Mr. Herzing therefore

became a member of the class and received general relief in accordance with the terms of the Settlement Agreement. (*See* Ex. 3 at § V.) After the final approval of the settlement by this Court, notice of the grant of general relief was mailed to Mr. Herzing. (Lake Decl. ¶ 7.) Ameriprise never received any indication that Mr. Herzing did not receive the Class Notice or the Notice of General Relief. (Lake Decl. ¶¶ 4 & 8.) By failing to opt out of the class, Mr. Herzing released all of his claims against Ameriprise related to the Policy in accordance with the terms set forth in the Final Judgment and Order.

**Mr. Herzing Seeks to Litigate Barred Claims.**

Even though he previously released his current claims against Ameriprise, on July 6, 2006, Mr. Herzing filed a Complaint against Ameriprise with the Court of Common Pleas alleging a variety of claims related to his purchase of the Policy. The claims alleged in the Complaint are barred by the Settlement Agreement and the Court's Final Order and Judgment. The gravamen of Mr. Herzing's current claims is that his Ameriprise advisor made certain material misrepresentations and omissions in the sale of the Policy. (*See* Ex. 2 at ¶¶ 6 ("The Plaintiff was informed at the time of the purchase that the premium on the policy would be $200 per month, $140 of which would go for the payment of the premium and the remaining $60 would be placed in an equity fund from which the Plaintiff could draw at any time if he so desired.") and ¶ 12 ("The additional premium payment . . . was contrary to what the Plaintiff had been told by Davis as agent for the insurance company.").) This is precisely the type of conduct that was at issue in the class action and released under the terms of the Final Order and Judgment. (Ex. 1 at ¶ 13.B.2 (including within the definition of "Released Conduct" claims and causes of

action related to "the setting, charging or reducing of any cost of insurance . . . premiums, taxes, fees, mortality and expense fees, charges, contract charges or expenses on any Policy or Annuity").) Ameriprise has not yet submitted any response to the Complaint and intends to move to hold any further proceedings before the Court of Common Pleas in abeyance pending this Court's ruling on Ameriprise's motion.

## ARGUMENT

### I. The Court Should Enjoin Mr. Herzing from Litigating the Claims Raised in the Complaint Because They Have Already Been Released Under the Final Order and Judgment.

#### A. Mr. Herzing Released His Claims.

The gravamen of Mr. Herzing's Complaint is that his financial advisor made misrepresentations that induced him to purchase and that he was guaranteed certain premium payments. (*See, e.g.,* Ex. 2.) The express terms of the Release in the Final Order and Judgment and the Settlement Agreement bar Mr. Herzing from litigating any claims predicated upon an advisor's alleged misrepresentations or omissions related to the Policy or its performance. Under the Release, class members have agreed not to assert "any Claims or Causes of Actions . . . that are based upon, related to, or connected with, directly or indirectly, in whole or in part: . . . (b) that relate <u>in any way</u> to the Released Conduct." (Ex. 1 at ¶ 13.A, .B (emphasis added).) Mr. Herzing's current misrepresentation claims are related to the Released Conduct under the Settlement Agreement, which encompasses

> any and all . . . <u>representations, omissions, suggestions, or communications</u> that are related to or connected in any way with the . . . marketing, sale . . . or <u>performance</u> of the Policies . . . including, without limitation . . .

> representations, omissions, suggestions or communications in connection with (i) the explanation, description, marketing, sale, solicitation, illustration . . . of any Policy . . .; (ii) the application for or purchase of any Policy . . .; (iii) the suitability of any . . . purchases . . . of any Policy . . .; (vi) the setting, charging or reducing of any cost of insurance, commissions, incentives, premiums, taxes, fees, mortality and expense fees, charges, contract charges, surrender charges, or expenses on any Policy . . .(x) the . . . terms, or benefits or disadvantages of any Policy . . . compared to any other life insurance policy, annuity contract or investment; . . . (xii) the preparation by any financial advisor acting for the Company of any financial plan or the provision of financial or investment advice insofar as it resulted in the sale, modification or maintenance of any Policy . . . .

(Ex. 1 at ¶ 13.B.2 (emphasis added).) Mr. Herzing's claims, relating to representations regarding the suitability and the Policy's premium amounts, fall squarely within the scope of the Released Conduct as defined by the Final Order and Judgment. Accordingly, Mr. Herzing is precluded from litigating these claims before the Court of Common Pleas.

