UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1980(DSD/JMM)

Lesa Benacquisto, Daniel Benacquisto, Richard Thoresen, Elizabeth Thoresen, Arnold Mork, Isabella Mork, Ronald Melchert and Susan Melchert, on behalf of themselves and all others similarly situated,

Plaintiffs,

v. **ORDER**

American Express Financial Corporation, American Express Financial Advisors, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, IDS Life Insurance Company and IDS Life Insurance Company of New York,

Defendants.

This matter is before the court upon the motion of claimants Dr. G. Allen West and Barbara West to alter, amend or vacate the court's order dated August 9, 2006, pursuant to Federal Rules of Civil Procedure 59 and 60(b). In its order, the court granted defendants' motion to enforce a class action settlement as to the Wests' claims before the NASD. To support their present motion, claimants must identify exceptional circumstances or show a manifest error of law or fact. See United States v. Metro. St.

Louis Sewer Dist., 440 F.3d 930, 932 (8th Cir. 2006) (setting forth Rule 59(e) standard); Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005) (setting forth Rule 60(b) standard).

Claimants contend that the court's order contains an error of fact related to a Supreme Court decision cited in their earlier brief in opposition to defendants' motion to enforce the class action settlement. They do not specify the alleged error of fact. As for the Supreme Court decision, the court assumes claimants are referring to Amchem Products, Inc. v. Windsor, 521 U.S. 591 (1997). The Amchem class action involved a question of sufficiency of notice because the class included individuals who had been exposed to asbestos without knowledge of such exposure or harm, as well as future family members of asbestos victims who could not be alerted to their class membership. See id. at 628. Such is not the case in this matter, where class members are individuals who purchased insurance policies from defendants during a specified time period. The injury involves having a policy with different terms or value than allegedly represented at the time of purchase. For this reason, the court finds that claimants have not identified exceptional circumstances or shown a manifest error of law or fact warranting relief. Therefore, the court denies claimants' motion.

Accordingly, **IT IS HEREBY ORDERED** that claimants' motion to alter, amend or vacate the court's order of August 9, 2006, [Docket No. 263] is denied.

Dated: August 31, 2006

s/David S. Doty
David S. Doty, Judge
United States District Court