**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESON, ARNOLD MORK, ISABELLA MORK, RONDALD MELCHERT and SUSAN MELCHERT, On behalf of themselves and all others Similarly situated,

Plaintiffs,

vs.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

***AND***

AMERIPRISE FINANCIAL SERVICES, INC. f/k/a AMERICAN EXPRESS FINANCIAL ADIVSORS, INC., ET AL.

Movants,

Vs.

KATHERINE CARADORI and MARY CAMPBELL,

Respondents.

Civil Case No.
00-1980 (DSD/JMM)

**RESPONDENTS, KATHERINE CARADORI and MARY CAMPBELL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL ARBITRATION and OPPOSITION TO MOTION TO ENFORCE CLASS ACTION SETTLEMENT**

## I. INTRODUCTION

Arbitration claimants, Katherine Caradori and Mary Campbell (hereinafter "Claimants") commenced an arbitration action to resolve disputes with Ameriprise and named registered representatives before the National Association of Securities Dealers (NASD). This is the forum demanded by Ameriprise and agreed to by the Claimants via their fully executed Uniform Submission Agreement (Exhibit 1). The Uniform Submission Agreement – a form which is required by NASD Uniform Code of Arbitration Procedure 10314 (Exhibit 2), states in part:

"1) The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers and all related counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization."

The Respondents were likewise required to execute the NASD's Uniform Submission Agreement for Respondents (Exhibit 3). However, these Respondents, fully aware of this Court's prior decisions denying Motions to Enforce Class-Action relating to the claims of Trudy and Richard Kalac, Peter and Linda Covert, and potentially others like them, ***altered*** the standard Uniform Submission Agreement, and submitted a ***modified*** version in an obvious attempt to circumvent this Court's prior Orders (Exhibit 4). Ameriprise made this very same attempt in the case of Paul and Tyva Russell. However, this Court, like its decisions before, didn't buy into Ameriprises' tactics.

Under NASD Code of Arbitration 10301(a), a broker-dealer or registered representative is obligated to arbitrate any claims upon the customer's demand.

"(a) Any dispute, claim or controversy eligible for submission under the Rule 10100 Series between a customer and a member and/or associated person arising in connection with the business of such member, or in connection with the activities of such association persons shall be arbitrated under this Code, as provided by any duly executed and enforceable written agreement or **upon the demand of the customer**…" (Exhibit 5) emphasis added.

NASD Dispute Resolution served Ameriprise with notice of Claimants' claims on or about September 29, 2005 (Exhibit 6). On January 9, 2006, the parties were informed by the NASD that all submissions, including the Statement of Claim, Answer and Uniform Submission Agreements had been forwarded to the panel (Exhibit 7). NASD Code of Arbitration Procedure 10301(d)(2) states as follows:

"Disputes concerning whether a particular claim is encompassed by a putative or certified class action shall be referred by the Director of Arbitration to a panel of arbitrators in accordance with Rule 10302 or Rule 10308, as applicable. Either party may elect instead to petition the court with jurisdiction over the putative or certified class action to resolve such disputes. Any such petition to the court **must be filed within ten business days of receipt of notice** that the Director of Arbitration is referring the dispute to a panel of arbitrators." (Exhibit 5) emphasis added.

Pursuant to NASD Code of Arbitration Procedure 10301(d)(2) Ameriprise could have asked the Panel to make a determination of whether the claims were covered by the class-action. They did not. In the alternative, they also had the option, at that time, to petition this court to determine whether Mary and Kathy's claims were encompassed by the class-action. Instead, they filed their Answer with the Director of Arbitration and presented such responsive pleading to the NASD panel of arbitrators. In fact, the Answer filed by American Express makes

only a vague reference to the class-action and instead pleads with great detail other boiler-plate defenses to the claims made by the Claimants. (Exhibit 8)

Contrary to NASD Rules and laws of this Circuit, Movants then filed a Motion to Enforce Class-Action on August 29th, 2006 – nearly seven months too late (Docket #265). Furthermore, NASD Code of Arbitration Procedure 10106 states: "**No party shall**, during the arbitration of any matter, prosecute or **commence any suit, action, or proceeding** against any other party touching upon any of the matters referred to arbitration pursuant to this Code." (Exhibit 9) emphasis added.

Claimants brought several issues to the panel for resolution as put forth in their Statement of Claim (Movants' Exhibit 2). Most of the issues are **not covered** by the Movants' class-action. Indeed, advice to sell a farm, to transfer assets to a charitable remainder trust, the asset allocation, improper supervisory actions and other issues are clearly outside the scope of the Benacquisto class-action. The class-action was settled and included claims for actions through February 29, 2000. However, many of Claimants' claims as set forth in their Statement of Claim are related to violations and issues which took place ***after*** that date. In addition, claims for unsuitability and breach of fiduciary duty are ongoing. The class-action settlement agreement does not apply to claims which are ongoing in nature or which arise for the first time ***after*** February 29, 2000.

In addition, Rule 10324 of the NASD Code of Arbitration Procedure states:

"The arbitrators shall be empowered to interpret and determine the applicability of all provisions under this code and to take appropriate action to obtain compliance with any ruling by the arbitrator(s). Such interpretations and actions to obtain compliance shall be final and binding upon the parties." (Exhibit 10).

Respondents, member of the NASD, and by written agreement for arbitration, are bound by the Rules of such sponsoring organization.

