**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

**Civil No. 00-1980 DSD/JMM**

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE CLASS-ACTION SETTLEMENT AS TO CLAIMS OF KATHERINE M. CARADORI AND MARY M. CAMPBELL**

---

## INTRODUCTION

Ameriprise Financial Services, Inc. f/k/a American Express Financial Advisors, Inc. ("Ameriprise"), submits this Reply Memorandum in support of its Motion to Enforce the Class-Action Settlement as to claims brought by Katherine M. Caradori and Mary M.

Campbell ("Claimants") for arbitration before the NASD.[1] Ameriprise never agreed to submit the issue of the preclusive effect of the class-action settlement on Claimants' claims to arbitration. Instead, in accordance with the NASD Code of Arbitration Procedure, Ameriprise agreed to arbitrate non-released claims before the NASD and expressly reserved its right to submit the issue of the settlement bar to this Court. Throughout the NASD proceedings to date, Ameriprise has repeatedly informed Claimants that it has not agreed to arbitrate settlement-barred claims. Nonetheless, Claimants continue to insist upon the arbitration of such claims. Accordingly, Ameriprise respectfully requests that the Court exercise its continuing jurisdiction to enforce the Final Order and bar Claimants from arbitrating any claims before the NASD that were released under the terms of the Settlement Agreement and Final Order.

## I. Ameriprise Has Not Agreed to Arbitrate Released Claims.

The thrust of Claimants' opposition brief is that Ameriprise has agreed to arbitrate all claims with Claimants. (*See* Pls.' Mem. at 7-8). Yet, as Claimants themselves recognize (*id.* at 2), Ameriprise has not signed a Uniform Submission Agreement. Instead, Ameriprise submitted a modified Submission Agreement wherein it expressly reserved the right to seek a determination from this Court on the scope of the class-action settlement's bar on Claimants' claims. (Def.'s Opening Mem. Ex. 5.) Thus, Ameriprise has preserved its right to judicial determination of the preclusive effect of the Release on Claimants' current claims.

[1] Claimants submitted a consolidated memorandum in opposition to Ameriprise's motion to enforce the class action settlement and in support of their own motion to compel arbitration. Ameriprise submits the following consolidated brief in support of its motion and in opposition to Claimants' motion.

In its modified Submission Agreement, Ameriprise expressly reserved the right to seek judicial determination of the scope of the class-action-settlement bar imposed by the Settlement Agreement and the Final Order and Judgment approved by the Court. The modified agreement provides in relevant part:

> 2. The undersigned parties hereby state that to the extent that any claim, counterclaim and/or third-party claim purports to raise claims that are barred by Paragraph 14 of the May 15, 2001 Orders ("Orders") entered by the United States District Court for the District of Minnesota in *Benacquisto v. American Express Financial Corporation*, Civil No. 00-1980 (DSD/JMM) and the Minnesota State Court for the County of Hennepin, in *Benacquisto v. American Express Financial Corporation*, Case No. 96-018477 (collectively the "Class Actions") such claims, counterclaims and/or third-party claims remain within the jurisdiction of the United States District Court for the District of Minnesota and the Minnesota State Court for the County of Hennepin and are not submitted to arbitration under this Submission Agreement. The undersigned parties further state that they understand that Paragraph 14 of the Orders provides, in part, that
>
> > All Class Members who have not been timely excluded from the Class with respect to a Policy or Annuity are hereby permanently barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the Claims and Causes of Action, or the facts and circumstances relating thereto, in the Action and/or the Released Conduct (as that term is defined in the Settlement Agreement) as to that Policy or Annuity . . .
>
> 3. The undersigned parties state that pursuant to Paragraph 19 of the Orders the determination of whether any claim, counterclaim and/or third-party claim, arises out of, or relates to, in whole or in part, claims settled by the Settlement Agreement in the Class Actions, remains within the jurisdiction of the United States District Court for the District of Minnesota and the Minnesota State Court for the County of Hennepin and is not submitted to arbitration under this Submission Agreement.

(*Id.*) (emphasis added).

