**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

**Civil No. 00-1980 DSD/JMM**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS FOR CONTEMPT**

---

## <u>INTRODUCTION</u>

Defendant American Express Financial Advisors, Inc. n/k/a Ameriprise Financial Services, Inc. ("Ameriprise") has done everything in its power to ensure that Leo J. Herzing abide by the Court's Order of September 21, 2006 (hereinafter the "September Order"). (Ex. 1.) Both the Order and the Court's Final Order and Judgment dated May 15, 2001 expressly enjoined Mr. Herzing from relitigating claims released under the

settlement in this class action. (Ex. 1 ¶ 5 & Ex. 2 ¶ 14.) Nonetheless, Mr. Herzing continues to disobey the Court, causing Ameriprise to incur needless costs and attorneys' fees in defending an action in the Pennsylvania Court of Common Pleas for McKean County (the "Pennsylvania Action"). On numerous occasions, Ameriprise requested voluntary compliance with the Court's Orders and Mr. Herzing has expressly refused each request. Having exhausted its efforts to ensure compliance, Ameriprise now respectfully turns to the Court to ensure compliance by Mr. Herzing and his counsel for their continued contempt of the Court's Orders.

## BACKGROUND

Mr. Herzing is a class member in this action and is therefore subject to the Court's jurisdiction and bound by the terms of the Court's Orders in this action.[1] On July 6, 2006, Mr. Herzing filed suit against Ameriprise in the Pennsylvania Action. (Declaration of Joshua Horn dated October 3, 2006 (hereinafter "Horn Decl.") at ¶ 2.) The Court has already recognized that Mr. Herzing has already released the claims in the Pennsylvania Action and Ameriprise has tried in vain to enforce the Court's Orders.

---

[1] A more complete factual background of the proceedings between Ameriprise and Mr. Herzing is set forth in Ameriprise's Memorandum of Law in Support of its Motion to Enforce the Class-Action Settlement as to the Claims of Leo J. Herzing Presented to the Pennsylvania Court of Common Pleas, McKean County Pennsylvania submitted to the Court on August 29, 2006 (hereinafter "Ameriprise's Memorandum."). (Docket # 277.) In support of this earlier Motion, Ameriprise submitted unrebutted evidence that Mr. Herzing received the class notice in this action and did not timely opt out of the class. (Declaration of Amy Lake dated August 29, 2006, ¶¶ 2-4, Docket #278.)

After Mr. Herzing filed the Pennsylvania Action, Ameriprise informed Mr. Herzing that his claims were barred by an Order of this Court and requested their voluntary dismissal. (Horn Decl. ¶ 3.) In response to this request, Mr. Herzing refused to dismiss the Pennsylvania Action and claimed that he was not a class member subject to the terms of the Final Order and Judgment. (*Id*.) When it became apparent that Mr. Herzing intended to proceed with the Pennsylvania Action, Ameriprise filed a motion asking this Court to bar him from relitigating any claims previously released under the terms of the Final Order and Judgment. (Docket # 275.) On August 29, 2006, Ameriprise served a copy of this motion and supporting papers upon Mr. Herzing's counsel. (Docket # 279.) On August 30, 2006, the Court entered an Order directing Mr. Herzing to file responsive papers on or before September 12, 2006. (Docket # 280.) As directed therein, Ameriprise's counsel served a copy of this Order upon Mr. Herzing. (Declaration of Fiona B. Ruthven in Support of Motion for Sanctions for Contempt (hereinafter "Ruthven Decl.") ¶ 3.) Mr. Herzing never filed a response to Ameriprise's motion. On September 6, 2006, Mr. Herzing's counsel ignored the proceedings before this Court and threatened to obtain default judgment in the Pennsylvania Action, which caused Ameriprise to incur the unnecessary expense of responding to Mr. Herzing's settlement-barred claims. (Horn Decl. ¶ 5.) Indeed, on September 12, 2006, Ameriprise filed Preliminary Objections to the Complaint in the Pennsylvania Action. (*Id.* ¶ 6.)

