**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

**Civil No. 00-1980 DSD/JMM**

**DECLARATION OF JOSHUA HORN IN SUPPORT OF MOTION FOR SANCTIONS FOR CONTEMPT**

---

I, Joshua Horn, hereby declare as follows:

1. I am a partner in the law firm of Fox Rothschild LLP. I have been a member in good standing of the bar of the Commonwealth of Pennsylvania since 1994. I am one of the attorneys representing Ameriprise Financial Services, Inc. f/k/a American Express Financial Advisors, Inc. ("Ameriprise") and Jeffrey Davis in an action captioned Herzing v. Ameriprise Financial IDS Insurance Company, No. 683 CD 2006, pending in

the Court of Common Pleas for McKean County, Pennsylvania (hereinafter the "Pennsylvania Action"). I make this declaration on the basis of my own personal knowledge.

2. On July 6, 2006, Leo J. Herzing ("Mr. Herzing") filed his Complaint in the Pennsylvania Action.

3. After Ameriprise received the Complaint, in July 2006, I telephoned Mr. Herzing's attorney, Harold B. Fink, and informed him that the Pennsylvania Action was barred by this Court's Final Order and Judgment of May 15, 2001. I requested that Mr. Herzing voluntarily dismiss the Pennsylvania Action. In response to this request, Mr. Fink informed me that Mr. Herzing denied receipt of the class-action notice and refused to dismiss the Pennsylvania Action, but requested that I provide him with information to substantiate my assertion which I did.

4. On August 29, 2006, Ameriprise filed its Motion to Enforce Class-Action Settlement as to Claims of Leo J. Herzing Raised in the Court of Common Pleas, McKean County, Pennsylvania (hereinafter the "Motion").

5. On September 6, 2006, after he had been served with the Motion, Mr. Fink served a Ten Day Notice of Intention to Take a Default Judgment upon Jeffrey Davis, a defendant in the Pennsylvania Action, indicating that Mr. Herzing intended to seek a default judgment against Defendants if they did not respond to the complaint.

6. On September 12, 2006, I filed Preliminary Objections to the Complaint with the Pennsylvania State Court explaining that Mr. Herzing's claims in the Complaint were barred by this Court's Final Order and Judgment of May 15, 2001.

7. On September 14, 2006, I wrote a letter to Mr. Fink requesting that his client reconsider pursuing the Pennsylvania Action. In this letter, I specifically drew counsel's attention to a recent Pennsylvania Supreme Court case, *Wilkes v. Phoenix Home Life Ins. Co.*, 902 A.2d 366 (Pa. 2006), which held that a class member who had released claims pursuant to a prior out-of-state class-action settlement was precluded from relitigating them before the Pennsylvania state court. In my letter, I stated that Ameriprise believed the Pennsylvania Action to be fully without merit under controlling Pennsylvania law. A true and correct copy of this September 14, 2006 letter is submitted as an exhibit in support of Ameriprise's current motion for sanctions. Mr. Fink never responded to this letter.

8. On September 21, 2006, this Court issued an Order enjoining Mr. Herzing from litigating any claims related to the variable life insurance policies at issue in the Pennsylvania Action. That same day, I served a copy of this Order upon Mr. Fink. I requested that Mr. Herzing immediately dismiss with prejudice the Pennsylvania Action or risk sanctions for contempt. A true and correct copy of this September 21, 2006 letter is submitted as an exhibit in support of Ameriprise's current motion for sanctions.

9. On September 25, 2006, I telephoned Mr. Fink and again inquired whether Mr. Herzing would dismiss the Pennsylvania Action as required by the terms of the Court's Order. At this time, Mr. Fink indicated that Mr. Herzing did not intend to dismiss the Pennsylvania Action because he did not believe that the Order and the Final Order and Judgment applied to his client's claims. In response, I specifically read to Mr. Fink paragraph 5 of the September 21 Order, which specifically enjoins Mr. Herzing

from proceeding with claims related to the identified life insurance policies. Mr. Fink informed me that notwithstanding the terms of the Order, he intended to proceed with the Pennsylvania Action and directed me to bring the Order to the attention of that court, which I have done.

10. On September 28, 2006, in a final attempt to procure the voluntary dismissal of the Pennsylvania Action, I wrote another letter to Mr. Fink again explaining that the Pennsylvania Action was barred by this Court's prior Orders and again requesting the voluntary dismissal of Mr. Herzing's claims. A true and correct copy of this September 28, 2006 letter is submitted as an exhibit in support of Ameriprise's current motion for sanctions. To date, I have received no response from Mr. Fink to this letter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 3rd day of October 2006, in Philadelphia, Pennsylvania.

s/Joshua Horn
Joshua Horn

fb.us.61180846.02