**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Lesa Benacquisto, Daniel Benacquisto, Richard Thoresen, Elizabeth Thoresen, Arnold Mork, Isabella Mork, Ronald Melchert, and Susan Melchert, on behalf of themselves and all others similarly situated, | **Civil No. 00-cv-01980 DSD/JMM** |
| Plaintiffs, | **ORDER** |
| vs. | |
| American Express Financial Corporation, American Express Financial Advisors, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners life Insurance Company, IDS Life Insurance Company, and IDS Life Insurance Company of New York, | |
| Defendants. | |

This matter is before the court upon Defendant's Motion to Enforce Class-Action Settlement as to Claims of Leo J. Herzing presented to the Court of Common Pleas (Docket No. 275). An August 30, 2006, order from this court directed Mr. Herzing to respond to defendant's motion by September 12, 2006. Having heard no response from Mr. Herzing, the court took the matter under advisement upon the papers submitted. Based upon the Motion to Enforce Class-Action Settlement as to Claims of Leo J. Herzing raised in the Court of Common Pleas, McKean County, Pennsylvania, the

memoranda in support, the arguments of counsel and the record in this case, the Court finds and orders as follows:

1. Leo J. Herzing ("Plaintiff") filed a Complaint against Defendant American Express Financial Advisors, Inc. n/k/a Ameriprise Financial Services, Inc. ("Ameriprise") in the Court of Common Pleas for McKean County, Pennsylvania in which, *inter alia*, he seeks recovery of damages arising from the purchase of a variable universal life insurance policy that is subject to the class-action settlement previously ordered by the Court in this action.

2. Plaintiff did not make a timely election to opt out of the class and therefore became a member of the class certified by this Court in its Final Order and Judgment entered on May 15, 2001 (the "Final Order and Judgment"). (Docket # 94.) As a class member, Plaintiff is bound by all of the terms and conditions set forth in the Final Order and Judgment, including all documents incorporated therein by reference, including, but not limited to, the Stipulation of Settlement.

3. Pursuant to the Final Order and Judgment and Stipulation of Settlement, class members have released, acquitted, and forever discharged Defendants and their agents and employees from, *inter alia*, any and all past or present claims and causes of action that are based upon, related to, or connected with, directly or indirectly, in whole or in part:

> (a) the allegations, facts, or subjects set forth or otherwise raised in Benacquisto et al. v. American Express Financial Corp. et al., Civil No. 00-1980 (DSD/JMM), or in the actions consolidated in Benacquisto, et al. v. American Express Financial Corp., et al., No. 96-18477, presented to the Minnesota State Court for the County of Hennepin; or

(b) any and all direct or indirect acts, representations, omissions, suggestions, or communications that are related to or connected in any way with the design, development, marketing, sale, administration, servicing, underwriting, or performance of cash value life insurance policies ("Policies") and fixed or variable deferred annuity contracts ("Annuities") issued by any of the Defendants in this action from January 1, 1985, through February 29, 2000, including, without limitations, acts, representations, omissions, suggestions or communications in connection with:

(i) the explanation, description, marketing, sale, solicitation, illustration or replacement of any Policy or Annuity;

(ii) the application for or purchase of any Policy or Annuity;

(iii) the suitability of any purchases, sales or replacements of any Policy or Annuity;

(iv) the taking of any loans, or the accumulation of any interest or cash values on any Policy or Annuity;

(v) the setting, reduction, adjustment, payment, or lack of payment of any interest rates, purchase rates or renewal rates on any Policy or Annuity;

(vi) the setting, charging or reducing of any cost of insurance, commissions, incentives, premiums, taxes, fees, mortality and expense fee, charges, contract charges, surrender charges, or expenses on any Policy or Annuity;

(vii) the investment choices made with respect to assets held in any Policy or Annuity;

(viii) the surrender, lapse, or termination of any Policy or Annuity;

(ix) the tax status, tax impact or tax consequences of any Policy or Annuity or any actions or inaction taken with respect thereto;

(x) the costs, commissions, terms, or benefits or disadvantages of any Policy or Annuity compared to any other life insurance policy, annuity contract, or investment;

(xi) the comparison or lack of comparison of any Policy or Annuity to any other product;

(xii) the preparation by any financial advisor acting for the Company of any financial plan or the provision of financial or investment advice insofar as it resulted in the sale, modification or maintenance of any Policy or Annuity;

(xiii) the effect that a Class Member's election and award of benefits in this Settlement Agreement may have on the value of any Policy or Annuity; and

(xiv) the administration or servicing of any Policy or Annuity after its purchase.

4. Class members are permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in Benacquisto et al. v. American Express Financial Corp. et al., Civil No. 00-1980 (DSD/JMM), or in the actions consolidated in Benacquisto, et al. v. American Express Financial Corp., et al., No. 96-18477, presented to the Minnesota State Court for the County of Hennepin and/or the Released Conduct as to Policies or Annuities subject to the Final Order and Judgment.

5. Accordingly, it is hereby ordered that in accordance with the Final Order, Plaintiff is permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding based on or relating to the claims and causes of action, or the facts and circumstances relating to the claims and causes of action, or the facts and circumstances relating thereto in Benacquisto et al. v.

Case 0:00-cv-01980-DSD-JMM Document 298 Filed 09/21/2006 Page 5 of 5

American Express Financial Corp. et al., Civil No. 00-1980 (DSD/JMM), or in the actions consolidated in Benacquisto, et al. v. American Express Financial Corp., et al., No. 96-18477, presented to the Minnesota State Court for the County of Hennepin; and claims relating to any life insurance policy or variable annuity products covered therein, including but not limited to the following policy numbers: 90903075657 and 93106256950.

Dated: September 21, 2006

s/David S. Doty
The Honorable David S. Doty
United States District Judge

M2:20821420.01