FOX • ROTHSCHILD LLP

ATTORNEYS AT LAW

2000 MARKET STREET • TENTH FLOOR • PHILADELPHIA, PA 19103-3291
215.299.2000 • FAX 215.299.2150 • www.foxrothschild.com

Joshua Horn
Direct Dial: (215) 299-2184
Email Address: jhorn@foxrothschild.com

September 28, 2006

**VIA FACSIMILE (814) 642-7499**

Harold B. Fink, Jr., Esquire
Law Office of Harold B. Fink
P.O. Box 403
Port Allegheny, PA 16743

**Re: Herzing v. Ameriprise Financial, et al.**
**C.C.P. McKean County, Pennsylvania 683 CD 2006**

Dear Harold:

I write as a follow-up to our conversation of September 25, 2006, wherein you stated that your client refused to dismiss the above-captioned action against Jeffrey Davis and Ameriprise Financial Services, Inc. Specifically, you stated that your client would not abide by the terms of the September 21, 2006 Order issued by the United States District Court for the District of Minnesota ("Minnesota District Court") in Benacquisto et al. v. American Express Financial Corp. et al., Civil No. 00-1980 (DSD/JMM). As I pointed out to you, paragraph 5 of this Order states:

> in accordance with the Final Order, Plaintiff is permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding based on or relating to the claims and causes of action, or the facts and circumstances relating to the claims and causes of action, or the facts and circumstances relating thereto in Benacquisto et al. v. American Express Financial Corp. et al., Civil No. 00-1980 (DSD/JMM), or in the actions consolidated in Benacquisto, et al. v. American Express Financial Corp., et al., No. 96-18477, presented to the Minnesota State Court for the County of Hennepin; and claims relating to any life insurance policy or variable annuity products covered therein, including but not limited to the following policy numbers: 90903075657 and 93106256950.

This letter serves as my final good faith attempt to convince your client to dismiss his current action in the Court of Common Pleas (the "State Court Action").

On August 29, 2006, Fiona Ruthven, an attorney from Faegre & Benson, LLP representing Ameriprise before the Minnesota District Court served you with a copy of Ameriprise's Motion to Enforce the Class-Action Settlement as to Claims of Leo J. Herzing Raised in the Court of Common Pleas, McKean County, Pennsylvania. On August 30, 2006, the Minnesota District Court ordered that Mr. Herzing submit a response to the Motion on or before September 12, 2006. That same day, Ms. Ruthven served a copy of this Order upon you via U.S. Mail, which you conceded that you had received. At no point did you move for pro hac vice admission to the Minnesota District Court, request an extension of time to respond to the Motion, or submit any type of response to the Motion. Instead, on September 6, 2006, you issued a Ten-Day Notice of Intent to Default in the State Court Action. On September 12, 2006, I served and filed Defendants' Preliminary Objections to Complaint in the State Court Action. In these preliminary objections, I detailed the fact that Mr. Herzing's claims in the State Court Action were barred by the Minnesota District Court's Final Order and Judgment in the Benacquisto action. I attached a copy of the Motion as an exhibit to the Preliminary Objections. On September 14, 2006, I sent you a letter again requesting that your client reconsider proceeding with the State Court Action in light of the bar imposed by the class-action settlement ordered and approved by the Minnesota District Court and recent Pennsylvania Supreme Court precedent. A week later, on September 21, 2006, the Minnesota District Court issued its most recent Order enjoining your client from proceeding with the claims raised in the State Court Action. That same day, I served a copy of this Order upon you via facsimile transmission and specifically requested that your client dismiss his claims with prejudice as required by the terms of the Order. He has refused to do so.

It is clear that you have no intention of complying with Judge Doty's Order regarding your client's claims in the State Court Action. You and your client's refusal to abide by a lawful order is requiring Defendants to incur unnecessary and wasteful defense costs in the State Court Action. If you do not provide written confirmation by the close of business on Monday, October 2, 2006 that your client will abide by the terms of the September 21, 2006 Order and dismiss the State Court Action with prejudice, Ameriprise will have no choice to move for sanctions for contempt in the Minnesota District Court

Very truly yours,

Joshua Horn

JH/ebm

cc: Fiona B. Ruthven, Esquire (Via Facsimile 612-766-1600)

FOX • ROTHSCHILD LLP
ATTORNEYS AT LAW