**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESON, ARNOLD MORK, ISABELLA MORK, RONDALD MELCHERT and SUSAN MELCHERT, On behalf of themselves and all others Similarly situated,

Plaintiffs,

Civil Case No. 00-1980 (DSD/JMM)

vs.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

**DECLARATION IN OPPOSITION TO MOTION**

---

Michael J. Van Riper hereby declares as follows:

1. I am an attorney-at-law associated with the law firm of Tressler, Soderstrom, Maloney & Priess.

2. I make this Declaration in opposition to the Motion to Enforce Class Action Settlement filed by the movant herein, Ameriprise Financial Services, Inc., formerly known as American Express Financial Advisors, Inc ("Ameriprise").

3. Attached as Exhibit A are true and correct copies of three online account service and transaction reports provided by Ameriprise for the three annuity accounts at issue in the arbitration.

4. Attached as Exhibit B is a true and correct copy of Claimants' year 2004 Ameriprise account statement, showing three annuity accounts and several mutual funds accounts at issue in the arbitration.

5. Attached as Exhibit C is a true and correct copy of the decision rendered by the United States District Court for the District of New Jersey in *In Re The Prudential Ins. Co. of Am. Sales Practices Litigation*, Case No. 95-4704 (DRD), dated May 26, 2006.

6. Attached as Exhibit D is a true and correct copy of the decision and Order rendered by this Court in this action on Ameriprise's previous Motion to Enforce Settlement Against Paul and Tyva Russell, dated January 5, 2006.

7. Attached as Exhibit E is a true and correct copy of internal correspondence, provided to Claimants during document discovery in the underlying arbitration and bates-stamped AMP GAV 1197 through 1196, which was prepared by Ameriprise when evaluating the Claimants' grievance prior to the arbitration.

8. Upon receipt and review of these papers, I was unsure as to whether the instant motion sought to bar the entire arbitration or only certain claims. Specifically, the Introduction to the Memorandum of Law in Support of the Motion states, without limitation, that "John Gavula and Beverly Tanenhaus ("Claimants") seek to arbitrate claims that they already released under the class-action settlement in this case. Indeed, under the settlement, Claimants already received relief for these claims. Because the Court has specifically barred the double recovery that Claimants now seek before the NASD, the Court should enjoin them from arbitrating these

claims, which were previously resolved and released pursuant to the terms of the class-action settlement agreement approved and ordered by this Court."

9. The Motion to Enforce Class Action Settlement (the "Motion") submitted by Ameriprise moves the Court for "an order barring [John Gavula and Beverly Tanenhaus] from pursuing claims before the NASD..."

10. The proposed form of Order submitted by Ameriprise would have this Court enjoin arbitration of claims "based on or relating to the claims and causes of action, or the facts and circumstances relating to the claims and causes and action, or the facts and circumstances relating to thereto in Benacquisto et al. v. American Express Financial Corp. et al... and claims relating to any life insurance policy or variable annuity products covered therein, **including but not limited to** variable annuities 9310-6321235-7 and 9310-6321267-0." (emphasis added).

11. Prior to the filing of this opposition, I contacted counsel for Ameriprise to clarify the breadth of the instant Motion to Enforce Class Action Settlement and to determine whether Ameriprise sought to enjoin the entire arbitration or only those claims based on variable annuity accounts 9310-6321235-7 and 9310-6321267-0. Although counsel seemingly agreed that the release does not bar annuities purchased after the close of the class period, counsel would not confirm that the instant motion sought only to bar claims based on variable annuity accounts 9310-6321235-7 and 9310-6321267-0 without the opportunity to further review the matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the
17th day of October, 2006

Michael J. Van Riper, Esq.
Tressler, Soderstrom, Maloney
& Priess, LLP
744 Broad Street, Ste. 1510
Newark, New Jersey 07144