**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

**Civil No. 00-1980 DSD/JMM**

**OPPOSITION TO MOTION FOR RECONSIDERATION**

---

## Introduction

Plaintiff Leo J. Herzing ("Claimant") moves this Court for an Order reconsidering its prior Order, which enjoined him from litigating settlement-barred claims before the Pennsylvania Court of Common Pleas. Claimant has provided no grounds, other than his counsel's neglect, as support for his request for extraordinary relief. Because the Eighth Circuit has roundly rejected counsel's neglect as a basis for reconsideration, Defendant

Ameriprise Financial Services, Inc. f/k/a American Express Financial Advisors, Inc. ("Ameriprise") respectfully requests that the Court deny Claimant's motion.

## Factual Background

On August 29, 2006, Ameriprise filed a motion with the Court requesting entry of an Order enforcing the class-action settlement in this action and barring Claimant from pursuing released claims before the Pennsylvania court. (Docket # 275.) That same day, Ameriprise served a copy of this motion upon Claimant's counsel, Harold B. Fink. (Ruthven Decl. ¶ 2.) On August 30, 2006, the Court entered, and Ameriprise served upon Mr. Fink, a scheduling Order directing Claimant to respond to Ameriprise's motion on or before September 12, 2006. (Docket # 280; Ruthven Decl. ¶ 3.) At no point did Mr. Fink reach out to Ameriprise's counsel to seek an extension of time to respond to the motion. (Ruthven Decl. ¶ 4.) Claimant never filed an opposition to Ameriprise's motion. Accordingly, on September 21, 2006, the Court entered, and Ameriprise served upon Mr. Fink, an Order enjoining Claimant from proceeding with the relitigation of settlement-barred claims before the Pennsylvania State Court. (Docket #298.) Now, Claimant asks this Court to reconsider its prior Order but provides no reasonable basis for such a grant of extraordinary relief. Claimant's motion should be denied.

## Argument

### I. Claimant Failed to Follow the Local Rules in Seeking Relief from the Court's Order.

Claimant's motion for reconsideration is procedurally defective and should be denied by the Court. First, Claimant did not seek permission from the Court to file his

motion as required by Local Rule 7.1(g). D. Minn. R. Civ. P. 7.1(g) ("Motions to reconsider are prohibited except by express permission of the Court, which may be granted only upon a showing of compelling circumstances."). Second, Claimant did not provide the necessary documents required to present a motion under the Local Rule governing non-dispositive motion practice. D. Minn. R. Civ. P. 7.1(a)(1) ("No motion shall be heard . . . unless the moving party files pursuant to L.R. 5.2 and serves the following documents at least 14 days prior to hearing . . . ."). In addition, Claimant's motion was not electronically filed with the Court in violation of the Court's Electronic-Case Filing procedures. D. Minn. R. Civ. P. 5.1 ("All documents shall be filed electronically except as otherwise provided by (i) Local Rule, (ii) specific court order, or (iii) the Electronic Case Filing Procedures for the District of Minnesota."). For all of these reasons, the motion is procedurally defective and should be denied.

## II. Claimant Has Shown No Grounds Justifying Reconsideration of the Court's Order

Even if the Court were to ignore the procedural infirmities of Claimant's motion, the motion nonetheless fails on the merits. Claimant's motion papers fail to establish "compelling circumstances" as required under Local Rule 7.1(g) or any of the bases for reconsideration under Rule 60. *See* Fed. R. Civ. P. 60(b) (delineating grounds upon which a party may receive relief from court orders). Claimant has not shown exceptional circumstances that would support any right to extraordinary relief under Rule 60(b). *Sanders v. Clemco Indus.*, 862 F.2d 161, 169 n. 14 (8th. Cir. 1988) ("Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of

exceptional circumstances."). Accordingly, the motion for reconsideration should be denied.

Mr. Fink cannot establish any basis under Rule 60 for reconsideration of the Court's Order. In the motion, Mr. Fink admits that he received copies of Ameriprise's motion papers, yet did nothing to respond to them. Indeed, Mr. Fink candidly acknowledges that he "did in fact receive a huge packet of documents back in August 2006 which initially raised the issue of the District Court of Minnesota granting a preclusive order which would preclude Leo J. Herzing from any further action in the Court of Common Pleas of McKean County, Pennsylvania." (Pl.'s Mot. at ¶ 1.) Rather than contact Ameriprise's counsel regarding any questions he might have had Ameriprise's motion, Mr. Fink did nothing because "he did not recognize the huge packet of documents filed in the above captioned matter for what they actually were and accordingly did not recognize the need to respond to them." (*Id.* at ¶ 2.)[1] This failure to respond was directly contrary to the terms of the Court's scheduling Order, which unambiguously set forth the briefing schedule relating to Ameriprise's motion. (*See* Docket # 334 ¶ 1 ("Leo J. Herzing shall file his response to defendant's motion not later than September 12, 2006.").) Ignoring a scheduling Order is not excusable neglect. *Ivy v. Kimbrough*, 115 F.3d 550, 552 (8th Cir. 1997) (noting that "excusable neglect"

