UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1980(DSD/JMM)

Lesa Benacquisto, Daniel Benacquisto, Richard Thoresen, Elizabeth Thoresen, Arnold Mork, Isabella Mork, Ronald Melchert and Susan Melchert, on behalf of themselves and all others similarly situated,

Plaintiffs,

v. **ORDER**

American Express Financial Corporation, American Express Financial Advisors, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, IDS Life Insurance Company and IDS Life Insurance Company of New York,

Defendants.

This matter comes before the court on unnamed class member Leo J. Herzing's motion to reconsider the September 21, 2006, order of this court and upon defendants' motion for sanctions. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies Herzing's motion to reconsider and grants defendants' motion for sanctions in part.

**BACKGROUND**

On August 21, 2000, a class action was initiated against

defendants Ameriprise Financial Services, Inc., formerly known as American Express Financial Advisors, Inc., IDS Life Insurance Company and Jeffrey L. Davis (collectively "Ameriprise"), asserting numerous claims related to the marketing, sale, servicing and administration of certain cash-value insurance policies. Within a month of filing, the parties submitted a stipulation of settlement, and after notifying the class and holding a fairness hearing, the court entered the Final Order and Judgment ("Final Order"), which certified the class, approved the terms proposed by the parties in the settlement agreement and dismissed with prejudice the claims of the class members. (See Order of May 15, 2001.) The Final Order permanently barred and enjoined class members from commencing any other lawsuit, arbitration or administrative, regulatory, or other proceeding in any jurisdiction relating to any claims released pursuant to the terms of the settlement agreement. (Id.) The court expressly retained jurisdiction to enforce and interpret the Final Order. All class members who did not opt out of the class thereby agreed to a broad release of a wide variety of claims related to the policies at issue in the class action.

On July 6, 2006, Leo J. Herzing filed suit against Ameriprise in the Pennsylvania Court of Common Pleas for McKean County, alleging that his Ameriprise advisor made certain material misrepresentations and omissions in the sale of his insurance policy. On August 29, 2006, Ameriprise moved this

court to enforce the Final Order, arguing that the claims asserted in the Pennsylvania action had been released pursuant to the terms of the settlement agreement. The following day, the court issued an order giving Herzing until September 12, 2006, to respond to Ameriprise's motion. Herzing failed to respond, and on September 21, 2006, the court issued an order enforcing the Final Order and enjoining him from proceeding with relitigation of the settlement-barred claims in the Pennsylvania court. Herzing has not ceased the Pennsylvania action.

Herzing now moves the court to reconsider its September 21, 2006 order. Ameriprise moves the court to find Herzing in contempt and sanction him and his attorney, Harold B. Fink, Jr., for refusing to comply with the court's September 2006 order. As of October 5, 2006, Ameriprise has incurred $1,800.00 in costs and fees to enforce the Final Order and the court's September 2006 order, to defend the motion for reconsideration and Pennsylvania action and to move the court for sanctions. (Ruthven Decl. at 2.)

## DISCUSSION

### I. Motion for Reconsideration

Herzing provided no apposite legal authority justifying reconsideration, either in writing or at oral argument. Moreover, he did not comply with Local Rule 7.1(g), which requires a party to request the court's permission – via letter

showing compelling circumstances – before filing a motion for reconsideration. The court therefore denies Herzing's motion to reconsider the September 21, 2006, order enforcing the Final Order against him.

**II. Motion for Sanctions**

Ameriprise moves to sanction Herzing and his attorney, Harold B. Fink, Jr., for contempt, and Herzing has filed no response opposing this motion. Pursuant to 18 U.S.C. § 401, a court may punish a party by fine or imprisonment for disobeying its orders. See Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 293 F.3d 409, 418 (8th Cir. 2002) ("As a general matter, when a litigant refuses to respect the authority of the court, it is not an abuse of discretion for the court to hold the litigant in contempt and impose a sanction to coerce compliance."). Such sanctions serve a dual purpose. They ensure a party's compliance with court orders and compensate the other party for the harm incurred by noncompliance. See Hartman v. Lyng, 884 F.2d 1103, 1106 (8th Cir. 1989). The party seeking a contempt order "bears the burden of proving facts warranting such relief by clear and convincing evidence." Jake's, Ltd. v. City of Coates, 356 F.3d 896, 899-900 (8th Cir. 2004).

An attorney may also be subject to sanctions, pursuant to 28 U.S.C. § 1927, for multiplying the proceedings in any case "unreasonably and vexatiously." Sanctions are appropriate under § 1927 when "attorney conduct, viewed objectively, manifests

either intentional or reckless disregard of the attorney's duties to the court." Lee v. First Lenders Ins. Servs., Inc., 236 F.3d 443, 445 (8th Cir. 2001) (citation omitted).

The court finds that Ameriprise has proved by clear and convincing evidence that sanctions are warranted in this case. Herzing did not opt out of the stipulated class action settlement, despite the court-approved notice given prior to the issuance of the Final Order. (See Lake Decl. at 2-3.) Ameriprise has established that the claims associated with the Pennsylvania lawsuit were released pursuant to the Final Order. (See Order of Sept. 21, 2006.) Therefore, Herzing's Pennsylvania lawsuit has been enjoined by the Final Order, and his persistence violates the court's September 21, 2006, order. (Id.) Herzing received a copy of the September 2006 order through his counsel but has refused to follow it, offering no legal support for his failure to comply. (See Horn Decl., Doc. No.327, at 3-4.)

For these reasons, the court finds Herzing in contempt of court and subject to sanctions pursuant to 18 U.S.C. § 401. Further, the court finds that Herzing's attorney, Harold B. Fink, Jr., has acted to unreasonably and vexatiously multiply the proceedings in this case and is subject to sanctions pursuant to 28 U.S.C. § 1927. Herzing and his attorney shall immediately pay Ameriprise $3,600.00, the amount requested at oral argument, and they will be given thirty days to dismiss the Pennsylvania action before the requested daily fine for noncompliance will begin.

Therefore, the court grants Ameriprise's motion for sanctions in part.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Leo J. Herzing's motion for reconsideration [Doc. No. 334] is denied.

2. Ameriprise's motion for sanctions for contempt [Doc. No. 323] is granted in part.

3. Leo J. Herzing and his counsel, Harold B. Fink, Jr., are jointly and severally liable to defendant in the amount of $3,600.00. This amount constitutes the amount requested at hearing which the court finds reasonable.

4. Leo J. Herzing shall dismiss the Pennsylvania action by November 30, 2006.

5. If Leo J. Herzing refuses to comply with the terms of this order, the court will assess a fine of $25.00 per day, to begin accruing on December 1, 2006, until the Pennsylvania action is dismissed.

Dated: October 31, 2006

s/David S. Doty
Judge David S. Doty
United States District Court