**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| LISA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,<br><br>Defendants. | CIVIL ACTION NO. 00-1980 DSD/JMM |

**BRIEF IN SUPPORT OF MOTION TO INTERVENE**

On the Brief:

Andrew W. Sidman, Esq.
A. Wesley Bridges, Esq.

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

ARGUMENT

I

MOVANTS SHOULD BE PERMITTED TO INTERVENE IN THIS MATTER AS OF RIGHT ........ 2

II

MOVANTS SHOULD BE PERMITTED TO INTERVENE IN THIS MATTER IN THE DISCRETION OF THE COURT ........ 5

CONCLUSION ........ 6

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

Lake Investors Development Group v. Egidi Development Group,
715 F.2d 1256 (7th Cir. 1983) .......... 3

Michaels Stores, Inc. v. Castle Ridge Plaza Associates,
6 F. Supp. 2d 360 (D.N.J. 1998 .......... 4

N.L.R.B. v. Frazier,
144 F.R.D. 650 (D.N.J. 1992) .......... 2

Snyder's Drug Stores, Inc. v. Minnesota State Bd. of Pharmacy,
301 Minn. 28, 221 N.W.2d 162 (1974).......... 4

Traveler's Insurance Company v. Obusek,
72 F.3d 1148 (3d Cir. 1995) .......... 4

Voilas v. General Motors Corp.,
173 F.R.D. 389 (D.N.J. 1997) .......... 7

Weiler v. Lutz,
501 N.W.2d 667 (Minn.App. 1993).......... 5

## FEDERAL STATUTES

Fed. R. Civ. P. 24 .......... 2

Fed. R. Civ. P. 24(a) .......... 2, 7

Fed. R. Civ. P. 24(b) .......... 7

## TREATISES

7C Wright, Miller & Kane, Federal Practice & Procedure, § 1911 at 357 (1986) .......... 7

## PRELIMINARY STATEMENT

The facts underlying this motion to intervene are described in the accompanying Declaration of Andrew W. Sidman and the Motion to Enforce Class Action Settlement as to the Claims of Marga Bruderek ("Bruderek") Presented to the NASD annexed thereto.

In short, Bruderek filed a Statement of Claim with the NASD seeking to arbitrate claims that she previously released under the terms of a class-action settlement entered into before this Court. Defendants, Independent Financial Marketing Group, Inc. ("IMFG") and Carmella Michaels ("Ms. Michaels") (collectively, "Movants"), seek to intervene in this matter for the limited purpose of obtaining an Order enjoining Bruderek from pursuing the arbitration claim before the NASD.

## ARGUMENT

### MOVANTS SHOULD BE PERMITTED TO INTERVENE IN THIS MATTER AS OF RIGHT

Fed. R. Civ. P. 24 governs intervention. Fed. R. Civ. P. 24(a) provides for intervention as of right:

> Upon timely application anyone shall be permitted to intervene in an action: . . . .(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The rule respecting intervention as of right should be liberally construed. See N.L.R.B. v. Frazier, 144 F.R.D. 650, 655 (D.N.J. 1992) and cases cited therein.

There are four requirements to be met in order to succeed in a Rule 24(a)(2) application:

> (1) The application must be timely;
>
> (2) The applicant must have direct interest in the subject matter of the litigation;
>
> (3) The applicant's interest must be impaired by disposition of the action without the applicant's involvement; and
>
> (4) The applicant's interest must not be represented adequately by any existing party to the action.

Id. (quoting Harris v. Reeves, 946 F.2d 214, 219 (3d Cir. 1991), cert. den. sub nom., Abraham v. Harris, 503 U.S. 952 (1992). These requirements are clearly met here.

Movants' application is timely. This Court's Final Order and Judgment were entered in December, 2002. Prior to that time, Movants had no standing to intervene because they were not named parties to the action and because they had nothing in controversy.

Second, Movants have a direct interest in the underlying class action and enforcement of the settlement, as well as compliance with this Court's Final Order and Judgment because the action will affect Movants' rights through the doctrine of stare decisis. See Lake Investors Dev. Group v. Egidi Dev. Group, 715 F.2d 1256, 1258-59 (7th Cir. 1983).

