# *EXHIBIT 1*

JOHN J. BLANCHARD
2150 Highway 35
Sea Girt, New Jersey 08750
(732)449-1660
Attorney for Claimant

| | |
|---|---|
| **MARGA BRUDEREK**<br><br>Claimant,<br><br>vs.<br><br>**CARMELA MICHAELS, MARKETING ONE SECURITIES INC., AMERICAN EXPRESS FINANCIAL ADVISORS, INC., and IFMG SECURITIES INC.,**<br><br>Respondents. | NATIONAL ASSOCIATION OF SECURITIES DEALERS<br><br>Claim No.<br><br>**COMPLAINT** |

Claimant, through her Attorney, John J. Blanchard, by way of Complaint against the Respondents herein, alleges and says:

## THE RESPONDENTS

At all times pertinent hereto:

1. Upon information and belief, Carmela Michaels ("Michaels") was a registered representative and agent acting on behalf of herself, Marketing One Securities, Inc. and American Express Financial Advisors Inc. Her last known business address is 730 Jamaica Boulevard, Toms River, New Jersey 08757.

2. Upon information and belief, Marketing One Securities, Inc. ("Marketing One") was a broker dealer and member of the National Association of Securities Dealers, Inc. ("NASD") offering investment advice and products through Sovereign Bank, which held out Michaels as one of its agents. The last known business address for Marketing One was 2000 Route 70, Lakehurst, New Jersey 08733.

3. Upon information and belief, American Express Financial Advisors Inc. ("American Express") is a member firm of the NASD distributing investment products on behalf of American Enterprise Life Insurance Company.

4. Upon information and belief, IFMG Securities Inc. ("IFMG") is by operation of law the successor in interest to Marketing One and is located at 100 Manhattanville Road, Purchase, New York 10577. IFMG is a member firm of the NASD.

## STATEMENT OF FACTS

On or about June 2005, the Claimant was made aware of the gross misrepresentations made to her in the sale of an American Enterprise Life Variable Annuity and the securities purchased in her annuity account. Claimant was unaware that the American Enterprise Life Variable Annuity and the securities purchased in the account established for her by Respondents Carmela Michaels, Marketing One Securities, Inc., and American Express Financial Advisors, Inc., had substantially damaged and impaired her retirement funds until after a family friend brought her substantial losses in her annuity account to her attention. Because the Claimant fully relied to her detriment that the Annuity sold to her and the securities purchased in the account

established for her was in her best interests and suitable for her investment objectives, she had no reason to doubt the suitability of the annuity investments sold to her by Respondents Carmela Michaels, Marketing One Securities, Inc., and American Express Financial Advisors, Inc.

Finally realizing the financial hardship caused by the unsuitable investment advice by the Respondents Carmela Michaels, Marketing One Securities, Inc., and American Express Financial Advisors Inc., the Claimant immediately contacted Respondent IFMG seeking to address the injustice caused by the unsuitable investment, but was told by Respondent IFMG that her claim was denied.

Only after this denial of restitution by Respondent IFMG did the Claimant seek out legal help. The losses sustained by the Claimant due to this unsuitable investment amounts to $200,000.00 in actual losses plus approximately $100,000.00 of compensatory losses in the form of lost investment opportunity, since the claimant has been in safe secure investments prior to the unsuitable annuity purchase.

Claimant is 75 years of age, has been a widow for 15 years, lives on her own and is totally dependant on Social Security of $1,300 per month and pension benefits of $300 per month. The Claimant was never employed in a profession or owned her own business and never attended college or any other schooling in which financial courses would have been available. In short, the Claimant is an older widow with meager sources of income, uneducated and by anyone's definition is someone who is not a sophisticated investor.

## JURISDICTION AND BACKGROUND

1. This is an action for damages brought under the laws of the State of New Jersey before the National Association of Securities Dealers and in accordance with the Uniform Code of Arbitration and the National Association of Securities Dealers ("NASD") Rules and Regulations.

2. Claimant resides at 349 Kildare Drive, Toms River, New Jersey 08753.

3. At all times pertinent hereto, Respondent IFMG was a member firm of the NASD, operating various offices through its agents or employees, at 100 Manhattanville Road, Purchase, New York 10577.

