**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

**Civil No. 00-1980 DSD/JMM**

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE CLASS-ACTION SETTLEMENT AS TO CLAIMS OF MARGA BRUDEREK PRESENTED TO THE NASD**

---

## INTRODUCTION

The issue before the Court is a narrow one: is Marga Bruderek a class member who is precluded from arbitrating settlement-barred claims against Ameriprise before the NASD. The clear answer is "yes." Ms. Bruderek ("Claimant") received notice of this class action and made the choice to receive the general relief offered in the settlement. Having made this choice, she cannot now raise released claims in an arbitration before the NASD. The Court

should issue an order barring Claimant from arbitrating any claims relating to products covered by the class-action settlement.[1]

## Argument

### 1. Claimant is Precluded from Arbitrating Settlement-Barred Claims.

Claimant makes a half-hearted to attempt to argue that she should not be barred from proceeding before the NASD because she cannot remember receiving class notice or relief under the settlement. (Pl.'s Opp. at 1-2, Cert. of Marga Bruderek at 1-2.) This argument is meritless. Indeed, Ameriprise has already submitted evidence that notice of the class action was sent to Ms. Bruderek and that the class-action administrator did not receive any indication that Ms. Bruderek did not receive the notice. (*See* Lake Decl. ¶¶ 2-4.) In addition, notice of the class action settlement was published in the newspaper with the largest circulation in each of the 50 states, as well as the national editions of the New York Times, The Wall Street Journal, and USA Today. (*Id.* ¶ 5.) As a matter of law, the class notice ordered and approved by the Court was sufficient to meet the requirements imposed by Due Process, and, thus, Claimant is bound by the terms of the class-action settlement. *See Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975) (holding that class notice met due process requirements when mailed to class members'

---

[1] In her Opposition to Ameriprise's motion, Claimant makes numerous arguments in support of her claimed right to proceed in arbitration with claims against respondents other than Ameriprise. By way of its motion, Ameriprise seeks only to ensure that it is not required to arbitrate settlement-barred claims related to an annuity product encompassed by the class-action settlement ordered by this Court and takes no position

(continued on next page)

last-known addresses, even when one-third of the class members failed to receive notice); *see also In re Prudential Secus. Ltd. P'ships Litig.*, 164 F.R.D. 362, 369 (S.D.N.Y. 1996) ("[A]ctual receipt of class notice is not necessary in order to bind an absent class member to a final judgment."); *In re Worldcom, Inc. Secs. Litig.*, No. 02 Civ. 3288 (DLC), 2005 WL 2495554, at *5 (S.D.N.Y. Oct. 11, 2005) ("The law is clear that, so long as reasonable steps are taken to provide notice to class members, a class member may be bound by the judgment in a class action even if he or she did not receive actual notice of the action.") (citing (*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). As a matter of law, Ameriprise has shown that Claimant received class notice and relief under the class-action settlement. Accordingly, Claimant is precluded from relitigating any released claims in an arbitration before the NASD.

**2. Claimant's NASD Claim is Replete with Allegations of Settlement-Barred Claims.**

Claimant's attempts to preserve her arbitration claims for breach of fiduciary duty and failure to supervise necessarily fail. Contrary to her arguments, Claimant released <u>all</u> of her arbitration claims by participating in the class-action settlement

As explained in Ameriprise's opening memorandum, all of Claimant's arbitration claims are predicated upon alleged misrepresentations and omissions made in the sale of the Annuity. These claims are the very claims released by the express terms of the class-action

(continued from previous page)

on Claimant's ability to proceed with any claims against other respondents in the NASD proceedings.

settlement. (*See* Ex. 1 ¶ 13(A)(2).) In fact, Claimant released all claims that "relate in any way" to "Released Conduct." (*Id.*) The "Released Conduct" includes:

> any acts, representations, omissions, suggestions or communications in connection with . . .(i) the explanation, description, marketing, sale, solicitation, illustration . . . of any . . . Annuity; (ii) the application for or purchase of any . . . Annuity; (iii) the suitability of any . . . sales . . . of any . . . Annuity; . . . (x) the . . . terms, or benefits or disadvantages of any . . . Annuity compared to any other life insurance policy, annuity contract or investment; . . . (xii) . . . provision of financial or investment advice insofar as it resulted in the sale, modification or maintenance of any . . . Annuity . . . .

(*Id.* at ¶ (B)(2).) Claimant's breach-of-fiduciary duty and failure-to-supervise claims are encompassed within the broad scope of the release.

Even if the arbitration claims are not encompassed within the definition of "Released Conduct," Claimant has also released all claims related to allegations or subjects raised in the consolidated class actions before the Court. (Ex. 1 ¶ 13(A)(2)(a).) These include both breach-of-fiduciary duty and failure-to-supervise claims. (*See* Ex. A - Compl. ¶¶ 206-12 ("Breach of Fiduciary Duty" Count; ¶ 227 ("Defendants further breached their duties . . . by failing to properly train agents not to engage in such activities, and by failing to supervise agents to prevent the conduct complained of herein.".) Accordingly, Claimant has released her breach-of-fiduciary-duty and failure-to-supervise claims in the underlying class action and has no right to relitigate such claims before the NASD.

## CONCLUSION

For all of the reasons set forth above, Ameriprise respectfully requests that the Court enjoin Claimant from proceeding with the arbitration of any and all claims that were released by the Settlement Agreement and the Final Order and Judgment.

Respectfully submitted,

Dated: December 21, 2006

FAEGRE & BENSON LLP

s/Erin Oglesbay

Michael F. Cockson (#280549)
Erin A. Oglesbay (#0343092)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone No. (612) 766-7000
Facsimile No. (612) 766-1600

**ATTORNEYS FOR DEFENDANT AMERIPRISE FINANCIAL SERVICES, INC. F/K/A AMERICAN EXPRESS FINANCIAL ADVISORS, INC.**

fb.us.1725637.01