UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1980(DSD/JMM)

Lesa Benacquisto, Daniel Benacquisto, Richard Thoresen, Elizabeth Thoresen, Arnold Mork, Isabella Mork, Ronald Melchert and Susan Melchert, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**ORDER**

American Express Financial Corporation, American Express Financial Advisors, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, IDS Life Insurance Company and IDS Life Insurance Company of New York,

Defendants.

This matter is before the court upon unnamed class members Katherine Caradori and Mary M. Campbell's motion to compel arbitration and defendant's motion to enforce a class-action settlement as to Caradori and Campbell's claims. For the reasons that follow, the court grants defendant's motion in part and grants Caradori and Campbell's motion in part.

## BACKGROUND

On May 15, 2001, the court issued an order certifying the class, approving the proposed class settlement ("Benacquisto settlement"), dismissing the complaint and entering final judgment in this consolidated class action. Claimants Katherine Caradori ("Caradori") and Mary M. Campbell ("Campbell") were unnamed class members in the action. Through the Benacquisto settlement and in exchange for their release of all claims, Caradori, Campbell and other class members received general relief in the form of free accidental death benefit insurance.

On June 7, 2005, Caradori and Campbell submitted an arbitration claim to the National Association of Securities Dealers ("NASD") against American Express Financial Advisors, Inc., now known as Ameriprise Financial Services, Inc. ("Ameriprise"), a defendant in the underlying litigation in this case. (See Def. Mem. Ex. 2.) Caradori and Campbell sought recovery of damages for losses involving Ameriprise policies and annuities issued to them individually and within charitable remainder and revocable trusts. Ameriprise signed a modified submission agreement to arbitrate Caradori and Campbell's claims that expressly excluded from arbitration any claims covered by the Benacquisto settlement. (See Boliver Aff. Ex. 4.) Ameriprise now moves the court to enforce the

Benacquisto settlement and bar arbitration of Caradori and Campbell's claims related to the settlement agreement. Caradori and Campbell move to compel arbitration.

## DISCUSSION

In its final order, the court permanently enjoined class members who did not opt out of the Benacquisto settlement from bringing any subsequent action based on the policies and annuities that were the subject of the litigation. (See order of May 15, 2001, ¶ 14.) The court expressly retained jurisdiction over "all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and [the] Order and Judgment." (Id. ¶ 19.) The court also specifically reserved jurisdiction to determine whether subsequent claims were barred by the final order. (Id. ¶ 19(a).) To that aim, the court has authority to issue injunctions to enforce its orders. Thompson v. Edward D. Jones & Co., 992 F.2d 187, 189 (8th Cir. 1993).

### I. Motion to Enforce

Ameriprise seeks to enforce the settlement agreement as to Caradori and Campbell's claims, arguing that they were previously resolved and released under the terms of the Benacquisto settlement. It is undisputed that Caradori and Campbell purchased the annuities and policy at issue during the relevant class period. However, Caradori and Campbell argue that their claims fall outside

of the scope of the settlement agreement. Pursuant to the "Release and Waiver" provision of the settlement, class members agreed to release all past or present claims "that are based upon, related to, or connected with, directly or indirectly, in whole or in part" the Benacquisto action or the "released conduct." (See Stip. of Settlement, Doc. No. 18, § XII.A.1.) This conduct includes a variety of actions taken with respect to Ameriprise policies and annuities in force at any time between January 1, 1985, to February 29, 2000, the "class period." (See id. §§ II.8, II.26. II.60, XII.B.2.)

The released conduct specifically includes

> all direct or indirect acts, representations, omissions, suggestions, or communications ... related to or connected in any way with the ... sale, administration, servicing ... or performance of the Policies or Annuities, including, without limitation, acts, representations, omissions, suggestions or communications in connection with ... (iii) the suitability of any purchases, sales or replacements of any Policy or Annuity ...; (vii) the investment choices made with respect to assets held in any Policy or Annuity ...; (x) the costs, commissions, terms or benefits or disadvantages of any Policy or Annuity compared to any other life insurance policy, annuity or investment; (xi) the comparison or lack of comparison of any Policy or Annuity to any other product; (xii) the preparation by any financial advisor acting for the Company of any financial plan or the provision of financial or investment advice insofar as it resulted in the sale, modification or maintenance of any Policy or Annuity ...; and (xiv) the administration or servicing of any Policy or Annuity after its purchase. (Id. at XII.B.2.)

