**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

LISA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiff,

v.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

Civil Action No. 00-1980 DSD/JMM

**MOTION TO AMEND COURT'S MAY 14, 2007 ORDER GRANTING IFMG'S MOTION TO ENFORCE CLASS ACTION SETTLEMENTAND BAR BRUDEREK'S CLAIMS BEFORE THE NASD**

Movants, Independent Financial Marketing Group, Inc. (“IFMG”) and Carmella Michaels (“Michaels”) (collectively, “Movants”), by and through their attorneys, Bressler, Amery & Ross, P.C., and Dorsey & Whitney, LLP, file this motion (the “Motion to Amend”) seeking to amend this Honorable Court’s May 14, 2007 Order granting Movants’ motion to enforce the class action settlement and bar Marga Bruderek (“Bruderek”) from pursuing her claims before the NASD (the “Motion to Enforce”)

pursuant to this Court's Final Order and Judgment entered on May 15, 2001 (Docket No. 94).

## FACTS

Movants incorporate the recitation of the facts as outlined in the Motion to Enforce. (Motion to Enforce, attached as Exhibit 1 to Declaration of Daniel L. Lowin).

By way of additional factual background, on or about December 11, 2007, Movants filed the Motion to Enforce contending that the Final Order and Judgment bar Bruderek from arbitrating her claims relating to the purchase of the Annuity before the NASD. (Lowin Dec. Ex. 1). In the Motion to Enforce, Movants specifically requested that this Court issue an Order enjoining Bruderek from proceeding with her claims before the NASD. (Lowin Dec. Ex. 1). Conversely, in her opposition to the motion, Bruderek requested that this Court not bar her from pursuing her claims before the NASD. (Bruderek's Opposition, attached as Exhibit 2 to Declaration of Daniel L. Lowin).

After considering the parties' submissions, on May 14, 2007, this Court issued an order granting Movants' Motion to Enforce. (May 2007 Order, attached as Exhibit 3 to Declaration of Daniel L. Lowin) . In doing so, this Court held that Bruderek's claims before the NASD "are premised on acts and omissions related to conduct released by the terms of the Benacquisto settlement" and that those claims were released as part of that settlement. (Lowin Dec. Ex. 3).

On May 24, 2007, the undersigned, A. Wesley Bridges, sent a letter to the NASD requesting that Bruderek's NASD arbitration, Dispute Resolution No. 06-03950, be dismissed with prejudice and that the case be marked closed. (May 24, 2007 Letter,

attached as Exhibit 4 to Declaration of Daniel L. Lowin). Included with that letter was a copy of the May 2007 Order.

On June 21, 2007, NASD Staff Attorney Avi Rosenfeld sent a letter to the parties stating that "[b]ecause not all parties in the arbitration were involved in the court action and the Court Order did not specifically state that the arbitration is stayed permanently," the matter would be referred to an arbitration panel to be appointed. (NASD's June 21, 2007 Letter, attached as Exhibit 5 to Declaration of Daniel L. Lowin). This Motion to Amend follows.

## ARGUMENT

### I. This Court Should Amend The May 2007 Order To Permanently Bar Bruderek's Claims Before The NASD

The clear purpose, and indeed, the only purpose for the submissions to this Court by the parties, as well as this Court's May 14, 2007 Order, was to resolve the issue of whether Bruderek could pursue her claims before the NASD. This Court held that Bruderek's claims were released as part of the class action settlement and, therefore, Bruderek's NASD claims should be dismissed in their entirety. To allow Bruderek to continue to pursue her claims would not only contravene this Court's May 2007 Order. Therefore, this court should amend its May 2007 Order to make it clear to the NASD and Bruderek that her claims relating to the Annuity are forever barred and that her case before the NASD should be dismissed.

### A. <u>The May 2007 Order Bars Bruderek's Claims Before The NASD</u>

This Court's May 2005 Order bars Bruderek's claims before the NASD or any other tribunal. The sole purpose behind filing the Motion to Enforce was to stop Bruderek from pursuing her claims before the NASD. That purpose is made patently clear by the caption of the Motion to Enforce— "motion to enforce the class action settlement and bar Marga Bruderek's claim before the NASD." The parties submitted briefs on their respective positions addressing the issue whether Bruderek's NASD claims were barred.

After considering the parties' briefs, this Court held that Bruderek's claims were released in the class action settlement. Viewing the May 2007 Order, it is clear that Bruderek's claims before the NASD are barred even if the May 2007 Order does not explicitly say that they are barred forever. Notwithstanding the issuance of an order by a Federal Judge, NASD Staff Attorney Rosenfeld determined that the case should nevertheless proceed to a panel so that <u>it</u> could determine whether the arbitration should proceed.

As mentioned above, there could be no other reason for filing the Motion to Enforce but to determine if the arbitration could proceed. It flies in the face of reason that the NASD would simply ignore this Court's May 2007 Order. In addition, allowing the arbitration to proceed to a panel would result in unnecessary expenses by all parties to the arbitration because certain arbitration fees will be incurred. For this reason alone, this Court should amend its May 2007 Order making it clear to the NASD and Bruderek that

her claims relating to the Annuity forever barred and that her NASD arbitration should be dismissed.

## CONCLUSION

For the foregoing reasons, this Court should amend its May 2007 Order, consistent with the proposed Order attached herewith, to make it clear to the NASD and Bruderek that her claims are forever barred before the NASD and any other tribunal.

Dated: July 9, 2007

Respectfully Submitted,

BRESSLER, AMERY & ROSS, P.C.

Andrew W. Sidman
Andrew W. Sidman
A. Wesley Bridges
17 State Street
New York, NY 10007
Telephone: (212) 945-9300
Facsimile: (212) 945-9337
**ATTORNEYS FOR MOVANTS INDEPENDENT FINANCIAL MARKETING GROUP, INC. AND CARMELLA MICHAELS**

Dated: July 9, 2007

DORSEY & WHITNEY LLP

By: s/J David Jackson
J David Jackson (No. 0049219)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2807
**LOCAL COUNSEL FOR MOVANTS INDEPENDENT FINANCIAL MARKETING GROUP, INC. AND CARMELLA MICHAELS**