# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

LISA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

Civil Action No. 00-1980 DSD/JMM

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE CLASS-ACTION SETTLEMENT AS TO THE CLAIMS OF MARGA BRUDEREK PRESENTED TO THE NASD**

Movants, Independent Financial Marketing Group, Inc. ("IMFG") and Carmella Michaels ("Ms. Michaels") (collectively, "Movants"), by and through their attorneys, Dorsey & Whitney, LLP and Bressler, Amery & Ross, P.C., file this Memorandum in support of their motion seeking enforcement of the class action settlement in this action

and issuance of an Order barring Marga Bruderek ("Bruderek") from pursuing her claims before the NASD pursuant to this Court's Final Order and Judgment entered on May 15, 2001 (Docket No. 94).

## INTRODUCTION

Bruderek filed a Statement of Claim with the NASD seeking to arbitrate claims that she previously released under the terms of a class-action settlement. (Declaration of Andrew W. Sidman ("Sidman Decl.") Ex. 1). Because this Honorable Court barred the claims that Bruderek filed with the NASD, this Court should issue an Order enjoining her from pursuing that arbitration.

## FACTS

### Bruderek Entered Into a Final Judgment Releasing All Claims Related to her Variable Annuity

Bruderek was a member of a class that settled its claims arising from the purchase of an IDS Annuity, Policy No. 99203363264 (the "Annuity"). Pursuant to the this Court's Final Order and Judgment, she is barred from bringing any claims relating to the Annuity that is at issue in her NASD Statement of Claim.[1] On August 21, 2000, class plaintiffs (the "Class") filed a Complaint in this Court asserting claims related to the marketing, sale, servicing and administration of certain insurance policies and annuities. (Docket #1). After filing the Complaint, the parties submitted a Settlement Agreement to this Court. (Sidman Decl. Ex. 2). This Court entered a Final Order and Judgment

[1] The Annuity that was at issue in the class action is the only product complained of in Bruderek's Statement of Claim.

certifying the class and approving the settlement terms as provided by the parties. (Sidman Decl. Ex. 3). This Court marked the case dismissed with prejudice. Id. at ¶21.

That Final Order permanently barred Bruderek from commencing any lawsuit or arbitration in any jurisdiction regarding the Settlement. (Sidman Decl. Ex. 3). In addition, this Court retained jurisdiction over all matters relating to the administration, enforcement and interpretation of the Settlement and the Final Order and Judgment. (Id. at ¶15). Pursuant to the Final Order and Judgment, class members who did not opt out of the Class agreed to a broad release relating to the Annuity in the class action. In addition, the Final Order and Judgment provides that the Class:

> shall not now or hereinafter initiate, participate in, maintain a right to or assert against the Releasees, or any of them, either directly or indirectly, derivatively, on their own behalf, or on behalf of the Class or the general public or any other person or entity, any Claims and Causes of Actions (defined below) that are based upon, related to, or in connection with, directly or indirectly, in whole or in part:
>
> (a) the allegations, facts or subjects set forth or otherwise raised in Benacquisto, et al. v. American Express Financial Corporation, et al., No. 96-18477, pending before the Minnesota State Court for the County of Hennepin (together with the actions consolidated therewith, also filed in the Minnesota State Court for the County of Hennepin and entitled Monk, et a. v. IDS Life Insurance Company, et al., No. 97-04742, and Thoresen, et al. v. American Express Financial Corp., et al. No. 98-015681 and/or Benacquisto, et al. v. American Express Financial Corporation, et al., No. 00-1980 DSD/JMM, pending before the United States District Court for the District of Minnesota;
>
> [Id. at 13 (A)(1) emphasis added]
>
> or
>
> (b) that relates in any way to the Released Conduct.

