# EXHIBIT 2

Case 0:00-cv-01980-DSD-JMM Document 369 Filed 12/14/2006 Page 21 of 21

**JOHN J. BLANCHARD**
Attorney At Law
2150 Highway 35
Sea Girt, New Jersey 08750
732-449-1660

RECEIVED
DEC 14 2006
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

December 13, 2006

United States District Court
District of Minnesota
Attn: Clerk of the Court
Room 202
300 South Fourth Street
Minneapolis, Minnesota 55415

Honorable David S. Doty
United States District Court
District of Minnesota
Room 202
300 South Fourth Street
Minneapolis, Minnesota 55415

Re: Benacquisto v. American Express Financial Corp., No. 00-1980 (DSD/JMM)

Dear Sir/Madam:

Enclosed please find an original and two copies of a Legal Memorandum filed on behalf of Marga Bruderek in the above referenced matter.

Very truly yours,

John J. Blanchard

JJB/glb

Enclosures

cc. Fiona B. Ruthven, Esq.
Faegre & Benson, LLP

A. Wesley Bridges, Esq.
Bressler, Amery & Ross, PC

Gary E. Rhoades, Esq.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JOHN J. BLANCHARD
2150 Highway 35
Sea Girt, New Jersey 08750
(732)449-1660
Attorney for Marga Bruderek

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated.

Plaintiffs,

vs.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

---

**Civil No. 00-1980 DSD/JMM**

**MEMORANDUM OF LAW IN SUPPORT OF MARGA BRUDEREK**

SCANNED
DEC 14 2006
U.S. DISTRICT COURT MPLS

## I. MARGA BRUDEREK'S LACK OF NOTICE

As set forth in the National Association of Securities Dealers, Inc. ("NASD") complaint (See Ex. 1), Marga Bruderek (the "Claimant") lives alone, is dependent on social security, is in her mid-70s, lacking education and financial sophistication (Ex. 1 at pg. 3). It is not surprising that she has no recollection of

receiving documents pertaining to any aspect of the within class action proceeding or settlement. In support of this explanation, it should be noted that in its moving papers American Express Financial Advisors, Inc. ("American Express" or the "Movant") did not produce any documents bearing Marga Bruderek's signature. (See Certification of Marga Bruderek)

Further, the Movant has not produced any evidence of payments from the class action settlement made to Marga Bruderek. Once again, she has no recollection of any aspect of the class action proceeding. However, should the court find that the class action settlement is binding on Marga Bruderek, such finding should only result because of her age, inexperience and lack of sophistication, not any attempt by Marga Bruderek to, as the Movant claims, intentionally take a second bite of the apple.

## II. PARTIES NOT COVERED BY THE CLASS ACTION SETTLEMENT

The complaint brought before the NASD by Marga Bruderek includes various Respondents (Ex. 1 at pg. 1). Only NASD Respondent American Express Financial Advisors, Inc. is a named defendant in the within class action proceeding. Therefore, any order or ruling by this court barring the NASD complaint should be limited solely to the named defendant in the class action, American Express Financial Advisors, Inc.

The following Respondents in the NASD complaint are not parties to the within class action proceeding and settlement:

> Carmela Michaels,
> Marketing One Securities Inc.,
> IFMG Securities Inc. (hereinafter, referred to collectively as the "Non-Class Action Respondents").

As such, the individual and corporations named above are not covered, directly or indirectly, by the class action settlement.

## III. ALLEGATIONS NOT COVERED IN THE CLASS ACTION SETTLEMENT

As previously stated, the NASD complaint covers not only Non-Class Action Respondents, but the NASD complaint also raises certain important issues not covered in the class action settlement.

The Fourth Count of the NASD complaint (Ex. 1, pgs. 10 and 11) alleges various breaches of fiduciary duty not only by the Non-Class Action Respondents, but also American Express Financial Advisors, Inc.

