# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1980(DSD/JMM)

Lesa Benacquisto, Daniel Benacquisto, Richard Thoresen, Elizabeth Thoresen, Arnold Mork, Isabella Mork, Ronald Melchert and Susan Melchert, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**ORDER**

American Express Financial Corporation, American Express Financial Advisors, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, IDS Life Insurance Company and IDS Life Insurance Company of New York,

Defendants.

This matter is before the court upon the motion of defendants to enforce a class action settlement as to claims of Marga Bruderek before the NASD. For the reasons that follow, the court grants defendants' motion.

**BACKGROUND**

On May 15, 2001, the court issued an order certifying the class, approving the proposed class settlement ("Benacquisto

settlement"), dismissing the complaint and entering final judgment in this consolidated class action. Claimant Marga Bruderek ("Bruderek") was an unnamed class member in the action. Through the Benacquisto settlement and in exchange for their release of all claims, Bruderek and other class members received general relief in the form of free accidental death benefit insurance.

On August 28, 2006, Bruderek submitted an arbitration claim to the National Association of Securities Dealers ("NASD") against American Express Financial Advisors, Inc., now known as Ameriprise Financial Services, Inc. ("Ameriprise"), a defendant in the underlying litigation in this case, broker Carmela Michaels ("Michaels") and Independent Financial Marketing Group, Inc. ("IMFG"). Bruderek sought recovery of damages for losses she incurred through her Ameriprise annuity account. Ameriprise, Michaels and IMFG now move the court to enforce the Benacquisto settlement and bar arbitration of Bruderek's claim. It is undisputed that Bruderek purchased the annuity at issue, 99203363264, during the relevant class period

**DISCUSSION**

In its final order, the court permanently enjoined class members who did not opt out of the Benacquisto settlement from bringing any subsequent action based on the policies and annuities that were the subject of the litigation. (See Order of May 15,

2001, ¶ 14.) The court expressly retained jurisdiction over "all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and [the] Order and Judgment." (Id. ¶ 19.) The court also specifically reserved jurisdiction to determine whether subsequent claims were barred by the final order. (Id. ¶ 19(a).) To that aim, the court has authority to issue injunctions to enforce its orders. Thompson v. Edward D. Jones & Co., 992 F.2d 187, 189 (8th Cir. 1993).

**I. Enforcing Parties**

Ameriprise, Michaels and IMFG seek to enforce the settlement agreement as to Bruderek's claim, arguing that it was released under the terms of the Benacquisto settlement. As an initial matter, Bruderek argues that the settlement agreement should at most apply to Ameriprise, the only named defendant in the underlying litigation. Pursuant to the terms of the Benacquisto settlement, "releasees" include not only Ameriprise, and its "past, present and future parents, subsidiaries, affiliates, partners, predecessors, successors and assigns" but also "each of their respective ... agents, advisors, ... [and] brokers, ... including any person or entity acting on behalf of, or at the direction of, any of them." (See Stip. of Settlement, Doc. No. 18, § XII.B.3.) Under this language, both Michaels as a broker and IMFG as a

related entity are parties to the Benacquisto settlement. Accordingly, the court has allowed them to intervene in the enforcement action. (See Order of Dec. 20, 2006, Doc. No. 371.)

**II. Right to Arbitration**

Bruderek argues that the Benacquisto settlement does not release the breach of fiduciary duty and negligence claims that she submitted to the NASD.[1]

Pursuant to the "Release and Waiver" provision of the settlement, class members agreed to release all past or present claims "that are based upon, related to, or connected with, directly or indirectly, in whole or in part" the Benacquisto action or the "released conduct." (See Stip. of Settlement, Doc. No. 18, § XII.A.1.) This conduct includes a variety of actions taken with respect to Ameriprise policies and annuities in force at any time between January 1, 1985, to February 29, 2000, the "class period." (See id. §§ II.8, II.26. II.60, XII.B.2.)

The released conduct specifically includes

> all direct or indirect acts, representations, omissions, suggestions, or communications ... related to or connected in any way with the ... sale, administration, servicing ... or performance of the Policies or Annuities,

[1] Bruderek's NASD complaint also alleges that Ameriprise, Michaels and IMFG acted in a grossly negligent and reckless manner, engaged in acts and practices which constituted fraud and deceit through omissions of material fact and violated the Securities Exchange Act of 1934 and NASD regulations. However, Bruderek concedes in her responsive memorandum that these claims are released by the Benacquisto settlement.

> including, without limitation, acts, representations, omissions, suggestions or communications in connection with ... (i) the explanation, description, marketing, sale, solicitation, illustration or replacement of any ... Annuity; (ii) the application for or purchase of any ... Annuity; (iii) the suitability of any purchases, sales or replacements of any ... Annuity ... ; (vii) the investment choices made with respect to assets held in any ... Annuity ... ; (ix) the tax status, tax impact or tax consequences of any ... Annuity ... ; (x) the costs, commissions, terms or benefits or disadvantages of any Annuity compared to any other life insurance policy, ... annuity or investment; (xi) the comparison or lack of comparison of any ... Annuity to any other product; (xii) the preparation by any financial advisor acting for the Company of any financial plan or the provision of financial or investment advice insofar as it resulted in the sale, modification or maintenance of any ... Annuity ... ; and (xiv) the administration or servicing of any ... Annuity after its purchase.

(Id. at XII.B.2.) Despite the expansiveness of the released conduct, the settlement explicitly reserves a class member's right to assert various claims, including those that independently arise "from acts, facts or circumstances that occur for the first time after the last day of the Class Period." (Id. § XII.A.3(ii).) A class member also has the right to assert claims "relating to the administration or servicing of a Policy or Annuity after its purchase," unless such administration or servicing arises out of or relates to the specific types of released conduct listed in sections XII.B.2(i)-(xiii) of the agreement. (See id. §§ XII.A.3(iv) and XII.B.2(xiv).)

Bruderek argues that Ameriprise, Michaels and IMFG engaged in actions not released by the Benacquisto settlement. Specifically, Bruderek alleges that Ameriprise and its representatives breached a fiduciary duty they owed her by making false and misleading statements of material fact and buying and recommending an unsuitable annuity for her. Bruderek further alleges that Ameriprise, Michaels and IMFG negligently and intentionally failed to supervise the actions of its agent or employees. Bruderek has not shown, however, that her claims independently arose from acts that occurred for the first time after the last day of the class period. (See id. § XII.A.3.(ii).) Instead, her claims are premised on acts and omissions related to conduct released by the terms of the Benacquisto settlement. (See id. §§ XII.B.2.(vii), (xii).) Accordingly, Bruderek's claims before the NASD against Ameriprise, Michaels or IMFG were released by the Benacquisto settlement.

**CONCLUSION**

Therefore, based upon a review of the file, record and proceedings herein, **IT IS HEREBY ORDERED** that defendants' motions to enforce the class action settlement as to the claims of Marga

Bruderek before the NASD related to annuity 99203363264 [Doc. Nos. 347, 361] is granted.

Dated: May 14, 2007

s/David S. Doty
David S. Doty, Judge
United States District Court