UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1980(DSD/JMM)

Lesa Benacquisto, Daniel Benacquisto, Richard Thoresen, Elizabeth Thoresen, Arnold Mork, Isabella Mork, Ronald Melchert and Susan Melchert, on behalf of themselves and all others similarly situated,

Plaintiffs,

v. **ORDER**

American Express Financial Corporation, American Express Financial Advisors, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, IDS Life Insurance Company and IDS Life Insurance Company of New York,

Defendants.

This matter is before the court upon notice from defendant Ameriprise, Inc. ("Ameriprise") that unnamed class member Leo J. Herzing ("Herzing") and his counsel, Harold B. Fink, Jr. ("Fink"), have intentionally failed to comply with court order.

On August 29, 2006, Ameriprise moved to enforce the May 15, 2001, Final Order and Judgment in Benacquisto v. American Express Financial Corp. against Herzing. Ameriprise argued that Herzing was proceeding with litigation of settlement-barred claims in

Pennsylvania state court. After Herzing failed to respond to Ameriprise's motion and a court-issued scheduling notice, the court granted Ameriprise's motion to enforce on September 21, 2006. (See Order of Sept. 21, 2006.) Herzing, however, persisted in his state court suit, and on October 6, 2006, Ameriprise moved the court to sanction Herzing and Fink for violating court orders. The court heard oral argument on the motion for sanctions, with Herzing's counsel, Fink, participating telephonically. On October 31, 2006, the court granted Ameriprise's motion for sanctions in part.

In the order, the court found that "Ameriprise has proved by clear and convincing evidence that sanctions are warranted." (See Order of Oct. 31, 2006, at 5.)[1] The court held Herzing and his counsel jointly and severally liable to Ameriprise for the amount of $3,600.00 in legal services and fees and instructed them to dismiss their action in Pennsylvania state court against within 30 days. Further, the court determined that it would assess a fine against Herzing of $25 per day - beginning on December 1, 2006 - for each day that the Pennsylvania action remained pending.

[1] The court determined that "Herzing did not opt out of the stipulated class action settlement, despite the court-approved notice given prior to the issuance of the Final Order" and that "Ameriprise . . . established that the claims associated with the Pennsylvania lawsuit were released pursuant to the Final Order." (See Order of Oct. 31, 2006, at 5.) Therefore, the court conclude that Herzing's Pennsylvania lawsuit was "enjoined by the Final Order, and his persistence violates the court's September 21, 2006, order." (Id.)

Despite the court's clear instructions, Herzing has persisted in the Pennsylvania case in direct violation of court order. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the court has the authority to demand that Herzing cease the Pennsylvania state proceeding. Such an injunction is necessary to enforce this court's Benacquisto Final Order and Judgment - an order to which Herzing is subject. (See Order of Sept. 21, 2006; Order of Oct. 31, 2006.) Moreover, the court may punish a party by fine or imprisonment for disobeying its orders. See Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 293 F.3d 409, 418 (8th Cir. 2002) ("As a general matter, when a litigant refuses to respect the authority of the court, it is not an abuse of discretion for the court to hold the litigant in contempt and impose a sanction to coerce compliance."). Ameriprise has already demonstrated by clear and convincing evidence that sanctions are appropriate in this case. (See Order of Oct. 31, 2006.) As Herzing's refusal to dismiss the state court action has subjected defendant to further legal fees and expenses, Herzing and Fink must pay those additional costs.

Therefore, **IT IS HEREBY ORDERED** that:

1. Leo J. Herzing and his counsel, Harold B. Fink, Jr., are jointly and severally liable to defendant in the amount of $28,525.91. This amount constitutes the $3,600 assessed in the October 31, 2006, order and an additional $24,925.91 in legal fees

and expenses incurred by defendant since that order which the court finds reasonable.

2. Leo J. Herzing and his counsel, Harold B. Fink, Jr., are jointly and severally liable to the court in the amount of $8,075. This amount reflects 319 days - at $25 per day - of noncompliance with the court's October 31, 2006, order to dismiss the Pennsylvania state court action.

Dated: October 15, 2007

s/David S. Doty
David S. Doty, Judge
United States District Court