The Courts have not determined the merits of the claims or defenses in these Actions, and they will not do so if they approve the proposed settlement. The proposed settlement does not suggest that the Defendants have or have not done anything wrong, or that Plaintiffs and the Class would or would not win their cases if they were to go to trial.

## PART E: THE BENEFITS OF THE PROPOSED SETTLEMENT

If you decide to remain in the Class, and if the Courts approve the proposed settlement, you may receive one form of settlement benefits for each of your Policies or Annuities. The specific benefits for which you are eligible depend on several factors, which are explained further below. You do not have to give up your Policy or Annuity to receive benefits under the proposed settlement.

**Enclosed with this Notice is a Statement of Eligibility for each of your Policies and Annuities, which identifies the benefits you are eligible to receive. Please consult your Statement of Eligibility as you review the benefits described below. If you have any questions about your Statement of Eligibility, please call 1-800-433-5314.**

There are three categories of benefits available under the proposed settlement: General Relief, the Internal Replacement Relief, and the Claim Review Process. Each of these categories is described below. **If you decide to remain in the Class, you must, for each Policy or Annuity you decide to keep in the Class, choose now among General Relief, Internal Replacement Relief (if you are eligible), and the Claim Review Process. You may only choose one form of settlement benefits for each Policy or Annuity.**

If you choose General Relief, you do not need to do anything now. You will receive the General Relief automatically if the Courts approve the proposed settlement.

If you are eligible to participate in the Internal Replacement Relief and you wish to receive this benefit instead of General Relief or the Claim Review Process, you must make this choice <u>now</u>, and submit an Election Form electing the Internal Replacement Relief so that it is <u>postmarked no later than January 29, 2001</u>.

If, instead of General Relief or the Internal Replacement Relief, you want to participate in the Claim Review Process, you must make this choice <u>now</u>, and submit an Election Form electing the Claim Review Process so that it is <u>postmarked no later than January 29, 2001</u>.

There will be only one award of relief per Policy or Annuity.

Benefits will become available under the proposed settlement only if and when two things happen. First, the Courts must approve the proposed settlement. The Courts will grant approval if they find that the proposed settlement is fair, reasonable and adequate and that these Actions meet all of the legal requirements of a class action. Second, the Courts' approval of the settlement must become final and no longer be subject to appeal. No one can say with certainty if or when these events will occur.



Please note: You will not be eligible for any relief under this settlement, nor will you release any claims, if the Courts do not approve the proposed settlement, or if one of the parties terminates the settlement.

### 1. GENERAL RELIEF

If you do not elect the Internal Replacement Relief (if you are eligible) or the Claim Review Process and do not exclude yourself from the Class with respect to a Policy or Annuity, you automatically will receive the General Relief. The General Relief consists of the Accidental Death Benefit (referred to in this Notice as the "ADB"), described below. The value of the General Relief will be $100 million, based on comparable insurance rates in the open market.

The ADB provides death benefit coverage as described below. This benefit will be provided free of charge to all Class Members who are to receive General Relief.

- *Payment of Benefit*. The ADB provides for payment of the death benefit when the Defendants receive due and timely proof of the accidental death of the "Measuring Life" (defined below) within the time period described below. The payment of the benefit will be made to the "Payee" (defined below).
- *Amount of Benefit*. The amount of the death benefit available under the ADB will be based on whether it relates to a Policy, Annuity, or tax-qualified Annuity, and the account value of or premiums paid on the Annuity, or the face amount of the Policy, as set forth in the Stipulation of Settlement. Please see the Benefit Voucher for the estimated amount. The estimated amount may be adjusted upward, depending upon the elections made by all Class Members.
- *Duration of the Benefit*. The duration of the benefit available under the ADB will depend on the attained age of the Measuring Life. The ADB will have the duration indicated on the Benefit Voucher.
- *"Measuring Life" and "Payee"*. The "Measuring Life," for purposes of the ADB, is the person upon whose accidental death the ADB will be paid, subject to the terms set forth in the enclosed Benefit Voucher. The person who will be paid the ADB is the "Payee." Unless changed, the Measuring Life and the Payee will be the persons listed on the Benefit Voucher.
- *Changing the Measuring Life or Payee*. If the person shown on your Benefit Voucher as your Default Measuring Life is deceased as of the date the settlement is implemented, before the date the settlement is implemented (or, if that is impossible due to the date of death of your Default Measuring Life, within 30 days of the death of the Default Measuring Life), you must choose an Alternate Measuring Life from among your spouse, parent, child or any other person in whom you have an insurable interest. You also may change the Payee at any time before the payment of a claim for the accidental death benefit. You should change the Payee if the person designated as Payee dies before the date the settlement is implemented or during the coverage period. To change the Measuring Life or the Payee, you must fill out the enclosed

Designation Form following its instructions and return it to:

IDS Life Class Action Information Center
P.O. Box 1595
Faribault, Minnesota 55021-1595
Re: Designation Form

## 2. INTERNAL REPLACEMENT RELIEF

You may be eligible for the Internal Replacement Relief if you owned a Policy issued by one of the Defendants, and you replaced it with another Policy issued by one of the Defendants, and if you meet the other criteria (described below) for this Relief.

