**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

**Civil No. 00-1980 DSD/JMM**

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE CLASS-ACTION SETTLEMENT AS TO CLAIMS OF BYRON L. POTTS AND NANCY C. POTTS**

---

## Introduction

The class members have released all claims associated with communications related or connected to the sale, administration, servicing, or performance of specifically enumerated policies and annuities issued by Ameriprise between January 1, 1985 and February 29, 2000. Byron and Nancy Potts (the "Potts") are class members. Defendant Ameriprise Financial Services, Inc., formerly known as American Express Financial

Advisors, Inc. ("Ameriprise"), seeks only to enforce the class-action settlement as to the specific claims that the Potts have already released. Whatever is left may proceed in the United States District Court for the Eastern District of Tennessee ("Tennessee Action"). For example, the Potts may still seek recovery for claims not released by the class action settlement, and the claims of their daughter, Cecelia P. Bennett, are completely unaffected by the class settlement because she was not a class member.

The Potts were class members as it relates to policy numbers 90906499894, 90903952267, 90906227087, 90906499940, 93006283757, 93106233092, 931062297836, 90906227104, 93006283766, 93106212303, and 93106297841 and received a benefit in exchange for the release of class claims. The Potts attempt to justify their improper end-run around this Court's Final Order and Judgment by suggesting that Ameriprise failed to preserve its defense, that their claims relate to theft and embezzlement and are therefore exempt, and that they did not receive proper notice of the class action. The Potts are wrong on all counts. The express terms of the Settlement Agreement confirm that the Potts have released all claims relating to alleged representations made in connection with the policies covered by the class-action settlement.

## I. Ameriprise Preserved its Class Action Settlement Defense.

The Potts filed their Complaint in the Tennessee Action on March 1, 2007. Ameriprise answered on May 31, 2007. In its answer, Ameriprise asserted several affirmative defenses, including one affirmative defense stating that "Plaintiffs' claims are barred by an accord and satisfaction reached with Ameriprise resulting from a prior

lawsuit." (Gudmundson Aff., Ex. 4.) This affirmative defense clearly preserves Ameriprise's right to move to enforce the class action settlement.

## II. The Release Bars Claims Subject to the Class Action Settlement.

The Potts seek to save their claims by trying to shoehorn them into one of the categories of claims excluded from the Release. Although creative, this argument fails. The Release simply does not permit the Potts to receive the double recovery they seek.[1]

### A. The Potts Do Not Allege Theft or Embezzlement, Therefore Their Claims Are Not Preserved Under this Exception.

The Class Settlement Stipulation specifically preserves "a Class Member's right to make a claim for theft or embezzlement in connection with a policy or annuity." (Mem. in Supp. Ex. 4.) Ameriprise does not dispute that these claims are preserved under the Class Settlement Stipulation; however, the Potts have not made any claims for theft or embezzlement, and therefore none of their claims are preserved under this exception. The Potts' Amended Complaint tells a story of misrepresentation and fraud, not a story of theft and embezzlement. (Mem. in Supp. Exs. 3 and 4.) The current attempt to recast the allegations in the Complaint in order to preserve claims barred by the Class Action Settlement must fail.

The Potts' Amended Complaint alleges fraud, intentional misrepresentation, fraudulent inducement, promissory fraud, negligent misrepresentation, breach of fiduciary duty, negligence, violation of the Tennessee Consumer Protection Act,

---

[1] Ameriprise does not dispute that the Potts may pursue claims arising after the class period.

negligent supervision, and violations of the Investment Advisors Act. These claims are the type expressly released in the Settlement Agreement. None of these claims is for theft or embezzlement (e.g., conversion). The Settlement Agreement left open particular claims, not factual narratives supporting otherwise barred claims. While the underlying narrative supporting the Potts' claims may have a core theme of forgery, no claims of theft or embezzlement are made, and are therefore not preserved.

**B. The Potts' Claims Are Not Preserved Because They Could Have Been Discovered.**

The Class Settlement Stipulation also preserves "a Class Member's right to assert any claim peculiar to the Class member that falls outside the general categories of claims or conduct . . . and is based on facts that were not discovered and could not with reasonable care have been discovered by the Class Member before the deadline to submit an Election Form set forth in this Agreement." (Mem. in Supp. Ex. 4.) The Potts' claims clearly do not fall within this exception. Despite the Potts' argument that the facts underlying their claims are unique and not part of some uniform conduct, it is indisputable that their claims fall within "the general categories of claims or conduct" of the class action settlement – namely fraud, misrepresentation, breach of fiduciary duties, negligence, and violation of consumer protection laws – and thus are not preserved.

In addition, the Potts should, with reasonable care, have discovered the facts underlying their claims. Indeed, once they received class notice, they should have investigated the facts of their specific case in advance of settling their claims. (*See* Lake Aff. ¶¶ 5-6.) Moreover, both Byron and Nancy Potts admit that they signed blank forms

without knowing the purpose for the forms. (Byron Potts Aff. ¶ 14; Nancy Potts Aff. ¶ 14.) The Potts made no apparent effort at the appropriate time to ensure that their money was being appropriately invested, and their claims are therefore not preserved.

