**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

**Civil No. 00-1980 DSD/JMM**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE CLASS-ACTION SETTLEMENT AS TO CLAIMS OF DIETER BOEGNER PRESENTED TO THE LOS ANGELES SUPERIOR COURT SMALL CLAIMS COURT**

---

## INTRODUCTION

Dieter Boegner seeks to litigate claims that he already released under the class-action settlement in this case. Indeed, under the settlement, Boegner already received relief for these claims. Because the Court has specifically barred the double recovery that Boegner now seeks before the Los Angeles Superior Court Small Claims Court ("Small Claims Court"), the Court should enjoin him from litigating these claims, which were

previously resolved and released pursuant to the terms of the class-action settlement agreement approved and ordered by this Court.

## FACTS

### I. The Final Judgment and Order Included a Broad Release of Claims Relating to the Annuity at Issue in this Litigation.

By way of its current motion, Defendant Ameriprise Financial Services, Inc., formerly known as American Express Financial Advisors, Inc. ("Ameriprise"), seeks to enforce the terms of a class-action settlement that was approved by this Court in 2001. (Ex. 1 hereinafter ("Final Order and Judgment").) Boegner was a member of the class that settled his claims and is subject to the Final Order and Judgment. Nonetheless, he submitted a Claim in Small Claims Court and seeks to litigate claims against Ameriprise that are barred by the Final Order and Judgment. (Ex. 2.) Because the Final Order and Judgment bars Boegner from raising these claims, Ameriprise respectfully requests that the Court enter an Order enforcing the class-action settlement and barring Boegner from proceeding in Small Claims Court with any and all claims against Ameriprise that were previously released.

On August 21, 2000, Plaintiffs filed the Complaint in this federal-court action, asserting numerous claims related to the marketing, sale, servicing, and administration of certain cash-value insurance policies and deferred annuity contracts sold and serviced by numerous Defendants, including Ameriprise. (Docket # 1.) Less than a month later, the parties submitted a Stipulation of Settlement with exhibits to the Court. (Ex. 3 (hereinafter "Settlement Agreement").) After notifying the class, the Court entered the

Final Order and Judgment, which certified the class, approved the settlement terms proposed by the parties in the Settlement Agreement, and dismissed with prejudice the claims of the class members. (Ex.1.)

The Final Order and Judgment permanently barred and enjoined Class Members like Boegner from commencing any other lawsuit, arbitration, or administrative, regulatory or other proceeding in any jurisdiction relating to any claims released pursuant to the terms of the Settlement Agreement. (*See id.* at ¶ 14.) The Court "expressly retain[ed] jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Order and Judgment . . . ." (*Id.* at ¶ 15.) Pursuant to the Final Order and Judgment, all class members who failed to opt out of the class thereby agreed to a broad release wherein they released a wide variety of claims related to the Annuity that were at issue in the class action.

The Final Order and Judgment further provides that Plaintiffs and all other members of the certified class agree and acknowledge that they:

> shall not now or hereafter initiate, participate in, maintain a right to or assert against the Releasees, or any of them, either directly or indirectly, derivatively, on their own behalf, or on behalf of the Class or the general public or any other person or entity, any Claims and Causes of Actions (defined below) that are based upon, related to, or connected with, directly or indirectly, in whole or in part:
>
>> (a) the allegations, facts or subjects set forth or otherwise raised in Benacquisto, et al. v. American Express Financial Corporation, et al., No. 96-18477, pending before the Minnesota State Court for the County of Hennepin (together with the actions consolidated therewith, also filed in the Minnesota State Court for the County of Hennepin and

> entitled Monk, et al. v. IDS Life Insurance Company, et al., No. 97-04742, and Thoresen, et al. v. American Express Financial Corporation, et al., No. 98-015681) and/or Benacquisto, et al. v. American Express Financial Corporation, et al., No. 00-1980 DSD/JMM, pending before the United States District Court for the District of Minnesota; or
>
> (b) that relate in any way to the Released Conduct.

(*Id.* at ¶ 13(A)(2).)

