Case Number:
LAW 08W00558

# SC-100A Other Plaintiffs or Defendants

[X] This form is attached to form SC-100, Item 1 or 2.

**(1) If more than 2 Plaintiffs (person, business, or entity suing), list their information below:**

Other Plaintiff's name:
Phone:
Street Address:
City: State: Zip:
Mailing address *(if different):*
City: State: Zip:
*Is this plaintiff doing business under a fictitious name?* [ ] Yes [ ] No If yes, attach Form SC-103.

**(2) If more than 2 Defendants (person, business, or entity being sued), list their information below:**

Other Defendant's name: IDS LIFE INSURANCE, INC.
Phone: ( ) -
Street Address: 11835 WEST OLYMPIC BOULEVARD #900
City: LOS ANGELES State: CA Zip: 90064
Mailing address *(if different):* 818 WEST SEVENTH STREET
City: LOS ANGELES State: CA Zip: 90017

**(3) I understand that by filing a claim in small claims court, I have no right to appeal this claim.**

**(4)** I have not filed, and understand that I cannot file, more than two small claims cases for more than $2,500 in in California during this calendar year.

I declare, under penalty of perjury under California state law that the information above and on any attachments to this form is true and correct.

Date: ________________ ________________________
Type or print your name
________________________________
Sign your name

# SC-100 Information for the Defendant (the person being sued)

**"Small claims court"** is a special court where claims for $5,000 or less are decided. A "natural person" (not a business or public entity) may claim up to $7,500, including a sole proprietor. The process is quick and cheap. The rules are simple and informal.

You are the Defendant—the person being sued. The person who is suing you is the Plaintiff.

### Do I need a lawyer?

You may talk to a lawyer before or after the case. But you *may not* have a lawyer represent you in court (unless this is an appeal from a small claims case).

### How do I get ready for court?

You don't have to file any papers before your trial, unless you think this is the wrong court for your case. But bring to your trial any witnesses, receipts, and evidence that supports your case. And read "Get Ready for Court" at: *www.courtinfo.ca.gov/selfhelp/smallclaims/getready.htm*

### What if I need an accommodation?

If you have a disability or are hearing impaired, fill out Form MC-410, *Request for Accommodations*. Give the form to your court clerk or the ADA/Access Coordinator.

### What if I don't speak English well?

Bring an adult who is not a witness to interpret for you, or ask the court clerk for an interpreter at least five days before your court date. A court-provided interpreter may not be available or there may be a fee for using a court interpreter unless you qualify for a fee waiver. You may ask the court for a list of interpreters and also the *Application for Waiver of Court Fees and Costs* (form FW-001).

### Where can I get the court forms I need?

Go to any courthouse or your county law library, or print forms at: *www.courtinfo.ca.gov/forms*

### What happens at the trial?

The judge will listen to both sides. The judge may make a decision at your trial or mail the decision to you later.

### What if I lose the case?

If you lose, you can appeal. You'll have to pay a fee. (Plaintiffs cannot appeal their own claims.)

- If you were at the trial, file Form SC-140, *Notice of Appeal*. You must file within 30 days after the judge's decision.
- If you were *not* at the trial, fill out and file Form SC-135, *Notice of Motion to Vacate Judgment and Declaration*, to ask the judge to cancel the judgment (decision). If the judge does not give you a new trial, you have 10 days to appeal the decision. File Form SC-140.

For more information on appeals, see: *www.courtinfo.ca.gov/selfhelp/smallclaims/appeal.htm*

### Do I have options?

Yes. If you are being sued, you can:

- **Settle your case before the trial.** If you and the Plaintiff agree on how to settle the case, both of you must notify the court. Ask the Small Claims Advisor for help.
- **Prove this is the wrong court.** Send a letter to the court *before* your trial, explaining why you think this is the wrong court. Ask the court to dismiss the claim. You must serve (give) a copy of your letter (by mail or in person) to all parties. (Your letter to the court must say you have done this.)
- **Go to the trial and try to win your case.** Bring witnesses, receipts, and any evidence you need to prove your case. To make sure the witnesses go to the trial, fill out Form SC-107, and the clerk will subpoena (order) them to go.
- **Sue the person who is suing you.** File Form SC-120, *Defendant's Claim*. There are strict filing deadlines you must follow.
- **Agree with the Plaintiff's claim and pay the money.** Or, if you can't pay the money now, go to your trial and say you want to make payments.
- **Let the case "default."** If you don't settle and do not go to the trial (default), the judge may give the Plaintiff what he or she is asking for plus court costs. If this happens, the Plaintiff can legally take your money, wages, and property to pay the judgment.

