Your request for exclusion must state the following information:

(1) your name, address and telephone number;

(2) the Policy or Annuity number(s) for which you are requesting exclusion (which you can find on the Statement(s) of Eligibility included with this Notice);

(3) a statement that you want to be excluded from the Class as to each Policy or Annuity listed;

(4) your signature; and

(5) the case name and number (*Benacquisto v. American Express Financial Corporation*, State Court No. 96-18477, Federal Court No. 00-1980).

Please be sure to write the words "EXCLUSION REQUEST" on the lower left-hand corner of the front of the envelope.

If you own or owned more than one Policy or Annuity affected by the proposed settlement, you may choose to remain a Class Member as to some Policies or Annuities and exclude yourself from the Class as to other Policies or Annuities.

If a Class Member excludes himself or herself from the Class with respect to a particular Policy or Annuity, then all other Class Members who have or had an ownership interest in that particular Policy or Annuity (other than separate participation interests in a Group Qualified Annuity) are automatically excluded from the Class as well. The identity of any additional owners, as reflected in the Defendants' records, is shown on the enclosed Statement of Eligibility.

**If you request exclusion from the Class:**

- **you will not be eligible for any of the settlement benefits; and**
- **you will not be allowed to object to the terms of the settlement; and**
- **you will not be bound by any subsequent rulings entered in these Actions.**

**Remember, your request for exclusion must be postmarked no later than January 29, 2001. Otherwise, your request will be late and invalid.**

**If your exclusion request is postmarked after January 29, 2001:**

- **you will remain a member of the Class, and you will be bound by the settlement and by all orders and judgments in these lawsuits; and**
- **you will not be able to file, participate in or continue any other lawsuit or proceedings based on or relating to the Released Conduct, facts or circumstances set forth in the Release (see Appendix).**



***Even if you already have a pending claim, lawsuit or other proceeding against any of the Defendants relating to one or more Policies or Annuities, you still must submit a written request for exclusion for that Policy or Annuity — so that it is postmarked no later than January 29, 2001 — if you want to exclude yourself from the Class. Otherwise, you will be bound by all orders and judgments in these cases, and your other proceeding(s) may be barred. If you have a pending claim, lawsuit or proceeding against any of the Defendants or their related persons or entities, be sure to show this Notice to your attorney.***

## PART I: FAIRNESS HEARING, RIGHT TO OBJECT TO PROPOSED SETTLEMENT, AND THE RIGHT TO APPEAR

### 1. THE FAIRNESS HEARING

On March 6, 2001, at 9:00 a.m., the Courts will hold a hearing, called the Fairness Hearing, to consider whether to grant final certification to the Class for settlement purposes and whether to approve the proposed settlement as fair, reasonable and adequate. The Courts also will determine the amount of attorneys' fees and expenses to be awarded to Class Counsel. The hearing will be held at the Hennepin County Government Center, 300 South Sixth Street, Minneapolis, Minnesota 55487, in Courtroom 1759.

If you have not asked to be excluded from the Class, you may object to any aspect of the proposed settlement, as discussed below. You also may appear at the Fairness Hearing to present your objections, although you are not required to do so. Please note that the Courts have the right to change the hearing date, time or location without further notice. If you are planning to attend the hearing, you should confirm the date, time and location before appearing.

### 2. YOUR RIGHT TO OBJECT, AND INSTRUCTIONS FOR OBJECTING

You must remain a member of the Class in order to object to any aspect of the proposed settlement, including final certification of a settlement class, the fairness of the proposed settlement, the adequacy of the Class representation by Plaintiffs and Class Counsel and the award of attorneys' fees and expenses to Class Counsel. Any objection must be presented in writing to the Courts and the parties at the addresses indicated below so that it is postmarked no later than January 29, 2001.

Your written objection must include:

(1) your name, address and telephone number;

(2) your Policy or Annuity number(s) (which you can find on the Statement(s) of Eligibility enclosed with this Notice);

(3) a statement of your objection(s), and any supporting evidence you wish to introduce; and

(4) the case name and number (*Benacquisto v. American Express Financial Corporation*, State Court No. 96-18477, Federal Court No. 00-1980).

