**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LESA BENACQUISTO, DANIEL BENACQUISTO, RICHARD THORESEN, ELIZABETH THORESEN, ARNOLD MORK, ISABELLA MORK, RONALD MELCHERT and SUSAN MELCHERT, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

AMERICAN EXPRESS FINANCIAL CORPORATION, AMERICAN EXPRESS FINANCIAL ADVISORS, AMERICAN CENTURION LIFE ASSURANCE COMPANY, AMERICAN ENTERPRISE LIFE INSURANCE COMPANY, AMERICAN PARTNERS LIFE INSURANCE COMPANY, IDS LIFE INSURANCE COMPANY, and IDS LIFE INSURANCE COMPANY OF NEW YORK,

Defendants.

**Civil No. 00-1980 DSD/JMM**

**REPLY IN SUPPORT OF MOTION TO ENFORCE CLASS-ACTION SETTLEMENT AS TO CLAIMS OF DIETER BOEGNER PRESENTED TO THE LOS ANGELES SUPERIOR COURT SMALL CLAIMS COURT**

---

## Introduction

The class members in this case have released all claims associated with alleged representations made in connection with the sale, administration, servicing, or performance of specifically enumerated policies and annuities issued by Ameriprise between January 1, 1985 and February 29, 2000. Dieter Boegner is a class member, and does not dispute his status. Boegner’s current small claims court claim seeks redress for

alleged misrepresentations regarding his policy. Accordingly, Ameriprise Financial Services, Inc., formerly known as American Express Financial Advisors, Inc., ("Ameriprise"), seeks to enforce the class-action settlement and preclude him from re-litigating claims that Boegner has already released.[1]

Boegner does not contest that he is a class member, that he received class notice, or even that he received consideration for settling his claims. Nevertheless, he seeks to avoid the class-action-bar by making two primary arguments. First, Boegner claims that he never received the actual policy documents evidencing his accidental death benefit coverage, which constituted his general relief under the settlement. Second, Boegner argues that he falls within the breach-of-contract exception to the class-action-bar. Neither argument has merit and the Court should grant Ameriprise the relief it seeks in this motion.

**Boegner Received Full Consideration for the Settlement of his Claims.**

Although Boegner does not contest that his policy number 93106421285 is covered by the Settlement Agreement, he suggests that he never received an actual policy document that evidenced the three-year accidental death benefits policy, which was the general relief to which he was entitled under the Settlement Agreement. (Boegner Mem.

---

[1] Ameriprise and RiverSource were not properly served with Boegner's Small Claims Court Complaint, and as a result, the Small Claims Court entered a default judgment against them. The hearing on Ameriprise's motion to vacate the default judgment in California small claims court is currently scheduled for August 18, 2008. Ameriprise respectfully requests that the Court issue its decision in this matter before August 18 so that the parties and small claims court will have the benefit of the Court's guidance.

at 5-6.)[2] As a threshold matter, Boegner's allegation is at odds with the testimony of the class administrator. As set forth in Ms. Lake's affidavit, she sent out the notice of general relief to Boegner at 26015 Saddle View Dr., Lomitas, CA 90717-2320 on or about November 14, 2001 and, as of June 27, 2008, she received no indication that the notice had been returned or that the notice was undeliverable. (Lake Aff., at ¶¶ 6-7.) Boegner does not suggest that Ms. Lake had the wrong address.

Even if Boegner never received an actual policy document, the uncontested fact is that he received the benefits to which he was entitled under the Settlement Agreement. Under the Settlement Agreement, Boegner's receipt of accidental death benefits is self-executing. (Settlement Agreement V.A.1). In addition, the Class Notice (which Boegner does not contest receiving) clearly set forth his entitlement to relief under the settlement. (e.g., Class Notice at 8-15.) Therefore, even if he failed to receive underlying policy documents, he had the information he needed to follow up with class counsel, the Court, or the class administrator. Boegner does not suggest he took such steps. In addition, the December 2002 document referenced by Boegner "shows Boegner as beneficiary of Accidental Death Benefits of $59,279.00, with coverage ending after three years." (Boegner Mem. at 5 (emphasis omitted) (citing Appendix 15). In his brief, Boegner therefore confirms that he in fact possessed three-year policy, irrespective of whether he had the underlying policy documents. Boegner has not established that he failed to

---

[2] Boegner's memorandum is styled a "Motion to Reject Defendants' Motion to Enforce Class Action Settlement as to Claims of Dieter Boegner Presented in the Small Claims Court in Los Angeles." If the Court construes it as such, the pleading should be stricken as procedurally improper. Ameriprise submits this brief in the event the Court considers Boegner's filing a response to its original motion.

receive consideration under the Settlement Agreement. The Court should therefore grant Ameriprise's motion.

