UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1980(DSD/JMM)

Lesa Benacquisto, Daniel Benacquisto, Richard Thoresen, Elizabeth Thoresen, Arnold Mork, Isabella Mork, Ronald Melchert and Susan Melchert, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**ORDER**

American Express Financial Corporation, American Express Financial Advisors, American Centurion Life Assurance Company, American Enterprise Life Insurance Company, American Partners Life Insurance Company, IDS Life Insurance Company and IDS Life Insurance Company of New York,

Defendants.

This matter is before the court upon the motion of defendants to enforce a class action settlement as to claims of Dieter Boegner before the Los Angeles Superior Court Small Claims Court. For the reasons that follow, the court grants defendants' motion.

**BACKGROUND**

On May 15, 2001, the court issued an order certifying the class, approving the proposed class settlement ("Benacquisto

settlement”), dismissing the complaint and entering final judgment in this consolidated class action. Claimant Dieter Boegner (“Boegner”) was an unnamed class member in the action. Through the Benacquisto settlement and in exchange for their release of all claims, Boegner and other class members received general relief in the form of free accidental death benefit insurance.

On April 18, 2008, Boegner filed an action in Los Angeles Superior Court Small Claims Court against American Express Financial Advisors, Inc., now known as Ameriprise Financial Services, Inc. (“Ameriprise”), a defendant in the underlying litigation in this case. Boegner sought recovery of damages for alleged breaches of contract. Defendants now move the court to enforce the Benacquisto settlement and enjoin litigation of Boegner’s claim. It is undisputed that Boegner purchased the policy at issue, 93106421285, during the relevant class period.

**DISCUSSION**

In its final order, the court permanently enjoined class members who did not opt out of the Benacquisto settlement from bringing any subsequent action based on the policies and annuities that were the subject of the litigation. (See Order of May 15, 2001, ¶ 14.) The court expressly retained jurisdiction over “all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and [the] Order and

Judgment." (Id. ¶ 19.) The court also specifically reserved jurisdiction to determine whether subsequent claims were barred by the final order. (Id. ¶ 19(a).) To that aim, the court has authority to issue injunctions to enforce its orders. Thompson v. Edward D. Jones & Co., 992 F.2d 187, 189 (8th Cir. 1993).

Pursuant to the "Release and Waiver" provision of the settlement, class members agreed to release all past or present claims "that are based upon, related to, or connected with, directly or indirectly, in whole or in part" the Benacquisto action or the "released conduct." (See Stip. of Settlement, Doc. No. 18, § XII.A.1.) This conduct includes a variety of actions taken with respect to Ameriprise policies and annuities in force at any time between January 1, 1985, to February 29, 2000, the "class period." (See id. §§ II.8, II.26. II.60, XII.B.2.)

The released conduct specifically includes

> all direct or indirect acts, representations, omissions, suggestions, or communications ... related to or connected in any way with the ... sale, administration, servicing ... or performance of the Policies or Annuities, including, without limitation, acts, representations, omissions, suggestions or communications in connection with ... (i) the explanation, description, marketing, sale, solicitation, illustration or replacement of any ... Annuity . . . ; (iv) the taking of any loans, or the accumulation of any interest or cash values on any Policy or Annuity; (v) the setting, reduction, adjustment, payment or lack of payment of any interest rates, purchase rates or renewal rates on any Policy or Annuity; (vi) the setting, charging or reducing of any cost of insurance,

> commissions, incentives, premiums, taxes, fees, mortality and expense fees, charges, contract charges, surrender charges, or expenses of any Policy or Annuity; (vii) the investment choices made with respect to assets held in any ... Annuity ... ; and (xiv) the administration or servicing of any ... Annuity after its purchase.

(Id. at XII.B.2.) Despite the expansiveness of the released conduct, the settlement explicitly reserves a class member's right to assert various claims, including those for "contractual benefits that will become payable in the future pursuant to the express written terms of an In Force Policy or In Force Annuity issued by any of Defendants." (Id. § XII.A.3(i).)

Boegner argues that the Benacquisto settlement does not release his breach of contract claim. Specifically, he asserts that the settlement exempts his claim that he did not receive the promised guaranteed minimum return. Boegner has not shown, however, that his claim is a contractual benefit that will become payable in the future under his policy. (See id. § XII.A.3(i).) Instead, his claim is premised on guarantees and representations specifically released by the terms of the Benacquisto settlement. (See id. §§ XII.B.2.(iv), (v).) Accordingly, Boegner is enjoined from further pursuing such claims before the Los Angeles Superior Court Small Claims Court.

**CONCLUSION**

Therefore, based upon a review of the file, record and proceedings herein, **IT IS HEREBY ORDERED** that defendants' motion to enforce the class action settlement as to the claims of Dieter Boegner before the Los Angeles Superior Court Small Claims Court related to annuity 93106421285 [Doc. No. 416] is granted.

Dated: August 1, 2008

s/David S. Doty
David S. Doty, Judge
United States District Court