UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1980(DSD/JMM)

Lesa Benacquisto, Daniel
Benacquisto, Richard Thoresen,
Elizabeth Thoresen, Arnold
Mork, Isabella Mork, Ronald
Melchert and Susan Melchert, on
behalf of themselves and all
others similarly situated,

        Plaintiffs,

v.                                                          **ORDER**

American Express Financial
Corporation, American Express
Financial Advisors, American
Centurion Life Assurance
Company, American Enterprise
Life Insurance Company,
American Partners Life
Insurance Company, IDS Life
Insurance Company and IDS Life
Insurance Company of New York,

        Defendants.

This matter is before the court upon the motion to enforce settlement by defendant Ameriprise Financial Services, Inc.[1] (Ameriprise). Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is granted.

---

[1] Ameriprise Financial Services, Inc. is the successor in interest to American Express Financial Corporation.

**BACKGROUND**

This dispute arises from Margaret Miller's purchase of a Flexible Adjustable Whole Life Insurance Policy (the Policy) from North Central Trust Company and Trust Point, Inc. (collectively, Trust Point). Miller purchased the Policy in 1995 and placed it in an irrevocable trust. Sheely Aff. Ex. 2, ¶ 10. Trust Point was designated the "trustee, owner, and overseer" of the Policy. Id. ¶ 14. Miller paid the annual premium from 1995 to 2005. Id. ¶ 12. Thereafter, premium payments were deducted from the overall cash value of the Policy. Miller alleges that from 2005 to 2008 she was unaware that the Policy was being diminished by premium payments. Id. ¶ 16.

On July 20, 2011, Miller filed suit in Wisconsin state court, alleging negligence and fraud in the administration of the Policy (Wisconsin Action). Miller brought claims against Ameriprise; Jerry Kulinski, Miller's Ameriprise Financial advisor; Trust Point; and Mark Chamberlain, an agent of Trust Point. Trust Point asserted crossclaims against Ameriprise for contribution and indemnification.

In the present action, Ameriprise argues that any claims asserted by Miller or Trust Point are barred by the court's Final Order of Judgment in this case (Benacquisto Action), and moves for an order to enforce settlement. In response, the court issued a briefing schedule and received memorandums in opposition from both

Miller and Trust Point. <u>See</u> ECF Nos. 434, 440. Oral argument is unnecessary, and the court now considers the motion. <u>See</u> Fed. R. Civ. P. 78(b).

**DISCUSSION**

In the Benacquisto Action, the court permanently enjoined class members who did not opt out of the settlement from bringing any subsequent action based on the policies and annuities that were the subject of the litigation. <u>See</u> ECF No. 94, ¶ 14. Moreover, the court expressly retained jurisdiction over "all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and [the] Order and Judgment." <u>Id.</u> ¶ 19. Specifically, the court reserved jurisdiction to determine whether subsequent claims were barred by the order. <u>Id.</u> ¶ 19(a). The court possesses the authority to issue injunctions to enforce its final orders. <u>Thompson v. Edward D. Jones & Co.</u>, 992 F.2d 187, 189 (8th Cir. 1993).

Pursuant to the "Release and Waiver" provision of the settlement, class members agreed to release all past or present claims "that are based upon, related to, or connected with, directly or indirectly, in whole or in part" to the Benacquisto Action or the "released conduct." ECF No. 94, ¶ 13(A)(1). The released conduct includes representations, omissions and communications related to or connected with the sale,

3

administration, servicing or performance of policies and annuities issued by Ameriprise between January 1, 1985, and February 29, 2000.  As such, Ameriprise argues that the Benacquisto settlement precludes Miller or Trust Point from pursuing claims against Ameriprise in the Wisconsin Matter.  Neither Miller nor Trust Point dispute that the conduct underlying Miller's claim is encompassed by the Benacquisto settlement,[2] rather they argue that notice of the settlement was inadequate and that Miller should not be bound by the Benaquisto settlement.

"In any class action ... the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B); see Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 (1974).  "Individual notice of class proceedings is not meant to guarantee that every member entitled to individual notice receives such notice, but it is the court's duty to ensure that the notice ordered is reasonably calculated to reach the absent class members."  Reppert v. Marvin

---

[2] Initially there was confusion as to whether the Policy was subject to the Benacquisto settlement.  In her opposition brief, Miller contends that Trust Point spoke with the class action administrator and was told that Miller's Policy did not qualify for the class action. Resp't Mem. Opp'n 3-4.  Trust Point, however, called the administrator in a different action, In Re: American Express Financial Advisors Securities Litigation, No. 04-cv-1773. The claim period in that action was from March 20, 1999, to April 1, 2006.  See Roston Ex. D.  The Miller Policy was purchased in 1995.  See Sheely Aff. Ex. 2, ¶ 10.

4

<u>Lumber & Cedar Co.</u>, 359 F.3d 53, 56 (1st Cir. 2004) (citations and internal quotation marks omitted).  If notice is adequate, absent class members are bound by the settlement even if those individuals never receive notice.  <u>Id.</u>

Miller and Trust Point argue that neither received notice of the Benacquisto Action.  Miller was not an owner of the Policy, and thus was not entitled to receive notice of the Benacquisto Action. <u>See</u> Sheely Aff. Ex. 2, ¶ 14.  As to Trust Point, Ameriprise submitted an affidavit from the class administrator, who asserts that she mailed Trust Point both a class notice package and a notice of relief.  Lake Aff. ¶¶ 2-6.  Trust Point did not request to be excluded from the class.  <u>Id.</u> ¶ 8.  Further, notice of the Benacquisto settlement was published in the *New York Times*, *Wall Street Journal* and *U.S.A. Today* and in the newspaper with the largest circulation in every state.  <u>Id.</u> ¶ 5; <u>see also</u> <u>Reppert</u>, 359 F.3d at 57 (noting that publication in a newspaper of general circulation was sufficient to confer notice of class action even though plaintiffs did not receive personal notice by mail).  Notice was also posted online.  As such, the court concludes that notice in the Benacquisto Action constituted the best practicable notice under the circumstances and was reasonably calculated to apprise class members of their rights and the binding effect of the settlement.  <u>See</u> ECF No. 94, ¶ 5.  Therefore, Ameriprise's motion to enforce settlement is granted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendant's motion to enforce settlement [ECF No. 429] is granted.

Dated:  August 13, 2012

s/David S. Doty
David S. Doty, Judge
United States District Court
