UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1980(DSD/JMM)

Lesa Benacquisto, Daniel
Benacquisto, Richard Thoresen,
Elizabeth Thoresen, Arnold
Mork, Isabella Mork, Ronald
Melchert and Susan Melchert, on
behalf of themselves and all
others similarly situated,

       Plaintiffs,

v.                                       **ORDER**

American Express Financial
Corporation, American Express
Financial Advisors, American
Centurion Life Assurance
Company, American Enterprise
Life Insurance Company,
American Partners Life
Insurance Company, IDS Life
Insurance Company and IDS Life
Insurance Company of New York,

       Defendants.

This matter is before the court upon the motion to enforce settlement by defendant Ameriprise Financial Services, Inc. (Ameriprise).[1] Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is granted.

---

[1] Ameriprise Financial Services, Inc. is the successor in interest to American Express Financial Corporation.

**BACKGROUND**

This dispute arises out of the purchase of annuities and life insurance policies (the Policies) by respondents Richard and Lois Schipper. In 1992, the Schippers purchased three IDS Life Insurance Co. (IDS) flexible life annuities. Sheely Aff. Ex. 1, at 3, ECF No. 471.[2] The Schippers liquidated one annuity in October 2004 and transferred two other annuities to Commonwealth Financial Network in 2005. Id. Lois Schipper purchased an additional IDS variable life insurance policy in September 1999, and it was terminated in 2008. Id.

On February 24, 2012, the Schippers filed an arbitration claim with the Financial Industry Regulatory Authority (FINRA Action), alleging fraud, gross negligence, unsuitability, churning, failure to supervise, breach of fiduciary duty and breach of contract. Sheely Aff. Ex. 2, at 4, ECF No. 459. The Schippers brought claims against Ameriprise; Fouad Zeaiter, their Ameriprise Financial advisor; and Commonwealth Financial Network. Id. at 2.

In the present action, Ameriprise argues that the claims asserted in the FINRA Action are barred by the court's Final Order of Judgment in this case (Benacquisto Action), and moves for an order enforcing the settlement. In response, the court issued a briefing schedule, and the Schippers responded. After reviewing

---

[2] The exhibit does not have page numbers and is not Bates stamped. The court uses the ECF page stamps to identify pages within the exhibit.

the submissions, the court determines that oral argument is unnecessary, and it now considers the motion. See Fed. R. Civ. P. 78(b).

**DISCUSSION**

In the Benacquisto Action, the court permanently enjoined class members who did not opt out of the settlement from bringing any subsequent action based on the policies and annuities that were the subject of the litigation. See ECF No. 94, ¶ 14. Moreover, the court expressly retained jurisdiction over "all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and [the] Order and Judgment." Id. ¶ 19. Specifically, the court reserved jurisdiction to determine whether subsequent claims were barred by the order. Id. ¶ 19(a). The court possesses the authority to issue injunctions to enforce its final orders. Thompson v. Edward D. Jones & Co., 992 F.2d 187, 189 (8th Cir. 1993).

In the instant action, Ameriprise argues that the Benacquisto settlement bars the Schippers from pursuing the FINRA Action. The Schippers respond that (1) Ameriprise agreed to address these matters through arbitration, (2) they did not receive adequate notice of the class action or the settlement and (3) their claims are not precluded by the settlement.

**I.   Arbitration Agreement**

Questions of arbitratability are addressed with a "healthy regard for the federal policy favoring arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). Arbitration, however, is a matter of contract, "and a party cannot be required to submit to arbitration any dispute which [it] has not agreed so to submit." Art Etc. LLC v. Angel Gifts, Inc., 686 F.3d 654, 656 (8th Cir. 2012) (citation and internal quotation marks omitted).

The Schippers argue that Ameriprise consented to FINRA arbitration and that it should be estopped from enforcing of the settlement agreement. In support, the Schippers cite a previous Benacquisto order in which the court refused to enforce the settlement. See ECF No. 163. In that instance, however, Ameriprise signed a uniform submission agreement consenting to arbitration before the National Association of Securities Dealers (NASD).[3] Id. at 2-3. Here, Ameriprise has not submitted a uniform submission agreement. Rather, in its answer in the FINRA Action, Ameriprise argued that the Benacquisto Action foreclosed relief and asserted, as an affirmative defense, that the Schippers "have been fully satisfied and discharged." Sheely Aff. Ex. 1, at 12, ECF No. 471. Therefore, Ameriprise did not consent to FINRA arbitration, and the Schippers' argument fails.

---

[3] FINRA was previously named NASD.

