```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                    Civil No. 00-1980(DSD/JMM)
```

Lesa Benacquisto, Daniel
Benacquisto, Richard Thoresen,
Elizabeth Thoresen, Arnold
Mork, Isabella Mork, Ronald
Melchert and Susan Melchert, on
behalf of themselves and all
others similarly situated,

        Plaintiffs,

v.                                                                        **ORDER**

American Express Financial
Corporation, American Express
Financial Advisors, American
Centurion Life Assurance
Company, American Enterprise
Life Insurance Company,
American Partners Life
Insurance Company, IDS Life
Insurance Company and IDS Life
Insurance Company of New York,

        Defendants.

This matter is before the court upon the response by Richard and Lois Schipper to the court's December 21, 2012, order to show cause as to why they should not be held in contempt of court and the motion to reconsider by the Schippers. Based on a review of the file, record and proceedings herein, and for the following reasons, the court finds that the Schippers should not be held in contempt of court and denies the motion to reconsider.

**BACKGROUND**

The background of this action is fully set out in prior orders, and the court recites only those facts necessary for the disposition of the instant motions. On February 24, 2012, the Schippers filed an arbitration claim with the Financial Industry Regulatory Authority (FINRA Action), alleging fraud, gross negligence, unsuitability, churning, failure to supervise, breach of fiduciary duty and breach of contract. Sheely Aff. Ex. 2, at 4, ECF No. 459. In response, on August 23, 2012, Ameriprise filed a motion to enforce the settlement agreement, arguing that the court's Final Order of Judgment in this case (Benacquisto Action) barred the claims asserted by the Schippers in the FINRA Action. On November 14, 2012, the court granted the motion. See ECF No. 473.

On December 10, 2012, Ameriprise filed a motion for an order to show cause as to why the Schippers should not be held in contempt of court, arguing that the Schippers had failed to withdraw their claims in the FINRA Action. Thereafter, on December 14, 2012, the Schippers filed a letter requesting permission to file a motion to reconsider the November 14, 2012, order. In support, the Schippers argued that Ameriprise withheld material information regarding its filing of a uniform submission agreement in the FINRA Action. On December 21, 2012, the court granted both requests and issued a briefing schedule. See ECF No. 484. After

reviewing the submissions, the court determines that oral argument is unnecessary. See Fed. R. Civ. P. 78(b).

**DISCUSSION**

**I.   Contempt of Court**

"A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." Chi. Truck Drivers v. Bhd. Labor Leasing, 207 F.3d 500, 505 (8th Cir.2000) (citation omitted). In support of its motion, Ameriprise argued that the Schippers did not dismiss the FINRA Action after the court's November 14, 2012, order. The FINRA Action, however, encompassed more claims than those barred by the Benacquisto Action. See Walton Aff. Ex. A, at 1 ("These barred claims make up the bulk of the Statement of Claim."). In other words, the November 14, 2012, order barred the Schippers' claims that related to their annuity and life insurance policies, but not the claims relating to their mutual funds. See id. As a result, the court's prior order does not require the Schippers to dismiss all claims currently pending in the FINRA Action. Moreover, the court notes that when Ameriprise filed its order to show cause, the appeal window for the court's November 14, 2012, order had not yet closed. Therefore, the court determines that the Schippers shall not be held in contempt of court.

**II.  Motion to Reconsider**

A motion to reconsider should not be employed to relitigate old issues but rather to "afford an opportunity for relief in extraordinary circumstances." Dale & Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993). Indeed, "[c]ircumstances which warrant reconsideration include a change in controlling authority or a decision which is clearly erroneous or would work a manifest injustice." In re Potash Antitrust Litig., No. 3-93-197, 1994 WL 2255, at *1 (D. Minn. Jan. 4, 1994).  In the present action, the court granted the Schippers' request for reconsideration upon learning that Ameriprise submitted a uniform submission agreement to FINRA four days after representing to this court that it had not yet submitted a uniform submission agreement. See ECF No. 481, at 2.  The court relied on, among other facts, this assertion in its November 14, 2012, order when it concluded that Ameriprise was not estopped from seeking an order enjoining the Schippers from asserting certain claims before FINRA. See ECF No. 473, at 4.  Specifically, the Schippers argue that "at the time the Court wrote and issued its [November 14, 2012,] Order, Ameriprise had already executed and filed its Uniform Submission Agreement and did consent to FINRA arbitration." Resp'ts Mem. Supp. Recons. 4.  In relevant part, Ameriprise's uniform submission agreement states:

> The undersigned parties hereby state that to the extent that any claim, counterclaim and/or

> third-party claim purports to raise claims that are barred by Paragraph 14 of the May 15, 2001 Order[] entered by the United States District Court for the District of Minnesota in Benacquisto v. American Express Financial Corp., Civil No. 00-1980 (DSD/JMM) ... such claims, counterclaims and/or third-party claims remain within the jurisdiction of the United States District Court for the District of Minnesota ... and are not submitted to arbitration under this Submission Agreement.

Def.'s Mem. Opp'n Recons. 3. In other words, Ameriprise did not consent to submit to FINRA the claims barred by the Benacquisto Action. Therefore, the motion to reconsider is denied.[1]

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Respondents' motion for reconsideration [ECF No. 485] is denied; and

2. Respondents shall not be held in contempt of court.

Dated:  March 12, 2013

s/David S. Doty  
David S. Doty, Judge  
United States District Court

---

[1] To the extent that the Schippers argue that their claims were not released by the settlement agreement in the Benacquisto Action or that they did not receive adequate notice, the court addressed these arguments in its November 14, 2012, order. A motion to reconsider cannot be used to relitigate old issues, and the court need not address these arguments. See Dale & Selby Superette & Deli, 838 F. Supp. at 1348.

5