```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 00-1980(DSD/JMM)
```

Lesa Benacquisto, Daniel
Benacquisto, Richard Thoresen,
Elizabeth Thoresen, Arnold
Mork, Isabella Mork, Ronald
Melchert, and Susan Melchert,
on behalf of themselves and all
others similarly situated,

        Plaintiffs,

v.                                          **ORDER**

American Express Financial
Corporation, American Express
Financial Advisors, American
Centurion Life Assurance
Company, American Enterprise
Life Insurance Company,
American Partners Life
Insurance Company, IDS Life
Insurance Company and IDS Life
Insurance Company of New York,

        Defendants.

This matter is before the court upon the motion to enforce settlement by defendant RiverSource Life Insurance Company (RiverSource).[1] Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This dispute arises out of the purchase of a flexible premium variable life insurance policy (Policy) by unnamed class member

---

[1] RiverSource Life Insurance Company is the successor to IDS Life Insurance Company.

Charles Fotheringham. See Sheely Aff. Ex. 2 ¶ 36. After purchasing the Policy in 1997, Fotheringham received notice on October 18, 2000, of the then-pending class action (Benacquisto Action), which included the procedure for opting out of the class. Id. Ex. 1 ¶ 5; see also Lake Aff. ¶¶ 2, 5. Fotheringham did not opt out of the class during the relevant period. Lake Aff. ¶ 8. On May 15, 2001, the court issued an order certifying the class, approving the proposed class settlement (Benacquisto Settlement), dismissing the complaint, and entering final judgment in the Benacquisto Action. ECF No. 94. The Benacquisto Settlement included a broad release and waiver provision and covered the period of January 1, 1985, to February 29, 2000 (Class Period). Sheely Aff. Ex. 4 ¶¶ II(26), XII(A). In exchange for release of all covered claims in the Benacquisto Settlement, Fotheringham received general relief in the form of free accidental death benefit insurance. Id. Ex, 3, at 9; Ex. 4 ¶ V(A).

On June 24, 2015, Fotheringham filed suit against RiverSource in New York state court, alleging fraud, breach of fiduciary duty, negligence, breach of contract, and violation of New York general business law. Id. Ex. 2. The complaint alleges that, when Fotheringham purchased the Policy in 1997, a RiverSource agent falsely stated that his monthly premium was $1,200. Id. ¶ 49. RiverSource thereafter informed Fotheringham that his monthly premium was instead $4,000. Id. RiverSource moves for an order to

2

enforce the settlement and bar the New York action. Fotheringham opposes the motion. ECF No. 562. After reviewing the submissions, the court determines that oral argument is unnecessary. See Fed. R. Civ. P. 78(b).

**DISCUSSION**

In the Benacquisto Action, the court permanently enjoined class members who did not opt out of the settlement from bringing any subsequent action based on the policies and annuities that were the subject of the litigation. Sheely Aff. Ex. 1 ¶ 14. The court also expressly retained jurisdiction over "all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and [the] Order and Judgment." Id. ¶ 19. Specifically, the court reserved jurisdiction to determine whether subsequent claims were barred by the order. Id. ¶ 19(a). The court possesses the authority to issue injunctions to enforce its final orders. Thompson v. Edward D. Jones & Co., 992 F.2d 187, 189 (8th Cir. 1993).

Here, RiverSource argues that the release of claims in the Benacquisto Settlement precludes Fotheringham from pursuing the New York action. Fotheringham disagrees, raising arguments regarding notice and the timing of when his claims arose.

**I. Notice of Settlement**

For any certified class action, "the court must direct to class members the best notice that is practicable under the

3

circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "Individual notice of class proceedings is not meant to guarantee that every member entitled to individual notice receives such notice, but it is the court's duty to ensure that the notice ordered is reasonably calculated to reach the absent class members." Reppert v. Marvin Lumber & Cedar Co., 359 F.3d 53, 56 (1st Cir. 2004) (citations and internal quotation marks omitted). If notice is adequate, absent class members are bound by the settlement even if they never receive notice. Id. at 56-57.

Notice of the Benacquisto Settlement was published in the most widely circulated newspaper in each of the fifty states, and in the national editions of the New York Times, The Wall Street Journal, and USA Today. Lake Aff. ¶ 5; see Reppert, 359 F.3d at 57 (noting that publication in a newspaper of general circulation was sufficient to confer notice of class action even though plaintiffs did not receive personal notice by mail). Moreover, RiverSource sent notice to Fotheringham via first class mail. Lake Aff. ¶ 2. The court previously found that this "constituted the best practicable notice" and was "reasonably calculated" to apprise class members of their rights and the binding effect of the settlement. Sheely Aff. Ex. 1 ¶ 5. As a result, the court finds that Fotheringham received proper notice.

## II. Preclusion by Settlement Agreement

Pursuant to the "Release and Waiver" provision of the Benacquisto Settlement, class members agreed to release all past or present claims "that are based upon, related to, or connected with, directly or indirectly, in whole or in part" to the Benacquisto Action or the "released conduct." Sheely Aff. Ex. 1 ¶ 13(A)(1). The released conduct broadly includes representations, omissions, and communications related to or connected with the sale, administration, servicing, or performance of policies issued between January 1, 1985, and February 29, 2000. Id. ¶ 13(B)(2). Class members expressly reserved the right to assert various other claims, however, including those that "independently arise[] from acts, facts or circumstances that occur for the first time after the last day of the Class Period." Id. ¶ 13(A)(3).

Fotheringham purchased the Policy in 1997, at which time a RiverSource agent misrepresented the cost of his monthly premium. He argues, however, that his claims in the New York action fall outside of the Class Period because he was only recently advised that he would have to pay the higher premium or forfeit the insurance policy. See ECF No. 562, at 11. Fotheringham's claims in the New York action, however, rest on misrepresentations made in 1997. Those claims, at the very least, are "based upon, related to, or connected with, directly or indirectly, in whole or in part" the misrepresentations made in 1997. Sheely Aff. Ex. 1 ¶

5

13(A)(1).[2]  As a result, the claims did not independently arise out of any circumstances that first occurred after the close of the Class Period.  Enforcement of the Benacquisto Settlement against Fotheringham is therefore warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendant's motion to enforce settlement [ECF No. 538] is granted.

Dated:  November 10, 2015

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court

---

[2]  Notably, although Fotheringham was not informed of the higher premium until after the Benacquisto Settlement, he does not allege, either in the New York action or in response to this motion, that his monthly premium was wrongfully increased after the close of the Class Period.  Thus, the court finds that his claims in the New York action arise solely from the misrepresentations made in 1997.