UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     Civil No. 00-1980(DSD/JMM)

Lesa Benacquisto, Daniel
Benacquisto, Richard Thoresen,
Elizabeth Thoresen, Arnold
Mork, Isabella Mork, Ronald
Melchert, and Susan Melchert,
on behalf of themselves and all
others similarly situated,

        Plaintiffs,

v.                                               **ORDER**

American Express Financial
Corporation, American Express
Financial Advisors, American
Centurion Life Assurance
Company, American Enterprise
Life Insurance Company,
American Partners Life
Insurance Company, IDS Life
Insurance Company and IDS Life
Insurance Company of New York,

        Defendants.


This matter is before the court upon the request by plaintiff Cornelius Webster to file a motion to reconsider. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the request.


**BACKGROUND**

The background of this action is fully set out in prior orders, and the court recites only those facts necessary for the disposition of the instant motion. On February 13, 2015, Webster

filed a complaint in Wayne County Circuit Court in Michigan, alleging fraudulent misrepresentation, silent fraud/innocent misrepresentations, promissory estoppel/reformation of contract, and breach of contract. In response, on June 16, 2015, defendant RiverSource Life Insurance Company (RiverSource)[1] filed a motion to enforce the settlement agreement, arguing that the court's Final Order of Judgment in this case (Benacquisto Action) barred the claims asserted by Webster in the Michigan action. On August 5, 2015, the court granted the motion. ECF No. 536. In that order, the court found that Webster had received proper notice of the settlement and that his claims rested on misrepresentations covered by the settlement.

On December 3, 2015, Webster requested leave to file a motion to reconsider. ECF No. 568. After reviewing the submissions, the court determines that oral argument is unnecessary. <u>See</u> Fed. R. Civ. P. 78(b).

**DISCUSSION**

Motions to reconsider require the express permission of the court and will be granted only upon a showing of "compelling circumstances." D. Minn. LR 7.1(j). A motion to reconsider should not be employed to relitigate old issues but rather to "afford an opportunity for relief in extraordinary circumstances." <u>Dale &

---

[1] RiverSource is the successor to IDS Life Insurance Company.

Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993); see also Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc., 413 F.3d 897, 903 (8th Cir. 2005) (citations and internal quotation marks omitted) (stating that a motion to vacate "is an extraordinary remedy and will be justified only under exceptional circumstances").  Such circumstances include mistake, newly discovered evidence, fraud, misrepresentation, or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

Webster raises two arguments in his request to file a motion to reconsider.  First, he argues that RiverSource did not provide adequate notice of the settlement.  Second, he argues that RiverSource breached the parties' contract.  Both of these arguments, however, were raised in response to the motion to enforce the settlement.  Webster merely seeks to relitigate issues already decided by the court.  He has shown no exceptional circumstances that justify relief. As a result, reconsideration is not warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the request for permission to file a motion to reconsider [ECF No. 568] is denied.

Dated:   December 15, 2015

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court