```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                 Civil No. 00-1980(DSD)
```

Lesa Benacquisto, Daniel
Benacquisto, Richard Thoresen,
Elizabeth Thoresen, Arnold
Mork, Isabella Mork, Ronald
Melchert and Susan Melchert, on
behalf of themselves and all
others similarly situated,

        Plaintiffs,

v.                                                             **ORDER**

American Express Financial
Corporation, American Express
Financial Advisors, American
Centurion Life Assurance
Company, American Enterprise
Life Insurance Company,
American Partners Life
Insurance Company, IDS Life
Insurance Company and IDS Life
Insurance Company of New York,

        Defendants.

This matter is before the court upon the motions to enforce class-action settlement and judgment and for sanctions by defendant Ameriprise Financial Services, Inc.[1]  Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted in part.

---

[1] Ameriprise was formally known as American Express Financial Advisors.

**BACKGROUND**

On May 15, 2001, the court issued a final order and judgment in this case, the Benacquisto Action, approving the class action settlement and dismissing the complaint. See Chen Aff. Ex. 1. As part of the final judgment the court permanently enjoined, among other things,

> [a]ll class Members ... from ... filing, commencing, prosecuting, maintaining, intervening in, participating in ... any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order ... based on or relating to the Claims and Causes of Action, or the facts and circumstances relating thereto, in the Action and/or Release Conduct as to that Policy or Annuity.

Id. ¶ 14. Additionally, under the terms of the settlement, the class members agreed to release all past and present claims "that are based upon, related to, or connected with, directly or indirectly, in whole or in part to the Benacquisto Action or the "released conduct." Id. ¶ 13(A)(1). The released conduct includes representations, omissions, and communications related to or connected with the sale, administration, servicing, or performance of issued policies or annuities. Id. ¶ 13(B)(2).

Charles Fotheringham is a class member who is bound by the terms of the final judgment and settlement. See ECF No. 567 at 3-4. On June 24, 2015, Fotheringham filed a complaint in New York state court against defendants RiverSource Life Insurance Company and Ameriprise Financial Services, Inc. See Chen Aff. Ex. 2. He alleged that, when he bought a life insurance policy in 1997,

2

defendants falsely stated that his monthly premium was $1,200.  Id. ¶ 49.  On November 10, 2015, the court enjoined Fotheringham from pursuing the state court action because it found that his claims arose from, or were at least related to, the same misrepresentations in 1997 that were covered by the settlement. See ECF No. 567 at 5-6.  Pursuant to the court's enforcement order, the New York state court dismissed the complaint, Chen Aff. Ex. 5, and the Appellate Division of the New York State Supreme Court affirmed.  See Fotheringham v. Riversource Life Ins. Co. of N.Y., 148 A.D.3d 1519 (N.Y. App. Div. 2017).

On December 20, 2017, Fotheringham filed a Statement of Claim before the Financial Industry Regulatory Authority (FINRA) alleging that Ameriprise violated various FINRA rules by (1) recommending unsuitable investment and insurance products; (2) failing to advise him of the increasing costs of the 1997 life insurance policy; and (3) failing to establish an adequate supervisory system.  See Chen Ex. 9.[2]

Ameriprise now moves to enforce the settlement agreement, arguing that it precludes the FINRA claims.

---

[2] While Ameriprise's motion was pending, Fotheringham passed away.  On May 16, 2018, the court substituted Janet Stewart in her capacity as Executrix of the Estate of Charles R. Fotheringham as the respondent.  Hereinafter, the court will refer to respondent as the Estate.

**DISCUSSION**

**I.  Motion to Enforce Settlement**

The Estate argues that the settlement agreement does not preclude its claims in the FINRA arbitration because those claims are factually distinct from the claims covered by the settlement. In support, the Estate points to the settlement agreement, which states

> [n]othing in this Release shall be deemed to alter ... (ii) a Class Member's right to assert any claim that independently arises from acts, facts or circumstances that occur for the first time after the last day of the Class Period; ... or (v) a Class Member's right to assert any claim peculiar to the Class Member that falls outside the general categories of claims or conduct described in the complaints in the Actions or the Release in this settlement and is based on facts that were not discovered and could not with reasonable care have been discovered by the Class Member ....

Chen Aff. Ex. 1 ¶ 13(A)(3).