**B. Mr. Herzing Received Notice of the Class Action, Chose Not to Opt Out, and Received Relief Under the Settlement Agreement.**

By receiving notice of the pendency of the class action, failing to opt out of the class, and receiving relief pursuant to the terms of the Settlement Agreement and the Final Judgment and Order, Mr. Herzing became a class member, and he is bound by all of the provisions of the Settlement Agreement and the Final Order and Judgment. *See, e.g., Berardinelli v. Gen. Am. Life Ins. Co. (In re Gen. Am. Life Ins. Co. Sales Practices Litig.*), 357 F.3d 800, 804-05 (8th Cir. 2004); *Thompson v. Edward D. Jones & Co.*, 992 F.2d 187, 192 (8th Cir. 1993). Defendants issued both published and individual notice to Mr. Herzing regarding the settlement, yet he chose not to opt out of the class. (Lake Decl. at ¶¶ 2-5, 8.) He did not opt out of the class; hence, he is bound by the class-

settlement terms. (Ex. 1 at ¶ 12 ("The terms of the Settlement Agreement and of this Order and Judgment shall be forever binding on Plaintiffs and all other Class Members. . . .").)

It is not inequitable or unjust to bind Mr. Herzing to the Release and bar him from proceeding with the litigation of claims that he has already released. It is undisputed that Mr. Herzing received relief in accordance with the Settlement Agreement. (Lake Decl. at ¶ 7.) Mr. Herzing cannot now seek further relief for the same injuries before the Court of Common Pleas. This Court's Final Order and Judgment expressly bars such an attempt to take a second bite of the apple. (Ex. 1 at ¶ 14 (permanently barring and enjoining Class Members from "filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration . . . based on or relating to the Claims and Causes of Action, or the facts and circumstances relating thereto, in the Action and/or the Released Conduct . . . as to that Policy or Annuity")); *see also Mosberg v. Nat'l Prop. Analyst, Inc.*, 630 N.Y.S.2d 50, 52 (recognizing that permitting a class member to proceed with claims for which he already received relief allows them to "eat his cake and have it too"). As a matter of law, Mr. Herzing may not proceed with the litigation of these claims.

### C. Mr. Herzing is Bound by the Contractual Terms of the Settlement Agreement Adopted by the Final Judgment and Order.

Mr. Herzing, who received value for releasing their claims "contractually agree[d] and acknowledge[d] that . . . [he would] not . . . initiate, participate in, maintain, maintain a right to or assert against [Ameriprise] . . . any Claim[] or Cause[] of Action . . . that

[was] based upon, related to, or connected with, directly or indirectly, in whole or in part . . . (b) that relate[s] in any way to the Released Conduct." (Ex. 1 at ¶ 13.A.2 (emphasis added).) Mr. Herzing may not now avoid these contractual obligations under the Settlement Agreement by seeking to relitigate claims based upon alleged misrepresentations or omissions related to the sale of the Policy or its premiums. Preclusion of these claims was an "integral part of the settlement bargain" entered into by the parties to the class action, and "this Court cannot now modify the terms of that bargain at the insistence of one class member." *Thompson,* 992 F.2d at 191 n.5.

Mr. Herzing accepted the benefits of class membership and agreed to the concomitant obligations, including releasing the right to litigate Policy-based claims against Ameriprise. *See Berardinelli,* 357 F.3d at 804-05 (upholding District Court's issuance of an injunction against prosecution of state-court action because this second litigation was barred by a class-action settlement). Mr. Herzing received both the benefits and the detriments of the settlement. Any injury that he suffered has already been remedied by the benefit that was received by virtue of his participation in the class-action settlement. Permitting Mr. Herzing to proceed with the litigation of claims raised in his Statement of Claim would allow him to seek double recovery for the same injury. *See Mosberg*, 630 N.Y.S.2d at 52. Under the circumstances of this case, Mr. Herzing cannot now be heard to raise claims that have already been released.

## II. The Final Order and Judgment Authorizes this Court to Enjoin Mr. Herzing from Proceeding with His Action in the Court of Common Pleas.

### A. This Court has Continuing Jurisdiction in this Matter.

The Final Order and Judgment makes clear that this Court has retained continuing jurisdiction "as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Order and Judgment, and for any other necessary purpose, including, without limitation,"

> (a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Order and Judgment (including, without limitation, whether a person or entity is or is not a Class Member; whether claims or causes of action allegedly related to this case are or are not barred by this Order and Judgment, etc.);
>
> (b) entering such additional Orders as may be necessary or appropriate to protect or effectuate this Order and Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and
>
> (c) entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction;

(Ex. 1 at ¶ 19(a)-(c).) Thus, the terms of the Final Order and Judgment specifically authorize this Court to enter an order enjoining Mr. Herzing from pursuing released claims before any other court. Entering such an order is a proper method whereby the Court can ensure continued adherence to the terms of its final orders, including orders incorporating the terms of class-action settlement agreements. *See Thompson*, 992 F.2d at 189 (citing *Parker v. Ryan*, 960 F.2d 543, 546 (5th Cir. 1992); *Klett v. Pim*, 965 F.2d 587, 590 (8th Cir. 1992)).