The Eighth Circuit found that when parties agree to arbitrate claims that may be barred by a prior settlement agreement, the evaluation of any weight to be accorded the settlement agreement "is a determination committed to the arbitrators' discretion." DVC-JPW Investors v. Gershman, 5 F.3d 1172, 1174 (8th Cir. 1993).

The U.S. Supreme Court has removed any doubt concerning the scope of arbitration and found in favor of arbitration for resolution. "…questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." Moses H. Cone Mem'l Hospital v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). See also: Smith Barney, Inc. v. Painters Local Union No. 109 Pension Fund, 254 Neb. 758, 579 N.W.2d 518 (Neb. 1998); AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 106 S.Ct. 1415 (1986); First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 115 S.Ct. 1920 (1995); Smith Barney, Inc. v. Keeney, 570 N.W.2d 75 (Iowa 1997); FSC Securities Corp. v. Freel, 14 F.3d 1310 (8th Cir. 1994).

The Federal Arbitration Act (FAA) 9 U.S.C. ¶¶ 1-16 governs the arbitration between these parties. A general purpose of arbitration is the speedy and cost effective resolution of disputes. "…we not only honor the plain meaning of the statute but also the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts." Prima Paint v. Flood & Conklin, 388 U.S. 395, 404, 87 S.Ct. 1801, 1806 (1967) "Section 3 (of the FAA) requires a federal court in which suit has been brought 'upon any issue referable to arbitration under an agreement in writing for such arbitration' to stay the court action pending arbitration once it is satisfied that the issue is arbitrable under the agreement." Prima Paint, at 400, emphasis added. "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that districts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, 105 S.Ct. 1238, 1241 (1985), emphasis added.

## ARGUMENT

Ameriprise wants to break all industry rules and repeatedly violate the law by filing frivolous motions. On several occasions, this Court has advised Ameriprise of the law of the land and their industry (contract) duties. Ameriprises' boiler-plate arguments failed in the cases of Russell, Covert, Kalac, et al. and the same arguments fail here.

Arbitration Claimants (hereinafter "Claimants") simply request what they bargained for – a speedy, efficient, and fair arbitration process. Over fifteen (15) months ago Claimants abided by their contract agreement with Ameriprise and the Rules of the NASD and filed a simple Statement of Claim. Months later, after requesting an extension, Ameriprise filed their Answer. Ameriprise chose the forum and the parties were properly engaged in dispute resolution.

However, Ameriprise then began to attempt to distort the industry-created dispute resolution process. They began by filing a Submission Agreement which was not in conformance with the NASD.

Next, Ameriprise broke the rules and failed to petition this Court in a timely manner. Now, months after they agreed to arbitration and literally on the verge of the scheduled hearing[1] Ameriprise wants to violate their own industry rules and the law of this land by filing its frivolous Motion to Enforce Class Action.

The FAA is broad in scope. Once the parties agree to arbitrate, the arbitrators have broad authority to resolve all disputes. See DVC-JPW Investors v. Gershman, 5 F.3d 1172, 1174 (8th Cir. 1993).

These are not new issues to Ameriprise. They have presented them before this Court on numerous occasions. The law and industry rules have repeatedly been upheld and explained to these Movants. Ameriprise offers no new authority, nor suggests any arguments to expand existing law or contract interpretation.

---

[1] A mediation session had been agreed to at the time set for arbitration. The arbitration date was subsequently reset to April 2007 to allow for the mediation. One of these Claimants is 80 years old. The delays as intentionally perpetrated by the Respondents is unconscionable.

There is nothing new in this case. This is a simple repeat of prior failed attempts by Ameriprise. Their actions violate their own industry rules as previously noted, and are contrary to the laws of the land. **Moses H. Cone**; **AT&T; First Options**; **DVD-JPM**; **Painters**; and **Smith Barney**, et al.

## CONCLUSION

For all of the reasons stated above, this Court should deny, overrule and dismiss Movants' Motion to Enforce Class Action. Conversely, Claimants request the Court to Order Ameriprise to arbitration and to assess costs against the Movants and for such other and further relief as the Court may deem just and equitable in the premises.

Kathy Caradori and Mary Campbell
Arbitration Claimants,

By: /s/ Gail E. Boliver
Gail E. Boliver, IA # 000475
Boliver Law Firm
2414 S. Second Street
Marshalltown, IA 50158
Telephone: 641-752-7757
Facsimile: 641-752-6597
e-mail: boliver@marshallnet.com

and

By: /s/ Patrick Anderson
Patrick Anderson, MN # 333736
Meier, Kennedy & Quinn Chartered
Suite 2200, Bremer Tower
455 Minnesota Street
Saint Paul, Minnesota 55101-2100
Telephone (651) 228-1911
Facsimile (651) 223-5483
e-mail: panderson@mkqlaw.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(C), the undersigned hereby certifies the following:

The foregoing Memorandum Of Law In Support Of Motion To Compel Arbitration and in Opposition To Motion To Enforce Class Action Settlement was prepared using Microsoft Word in Times New Roman, font size 13 and the "word count" according to such program, including all text, headings, footnotes and quotations is: 1,849.

By: /s/ Gail E. Boliver
Gail E. Boliver, IA # 000475
Boliver Law Firm
2414 S. Second Street
Marshalltown, IA 50158
Telephone: 641-752-7757
Facsimile: 641-752-6597
e-mail: boliver@marshallnet.com