Because Ameriprise has not submitted the determination of the preclusive effect of the class-action settlement bar to the arbitration panel, the issue remains properly before this Court.[2] Claimants' arguments that Ameriprise agreed to arbitrate these claims fails as a matter of law.[3]

## II. The Modified Submission Agreement is Valid and Enforceable.

Ameriprise's reservation of the right to a judicial determination of the preclusive effect of the class-action settlement in the modified submission agreement is valid and enforceable. As recognized by the United States Supreme Court, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960). "The question whether the parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability,' is 'an issue for judicial determination unless the parties clearly and unmistakably provide otherwise.'" *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 83 (2002) (quoting *AT&T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 649 (1986)). Here,

---

[2] The Eighth Circuit's decision in *DVC-JPM Investors v. Gershman*, 5 F.3d 1172, 1174 (8th Cir. 1993), is factually distinguishable because the parties in that case submitted the issue of the scope of the settlement bar to the arbitrators. Here, Ameriprise has expressly reserved this issue for the Court. (Ex. 5 ¶ 3.)

[3] Indeed, by their own terms the cases cited by Claimants only apply when the parties have agreed to arbitrate their dispute. *See, e.g, Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("The preeminent concern of Congress in passing the [FAA] was to enforce private agreements into which parties had entered, and that concern requires that [the courts] rigorously enforce agreements to arbitrate."); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400 (1967) (interpreting the FAA and recognizing that a federal court should "order arbitration once it is satisfied that an agreement for arbitration has been made") (emphasis added). Here, it is undisputed that the parties have not agreed

(continued on next page)

Ameriprise "clearly and unmistakably" provided that the issue of the scope of the class-action settlement bar was not being submitted to arbitration. (Def.'s Opening Mem. Ex. 5 ¶¶ 2 & 3.)

Far from being improper, as implied by Claimants, this Court has already recognized that Ameriprise may properly submit a modified submission agreement to the NASD and expressly reserve the right to raise the issue of the scope of the class-action settlement bar before the Court rather than the NASD. (*See* Docket # 190, Order Dated January 5, 2006 at 3 n.2 (recognizing the validity of Ameriprise's reservation of the right to seek judicial enforcement of the class-action settlement and that such reservation preserves the issue for the Court rather than the arbitrators).) Indeed, courts throughout the country have recognized that parties may modify submission agreements in order to ensure that they preserve their right to judicial determination of issues that do not fall within the scope of an arbitration agreement. *See Smith v. Bartolini*, No. 01 C 4311, 2003 WL 21148940, at *8 (N.D. Ill. May 14, 2003) (recognizing that in order to preserve the issue a party should reserve the right to contest the arbitrator's jurisdiction within a Uniform Submission Agreement) (Ex. A.); *Schlenkerman v. Goldbronn (In re Goldbronn)*, 263 B.R. 347, 355 (Bankr. M.D. Fla. 2001) (recognizing that party could reserve jurisdictional or procedural defenses in a uniform arbitration submission agreement); *see also Cassedy v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 751 So.2d 143, 149 (Fla. Dist. Ct. App. 2000) (referencing

---

(continued from previous page)

to arbitrate questions regarding the scope of the settlement bar on Claimants' current claims. (Ex. 5.)

possible reservation of right to judicial determination of a particular issue in a Uniform Submission Agreement). Ameriprise's modified submission agreement is valid and enforceable. Accordingly, Ameriprise has not agreed to arbitrate the issue of the class-action settlement bar.

**III. Ameriprise is Not Required to Arbitrate Settlement-Barred Claims Under the NASD Code of Arbitration Procedure.**

Claimants argue that as a broker-dealer member of the NASD, Ameriprise is required to arbitrate all customer claims. Contrary to Claimants' arguments, Rule 10301(a) of the Code does not compel Ameriprise to submit settlement-barred claims to NASD Arbitration. While it is true that under this Rule most customer disputes with a broker-dealer are subject to arbitration, subsection (d)(2) of this same Rule expressly clarifies that "[a]ny claim filed by a member or members of a putative or certified class action is also ineligible for arbitration at the [NASD] if the claim is encompassed by a putative or certified class action filed in federal or state court . . . " (Ex. B at § 10301(d)(2).) The only exception to this general bar on class claims is for claims brought by claimants who "demonstrate[] that [they have] elected not to participate in the putative or certified class action or, if applicable, ha[ve] complied with any conditions for withdrawing from the class prescribed by the court." (*Id.*) Here, it is undisputed that Claimants are class members who did not opt out of the class. (Lake Decl. ¶ 9.) Accordingly, the arbitration of their current settlement-barred claims

is excluded from arbitration under the Code. Claimants have no right to arbitrate their settlement-barred claims.[4]