On September 14, 2006, Ameriprise sent a letter to Mr. Herzing again requesting the voluntary dismissal of the Pennsylvania Action. (*Id.* ¶ 7 & Ex. 3.) On September 20, 2006, more than a week after the responsive-briefing deadline, Ameriprise asked the Court to

grant its unopposed Motion. (Docket # 296.) The next day, the Court issued the September Order and enjoined Mr. Herzing from proceeding with the relitigation of claims raised in the Pennsylvania Action. (Docket # 298.) Ameriprise immediately served a copy of the September Order upon Mr. Herzing's counsel and again specifically requested that Mr. Herzing dismiss the Pennsylvania Action. (Horn Decl. ¶ 8. & Ex. 4.) He again refused. (Horn Decl. ¶ 9.) In a final attempt to avoid burdening the Court with this dispute, Ameriprise sent yet another letter to Mr. Herzing's counsel requesting the dismissal of the Pennsylvania Action. (*Id.* ¶ 10 & Ex. 5.) As of the date of this motion, Mr. Herzing and his counsel have refused to abide by the September Order. Mr. Herzing's contempt has resulted in Ameriprise continuing to incur costs in defending the Pennsylvania Action.

Ameriprise believes that the only method whereby it can ensure that Mr. Herzing and his counsel comply with the express terms of the September Order and the Final Order and Judgment is through the Court's exercise of its contempt powers. Accordingly, Ameriprise now respectfully seeks expedited relief from this Court in the form of a contempt Order requiring immediate and full compliance with its prior Orders and awarding attorneys' fees and costs for expenses incurred in bringing this motion and in any continued participation in the Pennsylvania Action. (Ruthven Decl. ¶ 5.) In addition, Ameriprise requests that the Court impose an appropriate daily fine for Mr. Herzing's continued violation of the September Order. Finally, because Mr. Herzing's counsel's continued insistence on proceeding with the Pennsylvania Action has unreasonably and vexatiously multiplied the proceedings in this case, Ameriprise also seeks the imposition of appropriate monetary sanctions against him pursuant to 28 U.S.C. § 1927.

**ARGUMENT**

The Court may punish a party for disregarding or violating its Orders. *See* 18 U.S.C. § 401 ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."). The Eighth Circuit has long recognized that "[a] district court has inherent power to enforce compliance with its lawful orders and mandates by awarding civil contempt damages, including attorneys' fees." *Fisher v. Marubeni Cotton Corp.* 526 F.2d 1338, 1340 (8th Cir. 1975); *see also Christina A. v. Bloomberg*, 315 F.3d 990, 994 n.6 (8th Cir. 2003) ("'There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt.'") (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). Indeed, "[a]s a general matter, when a litigant refuses to respect the authority of the court, it is not an abuse of discretion for the court to hold the litigant in contempt and impose a sanction to coerce compliance." *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 293 F.3d 409, 418 (8th Cir. 2002) (en banc). Civil-contempt sanctions serve "to effectuate compliance with a court's order or process; and to compensate individuals from harm incurred by noncompliance." *Hartman v. Lyng*, 884 F.2d 1103, 1106 (8th Cir. 1989) (citing *U.S. v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)). "Civil contempt may also be punished by a remedial fine, which compensates the party who won the injunction for the effects of his opponent's noncompliance." *Hutto v. Finney*, 437 U.S. 678, 691 (1978).

In order to prevail in this motion, Ameriprise must show by clear and convincing evidence that Mr. Herzing violated the Court's earlier Orders. *Jake's Ltd. v. City of Coates*, 356 F.3df 896, 899-900 (8th Cir. 2004). Here, Ameriprise has met this burden. The record shows that Mr. Herzing has repeatedly refused to dismiss with prejudice his settlement-barred claims in the Pennsylvania Action. (*See* Horn Decl. ¶¶ 3, 7-10.) Since 2001, Mr. Herzing has been subject to the Final Order and Judgment and enjoined from litigating these claims. (Ex. 2 §§ 13.B.2 & 14.) The Final Order and Judgment specifically enjoined all class members, like Mr. Herzing, from relitigating claims released under the terms of the Settlement Agreement incorporated therein.[2] If that were not enough, the September Order specifically identified Mr. Herzing as enjoined from "filing, commencing, prosecuting, maintaining, intervening in, participating in, or receiving any benefits from, any lawsuit . . . based on or relating to . . . claims relating to any life insurance policy or variable annuity products covered therein, including but not limited to the following policy numbers: 90903075657 and 93106256950." (Ex. 1.)