[1] In fact, Mr. Fink received approximately 168 pages. Ameriprise disagrees that this could possibly constitute such an unreasonably high number of pages so as to justify Mr. Fink from responding. Furthermore, Ameriprise does not believe that these documents were in any way hard to read or understand. Even if they were, Mr. Fink could, and should, have called Ameriprise's counsel or the Court for whatever guidance he felt he

requires "'good faith' and some reasonable basis for noncompliance with the rules'") (quoting *Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)). The facts presented do not show extraordinary circumstances sufficient to justify a reconsideration of the Court's Order. *See* Fed. R. Civ. P. Rule 60(b).

Rather than show a right to relief, Mr. Fink's admissions conclusively prove that there are no legitimate grounds for reconsidering the Court's Order under Rule 60. *See* Fed. R. Civ. P. 60(b)(1) (allowing reconsideration of prior Orders on the grounds of mistake, inadvertence, surprise or excusable neglect). While it is true that Mr. Herzing's attorney neglected to respond to the motion, such neglect is inexcusable as a matter of law. *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) ("Neither a mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect."). Mr. Fink candidly admits that he received notice of the pendency of Ameriprise's motion yet did nothing to respond to it. (Pl.'s Mot. at ¶ 1 & 2.) Simply ignoring motion papers cannot be construed as good faith, is not excusable neglect, and cannot form the basis for any right to relief under Rule 60(b).

Similarly, Mr. Fink's contentions that the package of documents that he received was "huge" and that he did not "recognize the need to respond to them" provide no basis for an award of relief under Rule 60(b). Neither in the Eighth Circuit, nor in Pennsylvania, is an attorney's carelessness or dilatoriness an acceptable excuse for a party's failure to file a response to a pleading or motion. *See MIF Realty L.P. v.*

---

needed. Mr. Fink has been practicing law for over forty years, and, was, at one time, a Pennsylvania State judge.

*Rochester Assocs.*, 92 F.3d 752, 757 (8th Cir. 1996) ("Ordinarily, attorney carelessness or neglect is not cognizable under Rule 60(b)."); *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir. 1969) ("[N]either ignorance nor carelessness on the part of an attorney will provide grounds for 60(b) relief."); *Davis v. Burton*, 529 A.2d 22, 23 (Pa. Super. 1987) (an attorney's dilatoriness is not an excuse for failing to file an answer to a complaint); *Keystone Boiler Works, Inc. v. Combustion& Energy Corp.*, 439 A.2d 792, 794 (Pa. Super. 1982) (carelessness or dilatoriness by an attorney are unacceptable mistakes concerning a failure to file an answer). Mr. Fink's failure to respond to Ameriprise's motion is not the type of mistake for which Rule 60(b) provides relief. *See MIF Realty*, 92 F.3d at 757 (recognizing that attorney is error is not the type of mistake that allows for Rule 60 relief).

Mr. Fink's alleged ignorance regarding the court proceedings in Minnesota is disingenuous at best. Mr. Fink admits that he received service of Ameriprise's Motion to Enforce Class Settlement. (Pl.'s Mot. ¶ 1.) On September 11, 2006, Ameriprise served Mr. Fink with the preliminary objections to the Complaint filed with the Pennsylvania State Court. Attached as an exhibit to the preliminary objections was another copy of Ameriprise's motion. On September 14, 2006, Ameriprise's counsel in the Pennsylvania action, wrote to Mr. Fink and advised him that Mr. Herzing's time to respond to Ameriprise's Motion to Enforce Class Settlement had expired. (Ex. 1) At each of these times, Mr. Fink made no attempt to respond to the motion. Further, on September 21, 2006, after the Order was entered and served upon him, Mr. Fink did nothing again. (Ex. 2) Accordingly, any representation that Mr. Herzing was unaware of, or did not have the

opportunity to respond to, Ameriprise's Motion to Enforce Class Settlement is patently false and is not a proper basis for reconsideration of the Court's Order. Claimant's motion for reconsideration should be denied.

## Conclusion

For the reasons set forth above, Defendant Ameriprise Financial Services, Inc. respectfully requests that the Court deny Leo J. Herzing's Motion for Reconsideration.

Dated: October 20, 2006

FAEGRE & BENSON LLP

s/Fiona B. Ruthven

Michael F. Cockson (#280549)
Fiona B. Ruthven (#333761)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone No. (612) 766-7000
Facsimile No. (612) 766-1600

**ATTORNEYS FOR DEFENDANTS**

fb.us.61216786.02