Third, Movants' interests will be impaired if Bruderek is permitted to violate the Final Order and Judgment because they will be required to defend an action previously settled and barred pursuant to court order. Under these circumstances, Movants should not be compelled to sit on their hands and permit Bruderek to bring this claim.

The Federal Courts have recognized that, in the context of declaratory judgment relief, a party need not await actual injury before seeking relief:

> [p]arties' interests are adverse where harm will result if the declaratory judgment is not entered. Although the action cannot be based on a contingency, the party seeking declaratory relief need not wait until the harm has actually occurred to bring the action. Thus, in an appropriate circumstance, a litigant can seek a declaratory judgment where the harm is threatened in the future. However, the plaintiff must demonstrate that the probability of that future event occurring is real and substantial, "'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Accordingly, a party need not decide between attempting to meet the nearly insurmountable

> burden of establishing that the relevant injury is a mathematical certainty to occur, nor must a party await actual injury before filing suit. Erecting such barriers would eviscerate the Declaratory Judgment Act and render the relief it was intended to provide illusory. However, ripeness requires that the threat of future harm must remain "real and immediate" throughout the course of the litigation.

Snyder's Drug Stores, Inc. v. Minnesota State Bd. of Pharmacy, 301 Minn. 28, 221 N.W.2d 162 (1974); Traveler's Insurance Company v. Obusek, 72 F.3d 1148, 1154 (3d Cir. 1995) (citations omitted). See also Michaels Stores, Inc. v. Castle Ridge Plaza Associates, 6 F.Supp. 2d 360, 365 (D.N.J. 1998), quoting Mountain Top Condominium Ass'n. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 368 (3d Cir. 1995) ("All that is necessary to satisfy this intervention requirement is a showing by the applicant that their interest might become affected or impaired, as a practical matter, by the disposition of the action in [its] absence"). While Movants cannot predict to a "mathematical certainty" that they will be adversely affected by Bruderek's pursuit of her arbitration claim, the perceived injury is "real and immediate."

Finally, it is clear that the interests of Movants will not be represented adequately by any party to the action. The only parties remaining in this action are Bruderek and Amerprise. Movants are adverse to Bruderek and Amerprise is under no duty to represent the interest of Movants and cannot be relied upon to do so.

**MOVANTS SHOULD BE PERMITTED TO INTERVENE IN THIS MATTER IN THE DISCRETION OF THE COURT**

Where intervention as of right is not permitted, one may obtain permissive intervention under Fed. R. Civ. P. 24(b), which provides:

> Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Movants, having satisfied the requirements under Fed. R. Civ. P. 24(a), "it follows that their moving papers would also satisfy the requirements for permissive intervention." Weiler v. Lutz, 501 N.W.2d 667 (Minn.App. 1993), affirmed 512 N.W.2d 868 (Minn. 1994); Voilas v. General Motors Corp., 173 F.R.D. 389, 395 n.5 (D.N.J. 1997).

It is also well recognized that "[p]ermissive intervention may be permitted where the intervenor has an economic interest in the outcome of the suit." 7C Wright, Miller & Kane, Federal Practice and Procedure, § 1911 at 357 (1986). There can be no doubt here that Movants have a clear economic interest in enforcing the underlying Settlement and this Court's Final Order and Judgment. That limited purpose of intervention directly impacts the rights of Movants.

It goes without saying that intervention will neither cause delay to these proceedings nor prejudice the rights of the existing parties.

**CONCLUSION**

For these reasons, it is respectfully requested that the Court grant the motion of

Dated**:** December 11, 2006

Respectfully Submitted,

Bressler, Amery & Ross, P.C.

/s/ Andrew W. Sidman

Andrew W. Sidman
A. Wesley Bridges
17 State Street
New York, NY 10007
Telephone: (212) 425-9300
Facsimile: (212) 425-9337

Attorneys for Movants Independent Financial Marketing Group, Inc. and Carmella Michaels

DORSEY & WHITNEY LLP

By: s/J David Jackson

J David Jackson (No. 0049219)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2807

Local Counsel for Movants Independent Financial Marketing Group, Inc. and Carmella Michaels