4. At all times pertinent hereto, Respondent Marketing One was a member firm of the NASD, operating various offices through its agents or employees, including an office at 2000 Route 70 Lakehurst, New Jersey 08733.

5. Upon information and belief and at all times pertinent hereto, Respondent American Express was a distributor of annuities and various life insurance products for American Enterprise Life Insurance Company ("American Enterprise"). American Enterprise operated from offices located at Ameriprise Center, Minneapolis, Minnesota 55474.

6. Upon information and belief and at all times pertinent hereto, Respondent Michaels was an agent or employee of Respondents Marketing One (and, by operation of law, its successor in interest IFMG), and American Express.

7. Upon information and belief, Respondent Michaels was the registered representative employed by Respondents in personal charge of the annuity account of the Claimant herein (Account Number 9920-3363264).

8. At all times pertinent hereto, the Claimant lacked knowledge of, or experience in, securities and investment matters, was an unsophisticated investor, and, in particular, lacked any knowledge in the risks and effects of purchasing securities and annuities.

9. At all times pertinent hereto, the Claimant was without an advanced educational degree or special training in securities markets.

10. In connection with the maintenance of the Claimant's account, Respondents Marketing One (and, by operation of law, its successor in interest IFMG), American Express and Respondent Michaels intentionally misrepresented to the Claimant that: a) purchasing an annuity and maintaining the securities purchased in her annuity account was a safe and sure investment that would increase her retirement funds; b) that the purchasing of an annuity and maintaining the securities purchased in her annuity account were suitable investments in light of the Claimant's age, knowledge, net worth and investment objective.

11. In connection with the maintenance of the Claimant's securities in her annuity account, Marketing One (and, by operation of law, its successor in interest IFMG), American Express and Respondent Michaels intentionally failed to disclose to the Claimant material information concerning the nature and risks associated with purchasing an annuity and maintaining the securities purchased in her annuity account.

12. In connection with the maintenance of the Claimant's securities in her annuity account, Marketing One (and, by operation of law, its successor in interest IFMG), American Express and Respondent Michaels negligently failed to disclose to the Claimant material information concerning the nature and risks associated with purchasing an annuity and maintaining the securities purchased in her annuity account.

13. At all times pertinent hereto, Respondent Michaels exercised exclusive control over the account of the Claimant by virtue of the Claimant's reliance upon Respondent Michaels.

14. In the exercise of said control, Respondent Michaels advised the Claimant to make unsuitable investments resulting in substantial losses to the Claimant.

15. The Claimant relied, to her detriment, upon the representations made by Marketing One (and, by operation of law, its successor in interest IFMG), American Express and Respondent Michaels and upon the willful omissions by Marketing One (and, by operation of law, its successor in interest IFMG), American Express and Respondent Michaels, which

representations and willful omissions were of a material nature. In addition, the Respondents had a duty, but failed to disclose the willful omissions here and before set forth.

16. As a result of her reliance on Marketing One (and, by operation of law, its successor in interest IFMG), American Express and Respondent Michaels, the Claimant lost approximates $300,000.00.

## FIRST COUNT

17. Respondents engaged in acts and practices named in this Count which constituted violations of the Securities Exchange Act of 1934 and its rules and regulations, and the rules and regulations of the National Association of Securities Dealers in that the Respondents, in connection with the purchase and sale of the unsuitable annuity:

(a) Employed devices and schemes, including but not limited to, the activities alleged in this Count, to defraud the Claimant;

(b) Made untrue statements of material facts to the Claimant including, inter alia, those alleged herein, or omitted to state material facts, including, inter alia, those alleged herein, necessary in order to make the statements, in light of the circumstances under which they were made, not misleading;

(c) Engaged in acts, practices or courses of business, including but not limited to, activities alleged herein, and further including, but not limited to, solicitations and recommendations alleged herein, which operated as a fraud and deceit on the Claimant;

(d) At all times pertinent hereto, Respondents intentionally concealed the high risks involved with purchasing an annuity;

(e) At all times pertinent hereto, Respondents engaged in a fraudulent course of business in the management of the Claimant's account; and

(f) At all times pertinent hereto, the Claimant was fraudulently induced into maintaining an account with Respondents by the willful misrepresentations by Respondents of the benefits of purchasing an annuity but Respondents intentionally and negligently failed to fully disclose the risks in doing same.