Despite the expansiveness of the released conduct, the settlement explicitly reserves a class member's right to assert various claims, including those that independently arise "from acts, facts or circumstances that occur for the first time after the last day of the Class Period." (Id. § XII.A.3(ii).) A class member also has the right to assert claims "relating to the administration or servicing of a Policy or Annuity after its purchase," unless such administration or servicing arises out of or relates to the specific types of released conduct listed in sections XII.B.2(i)-(xiii) of the agreement. (See id. §§ XII.A.3(iv) and XII.B.2(xiv).)

Caradori and Campbell argue that certain Ameriprise advisor actions, including "advice to sell a farm, to transfer assets to a charitable remainder trust, the asset allocation, [and] improper supervisory actions," were beyond the scope of the Benacquisto settlement and that many of the claims are related to violations occurring after the end of the class period. (Resp'ts Mem. at 4.) Further, they argue that their claims for unsuitability and breach of fiduciary duty are ongoing. The alleged actions, however, including those claimed to be ongoing, fall squarely within the conduct released by the settlement agreement. (See Stip. of Settlement, Doc. No. 18, § XII.B.2.) Moreover, Caradori and Campbell have not demonstrated that their claims arise from acts, facts, or circumstances occurring for the first time after the

close of the class period or that the errors they allege in administration or servicing were unrelated to released conduct. By the terms of the settlement agreement, therefore, Caradori and Campbell are prevented from relitigating or proceeding with arbitration on these claims. (See Order of May 15, 2001, §§ 13.A.1-A.2.) Accordingly, the court grants defendant's motion to enforce the Benacquisto settlement as to annuities numbered 93006075932, 930006159120, 930006218743, 930006159108, 930006183910, 930006218085 and 930006218266.[1]

## II. Motion to Arbitrate

Ameriprise argues that the release of claims as set forth in the Benacquisto settlement precludes Caradori and Campbell from arbitrating their claims. Questions of arbitrability are addressed with a "healthy regard for the federal policy favoring arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). However, arbitration is a matter of contract, and "a party cannot be required to submit to arbitration any dispute which [it] has not agreed so to submit." Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582 (1960); see Fleet Boston Robertson Stephens, Inc. v. Innovex, Inc., 264 F.3d 770, 773 (8th Cir. 2001). The court has previously recognized Ameriprise's

[1] Defendant also seeks to enforce the settlement agreement as to policy number 90906083679, but Caradori and Campbell do not make a claim based on this policy. Therefore, the court reserves judgment on the applicability of the settlement agreement to this policy.

right to modify its submission agreement to the NASD to prevent claims released by the Benacquisto settlement from being arbitrated. (See order of Jan. 5, 2006, Doc. No. 190.); see also Smith v. Bartolini, No. 01 C 4311, 2003 WL 21148940, at *8 (N.D. Ill. May 14, 2003) (recognizing party's ability to reserve a right otherwise covered by a uniform submission agreement).

Under the modified submission agreement Ameriprise submitted to the NASD, claims related to the Benacquisto settlement are not arbitrable and instead remain within the jurisdiction of the United States District Court for the District of Minnesota. Because the court concludes that the claims based on the above-stated annuity numbers were released under the Benacquisto settlement, Ameriprise did not agree to submit those claims to arbitration. Moreover, arbitration of the claims before the NASD is foreclosed because even if litigation of the claims were possible, this court possesses exclusive jurisdiction over the claims. Therefore, the court denies Caradori and Campbell's motion to arbitrate claims based on annuity numbers 93006075932, 930006159120, 930006218743, 930006159108, 930006183910, 930006218085 and 930006218266.

Caradori and Campbell also move to compel arbitration of claims based on policy number 909066190366. Ameriprise has not opposed the motion to compel arbitration as it relates to that policy, and the court grants the motion to arbitrate claims based on policy number 909066190366.

## CONCLUSION

Therefore, based upon a review of the file, record and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to enforce class action settlement as to the claims of Katherine Caradori and Mary M. Campbell before the NASD [Doc. No. 265] is granted as to the claims that relate to annuities numbered 93006075932, 930006159120, 930006218743, 930006159108, 930006183910, 930006218085 and 930006218266 and denied as to the claims based on policy number 90906083679.

2. Claimants Katherine Caradori and Mary M. Campbell's motion to compel arbitration [Doc. No. 289] is granted as to the claims that relate to policy number 909066190366 and denied as to all other claims.

Dated: January 29, 2007

s/David S. Doty
David S. Doty, Judge
United States District Court