> (Id. at ¶13(A)(2))

Releasees are defined as:

> [American Express] and its past, present and future parents, subsidiaries, affiliates, partners, predecessors, successors and assigns, and each of their respective past, present and future officers, directors, shareholders, employees, general agents, agents, advisors, branch managers, producers, sales representatives, brokers, solicitors, predecessors, successors and assigns, or any of them, including any person or entity acting on behalf of, or at the direction of them.
>
> (Id. at ¶ 13(B)(3) emphasis added))

Released conduct is defined as:

> any and all direct or indirect acts, representations, omissions, suggestions, or communications that are related to or connected in any way with the design, development, marketing, sale, administration, servicing, underwriting, or performance of the Annuities, including without limitation, acts, representations, omissions, suggestions or communications in connection with
>
> (i) the explanation, description, marketing, sale, solicitation, illustration or replacement of any annuity;
>
> (ii) the application for the purchase of any annuity;
>
> (iii) the suitability of any purchases, sales, or replacement of any annuity;
>
> (iv) the taking of any loans, or the accumulation of any interest or cash values on any annuity
>
> (v) the setting, charging or reducing of any cost of insurance, commissions, incentives, premiums, taxes, mortaility and expense fees, charges, contract charges, surrender charges, or expenses on any annuity;
>
> (vi) the investment choices made with respect to assets held in any annuity;
>
> (vii) the costs, commission, terms, or benefits or disadvantages of any annuity compared to any other annuity contract, or investment;

(viii) the comparison or lack of comparison of any annuity to any other product;

(ix) the provision of financial or investment advice insofar as it resulted in the sale, modification or maintenance of an annuity; and

(x) the administration or servicing of any annuity after its purchase.

(Id. at ¶13 (B)(2)).

In August 1999, Bruderek purchased the Annuity which is subject to the Final Order and Judgment. (See Sidman Decl. Ex. 3 at §II.60.). In or around October 2000, Amerprise sent Notice of the Class Action, Proposed Settlement and Fairness Hearing ("Notice") to Bruderek. (See Sidman Decl. Ex. 2). Bruderek chose to remain a part of the Class and to receive the relief afforded under the Settlement. After this Court issued the final approval of the Settlement, notice of the grant of relief was mailed to Bruderek. (Sidman Decl. Ex. 2) By accepting the relief under the Settlement, Bruderek released all of her claims as it relates to the Annuity at issue in her Statement of Claim.

**Bruderek's Statement of Claim Should be Barred**

Even though she released any claims in connection with the purchase of the Annuity, Bruderek filed a Statement of Claim against various defendants, including Movants, related to its purchase. Boiled down to its core, the Statement of Claim alleges that her broker, Ms. Michaels, made material misrepresentations in the sale of the Annuity and that it was unsuitable for her. (Sidman Decl. Ex. 1). The Statement of Claim also asserts claims against IMFG which purportedly is the "successor in interest"

Case 0:00-cv-01980-DSD-JMM Document 363 Filed 12/11/2006 Page 6 of 10

to the broker-dealer that employed Ms. Michaels at the time of the sale of the Annuity.[2] The broad definition of both "Releasees" and "Released Conduct" make it patently clear that the parties to the class action waived any and all claims arising out of, or relating to, the Annuity. The allegations in the Statement of Claim are exactly the type released under the Final Order and Judgment. (Sidman Decl. Ex. 2). Therefore, Bruderek's claims should be enjoined.

## ARGUMENT

### I. Bruderek's Claims Are Barred Pursuant to the Final Order and Release

#### A. The Release

The Final Order and Judgment bar Bruderek from arbitrating any claims related to the purchase of the Annuity. Class members, including Bruderek agreed not to assert any claim based upon, or related to, the Annuity. They agreed not to assert such claims against brokers who sold the Annuity, including Ms. Michaels. The Release includes any claim that relates "in any way to the Released Conduct." (Sidman Decl. Ex. 2 at ¶13(B)(2)) The suitability claim before the NASD is exactly the type of claim that the Released Conduct under the Final Order and Judgment sought to avoid. Specifically, it provides that "any and all representations, omission, suggestions, or communications"

[2] Although IFMG subsequently employed Ms. Michaels, it is not the successor in interest to her employer at the time of the sale. Nevertheless, for purposes of this motion, we assume Bruderek's allegations are true. For the reasons discussed above, her claims are barred. Moreover, even if she intended to allege post-purchase wrongdoing against IFMG, the Release also bar any claims based upon the "maintenance of the Annuity." (Sidman Decl. Ex. 2 at ¶13(B)(2)).

that are related to the Annuity, including the suitability and sale of the Annuity" are barred. As a result, Bruderek should be barred from arbitrating these claims before the NASD.