> 28. With the existence of a fiduciary relationship, Respondents were under a duty to consider the investment needs and objectives of the Claimant and conduct themselves accordingly.
>
> 30. The misrepresentations and omissions by Respondents were made by a fiduciary with intent to deceive the Claimant and with complete disregard of the Claimant's interest and bought

> and recommended unsuitable securities for Claimant contrary to her investment needs.

This important allegation contained in the NASD complaint goes to the heart of the special relationship which developed between the Movant, the Non-Class Action Respondents and the victim, Marga Bruderek.

Once this fiduciary relationship was established between the Movant, the Non-Class Action Respondents and the Claimant, the highest duty of care to protect Marga Bruderek arose, which as she alleges, was severely breached to her detriment.

It is up to a panel of experienced NASD arbitrators familiar with the issue of breach of fiduciary duty and specially trained in the area of securities laws to independently determine whether the allegations of the Fourth Count of the NASD complaint are compensable and in need of addressing.

The facts surrounding the allegation of breach of fiduciary duty, as well as, the legal issue of breach of fiduciary duty are not covered by the class action settlement against the Movant or, especially, the Non-Class Action Respondents.

It must also be noted that the Fifth Count of the NASD complaint (Ex. 1 at pg. 12) raises another important issue not covered in the class action settlement and specific to the claim of Marga Bruderek.

The Fifth Count alleges that the Movant and the Non-Class Action Respondents failed to supervise the activities of its representatives in their dealings with the Claimant. This allegation is not covered in the class action settlement and, once again, the issue is best left to the independent judgment and discretion of a knowledgeable and experienced NASD arbitration panel.

## IV. CONCLUSION

The restrictions contained in the class action settlement, which are at the heart of the Movant's legal memorandum, do not extend to the Non-Class Action Respondents. Further, the Movant and the Non-Class Action Respondents violated NASD rules of behavior, and, as such, these issues are not a part of the class action settlement and certainly do not apply to the Non-Class Action Respondents. The issues of breach of fiduciary duty and failure to supervise the activities of its representatives are outside of the scope of the class action proceeding and settlement. As such, no order barring Marga Bruderek from pursuing her claim against the Movant and the Non-Class Action Respondents should be entered.

Dated: 12-13-06

By: ______________________
John J. Blanchard

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JOHN J. BLANCHARD
2150 Highway 35
Sea Girt, New Jersey 08750
(732)449-1660
Attorney for Marga Bruderek

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated.

**Civil No. 00-1980 DSD/JMM**

Plaintiffs,

vs.

**CERTIFICATION OF MARGA BRUDEREK**

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

---

I, MARGA BRUDEREK, of full age, certify as follows:

1. To the best of my knowledge, information and belief, I have never received any documents pertaining to a class action lawsuit or settlement identified as Civil No. 00-1980 (DSD/JMM).

2. To the best of my knowledge, information and belief, I have never received any payment of any funds from the class action settlement identified as Civil No. 00-1980 (DSD/JMM).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: December 13, 2006

Marga Bruderek
Marga Bruderek

JOHN J. BLANCHARD
2150 Highway 35
Sea Girt, New Jersey 08750
(732)449-1660
Attorney for Claimant

| | |
|---|---|
| **MARGA BRUDEREK**<br><br>Claimant,<br><br>vs.<br><br>**CARMELA MICHAELS, MARKETING ONE SECURITIES INC., AMERICAN EXPRESS FINANCIAL ADVISORS, INC., and IFMG SECURITIES INC.,**<br><br>Respondents. | **NATIONAL ASSOCIATION OF SECURITIES DEALERS**<br><br>Claim No.<br><br><br>**COMPLAINT** |

Claimant, through her Attorney, John J. Blanchard, by way of Complaint against the Respondents herein, alleges and says:

## THE RESPONDENTS

At all times pertinent hereto:

1. Upon information and belief, Carmela Michaels ("Michaels") was a registered representative and agent acting on behalf of herself, Marketing One Securities, Inc. and American Express Financial Advisors Inc. Her last known business address is 730 Jamaica Boulevard, Toms River, New Jersey 08757.