The enclosed Statement of Eligibility indicates whether you may have a Policy that makes you eligible for the Internal Replacement Relief. Even if the Statement of Eligibility indicates that you may be eligible for the Internal Replacement Relief, the Defendants may, based on their records, determine that you are not eligible for the Internal Replacement Relief. If you are found to be ineligible, you will be given notice of your ineligibility and an opportunity to receive either the General Relief or the Claim Review Process.

If you believe you are entitled to the Internal Replacement Relief and the Statement of Eligibility does not indicate that you may be eligible for that form of relief, you may call 1-800-433-5314 to determine whether you are eligible for the Internal Replacement Relief.

The following describes the criteria for and the remedies available (if the Internal Replacement Relief is properly elected) through the Internal Replacement Relief:

- if you paid a surrender charge on a policy issued by one of the Defendants because you used the value of that policy to purchase the new Policy, you will receive an addition to the Policy's cash value equal to 50% of the surrender charge you actually paid (if the new Policy is still in force) or a cash payment of the same amount (if the new Policy is terminated).
- if you used the value of a policy issued by one of the Defendants to purchase a new Policy and the Underwriting Rate Class on the new Policy is higher than the one on the policy you replaced, then the original Underwriting Rate Class will be reinstated going forward, beginning within 120 days after the settlement is implemented, on the portion of your Policy equal to the original face amount of your original policy (if the new Policy is still in force), or you will have the opportunity to apply for an enhanced policy as provided below (if your Policy is terminated).
- if you used the value of a policy issued by one of the Defendants to purchase a new Policy and the new Policy was in a lower Cost of Insurance Rate Band (as a result of having a lower face amount than the original policy), meaning that the new Policy's cost of insurance deduction was higher per $1000 of coverage, then the original Cost of Insurance Rate Band will be reinstated going forward, beginning within 120 days after the settlement is implemented (if the new Policy is still in force), or you will have the opportunity to apply for an enhanced policy as provided below (if your Policy is terminated).
- if you used the value of a policy issued by one of the Defendants to purchase a new Policy that was identical to the original policy, then you will receive (within 90 days after the settlement is implemented) a one time 75 basis point bonus applicable to the new Policy's cash value at the time of the replacement, which will be credited to the Policy (if the new Policy is still in force) or you will have the opportunity to apply for an enhanced policy as provided below (if your Policy is terminated).



If you are entitled to apply for an enhanced policy as provided above, you will be given the opportunity for 120 days after the settlement is implemented to apply for a new individual universal life or variable universal life insurance policy on the life of the person designated as the insured under the now terminated Policy that was purchased using the value of an earlier policy issued by one of the Defendants. The enhanced policy must have a face amount that is no less than the minimum policy issue amount and that is equal to (or less than) the face amount of the now terminated Policy. Defendants will (after the first year) apply a policy credit of 100 basis points on premium payments received during the first year of the enhanced policy (up to the amount of premiums equal to the target premium for the enhanced policy). Favorable underwriting terms will apply and, if they are not met, you may choose an alternative insured for the enhanced policy from among your spouse, parents, children or others in whom you have an insurable interest.

If there is more than $2 million in unused funds in the Claim Review Process (described below), those unused funds will be distributed to all Class Members who will receive relief. If you are to receive the Internal Replacement Relief and there are such unused funds, you will receive that distribution in the form of accidental death benefits. Accordingly, you may need to change the Measuring Life or want to change the Payee listed on the enclosed Statement of Eligibility. You may use the enclosed Designation Form to make such changes.

**To elect the Internal Replacement Relief, you must properly fill out and return the enclosed Election Form electing the Internal Replacement Relief so that it is postmarked no later than January 29, 2001. Otherwise, you cannot participate in the Internal Replacement Relief.**

## 3. THE CLAIM REVIEW PROCESS

If you believe that you were misled, or that wrongdoing with economic consequences otherwise occurred, with respect to the marketing, sale, administration or servicing of your Policy or Annuity, you may elect to submit your claim to the Claim Review Process under the proposed settlement instead of receiving General Relief or the Internal Replacement Relief (if eligible). The Claim Review Process is provided at no cost to you.

In the Claim Review Process, the relief awarded can range from none at all to relief designed to redress any loss that may have resulted from the alleged wrongdoing, based on the particular facts of your claim as evidenced by your written description of your claim and any other documents or other materials

you submit, as well as the documents and information that the Defendants will assemble about your Policy or Annuity.