## III. The Potts are Precluded From Litigating Settlement-Barred Claims.

The Potts argue that they should not be barred from proceeding with their claims because they do not remember receiving class notice or relief under the settlement. (Potts Response at 14; Byron Potts Aff. ¶ 19; Nancy Potts Aff. ¶ 20.) This argument is meritless. Indeed, Ameriprise has already submitted evidence that notice of the class action was sent to the Potts and that the class-action administrator did not receive any indication that the Potts did not receive the notice. (*See* Lake Aff. ¶¶ 5-6.) In addition, notice of the class action settlement was published in the newspaper with the largest circulation in each of the 50 states, as well as the national editions of the New York Times, The Wall Street Journal, and USA Today. (*Id.* ¶ 7.) As a matter of law, the class notice ordered and approved by the Court was sufficient to meet the requirements imposed by Due Process, and, thus, the Potts are bound by the terms of the class-action settlement. *See Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975) (holding that class notice met due process requirements when mailed to class members' last-known addresses, even when one-third of the class members failed to receive notice); *see also In re Prudential Secus. Ltd. P'ships Litig.*, 164 F.R.D. 362, 369 (S.D.N.Y. 1996) ("[A]ctual receipt of class notice is not necessary in order to bind an absent class member to a final judgment."); *In re Worldcom, Inc. Secs. Litig.*, No. 02 Civ. 3288 (DLC), 2005 WL 2495554, at *5 (S.D.N.Y. Oct. 11, 2005) ("The law is clear that, so long as reasonable

steps are taken to provide notice to class members, a class member may be bound by the judgment in a class action even if he or she did not receive actual notice of the action.") (citing (*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). As a matter of law, Ameriprise has shown that the Potts received class notice and relief under the class-action settlement. Accordingly, the Potts precluded from relitigating any released claims in the Tennessee Action.

## IV. The Potts Complaint is Replete with Allegations of Settlement-Barred Claims.

The Potts' attempts to preserve litigation claims for fraud, intentional misrepresentation, fraudulent inducement, promissory fraud, negligent misrepresentation, breach of fiduciary duty, negligence, violation of the Tennessee Consumer Protection Act, negligent supervision, and violations of the Investment Advisors Act necessarily fail, to the extent those claims relate to policies involved in the class action settlement. Contrary to their arguments, the Potts released those claims by participating in the class-action settlement

As explained in Ameriprise's opening memorandum, those claims related to policies that were part of the class action settlement were released by the express terms of the class-action settlement. (*See* Ex. 1 ¶ 13(A)(2).) In fact, the Potts released all claims that "relate in any way" to "Released Conduct." (*Id.*) The "Released Conduct" includes:

> any acts, representations, omissions, suggestions or communications in connection with . . .(i) the explanation, description, marketing, sale, solicitation, illustration . . . of any . . . Annuity; (ii) the application for or purchase of any . . . Annuity; (iii) the suitability of any . . . sales . . . of any . . . Annuity; . . . (x) the . . . terms, or benefits or disadvantages of any . . . Annuity compared to any other life insurance policy, annuity contract or investment; . . . (xii) . . . provision of financial or investment advice insofar

> as it resulted in the sale, modification or maintenance of any . . . Annuity . . . .

(*Id.* at ¶ (B)(2).) The Potts' claims related to class policies are encompassed within the broad scope of the release.

Even if the Potts' claims are not encompassed within the definition of "Released Conduct," the Potts have also released all claims related to allegations or subjects raised in the consolidated class actions before the Court. (Ex. 1 ¶ 13(A)(2)(a).) These include the fraud, intentional misrepresentation, fraudulent inducement, promissory fraud, negligent misrepresentation, breach of fiduciary duty, negligence, and negligent supervision claims. (*See* Declaration of Erin Oglesbay, Exhibit A, ¶¶ 194-205 ("Fraud, Fraudulent Concealment and Deceit" Count); ¶¶ 231-34 ("Fraudulent Inducement" Count); ¶¶ 213-224 ("Negligent Misrepresentation" Count); ¶¶ 206-12 ("Breach of Fiduciary Duty/Constructive Fraud" Count); ¶¶ 225-30 ("Negligence" Count); and ¶ 227 ("Defendants further breached their duties . . . by failing to properly train agents not to engage in such activities, and by failing to supervise agents to prevent the conduct complained of herein.").) Accordingly, the Potts have released fraud, intentional misrepresentation, fraudulent inducement, promissory fraud, negligent misrepresentation, breach of fiduciary duty, negligence, and negligent supervision claims, insofar as such claims relate to policies involved in the class action, and have no right to relitigate such claims in the Tennessee Action.

## Conclusion

For the reasons set forth above and in its opening Memorandum of Law, Ameriprise respectfully requests that the Court enjoin the Potts from proceeding with those claims that are barred by the Settlement Agreement and the Final Order and Judgment.

Respectfully submitted,

Dated: December 21, 2007

FAEGRE & BENSON LLP

s/Erin Oglesbay

Michael F. Cockson, # 280549
Erin A. Oglesbay, #343092
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

**Attorneys for Defendant Ameriprise Financial Advisors, Inc. f/k/a American Express Financial Advisors, Inc.**

fb.us.2494101.03