The "Released Conduct" includes:

> any and all direct or indirect acts, representations, omissions, suggestions, or communications that are related to or connected in any way with the design, development, marketing, sale, administration, servicing, underwriting, or performance of the . . . Annuities, including, without limitation, acts, representations, omissions, suggestions or communications in connection with
>
> (i) the explanation, description, marketing, sale, solicitation, illustration or replacement of any . . . Annuity;
>
> (ii) the application for or purchase of any . . . Annuity;
>
> (iii) the suitability of any purchases, sales, or replacements of any . . . Annuity;
>
> (iv) the taking of any loans, or the accumulation of any interest or cash values on any . . . Annuity;
>
> * * * *
>
> (vi) the setting, charging or reducing of any cost of insurance, commissions, incentives, premiums, taxes, fees, mortality and expense fees, charges, contract charges, surrender charges, or expenses on any . . . Annuity;
>
> (vii) the investment choices made with respect to assets held in any . . . Annuity;
>
> (viii) the surrender, lapse, or termination of any . . . Annuity;

(ix) the tax status, tax impact or tax consequences of any . . . Annuity or any actions or inactions taken with respect thereto;

(x) the costs, commission, terms, or benefits or disadvantages of any . . . Annuity compared to any other life insurance policy, annuity contract, or investment;

(xi) the comparison or lack of comparison of any . . . Annuity to any other product;

(xii) the . . . provision of financial or investment advice insofar as it resulted in the sale, modification or maintenance of . . . Annuity; . . . and

* * * *

(xiv) the administration or servicing of any . . . Annuity after its purchase.

(*Id.* at ¶ 13(B)(2) (reformatted from original).)

## II. Boegner Received Relief as a Class Member Under the Final Order and Judgment.

During the Class Period, Boegner purchased an annuity issued by IDS Life Insurance Company (the "Annuity") that is subject to the terms of the Settlement Agreement and the Final Order and Judgment. (*See* Ex. 4 at § II.60.) Ameriprise sent Notice of Class Action, Proposed Settlement and Fairness Hearing ("Class Notice") to Boegner in November, 2000. (Aff. of Amy Lake dated June 27, 2008 (hereinafter "Lake Aff.") ¶ 2 & Ex. 4.) There was no indication that Boegner failed to receive the Class Notice. (Lake Aff. ¶ 4.) Boegner did not opt out of the class by the January 29, 2001 deadline set by the Court. (Docket # 14; Lake Aff. ¶ 8.) He therefore became a member of the class, and received general relief in accordance with the terms of the Settlement Agreement. (*See* Lake Aff. ¶ 6; Ex. 4 at § V.) After the final approval of the settlement by this Court, notice of this grant of relief was mailed to Boegner. (Lake Aff. ¶ 6.) There

was no indication that Boegner failed to receive the Notice of General Relief. (Lake Aff. ¶ 7.) By becoming a member of the class, Boegner released all of his claims against Ameriprise related to the Policies in accordance with the terms set forth in the Final Judgment and Order.

## III. Even Though his Claims Are Barred, Boegner Seeks Additional Relief in Small Claims Court.

Even though he previously released his Annuity-based claims against Ameriprise, on April 18, 2008, Boegner filed a lawsuit against Ameriprise in Los Angeles Superior Court Small Claims Court alleging flaws with his Annuity. Specifically, Boegner alleges that the Annuity did not pay the promised interest rate, and that his Annuity contract has other, general flaws. (Ex. 2 at 2 ("On 8/20/1999 an annuity contract was executed for a seven year period. A minimum return of 110.69% was promised, but less than 8.93% was paid. The contract has other flaws.").) The Annuity-based claims alleged in the lawsuit are barred by the Settlement Agreement and the Court's Final Order and Judgment. The gravamen of Boegner's claims is that certain material misrepresentations and omissions were made in the sale of the Annuity. This is precisely the type of conduct that was at issue in the class action and released under the terms of the Final Order and Judgment. (Ex. 1 at ¶ 13.B.2.)

## ARGUMENT

### I. The Court Should Enjoin the Litigation of the Claims Raised in the Small Claims Action Because They Have Already Been Released Under the Final Order and Judgment.