### What if I need more time?

You can change the trial date if:

- You cannot go to court on the scheduled date (you will have to pay a fee to postpone the trial) *or*
- You did not get served (receive this order to go to court) at least 15 days before the trial (or 20 days if you live outside the county) *or*
- You need more time to get an interpreter. One postponement is allowed, and you will not have to pay a fee to delay the trial.

Ask the Small Claims Clerk about the rules and fees for postponing a trial. Or fill out Form SC-110 (or write a letter) and mail it to the court *and* to all other people listed on your court papers before the deadline. Enclose a check for your court fees, unless a fee waiver was granted.

### ? Need help?

Your county's Small Claims Advisor can help for free.

Small Claims Advisors are available Monday thru Friday, 8:30 A.M. to 4:30 P.M. at the County Hall of Administration 500 West Temple Street, Room B96, Los Angeles 90012 or by calling (213) 974-9759.

Or go to "County-Specific Court Information" at: *www.courtinfo.ca.gov/selfhelp/smallclaims*

# SC-100 Información para el demandado (la persona demandada)

La **"Corte de reclamos menores"** es una corte especial donde se deciden casos por $5,000 ó menos. Una "persona natural" (que no sea un negocio ni una entidad pública) puede reclamar hasta $7,500. El proceso es rápido y barato. Las reglas son sencillas e informales.

Usted es el Demandado — la persona que se está demandando. La persona que lo está demandando es el Demandante.

**¿Necesito un abogado?**
Puede hablar con un abogado antes o después del caso. Pero *no puede* tener a un abogado que lo represente ante la corte (a menos que se trate de una apelación de un caso de reclamos menores).

**¿Cómo me preparo para ir a la corte?**
No tiene que presentar ningunos papeles antes del juicio, a menos que piense que ésta es la corte equivocada para su caso. Pero lleve al juicio cualquier testigos, recibos, y cualquier pruebas que apoyan su caso. Y lea "Prepárese para la corte" en: *www.courtinfo.ca.gov/selfhelp/espanol/reclamosmenores/prepararse.htm*

**¿Qué hago si necesito una adaptación?**
Si tiene una discapacidad o tiene impedimentos de audición, llene el formulario MC-410, *Request for Accomodations*. Entregue el formulario al secretario de la corte o al Coordinador de Acceso/ADA de su corte.

**¿Qué pasa si no hablo inglés bien?**
Traiga a un adulto que no sea testigo para que le sirva de intérprete. O pida al secretario de la corte que le asigne uno. Si quiere que la corte le asigne un intérprete, lo tiene que pedir como minimo menos cinco dias antes de la fecha en que tenga que ir a la corte. Es posible que no haya disponible un intérprete proporcionado por la corte o que tenga que pagar una cuota por emplear un intérprete de la corte, a menos que tenga una exención de cuotas. Puede pedir a la corte una lista de intérpretes y la Solicitud de exención de cuotas y costos de la corte (formulario FW-001).

**¿Dónde puedo obtener los formularios de la corte que necesito?**
Vaya a cualquier edificio de la corte, la biblioteca legal de su condado o imprima los formularios en: *www.courtinfo.ca.gov/forms*

**¿Qué pasa en el juicio?**
El juez escuchará a ambas partes. El juez puede tomar su decisión durante la audiencia o enviársela por correo después.

**¿Qué pasa si pierdo el caso?**
Si pierde, puede apelar. Tendrá que pagar una cuota. (El Demandante no puede apelar su propio reclamo.)