You must file your written objection with the Clerks of the Courts at the following addresses so that it is postmarked no later than January 29, 2001:

| | |
|---|---|
| Clerk of the Court<br>Minnesota State Court for Hennepin County<br>Hennepin County Government Center<br>300 South Sixth Street<br>Minneapolis, Minnesota 55487<br>Re: *Benacquisto v. American Express Financial Corporation*, No. 96-18477 | Clerk of the Court<br>United States District Court<br>District of Minnesota<br>300 South Fourth Street<br>Minneapolis, Minnesota 55415<br>Re: *Benacquisto v. American Express Financial Corporation*, No. 00-1980 |

You also must mail copies of your written objection to Class Counsel and separately to the Defendants' counsel at the addresses listed below so that it is postmarked no later than January 29, 2001:

| **Class Counsel:** | **Defendants' Counsel:** |
|---|---|
| Melvyn I. Weiss, Esq.<br>Brad N. Friedman, Esq<br>Janine L. Pollack, Esq.<br>Milberg Weiss Bershad Hynes & Lerach LLP<br>One Pennsylvania Plaza<br>New York, New York 10119 | Charles C. Platt, Esq.<br>Randall M. Fox, Esq.<br>LeBoeuf, Lamb, Greene & MacRae, L.L.P.<br>125 West 55th Street<br>New York, New York 10019 |
| Richard Lockridge, Esq.<br>Lockridge Grindal Nauen, P.L.L.P.<br>100 Washington Avenue South<br>Minneapolis, Minnesota 55401 | George F. McGunnigle, Esq.<br>Leonard, Street & Deinard, P.A.<br>150 South Fifth Street<br>Minneapolis, Minnesota 55402 |

The Courts will not consider any objections postmarked after January 29, 2001. Late objections will be deemed to have been given up or waived.

If you timely file your objection and the Courts overrule it, you still will be eligible for relief under the settlement.

### 3. YOUR RIGHT TO APPEAR

If you timely file and serve a written objection as described above, you may — but are not required to — attend the Fairness Hearing, either in person or through an attorney paid by you. You or your attorney may appear at the hearing to object to any aspect of the proposed settlement, including final certification of a settlement class, the fairness of the proposed settlement, the adequacy of the Class's representation by Plaintiffs and Class Counsel, and the award of attorneys' fees and expenses.

If you or your attorney intend to appear at the Fairness Hearing, you or your attorney must file a Notice of Intention to Appear with the Clerks of the Courts, and serve that Notice on Class Counsel and the Defendants' counsel, at the addresses listed above. Your Notice of Intention to Appear must be postmarked no later than January 29, 2001.

You (and/or your attorney) may, at your own expense, review the discovery materials produced in this case. Those documents will be made available by appointment during regular business hours at the offices of Lockridge Grindal Nauen, P.L.L.P., 100 Washington Avenue South, Minneapolis, MN 55401. To obtain access, you (and/or your attorney) first must sign a Confidentiality Agreement, which Class Counsel will provide, in which you



(and/or your attorney) agree to abide by all orders, including protective orders, entered by the Courts in the Actions.

## PART J: ATTORNEYS REPRESENTING THE SETTLEMENT CLASS

The Courts have designated Milberg Weiss Bershad Hynes & Lerach LLP and Lockridge Grindal Nauen, P.L.L.P. as Class Counsel in the Actions and as counsel for the Class for purposes of the settlement of this lawsuit. A number of other attorneys from different parts of the country also have participated in this case on behalf of the Class. **You will not be charged for the services of the law firms representing the Class.**

You have the right to retain your own attorney to represent you in these cases, but you are not obligated to do so. If you do hire your own attorney, or if you already have done so in connection with a lawsuit you previously have filed against any of the Defendants, you will have to pay his or her attorneys' fees and expenses yourself. You also have the right to represent yourself before the Court without an attorney.