**<u>Boegner Seeks to Cast his Misrepresentation Claims as Contract Claims to Avoid the Class-Action-Bar</u>**

Boegner next attempts to justify his improper end-run around this Court's Final Order and Judgment by suggesting that his claim is contractual and not based on alleged misrepresentations made in connection with the sale of his annuity. Mr. Boegner is wrong. His claim is not based on his annuity contract. Rather, Boegner's claim concerns performance representations made in an "At A Glance" handout. The express terms of the Settlement Agreement confirm that he has released all claims relating to alleged performance misrepresentations made in connection with the policies covered by the class-action settlement.

Ameriprise does not dispute that the Class Settlement Stipulation specifically preserves "a Class Member's right to make a claim for contractual benefits that will become payable in the future pursuant to the express written terms of an In Force Policy or an In Force Annuity issued by any of Defendants." (Mem. in Supp. Ex. 4.) However, Boegner's claim is not for a contractual benefit that became "payable in the future pursuant to the express written terms" of a policy or annuity.[3] Boegner's claim is based upon performance statements made, which are expressly contemplated by the Settlement

---

[3] Even if Boegner could use the handout as the basis for a contract claim, his claim would fail. The At-A-Glance handout states that a certain return is guaranteed "assuming no surrenders have been made." (Boegner's Appendix 4.) Boegner concedes that he made three withdrawals, and thereby fails to meet the conditions of the "guarantee."

Agreement. Among other things, the Settlement Agreement identified "Released Conduct" as:

> any and all direct or indirect acts, representations, omissions, suggestions, or communications that are related to or connected in any way with the design, development, marketing, sale, administration, servicing, underwriting, or performance of the Policies or the annuities, including without limitation, actions representations, omissions, suggestions or communications in connection with (i) the explanation, description, marketing, sale, solicitation, illustration of any Policy or Annuity; . . . (iv) the taking of any loans, or the accumulation of any interest or cash values on any Policy or Annuity; (v) the setting, reduction, adjustment, payment or lack of payment of any interest rates, purchase rates or renewal rates on any Policy or Annuity; (vi) the setting, charging or reducing of any cost of insurance, commissions, incentives, premiums, taxes, fees, mortality and expense fees, charges, contract charges, surrender charges, or expenses of any Policy or Annuity; (vii) the investment choices made with respect to assets held in any Policy or Annuity; . . . and the administration or servicing of any Policy or Annuity after its purchase.

(Settlement Agmt. at 57-58.) (Emphasis added.)

Not only did the Settlement Agreement conclusively release the conduct alleged by Boegner in the California action, the Class Action Notice clearly notified him that he was resolving and releasing such claims. The notice, which Boegner does not contest receiving, specifically addressed the type of claims he is now asserting. If instead of obtaining general relief, Boegner sought to specifically assert a performance misrepresentation claim (including alleged guarantees) prior to releasing it, the notice prescribed the method for seeking independent claim review:

> Performance Misrepresentation Claims: Any claim that the Defendants or their sales representatives misrepresented to you the manner in which the Policy or Annuity would accumulate value. Valid performance claims . . . must be based on a claim that it was misrepresented to you by the Defendants or one of their sales representatives that the Policy or Annuity would perform in a certain way that ultimately did not happen. For example, one might seek to base a performance claim on a

> misrepresentation . . . (4) that for a fixed number of payments a Policy was ***guaranteed*** to produce certain cash values. . . .

(Mem. in Supp. Ex. 4 (emphasis added).) Boegner failed to pursue such relief when he had the opportunity and is barred from raising it now. Boegner's claim falls squarely within the claims contemplated in the Settlement Agreement. Moreover, Boegner received notice that this claim was included in the released conduct. *Id.* Boegner did not opt out of the class and received general relief as a class member.

Accordingly, Boegner has released his misrepresentation claim, and has no right to relitigate that claim in the Los Angeles Superior Court Small Claims Court.

**Conclusion**

For the reasons set forth above and in its opening Memorandum of Law, Ameriprise respectfully requests that the Court enjoin Boegner from proceeding with his claims that are barred by the Settlement Agreement and the Final Order and Judgment.

Respectfully submitted,

Dated: July 31, 2008

FAEGRE & BENSON LLP

s/Erin Oglesbay

Michael F. Cockson, # 280549
*mcockson@faegre.com*
Erin A. Oglesbay, #343092
*eoglesbay@faegre.com*
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

**Attorneys for Defendant Ameriprise Financial Advisors, Inc. f/k/a American Express Financial Advisors, Inc.**