4

**II.  Notice**

In a class action, the court must "direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); see Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 (1974).  "Individual notice of class proceedings is not meant to guarantee that every member entitled to individual notice receives such notice, but it is the court's duty to ensure that the notice ordered is reasonably calculated to reach the absent class members." Reppert v. Marvin Lumber & Cedar Co., 359 F.3d 53, 56 (1st Cir. 2004) (citations and internal quotation marks omitted).  If notice is adequate, absent class members are bound by the settlement even if those individuals never receive notice.  Id.

The Schippers argue that they are not barred by the Benacquisto settlement because they did not receive notice of the action.  On December 1, 2000, however, Amy Lake, class administrator for the Benacquisto Action, mailed notice of the class action to the Schippers' Florida address.  See Lake Aff. ¶¶ 2-3, ECF No. 458.  Although, the Schippers contend that they had relocated to Michigan by December 2000, a temporary change-of-address form was not submitted to Ameriprise until May 16, 2001.  R. Schipper Aff. Ex. E, at 37.  On October 18, 2001, the Schippers submitted a permanent change of address form to Ameriprise.  Id. at

5

38. Roughly one month later, Lake mailed notice of the Benacquisto settlement to the Schippers' Florida address. Lake Aff. ¶¶ 7-8, ECF No. 458.

The court, however, need not answer whether mailing notice to the Florida address constitutes insufficient notice, because Ameriprise also published notice of the Benacquisto Action in the *New York Times*, *Wall Street Journal*, *U.S.A. Today* and in the most widely-circulated newspaper in every state. Id. ¶ 6. Publication in a newspaper alone is sufficient to confer adequate notice to a class without personal notice. Reppert, 359 F.3d at 57. As such, the class administrator provided the best practicable notice under the circumstances, which was reasonably calculated to apprise class members of their rights and the binding effect of the settlement. See ECF No. 94, ¶ 5. Therefore, the Schippers' argument that they did not receive notice is unavailing.

## III. Preclusion by the Settlement Agreement

Pursuant to the settlement, class members agreed to release all past or present claims occurring for the first time between January 1, 1985, and February 29, 2001 (Class Period), "that are based upon, related to, or connected with, directly or indirectly, in whole or in part" the Benacquisto Action or the "Released Conduct." ECF No. 94, ¶ 13(A)(1). The Released Conduct included:

> [A]ny and all direct or indirect acts, representations, omissions, suggestions, or communications ... related to or connected in any way with the ... design, development,

6

>     marketing, sale, administration, servicing ...
>     or performance of the Policies or the
>     Annuities, including, without limitation,
>     acts, representations, omissions, suggestions
>     or communications in connection with (I) the
>     explanation, description, marketing, sale,
>     solicitation, illustration or replacement of
>     any Policy or Annuity; (iii) the suitability
>     of any purchases, sales or replacements of any
>     Policy or Annuity; (vii) the investment
>     choices made with respect to assets held in
>     any Policy or Annuity; (x) the costs,
>     commissions, terms, or benefits or
>     disadvantages of any Policy or Annuity
>     compared to any other life insurance policy,
>     annuity, contract or investment; (xii) the
>     preparation by any financial advisor acting
>     for the Company of any financial plan or the
>     provision of financial or investment advice
>     insofar as it resulted in the sale,
>     modification or maintenance of any Policy or
>     Annuity; and (xiv) the administration or
>     servicing of any Policy or Annuity after its
>     purchase.

Id. ¶ 13(B)(2).

The parties agree that the Schippers purchased their Policies during the Class Period. The Schippers argue, however, that the claims asserted in the FINRA Action do not fall within the Released Conduct. Specifically, the Schippers argue that their claims are based on the "structure, operation, and function" of the Policies and not their "design, development ... [or] administration." Resp'ts Mem. Opp'n 14. Ameriprise responds that this is merely an attempt to rephrase the Released Conduct. The court agrees. As a result, the claims asserted by the Schippers fall within the Released Conduct of the Benacquisto settlement.

The settlement, however, exempts "claim[s] that independently arise from acts, facts or circumstances that occur for the first time after the last day of the Class Period." ECF No. 94, ¶ 13(A)(3). The Schippers allege that their Policies suffered "increased allocations and [a] rapidly accelerating downward financial spiral" after the Class Period closed. Resp'ts Mem. Opp'n. 14. The Schippers, however, have not identified how this poor management is distinct from the conduct alleged during the Class Period. In other words, there is no allegation of an independent cause of action arising for the first time after the Class Period closed. Therefore, the court concludes that the terms of the settlement preclude the Schippers from arbitrating these claims.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendant's motion to enforce settlement [ECF No. 455] is granted.

Dated:  November 14, 2012

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court