The Estate contends its claims arise independently from the released conduct because they are based on Ameriprise's management of Fotheringham's assets, not the insurance policy that was the subject of the class action. Additionally, it argues that its claims are based on Ameriprise's conduct from 2005 through 2015, and therefore, occurred for the first time after the date of the settlement agreement. The court disagrees.

The Estate's claims are, at the very least, indirectly related to representations concerning the 1997 insurance policy. The Statement of Claim alleges that Ameriprise (1) recommended

4

Fotheringham "maintain the [1997] Life Insurance policy," (2) falsely "maintained that these costs would be paid for by the growth in his portfolio," and (3) continued to recommend that Fotheringham keep the policy despite the decreasing value of his portfolio. Chen Aff. Ex. 9, at 3-4, 9-11. The claim that Ameriprise failed to establish an adequate supervisory system is also based on these allegations. Because the FINRA claims are based on representations made regarding the 1997 insurance policy, they are precluded by the settlement agreement.

Additionally, the Estate's argument that its claims are based on Ameriprise's 2005-2015 conduct is misleading. Although the Statement of Claim focuses on 2005-2015 conduct, the alleged conduct began earlier. According to Fotheringham's state-court complaint, later enjoined by the court, Ameriprise advised Fotheringham to purchase the life insurance policy and falsely represented to him that the premiums would be covered by the increase in value of his investment assets when Fotheringham initially purchased the policy in 1997. Chen Aff. Ex. 2 ¶¶ 35-38, 44. Indeed, the allegations in the Statement of Claim and the enjoined state-court complaint are nearly identical, except that the Statement of Claim gives the false impression that the alleged conduct did not occur until 2005. Compare Chen Aff. Ex 2 ¶¶ 48-54 with Chen Aff. Ex. 9, at 3-5. As a result, the court finds that the claims in the FINRA arbitration are precluded by the class

action settlement.

## II. Sanctions

Ameriprise asks the court to impose sanctions on the Estate and its counsel for their violation of the court's enforcement order by continuing to litigate the state court complaint and by pursuing the FINRA arbitration.

A court may punish a party by fine or imprisonment for disobeying its orders. See Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 293 F.3d 409, 418 (8th Cir. 2002)("As a general matter, when a litigant refuses to respect the authority of the court, it is not an abuse of discretion for the court to hold the litigant in contempt and impose a sanction to coerce compliance."). Such sanctions serve a dual purpose. They ensure a party's compliance with court orders and compensate the other party for the harm incurred by noncompliance. See Hartman v. Lynq, 884 F.2d 1103, 1106 (8th Cir. 1989). The party seeking a contempt order "bears the burden of proving facts warranting such relief by clear and convincing evidence." Jake's, Ltd. v. City of Coates, 356 F.3d 896, 899–900 (8th Cir. 2004).

An attorney may also be subject to sanctions for multiplying the proceedings in any case "unreasonably and vexatiously." 28 U.S.C. § 1927. Sanctions are appropriate under § 1927 when "attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Lee

v. First Lenders Ins. Servs., Inc., 236 F.3d 443, 445 (8th Cir. 2001)(citation omitted).

Here, the court does not find that sanctions are warranted. Although the Estate and its attorneys continued to litigate the state court claims after being enjoined by the court, they did so on the question of whether a federal court has jurisdiction to enjoin a state-court action, rather than the merits of the claim. The court does finds that such an argument was nonfrivilous and, therefore, not sanctionable. See Fed. R. Civ. P. 11(b).

Whether the Estate and its attorneys should be sanctioned for pursuing the FINRA arbitration is a closer case. The allegations in the enjoined state-court complaint and the FINRA arbitration are nearly identical, and the Estate's attempt to distinguish the two borders on being frivolous. It is not clear, however, that the Estate pursued this litigation with the intention of unreasonably and vexatiously multiplying the litigation. The Estate and its attorneys are warned, however, that the court is strongly inclined to impose sanctions if there is continued litigation regarding the claims covered under the settlement agreement.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to enforce settlement and sanctions [ECF No. 571] is granted in part as set forth above; and

   2.   The Estate shall dismiss the FINRA arbitration within fourteen days of this order.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: May 23, 2018

                                   s/David S. Doty
                                   David S. Doty, Judge
                                   United States District Court