The Eighth Circuit has repeatedly recognized the propriety of a District Court issuing an injunction in order to enforce a final judgment dismissing claims settled pursuant to a class-action settlement agreement. A District Court has the authority to issue an injunction barring a class member from raising released claims in subsequent litigation. *Thompson*, 992 F.2d at 190; *see also Berardinelli*, 357 F.3d at 803. If a release, such as that contained in the Final Order and Judgment, releases all claims it should be enforced pursuant to its terms. *Berardinell*, 357 F.3d at 804. Because Mr. Herzing seeks to relitigate claims for which he has already received relief and that have already been released pursuant to the terms of the Settlement Agreement and the Final Order and Judgment, the Court should enjoin him from litigating his current claims.

**B. Proceeding with the Litigation of Released Claims Violates a Prior Order of this Court.**

The bar precluding Mr. Herzing from litigating released claims goes beyond a simple contractual agreement between the parties to this litigation; this Court has already decreed that he cannot proceed with these claims in a subsequent court action. The Court, in the Final Order and Judgment, enjoined class members from proceeding in such a fashion:

> All Class Members who have not been timely excluded from the Class with respect to a Policy or Annuity are hereby permanently barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in . . . or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the Released Conduct . . . as to that Policy or Annuity.

(Ex. 1 at ¶ 14 (emphasis added).) Proceeding with the litigation before the Court of Common Pleas directly violates the Court's Final Order and Judgment.

The terms of the Final Order and Judgment are clear: by not opting out of the class and by receiving relief in accordance with the Settlement Agreement, Mr. Herzing released all of his claims related to the purchase and suitability of the Policy and agreed to forego the right to litigate these claims. (Ex. 1 at ¶ 13.) Indeed, the Court has ordered that he forego those claims. (*Id.* at ¶ 14.) Therefore, the Court should enjoin Mr. Herzing from proceeding with any litigation of claims relating in any way to any representations allegedly made to them that relate to the Policy. (*See id.* at ¶ 13.B.2 ("'Released Conduct' means any and all . . . representations, omissions, suggestions, or communications that are related to or connected in any way with the . . . marketing, sale, administration, . . . or performance of . . . Annuities, including without limitation, acts, representations, omissions, suggestions or communications in connection within (i) the explanation, description, marketing, sale, solicitation, illustration or replacement of any Policy. . . .") (emphasis added).) Mr. Herzing is similarly barred from proceeding with the relitigation of any claims relating to the suitability of the Policy. (*See id*. at ¶ 13.B.2 (releasing all claims related to "the suitability of any purchases, sales or replacements of any Policy . . . " and claims related to "the setting, charging or reducing of any cost of insurance, commissions, incentives, premiums, taxes, fees, mortality and expense fees, charges, contract charges, surrender charges, or expenses on any Policy . . . .").) Litigation of the claims set forth in the Complaint that are predicated upon claimed

misrepresentations at the time of sale and the premium charges for the Policy would be in direct contravention to this Court's prior orders.

### C. Permitting Mr. Herzing to Proceed with Litigation in the Court of Common Pleas Undermines the Finality of Class-Action Settlements.

Permitting Mr. Herzing to pursue claims that have already been settled and released more than five years after this Court's entry of the Final Order and Judgment undermines the finality of class-action settlements. This would eviscerate the binding Settlement Agreement into which Mr. Herzing voluntarily entered and under which he received relief. Accordingly, authorizing the continued relitigation of any claims related to the Policy would be contrary to the strong public policy that supports class-action settlements. *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 104-105 (3d Cir. 2002) (quoting *In re Prudential Ins. Co. Sales Practices Litig.: Lowe*, 261 F.3d 355, 367 (3d Cir. 2001) (upholding preclusion of claims by nationwide settlement on grounds that, by allowing separate actions, defendants in large class actions "would always be concerned that a settlement of the federal class action would leave them exposed to countless suits in state court despite settlement of the federal claims" and this would "seriously undermine the possibility for settling any large, multi district class action")). As recognized by the Eighth Circuit,

> [W]here there is a realistic identity of issues between the settled class action and the subsequent suit, and where the relationship between the suits is at the time of the class action forseeably obvious to notified class members, the situation is analogous to the barring of claims that could have been asserted in the class action. Under such circumstances the paramount policy of encouraging settlements takes precedence.

*Thompson*, 992 F.2d at 191 (quoting *TBK Partners, Ltd. v. Western Union Corp.*, 675 F.2d 456, 461 (2d Cir. 1982)). By enjoining Mr. Herzing from proceeding with the litigation of claims related to the Policy, the Court ensures not only that its Final Orders are respected, but that the "paramount policy" supporting settlement is upheld.

## CONCLUSION

For all of the reasons set forth above, Ameriprise respectfully requests that the Court enjoin Mr. Herzing from proceeding with any relitigation of claims that are barred by the Settlement Agreement and the Final Order and Judgment.

Respectfully submitted,

Dated: August 29, 2006

FAEGRE & BENSON LLP

s/Fiona B. Ruthven
Michael F. Cockson (#280549)
Fiona B. Ruthven (#333761)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone No. (612) 766-7000
Facsimile No. (612) 766-1600

**ATTORNEYS FOR DEFENDANTS**

M2:20819787.02