## IV. Ameriprise Has Not Waived its Right to Enforce its Rights Under the Settlement Agreement and Release.

### A. Ameriprise's Motion to Enforce the Class-Action Settlement is Not Time-Barred.

In their Opposition, Claimants argue that Ameriprise's motion before this Court is time-barred under the NASD Code of Arbitration Procedure. Rule 10301(d)(2) of the Code provides:

> Disputes concerning whether a particular claim is encompassed by a putative or certified class action shall be referred by the Director of Arbitration to a panel of arbitrators in accordance with Rule 10302 or Rule 10308, as applicable. Either party may elect instead to petition the court with jurisdiction over the putative or certified class action to resolve such disputes. Any such petition to the court must be filed within ten business days of receipt of notice that the Director of Arbitration is referring the dispute to a panel of arbitrators.

(Ex. B § 10301(d)(2) (emphasis added).) Claimants also cite Rule 10324, which vest arbitrators with the authority to interpret the Code, as requiring Ameriprise to submit the issue of arbitrability to the NASD. (*Id.* § 10324.) Claimants' argument under this provision necessarily fails because Ameriprise never agreed to submit the class-settlement bar issue to the NASD. (*See supra* §§ I & II; Ex. 5 ¶¶ 2 & 3.) Accordingly, the NASD's procedures for

---

[4] As support for their position, Claimants also cite Rule 10106 of the Code, which bars parties from "commenc[ing] any suit, action or proceeding against any other party touching upon any of the matters referred to arbitration pursuant to [the] Code." (Ex. B § 10106.) Claimants fundamentally misunderstand the nature of Ameriprise's current motion: this is not a new action against Claimant but, rather, an attempt to enforce Ameriprise's rights under the class-action settlement ordered by this Court in 2001, years before Claimants filed their Statement of Claim in the current arbitration.

resolving such questions have no bearing on the timing of Ameriprise's motion. Indeed, even if this provision were applicable to Ameriprise, it is undisputed that the predicate to the running of the ten-day period under Rule 10301(d)(2) (i.e., a notice that the Director of Arbitration is referring the dispute to a panel of arbitrators) has not occurred. Accordingly, the ten-day period has not begun to run. Ameriprise's motion is therefore timely even under Claimants' view of the world.

If the Court were to adopt Claimants' argument Ameriprise would never have the right to seek judicial enforcement of its rights under the Final Order and Judgment. Under Claimants' approach, Ameriprise would be required to submit a Uniform Submission Agreement to the NASD, raise the issue of the settlement bar with NASD Arbitration, and then seek judicial review in accordance with the NASD Code. Yet such an approach is directly at odds with this Court's prior Orders holding that Ameriprise's submission of a Uniform Submission Agreement constitutes a waiver of its rights under the Settlement Agreement to a judicial determination of the scope of class-action settlement bar. (Orders Dated June 13, 2005, Docket # 163 & 164 ("[A] Uniform Submission Agreement to arbitrate is a valid and binding contract that effectively modifies earlier agreements.").) Principles of equity bar such a result. Ameriprise cannot be thrust into a Catch-22 whereby it is forced to forego its rights under a properly negotiated class-action settlement.

Ameriprise has never agreed to arbitrate these issues before the NASD and has not waived any right to seek relief in this Court and request enforcement of the class settlement. This Court has sole and continuing jurisdiction to determine the preclusive effect of the class-action settlement on Claimants' attempt to arbitrate claims that they released under the

Settlement Agreement and Final Order. Ameriprise's motion to enforce the class-action settlement should be granted.

**B. Ameriprise Has Not Waived Its Right to Seek Judicial Enforcement of the Class-Action Settlement.**

Claimants also argue that Ameriprise has waived its right to seek judicial enforcement of the class-action settlement. This is not so. From the outset of this arbitration, Ameriprise informed Claimants that it did not agree to arbitrate settlement-barred claims or issues relating to the scope of the settlement bar. (Ex. 5 ¶¶ 2 & 3.) Furthermore, in its Statement of Answer, Ameriprise requested the voluntary dismissal of Claimants' settlement-barred claims and informed them if they did not dismiss such claims, Ameriprise intended to move before this Court. (Ex. C at 2 ("Respondents have signed a *limited* Uniform Submission Agreement, declining to arbitrate claims covered by a settled class action, and seek Claimants' voluntary dismissal of this aspect of [their] claim, or, in the alternative, will move the United States District Court that presided over this action to bar litigation or arbitration of the settled claim.").) It is disingenuous for Claimants to argue that they are now somehow surprised by Ameriprise's motion to enforce the class-action settlement.