---

[2] Section 14 of the Final Order and Judgment provides:

> All Class Members who have not been timely excluded from the Class with respect to a Policy or Annuity are hereby permanently barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in . . . or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the Released Conduct . . . as to that Policy or Annuity.

(Ex. 2 ¶ 14.)

The Court's Orders are clear: the Court has specifically enjoined Mr. Herzing from proceeding with his current claims in the Pennsylvania Action, which relate to alleged misrepresentations related to his purchase of variable-insurance policies covered by the class action settlement. Accordingly, Mr. Herzing's continued defiance of these Orders is contempt of court. *Cf. Ewart v. Y & A Group (In re Y & A Group Sec. Litig.)*, 38 F.3d 380, 384-85 (8th Cir. 1994) (Richard A. Arnold concurring) (recognizing that subsequent arbitration of claims released by a settlement agreement incorporated into a Court Order would be violation of an injunction and would be punishable by contempt); *see also Feltner v. Title Search Co.*, 283 F.3d 838, 842 (7th Cir. 2002) (upholding imposition of civil-contempt sanction upon party who attempted to relitigate issue in violation of express provision of injunction); *Zerman v. Jacobs*, 113 F.R.D. 13, 14-15 (S.D.N.Y. 1986) (imposing civil-contempt sanctions against party for repeated attempts to relitigate claims that had already been decided). Mr. Herzing's refusal to adhere to the terms of the Court's prior Orders has harmed Ameriprise in that it has incurred legal expenses in the continued defense of the Pennsylvania Action and in bringing this current motion. Ameriprise now respectfully requests that the Court exercise its discretion, compel compliance with the September Order and the Final Order and Judgment, award Ameriprise a daily fine for each day since the entry of the September Order, and award attorneys' fees and costs incurred in bringing this motion and in the continued proceedings in the Pennsylvania Action.

In addition, Ameriprise specifically seeks sanctions against Harold Fink, Mr. Herzing's attorney in the Pennsylvania Action. Mr. Fink has repeatedly insisted that

Ameriprise must proceed in that action and present the issue of the class-action bar to that court. (*See, e.g.*, Horn Decl. ¶ 9.) Such a process is unnecessary under this Court's prior Orders, which specifically enjoin Mr. Herzing from proceeding with the claims raised in the Pennsylvania Action. (*See* Ex. 1 ¶ 5 & Ex. 2 ¶ 14.) As a class member, and a party to the Settlement Agreement in the class action, Mr. Herzing is enjoined from litigating his current variable-insurance based claims against Ameriprise. (*Id.* at § 14.) Therefore, he has no right to proceed with his current claims in the Pennsylvania Action. Mr. Fink's refusal to respond to Ameriprise's motion to enforce the class-action settlement and his insistence on continued proceedings in the Pennsylvania Action has unreasonably and vexatiously multiplied the proceedings in this action. (Horn Decl. ¶¶ 7-10.) Accordingly, Mr. Fink should be sanctioned. *See* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *see also Morris v. City of Detroit Water & Sewage Dep't*, 20 Fed. Appx. 466, 467 (6th Cir. 2001) (upholding imposition of sanctions under § 1927 against attorney who refused to voluntarily dismiss an ADA action after his client signed fully released "any and all . . . causes of action" against his employer). Ameriprise respectfully requests that the Court enter an Order directing Mr. Fink to pay attorney's fees, costs and expenses incurred in bringing this motion and in the continued proceedings in the Pennsylvania Action.

## CONCLUSION

For all of the foregoing reasons, Defendant Ameriprise Financial Services, Inc. f/k/a American Express Financial Advisors, Inc. respectfully requests that the Court grant its motion for contempt and enter an Order sanctioning Leo J. Herzing and Harold B. Fink.

Dated: October 5, 2006

FAEGRE & BENSON LLP

s/Fiona B. Ruthven

Michael F. Cockson (#280549)
Fiona B. Ruthven (#333761)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone No. (612) 766-7000
Facsimile No. (612) 766-1600

**ATTORNEYS FOR DEFENDANTS**

fb.us.61181584.01