18. The Claimant relied on the above misrepresentations to her eventual detriment including, but not limited to, the substantial losses in her account.

WHEREFORE, Claimant demands judgment, jointly and severally, against the Respondents as follows:

(a) Compensatory damages;
(b) Interest;
(c) Attorney's fees and cost.

SECOND COUNT

19. Claimant realleges and incorporates by reference each and every allegation of paragraphs 1 through 18 of this Complaint as if fully set forth herein at length.

20. Respondents, or through its agents and representatives, acted in grossly negligent, careless and reckless manner and with complete indifference to, and wanton disregard of, the consequences to the Claimant.

WHEREFORE, Claimant demands judgment, jointly and severally, against the Respondents for:

(a) Compensatory damages;
(b) Interest;
(c) Attorney's fees and costs.

THIRD COUNT

21. Claimant realleges and incorporates by reference each and every allegation of paragraph 1 through 20 of this Complaint as if fully set forth herein at length.

22. In recommending that the Claimant engage in purchasing an annuity in effecting transactions in the Claimant's account and in servicing the Claimant's account, the Respondents

intentionally, willfully, wantonly and maliciously engaged in acts and practices which constituted a fraud and deceit upon the Claimant by means of acts and omissions of material fact as specifically set forth in paragraphs 1 through 20 of this Complaint.

23. At all times mentioned herein, the Respondents knew or should have known the omissions of material fact and fraudulent acts and practices made in connection with the Claimant's account with Respondents.

24. In maintaining her account with the Respondents, the Claimant relied on the misleading statements, omissions and fraudulent acts and practices engaged in by the Respondents.

WHEREFORE, Claimant demands judgment, jointly and severally, against the Respondents for:

(a) Compensatory damages;
(b) Interest;
(c) Attorney's fees and costs.

FOURTH COUNT

25. Claimant realleges and incorporates by reference each and every allegation of paragraph 1 through 24 of this Complaint as if set forth herein at length.

26. Respondents went beyond giving advice to the Claimant on investment decisions. Instead, the Respondents were in complete control of the Claimant's investment for a number of years.

27. Maintaining such control over the Claimant's investments, Respondents served in a fiduciary role toward the Claimant. Claimant is an unsophisticated investor and relied on and trusted Respondents.

28. With the existence of a fiduciary relationship, Respondents were under a duty to consider the investment needs and objectives of the Claimant and conduct themselves accordingly.

29. Respondents breached their fiduciary duty toward Claimant by making various false and misleading statements of material facts to the Claimant as alleged in the Statement of Facts and the Jurisdiction and Background of this Complaint and bought and recommended an unsuitable annuity for the Claimant contrary to her investment needs.

30. The misrepresentations and omissions by Respondents were made by a fiduciary with intent to deceive the Claimant and with complete disregard of the Claimant's interest and bought and recommended unsuitable securities for Claimant contrary to her investment needs.

31. As a result of the breach of the fiduciary duty by Respondents, the Claimant sustained great financial injury.

WHEREFORE, Claimant demands judgment for:

(a) Compensatory damages;
(b) Interest;
(c) Attorney's fees and costs.

FIFTH COUNT

32. Claimant realleges and incorporates by reference each and every allegation of paragraph 1 through 31 of this Complaint as if set forth herein at length.

33. Respondents IFMG, Michaels and American Enterprise negligently and intentionally failed to supervise the actions of its agent or employee in violation of 14 U.S.C. Section 78(t), and due to this failure, the Claimant was placed in transactions contrary to the Claimant's investment needs and without the Claimant being fully informed of the risks therein, which resulted in the substantial loss of the Claimant's investment portfolio.

34. Respondents IFMG, , Michaels and American Enterprise engaged in actions that were deliberate, intentional, grossly negligent and wanton in its disregard for the Claimant. Respondents IFMG, Michaels and American Enterprise had knowledge of the type of securities Respondent Michaels was purchasing and the type of account they were being purchased for.

WHEREFORE, Claimant demands judgment against Marketing One (and, by operation of law, its successor in interest IFMG), American Express and Respondent Michaels for:

(a) Compensatory damages;

(b) Interest;

(c) Attorneys' fees and costs.

Dated: August 28, 2006

Respectfully submitted,

JOHN J. BLANCHARD
Attorney for Claimant