The Final Order and Judgment enjoined the Class from " (i.) filing, commencing, prosecuting, maintaining, intervening in, participating in ...or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the Released Conduct." (Sidman Decl. Ex. 3 at ¶14 (emphasis added)). In addition, Movants fall with the definition of "Releasees" as defined by the Final Order and Judgment. As it relates to the Annuity Releasess are defined as brokers, solicitors, predecessors, successors and assigns, or any of them, including any person or entity acting on behalf of them. Here, Ms. Michaels was employed as a broker when she sold the Annuity at issue to Bruderek. Therefore, the Statement of Claim filed before the NASD is in violation with this Court's Order and it should be barred.

**B. Bruderek Received Her Relief Under the Settlement**

A class member who receives notice of an action and who does not to opt out of the class is bound by the terms of the class action settlement. Berardinelli v. Gen. Am. Life Ins. Co., 357 F.3d 800, 804-05 (8th Cir. 2004); Thompson v. Edward Jones & Co., 992 F.2d 187 (8th Cir. 1993). Here, Amerprise issued both published and individual notices to Bruderek concerning the class action and the Settlement. Having received the notices, Bruderek chose not opt out of the class and to receive the benefit of the

Settlement. Therefore, any injury allegedly suffered by Bruderek was remedied by the Settlement and the Statement of Claim is nothing more than an attempt to "double-dip" on her recovery. Therefore, Bruderek's claims should be barred.

**C. This Court Should Enjoin Bruderek's NASD Proceeding**

This Court specifically retained jurisdiction over this matter "as to all matters relating to the administration, consummation, enforcement and interpretation" of the Settlement. (Sidman Decl. Ex. 3). The Final Order makes it clear that this Court has the power to enter an Order enjoining Bruderek from pursuing released claims before any tribunal.

A District Court such as this has the authority to bar a class member from raising a released claim. Thompson, 992 F.2d at 190. Such authority is not only limited to released claims brought in court, but also includes the authority to enjoin released claims submitted to arbitration. Ewart v. Y&A Group, 38 F.3d 380 (8th Cir. 1994). That authority is consistent with *res judicata* enjoining a litigant from getting yet another day in court after the first lawsuit is concluded by giving a different reason than he or she gave in the first for recovery of damages for the same alleged invasion of his or her right. Ewart, 38 F.3d at 382. Here, Bruderek's attempt to arbitrate this matter is not only a violation of the Final Order and Judgment, but also in contravention of *res judicata* because the exact same issues surrounding the Annuity in the class action will be re-heard at the NASD arbitration.

**D. Class Action Settlements Are Favored**

Allowing Bruderek to proceed with her claim not only violates the Final Order and Judgment, but it is also contrary to the strong public policy favoring class action settlements. In re Prudential Ins. Sales Practice Litigation, 261 F.3d 355, 367 (3rd Cir. 2001). As in this case, where there is such a similarity "between the settled class action and the subsequent suit and where the relationship between the suits is at the time of the class action reasonably obvious", the subsequent claim should be enjoined. Thompson, 992 F.2d at 190.

Here, it should have been reasonably obvious to Bruderek that the claims litigated in the class action were substantially similar to any claims that she anticipated making before the NASD. Had she chosen to opt out of the class to pursue the claims, she could have properly pursued her claim via arbitration. She did not do so, and any and all claims related to the Annuity are now barred. Therefore, an Order barring Bruderek from pursuing her Statement of Claim is consistent with the stated public policy.

**CONCLUSION**

For the foregoing reasons, Independent Financial Marketing Group, Inc. and Carmella Michaels respectfully request that this Court issue an Order enjoining Bruderek from proceeding with the arbitration before the NASD.

Case 0:00-cv-01980-DSD-JMM Document 363 Filed 12/11/2006 Page 10 of 10

Dated: December 11, 2006

Respectfully Submitted,

Bressler, Amery & Ross, P.C.

Andrew W. Sidman
Andrew W. Sidman
A. Wesley Bridges
17 State Street
New York, NY 10007
Telephone: (212) 425-9300
Facsimile: (212) 425-9337

Attorneys for Movants Independent Financial Marketing Group, Inc. and Carmella Michaels

DORSEY & WHITNEY LLP

By: s/J David Jackson
J David Jackson (No. 0049219)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2807

Local Counsel for Movants Independent Financial Marketing Group, Inc. and Carmella Michaels