Exhibit 1

2. Upon information and belief, Marketing One Securities, Inc. ("Marketing One") was a broker dealer and member of the National Association of Securities Dealers, Inc. ("NASD") offering investment advice and products through Sovereign Bank, which held out Michaels as one of its agents. The last known business address for Marketing One was 2000 Route 70, Lakehurst, New Jersey 08733.

3. Upon information and belief, American Express Financial Advisors Inc. ("American Express") is a member firm of the NASD distributing investment products on behalf of American Enterprise Life Insurance Company.

4. Upon information and belief, IFMG Securities Inc. ("IFMG") is by operation of law the successor in interest to Marketing One and is located at 100 Manhattanville Road, Purchase, New York 10577. IFMG is a member firm of the NASD.

## STATEMENT OF FACTS

On or about June 2005, the Claimant was made aware of the gross misrepresentations made to her in the sale of an American Enterprise Life Variable Annuity and the securities purchased in her annuity account. Claimant was unaware that the American Enterprise Life Variable Annuity and the securities purchased in the account established for her by Respondents Carmela Michaels, Marketing One Securities, Inc., and American Express Financial Advisors, Inc., had substantially damaged and impaired her retirement funds until after a family friend brought her substantial losses in her annuity account to her attention. Because the Claimant fully relied to her detriment that the Annuity sold to her and the securities purchased in the account

established for her was in her best interests and suitable for her investment objectives, she had no reason to doubt the suitability of the annuity investments sold to her by Respondents Carmela Michaels, Marketing One Securities, Inc., and American Express Financial Advisors, Inc.

Finally realizing the financial hardship caused by the unsuitable investment advice by the Respondents Carmela Michaels, Marketing One Securities, Inc., and American Express Financial Advisors Inc., the Claimant immediately contacted Respondent IFMG seeking to address the injustice caused by the unsuitable investment, but was told by Respondent IFMG that her claim was denied.

Only after this denial of restitution by Respondent IFMG did the Claimant seek out legal help. The losses sustained by the Claimant due to this unsuitable investment amounts to $200,000.00 in actual losses plus approximately $100,000.00 of compensatory losses in the form of lost investment opportunity, since the claimant has been in safe secure investments prior to the unsuitable annuity purchase.

Claimant is 75 years of age, has been a widow for 15 years, lives on her own and is totally dependant on Social Security of $1,300 per month and pension benefits of $300 per month. The Claimant was never employed in a profession or owned her own business and never attended college or any other schooling in which financial courses would have been available. In short, the Claimant is an older widow with meager sources of income, uneducated and by anyone's definition is someone who is not a sophisticated investor.

## JURISDICTION AND BACKGROUND

1. This is an action for damages brought under the laws of the State of New Jersey before the National Association of Securities Dealers and in accordance with the Uniform Code of Arbitration and the National Association of Securities Dealers ("NASD") Rules and Regulations.

2. Claimant resides at 349 Kildare Drive, Toms River, New Jersey 08753.

3. At all times pertinent hereto, Respondent IFMG was a member firm of the NASD, operating various offices through its agents or employees, at 100 Manhattanville Road, Purchase, New York 10577.

4. At all times pertinent hereto, Respondent Marketing One was a member firm of the NASD, operating various offices through its agents or employees, including an office at 2000 Route 70 Lakehurst, New Jersey 08733.

5. Upon information and belief and at all times pertinent hereto, Respondent American Express was a distributor of annuities and various life insurance products for American Enterprise Life Insurance Company ("American Enterprise"). American Enterprise operated from offices located at Ameriprise Center, Minneapolis, Minnesota 55474.

6. Upon information and belief and at all times pertinent hereto, Respondent Michaels was an agent or employee of Respondents Marketing One (and, by operation of law, its successor in interest IFMG), and American Express.

7. Upon information and belief, Respondent Michaels was the registered representative employed by Respondents in personal charge of the annuity account of the Claimant herein (Account Number 9920-3363264).