All relief awarded in the Claim Review Process will come from a fund, called the "Claim Review Relief Fund," established by the Defendants with an initial value of $85 million. Under the Claim Review Process, a Claim Evaluator appointed by the attorneys for the Class (referred to in this notice as "Class Counsel") will review the claims and award relief from the Claim Review Relief Fund based on criteria agreed upon by the parties and approved by the Court. The Defendants shall pay an amount, in addition to the above Claim Review Relief Fund, of at least $2 million and up to $3 million (depending on the number of Policies and Annuities for which claims are filed) for the fees and expenses of the Claim Evaluator. Any additional fees and expenses of the Claim Evaluator shall be paid from accrued interest on the Claim Review Relief Fund.

If, after all awards from the Claim Review Relief Fund have been determined, there are unused funds in the Claim Review Relief Fund of $2 million or less, those unused funds shall be used to increase proportionally awards in the Claim Review Process. If there are unused funds in excess of $2 million, those unused funds shall be used to increase the settlement benefits to all Class Members. If the value of the relief to be awarded through the Claim Review Process would exceed the value of the Claim Review Relief Fund (the $85 million plus available interest), each award in the Claim Review Process will be reduced on a pro rata basis.

**To elect the Claim Review Process, you must properly fill out and return the enclosed Election Form electing the Claim Review Process so that it is postmarked no later than January 29, 2001. Otherwise, you cannot participate in the Claim Review Process.**

At this point, you only need to elect whether or not to participate in the Claim Review Process. If you timely submit an Election Form electing the Claim Review Process, you will be sent a Claim Form later — after the Courts have finally approved the settlement and all appeals have been exhausted. When you receive the claim form, you must fill it out completely by, among other things, explaining the details of your claim, and attach all documents you have that relate to the Policy or Annuity and your claim. You may also, but need not, submit sworn statements or other information to support your claim.

After the Claim Form is sent to you, you will have 60 days to return your completed claim form along with supporting documents. If you fail to file the Claim Form on time, you no longer will be eligible for the Claim Review Process and you will receive the General Relief.

Listed below are examples of the types of claims that might be submitted in the Claim Review Process:

1. Replacement Claims: Any claim that, at the time you bought your Policy or Annuity, the Defendants or their sales representatives misrepresented to you the advantages, disadvantages or financial impact of using the cash or account value or interest from an existing policy or annuity — whether issued by one of the Defendants or by any other company — to purchase a new Policy or Annuity issued by one of the Defendants.



2. Performance Misrepresentation Claims: Any claim that the Defendants or their sales representatives misrepresented to you the manner in which a Policy or Annuity would accumulate value. Valid performance claims are not simply claims that the earnings on a Policy or Annuity did not meet your hopes or expectations, but rather, must be based on a claim that it was misrepresented to you by the Defendants or one of their sales representatives that the Policy or Annuity would perform in a certain way that ultimately did not happen. For example, one might seek to base a performance claim on a misrepresentation (1) that the cash or account value in a Policy would not be less than shown to you in an illustration created by the Defendants or one of their sales agents or would be maintained at a certain level over the life of the Policy; (2) that the interest crediting rate on a Policy or Annuity would not vary over the life of the Policy or Annuity or would be maintained at a certain level over the life of the Policy or Annuity; (3) that a Policy's mortality and expense charges, cost of insurance, administrative or other charges would stay lower than the maximum levels guaranteed in the Policy form; (4) that for a fixed number of payments a Policy was guaranteed to produce certain cash values; (5) that a Policy's surrender value would always exceed the amount of premiums paid or that the Policy would always show a positive rate of return; (6) that the account value of an Annuity would be maintained at a certain level over the life of the Annuity; or (7) that a variable Annuity's account value would, at the time of death, always exceed the purchase payments (or where applicable, the Annuity's cash value on the most recent six year anniversary of the Issue Date).

3. Life Insurance Accelerated Payment or "Vanishing Premium" Claims: Any claim that the Defendants or their sales representatives misrepresented to you at the time of purchase that they would issue a "fully paid up" or "paid up" Policy for the originally illustrated face amount of insurance without any further premium payments; or that, in return for a fixed number or amount of premium payments or for premiums paid until a specified age, the Defendants would issue a Policy for the illustrated death benefit without ever requiring any further out-of-pocket premiums; or that the Policy was a "single pay," "x-pay" (where x equals a number of years), "zero-pay" or "no-pay" policy.

4. Life Insurance Savings and Retirement Misrepresentation Claims: Any claim that the Defendants or their sales representatives made misrepresentations at the time of purchase (1) that a Policy was primarily a vehicle for investment, savings, capital, money accumulation, pension or a retirement plan, while not meaningfully disclosing that the product was a life insurance policy or the fact that the product was a life insurance policy was misleadingly disguised, de-emphasized or minimized; or (2) that life insurance was suitable solely to meet the applicant's savings and retirement goals; or (3) that the premiums were "deposits," "contributions" or "outlays" and this characterization was misleading.