#### A. Boegner Released His Claims.

The gravamen of Boegner's claims is that a lower interest rate was paid on his Annuity than was promised. (*See* Ex. 2 at 2.) The express terms of the Release in the Final Order and Judgment and the Settlement Agreement bar Boegner from litigating any claims predicated upon an advisor's alleged misrepresentations or omissions related to the purchase of the Annuity. Under the Release, class members have agreed not to assert "any Claims or Causes of Actions . . . that are based upon, related to, or connected with, directly or indirectly, in whole or in part: . . . (b) that relate in any way to the Released Conduct." (Ex. 1 at ¶ 13.A, .B (emphasis added).) Boegner's current misrepresentation, claim is related to the Released Conduct under the Settlement Agreement, which encompasses

> any and all . . . representations, omissions, suggestions, or communications that are related to or connected in any way with the . . . marketing, sale . . . or performance of the . . . the Annuities including, without limitation . . . representations, omissions, suggestions or communications in connection with (i) the explanation, description, marketing, sale, solicitation, illustration . . . of any . . . Annuity; (ii) the application for or purchase of any . . . Annuity; (iii) the suitability of any purchases [or] sales . . . of any . . . Annuity; . . .(vi) the setting, charging or reducing of any . . . commissions . . . on any . . . Annuity; (vii) the investment choices made with respect to assets held in any . . . Annuity; . . . (ix) the tax status, tax impact or tax consequences of any . . . Annuity . . .; (x) the costs, commissions, terms, or benefits or disadvantages of any . . . Annuity compared to any other life insurance policy, annuity contract or investment; (xi) the comparison or lack of comparison of any . . . Annuity to any other product; (xii) . . . the

> provision of financial or investment advice insofar as it resulted in the sale, modification or maintenance of any . . . Annuity . . . .

(Ex. 1 at ¶ 13.B.2 (emphasis added).) Boegner's claims of misrepresentation and general "flaws" fall squarely within the scope of the Released Conduct as defined by the Final Order and Judgment. Accordingly, Boegner is precluded from re-litigating his claims before the small claims court.

**B. Boegner Received Notice of the Class Action, Chose Not to Opt Out of the Class, and Received Relief Under the Settlement Agreement.**

By receiving the Class Notice, choosing not to opt out of the class, and receiving relief pursuant to the terms of the Settlement Agreement and the Final Judgment and Order, Boegner became a class member, and he is bound by all of the provisions of the Settlement Agreement and the Final Order and Judgment. *See, e.g., Berardinelli v. Gen. Am. Life Ins. Co. (In re Gen. Am. Life Ins. Co. Sales Practices Litig.*), 357 F.3d 800, 804-05 (8th Cir. 2004); *Thompson v. Edward D. Jones & Co.*, 992 F.2d 187, 192 (8th Cir. 1993).

Defendants issued both published and individual notice to Boegner regarding the settlement, and he responded by not opting out of the class. (Lake Decl. at ¶¶ 2-5.) The Class Notice advised him, among other things, that he could contact a toll-free hotline in order to receive further information about the class settlement. (Ex. 4 at § N.) Boegner was free to educate himself about the class action and to explore any questions that he had about it. (*See id.*) He did not opt out of the class action. Boegner is bound by the terms of the class action. (Ex. 1 at ¶ 12 ("The terms of the Settlement Agreement and of

this Order and Judgment shall be forever binding on Plaintiffs and all other Class Members . . . .").)

It is not inequitable or unjust to bind Boegner to the Release and bar him from proceeding with the litigation of claims that have already been released. Boegner received relief in accordance with the Settlement Agreement. (Lake Decl. at ¶ 6.) Boegner cannot now seek further relief for the same injuries before the Small Claims Court. This Court's Final Order and Judgment expressly bars such an attempt to take a second bite of the apple. (Ex. 1 at ¶ 14 (permanently barring and enjoining Class Members from "filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration . . . based on or relating to the Claims and Causes of Action, or the facts and circumstances relating thereto, in the Action and/or the Released Conduct . . . as to that . . . Annuity")); *see also Mosberg v. Nat'l Prop. Analyst, Inc.*, 630 N.Y.S.2d 50, 52 (N.Y. App. Div. 1995) (recognizing that permitting a class member to proceed with claims for which he already received relief allows them to "eat his cake and have it too"). As a matter of law, Boegner may not relitigate settled claims relating to the Annuity.