- Si estuvo presente en el juicio, llene el formulario SC-140, *Aviso de apelación*. Tiene que presentarlo dentro de 30 días depués de la decisión del juez.
- Si *no* estuvo en el juicio, llene y presente el formulario SC-135, *Aviso de petición para anular el fallo y Declaración* para pedirle al juez que anule el fallo (decisión). Si la corte no le otorga un nuevo juicio, tiene 10 días para apelar la decisión. Presente el formulario SC-140.

Para obtener más información sobre las apelaciones, vea: *www.courtinfo.ca.gov/selfhelp/espanol/reclamosmenores/apelar.htm*

**¿Tengo otras opciones?**
Sí. Si lo están demandando, puede:

- **Resolver su caso antes del juicio.** Si usted y el Demandante se ponen de acuerdo en resolver el caso, ambos tienen que notificar a la corte. Pídale al Asesor de Reclamos Menores que lo ayude.
- **Probar que es la corte equivocada.** Envíe una carta a la corte *antes* del juicio explicando por qué cree que es la corte equivocada. Pídale a la corte que despida el reclamo. Tiene que entregar (dar) una copia de su carta (por correo o en persona) a todas las partes. (Su carta a la corte tiene que decir que hizo la entrega.)
- **Ir al juicio y tratar de ganar el caso.** Lleve testigos, recibos y cualquier prueba que necesite para probar su caso. Para asegurarse que los testigos vayan al juicio, llene el formulario SC-107, y el secretario emitirá una orden de comparecencia ordenándoles que se presenten.
- **Demandar a la persona que lo demandó.** Presente el formulario SC-120, *Reclamo del demandado*. Hay fechas límite estrictas que debe seguir.
- **Aceptar el reclamo del Demandante y pagar el dinero.** O, si no puede pagar en ese momento, vaya al juicio y diga que quiere hacer los pagos.
- **No ir al juicio y aceptar el fallo por falta de comparecencia.** Si no llega a un acuerdo con el Demandante y no va al juicio (fallo por falta de comparecencia), el juez le puede otorgar al Demandante lo que está reclamando más los costos de la corte. En ese caso, el Demandante legalmente puede tomar su dinero, su sueldo o sus bienes para cobrar el fallo.

**¿Qué hago si necesito más tiempo?**
Puede cambiar la fecha del juicio si:

- No puede ir a la corte en la fecha programada (tendrá que pagar una cuota para aplazar el juicio) *o*
- No le entregaron los documentos legalmente (no recibió la orden para ir a la corte) por lo menos 15 días antes del juicio (ó 20 días si vive fuera del condado) *o*
- Necesita más tiempo para conseguir intérprete. (Se permite un solo aplazamiento sin tener que pagar cuota para aplazar el juicio).

Pregúntele al secretario de reclamos menores sobre las reglas y las cuotas para aplazar un juicio. O llene el formulario SC-110 (o escriba una carta) y envíelo antes del plazo a la corte *y* a todas las otras personas que figuran en sus papeles de la corte. Adjunte un cheque para pagar los costos de la corte, a menos que le hayan dado una exención.

? **¿Necesita ayuda?** El Asesor de Reclamos Menores de su condado le puede ayudar sin cargo.

O vea "Información por condado" en: *www.courtinfo.ca.gov/selfhelp/espanol/reclamosmenores*

**STATE OF MINNESOTA** **DISTRICT COURT**
**COUNTY OF HENNEPIN** **FOURTH JUDICIAL DISTRICT**

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

Case No. 96-018477

(Consolidated Cases: 96-018477, 97-004742, 98-105681)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

Civ
Case No. 00-1980 DSD/JMM

# STIPULATION OF SETTLEMENT

# TABLE OF CONTENTS

Page

I. INTRODUCTION . . . . . 1

II. DEFINITIONS . . . . . 4

III. CERTIFICATION OF THE CLASS . . . . . 18

IV. SETTLEMENT RELIEF . . . . . 20

V. GENERAL RELIEF . . . . . 23
- A. Accidental Death Benefit . . . . . 23
- B. Research Initiative Regarding Terminated Policies and Annuities . . . . . 24

VI. INTERNAL REPLACEMENT RELIEF . . . . . 24
- A. Procedures . . . . . 24
- B. Available Relief . . . . . 25

VII. THE CLAIM REVIEW PROCESS . . . . . 28
- A. Procedures . . . . . 28
- B. Claim Categorization . . . . . 32
- C. Review of the Claim . . . . . 32
- D. Distribution of Relief Awarded in the Claim Review Process . . . . . 33
- E. Payment of the Claim Evaluator Fees and Expenses . . . . . 34