## PART K: ATTORNEYS' FEES AND EXPENSES

At the Fairness Hearing, Class Counsel will ask the Courts for an award of attorneys' fees and expenses not to exceed $28 million, to be paid by the Defendants. The Defendants will not oppose Class Counsels' application for an award of fees and expenses up to these amounts.

**Payment of attorneys' fees and expenses to Class Counsel will not reduce any funds or benefits being made available to you.**

## PART L: RIGHT TO TERMINATE THE PROPOSED SETTLEMENT

Under limited circumstances, each of the parties to this lawsuit has the right to terminate the proposed settlement. Such circumstances include the decision of the Courts or any appellate court to reject, modify, or deny approval of any portion of the proposed settlement; or if the number of Class Members who elect to exclude themselves from the Class exceeds a certain defined threshold. If the proposed settlement is terminated, you will not receive any of the settlement benefits, and you will not be affected in any way by the parties' actions in connection with the proposed settlement.

## PART M: PRELIMINARY AND PERMANENT INJUNCTION, AND EFFECT ON PENDING AND FUTURE LAWSUITS, ARBITRATIONS AND OTHER PROCEEDINGS

The Courts have preliminarily enjoined all Class Members from starting, continuing or participating in, or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order based on or relating to the claims, facts or circumstances in this case and/or the Released Conduct (as that term is

defined in the Release, which is reprinted in the Appendix). If you do not ask to be excluded from the Class, you will be bound by this preliminary injunction.

The Courts also have preliminarily enjoined all persons from starting or continuing any other lawsuit or proceeding as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in any pending action) on behalf of Class Members, if that other suit is based on or relates to the claims, facts or circumstances in the Actions and/or the Released Conduct.

Upon final approval of the settlement, Plaintiffs and the Defendants will ask the Courts to enter permanent injunctions enjoining all Class Members from engaging in the activities described above. All Class Members will be bound by the permanent injunction.

If you do not submit a written request to be excluded from the Class, so that it is postmarked no later than January 29, 2001, you will be bound by all proceedings, orders and judgments in the Actions, even if you previously began or later begin litigation or other proceedings against the Defendants and related entities relating to your Policies or Annuities. The Courts may enforce their injunctions through contempt orders or other judicial proceedings.

## PART N: HOW TO GET ADDITIONAL INFORMATION

This Notice and the accompanying documents are only a summary of the proposed settlement, which is set forth in a more detailed legal document called the "Stipulation of Settlement." The full Stipulation of Settlement is on file with the Clerks of the Courts. For a more detailed statement of the matters involved in this case, Plaintiffs and the Defendants also refer you to the complaints and amended complaints in the Actions and to the other papers and Court orders on file in the Offices of the Clerks of the Courts. You may inspect these documents at the Offices of the Clerks of the Courts at any time during normal business hours.

A toll-free number has been established, and trained personnel who are employed by the independent, Court-approved Administrator are available to answer any questions you might have about the proposed settlement. If you have questions after reading this Notice, or if you need a large-print version of the Class Notice Package, please call **1-800-433-5314**. If you use a TDD/TTY terminal for the hearing impaired, please call 1-877-657-8808.

**PLEASE DO NOT CALL THE COURTS OR THE CLERKS OF THE COURTS.**

Dated: October 12, 2000

Clerks of the Courts



## APPENDIX

## RELEASE AND WAIVER

(Section XII of the Stipulation of Settlement)

A. Release and Waiver

1. In consideration for the relief set forth in this Agreement, Plaintiffs and all other Releasors (defined below) shall, as of the Final Settlement Date release, acquit and forever discharge the Releasees (defined below) from any and all past or present Claims and Causes of Action (defined below) that are based upon, related to, or connected with, directly or indirectly, in whole or in part: (a) the allegations, facts or subjects set forth or otherwise raised in *Benacquisto, et al. v. American Express Financial Corporation, et al.*, No. 96-18477, pending before the Minnesota State Court for the County of Hennepin (together with the actions consolidated therewith, also filed in the Minnesota State Court for the County of Hennepin and entitled *Mork, et al. v. IDS Life Insurance Company, et al.*, No. 97-04742, and *Thoresen, et al. v. American Express Financial Corporation, et al.*, No. 98-015681) and/or *Benacquisto, et al. v. American Express Financial Corporation, et al.*, No. 00-1980 DSD/JMM, pending before the United States District Court for the District of Minnesota; or (b) the Released Conduct (defined below).

2. Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors also hereby contractually agree and acknowledge that, unless this settlement is ultimately disapproved, they shall not now or hereafter initiate, participate in, maintain, maintain a right to or assert against the Releasees, or any of them, either directly or indirectly, derivatively, on their own behalf, or on behalf of the Class or the general public or any other person or entity, any Claims and Causes of Actions (defined below) that are based upon, related to, or connected with, directly or indirectly, in whole or in part: (a) the allegations, facts or subjects set forth or otherwise raised in *Benacquisto, et al. v. American Express Financial Corporation, et al.*, No. 96-18477, pending before the Minnesota State Court for the County of Hennepin (together with the actions consolidated therewith, also filed in the Minnesota State Court for the County of Hennepin and entitled *Mork, et al. v. IDS Life Insurance Company, et al.*, No. 97-04742, and *Thoresen, et al. v. American Express Financial Corporation, et al.*, No. 98-015681) and *Benacquisto, et al. v. American Express Financial Corporation, et al.*, No. 00-1980 DSD/JMM, pending before the United States District Court for the District of Minnesota; or (b) that relate in any way to the Released Conduct.

3. Nothing in this Release shall be deemed to alter (i) a Class Member's right to make a claim for contractual benefits that will become payable in the future pursuant to the express written terms of an In Force Policy or In Force Annuity issued by any of Defendants; (ii) a Class Member's right to assert any claim that independently arises from acts, facts or circumstances that occur for the first time after the last day of the Class Period; (iii) a Class Member's right to make a claim for theft or

embezzlement in connection with a Policy or Annuity; (iv) a Class Member's right to assert any claim based on facts arising out of or relating to the administration or servicing of a Policy or Annuity after its purchase unless they arise out of or relate to any of the matters described in sections XII.B.2.(i)-(xiii) of the Stipulation of Settlement; or (v) a Class Member's right to assert any claim peculiar to the Class Member that falls outside the general categories of claims or conduct described in the complaints in the Actions or the Release in this settlement and is based on facts that were not discovered and could not with reasonable care have been discovered by the Class Member before the deadline to submit an Election Form set forth in the Stipulation of Settlement.

4. Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors, expressly agree that this Release will be, and may be raised as, a complete defense to, and will preclude any action or proceeding that relates in any way to, the Released Conduct.

5. Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors, expressly understand that certain principles of law, such as Section 1542 of the Civil Code of the State of California, provide that a "general" release does not extend to claims that a creditor does not know or suspect to exist in his favor at the time of executing the release and which, if known by him, must have materially affected his settlement with the debtor. To the extent that these principles of law arguably may be applicable – notwithstanding that the parties have chosen Minnesota law to govern the Stipulation of Settlement – Plaintiffs and the Class Members hereby agree that these principles (including Cal. Civ. Code Section 1542 and all similar federal or state laws, rights, rules, or legal principles of any jurisdiction that may be applicable herein) are hereby knowingly and voluntarily waived and relinquished by Plaintiffs and the Class Members, and Plaintiffs and the Class Members hereby agree and acknowledge that this is an essential term of both the Settlement Agreement and this Release.

6. In connection with this Release, Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors, acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those that they now know or believe to be true with respect to the matters released herein that occurred prior to the last day of the Class Period. Nevertheless, subject to paragraph 3 above, it is the intention of Plaintiffs and the Class Members in executing this Release fully, finally and forever to settle and release all such matters that exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to their Policies and Annuities.

7. Nothing in this Release shall preclude any action to enforce any of the terms of the Settlement Agreement, provided that such action shall be brought in the Minnesota State Court for the County of Hennepin or the United States District Court for the District of Minnesota.

8. Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors, hereby agree and acknowledge that the provisions of this Release, individually and collectively, constitute an essential and material term of the Settlement Agreement.



9. This Release is the result of a compromise of a disputed claim and shall never at any time be used as evidence of any admission of liability, wrongdoing or damages by the Company.

B. <u>Release and Waiver — Definitions</u>

1. "Claims and Causes of Action" (as used in this Release) means any and all claims for relief (including any federal, exclusively federal, state, or other causes of action, suits, petitions, or demands in law or equity), any and all allegations of liability (including any allegations of debts, obligations, promises, guarantees, damages, awards, or for any equitable, legal and administrative relief), and any and all demands for damages or equitable relief (including any claims for rescission, reformation, restitution or all damages of any kind, including those in excess of actual damages and claims for mental anguish), that have been, could have been, may be or could be asserted in any court action, whether federal, state or otherwise, or before any administrative body (including any brought by or on behalf of any state or local insurance, prosecutorial or other organization), tribunal, arbitration panel, or other adjudicatory body, regardless of whether based on federal, state or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether foreseen or unforeseen, suspected or unsuspected, or fixed or contingent at the time of this Settlement.

2. "Released Conduct" means any and all direct or indirect acts, representations, omissions, suggestions, or communications that are related to or connected in any way with the design, development, marketing, sale, administration, servicing, underwriting, or performance of the Policies or the Annuities, including, without limitation, acts, representations, omissions, suggestions or communications in connection with (i) the explanation, description, marketing, sale, solicitation, illustration or replacement of any Policy or Annuity; (ii) the application for or purchase of any Policy or Annuity; (iii) the suitability of any purchases, sales or replacements of any Policy or Annuity; (iv) the taking of any loans, or the accumulation of any interest or cash values on any Policy or Annuity; (v) the setting, reduction, adjustment, payment, or lack of payment of any interest rates, purchase rates or renewal rates on any Policy or Annuity; (vi) the setting, charging or reducing of any cost of insurance, commissions, incentives, premiums, taxes, fees, mortality and expense fees, charges, contract charges, surrender charges, or expenses on any Policy or Annuity; (vii) the investment choices made with respect to assets held in any Policy or Annuity; (viii) the surrender, lapse, or termination of any Policy or Annuity; (ix) the tax status, tax impact or tax consequences of any Policy or Annuity or any actions or inaction taken with respect thereto; (x) the costs, commissions, terms, or benefits or disadvantages of any Policy or Annuity compared to any other life insurance policy, annuity contract or investment; (xi) the comparison or lack of comparison of any Policy or Annuity to any other product; (xii) the preparation by any financial advisor acting for the Company of any financial plan or the provision of financial or investment advice insofar as it resulted in the sale, modification or maintenance of any Policy or Annuity; (xiii) the effect that a Class Member's election and award of benefits in this Settlement Agreement may have on the value of

any Policy or Annuity; and (xiv) the administration or servicing of any Policy or Annuity after its purchase.

3. "Releasees" means the Company and its past, present and future parents, subsidiaries, affiliates, partners, predecessors, successors and assigns, and each of their respective past, present and future officers, directors, shareholders, employees, general agents, agents, advisors, branch managers, producers, sales representatives, brokers, solicitors, representatives, attorneys, heirs, administrators, executors, insurers, predecessors, successors and assigns, or any of them, including any person or entity acting on behalf of, or at the direction of, any of them.

4. "Releasors" means, to the extent they are not excluded from the Class with respect to a Policy or Annuity, the Plaintiffs and all Class Members, on behalf of themselves and their respective heirs, executors, administrators, successors, assigns, guardians, attorneys, trustees, qualified plans, fiduciaries, plan fiduciaries, plan trustees, plan sponsors, plan participants, plan beneficiaries, and representatives, and on behalf of the Policies' insureds and beneficiaries, the Annuities' annuitants and beneficiaries, and the Policies' and Annuities' nominal and beneficial owners.