In addition, Claimants' waiver arguments fail because Claimants have not provided any evidence that the timing of Ameriprise's motion prejudices them in any way. The arbitration hearing in this action is scheduled for April 2007, a full <u>eight</u> months after Ameriprise submitted its motion to the Court. Without a showing of prejudice, Claimants' arguments of waiver necessarily fail. *Cf. Stifel, Nicolaus & Co. v. Freeman*, 924 F.2d 157, 158 (8th Cir. 1991) (noting in the context of a motion to compel arbitration, waiver of the right to arbitration requires a showing of prejudice).

Furthermore, any delay on Ameriprise's part was proper. From the outset, Ameriprise requested that Claimants voluntarily dismiss their settlement-barred claims. (Ex. C.) Accordingly, Ameriprise delayed filing the instant motion in order to avoid burdening the Court and to provide Claimants with time to dismiss their settlement-barred claims voluntarily. This they have refused to do. Only once it became apparent to Ameriprise that Claimants fully intended to proceed with their attempts to arbitrate settlement-barred claims, did Ameriprise file its instant motion.

While it is true that federal policy favors the arbitration of disputes, it is also fundamental that a strong federal policy supports settlement of contested litigation. *Justine Realty Co v. Am. Nat. Can Co.*, 976 F.2d 385, 391 (8th Cir. 1992) ("Settlement agreements are generally encouraged and favored by the courts."); *First Wis. Nat. Bank of Rice Lake v. Klapmeier*, 526 F.2d 77, 81 n.6 (8th Cir. 1975) ("The policy of the law has always been to promote and sustain the compromise and settlement of claims."). Here, Ameriprise agreed to provide certain relief to all class members in this action in accordance with the terms of the Settlement Agreement and Final Order and Judgment. As consideration for this relief, class members agreed to release their Annuity and Policy-based claims against Ameriprise. All Ameriprise seeks to do with its current motion is enforce its rights under this agreement. As set forth in Ameriprise's opening brief, allowing Claimants to arbitrate settlement-barred claims thwarts the federal policy in favor of settlement.

## V. Ameriprise Does Not Seek to Bar the Arbitration of Claims That Were Not Released Under the Settlement Agreement

Ameriprise's motion to enforce the class-action settlement is properly limited in scope. Ameriprise is not seeking to bar the arbitration of all of the claims raised before the

NASD. Rather, Ameriprise seeks merely to ensure that Claimants do not arbitrate any claims that they released under the Settlement Agreement adopted by the Court's Final Order and Judgment. Indeed, the proposed Order submitted with Ameriprise's motion refers solely to claims related to Policies and Annuities released in accordance with the Court's Final Order and Judgment.[5] Ameriprise's current motion is a proper effort to enforce its rights under the Settlement Agreement between the parties and the Court's Final Order and Judgment.

## **CONCLUSION**

For all of the reasons set forth above and its opening memorandum of law, Ameriprise respectfully requests that the Court deny Claimants motion to compel arbitration and issue and Order enjoining Claimants from proceeding with the arbitration of any and all claims that were released by the Settlement Agreement and the Final Order and Judgment.

[5] Claimants make a vague reference to claims that occur after the Class Period. (Pls.' Opp. at 4.) Although the Release does not encompass "claim[s] that independently arises from acts, facts or circumstances that occur for the first time after the last day of the Class Period," Claimants' allegations of unsuitability and breach of fiduciary duty in their purchase of the Annuities and Policies are not ongoing and do not fall within this exception.

Respectfully submitted,

Dated: September 19, 2006

FAEGRE & BENSON LLP

s/Fiona B. Ruthven

Michael F. Cockson (#280549)
Fiona B. Ruthven (#333761)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone No. (612) 766-7000
Facsimile No. (612) 766-1600

**ATTORNEYS FOR DEFENDANT AMERIPRISE FINANCIAL SERVICES, INC. F/K/A AMERICAN EXPRESS FINANCIAL ADVISORS, INC.**

fb.us.61150132.02