8. At all times pertinent hereto, the Claimant lacked knowledge of, or experience in, securities and investment matters, was an unsophisticated investor, and, in particular, lacked any knowledge in the risks and effects of purchasing securities and annuities.

9. At all times pertinent hereto, the Claimant was without an advanced educational degree or special training in securities markets.

10. In connection with the maintenance of the Claimant's account, Respondents Marketing One (and, by operation of law, its successor in interest IFMG), American Express and Respondent Michaels intentionally misrepresented to the Claimant that: a) purchasing an annuity and maintaining the securities purchased in her annuity account was a safe and sure investment that would increase her retirement funds; b) that the purchasing of an annuity and maintaining the securities purchased in her annuity account were suitable investments in light of the Claimant's age, knowledge, net worth and investment objective.

11. In connection with the maintenance of the Claimant's securities in her annuity account, Marketing One (and, by operation of law, its successor in interest IFMG), American Express and Respondent Michaels intentionally failed to disclose to the Claimant material information concerning the nature and risks associated with purchasing an annuity and maintaining the securities purchased in her annuity account.

12. In connection with the maintenance of the Claimant's securities in her annuity account, Marketing One (and, by operation of law, its successor in interest IFMG), American Express and Respondent Michaels negligently failed to disclose to the Claimant material information concerning the nature and risks associated with purchasing an annuity and maintaining the securities purchased in her annuity account.

13. At all times pertinent hereto, Respondent Michaels exercised exclusive control over the account of the Claimant by virtue of the Claimant's reliance upon Respondent Michaels.

14. In the exercise of said control, Respondent Michaels advised the Claimant to make unsuitable investments resulting in substantial losses to the Claimant.

15. The Claimant relied, to her detriment, upon the representations made by Marketing One (and, by operation of law, its successor in interest IFMG), American Express and Respondent Michaels and upon the willful omissions by Marketing One (and, by operation of law, its successor in interest IFMG), American Express and Respondent Michaels, which

representations and willful omissions were of a material nature. In addition, the Respondents had a duty, but failed to disclose the willful omissions here and before set forth.

16. As a result of her reliance on Marketing One (and, by operation of law, its successor in interest IFMG), American Express and Respondent Michaels, the Claimant lost approximates $300,000.00.

FIRST COUNT

17. Respondents engaged in acts and practices named in this Count which constituted violations of the Securities Exchange Act of 1934 and its rules and regulations, and the rules and regulations of the National Association of Securities Dealers in that the Respondents, in connection with the purchase and sale of the unsuitable annuity:

(a) Employed devices and schemes, including but not limited to, the activities alleged in this Count, to defraud the Claimant;

(b) Made untrue statements of material facts to the Claimant including, inter alia, those alleged herein, or omitted to state material facts, including, inter alia, those alleged herein, necessary in order to make the statements, in light of the circumstances under which they were made, not misleading;

(c) Engaged in acts, practices or courses of business, including but not limited to, activities alleged herein, and further including, but not limited to, solicitations and recommendations alleged herein, which operated as a fraud and deceit on the Claimant;

(d) At all times pertinent hereto, Respondents intentionally concealed the high risks involved with purchasing an annuity;

(e) At all times pertinent hereto, Respondents engaged in a fraudulent course of business in the management of the Claimant's account; and

(f) At all times pertinent hereto, the Claimant was fraudulently induced into maintaining an account with Respondents by the willful misrepresentations by Respondents of the benefits of purchasing an annuity but Respondents intentionally and negligently failed to fully disclose the risks in doing same.

18. The Claimant relied on the above misrepresentations to her eventual detriment including, but not limited to, the substantial losses in her account.

WHEREFORE, Claimant demands judgment, jointly and severally, against the Respondents as follows:

(a) Compensatory damages;
(b) Interest;
(c) Attorney's fees and cost.