5. Qualified Annuity Misrepresentation Claims: Any claim that the Defendants or their sales representatives made misrepresentations that misled you into purchasing an Annuity to fund a tax-qualified retirement plan or arrangement (under the Internal Revenue Code), such as an IRA or 401(k) plan, through misrepresentations regarding the tax-deferral benefits of that Annuity or the plan or arrangement, or that such an

Annuity was unconditionally appropriate for such plans or arrangements.

6. Annuity Tax Consequences Misrepresentation Claims: Any claim that the Defendants or their sales representatives misrepresented to you at the time of purchase the tax treatment of withdrawals from a variable Annuity concerning the application of ordinary income tax rates rather than capital gains tax rates. These claims will not apply to Annuities that were purchased to fund tax-qualified retirement plans or arrangements (under the Internal Revenue Code). You will only recover under these claims if you purchased your Annuity after August 5, 1997 as a result of a misrepresentation.

7. Annuity Age Misrepresentation Claims: Any claim that the Defendants or their sales representatives misrepresented to you at the time of purchase: (1) the liquidity of the Annuity, including the length of the surrender charge period, and you were at least 85 years old on the issue date of the Annuity; (2) the availability of the minimum death benefit guarantee of a variable Annuity, and you were at least 75 years old on the issue date of the Annuity; or (3) the estate tax consequences of an Annuity, and you were at least 75 years old on the issue date of the Annuity.

8. Other Marketing, Sales, Administration and Servicing Claims: Any claims that (i) the Defendants or their sales representatives made misrepresentations or otherwise misled you in connection with the marketing, sale, administration or servicing of your Policy or Annuity; (ii) the marketing, sale, administration or servicing of your Policy or Annuity violated any applicable statutes or regulations respecting product advertising or retail sales practices or the administration or servicing of Policies or Annuities; (iii) the administration or servicing of your Policy or Annuity violated the contractual provisions of the Policy or Annuity; (iv) you were the victim of forgery in connection with your Policy or Annuity; or (v) wrongdoing other than those set forth above in this paragraph occurred and had adverse economic consequences for the Applicant or the Claimant, and such wrongdoing related to the marketing, sale, administration or servicing of the Policy or Annuity, including the application for or purchase of any Policy or Annuity; the suitability of any Policy or Annuity; the setting of any interest rates, purchase rates or renewal rates on any Policy or Annuity; the setting of any cost of insurance, commissions, taxes, fees or surrender charges, or expenses on any Policy or Annuity or Annuity subaccount; the investment choices made with respect to assets held in any Policy or Annuity; the benefits or disadvantages of any Policy or Annuity compared to any other life insurance policy, annuity contract or investment; and the provision of financial or investment advice or the preparation of a financial plan insofar as either resulted in the sale, modification or maintenance of any Policy or Annuity.

## PART F: INCOME TAX CONSEQUENCES

Your receipt of benefits under the proposed settlement could have tax consequences for you. Those tax consequences may vary, depending on your individual circumstances. Accordingly, Class Counsel, the Defendants and the representatives at the toll-free telephone numbers listed in this Notice



*CANNOT* advise you about the tax consequences of receiving settlement relie in your particular circumstances.

You should consult your own tax advisor to determine any federal, state, loca or foreign tax consequences that could result from accepting or pursuing any form of relief under the proposed settlement. Where appropriate, the Defendants will report any taxable amount on an IRS Form 1099 that will be sent to you and the IRS.

## PART G: RELEASE OF CLASS MEMBERS' CLAIMS AND DISMISSAL OF LAWSUITS

If the Courts approve the proposed settlement, you must release (give up) all claims that have been or could have been asserted, as set forth in the Release attached as the Appendix, and the lawsuits will be dismissed on the merits and with prejudice. If you remain in the Class with respect to a Policy or Annuity, you may not assert any of those claims in any other lawsuit or proceeding with respect to that Policy or Annuity, including any other lawsuit or proceeding already in progress.

In addition, in exchange for the benefits provided under the proposed settlement, you must release the Defendants, their parents, affiliates, predecessors and subsidiaries, and others (including their sales representatives, agents and brokers) from liability for most claims relating to the Policies or Annuities involved in the settlement, including any claims for compensatory, exemplary or punitive damages.

The Release is a critical element of the proposed settlement. For that reason, it has been reprinted word-for-word in the Appendix to this Notice. You should READ THE RELEASE CAREFULLY, because it will affect your rights if you remain in the Class.

The settlement of these lawsuits does not change any of your contractual rights under the express terms of your existing Policy or Annuity. You will still be able to make a claim for any benefits that may be payable under the express terms of your Policy or Annuity.