**C. As a Class Member, Boegner Is Bound by the Contractual Terms of the Settlement Agreement Adopted by the Final Judgment and Order.**

As a class member who received value for releasing his claims, Boegner "contractually agree[d] and acknowledge[d] that . . . [he would] not . . . initiate, participate in, maintain, maintain a right to or assert against [Ameriprise] . . . any Claim[]

or Cause[] of Action . . . that [was] based upon, related to, or connected with, directly or indirectly, in whole or in part . . . (b) that relate[s] in any way to the Released Conduct." (Ex. 1 at ¶ 13.A.2 (emphasis added).) Boegner may not avoid these contractual obligations under the Settlement Agreement by seeking to arbitrate claims based upon alleged misrepresentations or omissions related to his purchase of the Annuity. Preclusion of these claims was an "integral part of the settlement bargain" entered into by the parties to the class action, and "this Court cannot now modify the terms of that bargain at the insistence of one class member." *Thompson,* 992 F.2d at 191 n.5.

Boegner accepted the benefits of class membership and agreed to any concomitant obligations imposed by class-member status, including releasing the right to arbitrate claims against Ameriprise that relate to the Annuity. *See In re VMS Ltd. P'ship Sec. Litig.*, 103 F.3d 1317, 1323 (7th Cir. 1996) (finding "failure to opt out manifested [claimant's] consent to have the district court resolve matters involving the class action settlements"). As a class member, Boegner received both the benefits and the detriments of the settlement. Any injury that he suffered has already been remedied by the benefit that was received by virtue of his participation in the class-action settlement. Permitting Boegner to proceed with the litigation of his settlement-barred claims would allow him to seek double recovery for the same injury. *See Mosberg,* 630 N.Y.S.2d at 52. Under the circumstances of this case, Boegner cannot now be heard to raise claims that have already been released.

## II. The Final Order and Judgment Authorizes this Court to Enjoin Boegner from Litigating Released Claims.

### A. This Court has Continuing Jurisdiction in this Matter.

The Final Order and Judgment makes clear that this Court has retained continuing jurisdiction "as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Order and Judgment, and for any other necessary purpose, including, without limitation,"

> (a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Order and Judgment (including, without limitation, whether a person or entity is or is not a Class Member; whether claims or causes of action allegedly related to this case are or are not barred by this Order and Judgment, etc.);
>
> (b) entering such additional Orders as may be necessary or appropriate to protect or effectuate this Order and Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and
>
> (c) entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction;

(Ex. 1 at ¶ 19(a)-(c).) Thus, the terms of the Final Order and Judgment specifically authorize this Court to enter an Order enjoining Boegner from pursuing released claims before the Small Claims Court. Entering such an Order is a proper method whereby the Court can ensure continued adherence to the terms of its final orders, including orders incorporating the terms of class-action settlement agreements. *See Thompson*, 992 F.2d at 189 (citing *Parker v. Ryan*, 960 F.2d 543, 546 (5th Cir. 1992)); *Klett v. Pim*, 965 F.2d 587, 590 (8th Cir. 1992)).

The Eighth Circuit Court of Appeals has repeatedly recognized the propriety of a District Court issuing an injunction in order to enforce a final judgment dismissing claims settled pursuant to a class-action settlement agreement. A District Court has the authority to issue an injunction barring a class member from raising released claims in subsequent litigation. *Thompson*, 992 F.2d at 190; *see also Berardinelli*, 357 F.3d at 803. Furthermore, this power to enjoin subsequent claims is not limited to attempts to raise released claims in litigation. If a release, such as that contained in the Final Order and Judgment, releases all claims, including those that could be raised in Small Claims Court, it should be enforced pursuant to its terms. *See, e.g., Ewart v. Y & A Group (In re Y & A Group Sec. Litig.)*, 38 F.3d 380, 382 (8th Cir. 1994) ("[E]ven when arbitration is involved, federal 'courts should not have to stand by while parties re-assert claims that have already been resolved.'") (citations omitted)); *see also In re VMS Ltd. P'ship Sec. Litig.*, 26 F.3d 50, 51-52 (7th Cir. 1994) (affirming District Court's order enjoining class member from arbitrating claims that were previously released pursuant to terms of a class-action settlement agreement). Because Boegner seeks to relitigate claims for which he has already received relief and that have already been released pursuant to the terms of the Settlement Agreement and the Final Order and Judgment, the Court should enjoin him from relitigating any released claims.