VIII. DEFENDANTS' FUNDING OBLIGATIONS . . . . . 35
- A. Establishing the Claim Review Relief Fund . . . . . 35
- B. Funding Reverts upon Termination . . . . . 35

IX. NOTICE TO THE CLASS AND COMMUNICATIONS WITH CLASS MEMBERS . . . . . 35
- A. Introduction . . . . . 35
- B. Class Notice Package . . . . . 36
- C. Publication Notice . . . . . 40
- D. Post-Settlement Mailing . . . . . 40
- E. Post-Mailing Reminder . . . . . 41
- F. Retention of Administrator . . . . . 42
- G. Toll-Free Telephone Number for Settlement Information . . . . . 44
- H. Right of Communication with Claimants and Defendants' Customers . . . . . 46
- I. Media Communications . . . . . 48
- J. Defendants' Dealings with Producers . . . . . 48
- K. Co-Class Counsels' Communication with Producers . . . . . 49
- L. Co-Class Counsels' Administrative Responsibilities . . . . . 49

X. REQUESTS FOR EXCLUSION . . . . . . . . . . 51

XI. OBJECTIONS TO SETTLEMENT . . . . . . . . . . 51

XII. RELEASE AND WAIVER AND ORDER OF DISMISSAL . . . . . . . . . . 53
A. Release and Waiver . . . . . . . . . . 53
B. Release and Waiver -- Definitions . . . . . . . . . . 56
C. Order of Dismissal . . . . . . . . . . 59

XIII. ATTORNEYS' FEES AND EXPENSES . . . . . . . . . . 59

XIV. ORDER OF NOTICE, SETTLEMENT HEARING AND ADMINISTRATION . . . . . 61

XV. FINAL APPROVAL AND FINAL ORDERS AND JUDGMENTS . . . . . . . . . . 62

XVI. MODIFICATION OR TERMINATION OF THIS AGREEMENT . . . . . . . . . . 62

XVII. GENERAL MATTERS AND RESERVATIONS . . . . . . . . . . 65

IT IS HEREBY STIPULATED AND AGREED, by, between and among Lesa Benacquisto, Daniel Benacquisto, Arnold Mork, Isabella Mork, Ronald Melchert, Susan Melchert, Richard W. Thoresen and Elizabeth J. Thoresen (collectively, the "Plaintiffs"), on behalf of themselves and the Class defined below and through their duly authorized counsel, and IDS Life Insurance Company, IDS Life Insurance Company of New York, American Express Financial Corporation, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company and American Express Financial Advisors (collectively, "Defendants"), through their duly authorized representatives, that the class action lawsuits entitled: Benacquisto, et al. v. American Express Financial Corporation, et al., No. 96-18477, pending before the Minnesota State Court for the County of Hennepin (together with the actions consolidated therewith, also filed in the Minnesota State Court for the County of Hennepin and entitled Mork, et al. v. IDS Life Insurance Company, et al., No. 97-04742, and Thoresen, et al. v. American Express Financial Corporation, et al., No. 98-015681), and Benacquisto, et al. v. American Express Financial Corporation, et al., No. 00-1980 DSD/JMM, pending before the United States District Court for the District of Minnesota (collectively, the "Actions"), are settled, compromised and dismissed on the merits and with prejudice, and the claims are released, on the terms and conditions set forth in this Stipulation of Settlement (the "Settlement Agreement" or "Agreement") and the Release set forth herein, subject to the approval of the Courts.

## I. INTRODUCTION

A. On or about December 13, 1996, plaintiffs in the action originally entitled Benacquisto, et al. v. IDS Life Insurance Company, et al., No. 96-18477, filed their complaint in the Minnesota State Court for the County of Hennepin. In that action, they asserted causes of

action for common law fraud, breach of fiduciary duty, negligent misrepresentation, fraudulent inducement, negligence, and violation of consumer fraud statutes in connection with defendants' replacement of cash value life insurance policies, on behalf of themselves and a class of consumers.