[redacted]

SECOND COUNT

19. Claimant realleges and incorporates by reference each and every allegation of paragraphs 1 through 18 of this Complaint as if fully set forth herein at length.

20. Respondents, or through its agents and representatives, acted in grossly negligent, careless and reckless manner and with complete indifference to, and wanton disregard of, the consequences to the Claimant.

WHEREFORE, Claimant demands judgement, jointly and severally, against the Respondents for:

(a) Compensatory damages;
(b) Interest;
(c) Attorney's fees and costs.

THIRD COUNT

21. Claimant realleges and incorporates by reference each and every allegation of paragraph 1 through 20 of this Complaint as if fully set forth herein at length.

22. In recommending that the Claimant engage in purchasing an annuity in effecting transactions in the Claimant's account and in servicing the Claimant's account, the Respondents

intentionally, willfully, wantonly and maliciously engaged in acts and practices which constituted a fraud and deceit upon the Claimant by means of acts and omissions of material fact as specifically set forth in paragraphs 1 through 20 of this Complaint.

23. At all times mentioned herein, the Respondents knew or should have known the omissions of material fact and fraudulent acts and practices made in connection with the Claimant's account with Respondents.

24. In maintaining her account with the Respondents, the Claimant relied on the misleading statements, omissions and fraudulent acts and practices engaged in by the Respondents.

WHEREFORE, Claimant demands judgment, jointly and severally, against the Respondents for:

(a) Compensatory damages;
(b) Interest;
(c) Attorney's fees and costs.

FOURTH COUNT

25. Claimant realleges and incorporates by reference each and every allegation of paragraph 1 through 24 of this Complaint as if set forth herein at length.

26. Respondents went beyond giving advice to the Claimant on investment decisions. Instead, the Respondents were in complete control of the Claimant's investment for a number of years.

27. Maintaining such control over the Claimant's investments, Respondents served in a fiduciary role toward the Claimant. Claimant is an unsophisticated investor and relied on and trusted Respondents.

28. With the existence of a fiduciary relationship, Respondents were under a duty to consider the investment needs and objectives of the Claimant and conduct themselves accordingly.

29. Respondents breached their fiduciary duty toward Claimant by making various false and misleading statements of material facts to the Claimant as alleged in the Statement of Facts and the Jurisdiction and Background of this Complaint and bought and recommended an unsuitable annuity for the Claimant contrary to her investment needs.

30. The misrepresentations and omissions by Respondents were made by a fiduciary with intent to deceive the Claimant and with complete disregard of the Claimant's interest and bought and recommended unsuitable securities for Claimant contrary to her investment needs.

31. As a result of the breach of the fiduciary duty by Respondents, the Claimant sustained great financial injury.

WHEREFORE, Claimant demands judgment for:

(a) Compensatory damages;
(b) Interest;
(c) Attorney's fees and costs.

FIFTH COUNT

32. Claimant realleges and incorporates by reference each and every allegation of paragraph 1 through 31 of this Complaint as if set forth herein at length.

33. Respondents IFMG, Michaels and American Enterprise negligently and intentionally failed to supervise the actions of its agent or employee in violation of 14 U.S.C. Section 78(t), and due to this failure, the Claimant was placed in transactions contrary to the Claimant's investment needs and without the Claimant being fully informed of the risks therein, which resulted in the substantial loss of the Claimant's investment portfolio.

34. Respondents IFMG, , Michaels and American Enterprise engaged in actions that were deliberate, intentional, grossly negligent and wanton in its disregard for the Claimant. Respondents IFMG, Michaels and American Enterprise had knowledge of the type of securities Respondent Michaels was purchasing and the type of account they were being purchased for.

WHEREFORE, Claimant demands judgment against Marketing One (and, by operation of law, its successor in interest IFMO), American Express and Respondent Michaels for:

(a) Compensatory damages;

(b) Interest;

(c) Attorneys' fees and costs.

Dated: August 28, 2006

Respectfully submitted,

JOHN J. BLANCHARD
Attorney for Claimant