## PART H: INSTRUCTIONS FOR EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in the settlement for any particular Policy or Annuity, you must ask for that Policy or Annuity to be excluded from the Class to avoid being bound by the settlement and any order and judgment in these Actions. To request exclusion from the Class, you must mail a written request so that it is postmarked no later than January 29, 2001, to the following address:

IDS Life Class Action Information Center
P.O. Box 1602
Faribault, Minnesota 55021-1602
Re: Exclusion from the Class

Your request for exclusion must state the following information:

(1) your name, address and telephone number;

(2) the Policy or Annuity number(s) for which you are requesting exclusion (which you can find on the Statement(s) of Eligibility included with this Notice);

(3) a statement that you want to be excluded from the Class as to each Policy or Annuity listed;

(4) your signature; and

(5) the case name and number (*Benacquisto v. American Express Financial Corporation*, State Court No. 96-18477, Federal Court No. 00-1980).

Please be sure to write the words "EXCLUSION REQUEST" on the lower left-hand corner of the front of the envelope.

If you own or owned more than one Policy or Annuity affected by the proposed settlement, you may choose to remain a Class Member as to some Policies or Annuities and exclude yourself from the Class as to other Policies or Annuities.

If a Class Member excludes himself or herself from the Class with respect to a particular Policy or Annuity, then all other Class Members who have or had an ownership interest in that particular Policy or Annuity (other than separate participation interests in a Group Qualified Annuity) are automatically excluded from the Class as well. The identity of any additional owners, as reflected in the Defendants' records, is shown on the enclosed Statement of Eligibility.

**If you request exclusion from the Class:**

- **you will not be eligible for any of the settlement benefits; and**
- **you will not be allowed to object to the terms of the settlement; and**
- **you will not be bound by any subsequent rulings entered in these Actions.**

**Remember, your request for exclusion must be postmarked no later than January 29, 2001. Otherwise, your request will be late and invalid.**

**If your exclusion request is postmarked after January 29, 2001:**

- **you will remain a member of the Class, and you will be bound by the settlement and by all orders and judgments in these lawsuits; and**
- **you will not be able to file, participate in or continue any other lawsuit or proceedings based on or relating to the Released Conduct, facts or circumstances set forth in the Release (see Appendix).**



*Even if you already have a pending claim, lawsuit or other proceeding against any of the Defendants relating to one or more Policies or Annuities, you still must submit a written request for exclusion for that Policy or Annuity — so that it is postmarked no later than January 29, 2001 — if you want to exclude yourself from the Class. Otherwise, you will be bound by all orders and judgments in these cases, and your other proceeding(s) may be barred. If you have a pending claim, lawsuit or proceeding against any of the Defendants or their related persons or entities, be sure to show this Notice to your attorney.*

## PART I: FAIRNESS HEARING, RIGHT TO OBJECT TO PROPOSED SETTLEMENT, AND THE RIGHT TO APPEAR

### 1. THE FAIRNESS HEARING

On March 6, 2001, at 9:00 a.m., the Courts will hold a hearing, called the Fairness Hearing, to consider whether to grant final certification to the Class for settlement purposes and whether to approve the proposed settlement as fair, reasonable and adequate. The Courts also will determine the amount of attorneys' fees and expenses to be awarded to Class Counsel. The hearing will be held at the Hennepin County Government Center, 300 South Sixth Street, Minneapolis, Minnesota 55487, in Courtroom 1759.

If you have not asked to be excluded from the Class, you may object to any aspect of the proposed settlement, as discussed below. You also may appear at the Fairness Hearing to present your objections, although you are not required to do so. Please note that the Courts have the right to change the hearing date, time or location without further notice. If you are planning to attend the hearing, you should confirm the date, time and location before appearing.

### 2. YOUR RIGHT TO OBJECT, AND INSTRUCTIONS FOR OBJECTING

You must remain a member of the Class in order to object to any aspect of the proposed settlement, including final certification of a settlement class, the fairness of the proposed settlement, the adequacy of the Class representation by Plaintiffs and Class Counsel and the award of attorneys' fees and expenses to Class Counsel. Any objection must be presented in writing to the Courts and the parties at the addresses indicated below so that it is postmarked no later than January 29, 2001.

Your written objection must include:

(1) your name, address and telephone number;

(2) your Policy or Annuity number(s) (which you can find on the Statement(s) of Eligibility enclosed with this Notice);

(3) a statement of your objection(s), and any supporting evidence you wish to introduce; and

(4) the case name and number (*Benacquisto v. American Express Financial Corporation*, State Court No. 96-18477, Federal Court No. 00-1980).

You must file your written objection with the Clerks of the Courts at the following addresses so that it is postmarked no later than January 29, 2001:

Clerk of the Court
Minnesota State Court for Hennepin County
Hennepin County Government Center
300 South Sixth Street
Minneapolis, Minnesota 55487
Re: *Benacquisto v. American Express Financial Corporation*, No. 96-18477

Clerk of the Court
United States District Court
District of Minnesota
300 South Fourth Street
Minneapolis, Minnesota 55415
Re: *Benacquisto v. American Express Financial Corporation*, No. 00-1980

You also must mail copies of your written objection to Class Counsel and separately to the Defendants' counsel at the addresses listed below so that it is postmarked no later than January 29, 2001:

**Class Counsel:**
Melvyn I. Weiss, Esq.
Brad N. Friedman, Esq
Janine L. Pollack, Esq.
Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza
New York, New York 10119

Richard Lockridge, Esq.
Lockridge Grindal Nauen, P.L.L.P.
100 Washington Avenue South
Minneapolis, Minnesota 55401

**Defendants' Counsel:**
Charles C. Platt, Esq.
Randall M. Fox, Esq.
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
125 West 55th Street
New York, New York 10019

George F. McGunnigle, Esq.
Leonard, Street & Deinard, P.A.
150 South Fifth Street
Minneapolis, Minnesota 55402

The Courts will not consider any objections postmarked after January 29, 2001. Late objections will be deemed to have been given up or waived.