### B. Proceeding with the Litigation of Released Claims Violates a Prior Order of this Court.

The bar precluding Boegner from arbitrating released claims goes beyond a simple contractual agreement between the parties to this litigation; this Court has already

decreed that he cannot proceed with these claims in Small Claims Court. The Court, in the Final Order and Judgment, enjoined class members from proceeding in such a fashion:

> All Class Members who have not been timely excluded from the Class with respect to a Policy or Annuity are hereby permanently barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in . . . or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the Released Conduct . . . as to that Policy or Annuity.

(Ex. 1 at ¶ 14 (emphasis added).) Proceeding with the litigation of released claims directly violates the Court's Final Order and Judgment.

The terms of the Final Order and Judgment are clear: by not opting out of the class and by receiving relief in accordance with the Settlement Agreement, Boegner has released all of his claims related to the purchase of the Annuity and agreed to forego the right to litigate these claims. (Ex. 1 at ¶ 13.) Indeed, the Court has ordered that he forego those claims. (*Id.* at ¶ 14.) Therefore, the Court should enjoin Boegner from proceeding with any litigation of claims relating in any way to any representations allegedly made to him that relate to the Annuity. (*See id.* at ¶ 13.B.2 ("'Released Conduct' means any and all . . . representations, omissions, suggestions, or communications that are related to or connected in any way with the . . . marketing, sale, administration, . . . or performance of . . . the Annuities, including without limitation, acts, representations, omissions, suggestions or communications in connection within (i) the explanation, description, marketing, sale, solicitation, illustration or replacement of any . . . Annuity") (emphasis added).) Litigation of the claims set forth in the Small Claims Court Claim that are

predicated upon alleged misrepresentations or omissions and the general "flaws" of the Annuity would be in direct contravention of this Court's prior orders.

### C. Permitting Boegner to Proceed with the Litigation of Released Claims Undermines the Finality of Class-Action Settlements.

Permitting Boegner to pursue claims that have already been settled and released more than five years after this Court's entry of the Final Order and Judgment undermines the finality of class-action settlements. This would eviscerate the binding Settlement Agreement into which Boegner voluntarily entered and under which he received relief. Accordingly, authorizing the continued litigation of any claims related to the Annuity would be contrary to the strong public policy that supports class-action settlements. *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 104-105 (3d Cir. 2002) (quoting *In re Prudential Ins. Co. Sales Practices Litig.: Lowe*, 261 F.3d 355, 367 (3d Cir. 2001) (upholding preclusion of claims by nationwide settlement on grounds that, by allowing separate actions, defendants in large class actions "would always be concerned that a settlement of the federal class action would leave them exposed to countless suits in state court despite settlement of the federal claims" and this would "seriously undermine the possibility for settling any large, multi district class action")). As recognized by the Eighth Circuit,

> [W]here there is a realistic identity of issues between the settled class action and the subsequent suit, and where the relationship between the suits is at the time of the class action forseeably obvious to notified class members, the situation is analogous to the barring of claims that could have been asserted in the class action. Under such circumstances the paramount policy of encouraging settlements takes precedence.

*Thompson*, 992 F.2d at 191 (quoting *TBK Partners, Ltd. v. Western Union Corp.*, 675 F.2d 456, 461 (2d Cir. 1982)). By enjoining Boegner from proceeding with the litigation of claims related to the Annuity, the Court ensures not only that its Final Orders are respected, but that the "paramount policy" supporting settlement is upheld.

**CONCLUSION**

For all of the reasons set forth above, Ameriprise respectfully requests that the Court enjoin Dieter Boegner from proceeding with the litigation of any and all claims that were released by the Settlement Agreement and the Final Order and Judgment.

Respectfully submitted,

Dated: June 27, 2008

FAEGRE & BENSON LLP

s/ Erin Oglesbay
Michael F. Cockson (#280549)
*mcockson@faegre.com*
Erin A. Oglesbay (#343092)
*eoglesbay@faegre.com*
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone No. (612) 766-7000
Facsimile No. (612) 766-1600

**ATTORNEYS FOR DEFENDANT AMERIPRISE FINANCIAL SERVICES, INC. F/K/A AMERICAN EXPRESS FINANCIAL ADVISORS, INC.**

fb.us.3010512.02