B. On or about March 21, 1997, plaintiffs in the action entitled Mork, et al. v. IDS Life Insurance Company, et al., No. 97-04742, filed their complaint in the Minnesota State Court for the County of Hennepin. In that action, they asserted causes of action for common law fraud, breach of fiduciary duty, negligent misrepresentation, fraudulent inducement, negligence and violation of consumer fraud statutes in connection with defendants' replacement of cash value life insurance policies and deferred annuity contracts, on behalf of themselves and a class of consumers. This action was consolidated with the Benacquisto action by court order.

C. On or about October 13, 1998, plaintiffs in the action entitled Thoresen, et al. v. American Express Financial Corporation, et al., No. 98-015681, filed their complaint in the Minnesota State Court for the County of Hennepin. In that action, they asserted causes of action for violation of the Minnesota Deceptive Trade Practices Act, false or misleading advertising, violation of the Minnesota Consumer Fraud Act, fraud, fraudulent concealment and deceit, breach of fiduciary duty/constructive fraud, negligent misrepresentation, negligence, negligence per se, unjust enrichment and imposition of constructive trust, declaratory and injunctive relief, and reformation in connection with defendants' sale of deferred annuities purchased to fund or constitute tax qualified retirement plans or arrangements established pursuant to Sections 401(a), 401(k), 403(a), 403(b), 408(a), 408(b), 408(k), 408(p), 408A or 457 of the Internal Revenue Code, on behalf of themselves and a class of consumers. On or about July 2, 1999, plaintiffs in that action filed an Amended Complaint asserting similar causes of action.

D. On or about August 29, 2000, the Minnesota State Court for the County of Hennepin entered an order consolidating the actions described in subsections B through C, above, into the action described in subsection A, above. These consolidated actions are referred to herein as the "State Court Action."

E. On or about September 1, 2000, plaintiffs in the State Court Action filed a Consolidated Complaint under the caption Benacquisto, et al. v. American Express Financial Corporation, No. 96-18477. In that Consolidated Complaint, plaintiffs assert claims relating to the marketing, sale, servicing, and administration of cash value life insurance policies and deferred annuity contracts issued and sold by Defendants.

F. On or about August 21, 2000, plaintiffs filed a complaint in the United States District Court for the District of Minnesota in an action entitled Benacquisto, et al. v. American Express Financial Corporation, et al., No. 00-1980 DSD/JMM (the "Federal Court Action"). In that action, they assert claims relating to the marketing, sale, servicing and administration of cash value life insurance policies and deferred annuity contracts issued and sold by Defendants.

G. Before commencing the Actions and throughout the pendency of the Actions, and during settlement negotiations, Plaintiffs' counsel and their professional consultants conducted a thorough examination and evaluation of the relevant law and facts to assess the merits of Plaintiffs' claims and potential claims and to determine how best to serve the interests of Plaintiffs and the Class, as defined below. In the course of their examination, Plaintiffs' counsel reviewed approximately 350,000 pages of documents produced by Defendants, deposed or interviewed 12 officers, employees and sales representatives of Defendants, and conducted other informal discovery of Defendants. In addition, Plaintiffs' counsel retained and consulted with experts

concerning the discovery conducted in this matter, the merits of Plaintiffs' claims and potential claims, alleged damages and the defenses raised by Defendants.

H. Based upon their discovery, investigation and evaluation of the facts and law relating to the matters alleged in the pleadings, and after reviewing this Agreement with their various consultants and experts, Plaintiffs and their counsel have agreed to settle the Actions pursuant to the provisions of this Agreement after considering, among other things: (i) the substantial benefits available to Plaintiffs and the Class under the terms of this Agreement, which are fair, reasonable and adequate, in the best interests of the Class, and fairly resolve the claims at issue; (ii) the attendant risks and uncertainty of litigation, especially in complex actions such as these, as well as the difficulties and delays inherent in such litigation; and (iii) the desirability of consummating this Agreement promptly to provide effective relief to Plaintiffs and the Class.