If you timely file your objection and the Courts overrule it, you still will be eligible for relief under the settlement.

### 3. YOUR RIGHT TO APPEAR

If you timely file and serve a written objection as described above, you may — but are not required to — attend the Fairness Hearing, either in person or through an attorney paid by you. You or your attorney may appear at the hearing to object to any aspect of the proposed settlement, including final certification of a settlement class, the fairness of the proposed settlement, the adequacy of the Class's representation by Plaintiffs and Class Counsel, and the award of attorneys' fees and expenses.

If you or your attorney intend to appear at the Fairness Hearing, you or your attorney must file a Notice of Intention to Appear with the Clerks of the Courts, and serve that Notice on Class Counsel and the Defendants' counsel, at the addresses listed above. Your Notice of Intention to Appear must be postmarked no later than January 29, 2001.

You (and/or your attorney) may, at your own expense, review the discovery materials produced in this case. Those documents will be made available by appointment during regular business hours at the offices of Lockridge Grindal Nauen, P.L.L.P., 100 Washington Avenue South, Minneapolis, MN 55401. To obtain access, you (and/or your attorney) first must sign a Confidentiality Agreement, which Class Counsel will provide, in which you



(and/or your attorney) agree to abide by all orders, including protective orders, entered by the Courts in the Actions.

## PART J: ATTORNEYS REPRESENTING THE SETTLEMENT CLASS

The Courts have designated Milberg Weiss Bershad Hynes & Lerach LLP and Lockridge Grindal Nauen, P.L.L.P. as Class Counsel in the Actions and as counsel for the Class for purposes of the settlement of this lawsuit. A number of other attorneys from different parts of the country also have participated in this case on behalf of the Class. **You will not be charged for the services of the law firms representing the Class.**

You have the right to retain your own attorney to represent you in these cases, but you are not obligated to do so. If you do hire your own attorney, or if you already have done so in connection with a lawsuit you previously have filed against any of the Defendants, you will have to pay his or her attorneys' fees and expenses yourself. You also have the right to represent yourself before the Court without an attorney.

## PART K: ATTORNEYS' FEES AND EXPENSES

At the Fairness Hearing, Class Counsel will ask the Courts for an award of attorneys' fees and expenses not to exceed $28 million, to be paid by the Defendants. The Defendants will not oppose Class Counsels' application for an award of fees and expenses up to these amounts.

**Payment of attorneys' fees and expenses to Class Counsel will not reduce any funds or benefits being made available to you.**

## PART L: RIGHT TO TERMINATE THE PROPOSED SETTLEMENT

Under limited circumstances, each of the parties to this lawsuit has the right to terminate the proposed settlement. Such circumstances include the decision of the Courts or any appellate court to reject, modify, or deny approval of any portion of the proposed settlement; or if the number of Class Members who elect to exclude themselves from the Class exceeds a certain defined threshold. If the proposed settlement is terminated, you will not receive any of the settlement benefits, and you will not be affected in any way by the parties' actions in connection with the proposed settlement.

## PART M: PRELIMINARY AND PERMANENT INJUNCTION, AND EFFECT ON PENDING AND FUTURE LAWSUITS, ARBITRATIONS AND OTHER PROCEEDINGS

The Courts have preliminarily enjoined all Class Members from starting, continuing or participating in, or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order based on or relating to the claims, facts or circumstances in this case and/or the Released Conduct (as that term is

defined in the Release, which is reprinted in the Appendix). If you do not ask to be excluded from the Class, you will be bound by this preliminary injunction.

The Courts also have preliminarily enjoined all persons from starting or continuing any other lawsuit or proceeding as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in any pending action) on behalf of Class Members, if that other suit is based on or relates to the claims, facts or circumstances in the Actions and/or the Released Conduct.

Upon final approval of the settlement, Plaintiffs and the Defendants will ask the Courts to enter permanent injunctions enjoining all Class Members from engaging in the activities described above. All Class Members will be bound by the permanent injunction.

If you do not submit a written request to be excluded from the Class, so that it is postmarked no later than January 29, 2001, you will be bound by all proceedings, orders and judgments in the Actions, even if you previously began or later begin litigation or other proceedings against the Defendants and related entities relating to your Policies or Annuities. The Courts may enforce their injunctions through contempt orders or other judicial proceedings.