I. Defendants expressly deny any wrongdoing alleged in the Actions, and do not admit or concede that any facts or claims that have been or could have been alleged against them in the Actions have merit, would overcome their defenses, or would result in any determination of liability or damages. Without conceding any liability, wrongdoing or fault, and without admitting that any damages are recoverable or the amount of any damages that may have been incurred, Defendants consider it desirable for the Actions to be settled and dismissed because this settlement will (i) provide significant benefits to Defendants' present and former policy and annuity owners; and (ii) avoid the substantial expense, burdens and uncertainties associated with continued litigation of those claims.

## II. <u>DEFINITIONS</u>

As used in this Agreement and the annexed exhibits (which are an integral part of this Agreement and are incorporated in their entirety by reference), the following terms have the

following meanings, unless a section or subsection of this Agreement or its exhibits provides otherwise:

1. "Accidental Death Benefit" or "ADB" means the form of General Relief to be provided to Class Members as described in section V below.

2. "Actions" means the class action lawsuits entitled: Benacquisto, et al. v. American Express Financial Corporation, et al., No. 96-18477, pending before the Minnesota State Court for the County of Hennepin (together with the actions consolidated therewith, also filed in the Minnesota State Court for the County of Hennepin and entitled Mork, et al. v. IDS Life Insurance Company, et al., No. 97-04742, and Thoresen, et al. v. American Express Financial Corporation, et al., No. 98-015681), and Benacquisto, et al. v. American Express Financial Corporation, et al., No. 00-1980 DSD/JMM, pending before the United States District Court for the District of Minnesota.

3. "Administrator" means Rust Consulting of Minneapolis and Faribault, Minnesota or any other third-party administrator(s) whom Defendants shall retain to help implement the terms of this Agreement, upon consultation with Co-Class Counsel.

4. "Affinity Group" means (i) the Class Member, his or her spouse, parent or child (including a stepchild residing with the Class Member); and (ii) any person in whom the Class Member has an insurable interest.

5. "Agreement" or "Settlement Agreement" means this Stipulation of Settlement and the attached exhibits, including any subsequent amendments thereto and any exhibits to such amendments.

6. "Alternate Measuring Life" means, for purposes of any Accidental Death Benefit provided for in this settlement, a person designated on the Designation Form, as provided

herein, who is a member of the Class Member's (which, in the case of a participation interest in a Group Qualified Annuity, means the participant's) Affinity Group and is not the insured under the Policy or the annuitant under the Annuity making the Class Member eligible for relief.

7. "Alternate Payee" means such person as the Class Member (which, in the case of a participation interest in a Group Qualified Annuity, means the participant) may designate on the Designation Form, as provided herein, to receive the Accidental Death Benefit pursuant to the terms and conditions set forth below.

8. "Annuity" or "Annuities" means one or more fixed or variable deferred annuity contracts, including individual contracts, group contracts and participation interests in group contracts issued by any of the Defendants in the United States, including its territories and commonwealths, that was In Force at any time during the Class Period.

9. "Attorneys' Fees and Expenses" means such funds as may be awarded to Co-Class Counsel to compensate them and all other attorneys for Plaintiffs or Class Members in the Actions for their fees and expenses in connection with the Actions.

10. "Benefit Voucher" means the voucher to be included in the Class Notice Package, substantially in the form contained in the attached Exhibit B, entitling the Class Member to payment of the ADB upon Defendants' receipt of due proof of the qualifying death of the Measuring Life within the applicable period, as provided in this Agreement.

11. "Claim" means a claim by a Class Member or his or her representative timely submitted on the Claim Form (with any necessary attachments) for consideration pursuant to the Claim Review Process, as provided in this Agreement.

12. "Claim Categorization" means the assignment of a Claim to one or more Claim categories, as described in the attached Exhibit A.

13. "Claim Designation" means the scoring of a Claim by the Claim Evaluator pursuant to the attached Exhibit A.

14. "Claim Evaluator" means a person chosen by Co-Class Counsel who is responsible for Claim Review Administration, Claim Categorization, Claim Designation, and, where appropriate, awarding relief for Claims pursuant to the terms of this Agreement. The Claim Evaluator may retain assistants as are reasonably necessary to process Claims in an efficient and timely manner. Defendants may request that Co-Class Counsel remove the Claim Evaluator for financial or gross misconduct. Such request shall not be unreasonably denied. Co-Class Counsel may also remove the Claim Evaluator for any reason at any time. If the Claim Evaluator is removed, Co-Class Counsel shall choose another Claim Evaluator.