## PART N: HOW TO GET ADDITIONAL INFORMATION

This Notice and the accompanying documents are only a summary of the proposed settlement, which is set forth in a more detailed legal document called the "Stipulation of Settlement." The full Stipulation of Settlement is on file with the Clerks of the Courts. For a more detailed statement of the matters involved in this case, Plaintiffs and the Defendants also refer you to the complaints and amended complaints in the Actions and to the other papers and Court orders on file in the Offices of the Clerks of the Courts. You may inspect these documents at the Offices of the Clerks of the Courts at any time during normal business hours.

A toll-free number has been established, and trained personnel who are employed by the independent, Court-approved Administrator are available to answer any questions you might have about the proposed settlement. If you have questions after reading this Notice, or if you need a large-print version of the Class Notice Package, please call **1-800-433-5314.** If you use a TDD/TTY terminal for the hearing impaired, please call 1-877-657-8808.

**PLEASE DO NOT CALL THE COURTS OR THE CLERKS OF THE COURTS.**

Dated: October 12, 2000

Clerks of the Courts



## APPENDIX

## RELEASE AND WAIVER

(Section XII of the Stipulation of Settlement)

A. Release and Waiver

1. In consideration for the relief set forth in this Agreement, Plaintiffs and all other Releasors (defined below) shall, as of the Final Settlement Date release, acquit and forever discharge the Releasees (defined below) from any and all past or present Claims and Causes of Action (defined below) that are based upon, related to, or connected with, directly or indirectly, in whole or in part: (a) the allegations, facts or subjects set forth or otherwise raised in *Benacquisto, et al. v. American Express Financial Corporation, et al.*, No. 96-18477, pending before the Minnesota State Court for the County of Hennepin (together with the actions consolidated therewith, also filed in the Minnesota State Court for the County of Hennepin and entitled *Mork, et al. v. IDS Life Insurance Company, et al.*, No. 97-04742, and *Thoresen, et al. v. American Express Financial Corporation, et al.*, No. 98-015681) and/or *Benacquisto, et al. v. American Express Financial Corporation, et al.*, No. 00-1980 DSD/JMM, pending before the United States District Court for the District of Minnesota; or (b) the Released Conduct (defined below).

2. Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors also hereby contractually agree and acknowledge that, unless this settlement is ultimately disapproved, they shall not now or hereafter initiate, participate in, maintain, maintain a right to or assert against the Releasees, or any of them, either directly or indirectly, derivatively, on their own behalf, or on behalf of the Class or the general public or any other person or entity, any Claims and Causes of Actions (defined below) that are based upon, related to, or connected with, directly or indirectly, in whole or in part: (a) the allegations, facts or subjects set forth or otherwise raised in *Benacquisto, et al. v. American Express Financial Corporation, et al.*, No. 96-18477, pending before the Minnesota State Court for the County of Hennepin (together with the actions consolidated therewith, also filed in the Minnesota State Court for the County of Hennepin and entitled *Mork, et al. v. IDS Life Insurance Company, et al.*, No. 97-04742, and *Thoresen, et al. v. American Express Financial Corporation, et al.*, No. 98-015681) and *Benacquisto, et al. v. American Express Financial Corporation, et al.*, No. 00-1980 DSD/JMM, pending before the United States District Court for the District of Minnesota; or (b) that relate in any way to the Released Conduct.

3. Nothing in this Release shall be deemed to alter (i) a Class Member's right to make a claim for contractual benefits that will become payable in the future pursuant to the express written terms of an In Force Policy or In Force Annuity issued by any of Defendants; (ii) a Class Member's right to assert any claim that independently arises from acts, facts or circumstances that occur for the first time after the last day of the Class Period; (iii) a Class Member's right to make a claim for theft or

embezzlement in connection with a Policy or Annuity; (iv) a Class Member's right to assert any claim based on facts arising out of or relating to the administration or servicing of a Policy or Annuity after its purchase unless they arise out of or relate to any of the matters described in sections XII.B.2.(i)-(xiii) of the Stipulation of Settlement; or (v) a Class Member's right to assert any claim peculiar to the Class Member that falls outside the general categories of claims or conduct described in the complaints in the Actions or the Release in this settlement and is based on facts that were not discovered and could not with reasonable care have been discovered by the Class Member before the deadline to submit an Election Form set forth in the Stipulation of Settlement.

4. Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors, expressly agree that this Release will be, and may be raised as, a complete defense to, and will preclude any action or proceeding that relates in any way to, the Released Conduct.

5. Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors, expressly understand that certain principles of law, such as Section 1542 of the Civil Code of the State of California, provide that a "general" release does not extend to claims that a creditor does not know or suspect to exist in his favor at the time of executing the release and which, if known by him, must have materially affected his settlement with the debtor. To the extent that these principles of law arguably may be applicable – notwithstanding that the parties have chosen Minnesota law to govern the Stipulation of Settlement – Plaintiffs and the Class Members hereby agree that these principles (including Cal. Civ. Code Section 1542 and all similar federal or state laws, rights, rules, or legal principles of any jurisdiction that may be applicable herein) are hereby knowingly and voluntarily waived and relinquished by Plaintiffs and the Class Members, and Plaintiffs and the Class Members hereby agree and acknowledge that this is an essential term of both the Settlement Agreement and this Release.

6. In connection with this Release, Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors, acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those that they now know or believe to be true with respect to the matters released herein that occurred prior to the last day of the Class Period. Nevertheless, subject to paragraph 3 above, it is the intention of Plaintiffs and the Class Members in executing this Release fully, finally and forever to settle and release all such matters that exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to their Policies and Annuities.

7. Nothing in this Release shall preclude any action to enforce any of the terms of the Settlement Agreement, provided that such action shall be brought in the Minnesota State Court for the County of Hennepin or the United States District Court for the District of Minnesota.

8. Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors, hereby agree and acknowledge that the provisions of this Release, individually and collectively, constitute an essential and material term of the Settlement Agreement.



9. This Release is the result of a compromise of a disputed claim and shall never at any time be used as evidence of any admission of liability, wrongdoing or damages by the Company.

B. <u>Release and Waiver — Definitions</u>

1. "Claims and Causes of Action" (as used in this Release) means any and all claims for relief (including any federal, exclusively federal, state, or other causes of action, suits, petitions, or demands in law or equity), any and all allegations of liability (including any allegations of debts, obligations, promises, guarantees, damages, awards, or for any equitable, legal and administrative relief), and any and all demands for damages or equitable relief (including any claims for rescission, reformation, restitution or all damages of any kind, including those in excess of actual damages and claims for mental anguish), that have been, could have been, may be or could be asserted in any court action, whether federal, state or otherwise, or before any administrative body (including any brought by or on behalf of any state or local insurance, prosecutorial or other organization), tribunal, arbitration panel, or other adjudicatory body, regardless of whether based on federal, state or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether foreseen or unforeseen, suspected or unsuspected, or fixed or contingent at the time of this Settlement.

2. "Released Conduct" means any and all direct or indirect acts, representations, omissions, suggestions, or communications that are related to or connected in any way with the design, development, marketing, sale, administration, servicing, underwriting, or performance of the Policies or the Annuities, including, without limitation, acts, representations, omissions, suggestions or communications in connection with (i) the explanation, description, marketing, sale, solicitation, illustration or replacement of any Policy or Annuity; (ii) the application for or purchase of any Policy or Annuity; (iii) the suitability of any purchases, sales or replacements of any Policy or Annuity; (iv) the taking of any loans, or the accumulation of any interest or cash values on any Policy or Annuity; (v) the setting, reduction, adjustment, payment, or lack of payment of any interest rates, purchase rates or renewal rates on any Policy or Annuity; (vi) the setting, charging or reducing of any cost of insurance, commissions, incentives, premiums, taxes, fees, mortality and expense fees, charges, contract charges, surrender charges, or expenses on any Policy or Annuity; (vii) the investment choices made with respect to assets held in any Policy or Annuity; (viii) the surrender, lapse, or termination of any Policy or Annuity; (ix) the tax status, tax impact or tax consequences of any Policy or Annuity or any actions or inaction taken with respect thereto; (x) the costs, commissions, terms, or benefits or disadvantages of any Policy or Annuity compared to any other life insurance policy, annuity contract or investment; (xi) the comparison or lack of comparison of any Policy or Annuity to any other product; (xii) the preparation by any financial advisor acting for the Company of any financial plan or the provision of financial or investment advice insofar as it resulted in the sale, modification or maintenance of any Policy or Annuity; (xiii) the effect that a Class Member's election and award of benefits in this Settlement Agreement may have on the value of

any Policy or Annuity; and (xiv) the administration or servicing of any Policy or Annuity after its purchase.

3. "Releasees" means the Company and its past, present and future parents, subsidiaries, affiliates, partners, predecessors, successors and assigns, and each of their respective past, present and future officers, directors, shareholders, employees, general agents, agents, advisors, branch managers, producers, sales representatives, brokers, solicitors, representatives, attorneys, heirs, administrators, executors, insurers, predecessors, successors and assigns, or any of them, including any person or entity acting on behalf of, or at the direction of, any of them.

4. "Releasors" means, to the extent they are not excluded from the Class with respect to a Policy or Annuity, the Plaintiffs and all Class Members, on behalf of themselves and their respective heirs, executors, administrators, successors, assigns, guardians, attorneys, trustees, qualified plans, fiduciaries, plan fiduciaries, plan trustees, plan sponsors, plan participants, plan beneficiaries, and representatives, and on behalf of the Policies' insureds and beneficiaries, the Annuities' annuitants and beneficiaries, and the Policies' and Annuities' nominal and beneficial owners.