15. "Claim Evaluator Fees and Expenses" means the fees and expenses incurred by the Claim Evaluator in connection with carrying out his or her duties as provided in this Agreement.

16. "Claim File" means the file to be assembled for each Claim, as provided in this Agreement, for use in the Claim Review Process. The Claim File shall include (i) the Claim Form and all other materials submitted by the Claimant; (ii) the Customer File; (iii) any other information agreed to by the Parties; and (iv) any other information provided to the Claim Evaluator.

17. "Claim Form" means the form for Claimants to submit a Claim to the Claim Review Process, which shall be substantially in the form contained in the attached Exhibit H. Each Claim Form, in order to be included in the Claim Review Process, shall include a signed Claimant Oath.

18. "Claim Review Administration" means, with respect to each Claim submitted to the Claim Review Process, those administrative tasks to be completed after Defendants deliver the relevant Claim File to the Claim Evaluator, and includes, without limitation, the categorization, designation, and awarding of relief for that Claim.

19. The "Claim Review Process" means the procedures and process described in section VII to this Agreement and in the attached Exhibit A for the presentation, evaluation and resolution of Claims.

20. "Claim Review Relief Fund" means the total amount of $85 million, plus interest as described in this Agreement, available to provide relief to Claimants through the Claim Review Process.

21. "Claimant" means a Class Member, or the legal or authorized representative of a Class Member, who submits a Claim to the Claim Review Process. The legal or authorized representative of a Class Member who submits a Claim on a Class Member's behalf shall, in order for the Claim to be included in the Claim Review Process, include with the Claim Form any documentation supporting his or her authorization to act on the Class Member's behalf for this purpose.

22. "Claimant Oath" means the oath, signed by each Claimant, that appears at the conclusion of the Claim Form. Each oath shall state: "I swear under penalty of perjury that (i) the foregoing is true and correct; (ii) I submit herewith copies of all documents in my possession or control relating to the life insurance policy or deferred annuity contract that is the subject of my claim; and (iii) all such copies (if any) are authentic and unaltered copies of the original documents."

23. "Class" or "Class Member" means the persons or entities described in section III of this Agreement.

24. "Class Notice" means the legal notice of the terms of the proposed settlement included in the Class Notice Package.

25. "Class Notice Package" means the notice package, as approved in form and content by Co-Class Counsel and Defendants' Counsel and the Courts, and substantially in the form of the attached Exhibit B, to be provided to Class Members pursuant to section IX of this Agreement. Except as otherwise provided in section IX.B, below, the Class Notice Package shall include (i) a cover letter from Defendants; (ii) the Class Notice; (iii) one or more Election Forms (depending on the number of Policies or Annuities); (iv) one or more Designation Forms (depending on the number of Policies or Annuities); (v) one or more Statements of Eligibility (depending on the number of Policies or Annuities); (vi) a Benefit Voucher evidencing the relief to which the Class Member is entitled if the Class Member does not elect the Internal Replacement Relief or the Claim Review Process; (vii) a fact sheet for Qualified Plans (for Class Notice Packages sent to the Owners of Group Qualified Annuities); and (viii) a Plan Participant Information Sheet (for Class Notice Packages sent to persons or entities with participation interests in Group Qualified Annuities).

26. "Class Period" means that period beginning on January 1, 1985 and ending on February 29, 2000, inclusive.

27. "Co-Class Counsel" means the law firms of Milberg Weiss Bershad Hynes & Lerach LLP and Lockridge Grindal Nauen, P.L.L.P.

28. "Company" means IDS Life Insurance Company, IDS Life Insurance Company of New York, the American Express Company, American Express Financial

Corporation, American Express Financial Advisors, American Express Service Corporation, American Express Trust Company, American Centurion Life Assurance Company, American Enterprise Life Insurance Company and American Partners Life Insurance Company, collectively.

29. "Company Liaison" means a person appointed by the Defendants to serve as a liaison between the Claim Evaluator and the Defendants, as more particularly described in section VII.A.2 below.

30. "Corporate Office" means the headquarters of Defendants at 52 AXP Financial Center, Minneapolis, Minnesota and its administrative offices that provide administrative support functions for the operations of Defendants.

31. "Cost of Insurance Rate Band" means the premium or cost of insurance rate table assigned to a Policy based on the Policy Face Amount.

32. "Courts" means the Minnesota State Court for the County of Hennepin and the United States District Court for the District of Minnesota, where the Actions are pending.

33. "Customer File" means a file of information for each Policy or Annuity about which a Claim is timely submitted that shall include to the extent available from Defendants' records as maintained at the Corporate Office at the time the Customer File is created: (i) the Policy or Annuity Owner's (or the participant's, in the case of a Group Qualified Annuity) name, current address and social security number or tax identification number; (ii) the Policy or Annuity number; (iii) the Policy or Annuity plan code; (iv) the Policy Face Amount as of the Issue Date; (v) the Policy's or Annuity's Issue Date; (vi) the type of Qualified Plan being funded by a Qualified Annuity; (vii) the issue age and gender of the Policy's insured or the Annuity's annuitant; (viii) the Policy's or Annuity's termination date, if applicable; (ix) any Policy or Annuity surrender charge paid; (x) the Policy's scheduled premium, if applicable; (xi) the payment, loan and transaction

history and current values of the Policy or Annuity as of the Eligibility Date; (xii) to the extent available, the Policy's or Annuity's application file (excluding any medical underwriting); and (xiii) any summaries of complaints relating to the Policy or Annuity as electronically maintained by the Company's Client Relations area.

34. "Default Measuring Life" means, with respect to the ADB provided for in this Agreement, the insured under the applicable Policy or the annuitant under the applicable Annuity, except that, in the case of a participation interest in a Group Qualified Annuity, "Default Measuring Life" means the participant or, where applicable, the beneficiary of a deceased participant.

35. "Default Payee" means, with respect to the ADB provided for in this Agreement, the Owner of the applicable Policy or Annuity, except that in the case of a participation interest in a Group Qualified Annuity, "Default Payee" means the participant.

36. "Defendants" means IDS Life Insurance Company, IDS Life Insurance Company of New York, American Express Financial Corporation, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company and American Express Financial Advisors, collectively.

37. "Defendants' Counsel" means the law firms of LeBoeuf, Lamb, Greene & MacRae, L.L.P. and Leonard, Street and Deinard, P.A.

38. "Designation Form" means the document substantially in the form attached as part of Exhibit B, one or more copies of which form (i) shall be included in the Class Notice Package; and (ii) may be used by Class Members to designate an Alternate Payee and/or an Alternate Measuring Life, pursuant to this Agreement.

39. "Election Form" means the document substantially in the form attached as part of Exhibit B, one or more copies of which will be included in the Class Notice Package and must be used by Class Members in electing Internal Replacement Relief or the Claim Review Process pursuant to sections VI and VII of this Agreement.

40. "Eligibility Date" means a date specified by the Company that is not more than 90 days before the date on which the Class Notice Package is first mailed, as provided in this Agreement.

41. "Execution Date" means the first date on which the Agreement has been executed by all of the undersigned.

42. "Fairness Hearing" means the hearing at or after which the Courts will make final decisions whether to approve this Agreement as fair, reasonable and adequate.

43. "Favorable Underwriting" means the underwriting requirements and guidelines ordinarily applied by Defendants, except that if the applicant is table rated for excess mortality risk, he or she will be charged cost of insurance charges at a rate two tables (or if rated at Table A, one table) less than his or her actual rating.

44. "Final Order and Judgment" means the order finally certifying the Class for settlement purposes only and approving the settlement and this Agreement, and the judgment entered pursuant to that order, as contemplated in section XV of this Agreement and substantially in the form attached as Exhibit F.

45. "Final Settlement Date" means the last date on which the Final Order and Judgment approving this Agreement becomes final. For purposes of this definition, the Final Order and Judgment shall become final: (i) if no appeal is taken therefrom, on the date on which the time to appeal therefrom has expired; (ii) if any appeal is taken therefrom, on the date on